

July 8, 2014

**VIA ELECTRONIC FILING**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      **RE: In Re: General Motors LLC Ignition Switch Litigation 14-MD-2543 (JMF); 14-MC-2543**

Your Honor:

      The undersigned Plaintiffs' counsel, on behalf of thirteen additional Plaintiffs' law firms representing a total of 121 Plaintiffs in this multidistrict litigation,[1] submit this response to the July 7, 2014 letter submitted by Temporary Lead Counsel (D.E. 31) pursuant to Section IX of Order No. 1, to recommend a methodology for selecting the leadership structure that was, over our objections, omitted from Temporary Lead Counsel's letter to the Court. *See* Exhibit 1 (email to Temporary Lead Counsel, dated July 3, 2014). We propose that the Court adopt a transparent, open application process to ensure that all qualified Plaintiffs' counsel have a fair and equal opportunity to be considered for a leadership position in this significant litigation.

      We acknowledge that Order No. 1 did not expressly invite separate letter submissions from Plaintiffs' counsel other than Temporary Lead Counsel. But based on the Court's assurance that "[a]ll counsel should have a full opportunity to participate in the discussion and the status letters that the Court requests herein," Order No. 1 at 7, and

---

[1] The thirteen firms are: Whatley Kallas LLP; Searcy, Denney, Scarola, Barnhart & Shipley, P.A.; Higer Lichter & Givner LLP; Otterbourg, Steindler, Houston & Rosen, P.C.; Hiden, Rott & Oertle, LLP; Harke Clasby & Bushman LLP; Freidin, Dobrinsky, Brown & Rosenblum P.A.; Wiggins, Childs, Quinn & Pantazis, LLC; Merlin Law Group, P.A.; Archie Lamb & Associates, P.A.; Fuerst Ittleman David & Joseph, PL; Gray & White; and Rivero Mestre LLP.

Hon. Jesse M. Furman
July 8, 2014
Page 2

the importance of this issue, we respectfully seek the Court's permission to briefly voice our concerns and our recommendation.

As recounted in Temporary Lead Counsel's letter, Temporary Lead Counsel graciously hosted a conference for Plaintiffs' counsel on July 1, 2014. We participated in this conference and agree with the vast majority of the recommendations made in Temporary Lead Counsel's letter. We agree, for example, with Temporary Lead Counsel's recommendations on the necessity and desirability of Lead and Liaison Counsel; the necessity, desirability, size, composition, and scope of an Executive Committee, especially the need for the leadership structure to reflect the geographic and ethnic diversity of the putative nationwide class; the form of the proposed leadership structure; and the desirability of proceeding with appointments to the leadership structure now.

But we respectfully disagree with Temporary Lead Counsel's proposed methodology for appointing the leadership structure, because, in our view, it is inconsistent with both the letter and spirit of the Court's initial case management Order and common, best practices in multidistrict litigation.[2] The "hybrid" methodology Temporary Lead Counsel have proposed effectively self-appoints them as permanent Lead Counsel, because it does not permit any other Plaintiffs' counsel to apply for the Lead Counsel positions. It also empowers them to handpick the majority of the Executive Committee, leaving only four of the ten slots open to a transparent application process.

This "hybrid" proposal is at odds with this Court's declaration that its "temporary designations are not a precursor of future appointments, but simply a means to initiate a process." Order No. 1 at 7. Indeed, it enshrines the temporary designations as permanent future appointments. While Temporary Lead Counsel are, of course, skilled and qualified attorneys for whom we have the highest regard, it is equally clear that there are many other skilled and qualified attorneys involved in this litigation who deserve -- at a

---

[2] We are also skeptical of Temporary Lead Counsel's claim that 95% of Plaintiffs' Counsel support their proposed appointment methodology. The precise details of the methodology, including the absence of an opportunity for any other counsel to apply for the Lead Counsel position, were not discussed in detail or at length during the conference. Nor was any vote taken. As a result, the percentage of Plaintiffs' Counsel that support Temporary Lead Counsel's proposal is unknown. If anything, the absence of widespread, vocalized disagreement with Temporary Lead Counsel's proposed methodology can be explained by the natural tendency to avoid upsetting Temporary Lead Counsel, given their current and possible future positions.

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130 Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   www.podhurst.com

Hon. Jesse M. Furman
July 8, 2014
Page 3

minimum -- a fair and equal opportunity to be considered for leadership positions as well. An open application process, as opposed to Temporary Lead Counsel's "hybrid" proposal, would offer *all* Plaintiffs' counsel such a fair and equal opportunity.

An open application process would also be consistent with the recommendations of the *Manual for Complex Litigation, Fourth Edition* ("MCL Fourth"). The MCL Fourth advises courts to "invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." MCL Fourth § 10.22. It further cautions against "[d]eferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected." *Id.* § 10.224.

An open application process, thus, accords with the MCL Fourth's recommendation for courts to "invite submissions" and "take an active part in the decision on the appointment of counsel." *Id.* Temporary Lead Counsel's "hybrid" proposal, on the other hand, calls for the type of deference that the MCL Fourth cautions against.

Finally, an open application process is consistent with the methodology employed by Judge Selna in the *Toyota* MDL, which Temporary Lead Counsel described as "a fair, productive, and efficient process." Judge Selna initially appointed Mr. Berman, Ms. Cabraser, and Marc M. Seltzer as Temporary Lead Counsel, but invited *all* involved attorneys to submit applications for Lead and Liaison Counsel appointments. Order No. 1, *In re Toyota Motor Corp. Unintended Accel. Mktg., Sales Pracs., & Prods. Liab. Litig.* ("*Toyota* MDL"), No. 8:10-ML-02151 (C.D. Cal. Apr. 14, 2010) (D.E. 3), §§ 4.2, 7. Judge Selna then clarified the open nature of the process in a subsequent order, stating that "applications should be submitted for any leadership position under the structure which a party advocates," including the Lead and Liaison Counsel positions. Order Re Clarifying the Scope of Applications, *Toyota* MDL (C.D. Cal. Apr. 19, 2010) (D.E. 6). In accordance with these orders, numerous attorneys submitted applications for leadership positions, and the court held a hearing to evaluate the applications. The Temporary Lead Counsel in that case also submitted recommendations for the Lead Counsel and Executive Committee positions. Joint Application, *Toyota* MDL (C.D. Cal. Apr. 30, 2010) (D.E. 72) at 3. Judge Selna eventually appointed the Temporary Lead Counsels to permanent positions, and accepted some of their recommendations but rejected others; for example, in addition to Mr. Berman and Mr. Seltzer, he appointed a

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130 Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

Hon. Jesse M. Furman
July 8, 2014
Page 4

Co-Lead Counsel for Economic Loss Class Actions who the Temporary Lead Counsels had not recommended for that position. *Compare* Order No. 2, *Toyota* MDL (C.D. Cal. May 14, 2010) (D.E. 169) *with* Joint Application (D.E. 72). Thus, the *Toyota* MDL demonstrates that, while it is entirely possible that Temporary Lead Counsel will eventually be selected to serve as permanent Lead Counsel after an open application process is completed, for the sake of transparency, fairness, and equal opportunity, an open application process should be implemented.

  For the foregoing reasons, we respectfully recommend that the Court implement an open application process for the appointment of the entire leadership structure in this multidistrict litigation.

              Respectfully,

Aaron S. Podhurst        Harley S. Tropin
Peter Prieto           Adam M. Moskowitz
**Podhurst Orseck, P.A.**      **Kozyak Tropin & Throckmorton**
25 West Flagler Street       2525 Ponce de Leon Blvd.
Suite 800            9th Floor
Miami, Florida 33130       Miami, Florida 33134

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130 Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com