**Hearing Date: August 11, 2014 at 11:00 a.m. (Eastern Time)**

Melanie L. Cyganowski
Steven B. Soll
OTTERBOURG PC
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

No. 14-MD-2543 (JMF)
No. 14-MC-2543 (JMF)

*This Document Relates To All Actions*

-------------------------------------------------------------------------x

## APPLICATION OF MELANIE L. CYGANOWSKI FOR APPOINTMENT AS PLAINTIFF LIAISON COUNSEL

### INTRODUCTION

I respectfully submit this application to be appointed as Plaintiff Liaison Counsel pursuant to this Court's July 18, 2014 Order No.5: [14-MD-2543, No. 70]. My firm, Otterbourg P.C. ("Otterbourg"), serves as co-counsel, along with the firms of Kozyak Tropin & Throckmorton, P.A., Podhurst Orseck, P.A., and their co-counsels who represent one hundred and thirty-five plaintiffs in thirty-three states, including the plaintiffs in actions styled *Santiago v. General Motors, LLC* (Case No. 14-CV-21147), *Espineira v. General Motors, LLC and Delphi Automotive, PLC* (Case No. 14-CV-21417), and *DeSutter et al. v. GM LLC*, (Case No. 14-CV-80497), which are pending in the United States District Court for the Southern District of Florida against General Motors, LLC ("New GM") for statutory and common law claims arising from New GM's participation in the sale of General Motors cars with defective ignition switches and the concealment of this dangerous defect.

3378834.3

## DISCUSSION

### I. QUALIFICATIONS TO SERVE AS PLAINTIFF LIAISON COUNSEL

I have had the honor to serve as a United States Bankruptcy Judge for the Eastern District of New York and served a full 14 year term commencing on March 1, 1993 through February 28, 2007, when I retired from the bench to return to private practice. I was appointed Chief Judge of the Eastern District Bankruptcy Court on November 29, 2005. As a Bankruptcy Judge, I presided over thousands of commercial and individual bankruptcy cases and published numerous opinions. I am currently a Member of the Otterbourg firm and serve as Chair of the Insolvency Litigation Services, ADR and Fiduciary Appointments practice area. I have over thirty years' experience in bankruptcy law, bankruptcy litigation, fiduciary appointments, mediation and general commercial, federal court and complex litigation. I am a Member of the Panel Mediators for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and have successfully mediated dozens of controversies in large, complex commercial litigations.

Prior to my joining the federal bench, I specialized in Federal court and complex litigation. I have served as the Defendants' Liaison Counsel in *The Baldwin-United MDL 581 Litigation* which consisted of the consolidated proceedings of more than 100 federal securities lawsuits, over 100,000 plaintiffs and more than 26 broker-dealer defendants.[1] Upon my graduation from law school, I served as Law Clerk to the Honorable Charles L. Brieant, United States District Judge for the Southern District of New York. I am currently an Adjunct Professor in the LL.M. program in bankruptcy at St. John's University School of Law. I have received

---

[1] As part of that litigation, there were global settlements with 18 of the 26 broker-dealer defendants, leading to payment of approximately $140 million to the class action plaintiffs (then, the largest settlement agreement reached in federal securities litigation). *See, e.g.,* 770 F.2d 328 (2d Cir. 1985).

numerous awards and have written and presented extensively, both from the perspective of a judge, as well as a practitioner, on matters involving bankruptcy and litigation.

## II. BANKRUPTCY COURT LIAISON COUNSEL SERVICES

Pursuant to an endorsed order of the Bankruptcy Court dated April 22, 2014 [Bk. Ct. Dkt. No. 12627], a group of class action plaintiffs' attorneys and bankruptcy attorneys representing numerous plaintiffs met and selected three law firms as "Designated Counsel" to appear on behalf of plaintiffs in proceedings before the Bankruptcy Court. In addition to selecting Designated Counsel, the group appointed me as Liaison Counsel to consult and work with the Designated Counsel and other plaintiff bankruptcy and non-bankruptcy counsel regarding matters before the Bankruptcy Court. Since my appointment I, my partner Steven B. Soll, and other Otterbourg professionals have actively served as Liaison Counsel. The extensive services that we have rendered include, but are not limited to, liaising with respect to the negotiation and preparation by Designated Counsel, on behalf of plaintiffs, New GM and other parties-in-interest designated by the Bankruptcy Court, of proposed Stipulations of Fact regarding various "threshold issues" to be considered by the Bankruptcy Court. In that role I, or members of my firm, have communicated extensively telephonically, in writing, in person by attending plaintiff counsel meetings or by attending status conferences before the Bankruptcy Court, to liaise with Designated Counsel, other bankruptcy counsel who have filed a notice of appearance in the Bankruptcy Court, and their co-plaintiff counsel, with respect to (i) the review, analysis and solicitation of comments pertaining to proposed Stipulation of Facts exchanged by, among other parties, Designated Counsel and New GM in June and July, 2014, (ii) confidentiality restrictions and requirements pertaining to the dissemination of the draft Stipulations, (iii) presenting the comments, suggestions and positions of other plaintiff counsel that diverge from those presented by Designated Counsel and (iv) mediating competing positions regarding the proposed scope,

3378834.3                                3

priority and scheduling of "threshold issues" to be considered by the Bankruptcy Court and the extent of discovery that may be needed with respect to such issues.

As Liaison Counsel in the bankruptcy proceedings, the firm has developed a detailed knowledge of the factual background of the claims that are before the Court and cultivated a constructive, efficient and open line of communication with the firms who have acted as the Designated Counsel in the bankruptcy proceedings and the numerous other parties-in-interest with whom we liaise. The proceedings in the Bankruptcy Court will continue in the months ahead and will be intertwined with the proceedings before this Court.

I submit that my extensive familiarity with the factual and legal issues to be considered by the Bankruptcy Court and this Court and my experience as a former Chief Bankruptcy Judge, bankruptcy practitioner, litigator, mediator and academic demonstrate my knowledge and experience in prosecuting complex litigation, willingness and ability to work cooperatively with others and strongly support the criteria set forth in clauses (1), (3), (5) and (6) of the fourth paragraph of Section II of this Court's Order No. 5 and makes me uniquely qualified to successfully serve as Plaintiff Liaison Counsel in this proceeding. **In this regard, I respectfully request the opportunity to address the Court at the August 11, 2014 Initial Conference to present my qualifications and the qualifications of my firm to serve as Plaintiff Liaison Counsel.**

### III.     OTTERBOURG'S QUALIFICATIONS

The Otterbourg firm was founded in 1909 and maintains its sole office in mid-town Manhattan, thereby satisfying the requirements of Section I.C. of Order No. 5. The firm currently has a legal staff of approximately 50 attorneys, more than half of whom are engaged in the firm's litigation or insolvency practice areas. The firm is prepared to dedicate its professional personnel, to the fullest extent necessary, to fully and completely discharge the

responsibilities of Plaintiff Liaison Counsel. With respect to the criteria set forth in clauses (1), (2) and (4) of the fourth paragraph of Section II of Order No. 5, I represent to the Court that given the firm's history, areas of expertise and size, the firm has the (i) knowledge and experience to prosecute complex litigation, (ii) willingness and ability to commit to a time-consuming process and (iii) resources to act in a timely and efficient manner as Plaintiff Liaison Counsel. As required by Section III of Order No. 5, the firm maintains contemporaneous records that show the name of the attorney or para-professional, the time spent on each discrete activity, and the nature of the work performed, as provided in the Manual for Complex Litigation (Fourth).

## CONCLUSION

I respectfully submit to this Court that my qualifications and experience, and those of the Otterbourg firm, make us uniquely qualified to act as Plaintiff Liaison Counsel and demonstrates our knowledge of legal issues applicable to these proceedings, as well as our ability to work efficiently and effectively with counsel representing potentially diverse interests or views to form consensus and cooperation under demanding circumstances. For these reasons, I respectfully request that the Court appoint me and the Otterbourg firm as Plaintiff Liaison Counsel.

Dated: July 28, 2014
      New York, New York

OTTERBOURG P.C.

By: /s/ *Melanie L. Cyganowski*
Melanie L. Cyganowski
Steven B. Soll
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104