UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION         14-MD-2543 (JMF)

This Document Relates to All Actions
-------------------------------------------------------------------------------------x

## APPLICATION OF DAWN M. BARRIOS FOR THE POSITION OF FEDERAL/STATE LIAISON COUNSEL

### Professional Experience as Federal/ State Liaison Counsel

I have practiced law in the State of Louisiana for 35 years since graduating from Tulane Law School and clerking for the Chief Justice of the Louisiana Supreme Court.  For the last 20 years, I have practiced in complex litigation, MDLs and class actions.

I am applying for the position of Federal/State Liaison Counsel, as described in Your Honor's Order No. 5.  Several MDL transferee Judges have named me to that position and vested me with the responsibilities set forth in Section 20.31 of the MCL Fourth.  Since first being appointed as a federal-state coordinator in 2002 in an MDL, there has never been a time when I was not a federal-state coordinator for at least one MDL.

Currently, I am the Federal/State Liaison Counsel in three MDLs.  The Honorable James V. Selna, United States District Court, Central District of California, appointed me one of the Plaintiffs' Liaison Counsel to State and Other Types of Cases Committee in MDL 2151, *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation* (as well as a member of the Plaintiffs' Steering Committee). The Honorable Rebecca A. Doherty, United States District Court, Western District of Louisiana, appointed me Liaison Counsel to State Courts (as well as a member of the Executive Committee) in *In re: Actos (Pioglitazone) Products Liability Litigation,* MDL 2299.  And, the Honorable Eldon E. Fallon, United States District Court, Eastern District of Louisiana, named me Chair of the State Liaison Committee (as well as a member of the Plaintiffs' Steering Committee and the Fee Committee) in MDL 2047, *In re: Chinese-Manufactured Drywall Products Liability Litigation.*  In each of these three large MDLs, I was consistently re-appointed during the life of each MDL.

Previously, Judge Fallon in both the *In re: Vioxx Products Liability Litigation* (MDL 1657) and *In re: Propulsid Products Liability Litigation* (MDL 1355) MDLs, vested me with leadership responsibilities as a member or vice chair of the State-Federal Liaison Committees, which Committees coordinated cases pending in the MDLs with those pending in state courts throughout the country.

Additionally, the Honorable Michael Davis, United States District Court, District of Minnesota, named me to the State Liaison Advisory Committee in MDL 1431, *In re: Baycol Products Liability Litigation.*

This broad experience in the realm of federal/state coordination has helped my office hone its federal/state coordination skills so that we now operate in an extremely efficient manner; if I were to be appointed to the role, there would be no need for my office to re-invent the wheel.

## Other MDL/Class Action Professional Experience

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana appointed me Lead Counsel in MDL 1643, *In re: Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation*. I led a PSC of attorneys from across the country and, only 6 weeks after Hurricane Katrina, successfully mediated a class settlement.

My roles as class counsel in non-MDL class actions are other examples of my experience in complex litigation. In classes involving breast implants,[1] environmental toxic exposure,[2] and crawfish mortality due to toxins,[3] I played major internal leadership and trial counsel roles. I was lead Louisiana trial counsel in the *Spitzfaden* Louisiana breast implant common issue trial lasting six (6) months, which trial culminated in a plaintiffs' verdict. The complexity of the interaction of the *Spitzfaden* state court litigation, MDL 926, *In re: Silicone Gel Breast Implants,* and the bankruptcy filing of Dow Corning is detailed in my article written at the request of the Tulane Law Review.[4] This latter work will serve the Court well in this MDL.

In 2011, the Judges of Eastern District of Louisiana appointed me to their Lawyers Disciplinary Enforcement Committee, a position which I currently hold.

Many professional organizations and law schools have invited me to speak on issues related to complex litigation. On more than one occasion my assigned issue was the status and progress of the specific MDL which was the topic of the seminar.

---

[1] *Spitzfaden et al. v. The Dow Chemical Co., et al.*, Civil District Court, Parish of Orleans, Docket No. 92-2589-F (1994).
[2] *Parrish et al. v. Tennessee Gas Pipeline Co., Inc., et al*, 10th Judicial District Court, Natchitoches Parish, Docket No. 64-527-A (1996).
[3] *West, et al. v. G&H Seed Company, et al.*, 27th Judicial District Court, St. Landry Parish, Docket No. 99-C-4984-C (2000).
[4] Dawn M. Barrios, *The Long and Winding Road for* Spitzfaden*, Louisiana's Breast Implant Class Action: 'Ad Astra Per Aspera,'* 74 Tul. L. Rev. 1941 (2000).

**<u>Detailed Experience as Federal-State Liaison Counsel</u>**

I seek appointment as the Federal-State Liaison Counsel.  My experience in executing the orders of the MDL Judges regarding coordination may well be the most experience any counsel has had.  The coordination and cooperation between non-MDL counsel and jurists and those in the MDL is vital; I believe the success of an MDL is based in part upon this coordination. Strengthening coordination, communication and transparency is critical to any MDL.

One of the first steps of coordination is learning the details of the non-MDL cases, which Your Honor has ordered in Order No. 1.[5]  GM in its status letter to the Court (Rec. Doc 73, Exhibit B) discloses that the following states have pending Ignition Switch civil actions:  IL, TX, CA, FL, MO, IN, D.C., PA, NY,WI, MI, GA, LA, AL; pending Ignition Switch Securities and Derivative Actions in MI and DE; and actions seeking Ignition Switch discovery  in PA, TX, and VA. Several of these states (CA and TX) have intrastate MDL proceedings.[6]  Possessing the basic information that there are currently at least 15 other jurisdictions with ignition switch issues at this early stage of the MDL will allow Your Honor to instigate the plan of coordination sooner rather than later.[7] And since many of the cases filed in Your Honor's Court and state courts are class actions, coordination should begin immediately to avoid a "race to the certification hearing".

The specific execution of duties of a Federal-State Liaison Counsel are directed by the Court and counsel.  However, in general, Federal-State Liaison Counsel should collect all state court complaints; populate a database with all pertinent information about each non MDL case, counsel and judge; learn and keep abreast of the status of the non-MDL cases; and educate those non-MDL counsel unfamiliar with MDLs of the benefits of coordination to avoid duplication of effort, and reduce costs and delays. Reaching out to the state court jurists as early as possible is important to the coordination effort; the initial contact is well received when the MDL Court initiates the contact.

Other coordination duties I have undertaken in MDLs are the following-

~report to the Court at each status conference information on the status of each non-MDL case and remand issues, if any.  In conjunction with the report, a DVD of all non-MDL cases is made for the Court providing more detailed information that may be of value to the Court, and hyperlinks to important non-MDL court documents. The contact information for the state court judges will assist this Court with any direct communication with any other court.

---

[5] See Section 20.312 of the MCL Fourth
[6] See Section 20.311 of the MCL Fourth.
[7] See Section 20.311 of the MCL Fourth.

~assist in negotiating the coordination of discovery, if such is requested by the Court and counsel, and in the allocating of time for MDL counsel and non-MDL counsel in depositions which are cross noticed.

~provide access to MDL discovery, as directed by the Court and PSC.

~maintain a database on all motions for remand which is readily accessible to the Court. This database will allow the MDL Court to group remands according to issues in various categories, which in turn, allows the Court to rule on several remands at the same time.

~attend the status conferences of state or coordinated litigation, introduce the MDL at those status conferences, and offer to foster communication and coordination, as directed by the MDL Court. I have met with state court judges and attended critical state court conferences to ensure that the MDL is informed of happenings in state courts and that coordination is achieved.[8]

~share with the non-MDL judges and parties important issues pending in the MDL, with the goal of coordinating judicial resolution of the issues, if possible.

~should there be a consensual resolution in the MDL, encourage and assist state court plaintiffs' counsel to participate.

~disseminate a newsletter for all counsel on an as needed basis to inform counsel of the orders and activities of the MDL.[9]

~inform all non-MDL judges of the status conferences of the MDL and invite telephonic participation, should Your Honor approve.

Based on my 12 years of Federal-State Liaison appointments, it is my humble opinion that coordination efforts should be a priority of the MDL, and appointment of a Liaison counsel to concentrate efforts on the coordination is not only appropriate, but is a best practice. Many MDL judges appoint a Federal State Liaison Committee, but in my experience, the appointment of one counsel is sufficient to fulfill all liaison responsibilities and is more efficient.

The Federal-State Liaison Counsel should be able to attend PSC meetings so that she is aware of the issues as soon as they arise and of the PSC's position on those issues so coordination can be optimized.

---

[8] Of course, continued communication between the MDL Court and state court judges is a tried and true method to ensure not only coordination, but consistency of rulings.
[9] Section 20.312 of the MCL Fourth.

4

I have sufficient time to devote to MDL 2543.  The majority of the MDLs I have Court appointments for are in various stages of settlement.


**Dated:**   July 28, 2014                             Respectfully submitted,

                                                      **BARRIOS, KINGSDORF & CASTEIX, LLP**

                                                      By:  /s/ Dawn M. Barrios
                                                      Dawn M. Barrios (LA Bar Roll #2821)
                                                      701 Poydras Street, Suite 3650
                                                      New Orleans, Louisiana  70139
                                                      Tel: (504) 524-3300
                                                      Fax: (504) 524-3313
                                                      Email:  Barrios@bkc-law.com


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Application of Dawn M. Barrios for the Position of Federal/State Liaison Counsel was filed electronically with the Clerk of Court using the CM/ECF system on July 28, 2014, and served electronically on all counsel of record.


                                                      /s/ Dawn M. Barrios
                                                      Dawn M. Barrios

5