Hearing Date: August 11, 2014 at 11:00 a.m. (EST)

Alyson Oliver
OLIVER LAW GROUP PC
950 W. University Drive, Suite 200
Rochester, Michigan 48307
Telephone: (248) 327-6556
Facsimile: (248) 436-3385

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

IN RE:

GENERAL MOTORS LLC IGNITION SWITHC LITIGATION             14-MD-2543 (JMF)
*This Document Relates to All Actions*
_____X

# APPLICATION FOR CONSIDERATION
# OF LEADERSHIP APPOINTMENTAS SET FORTH IN ORDER NO. 5

The undersigned, Alyson Oliver, has reviewed Order No. 5 and within this framework, I respectfully submit that I possess the necessary and desired qualifications for membership within the leadership of this case as is determined appropriate by Your Honor and temporary lead counsel in their role as recommenders pursuant to Order No. 5.

I am the managing shareholder of the Oliver Law Group PC (hereinafter "OLG") in Rochester, Michigan; am the Chair of OLG's product liability and class action litigation division; and I have been honored for six consecutive years as a member of the Top 100 Trial Lawyers (2008, 2009, 2010, 2011 and 2012). OLG currently is retained on multiple cases involving both economic loss and personal injuries suffered as a result of the subject General Motors products, are in the process of reviewing additional cases, and expect to receive and investigate many more as time progresses. OLG also currently represents, in this action, economic loss Plaintiff

1

*Lorie Biggs, individually and on behalf of all others similarly situated v. General Motors LLC and Delphi Automotive PLC*, 1:14-cv-05358 as well as personal injury Plaintiff Clarissa Largent in the matter of *Clarissa Largent v. General Motors LLC et al* pending in the Circuit Court for the County of Wayne, State of Michigan in Case No. 14-006509-NP.  I have been very involved during the course of the investigation into and litigation regarding this complex set of circumstances working with individuals and families who are effected by the potential liability of General Motors for injuries and losses they have suffered.

I have been practicing law for fifteen years, and in the past several years have had the privilege of having been appointed to serve in leadership in the following multi-district litigation matters involving product liability, class actions or both:

1. *In re Aluminum Warehousing Antitrust Litigation* (13-MD-2481 pending before the Honorable Katherine B. Forrest in this District, S.D. NY).

2. *Zimmer Nexgen Knee Implant Products Liability Litigation* (1:11-cv-05468, N.D. IL.)

3. *MI Windows and Doors, Inc. Products Liability Litigation* (2:12-mn-00001, SC.)

4. *American Medical Systems, Inc. Pelvic Repair Systems Products Liability Litigation* (2:12-md-02325, S.D. WV.)

5. *Boston Scientific Corp., Pelvic Repair Systems Product Liability Litigation* (2:12-md-02326, S.D. WV.)

6. *C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (2:12-md-02187, S.D. WV.)

7. *Coloplast Corp. Pelvic Support Systems Product Liability Litigation* (2:12-md-02387, S.D. WV.)

8. *Ethicon Inc., Pelvic Repair Systems Products Liability Litigation* (2:12-md-02327, S.D. WV.).

9. *Cook Inc., Pelvic Repair Systems Products Liability Litigation* (2:12-md-02440, S.D. WV.)

10. *Neomedic Pelvic Repair System Products Liability Litigation* (2:12-md-02511, S.D. WV.)

Outside of the MDL context I and members of my firm have additionally had the privilege of serving as class counsel in the following class action matters:

1. *Jackson v. Mastronardi Produce Limited* (2:11-cv-11525, E.D. MI)

2. *Olvera et al v. Driven Sports* (3:13-cv-04830, N.D. CA)

3. *DeMetsnare v. Germanotta* et al (11-cv-12753, E.D. MI)

4. *Daniels v. Greenkote* IPC (4:10-cv-01954, E.D. MO)

In addition to the leadership positions set forth above, we have represented thousands and continue to represent hundreds of individual litigants in various MDL and class litigation nationally and are very familiar with the process, prosecution and expectations from the Court, opposing counsel, co-counsel and the clients who find themselves involved in these specialized types of complex proceeding.

Prior to my focus on national complex litigation for the past several years, I had a mostly state specific practice that included bankruptcy, criminal law and single event personal injury and product liability cases, and we continue to handle select cases in these categories still today. On the bankruptcy side of my practice, I have provided representation in over 600 matters on both the debtor and creditor side in the Eastern District of Michigan. Most recently, I have been involved in the *In re Groeb Farms Inc*. bankruptcy matter (13-58200 EDMI Bankruptcy Court)

representing multiple honey farms in the case emanating from the Department of Justice's international honey transshipment investigation. I am comfortable and familiar with the bankruptcy aspect of this case and feel confident and competent in assisting the navigation of the intersect between the class-MDL and the bankruptcy proceedings.

In addition to what I have hopefully thus far set forth above as a wide range of pre-trial experience that will assist in the efficient resolution of this matter without the necessity of trials, I have extensively tried cases for years, averaging approximately 11 trials per year to verdict with a 90% win ratio. If these matters are not successfully concluded at the MDL and/or bankruptcy level, I believe that my trial experience will be of assistance in the preparation of meaningful trial materials that will allow the cases to be remanded and tried efficiently and effectively.

Throughout the past many years, I have earned a reputation of working well with fellow plaintiff's counsel as well as with defense counsel and the Court, thereby leading to efficiencies for all participants. I have worked diligently to develop significant working relationships with many of the proposed counsel, and look forward to and would be honored in working together with members that your Honor ultimately selects.

OLG has the requisite resources to aid this litigation and will commit every resource required to enable this Court to expeditiously move the MDL through discovery and toward trial and/or early resolution – steps we have already undertaken by devoting substantial financial resources and dedicating a team to this litigation. I have been heavily involved in this litigation, investing significant time and resources, and have a significant interest in participating in these consolidated proceedings as a member of leadership. My team of attorneys and staff has dedicated itself to interviewing multiple parties injured by these products, conducting due

diligence reviews of our clients' cases, researching documents and literature, and attended multiple conferences with other attorneys to discuss these issues and this litigation.

I am familiar with the length of time necessary to bring matters such as this to conclusion. I regularly am called upon to explain to clients, co-counsel, and administratively the plain and simple fact that litigation as complex as this is going to be ongoing for multiple years and while everyone pushes to move the ball forward; the sheer bulk of issues, claims and parties cause these type of cases to require a dedication of significant time and resources to reach a final disposition we can say without equivocation was the result of sufficient effort.

Finally, on the issue of diversity I submit that my firm located in the Eastern District of Michigan is of distinct value for these proceedings: 1) my office and home is in the same district as the General Motors headquarters in Detroit and thus my firm can create efficiencies for this litigation in proceedings that require physical presence in this district such as depositions, interviews or on-site reviews and inspections; and 2) as a Plaintiff's firm generally we have the complete interest in recovering on behalf of our clients who have been damaged like any Plaintiff's firm involved in these proceedings. Of distinction however, my interest as a Plaintiff's firm in this district creates a dedication to a process that trims all fat and allows for the efficient and sufficient compensation of rightfully deserving plaintiffs while not creating inflated litigation costs that would harm economic interests in this community that would have national impact.

With sincere appreciation of the obligations and responsibilities involved, I respectfully request that the Court, and temporary lead counsel in their role as recommenders pursuant to Order No. 5, favorably consider this application for appointment as a member of the Plaintiff's

second tier leadership in a position as is determined beneficial to the team; and the Court allow a brief statement at the hearing on August 11, 2014 in this regard.

Respectfully Submitted,

Dated: July 28, 2014
Rochester, Michigan                          /s/Alyson Oliver_____
                                             Alyson Oliver
                                             *(to be admitted Pro Hac Vice)*
                                             OLIVER LAW GROUP PC
                                             950 W. University Drive, Ste. 200
                                             Rochester, MI 48307
                                             Telephone: (248) 327-6556
                                             E-mail: notifications@oliverlg.com