UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
IN RE:
                                                                           14-MD-2543 (JMF)

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

                                                         *Oral Argument Requested at*
     This Document Relates To All Actions         *Initial Conference on 8/11/14*
-------------------------------------------------------------------------------x

<u>**APPLICATION OF ROGER L. MANDEL AND LACKEY HERSHMAN, L.L.P.
FOR EXECUTIVE COMMITTEE**</u>

      My name is Roger L. Mandel.  I am co-counsel in the *Burton,* Case No. 1:14-cv-04771-JMF (Dkt. 1) (by Notice of Appearance (Dkt. 31)), *Foster,* Case No. 1:14-cv-04775-JMF (Dkt. 1), *Precht* (transfer to SDNY pending), *Ramirez,* Case No. 1:14cv04267-JMF (Dkt. 1), *Ross* (Dkt. 1), *Salerno,* Case No. 1:14-cv-04799-JMF (Dkt. 1), and *Sauer* (transfer to SDNY pending) cases.  Along with my firm, Lackey Hershman, L.L.P. ("LH" or "Firm"), I am applying for a position on the Executive Committee.  My 27 years of experience in complex commercial litigation, including 20 years of class action experience, more than qualifies me to serve on the Committee.  However, literally scores of lawyers involved in this case are likely also qualified to serve on the Committee.  What sets me apart from the others is my unique and unparalleled knowledge of the law of breach of warranty and choice of law, which will be absolutely critical in surviving motions to dismiss, obtaining class certification (preferably nationwide or multi-state) and ultimately obtaining a settlement or prevailing at trial.

      A critical factor in prosecuting and adjudicating this MDL will be whether the Court can certify either a nationwide or multi-state class.  It will be most expeditious and economical for the litigants and the Court to initially consider certification of a nationwide or multi-state class action, rather than the Court initially separately considering certification of a class for every

single state. In this MDL, a nationwide or multi-state class action will only be certified if: (1) the Court applies GM's home state law of Michigan to plaintiffs in all states, or (2) the Court decides that the laws of multiple states are sufficiently similar as to certain causes of action that a single class action applying the law of multiple states can successfully be tried to a jury. I have unique and unparalleled knowledge and resources that will help win these arguments and obtain national or multi-state class certification, which knowledge and experience has already been put into action.

Breach of the implied warranty of merchantability, both brought directly under a state's version of U.C.C. §§ 2-314 and 2-714 and as incorporated into the Federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et. seq.,* constitutes the best possible cause of action for product defect class actions because: (1) there is no requirement to prove reliance as there is with common law fraud and a significant number of state consumer protection statutes, which requirement typically defeats class certification; (2) under U.C.C. § 2-714, damages are measured at the time of delivery of the defective automobile, before usage by the plaintiff, defeating standing and other lack of injury arguments for automobiles that have never manifested the defect, which defense arguments have eliminated many product defect class actions at the pleading and class certification stages; and (3) the notice section of the MMWA, 15 U.S.C. § 2310 (e), provides that notice of defect and reasonable opportunity to cure can be given to the defendant on behalf of the entire Class after certification, eliminating arguments that notice is required by each individual Class member, which would obviously eliminate most class actions.

My comprehensive knowledge of the national law regarding these causes of action was put to use in drafting the breach of implied warranty of merchantability and MMWA causes of action and related class definitions contained in the seven complaints listed above, which I invite

the Court to review for their quality. Amazingly, a review of the current and potential MDL complaints reveals that 39 complaints do not plead the MMWA and 18 complaints do not plead the implied warranty of merchantability, both crucial causes of action.

These causes of action are also crucial because if the Court declines to apply Michigan law to a nationwide class, Plaintiffs can strongly argue that a class of all of the states that do not require vertical privity can be certified because the law is so similar. Crucially, all of those states have adopted virtually identical versions of the relevant U.C.C. provisions. More importantly, and unknown to virtually all other lawyers involved in this litigation, all of the states which have adopted pattern jury questions for these causes of action have merely used the wording of their U.C.C. provisions as the jury questions, making it possible to submit one set of jury questions for all of those states. Many of those pattern jury charges are not available online and had to be obtained individually from various state bars. As far as I know, I am the only lawyer who has a set of all of the relevant U.C.C. pattern jury charges. Thus, I believe I can mount a better argument for a multi-state certification of the breach of the implied warranty of merchantability causes of action than any other lawyer in the country.

Finally, as set forth above, obtaining certification of a nationwide class under Michigan law is highly desirable. Knowing that this Court must apply the choice-of-law rules of the state of filing for each action, it was critical to file suit in some states whose choice-of-law rules maximize the chance of application of Michigan law to a nationwide class. For that reason, I joined or had filed cases in Oklahoma, California and New Jersey, among others. In particular, Oklahoma has by far the most favorable law, in that the Oklahoma Supreme Court has ruled in two different auto defect class actions that Oklahoma will apply Michigan law to plaintiffs nationwide for purposes of class certifications. *See Cuesta v. Ford Motor Co.*, 209 P.3d 278

(Okla. 2009); *Ysbrand v. DaimlerChrysler Corp.*, 81 P.3d 618 (Okla. 2003). Based on this law, no potential national auto defect class action MDL should ever fail to include a class action filed in Oklahoma. Notably, no attorneys besides Mr. Edward L. White and I filed a class action in Oklahoma despite its critical importance. Further, nine (9) complaints failed to even request certification of a national or multi-state class.

My acknowledged expertise in these areas is best illustrated by my participation in organizing and presenting at the American Association of Justice's and National Association of Consumer Advocates' Consumer Warranty Class Action Litigation Seminar held on June 4, 2014, at which I spoke on "Certification of National and Multi-State Consumer Warranty Class Actions-Choice of Law Done Right."

My qualifications and experience, and those of my Firm (consisting of 26 litigators), in prosecuting complex litigation, including MDLs and class actions, are far too long to list in their entirety here, and the Court is respectfully referred to www.lhlaw.net for a complete listing. Most pertinent is that in approximately 20 years of prosecuting class actions, I have successfully prosecuted as lead, co-lead, and liaison counsel cases recovering billions of dollars in money and other benefits for consumers nationwide. I have actually tried a class action to a jury in Texas State District Court, obtaining a jury verdict and judgment in excess of $15 million dollars for a class of community college district students who were charged an illegal fee.

My expertise in class actions has been consistently recognized by my peers over many years: Co-Chair of the AAJ Class Action Litigation Group from 2012-2013; Texas Super Lawyer in Class Actions/Mass Torts from the inception of the ratings in 2003 through the present; for 2014 (first year of a class action category) Top Lawyer in Dallas; and one of the Top One Hundred Trial Lawyers in the Class Action category for 2013 and 2014 as named by The

National Trial Lawyers. I have been asked to co-chair the 2015 Consumer Rights Litigation Conference to be held in November of 2015 by the National Consumer Law Center.

The equity partners of LH unanimously reviewed and approved my and the Firm's participation as a member of the Executive Committee in this litigation, if the Court should so order. In doing so, the partners were informed and committed to providing the manpower necessary to litigate this case for two to four years and the expenditure of $250,000.00 to $2,000,000.00 in expenses. Thus, I and LH demonstrated an extraordinary willingness and ability to commit to a time-consuming process and the access to and commitment to provide the extensive resources necessary to prosecute this litigation in a timely manner.

Of the 7 cases listed above in which I am counsel, I filed along with co-counsel in all of them, and in 6 of the 7 with 7 to 10 co-counsel. Thus, I have demonstrated a high degree of willingness and ability to work cooperatively with others.

The Court will undoubtedly find that most of the applicants hail from either the east or west coasts. However, Texas will likely have the second or third largest number of Class members and, accordingly, will exert huge influence over the conduct and settlement of the case, making it essential that the Executive Committee include a lawyer based in Texas like me with encyclopedic knowledge of Texas law.

Finally, as noted above, Oklahoma is a critical state in this MDL. From working on the Complaint in the *Burton* case and from prosecuting another class action in Oklahoma, I have detailed knowledge of Oklahoma law, including its choice of law rules, which will be so important. Perhaps more importantly, I will have the able assistance of Mr. Edward L. White, an eminent Oklahoma lawyer with extensive Oklahoma class action experience. Thus, geographic diversity supports naming LH and I to the Executive Committee.

- 6 -

Dated: July 28, 2014

        */s/ Roger L. Mandel*
Roger L. Mandel
LACKEY HERSHMAN, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Telephone: 214-560-2201
Facsimile:  214-560-2203
rlm@lhlaw.net

*Attorney for Plaintiffs in the Above-Listed Cases*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2014, a true and correct copy of the above and foregoing Application of Roger L. Mandel and Lackey Hershman, L.L.P. for Executive Committee was served upon all counsel of record via the Court's ECF filing system.

*/s/ Roger L. Mandel*
Roger L. Mandel