

```
                                                              123 Justison Street
                                                              Wilmington, DE 19801
                                                              Tel: 302-622-7000
                                                              Fax: 302-622-7100

                                                              485 Lexington Avenue
                                                              New York, NY 10017
30 N. LaSalle Street, Suite 1200   Chicago, IL 60602   Tel: 312-214-0000   Fax: 312-214-0001   Tel: 646-722-8500
                                                              Fax: 646-722-8501

Adam J. Levitt                                                1747 Pennsylvania Avenue, N.W., Suite 875
Director                                                      Washington, DC 20006
Tel: 312-610-5400                                             Tel: 202-386-9500
alevitt@gelaw.com                                             Fax: 202-386-9505
```

July 28, 2014

**VIA ECF FILING**
The Honorable Hon. Jesse M. Furman
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York  10007

> Re:  *In Re General Motors LLC Ignition Switch Litigation*,
>      **No. 14-MD-2543 (JMF)**

Pursuant to this Court's Order No. 5 (Dkt. No. 70), I respectfully request appointment to Plaintiffs' Executive Committee in these actions.  I have played a central role in this litigation from the outset and have substantially advanced my clients' claims, as well as the claims of the proposed Classes as a whole, both in the Bankruptcy Court and in the district courts where my cases were filed and pending prior to JPML centralization.  In doing so, I have identified and presented novel and complex claims and forged a broad coalition of trial lawyers and automotive experts with unique legal and technical proficiency.

From the start of this litigation, my group and I: (a) filed the first suit to include vehicles outside the recall GM had then announced, prompting GM to expand the recall; (b) framed the alleged defect as the "key system defect," rather than the "ignition defect," a pleading decision that clarifies the true issues in this litigation as confirmed by GM's ever-expanding recalls; (c) moved for targeted expedited discovery; (d) retained the expert whose efforts first uncovered the key system defect; (e) retained and funded one of the three "Designated Counsel" in the bankruptcy proceedings and actively worked with Temporary Co-Lead Counsel regarding bankruptcy strategy, fact stipulations, and related issues; and (f) have been recognized as leaders in this litigation, including chairing the American Association for Justice's ("AAJ") pre-MDL conference, serving as co-chairs of AAJ's GM Ignition Defect Litigation Group, and advocating our collective positions in court and elsewhere.

I am a recognized leader in the consumer class action field nationwide with significant expertise in automotive defect class actions and other complex commercial litigation.  As lead counsel, over the past several years I have obtained more than $1 billion on behalf of plaintiffs, and I have the full support and resources of my law firm, Grant & Eisenhofer P.A. ("G&E"), which has, to date, recovered in excess of $1.5 billion in litigation against automobile manufacturers and billions of dollars in recoveries in other class actions.  I respectfully submit that my credentials, experience, and successful track record leading complex class action lawsuits, coupled with my demonstrated substantive efforts in *this* litigation, support my

Hon. Jesse M. Furman
July 28, 2014
Page 2

appointment to the Plaintiffs' Executive Committee under the seven factors enumerated in this Court's Order No. 5 (below).

### Factor No. 1:  Knowledge and Experience in Prosecuting Complex Litigation

I have broad experience prosecuting automotive defect litigation and other types of class actions and complex litigation.  I currently serve as co-lead counsel in several of the largest pending automotive class action litigations in the U.S. (*see* footnote 9, below).  My firm, G&E, has also secured victories on behalf of a plaintiff class in an automotive antitrust class action, *see In re Aftermarket Automotive Lighting Prods. Antitrust Litig.*, MDL No. 2007 (C.D. Cal.) ($78.45 million settlement), and has recovered hundreds of millions of dollars from automobile companies for clients in other types of actions, resulting in a comprehensive understanding of the operations and organization of automobile companies.  *See, e.g.*, *In re Gen. Motors Sec. and Derivative Litig.*, No. 06-cv-1749 (E.D. Mich.) ($303 million settlement); *In re Delphi Corp. Sec. Litig.*, No. 05-cv-1725 (E.D. Mich.) ($325 million settlement); *In re DaimlerChrysler Sec. Litig.*, No. 00-993 (D. Del.) ($300 million settlement).  Also, as lead counsel in MDL actions in the last several years, I have recovered more than $1 billion in damages for plaintiffs.[1]

### Factors Nos. 2 and 4:  Willingness and Ability to Commit to a Time-Consuming Process and Access to Resources to Prosecute the Litigation in a Timely Manner

I lead the Consumer Practice Group at G&E, one of the nation's largest and most sophisticated class action law firms.  G&E has approximately seventy attorneys and hundreds of support staff committed to providing the resources necessary for the successful resolution of this MDL.  Legal professionals at G&E have devoted hundreds of thousands of hours to redress the harm caused by defective products, consumer fraud, and other corporate misconduct.  G&E's results prove the depth and breadth of the Firm's resources, commitment, and perseverance as advocates.  In addition to my landmark victories on behalf of consumers and individual plaintiffs, G&E has recovered over $12.5 billion for institutional shareholders in the last seven years and over $5.2 billion in whistleblower recoveries since 2008.[2]  I currently manage a large team of experienced attorneys at G&E who have collectively devoted – and will continue to

---

[1] I served as co-lead counsel in *In re Genetically Modified Rice Litigation*, MDL No. 1811 (E.D. Mo.), in which I obtained settlements exceeding $900 million for those suffering losses resulting from contamination of the U.S. rice supply, in *StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Ill.), where I recovered $110 million for farmers who sustained market losses on their corn crops arising from contamination of the U.S. corn supply, and *In re Porsche Cars North America Inc. Plastic Coolant Tubes Products Liability Litigation*, MDL No. 2233 (S.D. Ohio), an automotive defect class action in which co-counsel and I secured a $45 million settlement.

[2] G&E has consistently been named one of the nation's top plaintiffs firms by *The National Law Journal*.  In 2008, the Firm was named to *The National Law Journal*'s "Plaintiffs' Hall of Fame."  In 2013, Law360 named G&E one of the "Most Feared Plaintiffs Firms" in its inaugural list of plaintiffs firms it described as "hugely successful" based on its "performance in high-profile or complex cases between July 1, 2011, and July 1, 2013, including significant court rulings, trial victories and settlements."  Additional information is available at www.gelaw.com.

Hon. Jesse M. Furman
July 28, 2014
Page 3

devote – thousands of hours to these matters. Moreover, I have the ability to add additional attorneys as needed, and, as discussed above, I have G&E's full support and access to all of its resources in prosecuting this important litigation to its conclusion.

> **Factor No. 3:  Willingness and Ability to Work Cooperatively with Others**

Over the course of my two-decade career, I have repeatedly demonstrated my ability to work cooperatively with others. Nowhere is this more evident than in this litigation. By March 2014, I was working closely with nearly 15 law firms in filing two multistate/multi-plaintiff actions.[3] Most recently, I was instrumental in assembling a coalition of approximately 45 firms, the largest cooperative group of firms in this litigation, including Lieff Cabraser, one of the Temporary Co-Lead Counsel.[4] After determining that GM's more recent recalls of other vehicles potentially implicate the same ignition defect, this coalition filed the *Sauer* complaint relating to those other vehicles and engaged GM in MDL briefing concerning the relationship of that case to this litigation.[5]

> **Factor No. 5:  The Work Counsel Has Done in Identifying, Investigating, or Prosecuting Potential Claims in the Action**

The *Maciel* case – which I filed with my co-counsel Roland Tellis of Baron & Budd, P.C. and Lance Cooper of The Cooper Firm, as well as several other law firms – was the first case in which any Plaintiffs' counsel identified and alleged the full nature and scope of the key system defect. Following the investigation Messrs. Tellis, Cooper, and I undertook with leading automotive experts, including Mark Hood, who first exposed GM's concealment of the ignition system defect,[6] the *Maciel* case alleged that the defect is not limited to ignition switch mechanics. Rather, the affected vehicles are also prone to inadvertent shutdown because of defective key designs and improper positioning of the ignition switch. The *Maciel* case was also the first case to include vehicles not within the scope of GM's initial recall and that were manufactured, sold, and advertised by GM after it emerged from bankruptcy. GM responded to the well-substantiated facts set forth in *Maciel* by *expanding* the remedial scope and coverage of the recalls to encompass the vehicle models our experts identified. Shortly after we filed *Maciel*,

---

[3] *See Maciel, et al. v. General Motors LLC*, No. 4:14-cv-01339 (N.D. Cal.) and *Saclo, et al. v. General Motors LLC, et al.*, No. 8:14-cv-00604 (C.D. Cal.).

[4] I also presently serve as co-counsel with Temporary Co-Lead Counsel firms in *In re Imprelis Herbicide Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2284 (E.D. Pa.) (appointed lead counsel with Lieff Cabraser); *In re MyFord Touch Consumer Litigation*, No. 13-cv-3072 (N.D. Cal.) (appointed lead counsel with Hagens Berman); and *Davisson v. Ford Motor Co.*, No. 13-cv-456 (S.D. Ohio) (motion for appointment as lead counsel with Hagens Berman pending).

[5] *See Sauer, et al. v. General Motors, LLC et al.*, No. 2:14-cv-04080 (D.N.J.) (filed June 26, 2014; involving 2010-2014 model year Chevrolet Camaros, which were recalled by GM on June 19, 2014 for ignition-related problems).

[6] Messrs. Tellis, Cooper, and I have also retained Allan Kam, who worked in NHTSA's Office of Defects Investigation for nearly 25 years.

Hon. Jesse M. Furman
July 28, 2014
Page 4

I, along with Messrs. Tellis and Cooper, filed *Saclo*, which also named Continental Automotive Systems US, Inc. (the airbag manufacturer) as an additional defendant, as well as the *Sauer* action (*see* note 5, above).

In an effort to aggressively advance our clients' interests and to ensure public safety, on April 7, 2014, we moved for expedited discovery in *Maciel*, seeking all documents GM produced to governmental entities. Temporary Co-Lead Counsel have recognized that the scope of relief sought in that motion is the initial discovery that should be sought and produced in this MDL. *See* Temporary Co-Lead Counsel's July 21, 2014 Letter (Dkt. No. 29), at 3 ("the Court should order the immediate production of all…documents [that GM produced to the governmental agencies] plus documents produced to the Valukas team as an initial step in this MDL.").[7]

Additionally, my firm and I have played a pivotal role in protecting class members' interests in the GM bankruptcy proceedings. Together with our retained bankruptcy counsel, Stutzman, Bromberg, Esserman & Plifka PC (appointed by Judge Gerber as one of three "Designated Counsel," and which, along with the two bankruptcy counsel retained by Temporary Co-Lead Counsel, have been charged with the responsibility of representing Plaintiffs' interests in the Bankruptcy Court), Messrs. Tellis, Cooper, and I, along with Temporary Co-Lead Counsel and Weitz & Luxenberg, have identified the key legal claims and theories in response to GM's motion practice, drafted and negotiated factual stipulations and agreed orders, and met and conferred – and continue to meet and confer – with GM's counsel about these important issues.

Finally, along with Messrs. Tellis and Cooper, Temporary Co-Lead Counsel, Weitz & Luxenberg, and the Beasley Allen firm, I was one of a small number of lawyers invited by Ken Feinberg to review and discuss the scope of the victims' compensation fund established for those killed or injured in accidents caused by the key system defect. Our review of the draft protocol, substantive comments, and proposed revisions resulted in material revisions to the protocol prior to its release.

**Factor No. 6: Counsel's Knowledge of Applicable Law**

I have significant experience and expertise in the area of automotive defect class actions, as well as in MDL litigation generally.[8] I currently serve as co-lead counsel in numerous automotive class action cases,[9] including one in which, as co-lead counsel, I recently defeated

---

[7] In May 2014, we learned that GM dealers were removing defective parts from the recalled vehicles and sending them to GM. We immediately provided written notice to GM that such parts constitute important and relevant evidence that must be preserved.

[8] I have led more than a dozen MDL actions and have written and spoken on the MDL litigation process nationwide, including authoring a book chapter on MDL litigation. *See* "Multidistrict Litigation Practice: The Function and Shifting Focus of the JPML in Class Action and Other 'Bet the Company' Litigation," chapter from *Straight from the Top: Case Studies in the World of Litigation* (ExecSense, 2012).

[9] Pending automotive defect class actions include: *In re Ford Tailgate Litig.*, No. 11-cv-2953 (N.D. Cal.) (co-lead counsel); *Davisson v. Ford Motor Co.*, No. 13-cv-456 (S.D. Ohio); *Luppino, et al. v. Mercedes-Benz USA LLC, et al.*, No. 09-cv-5582 (D.N.J); *Belville, et al. v. Ford Motor Co.*, No. 13-cv-6529 (S.D.

Hon. Jesse M. Furman
July 28, 2014
Page 5

Ford's motion to dismiss.[10]  I am frequently consulted by national television, radio, and print media outlets, including MSNBC, CNBC, Bloomberg News, BNA, The Wall Street Journal, USA Today, and the National Law Journal (among others) on this litigation.  I have written numerous law review and other articles on class action litigation and consumer protection and am a frequent speaker on topics of consumer protection and complex litigation.  I am President of the Class Action Trial Lawyers, a division of the National Trial Lawyers, an elected member of the American Law Institute, an Advisory Board Member of the Institute for Consumer Antitrust Studies, and a peer reviewer of articles submitted to AAJ's Trial magazine.[11]

### Factor No. 7:  Geographic Diversity

In addition to my other qualifications, being based in Chicago, I bring a Midwestern presence that is otherwise underrepresented among Plaintiffs' leadership applicants.  Moreover, GM's lead counsel, Kirkland & Ellis LLP, is based in Chicago and Chicago is the closest major city to Detroit, GM's headquarters.

For all of the foregoing reasons, I respectfully request that the Court appoint me as a Plaintiffs' Executive Committee member in this litigation.  Pursuant to Order No. 5, I further respectfully advise the Court that I wish to be afforded the opportunity to address the Court at the August 11, 2014 Initial Conference.

Respectfully submitted,

Adam J. Levitt
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
Email:  alevitt@gelaw.com

---

W. Va.); *Philips v. Ford Motor Co.*, 14-cv-02989 (N.D. Cal.); *Denis Gray Trucking, Inc. et al. v. Navistar Int'l Corp.*, No. 14-cv-5249 (N.D. Ill.).

[10] *See In re MyFord Touch Consumer Litigation*, No. 13-cv-3072 (N.D. Cal.) (alleging Ford's in-car communications and entertainment system suffers design defects that create unreasonable safety risks that Ford knew about and concealed).  On May 30, 2014, the Court sustained the bulk of Plaintiffs' causes of action over Ford's motion to dismiss, including fraud and fraudulent concealment, negligence, and a variety of statutory and common law breach of warranty claims.

[11] A comprehensive description of my articles, speaking engagements, and memberships is available at www.gelaw.com/biographies/levitt-adam-j.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2014, a copy of the foregoing document was filed electronically using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ Adam J. Levitt<br>
Adam J. Levitt