UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543 (JMF)

*This Document Relates To All Actions*
------------------------------------------------------------------------------x

**APPLICATION OF JOSEPH H. MELTZER OF KESSLER TOPAZ MELTZER & CHECK, LLP FOR APPOINTMENT TO PLAINTIFFS' EXECUTIVE COMMITTEE**

I, Joseph H. Meltzer of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz" or the "Firm"), submit this Application for Appointment to Plaintiffs' Executive Committee pursuant to Order No. 5.

I respectfully submit that Kessler Topaz's resources and experience, which includes prosecuting some of the largest class action lawsuits in the history of the United States, will be a benefit to plaintiffs in this litigation. Pursuant to the Court's Order No. 5, I request permission to address the Court and answer any questions Your Honor may have during the August 11, 2014 Initial Conference.

**I.  Knowledge and Experience in Prosecuting Complex Litigation, and Willingness and Ability to Commit to Time-Consuming Litigation**

Kessler Topaz is a complex litigation firm. With nearly 100 lawyers in offices in Radnor, Pennsylvania and San Francisco, California, our practice is exclusively limited to representing plaintiffs in high-stakes, complex litigation.

Our approach is simple: we are a no-nonsense litigation firm that strives to provide excellent results through smart litigation practices, quality control, and effort. We work with numerous co-counsel, including many of the firms involved in this litigation, but will also work autonomously as needed. We are committed to dedicating the appropriate amount of resources

needed for a specific case, which can mean some combination of partners and associates depending on the necessary level of required work. And while we are fully committed to adequate staffing, we do not overstaff cases and we do not churn lodestar.

If selected to an Executive Committee position, our commitment to the Court and co-counsel is that we will undertake the work assigned to us, perform the work efficiently and at a high level of quality, and help contribute to the overall effort put forth on behalf of plaintiffs.

In terms of knowledge and experience, the Firm does nothing other than prosecute complex litigation and has had many successes, including: *In re Tyco Int'l, Ltd. Sec. Litig.*, No. 02-1335-B (D.N.H.) (recovering $3.2 billion for investors in an action requiring more than 220 depositions, over 700 discovery requests and responses, and the review of more than 82.5 million pages of documents); *In re Bank of America Corp. Sec., Derivative, and ERISA Litig.*, No. 09 MD 2058 (PKC) (S.D.N.Y.) (recovering $2.425 billion for investors); *In re Southern Peru Copper Corp. Derivative Litig.*, No. 961-CS (Del. Ch.) (obtaining a $1.3 billion judgment – the largest in Delaware Chancery Court history – in a corporate transaction case tried before Chancellor Leo E. Strine, Jr. and concluded with the Delaware Supreme Court affirming Chancellor Strine's judgment in its entirety, with interest, for a final judgment of $2.1 billion); *In re Wachovia Preferred Sec. and Bond/Notes Litig.*, No. 09 Civ. 6351 (RJS) (S.D.N.Y.) (recovering $627 million for investors – one of the largest recoveries under Section 11 of the Securities Act of 1933); *CompSource Oklahoma v. BNY Mellon Bank, N.A.*, No. 08-cv-469 (E.D. Okla.) (recovering $280 million in a fiduciary breach and contract case); *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-CV-61542 (S.D. Fla.) (trying to jury verdict in 2010 just the tenth federal securities class action since the enactment of the Private Securities Litigation Reform Act of 1995).

As evidenced from the above, during the last decade, the Firm has been counsel in many cases with recoveries in the hundreds of millions or billions of dollars (including several not listed above). Each of these was time-consuming and each took several years to conclude, however, the Firm is dedicated to seeing cases through to conclusion, whether by settlement or trial.

We are fully committed to investing the resources (both human and financial) needed to properly prosecute complex multi-year litigation when necessary.

## II.   Willingness and Ability to Work Cooperatively with Others

Kessler Topaz has a long record of working collaboratively with lawyers across the United States to zealously represent plaintiffs in complex class action litigation. Here, Kessler Topaz supports the appointment of the Temporary Lead Counsel as Co-Lead Counsel. This is based, in part, on the Firm's extensive experience working with: (i) Hagens Berman Sobol Shapiro LLP, including as co-lead counsel in *In re Flonase Antitrust Litigation*, No. 08-cv-3149 (E.D. Pa.) (recovering $150 million for direct purchaser plaintiffs), *In re Wellbutrin SR Antitrust Litigation*, No. 04-cv-5898 (E.D. Pa.) (recovering $21.5 million for class), and *In re Loestrin 24 Fe Antitrust Litigation*, No. 13-md-2472 (D.R.I.); and (ii) Lieff Cabraser Heimann & Bernstein, LLP, including in *In re Bank of New York Mellon*, where I am serving as one of three Executive Committee members along with Elizabeth Cabraser.

Much of our practice is predicated on our ability to work cooperatively in a team setting, both within the Firm and with partnering co-counsel. Indeed, the Firm was recently appointed to the Executive Committee in *In re Target Corp. Customer Data Security Breach Litig.*, No. 14-md-02522-PAM (D. Minn.), where we work alongside several firms located across the United States.

We have proven our ability to work with other counsel over the years and are committed to working collaboratively with co-counsel in this case.

### III. Access to Resources to Prosecute the Litigation in a Timely Manner

With approximately 100 attorneys, an in-house investigative department (headed by a former Special Agent with the Federal Bureau of Investigation), and an experienced support staff consisting of more than 80 paralegals, legal clerks, IT staff and other personnel, Kessler Topaz has ample resources to represent the interests of all plaintiffs in this litigation.

Moreover, because of its size, the Firm is able to handle large-volume document productions and has the capacity for in-house document hosting and review.

Finally, this case will likely involve a substantial financial investment from Executive Committee members and Kessler Topaz is more than able to meet the likely financial demands. The Firm is accustomed to financing complex cases that involve large amounts of out-of-pocket expenses and routinely invests significant financial resources in litigating claims against the largest and most well-funded defendants in the world including, JP Morgan, Bank of America, UBS, Medtronic, Tyco, Pfizer, and The Bank of New York Mellon.

Kessler Topaz is fully committed to providing the resources needed to advance this litigation in an efficient and effective manner.

### IV. The Work Counsel Has Done in Identifying, Investigating, or Prosecuting Potential Claims in This Litigation and Knowledge of Applicable Law

Kessler Topaz has already dedicated substantial resources to advancing claims in this litigation by, among other things, extensively investigating and researching the legal basis for liability and filing *Jones v. General Motors LLC*, No. 14-cv-11197 (E.D. Mich. filed Mar. 21, 2014), one of the earliest-filed actions in this litigation.

Since *Jones* was filed, Kessler Topaz has identified and vetted experts who could assist with the prosecution of plaintiffs' claims in this litigation and retained Lowenstein Sandler LLP as bankruptcy counsel to Kessler Topaz. Kessler Topaz's bankruptcy counsel worked collaboratively with and provided input to designated bankruptcy counsel.

Moreover, as demonstrated by the Firm's experience detailed above, Kessler Topaz has substantial knowledge of prosecuting statutory and common law claims in multidistrict litigation – knowledge and experience that will benefit plaintiffs, Co-Lead Counsel, and the other members of the Executive Committee.

### V. Geographic Diversity

With offices in Pennsylvania and California, a Tennessee named plaintiff, and additional clients from several other states who are willing to serve as representative plaintiffs, the Firm will provide nationwide representation for plaintiffs in this litigation.

### VI. Conclusion

Given the substantial experience, knowledge, and resources that Kessler Topaz would contribute to this litigation, I respectfully request appointment as a member of the Plaintiffs' Executive Committee.

Dated: July 28, 2014                                        Respectfully Submitted,

                                                                     **KESSLER TOPAZ**
                                                                        **MELTZER & CHECK, LLP**

                                                                      */s/ Joseph H. Meltzer*
                                                                      Joseph H. Meltzer
                                                                      280 King of Prussia Road
                                                                      Radnor, PA 19087
                                                                      Tel: (610) 667-7706
                                                                      Fax: (610) 667-7056
                                                                      Email: jmeltzer@ktmc.com

## **CERTIFICATE OF SERVICE**

I certify that the above pleading was electronically filed with the Clerk of the Court of the United States District Court for the Southern District of New York and has been sent to all counsel by using the CM/ECF filing system on July 28, 2014.

*/s/ Joseph H. Meltzer*
Joseph H. Meltzer
