

July 28, 2014

*Peter Prieto*
*305-358-2800*
*pprieto@podhurst.com*

<u>**Via Electronic Filing**</u>
The Honorable Jesse M. Furman
United States District Court Judge
United States Courthouse, Room 1105
40 Foley Square
New York, NY 10007

> **RE:** *In Re: General Motors LLC Ignition Switch Litigation*, **14-MD-2543 (JMF)**
> *Leadership Application of Peter Prieto, Esq. of Podhurst Orseck, P.A.*

Your Honor:

Pursuant to this Court's Order No. 5, I respectfully submit this application for the position of Co-Lead Counsel, or alternatively, for a position on the Executive Committee. I will attend the August 11, 2014 Initial Conference and wish to address the Court briefly at that time. As discussed below, I, with the support of my firm, meet the requisite criteria for appointment to a leadership position in this MDL.

### 1.  Summary of Qualifications

My firm and I brought the first action against GM in Florida based on the ignition switch defect at the center of this litigation. We were also one of the first firms to assert a RICO claim against GM. For almost three decades, I have focused my practice on complex litigation, including class actions and RICO litigation, and have tried over thirty (30) cases to verdict or judgment, first as an Assistant United States Attorney and Deputy Chief of the Economic Crimes Section for the United States Attorney's Office for the Southern District of Florida, and since 1996, as a private practitioner. Many of the cases I have litigated or tried have been RICO or complex fraud cases.

I also have had substantial MDL experience, and currently hold leadership positions in two MDLs: *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (Member of Plaintiffs' Steering Committee); and *In Re: Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 (Chair of Experts Committee).

I currently serve as the Eleventh Circuit's representative on the ABA's Standing Committee on the Federal Judiciary, the committee that, at the request of the President of the United States, evaluates the professional qualifications of all potential federal judicial nominees. I am a member of the Florida Bar, as well as the Cuban-American Bar Association.

### 2.  Knowledge and Experience in Prosecuting Complex Litigation

#### a.  *Podhurst Orseck, P.A.*

Since the firm's founding almost half a century ago, Podhurst Orseck has been dedicated to providing its clients with the highest caliber of representation in complex product liability, mass torts, commercial, and class action litigation. The firm has been involved at the leadership level in dozens of MDLs. In just the last several years, such experience includes:

> i.  *In re NFL Players' Concussion Injury Litigation*, MDL No. 2323 (E.D. Pa.): The firm's partners serve as Class Counsel and on the Plaintiffs' Steering Committee.

The Honorable Jesse M. Furman
July 28, 2014
Page 2

ii. *In re Blue Cross Blue Shield Antitrust Litigation,* MDL No. 2046 (N.D. Ala.): The firm's partners serve on the Plaintiffs' Steering Committee and as Chair of the Experts Committee.

iii. *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.): A partner serves as Co-Lead Counsel and the firm serves on the Plaintiffs' Executive Committee.

iv. *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. La.): A partner serves on the Plaintiffs' Steering Committee.

v. *In re Managed Care Litigation*, MDL No. 1334 (S.D. Fla.): A partner served as Class Counsel and Liaison Counsel.

vi. *In re Bridgestone/Firestone ATX, ATX II, & Wilderness Tire Product Liability Litigation*, MDL No. 1373 (S.D. Ind.): A partner served as Co-Lead Counsel and on the Plaintiffs' Executive Committee.

vii. *In re Air Crash Over the Mid-Atlantic, on June 1, 2009*, MDL No. 2144 (N.D. Cal.): A partner served as Lead Counsel for 28 of the consolidated actions in the MDL.

viii. *In re Air Crash at Madrid, Spain, on August 20, 2008*, MDL No. 2135 (C.D. Cal.): The firm's partners served on the Plaintiffs' Steering Committee.

Podhurst Orseck has also received significant recognition and awards. For example, *Chambers* has described the firm as an "undeniably brilliant trial and appellate boutique" and as "outstanding in any kind of litigation." In 2012, the firm was named to the *National Law Journal's* Litigation Boutiques Hot List, which featured ten (10) firms around the country "that take second place to no one in courtroom skill" and "who important clients turn to for state of the art advocacy in bet-the-company cases." For two years in a row, in 2013 and 2014, the *Daily Business Review* has recognized the firm with its Litigation Department of the Year award.

### b. MDL & Class Action Experience

I personally have substantial experience in MDL litigation and class actions, including the following:

#### i. Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047 (E.D. La.)

I currently serve on the Plaintiffs' Steering Committee in this MDL, which involves thousands of suits, some of which have been consolidated and settled as class actions for over $1 billion, against hundreds of defendants, including manufacturers, importers, distributors and installers of Chinese-manufactured drywall.

#### ii. Blue Cross Blue Shield Antitrust Litigation, MDL No. 2046 (N.D. Ala.)

This MDL, which was formed in 2013, includes two consolidated class actions by subscribers and healthcare providers against the Blue Cross/Blue Shield Association and thirty-seven independent Blue plans for antitrust violations. I currently serve as the Chair of the Experts Committee in this MDL, for the provider plaintiffs. In that capacity, I oversee and coordinate, in conjunction with lead counsel, experts in the fields of healthcare economics and antitrust law.

The Honorable Jesse M. Furman
July 28, 2014
Page 3

### iii. *Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.)

This MDL, which was formed in 2009, involves separate class actions against approximately three dozen banks, including JPMorgan Chase, Bank of America, Citizens Bank, and TD Bank, for unreasonably charging excessive overdraft fees to their customers by re-sequencing the order of debits from highest to lowest. Along with my partner, Aaron S. Podhurst, who serves as the MDL's Co-Lead Counsel, I have been the point person for my firm in this particular MDL. I have argued numerous motions, including motions to dismiss, and have participated in several mediations. So far, approximately eighteen (18) banks have settled the claims against them on a class-wide basis, for a total of more than $1 billion.

### iv. *Force-Placed Insurance Litigation*

My firm and I have litigated numerous nationwide class actions over the past two years challenging the deceptive practices of the force-placed insurance industry. We have been appointed Co-Lead Class Counsel in five separate class actions, following the negotiation and preliminary approval of nationwide class settlements offering class members more than $1 billion in relief. *See Saccoccio v. JP Morgan Chase Bank, N.A.*, No. 13-cv-21107 (S.D. Fla.); *Hamilton v. SunTrust Mortgage, Inc.*, No. 13-cv-60749 (S.D. Fla.); *Hall v. Bank of America*, *N.A.*, No. 12-cv-22700 (S.D. Fla.); *Diaz v. HSBC Bank USA, N.A.*, No. 13-cv-21104 (S.D. Fla.); *Fladell v. Wells Fargo Bank, N.A.*, No. 13-cv-60721 (S.D. Fla.).

### c. *Trial and RICO Experience*

I have tried over thirty (30) cases to verdict or judgment, more than twenty (20) of which were tried to juries. Several of those cases – which I tried as an Assistant United States Attorney, and since 1996, as a private practitioner – were complex fraud cases. For example, as an Assistant United States Attorney, I prosecuted and convicted a developer and a lawyer -- in two separate week-long trials -- for bank fraud and mail fraud. *See United States v. Brown*, 983 F.2d 201 (11th Cir 1993), and *United States v. DeLoach*, 34 F.3d 1001 (11th Cir 1994). Recently, in 2012, after a week and a half long trial, I obtained a plaintiff's verdict against Stiefel Laboratories, Inc., a subsidiary of GlaxoSmithKline, and its former Chairman and CEO, Charles W. Stiefel, for securities fraud based on the company's failure to disclose its pre-merger negotiations with GlaxoSmithKline. That jury verdict was recently affirmed on appeal. *Finnerty v. Stiefel Laboratories, Inc.*, --- F.3d---, 2014 WL 2922666 (11th Cir. 2014).

Over the last two decades, I have also litigated several RICO cases. I have prosecuted RICO cases, *see United States v. Wai-Keung*, 115 F.3d 874 (11th Cir. 1997) (affirming conviction of one of several defendants in multi-count RICO indictment), as well as defended them, *see Boca Raton Community Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227 (11th Cir. 2009) (affirming summary judgment for defendant in RICO class action).

### d. *Education and Recognition*

I graduated with a Bachelor's Degree in Political Science, *summa cum laude,* from St. Thomas University, and subsequently obtained a Juris Doctorate degree, *cum laude*, from the University of Miami School of Law, where I served on the Moot Court Board and as an Articles and Comments Editor for the *Law Review*. For almost a decade, I have been recognized by *Best Lawyers* and *Chambers*, which have praised me as being an "outstanding lawyer," "always perfectly prepared," a "levelheaded, confident team player."

The Honorable Jesse M. Furman
July 28, 2014
Page 4

### 3. Willingness and Ability to Commit

From my substantial experience in MDL proceedings and class actions, I understand the amount of time that must be committed to this case to effectively lead and pursue it.  My firm and I are eager and able to make that commitment.  Our record of success in leading and litigating similar complex matters demonstrates our willingness and ability to commit the necessary time and resources when placed in a leadership position.

### 4. Willingness and Ability to Work Cooperatively with Others

Throughout my career I have shown a willingness and ability to work cooperatively with others.  In addition to my MDL experience -- which by definition requires the ability to collaborate and work well with others -- I have significant experience managing and overseeing other lawyers.  Prior to joining Podhurst Orseck, I was a partner at Holland & Knight LLP, a national firm of approximately 1,000 lawyers, where I served first as the Executive Partner of the firm's 120-lawyer Miami office, and then as the firm-wide Chair of the firm's 400-lawyer litigation section.  Over the years, I have drawn on this experience to work collaboratively and successfully with lawyers and staff, including co-counsel, opposing counsel, and the court in complex litigation.

My firm and I have also demonstrated our ability to work cooperatively in this case by coordinating our efforts with over a dozen firms, including Kozyak Tropin LLP; Whatley Kallas LLP; Searcy Denney, P.A.; Wiggins, Childs Quinn & Pantazis, LLC; Rivero Mestre LLP; Higher Lichter & Givner LLP: and Otterbourg P.C.  Together with these firms, my firm and I represent over 100 plaintiffs who have filed claims against GM.

### 5. Access to Resources to Prosecute the Litigation in a Timely Manner

Throughout its existence, Podhurst Orseck has had the financial wherewithal to fund significant and complex litigation.  Its past and current financial support of several MDLs, including the *NFL Players Concussion Injury Litigation*, *Chinese-Manufactured Drywall Product Liability Litigation*, *Checking Account Overdraft Litigation*, and *Blue Cross Blue Shield Antitrust Litigation*, demonstrates its willingness and ability to support the most significant and complex cases.

Additionally, several of the firm's most qualified and experienced attorneys, including Aaron S. Podhurst, Stephen F. Rosenthal, John Gravante III, and Matthew P. Weinshall, are prepared to dedicate their time and efforts to this case.  Aaron S. Podhurst, a graduate of the University of Michigan and Columbia Law School, has been at the forefront of product liability and mass torts litigation for half a century.  He has been lead counsel, liaison counsel or a steering committee member in numerous product liability and consumer protection MDLs, including serving for the past three years as Co-Lead Counsel in *Checking Account Overdraft Litigation*, MDL No. 2036.  Aaron is a fellow of the American College of Trial Lawyers and the International Academy of Trial Lawyers.

Stephen F. Rosenthal is a graduate of Harvard College and Harvard Law School.  He currently serves as the Co-Chair of the Legal and Briefing Committee in the *NFL Players Concussion Injury Litigation*, MDL 2323.  He focuses his practice on complex litigation and appeals, and has argued over (30) appeals in state and federal courts.  Prior to joining the firm, Stephen worked at the United States Department of Justice defending federal programs and

The Honorable Jesse M. Furman
July 28, 2014
Page 5

agencies.  Before that he was a law clerk to Judge Mark Wolf of the United States District Court for Massachusetts and to former Judge Rosemary Barkett of the Eleventh Circuit Court of Appeals.

John Gravante III graduated *summa cum laude* and second in his class from the University of Miami School of Law, where he served on the *Law Review*.  He was a law clerk to then United States District Judge Adalberto Jordan (Judge Jordan now serves on the Eleventh Circuit Court of Appeals).  For over a decade, John's practice has been focused on MDLs and class actions.

Matthew P. Weinshall graduated from Harvard College, *cum laude*, and from the University of Miami School of Law, *summa cum laude* where he served as an editor for the *Law Review*.  He served as a law clerk to former Judge Rosemary Barkett of the Eleventh Circuit Court of Appeals, and focuses his practice on complex commercial and class action litigation.

**6.  The Work Counsel has Done in Identifying, Investigating, or Prosecuting Potential Claims**

My firm and I filed the first action against GM in Florida concerning the ignition switch defect on March 31, 2014, *Santiago v. General Motors, LLC*, No. 14-cv-21147 (S.D. Fla.).  We were also one of the first in the country to assert a RICO claim against GM based on its long-term wrongful conduct with respect to this defect, when we amended the *Santiago* complaint on April 7, 2014.  We also represent the plaintiff in *Espineira v. General Motors, LLC*, No. 14-cv-21417 (S.D. Fla.).  In prosecuting these cases, we have expended considerable resources researching the applicable legal issues and investigating GM's conduct and the defect at the center of the current litigation.

**7.  Knowledge of Applicable Law**

Through our work on this case and numerous other product liability cases and consumer class actions, my firm and I have gained an expertise in the applicable substantive and procedural law.  In particular, we gained knowledge of the substantive law applicable to automobile defects through our work on the *Bridgestone/Firestone* MDL, several other individual automobile product liability cases, and this case.  And we have become well-versed in the applicable procedural law concerning class actions through our work on the numerous MDLs and class actions discussed earlier.

**8.  Geographic Diversity**

My firm and I are located in Miami, Florida, and the plaintiffs we represent in the *Santiago* and *Espineira* actions reside in South Florida, a significant market for GM vehicles.

Based on the foregoing, I respectfully apply for the position of Co-Lead Counsel, or alternatively, for a position on the Executive Committee.

Respectfully Submitted,

/s/ Peter Prieto
Peter Prieto