UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates To*
*Sumners et al v. General Motors et al,*
*1:14-cv-05461-JMF*
------------------------------------------------------------x

14-MD-2543 (JMF)

### **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiffs submit this brief in support of their Motion to Remand this cause to the Circuit Court for Giles County, Tennessee pursuant to 28 U.S.C. § 1447(c). Defendant General Motors, LLC ("GM") has improperly removed this case to Federal Court where federal jurisdiction is clearly lacking.

I.    STATEMENT OF FACTS

This action stems from an accident that occurred on or about January 11, 2014. (Complaint at ¶ 20). Tiffany Sumners was driving her 2005 Chevrolet Cobalt, VIN 1G1AL54F257535104 South on Crescent View Drive in Pulaski, Tennessee in Giles County, Tennessee, in a reasonable and customary manner. (*Id.*) Grayson June Dickey, a minor and Tiffany Sumners' niece, was a back seat belted passenger in said vehicle. (*Id.*) As Tiffany was driving her 2005 Chevrolet Cobalt on Crescent View Drive, the ignition switch failed resulting in a loss of power to various vehicle systems, including but not limited to power steering, power brakes and airbags. (*Id.* at ¶ 21). After the subject vehicle lost power, the 2005 Chevrolet Cobalt became uncontrollable and crossed both lanes of travel, exited the left side of the roadway and struck a tree. (*Id.*) The vehicle then caught fire. (*Id.*) As a consequence of the loss of control

and subsequent collision, Tiffany Sumners sustained serious personal injuries and died and Grayson June Dickey suffered serious bodily injuries which required surgery.  (*Id.* at ¶ 22).

Tiffany's 2005 Chevrolet Cobalt was designed, manufactured, and distributed by GM. (Complaint at ¶ 17).  The Delphi Defendants designed, manufactured and distributed the ignition switch, including its internal plungers and detents, for the subject 2005 Chevrolet Cobalt.  (*Id.* at ¶ 18).  Defendant AutoFair Chevrolet conducted the initial vehicle inspection on January 25, 2005 in Antioch, Tennessee prior to selling the vehicle to Bill Heard Chevrolet on February 10, 2005.  (Ex. A, Carfax at p. 2).

Plaintiffs filed a Complaint alleging strict liability in tort against GM and the Delphi Defendants.  (Complaint at ¶¶ 23-33).  The Complaint also states that Defendant AutoFair negligently inspected and sold the subject Cobalt.   (*Id.* at ¶¶ 34-37).  The Complaint does not allege that Defendant AutoFair participated in the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of the 2005 Chevy Cobalt.

**II.     STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. *Kokkohen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States*.  Id.* at 377.  "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *E.R. Squibb & Sons v. Accident & Casualty Ins. Co.,* 160 F.3d 926, 929 (2d Cir. 1998).  Whether raised by the litigants or not, the federal courts, including appellate courts, are duty-bound to determine jurisdiction and dismiss or remand any case in which it is found to be wanting.  "[J]urisdiction is not a game.  As the Supreme Court has made abundantly clear, it is

one of the fundamental tenets of our Constitution that only some cases may be brought in federal court." *E.R. Squibb & Sons*, 160 F.3d at 929 (2d Cir. 1998), (*citing Healy v. Ratta,* 292 U.S. 263, 270 (1934)).

> In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action. The burden of showing that the district court has original jurisdiction is on the party seeking removal. Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed.

*Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citations omitted).

Because federal court jurisdiction is limited, the Sixth Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III.   GM HAS FAILED TO SHOW THAT COMPLETE DIVERSITY EXISTS.

As the removing party, GM has the burden to prove federal subject matter jurisdiction. *Melton v. General Motors, LLC*, No. 1:14-CV-1815-TWT (N.D. Ga. July 18, 2014) (attached as Exhibit C); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). GM first argues that this Court has subject matter jurisdiction because complete diversity exists. In support of this argument, GM simply puts forth a self-serving Corporate Disclosure Statement about its own membership and speculates as to AutoFair Chevrolet, LLC's membership as GM readily admits that it has not determined AutoFair's citizenship. (Doc. 1 at p. 5). This Court's jurisdiction cannot be based on such speculation. *See Hamblen ex rel. Byars v. Cabinet For Health & Family Servs.*, 3:07 CV 283 R, 2007 WL 1959163 (W.D. Ky. June 29, 2007)("[F]ederal jurisdiction cannot be based on speculation.").

Here, GM's ambiguous Corporate Disclosure Statement clearly misses the mark in proving its citizenship. "A limited liability company has the citizenship of each of its members.

And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  The Corporate Disclosure Statement simply states:

> COMES Defendant GENERAL MOTORS, LLC and, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, offers the following disclosure: General Motors, LLC's sole member is General Motors Holdings, LLC. General Motors Holdings, LLC's sole member is General Motors Company, which is publicly-held.

GM clearly fails to give the citizenship of each of its sub-members as required by the Sixth Circuit for federal jurisdiction.  In fact, this Statement directly conflicts with the Ownership Chart provided on GM's website as of December 9, 2013.



GM's website stated that as of December 9, 2013, **83.6 percent of its company was owned by individuals and institutions**, 9.2 percent by the UAW Retiree Medical Benefits Trust (UAW VEBA), and 7.2 percent by the Canadian national government and the government of the Province of Ontario. (*GM Statement on U.S. Treasury Full Ownership Exit*, http://media.gm.com/media/us/en/gm/news.modal.4071.id.1.html/content/Pages/news/us/en/2013/Dec/1209-ust-exit/_jcr_content/image.html (accessed June 17, 2014) (emphasis added).  If 83.6 % of its business is owned by individuals and institutions, chances are that one of those

individuals or institutions is in the state of Tennessee. Therefore, GM has failed to prove its own citizenship for federal jurisdiction purposes.

Further, since AutoFair is also a limited liability company, GM must prove the citizenship of each its members as well. Citizenship of a limited liability company is not determined by that company's place of incorporation or principal place of business. GM readily admits that it "has not yet identified AutoFair's member or members." [Doc. 1 at p. 6]. Yet, GM argues that AutoFair cannot be a citizen of Tennessee since it is incorporated in Delaware. Again, this is not the test for a limited liability company's citizenship. Federal jurisdiction cannot be based on GM's hope that it might someday discover that AutoFair is not a citizen of Tennessee. Therefore, based on GM's failure to show complete diversity, this case must be remanded to state court.

### IV. PLAINTIFFS PROPERLY PLED CAUSES OF ACTION AGAINST AUTOFAIR CHEVROLET.

GM next argues that even if Defendant AutoFair Chevrolet, LLC is a citizen of Tennessee, it has been fraudulently joined and cannot be considered for jurisdictional purposes. This argument lacks any merit. First, this argument is circular as GM initially argued that AutoFair was not a citizen of Tennessee since it is incorporated in Delaware. Second, GM has failed to produce any evidence that Plaintiffs cannot establish a cause of action against AutoFair Chevrolet under Tennessee law.

To prove fraudulent joinder, GM must show that there is **no possibility** that Plaintiffs' Complaint states a claim against Defendant AutoFair. *Copper Basin Fed. Credit Union v. Fiserv Solutions, Inc.*, 1:11-CV-203, 2011 WL 4860043 (E.D. Tenn. Oct. 13, 2011) (emphasis added). To determine whether Plaintiffs' Complaint states a cause of action against Defendant AutoFair,

this Court must look to the pleading standards applicable in Tennessee state court, "not the plausibility pleading standards prevailing in federal court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011); *Copper Basin Fed. Credit Union*, 1:11-CV-203, 2011 WL 4860043, *3 (E.D. Tenn. Oct. 13, 2011). The Tennessee Supreme Court has expressly declined to follow the *Twombly/Iqbal* plausibility standard adopted by the U.S. Supreme Court. Instead, "Tennessee follows a liberal notice pleading standard . . . which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).

GM primarily argues that AutoFair Chevrolet would be immune from suit under Tenn. Code. Ann. § 29-28-105 and §29-28-106, which prohibit product liability actions in certain situations. But, these statutes apply only to actions that fall within the definition of a product liability action. Tenn. Code Ann. § 29-28-102(6) defines a "product liability action" as an action "brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product."

Plaintiff's action against Defendant AutoFair is not a product liability action. In fact, GM failed to make any argument that Plaintiff's action against Defendant AutoFair qualifies as such. Instead, Plaintiff's Complaint alleges that Defendant AutoFair negligently inspected the 2005 Chevy Cobalt before placing it into the stream of commerce. The CarFax for the subject 2005 Chevy Cobalt clearly shows that AutoFair Chevrolet, which obviously existed in 2005, performed a pre-delivery inspection on the vehicle and applied paint sealant and fabric guard to the vehicle. (Ex. A at p. 2). None of Plaintiffs' claims state that Defendant AutoFair was negligent in the manufacture, construction, design, formula, preparation, assembly, testing,

service, warning, instruction, marketing, packaging or labeling of the 2005 Chevy Cobalt to fall within the definition of a product liability action.

The Northern District of Alabama recently considered this very issue regarding a similar state statute. In *Barnes v. General Motors, LLC*, 2:14-cv-00719-AKK (N.D. Ala. July 1, 2014), GM made the same argument that it makes here. (Attached as Exhibit B). GM argued that the resident dealership in that case was fraudulently joined because under Alabama law, dealers are shielded from liability in product liability actions. However, the plaintiff in that case did not allege a product liability action against the resident dealership. Instead, the plaintiff alleged that the dealership had negligently inspected the vehicle. The *Barnes* Court refused to find fraudulent joinder based on this argument and remanded the case to state court.

Like the plaintiff in *Barnes*, the Plaintiffs in this case have not alleged a product liability action against GM. Since Tenn. Code Ann. § 29-28-105 and §29-28-106 are inapplicable to Plaintiffs' claim against Defendant AutoFair, Tennessee's common law of negligence applies. There is no doubt, and GM fails to raise one in its brief, that Plaintiffs' complaint clearly states a claim under Tennessee law for negligent inspection under Tennessee's notice pleading requirements. Thus, there is a possibility that Plaintiffs' Complaint states a claim against AutoFair for negligent inspection of the 2005 Chevy Cobalt, defeating GM's fraudulent joinder argument.

Finally, GM's game plan with ignition switch cases is obvious. Up until about two months ago, GM rarely removed cases to federal court. Now, GM is removing every single case involving the ignition switch to federal court, then filing a Conditional Transfer Order with the MDL, and before courts can hear arguments on remand issues, the case gets transferred to the MDL even if federal courts lack jurisdiction. Recently, the Northern District of Georgia refused

to play into GM's plan and remanded the pinnacle case against GM, *Melton v. GM*, to Georgia state court. Brooke Melton was involved in a fatal car accident in March 2010 while driving her 2005 Chevy Cobalt. The Cobalt contained the, now infamous, defective ignition switch which caused the key in Brooke's car to turn from the run to accessory/off position as she was driving. Brooke's parents originally asserted multiple claims against GM, including claims for strict liability, negligence and breach of implied warranty. The Meltons also asserted a claim of negligence against an in-state car dealership that failed to diagnose why Brooke's engine was shutting off when Brooke took her car in to the dealership for service. The Meltons settled their claims against GM and voluntarily dismissed their claim against the dealership based on the information they received during discovery.

However, in April 2014, the Meltons learned that GM fraudulently concealed relevant evidence and affirmatively misled them, and that their settlement was based on incomplete and false data, and that GM had withheld that data solely to induce them to settle their case. The Meltons then re-filed their case in Georgia state court against GM and renewed their negligence claim against the in-state car dealership. GM removed the case to federal court. In remanding *Melton* back to Georgia state court, the Northern District of Georgia dismissed similar arguments of fraudulent joinder made by GM in this case. (*Melton* Opinion attached as Exhibit C).

Just as in *Melton*, GM has no basis for fraudulent joinder here. GM's removal to federal court and transfer to the MDL is nothing more than a ploy to deprive Plaintiffs of their choice of forum. For all of the reasons discussed above, this case is due to be remanded to the Circuit Court of Giles County, Tennessee.

/s/D. Michael Andrews  
One of the Attorneys for Plaintiffs

OF COUNSEL:

Jere L. Beasley
J. Cole Portis
Ben E. Baker
BEASLEY, ALLEN, CROW, METHVIN
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36104
(334) 269-2343 telephone
(334) 954-7555 facsimile
jere.beasley@beasleyallen.com
cole.portis@beasleyallen.com
ben.baker@beasleyallen.com
mike.andrews@beasleyallen.com


Blair Durham
BART DURHAM INJURY LAW
404 James Robertson Parkway
1712 Parkway Towers
Nashville, TN 37219-1586
(615) 242-9000 telephone
(615) 254-6562 facsimile


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by operation of the Court's electronic case filing system to the following on this the 29th day of July, 2014:

J. Randolph Bibb, Jr.
Ryan N. Clark
Whitney Henry Kimerling
LEWIS, THOMASON, KING,
  KRIEG & WALDROP, P.C.
424 Church Street, Suite 2500
Nashville, TN 37219
(615) 259-1366 telephone
(615) 259-1389 facsimile
rbibb@lewisthomason.com
rclark@lewisthomason.com
wkimerling@lewisthomason.com

Kyle H. Dreyer
Wendy D. may
Pryce G. Tucker
Giovanna T. Bingham
HARTLINE, DACUS, BARGER & DREYER, LLP
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
(214) 369-2100 telephone
(214) 369-2118 facsimile
kdreyer@hdbdlaw.com
wmay@hdbdlaw.com
ptucker@hdbdlaw.com
gtarantino@hdbdlaw.com


R. Patrick Parker
615 Main Street
Nashville, TN 37206
(615) 254-5461
pparker@hardaway.net

Richard J.R. Raleigh, Jr.
WILMER & LEE, PA
100 Washington Street, Suite 200
Huntsville, AL 35801
(256) 533-0202 telephone
(256) 533-0302 facsimile
rraleigh@wilmerlee.com

Eugene A. Schoon
Kara L. McCall
One South Dearborn
Chicago, IL 60603
(312) 853-7000 telephone
(312) 853-7036 facsimile
eschoon@sidley.com
kmccall@sidley.com


                                        */s/D. Michael Andrews*
                                        OF COUNSEL