USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/17/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To*
*Sumners et al. v. General Motors et al., 14-CV-5461 (JMF)*
------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiffs in *Sumners et al. v. General Motors et al.*, 14-CV-5461 (JMF), which is part of this multi-district litigation, move to remand their case to the Tennessee state court from which it was removed by Defendant General Motors LLC ("New GM"). In removing the case, New GM invoked the federal courts' diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiffs move to remand, contending that the federal courts lack subject-matter jurisdiction pursuant to Section 1332 because the parties are not completely diverse. Upon review of the parties' motion papers (14-MD-2543, Docket Nos. 182, 183, 184, 268), the motion is DENIED.

Federal jurisdiction in this case turns on whether Plaintiffs, citizens of Tennessee, are diverse from Defendants New GM and AutoFair Chevrolet LLC ("AutoFair"), both of which are limited liability companies. It is well established that, for purposes of assessing diversity jurisdiction, an unincorporated entity such as a partnership or a limited liability company is deemed to be a citizen of all states of which its partners or members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (Sotomayor, J.); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2

1

(W.D.N.Y. Sept. 2, 2010) (noting that every Court of Appeals to have considered the issue has held that a limited liability company has the citizenship of all of its members).[1]

As New GM's opposition papers make clear, that rule makes New GM a citizen of Delaware and Michigan, as New GM's sole member is General Motors Holdings LLC, which, in turn, has only one member as well: General Motors Company, which is a publicly traded corporation organized under the laws of Delaware with its principal place of business in Michigan.  (Def. New GM's Resp. Opp'n Pls.' Mot. To Remand (14-MD-2543, Docket No. 268) ("Def.'s Resp.") 3-4).  Although Plaintiffs speculate that one or more shareholders of General Motors Company are likely Tennessee citizens (Pls.' Br. Supp. Mot. To Remand (14-MD-2543, Docket No. 183) 4-5), that possibility is irrelevant to the analysis.  *See, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (emphasis omitted) (internal quotation marks omitted)); *People of Puerto Rico v. Russell & Co., Sucesores S. En. C.*, 288 U.S. 476, 479 (1933) ("[I]n ascertaining whether there is the requisite diversity of citizenship to confer jurisdiction on the federal courts, we have looked to the domicile of a corporation, not that of its individual stockholders, as controlling.").

New GM's motion papers also confirm that AutoFair is not a citizen of Tennessee.  Putting aside the fact that AutoFair was apparently dissolved in 2009 (*see* Def.'s Resp., Ex. B

---

[1]   In their motion papers, the parties rely primarily on decisions by and within the Sixth Circuit.  When an action is transferred pursuant to Title 28, United States Code, Section 1407, however, the transferee court must apply "'its interpretations of federal law, not the constructions of federal law of the transferor circuit.'"  *In re Oxycontin Antitrust Litig.*, 821 F. Supp. 2d 591, 595 n.1 (S.D.N.Y. 2011) (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)).  Accordingly, the Court applies Second Circuit law in deciding whether to remand this action.

(Certif. of Tre Hargett, Sec'y of the State of Tenn.)), AutoFair had only two members when it was a going concern: AutoFair Investors L.P., a limited partnership, and AutoFair Automotive Management, LLC, a limited liability company. (Def.'s Resp., Ex. A (Decl. of Harry A. Crews) ¶ 6). AutoFair Investors L.P., in turn, has one general partner, a corporation organized under the laws of Delaware with its principal place of business in New Hampshire. (*Id.* ¶ 7). The remaining limited partners of AutoFair Investors L.P., and all members of AutoFair Automotive Management, LLC, are natural persons, none of whom was a citizen of Tennessee when Plaintiffs filed their Complaint on May 9, 2014, or when New GM removed the case to federal court on June 13, 2014. (*Id.* ¶¶ 8-10).

In short, neither New GM nor AutoFair is a citizen of Tennessee. As there is no dispute that the other requirements for diversity jurisdiction are met, there is plainly federal jurisdiction.[2] Accordingly, Plaintiffs' motion to remand is DENIED.

The Clerk of Court is directed to terminate Docket No. 182 in 14-MD-2543.

SO ORDERED.

Dated: September 17, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] In light of that conclusion, the Court need not and does not reach New GM's other arguments for why jurisdiction is proper.