# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
Renee D. Smith
To Call Writers Directly:
(312) 862-2482 or (312) 862-2310
andrew.bloomer@kirkland.com
renee.smith@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

November 12, 2014

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

The Honorable Kathryn J. Tanksley
Cobb County State Court
State Court Building
12 East Park Square
Marietta, GA 30090-9642

Re:   *In re: General Motors LLC Ignition Switch Litig.,* 14-MD-2543; 14-MC-2543 (S.D.N.Y.) <u>and</u> *Melton v. General Motors LLC, et. al.*, No. 14-A-1197-4 (Cobb Cty. Ga.)

Dear Judge Furman and Judge Tanksley:

Pursuant to the MDL Court's November 6, 2014 Order No. 21 and the *Melton II* Court's November 10, 2014 Order, MDL Lead Counsel, MDL Liaison Counsel, Lance Cooper (in both his capacity as MDL Executive Committee member and as counsel of record for the *Melton II* plaintiffs) (collectively "Plaintiffs") and counsel for General Motors LLC ("New GM") in both the MDL and in *Melton II* submit this joint letter to advise the Courts of matters related to issues raised by the recent motions to compel in *Melton II*. As anticipated at the November 6 MDL Status Conference, the parties are pleased to report that they have been able to resolve a substantial number of issues raised by the motions.

- **Resolved Issues.**

*First*, New GM has agreed to produce into the MDL Document Depository certain documents that were previously identified on one or more privilege logs that were placed into the Depository. Specifically, New GM agrees to produce logged documents that have been, among other things: (i) shared with or provided to the United States government (including Congress or any other agency or department thereof); <u>and</u> (ii) were not inadvertently produced to such entities; <u>and</u> (iii) are not subject to any claw back letter or other requests for return of the documents by New GM, including requests for return of documents that were inadvertently provided to the United States government (as defined above) and were not responsive to requests from those entities.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
The Honorable Kathryn J. Tanksley
November 12, 2014
Page 2

New GM may redact certain portions of the produced documents that contain opinion work product or highly-sensitive non-responsive information. New GM believes that the redacted portions of particular documents should be provided to the MDL Court for *in camera* review when and if the Court so requests. Plaintiffs believe that the redacted portions should be provided to the MDL Court for *in camera* review simultaneously with the document production. The parties defer to and request guidance from the MDL Court on this issue.

New GM's agreement to produce such documents into the MDL Document Depository (including detail regarding the privilege logs covered by this agreement) is further outlined in—and is expressly conditioned upon the entry of—a Federal Rule of Evidence 502(d) order, a proposed draft of which is attached hereto. Also attached is a proposed draft of an order on Plaintiffs' Motion to Compel Discovery from General Motors LLC for Judge Tanksley's consideration.

*Second*, New GM is working diligently to identify how many of the documents listed on the logs will be produced per this agreement. However, New GM expects that there will be documents identified on the privilege logs that will not be produced pursuant to this agreement because, for example, various documents were not shared with or provided to the United States government. Once New GM completes its production of documents subject to this agreement, the parties will meet and confer in an attempt to resolve any further disputes regarding remaining logged documents, and will inform the Courts of any unresolved issues.

In addition, there are privileged documents that New GM provided to the United States Government (as defined above) that have not been identified on any log yet due to, among other things, agreements among counsel or protective orders limiting logging requirements (for example, documents created after certain date cut-offs). To the extent New GM makes additional productions of otherwise privileged documents to the United States Government, and with respect to documents that already may have been produced to the United States Government but not yet logged, New GM anticipates working with Plaintiffs to discuss possible supplemental Rule 502(d) Orders that would govern those productions.

*Third*, New GM has agreed to prioritize for production the documents listed on the *Melton II*-specific privilege log that are subject to the proposed Rule 502(d) Order. New GM will begin a rolling production within 20 days of the entry of the Rule 502(d) Order and will make a good faith effort to produce any remaining *Melton II*-specific logged documents subject to that Order within 45 days. Documents from the other logs will be produced on a rolling basis thereafter, with production to be completed no later than April 30, 2015. Immediately after each of those dates, New GM will produce revised privilege logs reflecting those documents that still

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
The Honorable Kathryn J. Tanksley
November 12, 2014
Page 3


are logged and withheld on the grounds of attorney client privilege or attorney work product, thereby enabling further discussions among the parties as to the remaining privileged documents.

- **Unresolved Issues.**

*First*, the parties have been unable to reach an agreement regarding the production of outside attorneys' work product concerning, among other things, interviews conducted in connection with the investigation led by Anton Valukas. The parties have also been unable to reach an agreement regarding whether and how the two Courts should coordinate rulings on those disputes. New GM contends that resolution by the MDL Court of the issues relating to the Valukas Report would foster coordination and consistency among the MDL and state-court proceedings, including *Melton II* and the other jurisdictions where similar issues are bound to arise.

In accordance with the Court's directives, the parties propose the following expedited briefing schedule to address the substantive merits and coordinated resolution as follows:

- Simultaneous opening briefs:  November 25, 2014
- Simultaneous response briefs:  December 10, 2014
- Requested oral argument:  December 15, 2014 MDL Status Conference

*Second*, the parties have been unable to reach an agreement regarding the motion to compel King & Spalding to produce documents. New GM suggests that the Courts defer briefing on the King & Spalding motion until Lead Counsel and Mr. Cooper review the documents that are being produced from the *Melton II* and other privilege logs. At that point, King & Spalding can meet and confer with Lead Counsel and Mr. Cooper to address any issues that remain in dispute regarding internal King & Spalding work product that has not been produced. Mr. Cooper disagrees with this suggestion because it will delay any decision on the King & Spalding motion until after April 30, 2015, given the time GM has to produce the privileged documents on a rolling basis. Mr. Cooper has also conferred with King & Spalding's outside counsel and they request that they be given until Wednesday, November 19, 2014 to resolve any remaining issues relating to the King & Spalding motion. If the issues are not resolved, they will provide a recommended briefing schedule on that date.

*Third*, Mr. Cooper's motion to compel in *Melton II* sought an order compelling New GM to produce personnel files for a number of current and former employees. MDL Lead Counsel have also requested a number of personnel files. The parties continue to meet and confer on the personnel file issue and will report to the Courts by November 18 with their agreement on the issue or with an expedited briefing schedule to resolve any remaining disputes.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
The Honorable Kathryn J. Tanksley
November 12, 2014
Page 4

                                              Respectfully submitted,

                                              Richard C. Godfrey, P.C.
                                              Andrew B. Bloomer, P.C

                                              *Counsel for Defendant General Motors LLC*
                                              *in MDL 2543*

                                              -and-

                                              Brian D. Sieve, P.C.
                                              Renee D. Smith

                                              *Counsel for Defendant General Motors LLC*
                                              *in Melton II*

cc:      MDL Lead Counsel for Plaintiffs
           Federal/State Liaison Counsel
           MDL Plaintiff Liaison Counsel
           MDL Counsel of Record for Defendants
           All *Melton II* Counsel of Record