# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle<br>Chicago, Illinois  60654 |  |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

February 27, 2015

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *In re: General Motors LLC Ignition Switch Litigation,*
> 14-MD-2543 (JMF)

Dear Judge Furman:

Pursuant to this Court's Order No. 12 § XIII, New GM opposes Plaintiffs' motion to compel regarding 33 documents reflecting redactions of irrelevant information in highly sensitive New GM Board of Directors ("BOD") materials.  (Doc. No. 600.)

### 1. Plaintiffs Expressly Requested The Congress/NHTSA Materials "As Is," Including New GM's Prior Redactions.

Virtually all of the materials at issue in Plaintiffs' motion contain redactions that New GM applied to materials it produced to Congress and NHTSA in the spring and summer of 2014 (the "Congress/NHTSA Materials").  These redactions were not applied in response to any document requests that Plaintiffs served.  Instead, New GM's redactions were driven by the requests that New GM received from Congress and NHTSA, which were largely focused on Cobalt/Ion ignition switch issues.  New GM made this fact abundantly clear to Plaintiffs when, in August 2014, they demanded that GM produce the Congress/NHTSA Materials into the MDL Document Depository.  During a meet and confer on August 21, 2014—six weeks before New GM produced the Congress/NHTSA Materials—New GM explained to Plaintiffs that it had redacted confidential business information unrelated to the Cobalt/Ion ignition switch recall in the Congress/NHTSA Materials.  New GM offered to either:  (1) produce the Congress/NHTSA Materials "as is" (*i.e.*, with existing redactions); ***or*** (2) re-review them for this litigation and then produce them, which would take considerable time.  Plaintiffs chose the first option.  This Court granted Plaintiffs' request and ordered New GM to produce the Congress/NHTSA Materials into the MDL Document Depository "as is" by October 2, 2014, which New GM did.  (Order No. 12, Doc. No. 296.)  Plaintiffs received exactly what they demanded and then bargained for.  New GM should not be required to re-review thousands of pages of Congress/NHTSA Materials—

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 27, 2015
Page 2

nearly five months after their initial, expedited production, and only two months before the close of Phase I discovery—simply because Plaintiffs now have changed their mind.

### 2. Plaintiffs' Motion Should Be Denied As Premature.

Plaintiffs aborted the meet and confer process required by Rule 37 and Order No. 12 § XIII.  On February 5, 2015, Plaintiffs requested that New GM lift its redactions on 138 documents, many of which did not contain redactions or which were separately produced in the MDL in unredacted form. (*See* Ex. A, Email Thread Dated February 20, 2015 at 7-8.)  In a meet and confer on February 16, the parties discussed potential resolutions.  Four days later, New GM advised Plaintiffs that it had a proposal for narrowing, if not resolving, the dispute.  Plaintiffs refused to discuss this proposal with New GM and proceeded to file their motion.  (*Id.* at 2-4.) Had Plaintiffs been willing to confer, New GM would have explained to Plaintiffs that New GM would re-review the 33 BOD documents at issue in light of the claims pending in the MDL to determine whether any redactions should be lifted — given that the scope of the civil discovery requests are broader than the Congressional and NHTSA requests — provided that Plaintiffs withdraw their demand that any and all BOD materials, regardless of subject matter, be reproduced entirely unredacted.  The Court should deny Plaintiffs' motion pending the conclusion of the meet and confer process.[1]

### 3. Plaintiffs' Motion Should Be Denied Because Plaintiffs Have No Right to Highly Sensitive BOD Materials That Are Irrelevant to the Litigation.

Plaintiffs' assertion that "the Federal Rules of Civil Procedure provide no basis for relevance redactions" is simply incorrect. (Pls. Br. at 3.)  "Redactions of documents are commonplace where sensitive and irrelevant materials are mixed with highly relevant information." *In re AutoHop Litig.*, 2014 WL 6455749, at *9 (S.D.N.Y. Nov. 4, 2014) (quoting *The New York Times Co. v. Gonzales*, 459 F.3d 160, 170 (2nd Cir. 2006)).  The Federal Rules permit discovery of non-privileged, "relevant" information. Fed. R. Civ. P. 26(b)(1).  The Rules do ***not*** prohibit redactions to shield plainly irrelevant, but confidential and commercially sensitive material—like the BOD materials at issue here—from discovery.  This Court and others routinely approve such use of redactions.[2]

---

[1] New GM has never "refus[ed]" to remove redactions of documents that may now be publicly available. (Pls. Br. at 3 n. 11.)  Rather, New GM agreed to unredact documents that are now publicly available, *even if Plaintiffs already have those publicly available documents*.  Plaintiffs' argument in this regard is a solution in search of a problem.

[2] *See, e.g.*, *Strategic Growth Int'l v. RemoteMDX*, 2007 WL 3341522 (S.D.N.Y. Nov. 9. 2007) (redactions of Board minutes were proper to the extent information was irrelevant to the issues in the case); *Wultz v. Bank of China Ltd.*, 2013 WL 6068596, at *4 (S.D.N.Y. Nov. 15, 2013) ("Plaintiffs are not entitled to information about issues irrelevant

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 27, 2015
Page 3

By arguing that redactions of irrelevant, highly sensitive information are unnecessary in light of Order No. 10, Plaintiffs ignore the law. (Pls. Brief at 3.) As the *DWH* MDL court noted regarding the protective order upon which Order No. 10 was modeled, the "terms [Confidential or Highly Confidential] are inadequate to describe the level of confidentiality required for Board Minutes," which by their nature address company-wide issues unrelated to this litigation.[3] Here, the redactions in the BOD Materials about which Lead Counsel complain do not address the ignition switch recall or any other recall at issue in the MDL. Instead, they contain GM's most sensitive, non-public, and closely held information about the company's global business operations, its future plans, strategic priorities, and financial condition. With extremely limited exceptions, these materials—*including those cited in Plaintiffs' brief*—are plainly irrelevant to the parties' claims and defenses.

The subject matter of redactions cited in Plaintiffs' footnote 4 includes the following:  and ▮▮▮▮▮ (GM-MDL2543-003359313-356); ▮▮▮▮▮ (GM-MDL2543-00359590-607); ▮▮▮▮▮ and ▮▮▮▮▮ (GM MDL 2543-003359811-18); ▮▮▮▮▮ and ▮▮▮▮▮ (GM MDL 2543-003359375-589).[4] Simply put, as a corporation with global operations, New GM faces risks and other business issues unrelated to ignition switches and vehicle recalls.

In sum, Plaintiffs' request for unredacted copies of BOD Materials should be denied. If after a good faith effort to resolve individual disputes Plaintiffs still believe material has been redacted inappropriately, New GM submits that those disputed documents should then be presented to the Court for an *in camera* confirmation that New GM's redactions are appropriate.

---

and external to their case. [Defendant's] redactions were appropriate."); *In re Application of Consellior SAS, Kerfraval, Ass'n de Documentation Pour L'Industrie Nat'l*, 2014 WL 111110, at *2 (D. Conn. Jan. 10, 2014) ("[T]he challenged documents are properly redacted as non-responsive. Although, as Applicants submit, the redacted material is in close proximity to responsive information, the Court agrees that this is not a basis to speculate, or for that matter find, that the redacted information is responsive."); *Concepcion v. City of New York*, 2006 WL 2254987, at *3 (S.D.N.Y. Aug. 4, 2006) (allowing redactions because "the fact that some portions of the agreements may contain discoverable information does not mean that the complete documents must be produced").

[3] Ex. B, *In re Oil Spill by the Oil Rig "DEEPWATER HORIZON" in the Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, Doc. No. 3131, at 1 (E.D. La. July 1, 2011).

[4] The documents cited by plaintiffs in other footnotes are similarly irrelevant. *See, e.g.,* (GM-MDL2543-003359745 (redacted information does not relate to field actions as plaintiffs speculate); GM-MDL 003359238-30 ▮▮▮▮▮ Finally, the redaction under "Cobalt Recall" in GM-MDL-2543-40024176 (Plaintiffs' footnote 5) was made for privilege, as the legend itself demonstrates, and not for relevance. This is yet another reason Plaintiffs' motion should be denied: it seeks unredacted versions of certain materials that were redacted on the basis of privilege, and which have not been the subject of any meet and confer.

KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
February 27, 2015
Page 4

                                Respectfully submitted,

                                /s/ Richard C. Godfrey, P.C.
                                /s/ Andrew B. Bloomer, P.C.

                                *Counsel for Defendant General Motors LLC*

cc:     Lead Counsel for Plaintiffs
          Counsel of Record for Defendants