USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/06/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To*
*Gambill v. General Motors LLC, 15-CV-2035 (JMF)*
------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Courtney and Shelia Gambill, Plaintiffs in the above-captioned member case in this multi-district litigation, move to remand their case to the Kentucky state court from which it was removed by Defendant General Motors LLC ("New GM"). In removing the case, New GM invoked the federal courts' diversity jurisdiction established by Title 28, United States Code, Section 1332. Plaintiffs move to remand, contending that the federal courts lack subject-matter jurisdiction pursuant to Section 1332 because the statute's amount-in-controversy requirement has not been met. Upon review of the parties' submissions (14-MD-2543 Docket Nos. 775, 776, 844, and 929; 15-CV-2035 Docket No. 39), the motion is DENIED.

The law relevant to Plaintiffs' motion can be stated briefly. Section 1332 endows the federal courts with subject-matter jurisdiction in cases where the amount in controversy exceeds $75,000 and the parties are of diverse citizenship. *See* 28 U.S.C. § 1332(a); *see also Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc.*, 644 F.3d 166, 169 (2d Cir. 2011). If an action meeting those criteria is originally brought in state court, it "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts must consider the amount in controversy at the time of removal; accordingly, "a plaintiff cannot seek to deprive a federal

1

court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010).

Pursuant to Section 1446, which sets forth procedures governing removal, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *Id.* § 1446(c)(2)(A). Removal is proper under this subsection "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c)(2)(B). As the Supreme Court has held in explaining the subsection — which was added to Section 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (2011) (the "JVCA") — "the defendant's amount-in-controversy allegation [set forth in the notice of removal] should be accepted when not contested by the plaintiff or questioned by the court . . . If the plaintiff contests the defendant's allegation . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014).

Because Plaintiffs' complaint, filed in Kentucky state court, did not demand a specific amount of damages (*see* Ky. R. Civ. P. 8.01 ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court"), New GM removed Plaintiffs' case based on assertions in its Notice of Removal that — in light of the Complaint's allegations of "severe and permanently crippling and disabling bodily injuries" suffered by Courtney Gambill (*see* 15-CV-2035 Docket No. 1 ("Notice of

2

Removal"), Ex. C ("Compl.") ¶ 14), and based on the fact that Plaintiffs sought punitive damages (*id.* ¶ 13) — "[i]t is evident that the amount in controversy exceeds $75,000" (Notice of Removal ¶ 11).[1] Plaintiffs challenge New GM's assertions, arguing that the company has not established that the amount-in-controversy requirement has been met in their case. (*See* Mem. Supp. Renewed Mot. Remand (14-MD-2543 Docket No. 776) ("Pls.' Mem.") 4-6).[2] The Court disagrees, and finds — based not only on the parties' memoranda but also on the parties' supplemental submissions made at the Court's behest (14-MD-2543 Docket Nos. 901 & 929; 15-CV-2035 Docket No. 39) — that New GM has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

The Court bases its finding on two inescapable facts in this case. First, Plaintiffs' Complaint asserts, *inter alia*, that Courtney Gambill "incurred hospital and medical bills for treatment of her permanently disabling injuries"; sustained "great and severe physical and mental pain and suffering"; and "has had her ability to work and earn money permanently impaired." (Compl. ¶ 14). Although Plaintiffs are correct that Courtney Gambill's medical costs *to date* do not exceed $75,000 (*see* 15-CV-2035 Docket No. 39, at 1), Courtney Gambill appears to assert claims for damages based on *future* medical expenses and loss of income, not to mention future non-economic damages such as pain and suffering (Compl. ¶ 14 (asserting that Courtney

---

[1]  As New GM correctly notes in its Notice of Removal, it is sufficient to find that Courtney Gambill's damages meet the amount-in-controversy requirement, as "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *see* Notice of Removal ¶ 9 n.1.

[2]  Plaintiffs do not dispute that, as citizens of Kentucky, they are completely diverse from New GM, a citizen of Michigan and Delaware. (Notice of Removal ¶ 7; Compl. ¶ 1; *see* Pls.' Mem. 4-6).

Gambill "will lose wages in the future . . . all to her damage and detriment"; "will incur . . . medical expenses in the future all to her damages and detriment"; and "will continue to have to endure [physical and mental pain and suffering] in the future, including the loss of enjoyment of life all to her damage"). *See Dill v. Ron's Golf Car Rental, Inc.*, No. 12-CV-00137 (JBA), 2013 WL 3716382, at *4 (D. Conn. July 12, 2013) (considering future loss of income in determining amount in controversy).

What is more, additional documents submitted by New GM — including a letter submitted to Plaintiffs' attorney by Courtney Gambill's doctor regarding the extent of her injuries, included as part of their Plaintiff Fact Sheet ("PFS") submissions[3] — all but confirm that Courtney Gambill's claimed compensatory damages more likely than not exceed $75,000. Indeed, courts have frequently found that injuries of the sort suffered by Courtney Gambill are sufficient to meet the amount-in-controversy requirement. *See, e.g.*, *Zido v. Werner Enters., Inc.*, 498 F. Supp. 2d 512, 514 & n.3 (N.D.N.Y. 2006) (finding that damages exceeded $75,000 when the plaintiffs sought to recover non-economic losses from personal injury and loss of consortium, along with economic losses from medical expenses and other costs); *James v. Gardner*, No. 04-CV-1380 (DGT) (KAM), 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) (finding amount-in-controversy requirement to be met where the complaint was silent on damages, but alleged that the plaintiff suffered "severe and permanent personal injuries"); *Scott v. Home Depot U.S.A., Inc.*, No. 11-CV-62426 (JIC), 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012) (finding that, based on "Plaintiff's injuries, his surgery, and his permanent physical impairment, as well as the

---

[3]   Plaintiffs' PFS submissions, including portions referenced in New GM's supplemental letter and attached as exhibits, include Courtney Gambill's medical information and employment history. Pursuant to Rule 6(A) of this Court's Individual Rules and Practices in Civil Cases, a party may redact such information without prior Court approval. Accordingly, New GM redacted and filed under seal certain portions of its supplemental letter.

$38,462.27 in medical expenses already incurred and the Court's own judicial experience and common sense," the amount-in-controversy requirement had been met).  And, as the cases New GM cites in its supplemental letter make clear (14-MD-2543 Docket No. 929, at 3), courts not infrequently award damages far in excess of $75,000 based on injuries as or less severe than those asserted by Courtney Gambill.  *See Bercy v. Am. Airlines, Inc.*, No. 09-CV-1750 (ALC) , 2011 WL 2490716, at *2 (E.D.N.Y. June 22, 2011) (noting that in cases where a complaint does not state a specific demand for damages, a court may consider, among other factors, "whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions").

Second, although Courtney Gambill's claimed compensatory damages are themselves sufficient to meet the amount-in-controversy requirement in this case, she and Shelia Gambill seek more: their Complaint also asserts a claim for punitive damages based on "the fraudulent and wrongful conduct of" New GM.  (Compl. ¶ 13).  "Punitive damages, if permitted under the controlling law, do count toward the amount in controversy for purposes of diversity."  *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623 (PKC), 2014 WL 4701167, at *3 (E.D.N.Y. Sept. 23, 2014) (internal quotation marks omitted); *see* Ky. Rev. Stat. § 411.184(2) (providing that a plaintiff is entitled to punitive damages "upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice.  It is true that Plaintiffs do not seek a specific amount of punitive damages.  But the Court finds that their claims for punitive damages, when combined with the other damages that they are seeking, are more than enough to satisfy the amount-in-controversy requirement.  *Cf. Kaminski v. Polish & Slavic Fed. Credit Union*, No. 06-CV-688 (ARR) (LB), 2007 WL 2343673, at *5 (E.D.N.Y. Aug. 13, 2007) (finding that the plaintiff's damages, including an

unspecified amount of punitive damages, met Section 1332's amount-in-controversy requirement).

As a final matter, the Court notes that Plaintiffs submitted affidavits declaring that they "are seeking less than $75,000" from New GM. (Renewed Mot. To Remand (14-MD-2543 Docket No. 775), Exs. 1 & 2). Nevertheless, the Court declines to afford these *post hoc* affidavits any weight in calculating the amount in controversy that existed at the time of removal, substantially for the reasons stated in New GM's memorandum. (Def. General Motors LLC's Resp. Opp'n Pls.' Renewed Mot. Remand (14-MD-2543 Docket No. 844) 7-10).

Accordingly, and for the foregoing reasons, Plaintiffs' motion to remand is DENIED. The Clerk of Court is directed to terminate 14-MD-2543 Docket No. 775 and 15-CV-2035 Docket No. 26.

SO ORDERED.

Dated: May 5, 2015
      New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge