UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

14-MD-2543 (JMF)

Hon. Jesse M. Furman

-------------------------------------------------------------------------x

# DEFENDANT GENERAL MOTORS LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS FOR FAILURE TO SUBMIT DISCOVERY REQUIRED BY MDL ORDER NO. 25

MDL Order No. 25 required every plaintiff asserting a personal injury or wrongful death claim in a case pending on the MDL 2543 docket on or before December 31, 2014, to submit a substantially complete Plaintiff Fact Sheet ("PFS") by January 16, 2015. (Order No. 25 ¶¶ 12-13, 16 (Doc. No. 422).) Order No. 25 further required every plaintiff asserting a personal injury or wrongful death claim in a case entered on the MDL 2543 docket after December 31, 2014 to submit a substantially complete Plaintiff Fact Sheet ("PFS") within 40 days after the complaint has been entered on the docket. (*Id.* at ¶¶ 14-16.) Numerous plaintiffs did not comply with the Court-imposed deadline. Pursuant to Order No. 25 ¶ 24, on April 24, 2015, General Motors LLC ("New GM"), served all counsel of record in MDL 2543 a Notice of Overdue Discovery ("Notice"), identifying certain plaintiffs with overdue discovery, identifying the overdue discovery, and notifying those plaintiffs that their cases may be subject to dismissal for failure to comply with the Court's discovery orders. (Doc. No. 868.) Each plaintiff identified in the Notice was required to submit a completed PFS by May 8, 2015, or risk having his or her claim dismissed by the Court. (*See* Order No. 25 ¶ 24.)

Pursuant to Order No. 25 ¶ 24, on May 26, 2015, New GM filed a Motion To Dismiss Plaintiffs For Failure To Submit Discovery Required By MDL Order No. 25 ("Motion"), identifying plaintiffs who failed to submit a complete PFS following the Notice of Overdue Discovery.  (Doc. No. 984.)  Each plaintiff identified in the Motion was required to file a response by June 9, 2015, either certifying submission of a completed PFS or opposing the Motion for other reasons.  (*See* Order No. 25 ¶ 24.)

New GM has compiled a list of plaintiffs identified in the Motion who, as of June 16, 2015, still have not filed a response certifying submission of a completed PFS or opposing the Motion on other grounds, if any. New GM has also identified plaintiffs who have certified submission of a completed PFS, but whose PFS is not substantially complete based on a search of the Plaintiff Document Depository maintained by Lead Counsel on Everlaw.  Such plaintiffs are identified in the attached Exhibit A. The Court should dismiss without prejudice those plaintiffs who are listed on Exhibit A for failure to comply with the directives in Order No. 25. Upon the Court's entry of an order dismissing without prejudice the claims of plaintiffs listed on Exhibit A, such plaintiffs will have thirty (30) days to submit a completed PFS or to move to vacate the dismissal, absent which the plaintiffs' claims will be subject to dismissal with prejudice. (*See* Order No. 25 ¶ 25.)

New GM is still reviewing the more than 1,000 PFSs submitted to date—including those submitted after the April 24, 2015 Notice.  There may be additional plaintiffs who have failed to submit PFSs in compliance with the Court's Order.  Accordingly, New GM may need to file additional motions to dismiss to address the conduct of these plaintiffs.

Dated:  June 16, 2015

/s/ Andrew B. Bloomer, P.C.
/s/ Richard C. Godfrey, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654-3406
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
andrew.bloomer@kirkland.com
richard.godfrey@kirkland.com

*Attorneys for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2015, I electronically served the foregoing Motion on all counsel of record in this action using the CM/ECF system.

/s/ Andrew B. Bloomer, P.C.
Andrew B. Bloomer, P.C.
