```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/17/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Stidham v. Stidham, et al., 15-CV-0040 (JMF)*
------------------------------------------------------------------------x

14-MD-2543 (JMF)

<u>MEMORANDUM OPINION</u>
<u>AND ORDER</u>

JESSE M. FURMAN, United States District Judge:

Plaintiff Larry David Stidham, a citizen of Kentucky, brings claims against his wife, Emily Stidham, and General Motors LLC ("New GM") based on injuries he sustained in an accident. Specifically, Plaintiff alleges that, while driving a four-wheeler, he was struck by Mrs. Stidham, who was driving a Chevrolet Cobalt with an allegedly defective ignition switch. (Notice of Removal (15-CV-0040 Docket No. 1), Ex. C ("Compl.") ¶¶ 7-10). New GM removed the case from the Circuit Court for Leslie County, Kentucky, to the United States District Court for the Eastern District of Kentucky, contending that there was federal jurisdiction under Title 28, United States Code, Section 1332. (Notice of Removal ¶¶ 6-7). Thereafter, Plaintiff filed a motion to remand (15-CV-0040 Docket No. 4), and renewed the motion after his case was transferred to this multi-district litigation. (14-MD-2543 Docket No. 767). Plaintiff contends that there is no federal jurisdiction pursuant to Section 1332 because he brings claims against both New GM and his wife, who is also a citizen of Kentucky. (Mem. Supp. Renewed Mot. To Remand (14-MD-2543 Docket No. 768) ("Pl.'s Mem.") 16-23). New GM argues that remand is

not warranted because Mrs. Stidham was fraudulently joined.  Upon review of the parties'
submissions (14-MD-2543 Docket Nos. 768, 841, 851), Plaintiff's motion is GRANTED.[1]

Title 28, United States Code, Section 1332 grants the federal courts jurisdiction over
cases in which the amount in controversy exceeds $75,000 and the parties are of diverse
citizenship.  *See* 28 U.S.C. § 1332(a); *see also Fireman's Fund Ins. Co. v. TD Banknorth Ins.
Agency Inc.*, 644 F.3d 166, 169 (2d Cir. 2011).  More specifically, for federal subject matter
jurisdiction to exist under Section 1332(a), diversity of citizenship between the parties must be
"complete," meaning that all plaintiffs must be diverse in citizenship from all defendants.
*Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  It is well
settled, however, that "[a] plaintiff may not defeat a federal court's diversity jurisdiction . . . by
merely joining as defendants parties with no real connection with the controversy."  *Whitaker v.
Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001).  It follows that "[i]f a defendant has
been fraudulently joined, that defendant's citizenship is overlooked for the purpose of
determining whether complete diversity exists."  *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-
1789 (JFK), 2008 WL 2940560, at *3 (S.D.N.Y. July 29, 2008).  If, under those standards, an
action meeting the requirements of Section 1332 is originally brought in state court, it "may be
removed by the defendant or the defendants, to the district court of the United States for the
district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

In order to establish fraudulent joinder, a defendant "must demonstrate, by clear and
convincing evidence, either that there has been outright fraud committed in the plaintiff's
pleadings" — a showing that New GM does not even try to make here — "or that there is no

---

[1]     Plaintiff alleges in his initial memorandum of law — but not in his reply — that federal
jurisdiction is also lacking because this case does not meet Section 1332's amount-in-
controversy requirement.  (Pl.'s Mem. 5-16).  The Court need not reach that argument.

possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).  Although "federal law applies to the question of fraudulent joinder, the ultimate question is whether . . . state law might impose liability on the facts involved." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 394 (S.D.N.Y. 2009).  Accordingly, although the Court must apply Second Circuit precedent in determining whether fraudulent joinder exists, that precedent, in turn, requires the Court to "consider the state law upon which the claim rests," *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 378 (S.D.N.Y. 2006) (citing *Whitaker*, 261 F.3d at 207), in determining whether it is "legally impossible" for Plaintiff to recover against his wife, *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 183 (S.D.N.Y. 2003). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (quoting *Whitaker*, 261 F.3d at 207).  Moreover, "all factual and legal issues must be resolved in favor of the plaintiff," *Pampillonia*, 138 F.3d at 461, and all doubts resolved against removability and in favor of remand, *see, e.g.*, *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  In short, New GM "bears a heavy burden of proving fraudulent joinder." *Pampillonia*, 138 F.3d at 461.

New GM has not met that heavy burden here.  As noted above, the Court must look to Kentucky law, including its pleading standards, to determine whether there is "no possibility" that a state court could find that Plaintiff has stated a claim of negligence against Mrs. Stidham. *See Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 471-72 (S.D.N.Y. 2006) ("Because the purpose of fraudulent joinder analysis is to determine whether a *state* court might permit a plaintiff to proceed with his claims, [the Court] will refer to the state pleading standards

as they have been applied by state courts to similar claims.").  Notably, unlike the federal courts, Kentucky still lives with a notice pleading regime, in which "a complaint will not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." *Pierson Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960); *see Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923-24, 928 (E.D. Ky. 2013).  Under that standard, "the function of pleadings is to give notice to the opposing party" of the claims the plaintiff is pursuing. *Combs*, 934 F. Supp. 2d at 928.  What is more, Kentucky law provides that the state's "Rules of Civil Procedure with respect to stating a cause of action should be liberally construed" and that "much leniency should be shown in construing whether a complaint states a cause of action." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989).

Applying those standards here, and resolving all doubts in favor of remand, the Court cannot say that, under Kentucky law, there is "no possibility" that Plaintiff can state a claim against his wife in state court.  Plaintiff alleges that "[o]nce the [ignition switch] defect became active and apparent [Mrs. Stidham] failed to stop the vehicle or bring the vehicle under reasonable control"; accordingly, Plaintiff seeks to recover against both Mrs. Stidham and New GM.  (Compl. ¶¶ 10, 18).  Admittedly, those allegations against his wife are thin, and he never even uses the word "negligence."  Under Kentucky law, however, "use of the word 'negligence' or some derivative thereof . . . is not essential if negligence is a necessary inference from the facts alleged." *Hopkins Cnty. v. Rodgers*, 122 S.W.2d 743, 744 (Ky. 1938).  That is the case here, given the relatively simple nature of the allegations in the Complaint.

More specifically, under Kentucky law, a negligence claim "requires a duty on the part of Defendant, a breach of that duty, and injury arising from that breach." *Armstrong v. NBC*

4

*Universal Inc.*, No. 11-CV-P67-M, 2012 WL 4098984, at *5 n.2 (W.D. Ky. Sept. 17, 2012)

(citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)).  With respect

to the first element, Kentucky law imposes a duty upon drivers to, among other things, "drive at

a speed not excessive under the circumstances [and] to keep the car under reasonable control."

*Schechter v. Hann*, 205 S.W.2d 690, 693 (Ky. 1947).  That duty does not evaporate — nor is any

breach necessarily excused — in cases involving automobile defects.  *See Murphy v. Harmon*,

165 S.W.2d 11, 12 (Ky. 1942) (finding erroneous a lower court's jury instruction that it should

find for the defendant driver if it found that the accident resulted from a tire defect, because "it

excused defendant from liability for the accident regardless of the rate of speed he might have

been driving in the event a defect in the tire caused" the accident).  As for the second and third

elements, Plaintiff's pleading, construed "leniently," alleges that Mrs. Stidham breached her duty

of care by "fail[ing] to stop the vehicle or bring the vehicle under reasonable control" once the

ignition switch defect "became active and apparent," and that this breach — because it was Mrs.

Stidham's car, with her behind the wheel, that struck Plaintiff — contributed to Plaintiff's

injuries.  (Compl. ¶ 10).  Based on those assertions, Plaintiff seeks to recover from both

"Defendants."  (*Id.*  ¶ 18).  All told, Plaintiff's allegations against Mrs. Stidham provide adequate

notice that he is bringing a claim for negligence, and provide a "glimmer of hope" that Plaintiff

could ultimately prevail in such a claim.  *Fugate v. Babcock & Wilcox Conversion Servs., LLC*,

No. 14-CV-00172 (TBR), 2015 WL 1758063, at *5 (W.D. Ky. Apr. 17, 2015).  That is all that

Kentucky law requires.  *See id.* (finding that the plaintiff had adequately pleaded a claim of

discrimination against two non-diverse defendants, despite the plaintiff's failure to plead the

requisite elements of retaliation — the only discrimination claim for which the non-diverse

defendants could be held liable — because "[w]hatever the deficiencies of [the plaintiff's] complaint, it does not deprive Defendants of fair notice of the retaliation claim against them.").

The fact that Plaintiff levies more — and more substantial — allegations against New GM does not affect the analysis or conclusion.  (*See* Def. General Motors LLC's Resp. Opp'n Pl.'s Renewed Mot. To Remand (14-MD-2543 Docket No. 841) ("Def.'s Mem.") 15-16).  First, New GM does not dispute that, under Kentucky law, fault may be apportioned among joint tortfeasors under a theory of several liability, regardless of how little or how much one may be liable in comparison to the other.  *See Ky. Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 804 (Ky. 2005) ("The thrust of the comparative negligence doctrine is to accomplish . . . the apportionment of fault between or among negligent parties whose negligence proximately causes *any* part of a loss or injury . . . ." (emphasis added)).  Second, under Kentucky's liberal notice pleading standards, it matters not that "the complaint is long on allegations of wrongdoing by [New GM] and short on allegations against [Mrs. Stidham]."  *Cordle v. Merck & Co.*, 405 F. Supp. 2d 800, 803-04 (E.D. Ky. 2005).  So long as Plaintiff's Complaint is sufficient to give Mrs. Stidham "fair notice of the claim against [her]" and provides her with the ability to frame an answer — as the Court has found that it is — the Complaint passes muster, "[v]ague and conclusory though Plaintiff's allegations [against Mrs. Stidham] may be."  *Id.*

The fact that some of Plaintiff's allegations against New GM could be read to contradict his allegations against Mrs. Stidham is also immaterial.  (*Compare, e.g.*, Compl. ¶ 9 (alleging that the ignition switch defect left "the vehicle in a condition that there was no control of the vehicle") *with id.* ¶ 10 ("Once the defect became active and apparent, Defendant, Emily Stidham, failed to stop the vehicle or bring the vehicle under reasonable control.").  (*See* Def.'s Mem. 16).  New GM cites no authority to suggest that, under Kentucky's pleading standards, inconsistencies

between claims against two defendants will necessarily foreclose claims against either one (let alone that the inconsistencies here would warrant dismissal of Plaintiff's claims against his wife rather than against New GM).  In fact, if one views Plaintiff's claims against New GM and Mrs. Stidham to constitute pleading of "inconsistent theories" of liability, the Supreme Court of Kentucky has interpreted the state's Civil Rules to allow precisely that.  *Isaacs*, 777 S.W.2d at 915 (citing Ky. Civ. R. 8.05(2)).  Accordingly, any inconsistencies do not provide a basis for this Court to find that Plaintiff has not stated a claim against Mrs. Stidham.

Having found that Plaintiff has stated a claim against Mrs. Stidham under Kentucky law, the Court is left with New GM's one remaining argument, which is, at bottom, that Plaintiff has no intent to proceed with his suit against — not to mention recover from — his wife.  (*See* Def.'s Mem. 17 ("[I]t is clear that plaintiff's causes of action are aimed *solely* at New GM, and that defendant Emily Stidham was joined for the sole purpose of preventing removal."); *id.* at 18 ("[T]he Court should not overlook the fact that plaintiff and Emily Stidham are married.")).  That may well be true.  Nevertheless, whether or not Plaintiff truly wishes to recover a judgment against his wife is a question the Court need not answer, as a plaintiff's subjective motive or intent to recover (or lack thereof) is irrelevant to the fraudulent joinder analysis in this Circuit. *See Locicero v. Sanofi-Aventis U.S. Inc.*, No. 08-CV-489S, 2009 WL 2016068, at *8 (W.D.N.Y. July 10, 2009) ("The motive of the plaintiff in joining the challenged party is immaterial to the determination of fraudulent joinder."); *Kuperstein*, 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) ("[A]part from fraud, the plaintiff's motive in joining the non-diverse party is irrelevant, so long as the claim against that party is colorable.").  Accordingly, having found that Plaintiff's claim against Mrs. Stidham is, in fact, colorable — and mindful of New GM's heavy burden in proving otherwise — the Court does not find that she was fraudulently joined.  It follows that there is no

diversity of citizenship in this suit, and it must be remanded to the state court in which it was originally filed.

One more issue must be addressed: Plaintiff seeks attorney's fees in connection with his motion to remand.  (Pl.'s Mem. 23).  Title 28, United States Code, Section 1447(c) authorizes a court issuing a remand order to impose "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Although the award of attorney's fees is "discretionary in the first instance," *Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992), "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Attorney's fees are awarded "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party."  *Kenneson v. Johnson & Johnson, Inc.*, No. 14-CV-1184 (MPS), 2015 WL 1867768, at *7 (D. Conn. Apr. 23, 2015).

Here, although the Court ultimately found that New GM's argument for federal jurisdiction unpersuasive, it cannot say that New GM lacked an "objectively reasonable basis for seeking removal," in light of the state-law-bound issues of fraudulent joinder present in this case. *See Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 476 (S.D.N.Y. 2000) (declining to award attorney's fees and costs "[i]n light of the subtleties involved in applying fraudulent joinder principles to non-diverse plaintiffs in circumstances such as these, as well as the absence of any clear showing that plaintiffs have been prejudiced by the delays associated with removal"); *cf. Kuperstein.*, 457 F. Supp. 2d at 474 (awarding attorney's fees where the defendant's removal was based on a theory of fraudulent joinder and the defendant failed "to address the governing law or accurately represent the factual allegations of the Complaint," and

8

finding that the defendant's actions "reflect[ed] a willingness on its part to waste the time of this Court and of opposing counsel"). Ultimately, considering "the nature of the case [and] the circumstances of the remand," as well as "the effect on the parties," *Prescia v. U.S. Life Ins. Co. in City of N.Y.*, No. 10-CV-2518 (KMW), 2011 WL 70569, at *2 (S.D.N.Y. Jan. 6, 2011), the Court declines to exercise its discretion to award attorney's fees in this case.

In short, for the reasons stated above, Plaintiff's motion to remand is GRANTED, but his request for attorney's fees and costs is DENIED. The Clerk of Court is directed to terminate 14-MD-2543 Docket No. 767; to remand this case to the Circuit Court for Leslie County, Commonwealth of Kentucky, for further proceedings; and to close 15-CV-0040.

SO ORDERED.

Dated: June 17, 2015
        New York, New York

JESSE M. FURMAN
United States District Judge