# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**[PROPOSED] ORDER NO.__**

JESSE M. FURMAN, United States District Judge:

**[Regarding Discovery of Expert Witness-Related Materials]**

Lead Counsel for the MDL Plaintiffs and Counsel for General Motors LLC stipulate and agree to this Order regarding the scope of discovery of expert-related materials in this proceeding.

1. For purposes of this Order, "Consideration Materials" refers to any facts, data, information, or other materials that are considered or relied upon by an expert in forming opinions and required to be identified in the expert's report in accordance with Fed. R. Civ. P. 26(a)(2)(B). Consideration materials include: (a) any mathematical calculations upon which a testifying expert relies in forming his or her opinions to be expressed; (b) any and all test information, including but not limited to test set up sheets, reports, test data and results, and all documentation of the test in any manner recorded, non-test data, computer models, reports, information or other materials (including native data versions of the above) upon which a testifying expert relies in forming his or her opinions to be expressed; (c) all photographs and videos taken of the subject vehicle and/or the accident site that the expert considered or relied upon in formulating opinions; and (d) any information that counsel has asked a testifying expert to accept as facts or assumptions in forming his or her opinions to be expressed. Consideration

Materials also includes communications between a testifying expert and another expert or third party that the testifying expert relies upon or will be relying upon to support his or her opinions, but the disclosure of such communications shall not subject to discovery any other analysis by the other expert or third party that is not imparted during the consultation with the testifying expert.

2. The parties shall produce any non-public and previously unproduced Consideration Materials ("Unproduced Consideration Materials").

3. The parties shall also produce the following additional materials from the expert witness's files ("Expert Witness File Materials"):

   a. All retention (or engagement) letters and agreements relating to work on the MDL Proceeding's Early Trial Cases for which the expert witness prepared a written report.

   b. A current curriculum vitae or resume for the expert witness.

4. Unless otherwise agreed by the parties, the parties shall produce Unproduced Consideration Materials and Expert Witness File Materials no later than fifteen (15) days before the date of the expert's deposition.[1]

5. Notwithstanding paragraph 4 above, a party shall not be required to produce Unproduced Consideration Materials or Expert Witness File Materials on or before August 20, 2015.

---

[1] The Court has not yet entered an Order scheduling expert discovery in the MDL 2543 cases involving economic loss claims and allegations ("Economic Loss Cases"). Once the Court has entered such an Order, the parties shall meet and confer to determine the extent to which this Order needs to be modified for expert discovery in the Economic Loss Cases.

6. Notwithstanding paragraphs 1 to 4 above, the following categories of documents and other communications are excluded from production, and an expert may not be examined at deposition, hearing, or trial on the contents of the documents and communications:

   a. Any notes taken by a testifying expert, the expert's staff, in-house experts, or others retained to assist the expert during the course of the expert's work in connection with this MDL Proceeding, unless the testifying expert relied upon such notes in formulating opinions;

   b. Communications between a testifying expert and that expert's staff, in-house experts, or others retained to assist the expert, unless the testifying expert relied upon such communications in formulating opinions;

   c. Communications between attorneys for a party and experts retained on behalf of that party, those experts' staff, in-house experts, or others retained to assist such experts, unless the testifying expert relied upon such communications in formulating opinions; and

   d. Drafts or interim expert reports or portions thereof.

7. The parties are not required to produce or exchange privilege logs for any materials withheld pursuant to this Order, including, but not limited to, drafts of expert reports, expert notes, or expert communications.

8. The parties agree that a deposition notice shall be sufficient to require any witness designated as a testifying expert to appear for a deposition. Absent good cause shown, no subpoena shall be served on a testifying expert.

SO ORDERED.

Dated:  August __, 2015
       New York, New York

                              JESSE M. FURMAN
                          United States District Judge

4