

August 27, 2015

**VIA ELECTRONIC COURT FILING**

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *In Re General Motors LLC Ignition Switch Litigation*
              Case No. 14-MD-2543 (JMF); 14-MC-2543
              Deposition dispute under Order Nos. 36 & 46

Dear Judge Furman:

      The Plaintiffs submit this letter pursuant to the Court's Order on August 24, 2015 regarding the Robinson Deposition dispute.  Plaintiffs submit that many of GM's invocations of privilege in this deposition, and in others, are improper and in violation of Order No. 46.  In essence, GM is objecting to questions seeking the witness's personal knowledge of the accuracy of the relevant facts simply because those facts were imparted to Mr. Valukas.

      In the Second Circuit, "[t]he attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance." *Brennan Ctr. for Justice at N.Y. Univ. Sch. of Law v. DOJ*, 697 F.3d 184, 207 (2d Cir. 2012) (internal quotation marks omitted).  Work product is covered by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3) (codifying *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)).

      The attached transcript of Michael James Robinson at Exhibit A identifies Defense Counsel's objections and instructions not to answer on privilege grounds. Plaintiffs assert such instruction is improper, objectionable, and should be overruled, in that the questions do not run afoul of privilege as interpreted in the Second Circuit (and elsewhere). (*See* Exhibit A: Deposition of Michael James Robinson, August 18, 2015 at 99:14-19; 100:19-115:16.)

      Michael J. Robinson was a VP of Sustainability and Global Regulatory Affairs for GM before his termination following the recalls. ████████████████████████████████████ ████████████████████ Plaintiffs seek facts from the witness, nothing more and nothing learned from

The Honorable Jesse M. Furman
August 27, 2015
Page 2

GM's Counsel. The attorney-client privilege does not apply to the questions about the facts behind why Mr. Robinson was fired by GM ████████████████████████████████ ████████████████████████████████████ The information Plaintiffs seek to discover is the answer to the question: █████████████ The attorney-client privilege "does not protect disclosure of the underlying facts by those who communicated with the attorney . . . ." *Upjohn v. United States,* 449 U.S. 383, 395 (1981); *see also United States v. Davis,* 132 F.R.D. 12, 15 (S.D.N.Y 1990) (documents which do not relay any legal advice, but merely discuss factual circumstances not protected by attorney-client privilege); *Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198 at 203 (E.D.N.Y. 1988) (merely because factual data is transmitted through attorney does not mean it takes on confidential character); *United States v. Kendrick,* 331 F.2d 110, 113 (4th Cir. 1964) (The substance of the communication protected, but not fact there has been communication). It is also well established in the Second Circuit, "the mere fact that a communication is made directly to an attorney . . . does not mean that the communication is necessarily privileged." *United States Postal Serv. v. Phelps Dodge Ref. Corp.,* 852 F. Supp. 156, 160 (E.D.N.Y. 1994). Further, "the privilege does not protect the client's knowledge of relevant facts, whether or not they were learned from his counsel, or facts learned by an attorney from independent sources." *Tribune Co. v. Purcigliotti,* 1997 U.S. Dist. LEXIS 228, *21 (S.D.N.Y. Jan. 10, 1997). *See also, In re Six Grand Jury Witnesses,* 979 F.2d 939, 945 (2d Cir. N.Y. 1992).

That Mr. Robinson may have shared these facts with a Jenner investigator (or any lawyer) does not change their factual, non-privileged nature. "The cloak of the privilege simply protects the communication from discovery, the underlying information contained in the communication is not shielded from discovery." *In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir. N.Y. 1992). For instance, if the Jenner investigator was to ask whom Robinson told about the ignition switch defect, and Robinson responded, "I told Mary Barra in March of 2012," Robinson should be able to testify to that notification and factual statement because the statement concerns underlying facts.

Nor does the work product doctrine protect Robinson's factual knowledge. The work product doctrine functions to protect "an attorney's mental impressions, opinions or legal theories concerning specific litigation from disclosure." *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d Cir. N.Y. 1989). Here, Plaintiffs wish to discover factual statements; thus there is no fear of discovery of an attorney's mental impressions, opinions, or legal theories. Plaintiffs do not seek Valukas' interview or notes relating to Robinson. ██████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████

████████████████████████████████████████████████

The Honorable Jesse M. Furman
August 27, 2015
Page 3

Defendants now cannot seek to hide from Plaintiffs the facts surrounding Robinson's termination. ████████████████████████████████████████████████████████████████████████████████████████████████████████████

Defendants cannot use the attorney-client privilege and the work product doctrine as a blanket to withhold from Plaintiffs the factual statements discussed on those three separate occasions. ████████████████████████████████████████████████████████████████████████████████. Those statements do not fall under the attorney client privilege. When the client is a corporation the attorney-client privilege is applicable to an employee's communication if:

> (1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his corporate superior; (3) the superior made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the employee's corporate duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents. We note, moreover, that the corporation has the burden of showing that the communication in issue meets all of the above requirements.

*Diversified Indus. v. Meredith*, 572 F.2d 596, 609 (8th Cir. 1977)

In the instant matter, the communication that Plaintiffs seek to discover is not subject to the attorney-client privilege. ████████████████████████████████████ he was not seeking legal advice or sharing his mental impressions; he was simply having a business discussion with a colleague. The second element from *Diversified Indus.* is also not satisfied because the facts do not indicate Robinson made the statements ████████████████ at the direction of his corporate superior. The facts are clear – ████████████████████████████████████████, this testimony is highly relevant to Plaintiffs' discovery efforts. The third element is not satisfied because the facts do not indicate Robinson made the statements to ████████ at the direction of a corporate superior so that the "corporation could secure legal advice." *Id.* Likewise, the fourth requirement is not satisfied because the facts do not suggest the communication was within the scope of Robinson's corporate duties. Rather, the facts indicate Robinson voluntarily relayed factual information to ████████████████████████████████. Finally, the fifth element is not satisfied because ████████████████████████████████████. At the time of the communication, ████████████████████████████████████████████████████████████████████████████

Plaintiffs are available to address this issue more fully should the Court so desire.

The Honorable Jesse M. Furman
August 27, 2015
Page 4

Respectfully submitted,

| _/s/ Steve W. Berman_ | _/s/ Elizabeth J. Cabraser_ | _/s/ Robert C. Hilliard_ |
|---|---|---|
| Steve W. Berman | Elizabeth J. Cabraser | Robert C. Hilliard |
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Muñoz Gonzales L.L.P.** |
| 1918 Eighth Ave. | 275 Battery Street | 719 S Shoreline Blvd. |
| Suite 3300 | 29th Floor | Suite 500 |
| Seattle, WA  98101 | San Francisco, CA  94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue | 250 Hudson Street | |
| Suite 1700 | 8th Floor | |
| New York, NY 10017 | New York, NY  10013-1413 | |

1271324.2