UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

14-MD-2543 (JMF)

Hon. Jesse M. Furman

-------------------------------------------------------------------------------x

# NEW GM'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE CONCERNING SETTLEMENT OF OTHER CASES

Plaintiff's argument to the contrary notwithstanding, the weight of authority establishes that evidence of compromise, including compromise of *other* claims, is not admissible to establish the validity of plaintiff's claims. *See*, *e.g.*, *Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc.*, 687 F.2d 563, 569 (2d Cir. 1982). And to the extent plaintiff asserts that he intends to offer evidence of settlements for another purpose, such as to establish notice, he does not explain how evidence that New GM settled other cases makes that—or any other fact at issue in this case—more or less probable. To the contrary, evidence of other settlements has little probative value, if any, and simply invites the jury to draw irrational inferences about the merits of the settled claims and plaintiff's claims and confuses and delays the issues. Evidence of prior settlements is therefore inadmissible under Rules 401, 403, and 408.

**I. RULE 408 BARS ADMISSION OF EVIDENCE OF SETTLEMENTS IN OTHER CASES.**

In the Second Circuit and most other courts, evidence of settlement in other cases or of other claims is inadmissible to establish the validity or amount of plaintiff's claims. *See Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 872 (2d Cir. 1994) (holding that district court erred in admitting evidence of settlements with third parties, which were inadmissible under Rule 408); *Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc.*, 687 F.2d 563, 569 (2d Cir. 1982);

1

*Hawthorne v. Eckerson Co.*, 77 F.2d 844, 847 (2d Cir. 1935) (courts have deemed it against public policy to subject a person who has compromised a claim to the hazard of having a settlement proved in a subsequent lawsuit by another person); *see also Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 297 (5th Cir. 2010) ("[t]he dispute being settled need not be the one being tried in the case where the settlement is being offered in order for Rule 408 to bar its admission."); *accord Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213 (9th Cir. 1990); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985); *United States v. Quality Built Const.*, 358 F.Supp.2d 487, 490 (E.D.N.C. 2005).

Evidence of any settlements should be excluded for this reason alone. The cases cited by plaintiff, limiting Rule 408 to evidence used to establish the validity of the settled claim, are against the "great weight of authority," *Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005). In any event, none support the introduction of the prior settlements in this case. To the contrary, in the cases cited by plaintiff, the settlement evidence was admissible because, unlike here, the evidence was relevant to plaintiff's case without regard to whether the settled claim was valid. For example, in three of the cases cited by plaintiff, courts held that evidence of plaintiff's compromise of a race discrimination claim was admissible "to establish that [plaintiff] engaged in a protected activity known to the defendant, which is an element of his *retaliation* claim." *See Williams v. Regus Mgmt. Grp., LLC*, No. 10 CIV. 8987, 2012 WL 1890384, at *3 (S.D.N.Y. May 15, 2012). The settled discrimination claim constituted protected activity whether or not that claim was valid. *Id.* at *4 ("Williams [did] not seek to offer that evidence 'to prove or disprove' the 'validity or amount' of the *race discrimination* claim"); *see also Carney v. Am. Univ.*, 151 F.3d 1090, 1095 (D.C. Cir. 1998); *Carr v. Health Ins. Plan of Greater New York, Inc.*, No. 99 CIV. 3706 (NRB), 2001 WL 563722, at *4 (S.D.N.Y. May 24, 2001). Similarly, in

*Zurich Am. Ins. Co. v. Watts Indus., Inc*., 417 F.3d 682, 690 (7th Cir. 2005), the evidence was offered not to prove the validity of a compromised claim, but to establish that a dispute had existed. *Id.*; *see also Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 n.16 (10th Cir. 1992) ("The evidence was not admitted to show liability for the [compromised] claim or its amount"); *Master–Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 739 F. Supp. 2d 125, 133–34 (D. Conn. 2010) (the offer of settlement was relevant to determining the reasonableness of the attorney's fees, the amount and validity of the claim sought to be compromised was not in dispute).

## II. PLAINTIFF HAS NOT ESTABLISHED ANY OTHER PURPOSE FOR WHICH THE SETTLEMENTS ARE ADMISSIBLE.

Plaintiff asserts that evidence of the other settlements is admissible for other purposes, such as, for example, to establish notice or intent. (Pl.s' Opp'n at 5-6.) But plaintiff cannot merely point to such a purpose and obtain a blanket exemption from Rule 408.[1] *Cf.* 23 Fed. Prac. & Proc. § 5286 ("Unthinking use of "exceptions" can lead to erosion of the rule and undermining of its purpose"). Plaintiff must first establish that the evidence is relevant to that purported purpose, and it is not clear how the mere *settlement* of prior lawsuits makes GM's knowledge, for example, more or less probable. More particularly, plaintiff has not even attempted to explain, much less established, what specific evidence, related to what particular settlement, qualifies to be used for some permissible purpose under Rule 408. At a minimum, plaintiff should be required to present such specificity to the Court, outside the presence of the jury, before any evidence of settlements can be considered. *McDonald v. Bennett*, 674 F.2d 1080 (5th Cir. 1982) (the judge, not the jury, determines whether to admit evidence of settlement negotiations under Rule 408; "Rule 104 . . . could hardly be clearer in reserving such questions

---

[1] New GM addresses the inadmissibility of the underlying collisions that are the subject of the settlements in its Motion in Limine No. 11 to Exclude Evidence Concerning Other Accidents or Incidents. (Docket Nos. 1629, 1630.)

3

for the court's decision."); *Stacey v. Bangor Punta Corp.*, 620 F. Supp. 636, 637 (D. Me. 1985) (noting that settlement evidence offered for other purposes is often bound up with issues of liability and thus "runs afoul of Rule 408," and barring counsel from referring or offering evidence of the settlement without first obtaining a ruling "outside the hearing of the jury").

In fact, all that plaintiff seems to want is to have the jury infer that because New GM settled other cases, New GM must be liable here.[2] This is not the law. *See*, *e.g., McInnis v. A.M.F., Inc.*, 765 F.2d 240, 249 (1st Cir. 1985) (holding evidence "inadmissible under Rule 408, since the evidence 'might lead the jury to deny [plaintiff's] claim . . . on the perception that Green Oaks Exxon would not have paid the substantial sum of $27,000 if it . . . were not the party at fault'") (quoting *McHann v. Firestone Tire and Rubber Co.*, 713 F.2d 161, 166 (5th Cir. 1983)); *Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F. Supp. 727, 733 (N.D. Ill. 1980) ("An offer of settlement can be of no legal relevance as to the offeror's liability . . .").

### III. EVIDENCE OF OTHER SETTLEMENTS SHOULD BE BARRED UNDER RULE 403.

Lastly, even if evidence of other settlements were admissible under Rule 408, which it is not, it still should be barred under Rule 403. Evidence of New GM's settlements with other parties, as well as the number of cases filed against New GM, has little or no probative value, and is greatly outweighed by the likelihood of misleading the jury and unfairly prejudicing defendant in violation of Rule 403. *Hawthorne v. Eckerson Co.*, 77 F.2d 844, 847 (2d Cir. 1935) ("'The rule against allowing evidence of compromise is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom . . . in spite of

---

[2] The cases cited by plaintiff do not support admitting settlement evidence for such a purpose, which would be contrary to Rule 408. *See Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 681 (D. Ariz. 1993) (statements admitted to prove retaliatory motive, not liability); *Scott v. Goodman*, 961 F. Supp. 424, 438 (E.D.N.Y. 1997) (offer of settlement admissible when the "statements are the very source and substance of a different and independent" cause of action) (cited in Pl.'s. Opp'n at 5-6).

4

anything which may be said by the judge in instructing them as to the weight to be given such evidence.'") (citation omitted); *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 287 (S.D.N.Y. 2015) (barring evidence under Rule 403 because "any limited relevance . . . would be overwhelmed by the possibility of confusion, unfair prejudice, and delay. There would be a very significant risk that a jury would misunderstand the fact of a settlement offer as an admission of liability."); *Dodson v. CBS Broad. Inc.*, 423 F. Supp. 2d 331, 334 (S.D.N.Y. 2006) (similar); *see also Stacey v. Bangor Punta Corp.*, 620 F. Supp. at 637 ("'It is well recognized . . . that the risks of prejudice and confusion entailed in receiving settlement evidence are such that often Rule 403 and the underlying policy of Rule 408 . . . require exclusion even when a permissible purpose can be discerned.'") (citation omitted).

Here, evidence of other settlements invites the jury to impose liability on New GM for what may have happened in those cases, not this one. And it invites "mini-trials" on the specifics of each of those circumstances, needlessly confusing and delaying these proceedings.

## CONCLUSION

For all the foregoing reasons, and those set forth in its opening brief, evidence of other settlements should be excluded.

Dated: November 18, 2015

Respectfully submitted,

*/s/ Richard C. Godfrey, P.C.*
Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654-3406
Phone: 312-862-2000
Fax: 312-862-2200
andrew.bloomer@kirkland.com
richard.godfrey@kirkland.com

*Attorneys for Defendant General Motors LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2015, I electronically filed the foregoing pleading using the CM/ECF system, which will serve notification of such filing to the email of all counsel of record in this action.

By:   */s/ Andrew B. Bloomer, P.C.*
      Andrew B. Bloomer, P.C.
