

May 11, 2017

**VIA ELECTRONIC COURT FILING**

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *In re: General Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)

Dear Judge Furman:

    Plaintiffs move, under Fed. R. Civ. P. 26(b)(1) and 45(d)(3), to quash New GM's April 27, 2017 Third-Party Subpoena served on Top Class Actions, LLC ("TCA Subpoena") in this multi-district litigation. New GM's attempt to obtain Top Class Action, LLC's records and communications violates the Federal Rules of Civil Procedure and is otherwise an improper and useless maneuver to obtain privileged communications between Plaintiffs and Lead Counsel and irrelevant information.

**Factual Background**

    Top Class Actions, LLC ("TCA") is a website providing class action news and resources to consumers.[1] Lead Counsel paid to advertise its active investigations relating to this MDL through TCA's website and periodic newsletter emailed to subscribed consumers. A number of Plaintiffs in this MDL learned of the litigation, reached out for more information, and ultimately retained Lead Counsel through TCA's website and email newsletter, as several have recently testified in their depositions. New GM now seeks to obtain privileged and irrelevant documents and communications related to Lead Counsel and Plaintiffs from TCA.

**Argument**

    **A. Plaintiffs Have Standing to Quash the TCA Subpoena**

    A party has standing to challenge a non-party subpoena when the party has a personal right or privilege with respect to the subject matter of the materials subpoenaed. *See Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (collecting authorities). The TCA Subpoena seeks, among other things, documents and communications from TCA that (1) reveal Lead Counsel's private advertising arrangement and transactions with TCA, and (2)

---

[1] https://topclassactions.com/.

The Honorable Jesse M. Furman
May 11, 2017
Page 2

disclose privileged communications between Plaintiffs and Lead Counsel in seeking legal advice. Accordingly, Plaintiffs have standing to oppose the TCA Subpoena.

### B. Because the TCA Subpoena Seeks Privileged Communications and Documents, It Should Be Quashed

The Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45. The TCA Subpoena seeks "[a]ny and all documents or communications relating to [all of the named plaintiffs in the FACC]…",[2] which necessarily includes information Plaintiffs submitted to Lead Counsel for the purpose of seeking legal advice. *See Vingelli v. United States*, 992 F.2d 449, 454 (2d Cir. 1993) (attorney-client privilege "protects confidential communications made for the purpose of obtaining legal advice"); *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984) (finding the privilege is triggered by a request for legal advice); *In re Grand Jury Subpoenas dated Mar. 9, 2001*, 179 F. Supp. 2d 270, 283 (S.D.N.Y. 2001) (privilege afforded protection "where the lawyer is acting in a professional capacity and the client has communicated information to the lawyer in confidence for the purpose of seeking legal advice"). Plaintiffs who retained Lead Counsel through TCA completed and submitted forms online providing personal information and requesting to be contacted by a lawyer to discuss potential claims.[3] Plaintiffs' communications are clearly privileged as they seek legal advice, and the TCA Subpoena for such documents must be quashed.

### C. Because the TCA Subpoena Seeks Irrelevant Documents and Communications, It Should be Quashed

As the party issuing the TCA Subpoena, New GM "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2017 WL 1133349, at *3 (E.D.N.Y. Mar. 24, 2017) (citing *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). The TCA Subpoena must also demonstrate its relevance under Rule 26, which restricts discovery to non-privileged matters "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (as amended Dec. 1, 2015); *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."). The amended Rule 26 has eliminated the court's authority "to order discovery of *any* matter relevant to the subject matter involved in the action," without consideration of its proportionality to the needs of the case. *Sky Med. Supply Inc.*, 2017 WL 1133349, at *3 (emphasis added); *see Sibley v. Choice*

---

[2] *Id.* at 3, ¶ 7. Notably, the TCA Subpoena lists all named plaintiffs from the FACC, which includes named plaintiffs not properly the subject of discovery at this time in the MDL. *See* Order No. 114, Dkt. No. 3431).

[3] As this Court has previously explained: "The [attorney-client] privilege…serve[s] both to protect the attorney-client relationship and to permit attorneys to carry out their duties fully. [It] 'promote[s] unfettered communication between attorneys and their clients so that the attorney may give fully informed legal advice'…" Opinion and Order, Dkt. No. 1747 at 7 (citing *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995)).

The Honorable Jesse M. Furman
May 11, 2017
Page 3

*Hotels Int'l*, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case'").

The TCA Subpoena is neither relevant nor proportional to the needs of the case. It seeks "[a]ny and all documents reflecting or containing communications between [TCA] and [Lead Counsel], or any other law firm representing individuals in disputes relating to [New GM]'s recall of any vehicles."[4] It also seeks "[a]ny and all documents reflecting or containing referral fee agreements between [TCA] and [Lead Counsel], or any other law firm representing individuals in disputes relating to [New GM]'s recall of any vehicles."[5] Lead Counsel's private communications and business decisions regarding case advertising have no bearing on the claims or defenses at issue in this MDL, and New GM should be required to show good cause—that the requested documents are necessary to establish its claim or defense, or that denial of production would unduly prejudice the preparation of its case or cause it hardship or injustice—for such information. *See Sensytrol Corp. v. Radio Corp. of Am.*, 18 F.R.D. 279, 280 (S.D.N.Y. 1955) ("On [a motion to quash], the party serving the subpoena is required to make the same showing of 'good cause' as is required by Rule 34, F.R.C.P.").

The TCA Subpoena is New GM's thinly-veiled attempt to fish for evidence of improper solicitation of plaintiffs, despite all evidence to the contrary. The named plaintiffs who connected with Lead Counsel through TCA testified that they were contacted by Lead Counsel only after they requested more information about the case and none have been promised any remuneration for their participation. This testimony is supported by Lead Counsel's retainer agreements, which have been produced to New GM. New GM has questioned named plaintiffs about these retainer agreements and, again, come up empty-handed with regard to evidence of impropriety. Even if the Court deems the TCA Subpoena relevant, the scope of the information sought is disproportionate to any ostensible benefit, particularly where New GM's suspicions are unsupported by the record.

**Conclusion**

The TCA Subpoena seeks privileged and irrelevant information, and should be quashed.

---

[4] Ex. A, TCA Subpoena at 2, ¶ 1.
[5] *Id.* at 2, ¶ 2.

The Honorable Jesse M. Furman
May 11, 2017
Page 4

Respectfully submitted,

| /s/ Steve W. Berman | /s/ Elizabeth J. Cabraser | /s/ Bob Hilliard |
|---|---|---|
| Steve W. Berman | Elizabeth J. Cabraser | Bob Hilliard |
| **Hagens Berman Sobol Shapiro LLP** | **Lieff Cabraser Heimann & Bernstein, LLP** | **Hilliard Muñoz Gonzales L.L.P.** |
| 1918 Eighth Ave. | 275 Battery Street | 719 S Shoreline Blvd |
| Suite 3300 | 29th Floor | Suite #500 |
| Seattle, WA  98101 | San Francisco, CA  94111-3339 | Corpus Christi, TX 78401 |
| -and- | -and- | |
| 555 Fifth Avenue | 250 Hudson Street | |
| Suite 1700 | 8th Floor | |
| New York, NY 10017 | New York, NY  10013-1413 | |

cc:   All Counsel of Record (via ECF)