# Exhibit A

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>IN RE: GENERAL MOTORS, LLC IGNITION SWITCH LITIGATION<br><br>THIS DOCUMENT RELATES<br>TO:   ALL ACTIONS | 14-MD-2543 (JMF) |

## NOTICE OF THIRD-PARTY SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, General Motors will serve the attached subpoena on Top Class Actions, LLC.  This subpoena requires Top Class Actions, LLC to produce the material described therein at Bowman and Brooke LLP, 2901 N. Central Ave., #1600, Phoenix, AZ 85012, on May 12, 2017.

Dated:  April 27, 2017
      Chicago, IL

/s/ *R. Allan Pixton*
R. Allan Pixton
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL  60654-3406
Phone:  312-862-2000
Fax:  312-862-2200
Email:  allan.pixton@kirkland.com

*Attorney for Defendant General Motors LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2017 I electronically served the foregoing notice of third-party subpoena on Lead Counsel for the MDL Plaintiffs, MDL Plaintiffs' Liaison Counsel, and MDL Plaintiffs' Federal/State Liaison Counsel as set forth MDL 2543 Order No. 8.

*/s/ R. Allan Pixton*
R. Allan Pixton
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Phone:  312-862-2000
Fax:  312-862-2200
allan.pixton@kirkland.com

*Attorney for Defendant*
*General Motors LLC*

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 1:14-md-02543-JMF Document 3963-1 Filed 05/11/17 Page 5 of 14

# UNITED STATES DISTRICT COURT
for the

_Southern District of New York

| | | |
|---|---|---|
| IN RE: GENERAL MOTORS, LLC, IGNITION SWITCH LITIGATION<br>*Plaintiff*<br>v.<br>THIS DOCUMENT RELATES TO: ALL ACTIONS<br>*Defendant* | ) ) ) ) ) ) ) | Civil Action No. 14-MD-2543 (JMF) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Top Class Actions, LLC, c/o United States Corporation Agents, Inc., Registered Agent,
17470 N. Pacesetter Way, Scottsdale, Arizona 85255

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: | Bowman and Brooke LLP<br>2901 N. Central Ave., #1600<br>Phoenix, AZ 85012 | Date and Time: | May 12, 2017 |
|---|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/28/2017

| *CLERK OF COURT* | OR | /s/ R. Allan Pixton |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* General Motors LLC , who issues or requests this subpoena, are:
R. Allan Pixton, 300 North LaSalle, Chicago, Illinois 60654; allan.pixton@kirkland.com; (312) 862-2000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.     14 MD 2543 (JMF)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Top Class Actions, LLC

on *(date)*                .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**ITEMS TO BE PRODUCED**

You are requested to produce the documents described below. Definitions and instructions immediately follow the list of documents to be produced.

1. Any and all documents reflecting or containing communications between you and any past or present employee, agent, contractor, consultant, attorney, or person otherwise affiliated with Hagens Berman Sobol Shapiro LLP, Hilliard Muñoz Gonzales LLP, Lieff Cabraser Heimann & Bernstein, LLP, or any other law firm representing individuals in disputes relating to General Motors LLC's recall of any vehicles.

2. Any and all documents reflecting or containing referral fee agreements between you and Hagens Berman Sobol Shapiro LLP, Hilliard Muñoz Gonzales LLP, Lieff Cabraser Heimann & Bernstein, LLP, or any other law firm representing individuals in disputes relating to General Motors LLC's recall of any vehicles.

3. Any and all documents or communications related to NHTSA Recall Nos. 14V047, 14V355, 14V396, 14V400, 14V346, 14V118, and 14V153.

4. Any and all documents or communications related to the following vehicles and model years: 2005-2010 Chevy Cobalt; 2006-2011 Chevy HHR; 2007-2010 Pontiac G5; 2007-2010 Saturn Sky; 2003-2007 Saturn ION; 2006-2010 Pontiac Solstice; 2005-2009 Buick Lacrosse; 2000-2014 Chevrolet Impala; 2000-2005 Cadillac Deville; 2006-2011 Cadillac DTS; 2006-2011 Buick Lucerne; 2000-2008 Chevrolet Monte Carlo; 2003-2014 Cadillac CTS; 2004-2006 Cadillac SRX; 1997-2006 and 2008-2009 Chevrolet Malibu; 2000-2005 Pontiac Grand Am; 2004-2008 Pontiac Grand Prix, 1998-2002 Oldsmobile Intrigue; 1999-2004 Oldsmobile Alero; 2010-2014 Chevrolet Camaro; 2008-2013 Buick Enclave; 2009-2013 Chevrolet Traverse; 2008-2013 GMC Acadia; 2008-2010 Saturn Outlook; 2004-2006 Chevrolet Malibu Maxx; 2005-2006 and 2008-2009 Pontiac G6; and 2008-2009 Saturn Aura.

5. Any and all documents or communications related to *In Re: General Motors, LLC, Ignition Switch Litigation* (14-MD-2543 (JMF)).

6. Any and all documents or communications relating to individuals or entities who signed up through one of your websites to join any investigation relating to any recall issued by General Motors LLC.

7. Any and all documents or communications relating to the following individuals: Akers, Brad; Albert, Harry; Al-ghamdi, Gareebah; Allshouse, Anna; Amezquita, Michael; Anderson, Sheree; Axelrod, Lisa; Backus, Patricia; Bacon, Dawn; Bagley, Janice; Bainbridge, Gail; Bankhead, L. Rochelle; Barker, Patricia; Basseri, Chimen; Beazer, Wandell Littles; Bedford Auto Sales, Inc.; Belford, Grace; Bellow, Nancy; Benner, Susan; Benton, Sylvia; Benton, Michael; Berg, Raymond; Bernick, William; Bishop, Carter; Blackwell, Jr., Lane; Bosch, Carl; Bosch, Evelyn; Bowens, Stacey; Brown, Helen A.; Brown, Kimberly; Brutche, John Marvin Jr.; Brutche, Trina; Burns, Camille; Burton, Carleta; Burton, Deneise; Byrd, Alexis; Carden, Stephanie Renee; Cartwright, Carla; Cave, Melissa; Cechini, Mary Ann; Cesco, Martha; Chestnut, Marquetta; Cleland, David; Cnossen, Diana; Cole, Debra; Coleman, Carolyn; Companion, Debra; Crockett, Alexis; Crowder, Jennifer; Cummings, Debra; Davis, Janelle; De Vargas, Lorraine; Delacruz, Javier; Deleo, Celeste; Deleo, Robert; Dias, Mary; Dooley, James; Doucette, Shawn; Dowdy, Dale; Draper, Richelle; Dunn, Bruce; Dunn, Jennifer; Echeverria, Alvaro; Edwards, Tracie; Elliott, Colin; Fagans, Frances Ann; Fagans, Nathaniel; Feller, Mark; Ferden-Precht, Joni; Ferguson, Towana; Forbes, Debra; Francis, Heather; Fuller, Alesia; Garcia, Michael; Genovese, Kim; Gilbert, Shirley; Glass, Shelton; Glenn, Valeria; Glover, Joe; Glyttov, Renate; Gooden, Karen; Gordon, Jerrile; Graciano, Michael; Graley, Melinda; Green, Lori; Grooms, Gwendolyn; Hamilton, Deloris; Hand, Paulette; Hardin, Crystal; Hartzell, Phyllis;

3

Haskins, Rhonda; Hawkins, Cynthia; Haynes, Larry; Heckard, Arteca; Henry, Shenyesa; Hensley, Bonnie; Hill, Barbara; Hill, William; Hiller, Tony; Holleman, Heather; Holmes, NormaLee; Holzwarth, Laurie; Hopkins, Annette; Horton, Sandra; Howard, Frances; Hunter, Keisha; Jackson, Wynonia; James, Frances; James-Bivins, Yvonne; Jemison, Pearl; Johnson, Elizabeth D.; Johnson, Felisha; Jones, Dion; Juraitis, Anthony; Justis, Carmel; Kapraun, Charlene; Koppelman, Madelaine; Koppelman, Marc; Lanis, Rafael; Leger, Richard; Legrand, Cassandra; Leonzal, Christine; Lesnansky, Margaret; Levine, Sandra; Liddy, Tajah; Lombardo, Melody; Losbanez, David Andrew; Malaga, Javier; Mancieri, Garrett; Markin, Shawn; Marks, Sophia; Martin, Charles; Mason, Nicole; Mathis, George; Mathis, Jenny; Mattos, Winifred; Mayfield, Kimberly; McClellan, Lisa; McMaster, David; Medina, Cecilia; Mellen, Crystal; Mettee, Bryan; Moore, Gwen; Mosley, Billy; Mulske, Jolene; Murray, Ashley; Naquin, Raymond; Nathan, Keith; Nettleton Auto Sales, Inc.; Newsome, Sharon; Orosco, Santiago; Padilla, David; Painter, Patrick; Parisi, Georgianna; Perillo, Tracey; Pesce, Michael; Pina, Randall; Pollastro, Paul; Price, David; Quagliana, Donna; Quinn, Debra; Ramirez, Esperanza; Rangel, Susan; Reagan, Gene; Redmon, Cliff; Reed, Cheryl; Reeder, Jennifer; Rhine, Eric; Robinson, Kenneth; Robinson, Peggy; Robinson, Ronald; Rodman, Karen; Rodriguez, Yvonne Elaine; Rogers, Valerie Mortz; Romero, Bernadette; Rooney, Michael; Ross, William; Rouse, Les; Rukeyser, William; Saladin, Aminah; Salinas, Erinn; Santiago, Maria E.; Schultz, Scott; Schumacher, David; Semrau, Brian; Senkle, Catherine; Shatek, Cynthia; Shimak, William; Siefke, Bradley; Sileo, Steven; Simmons, Lisa; Skinner, Bryon; Skinner, Tonya; Smith, Christy; Smith, Gerald; Smith, Jacqueline; Smith, Kimberly; Smith, Youloundra; Smoke, Marion; Sobelman, Harvey; Stafford, Malinda; Stefano, Mario; Steidle, Steven; Stewart, Elizabeth; Sullivan, Jennifer; Talbot, Dawn; Taylor, Bonnie; Taylor, Jacqueline; Teicher, Lisa; Terry,

Nathan; Theobald, Greg; Thomas, Michelle; Tilson, Leland; Tindell, Louise; Tinen, Christopher; Tivin, Annet; Tomlinson, Blair; Torres, Irene; Troiano, William; Tucker, LaTonia; Turner, Clifford; Viens, Susan; Walker, Verlena; Wallace, Bryan; Walther, Dennis; Walton, Silas; Washington, Michelle; Welch, Reggie; West, Lisa; Wieters, Ray; Wilborn, Barry; Williams, Edith; Williams, Neysa; Wilson, Cindy; Wirtles, Lyle; Witherspoon, Patrice; Wittenberg, Wayne; Wloch, Franklin; Wood, Heidi; Wright, Alphonso; Wright, Bruce; Wright, Denise; Wright, Linda; Wyman, Robert; Young, David; and Zivnuska, Philip

8. Any and all documents or communications reflecting advertisements relating to www.topclassactions.com or any recall issued by General Motors LLC.

## INSTRUCTIONS AND DEFINITIONS

Respond to these requests by searching for documents created on or after February 7, 2014.

For purposes of these requests, the following terms shall have the meaning set forth below:

1. The terms "any" and "all" shall both be construed to mean "any and all" or "each and every."

2. The terms "relate," "related," or "relating" to, means, without limitation, reflecting, identifying, evidencing, describing, discussing, referring to, concerning, constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

3. The term "you" means Top Class Actions, LLC, all of its past and present officers and employees, agents, contractors, consultants, attorneys and law firms, and other persons engaged directly or indirectly by or under the control of Top Class Actions LLC.

4. The term "communication" or "communications" means any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail (including both business and personal email), text messages, computer linkups, written memoranda, and face-to-face conversations; "communication" also includes all documents and ESI containing, summarizing, or memorializing any communication.

5. The term "document" or "documents" includes "communications" as defined above, and has the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including electronically stored information ("ESI"), and includes the original and any identical or nonidentical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to all writings; website postings on http://www.topclassactions.com or any other website maintained or controlled by you; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium

by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.