# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Andrew B. Bloomer, P.C.<br>To Call Writer Directly:<br>(312) 862-2482<br>andrew.bloomer@kirkland.com | 300 North LaSalle<br>Chicago, Illinois  60654<br><br>(312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

December 15, 2017

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *In re: Gen. Motors LLC Ignition Switch Litigation*, 14-MD-2543

Dear Judge Furman:

Pursuant to Order No. 12 § XIII (Docket No. 296), New GM requests an order compelling Lead Counsel to produce the documents withheld in response to New GM's September 22, 2017 Requests For Production ("RFPs") regarding Lead Counsel's advertisements with Top Class Actions, LLC ("TCA") (Exhibit A).  The Court previously rejected Lead Counsel's attempt to quash New GM's subpoena to TCA, concluding that Lead Counsel "fail[ed] to establish that the communications at issue with the third-party TCA are privileged or irrelevant given the broad definition of that term for purposes of discovery."  (5/19/2017 Order, Docket No. 3998).  Based on TCA's representations that consumer submissions in response to Lead Counsel's advertisements were submitted directly to Lead Counsel (*see* Exhibit B), New GM served Lead Counsel with RFPs seeking these documents.  As already established by both this Court and the United States District Court for the District of Arizona (which granted New GM's motion to compel TCA on August 16, 2017, Exhibit C), these documents are clearly relevant, and Lead Counsel have no basis to withhold them from New GM.  The parties have been unable to resolve this issue through the meet-and-confer process, thus necessitating this motion.

### A.     The RFPs Seek Plainly Relevant Documents.

Rule 26 allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevance is "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense."  *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Lead Counsel have summarily asserted that the requests are irrelevant, but such a bald

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
December 15, 2017
Page 2

assertion is insufficient.[1]  *See Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2017 WL 1133349, at *8 (E.D.N.Y. Mar. 24, 2017) (party resisting discovery must show "'specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each [discovery request or] interrogatory is not relevant.'")  Moreover, both this Court and the District Court of Arizona already found that plaintiffs did not establish that the documents sought by New GM were irrelevant. (Docket No. 3998; Exhibit C, D. Ariz. order at 3).

The documents and communications between TCA and the named plaintiffs (as well as absent class members) are relevant to the claims and damages pled in the Fifth Amended Consolidated Complaint ("5ACC").  For instance, the TCA documents—such as, the plaintiff intake forms/questionnaires—are directly relevant to whether a vehicle user experienced an alleged defect while driving (and if so, what defect and the details of that event), and whether they contend (or anyone has told them) that their car has been purportedly damaged in some way because of the alleged defect.[2]

### B.    The RFPs Seek Clearly Non-Privileged Documents.

Lead Counsel assert work product and attorney client privilege over three categories of documents: "Emails [between Lead Counsel and TCA] regarding advertising campaign for In re General Motors, LLC Ignition Switch Litigation" (withheld under work product doctrine); Intake forms sent from putative class members to Lead Counsel and TCA (withheld under work product doctrine); and Intake forms sent from putative class members to Lead Counsel (withheld under

---

[1] Lead Counsel also lodged misguided objections under certain MDL Orders, asserting that the RFPs "seek[] discovery from absent class members" in violation of Order No. 119, and "seek[] discovery related to states other than California, Missouri, and Texas" in violation of Order No. 131. With respect to the former, New GM does not seek to communicate with or obtain documents from absent class members, but merely to obtain documents already in Lead Counsel's possession.  With respect to the latter, the documents are clearly relevant, including to the adequacy of counsel, and there are no limitations on New GM's ability to obtain discovery related to the adequacy of counsel.

[2] In addition, "documents and communications between Lead Counsel and TCA are relevant to Lead Counsel's adequacy to serve as class counsel, especially where their advertisements on TCA do not contain the words "ATTORNEY ADVERTISING" or "include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered," as required by N.Y. R. Prof. Conduct 7.1(f), (h) and similar ethical rules." (Docket No. 3975) Because Lead Counsel's advertisements to, and recruitment of, potential clients is germane to the Rule 23 adequacy requirement, Lead Counsel's relevance objections are unfounded. *See* Rule 23(g)(1)(B) (court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."); Rule 23(g)(1)(C) (court "may order potential class counsel to provide information on any subject pertinent to the appointment…"); *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 623 (S.D. Ill. 2007) ("[C]ourts are allotted sufficient discretion to allow defendants discovery on any consideration, mandatory or optional, pertinent to an inquiry made under Rule 23(g).") Counsel's conduct in MDL 2543 is governed by the New York Rules of Professional Conduct.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
December 15, 2017
Page 3

work product doctrine and attorney client privilege). These assertions are groundless.

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). "The purpose of the doctrine is to establish a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." *Bloomingburg Jewish Educ. Ctr. v. Vill. of Bloomingburg, N.Y.,* 171 F. Supp. 3d 136, 141–42 (S.D.N.Y. 2016) (internal citations omitted). This stated purpose puts the lie to Lead Counsel's contention that emails "regarding [an] advertising campaign" merit work product protection. These emails do not contain any "strategic litigation planning," nor could they give rise to any potential for New GM to "piggyback" on Lead Counsel's work. TCA's singular role was to generate leads, so any discussion of strategy or planning would be well beyond the scope of its engagement with Lead Counsel. The consumer forms cannot conceivably constitute litigation planning. Indeed, they were not even created by Lead Counsel, and "[t]he attorney-work-product doctrine generally does not shield from discovery documents that were not prepared by the attorneys themselves or their agents, in the course of or in anticipation of litigation." *Samad Bros. v. Bokara Rug Co. Inc.*, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010) (internal quotations omitted).

Nor are the consumer forms protected by the attorney client privilege. First, Lead Counsel's unsupported privilege objections are an improper basis on which to withhold documents.[3] Second, many of TCA's consumer forms require users to agree that any information submitted "does not create an attorney-client relationship" and "is not confidential or privileged and may be shared."[4] Furthermore, the TCA website warns that "LEGAL INFORMATION IS NOT LEGAL ADVICE", and each TCA advertisement relating to the MDL that New GM has found contains links to TCA's "Legal Statement"/"Legal Notice," which states that "[c]ontent and/or information provided by User to TCA through this Web site is considered non-confidential and non-proprietary," and that TCA "cannot guarantee that the information you submit to us will not end up in the hands of the company or person that you are complaining about." In fact, consumers had no indication that their forms were submitted directly to any attorney at all, foreclosing any argument that they were submitted for the purpose of soliciting legal advice. As such, these documents are non-privileged and should be produced.

---

[3] "Such a blanket claim of privilege is improper." *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982); *Colton v. U.S.*, 306 F.2d 633, 639 (2d Cir. 1962) (documents "acquire[] no special protection from the simple fact of being turned over to an attorney"); *Bloomingburg*, 171 F.Supp.3d 136, 144 (S.D.N.Y. 2016) (overruling privilege objections where party "failed to conduct the basic work that is a prerequisite to allowing this Court to understand the documents and communications at issue such that it can find in their favor.")

[4] *See*, *e.g.*, Docket No. 3974, n.7

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
December 15, 2017
Page 4

Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:    MDL Counsel of Record