

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
steve@hbsslaw.com

December 20, 2017

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (JMF)

Dear Judge Furman:

  The Court should deny General Motors LLC's motion to compel production of the documents withheld in response to GM's September 22, 2017 Requests for Production regarding Top Class Actions, LLC ("TCA") because the documents are protected by the attorney-client privilege and work product doctrine and are outside the current scope of discovery.

**I. Relevant Factual Background**

  From July 25 to August 25, 2016, Hagens Berman paid TCA to advertise the GM class action and host an electronic form permitting prospective plaintiffs and putative class members to contact Hagens Berman about the case.[1] The firm undertook this campaign to fill holes in representation in certain states for certain defects. Hagens Berman authorized TCA to embed Hagens Berman's own form on TCA's website, under which all submissions come directly to the firm and are inaccessible to any third party, including TCA. From July 25 to July 28, 2016, TCA erroneously embedded its own form and received all incoming submissions. When Hagens Berman discovered the error and alerted TCA, TCA promptly removed its form, replaced it with Hagens Berman's form, and forwarded the submissions already received under TCA's form. From July 28 to August 25, 2016, only Hagens Berman received the online submissions. After August 25, 2016, TCA removed the advertisement and Hagens Berman's form from its site. Lead Counsel has not otherwise advertised this litigation on TCA's site.

  When GM learned about TCA during the economic loss plaintiff depositions, it first subpoenaed TCA and then moved to compel TCA to produce essentially the same documents it seeks from Lead Counsel now. On August 18, 2017, after this Court denied Lead Counsel's motion to quash the TCA subpoena[2] and the District Court of Arizona ordered TCA to produce the subpoenaed documents, Lead Counsel produced to GM the submissions it received from

---

[1] Hagens Berman does not have the advertisement and form as it appeared on TCA's website, but TCA's similar advertisements archived on the Wayback Machine during the same time make clear that the form submission is for obtaining legal advice (as do its current advertisements). *See, e.g.*, https://web.archive.org/web/20160727130-906/https://topclassactions.com/lawsuit-settlements/lawsuit-news/340385-california-delivery-driver-misclassified-employee-class-action-lawsuit-investigation/ (last visited Dec. 19, 2017).

[2] There, this Court did not have before it whether GM could discover the Privileged Submissions or whether the work product doctrine shielded the Emails and Commingled Submissions from discovery.

10440-11  1005446 V1

December 20, 2017
Page 2

eight economic loss plaintiffs via TCA's form that were subject to existing discovery.[3] On August 30, 2017, the Court stayed "[d]iscovery related to FACC plaintiffs and FACC plaintiffs' claims outside of the Bellwether States." Order No. 131 (ECF # 4499) ¶ 5.

On September 22, 2017, GM propounded RFPs seeking documents related to TCA on Lead Counsel, not the economic loss plaintiffs. Def.'s Mot. (ECF # 4875) at Ex. A. In response, Lead Counsel pointed to the previously produced submissions from eight named plaintiffs and withheld the following responsive documents under various objections:[4] (1) 447 electronic form submissions received via TCA's form between July 25-28, 2016, which TCA forwarded to Hagens Berman (the "Commingled Submissions");[5] (2) 50 emails exchanged between Hagens Berman employees Heidi Waggoner and Ashley Klann and TCA employees Scott Hardy and Courtney Jorstad from July 21 to August 8, 2016, generally discussing the GM advertising campaign, including its cost, time period, and form problem and correction (the "Emails"); and (3) an unknown number of submissions received from July 28 to August 25, 2016, via Hagens Berman's proprietary form (the "Privileged Submissions"). The Privileged Submissions were received by Hagens Berman only. But because Hagens Berman was running its form on its own website while it was also on TCA's website from July 28 to August 25, 2016, it cannot determine whether the submissions were sent by someone visiting the Hagens Berman website or the TCA website, and therefore a portion of the Privileged Submissions *may* have been "made available to [Lead Counsel] by Top Class Actions, LLC." *See* Def.'s Mot. at Ex. A, Nos. 1-4.

## II. The Privileged Submissions are confidential communications received from prospective clients seeking legal advice.

A prospective client's confidential communications to an attorney to obtain legal advice are protected by the attorney-client privilege. *See Diversified Grp., Inc. v. Daugerdas*, 304 F. Supp. 2d 507, 512 (S.D.N.Y. 2003) (noting privilege designed to "encourage full and frank communication" between counsel and client and protects client-to-attorney communications "made in pursuit of or in facilitation of the provision of legal services"); *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 803 (S.D.N.Y. 1991) (attorney-client relationship can be established even if the attorney ultimately is not retained); *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) (finding privilege protects "the giving of information to the lawyer to enable him to give sound and informed advice"). Here, vehicle owners submitted information to Hagens Berman to determine whether they had legal claims in a putative class action. These communications were received and kept confidentially, and Hagens Berman cannot waive this privilege.[6] *See Maloney v. Sisters of Charity Hosp.*, 165 F.R.D. 26, 29 (W.D.N.Y. 1995) (privilege belongs to client and cannot be waived by attorney without client's consent); *see also Barton v. United States Dist. Court*, 410 F.3d 1104, 1110-11 (9th Cir. 2005) (finding online consumer submissions to law firm in class case privileged even where the website disclaimed confidentiality). TCA's website is explicitly clear that the form submissions go to an attorney (e.g., "an attorney will contact you to discuss the details of your potential case"), and that the webpage is a paid attorney advertisement, even identifying the attorney sponsoring the ad. So consumers knew or should have known that their submissions were going to an attorney based

---

[3] Only twenty named plaintiffs contacted Hagens Berman via TCA's form, and nine were dismissed before GM served the RFPs at issue here.
[4] Pls.' Ex. 1 (RFP Responses); Pls.' Ex. 2 (Privilege Log).
[5] GM's email with TCA indicates that GM already has the Commingled Submissions and the Emails. *See* Def.'s Mot. at Ex. B.
[6] Hagens Berman's privilege log comports with Local Civil Rule 26.2, *see* Pls.' Ex. 2, so its privilege objections are neither "blanket" nor "unsupported." *See* Def.'s Mot. at 3 n.3.

December 20, 2017
Page 3

on the plain and obvious language preceding the form, and GM cites no evidence to the contrary.[7] Because the Privileged Submissions are attorney-client privileged, they are undiscoverable regardless of relevance. *See* Fed. R. Civ. P. 26(b)(1).

**III.    The Privileged Submissions, Emails, and Commingled Submissions are protected from discovery by the work product doctrine.**

Documents prepared in anticipation of litigation by or for a party or its representative, including the party's attorney or agent, are undiscoverable unless the party seeking the information can show "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). A document is prepared in anticipation of litigation if, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998); *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 102 (S.D.N.Y. 2009) (finding work-product doctrine extends not only to documents containing "legal theories and strategy," but also to factual material). All of the withheld documents are protected under the doctrine because they were created or obtained by Hagens Berman or its paid agent, TCA, expressly for this MDL and specifically to find named plaintiffs to bolster class representation for the benefit of the putative classes. Both the Privileged and Commingled Submissions sought and yielded qualified class representatives to fill representation gaps in the class. Likewise, the Emails[8] were created to further the class representative search by hiring TCA to run an advertising campaign seeking prospective plaintiffs. GM cannot show substantial need for these documents when (1) GM already obtained them from TCA via subpoena, and (2) GM already propounded written discovery and deposed named plaintiffs about *the very facts* it now claims it must obtain from the Privileged and Commingled Submissions. *See* Def.'s Mot. at 2; *Barton*, 410 F.3d at 1112 (holding defendant "cannot be permitted access to a communication that a plaintiff made confidentially to his lawyer in order to compare it to what the same individual said at a deposition"). And GM may not "piggyback" on Lead Counsel's work by demanding putative class member information procured through Lead Counsel's efforts and funds. *See* Def.'s Mot. at 3.

**IV.    GM's RFPs were improperly served on a non-party and seek documents outside the current discovery bounds.**

"A party may serve ***on any other party*** a request within the scope of Rule 26(b)" for production of documents. Fed. R. Civ. P. 34(a) (emphasis added). Lead Counsel is not a party to the litigation and therefore not subject to requests for production. By propounding the RFPs on Lead Counsel rather than named plaintiffs, GM seeks to circumvent the Court's stay on plaintiffs and claims outside the bellwether states and avoid the Court's limits on absent class member discovery, *see* Order No. 119 (ECF # 3568), so that GM can yield discovery to which it is not entitled.

GM's motion to compel is a fishing expedition and a waste of time. It obtained the documents from TCA that it now seeks from Lead Counsel, but continues to push the boundaries of privilege so that it can fish for impropriety and benefit from Lead Counsel's work product. GM's motion should be denied.

---

[7] TCA's disclaimers emphasize that the ad's information and advice comes from a paying attorney, ***not TCA itself***.
[8] The Emails are also irrelevant because TCA and Hagens Berman's private correspondence was not directed at putative class members and therefore cannot bear on Lead Counsel's adequacy.

December 20, 2017
Page 4

                                                  Respectfully Submitted,

                                                  */s/ Steve W. Berman*
                                                  Steve W. Berman
                                                  **Hagens Berman Sobol Shapiro LLP**
                                                  1918 Eighth Avenue, Suite 3300
                                                  Seattle, WA 98101
                                                             -and-
                                                  555 Fifth Avenue, Suite 1700
                                                  New York, NY 10017

cc:      Counsel of Record for the Defendants