

K. Camp Bailey
Marathon Oil Tower
5555 San Felipe St., Suite 900
Houston, TX 77056
Telephone: 713-425-7100
FAX: 713-425-7101
Email: cbailey@bpblaw.com

February 15, 2018

Filed Via ECF
The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543

Honorable Judge Furman:

  Pursuant to Paragraph (V) of Order No. 140 (Doc. 4967), Bailey Peavy Bailey Cowan Heckaman, PLLC (hereinafter "BPB") writes to apprise the Court of the parties' recent mediation efforts undertaken with the assistance of mediator Robert Black of Mehaffy Weber, and to propose necessary modifications to the presently contemplated "Wave One" discovery plan.

### A. Status of Mediation Efforts with Mr. Black

  On Friday, February 9, 2018, at the Court's direction, counsel for the BPB Plaintiffs (Ken Bailey, Camp Bailey, and Laurence Tien) and counsel for New GM (Wendy Bloom and Kyle Dreyer) participated in a day-long mediation with Mr. Black. Although the parties reached no resolution, Mr. Black has indicated that he was encouraged by the parties' progress and about the prospects for potential resolution. BPB is encouraged by the mediator's enthusiasm for potentially bridging the gap between the parties.

  However, BPB believes that certain aspects of the negotiations are contributing to a present (and past) failure to resolve the cases. From BPB's perspective, for example, New GM made individual settlement offers to 323 of BPB's clients weeks before the mediation, as the Court is already aware, the total of which was lower than any previous aggregate settlement offer New GM had made to settle BPB cases.[1] At the mediation, New GM returned to its aggregate settlement position, but despite repeated requests by BPB to the mediator, New GM did not identify during the mediation the particular BPB clients' cases it was including in any aggregate settlement offers; more to the point, New GM stated it was unwilling to settle all of BPB's clients' cases on file in the MDL but did not identify which cases it *was* willing to settle. (Days after the mediation,

---

[1] *See* 1/8/18 MDL Status Conf. Tr. at 78:18-25.

counsel for New GM provided BPB a list of the MDL cases it was willing to settle.) Despite "flying blind" in that respect at the mediation, BPB substantially reduced its aggregate demands.

Now, BPB believes it is New GM's intent, if the parties are unsuccessful in resolving all or most of the MDL cases *en masse* through Mediator Black in the very near future, to return to the individual settlement approach (and presumably lower individual amounts). New GM's shifting overall settlement baseline and transitioning between aggregate and individual settlement efforts are not helping settlement efforts. Still, like New GM, BPB is hopeful that continued negotiations with Mediator Black will be fruitful, and BPB asks the Court for additional time (at least 21 days) to see that process through. From Mediator Black's continued desire to push the parties towards resolution even after the formal mediation session, he apparently has his own views regarding the timeline and prospects for potential aggregate resolution.

BPB simply seeks fair, not premium, values for its clients' cases through settlement. BPB may be the last firm with a large number of cases before the MDL, but BPB did not ask to be in this position—instead, it has been engaging in settlement discussions for years in accordance with New GM's desire to discuss settlement. BPB demonstrated its commitment to resolution before trial in the *Dodson* case, a BPB case that (as the Court will recall) settled last fall. The *Dodson* settlement "negotiations" lasted mere hours, not days, weeks, or years. Despite the parties' speedy resolution of *Dodson*, literally years of discussions between New GM and BPB have produced mostly stalemates until Mediator Black's involvement. BPB is fearful, however, that significant additional costs added to the cases either by individual mediations or the Wave One approach proposed by New GM (discussed below) will greatly impair settlement prospects.

### B. The Wave One Discovery Plan: 39 BPB Plaintiffs

On February 10, 2018, New GM served on Co-Lead Counsel its preliminary list of plaintiffs who New GM asserts should be subject to "Wave One" case-specific discovery, pursuant to the Court's comments during the February 7, 2018 telephonic conference. (*See* Ex. A, email & attachment from R. Smith to R. Hilliard et al., Feb. 10, 2018.) New GM's list includes **39 BPB clients**—nearly half the list of 100 cases. (*See id.*)

Although the Court's ultimate order on the "Wave One" program is still forthcoming, if the Court enters an order akin to New GM's proposal in its January 22, 2018 letter, fact discovery in all 39 cases would need to be completed in a little over 100 days. This means a minimum of 4 fact depositions (but perhaps as many as 6-9) per case (roughly up to 351 depositions in 100 days for the BPB cases alone). Each of the cases would require at least one expert report (but perhaps 2-3 or more, depending on the case) to be produced over a slightly longer time period. The expense that such a plan would add to the cases would potentially render those cases "unsettle-able" at or anything near current proposed values, and would essentially result in the total abandonment of any settlement progress to date. More specifically, the quickly mounting costs would soon extinguish any hopes to settle such cases before trial because the expenses on such cases would likely overwhelm any predictable future settlement offers from New GM.

Hon. Jesse M. Furman
February 15, 2018
Page 3

It follows that applying the plan to the 39 BPB plaintiffs would all but guarantee that cases surviving Wave One discovery and motion practice *will go to trial*, whether it be here in this Court or elsewhere, based on the amount of money and effort that will have been invested in each case; thus, rather than serving the MDL purposes of judicial efficiency and expedient resolution,[2] the parties will be trying these cases for many years to come. Put simply, as it currently stands, the execution of the Wave One Discovery Plan with respect to 39 BPB clients will only drive up litigation costs and simultaneously drive New GM and BPB further apart in terms of reaching resolution.

Moreover, it is unjust for large tranches of BPB's cases to be submitted to "fast-track" resolution to which none of the other MDL plaintiffs' firms' cases have been subjected. The burden imposed by the Wave One program is new to this MDL, which has never before engaged in an expedited "wheat from the chaff" separation in the past and which has previously recognized the weight of similar burdens on plaintiffs' counsel.[3] Again, simply because BPB finds itself at the "back of the line" does not mean its cases are not on equal footing with those cases that have previously been resolved through this MDL. It simply means there is something unique to the negotiations between New GM and BPB's clients that warrants additional time and attention, as described above.

### C. Proposed Modifications to the Wave One Plan

At the January 8, 2018 Status Conference, the Court directed BPB and New GM to "enlist Mr. Black ASAP, and . . . report back to me in a month where things stand."[4] The Court further stated that if such efforts had not been fruitful by that time, "[N]ew GM and Mr. Bailey can tell me if they have not been successful, [and] where you see things going from there out."[5]

Thereafter, during an abruptly scheduled telephonic conference on February 7, 2018 and *before the mediation with Mr. Black could occur* due to counsel for New GM requesting that the original date (February 7, 2018) be postponed until February 9, 2018, the Court indicated that it would adopt New GM's proposed Wave One discovery plan. At that point, New GM and BPB had not had an opportunity to mediate and report back to the Court as the Court requested on January 8, 2018. Furthermore, during the February 8, 2018 teleconference, the Court stated that it would be open to alternative ideas for resolving the remaining cases in the MDL.[6] In light of the above concerns, BPB proposes modifications to the currently contemplated Wave One discovery

---

[2] *See*, *e.g.*, Manual for Complex Litigation, Fourth, § 10.1 ("In planning and implementing case management, the court should keep in mind the goal of bringing about a just resolution as speedily, inexpensively, and fairly as possible").

[3] *See*, *e.g.*, Order No. 128 (Doc. 4307) at 3 n. 1 (directing the parties to work cooperatively and "negotiate in good faith [the] scheduling [of] depositions requested outside of the [Category C Replacement Case Selections'] fact discovery period to the extent. . . necessary to avoid potential overlap and conflicts for trial counsel in the *Dodson* trial").

[4] 1/8/18 MDL Status Conf. Tr. at 79:1-3.

[5] *Id.* at 79:4-7.

[6] *See* 2/7/18 Telephonic Conf. Tr. at 30:17-18 ("If we need to rethink things or modify things, then we will"); *see also id.* at 30:9-11 ("[I] think it's important to continually rethink things and learn from the experiences that we have had").

3

plan as follows: (1) BPB's participation in the Wave One program should not commence for 21 days from the date of the Court's order establishing the program (to allow for Mediator Black to complete his efforts to reach resolution); (2) the maximum number of BPB cases included in Wave One discovery should be limited to 10 cases, so that the parties may at least attempt to focus on the resolution of those cases in manageable groups while mediation efforts continue with Mr. Black (even past the initial 21-day continuation of formal mediation efforts); (3) the currently contemplated Wave One discovery schedule should be extended approximately 90 days for the BPB Plaintiffs included in Wave One in order to render the program more manageable and to ensure that each plaintiff's case is not rushed to judgment by virtue of logistical and resource difficulties imposed on one firm, and (4) to the extent New GM is willing to settle the BPB Wave One cases, New GM must communicate current individual settlement offers (based on the aggregate settlement values at the mediation) for such cases before the commencement of the program so that BPB may communicate to those clients a current settlement offer versus the costs likely to be incurred in participating in the Wave One program.  The foregoing would help alleviate the disproportionate burden that is being placed upon BPB and its clients, without impairing the progress of settlement negotiations between BPB and New GM.  BPB respectfully requests that the Court consider the reasonable modifications to the Wave One Discovery Plan set forth herein.

                Respectfully submitted,

                *K. Camp Bailey*

                K. Camp Bailey

# EXHIBIT A

| | |
|---|---|
| **From:** | **Smith, Renee D.** rdsm th@k rk and.com |
| **Subject:** | GM/MDL: Pre m nary Wave One L st For D scuss on |
| **Date:** | February 10, 2018 at 11:53 AM |
| **To:** | Bob H ard bobh@hmg awfirm.com, Katr na Ash ey kash ey@hmg awfirm.com, Anne Fornecker anne@h ardshadowen aw.com |
| **Cc:** | B oom, Wendy L. wb oom@k rk and.com, P xton, R. A an a an.p xton@k rk and.com |

Counsel:

Please see attached a preliminary list of the 100 earliest-filed, MDL post-Sale-Order Production Part/Service Part personal injury or wrongful death cases.

Consistent with the Court's comments during the February 7, 2018 telephonic conference, we have excluded from this list: (1) claims subject to Order No. 140 notices/motions (e.g. airbag deployment etc.); and (2) claims from which the Hilliard/Henry law firms have either withdrawn or have moved to withdraw as counsel.

This list is subject to further review and revision, but we would appreciate your thoughts on this list, as we work to provide an agreed-to list to the Court

Thank you,
Renee



**Renee D. Smith**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 2310   **M** +1 312 375 2176
**F** +1 312 862 2200

renee.smith@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.



2018 02 10 Wave…aft.xlsx

| # | Last Name | First Name | Filing Date | Plaintiff's Counsel |
|---|---|---|---|---|
| 1 | Carter | Duane | 2/2/2014 | HEARD ROBINS CLOUD LLP |
| 2 | LAMBETH | KEITH | 7/1/2014 | Rhine Martin; Hilliard |
| 3 | Chaplin | Patricia | 7/17/2014 | RICHARD WERN LAWYERS |
| 4 | NICHOLAS | BRADLEY | 7/29/2014 | Hilliard |
| 5 | WILLIAMS | LISSIE | 7/29/2014 | Hilliard |
| 6 | BEKKEDAHL | KEITH | 7/29/2014 | Hilliard |
| 7 | Hamilton | Stephanie | 8/8/2014 | GALLOWAY TRIGG LLP |
| 8 | Farmer | Tina | 9/19/2014 | PROF. GARY PELLER |
| 9 | Fleming | William | 9/23/2014 | H.S. STEPHEN LEE; DOGALI LAW GROUP |
| 10 | Proctor | Nephthys | 9/23/2014 | H.S. STEPHEN LEE; DOGALI LAW GROUP |
| 11 | SMITH | JESSE | 10/10/2014 | Hilliard |
| 12 | SMITH | TANYA | 10/10/2014 | Hilliard |
| 13 | Hoskins | Judith | 11/21/2014 | GARMER & PRATHER |
| 14 | Hilbert-Robert | Linda | 12/5/2014 | Bailey Peavy Bailey |
| 15 | Duval | Patricia | 12/9/2014 | McGowan, Nichols & Lavin |
| 16 | Duval | David | 12/9/2014 | McGowan, Nichols & Lavin |
| 17 | Brands | Sandy | 12/11/2014 | MICHAEL SHEMTOUB, ESQ. |
| 18 | Leyba | Emma | 12/11/2014 | MICHAEL SHEMTOUB, ESQ. |

| | | | | |
|---|---|---|---|---|
| 19 | Thomas | Walter (obo Katie McLamore) | 2/24/2015 | ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC. |
| 20 | Lambert | Donald | 3/30/2015 | SIMON GREENSTONE PANATIER BARTLETT, PC |
| 21 | Kirchinger | David | 4/3/2015 | SIMON GREENSTONE PANATIER BARTLETT, PC |
| 22 | LINCOLN | MARY | 4/10/2015 | Cellino & Barnes |
| 23 | Pratt | Shirley | 4/23/2015 | Bailey Peavy Bailey |
| 24 | Salter | Elven | 4/23/2015 | Bailey Peavy Bailey |
| 25 | GILLIM | TERRY | 4/23/2015 | Bailey Peavy Bailey |
| 26 | Barrera | Bernice | 5/19/2015 | Bailey Peavy Bailey |
| 27 | Butler-Hardman | Deborah | 5/19/2015 | Bailey Peavy Bailey |
| 28 | Henninger | Carol | 5/19/2015 | Bailey Peavy Bailey |
| 29 | Herrera | Andrew | 5/19/2015 | Bailey Peavy Bailey |
| 30 | Lakits | Beverly | 5/19/2015 | Bailey Peavy Bailey |
| 31 | Luna | Joshua | 5/19/2015 | Bailey Peavy Bailey |
| 32 | New | Norma | 5/19/2015 | Bailey Peavy Bailey |
| 33 | Payton | Davetta | 5/19/2015 | Bailey Peavy Bailey |
| 34 | Prebilski | Stacey | 5/19/2015 | Bailey Peavy Bailey |
| 35 | Smith | Bryce | 5/19/2015 | Bailey Peavy Bailey |
| 36 | Truitt | Alice | 5/19/2015 | Bailey Peavy Bailey |

| | | | | |
|---|---|---|---|---|
| 37 | Williams | Petetoria | 5/19/2015 | Bailey Peavy Bailey |
| 38 | Zias | Rose | 5/19/2015 | Bailey Peavy Bailey |
| 39 | ABRAMS | DOROTHY | 5/19/2015 | Bailey Peavy Bailey |
| 40 | GILLILAND | BENJAMIN | 5/19/2015 | Bailey Peavy Bailey |
| 41 | GILLILAND | JOSEPH | 5/19/2015 | Bailey Peavy Bailey |
| 42 | LEDUFF | KENSHA | 5/19/2015 | Bailey Peavy Bailey |
| 43 | MILLS | BELINDA | 5/19/2015 | Bailey Peavy Bailey |
| 44 | ELLIOT | CORA | 5/29/2015 | Hilliard |
| 45 | WEIDE (aka De Verges) | BRITTANY | 5/29/2015 | Hilliard |
| 46 | Hilton | Jackie | 6/1/2015 | Bailey Peavy Bailey |
| 47 | Van Stratten | Hallie | 6/25/2015 | JAMES H. GUEST |
| 48 | LANKFORD | JENNIFER | 7/16/2015 | Hilliard |
| 49 | GREGORY | BRENDA | 7/16/2015 | Hilliard |
| 50 | BLENNIS | JASON | 8/20/2015 | Hilliard |
| 51 | WILLIAMS | RENDELL | 8/20/2015 | Hilliard |
| 52 | Green | Josiah | 9/3/2015 | WELLER GREEN TOUPS & TERRELL LLP (Canadian claims) |
| 53 | LeBlanc | Adelard | 9/3/2015 | WELLER GREEN TOUPS & TERRELL LLP (Canadian claims) |

| 54 | Marcus | John | 9/3/2015 | WELLER GREEN TOUPS & TERRELL LLP (Canadian claims) |
|---|---|---|---|---|
| 55 | Hinds | Roseann | 9/14/2015 | FEARS NACHAWATI, PLLC |
| 56 | Sylvester | Joseph | 9/14/2015 | FEARS NACHAWATI, PLLC |
| 57 | Uhutch | Marcy | 9/17/2015 | SIMON GREENSTONE PANATIER BARTLETT, PC |
| 58 | Cannon | Pamela | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 59 | DeBusk | Emily | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 60 | Forrester | Yolanda | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 61 | Hackett | Marshall | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 62 | Hilton | Erick | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 63 | Lewis | Michael | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 64 | Moore | Kevin | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 65 | Nedd | Alysha | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 66 | Noice | Jeffrey | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 67 | Schmitt | Alfred | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 68 | Thomas | Towana | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 69 | Turner | David | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 70 | Campbell | Haley | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 71 | Gist | Betty | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |

| | | | | |
|---|---|---|---|---|
| 72 | Reid | Sharon | 9/22/2015 | SANDERS LAW FIRM (PERRY SANDERS) |
| 73 | Tickle | Henry | 9/23/2015 | JACKSON ALLEN & WILLIAMS, LLP |
| 74 | Carletti | Carmen | 9/30/2015 | Bailey Peavy Bailey |
| 75 | Mcclure | Robert | 9/30/2015 | Bailey Peavy Bailey |
| 76 | West | Donald | 9/30/2015 | Bailey Peavy Bailey |
| 77 | Woods | Chantell | 9/30/2015 | Bailey Peavy Bailey |
| 78 | Woods | Elden | 9/30/2015 | Bailey Peavy Bailey |
| 79 | BAKER | APRIL | 9/30/2015 | Bailey Peavy Bailey |
| 80 | COON | JAMES | 9/30/2015 | Bailey Peavy Bailey |
| 81 | COON | TONIA | 9/30/2015 | Bailey Peavy Bailey |
| 82 | MAIDEN | JAKE | 9/30/2015 | Bailey Peavy Bailey |
| 83 | PAPPAS | DOLORES | 9/30/2015 | Bailey Peavy Bailey |
| 84 | Brewer | Reubin | 10/23/2015 | GRANT & EISENHOFER P.A. |
| 85 | Bowman | Ceadora | 10/23/2015 | GRANT & EISENHOFER P.A. |
| 86 | Lancia | Mario (Dion Lancia obo) | 10/23/2015 | GRANT & EISENHOFER P.A. |
| 87 | Lancia | Maureen (Dion Lancia obo) | 10/23/2015 | GRANT & EISENHOFER P.A. |
| 88 | Bernatchez | Sebastian | 12/8/2015 | WELLER GREEN TOUPS & TERRELL LLP (Canadian claims) |

| 89 | Tanguay-Theriault | Melissa | 12/8/2015 | WELLER GREEN TOUPS & TERRELL LLP (Canadian claims) |
|---|---|---|---|---|
| 90 | Lucas | Michael | 12/18/2015 | SHENKAN INJURY LAWYERS, LLC |
| 91 | Zubalik | Emily (Amy Lucas obo) | 12/18/2015 | SHENKAN INJURY LAWYERS, LLC |
| 92 | Hurley | Barbara | 1/29/2016 | ANDERSON, VAUGHN & ALLEN, PLLC |
| 93 | Starks | Dustin (Tina obo) | 1/30/2016 | ANDERSON, VAUGHN & ALLEN, PLLC |
| 94 | Adkins | Margaret | 2/5/2016 | Bailey Peavy Bailey |
| 95 | Almeida-Falcones | Kaii | 2/5/2016 | Bailey Peavy Bailey |
| 96 | Alphonse | Tiffany | 2/5/2016 | Bailey Peavy Bailey |
| 97 | Blackburn | Stephanie | 2/5/2016 | Bailey Peavy Bailey |
| 98 | Carlos | Omar | 2/5/2016 | Bailey Peavy Bailey |
| 99 | Fulp | Zella | 2/5/2016 | Bailey Peavy Bailey |
| 100 | Gamez | Florinda | 2/5/2016 | Bailey Peavy Bailey |