# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 14-MD-2543 (JMF) |
| GENERAL MOTORS LLC | ) | No. 14-MC-2543 (JMF) |
| IGNITION SWITCH LITIGATION | ) | |
| | ) | Hon. Jesse M. Furman |
| *This Document Relates To All Actions* | ) | |
| | ) | |

**DEFENDANT GENERAL MOTORS LLC'S BRIEF REGARDING UNJUST
ENRICHMENT, INCIDENTAL DAMAGES (LOST TIME), AND MANIFEST DEFECT
FOR THE 35 JURISDICTIONS THAT HAVE NOT BEEN THE SUBJECT OF
DISMISSAL MOTION PRACTICE PURSUANT TO ORDER NO. 131**

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654-3406
Phone:  312-862-2000
Fax:  312-862-2200
richard.godfrey@kirkland.com
andrew.bloomer@kirkland.com

*Attorneys for Defendant General Motors LLC*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

ARGUMENT ...................................................................................................................... 4

I.      NEARLY ALL CLAIMS AT ISSUE REQUIRE A MANIFESTED DEFECT TO
RECOVER. ............................................................................................................... 4

        A.      A Majority Of The 35 Jurisdictions Expressly Require A Manifest Defect. .......... 5

        B.      Nine Of The Remaining Jurisdictions Require "Actual Damages" Or
Similarly Limit Recovery Under Their Consumer Fraud Laws. ......................... 19

        C.      Four Jurisdictions Would Follow The Majority View Requiring A
Manifest Defect For Consumer Fraud Claims. ...................................................... 22

        D.      Almost All Of The 35 Jurisdictions Require A Manifest Defect For
Fraudulent Concealment And Implied Warranty Claims. .................................... 24

II.     NO JURISDICTION ALLOWS RECOVERY FOR "LOST TIME" WITHOUT
PROOF OF LOST INCOME. ................................................................................. 30

III.    JURISDICTIONS DO NOT ALLOW UNJUST ENRICHMENT CLAIMS
WHERE THERE IS AN ADEQUATE LEGAL REMEDY OR CONTRACT. .............. 49

        A.      Almost All Jurisdictions Hold That An Adequate Legal Remedy Bars
Unjust Enrichment Claims. ..................................................................................... 49

        B.      Almost All Jurisdictions Bar Unjust Enrichment Claims Where There Is A
Contract, Such As An Express Warranty. ............................................................... 51

CONCLUSION ................................................................................................................. 55

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3801 Beach Channel, Inc. v. Shvartzman*,
  2011 WL 1303812 (E.D.N.Y. Mar. 31, 2011) ........................................................ 44

*A.F. Waite Taxi & Livery Co. v. McGrew*,
  16 Ohio App. 219 (Ohio Ct. App. 1922) ............................................................... 36

*Aaron v. Hampton Motors, Inc.*,
  124 S.E.2d 585 (S.C. 1962) .................................................................................. 33

*ABQ Uptown, LLC v. Davide Enters., LLC*,
  2015 WL 8364799 (D.N.M. Oct. 19, 2015) ..................................................... 50, 52

*Abraham v. WPX Energy Prod., LLC*,
  20 F. Supp. 3d 1244 (D.N.M. 2014) ..................................................................... 50

*Absure, Inc. v. Huffman*,
  584 S.E.2d 507 (W. Va. 2003) .............................................................................. 50

*Adams v. Benson*,
  117 A.2d 881 (Md. 1955) ...................................................................................... 48

*Agnew v. Great Atl. & Pac. Tea Co.*,
  502 S.E.2d 735 (Ga. Ct. App. 1998) ..................................................................... 20

*Aiken v. Moran Motor Co.*,
  165 So. 2d 662 (La. Ct. App. 1964) ...................................................................... 32

*Akers v. Prime Succession of Tenn., Inc.*,
  387 S.W.3d 495 (Tenn. 2012) ......................................................................... 20, 42

*Aldabbagh v. First Am. Title Ins. Co.*,
  2008 WL 4069204 (Ariz. Ct. App. Mar. 6, 2008) ................................................. 54

*Alexander v. Cheaster*,
  164 A. 287 (N.J. 1933) .......................................................................................... 36

*Allison v. Aetna, Inc.*,
  2010 WL 3719243 (E.D. Pa. Mar. 9, 2010) .......................................................... 44

*Alonso v. Blue Sky Resorts, LLC*,
  179 F. Supp. 3d 857 (S.D. Ind. 2016) ................................................................... 32

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Am. Family Mut. Ins. Co. v. Sears, Roebuck & Co.*,
  998 F. Supp. 1162 (D. Kan. 1998) ................................................................. 26

*Ambach v. French*,
  216 P.3d 405 (Wash. 2009) ............................................................................ 42

*Amburgy v. Express Scripts, Inc.*,
  671 F. Supp. 2d 1046 (E.D. Mo. 2009) ..................................................... 38, 44

*Anderson v. Hannaford Bros. Co.*,
  659 F.3d 151 (1st Cir. 2011) .......................................................................... 32

*Anderson v. Stewart*,
  234 S.W.3d 295 (Ark. 2006) ............................................................................ 6

*Anderson v. Young*,
  108 N.W. 298 (Minn. 1906) ........................................................................... 32

*Angeles v. Medtronic, Inc.*,
  863 N.W.2d 404 (Minn. App. Ct. 2015) ......................................................... 43

*Ardis v. Cox*,
  431 S.E.2d 267 (S.C. Ct. App. 1993) ............................................................. 26

*Arena Res., Inc. v. Obo, Inc.*,
  238 P.3d 357 (N.M. Ct. App. 2010) ............................................................... 53

*Armed Forces Ins. Exch. v. Harrison*,
  70 P.3d 35 (Utah 2003) ................................................................................. 26

*Arnett v. Bank of Am., N.A.*,
  874 F. Supp. 2d 1021 (D. Or. 2012) .............................................................. 52

*Arno v. State*,
  195 N.Y.S.2d 924 (N.Y. Ct. Cl. 1960) ........................................................... 48

*Artzner v. A&A Exterminators, Inc.*,
  531 S.E.2d 200 (Ga. Ct. App. 2000) .............................................................. 25

*Atchison, Topeka & Santa Fe Ry. Co. v. Acosta*,
  435 S.W.2d 539 (Tex. Civ. App. 1968) .......................................................... 33

*Atherton v. Tenet Healthcare Corp.*,
  2005 WL 7084013 (S.C. Ct. App. May 25, 2005) ..................................... 52, 54

*B.N. v. K.K.*,
  538 A.2d 1175 (Md. 1988) ............................................................................. 43

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Badame v. J.P. Morgan Chase Bank, N.A.*,
  641 F. App'x 707 (9th Cir. 2016) .................................................................... 31

*Baddeley v. Seek*,
  156 P.23d 959 (Wash. Ct. App. 2007) ............................................................ 26

*Barrett v. Miller*,
  321 S.E.2d 198 (S.C. 1984) ..................................................................... 50, 51

*Bartner v. Carter*,
  405 A.2d 194 (Me. 1979) ................................................................................ 38

*Bates v. Allied Mut. Ins. Co.*,
  467 N.W.2d 255 (Iowa 1991) ......................................................................... 43

*Belville v. Ford Motor Co.*,
  13 F. Supp. 3d 528 (S.D. W. Va. 2014) ......................................................... 15

*Belville v. Ford Motor Co.*,
  60 F. Supp. 3d 690 (S.D. W. Va. 2014) ......................................................... 15

*Bennet v. Mutual of Omaha Ins. Co.*,
  1980 WL 351061 (Ohio Ct. App. Aug. 6, 1980) ............................................ 37

*Berlinski v. Congregation Emanuel of City of New York*,
  289 N.Y.S. 2d 503 (N.Y. App. Div. 1968) ..................................................... 36

*Bigelow v. Nw. Trustee Servs., Inc.*,
  2016 WL 4363199 (W.D. Wash. Aug. 16, 2016) ........................................... 39

*Billions v. White & Stafford Furniture Co., Inc.*,
  528 So. 2d 878 (Ala. Civ. App. 1988) ........................................................... 40

*Blankenship v. CFMOTO Powersports, Inc.*,
  944 N.E.2d 769 (Ohio Ct. Common Pleas Clermont Cnty., Jan. 24, 2011) ............................ 12

*Blue Grass Traction Co. v. Ingles*,
  131 S.W. 278 (Ky. 1910) ............................................................................... 36

*Boldt Co. v. Thomason Elec. & Am. Contractors Indem. Co.*,
  820 F. Supp. 2d 703 (D.S.C. 2007) .......................................................... 52, 54

*Bondi v. Citigroup, Inc.*,
  2005 WL 975856 (N.J. Super. Ct. L. Div. Feb. 28, 2005) ............................. 49

*Borgen v. A & M Motors, Inc.*,
  273 P.3d 575 (Alaska 2012) ........................................................................... 18

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Bossier Chrysler Dodge II, Inc. v. Rauschenberg,*
    201 S.W.3d 787 (Tex. App. 2006) ................................................................. 35

*Boyd v. Johnson & Johnson Consumer Cos., Inc.,*
    2010 WL 3024845 (D.N.J. Aug. 2, 2010) ..................................................... 13

*Boyd v. Johnson & Johnson Consumer Cos., Inc.,*
    2010 WL 2265317 (D.N.J. May 31, 2010) ................................................... 13

*BP Painting, Inc. v. DaimlerChrysler Corp.,*
    2003 WL 26134396 (S.D. Cir. Ct. Mar. 27, 2003) ...................................... 14

*Brashears v. Sight 'n Sound Appliances Ctrs., Inc.,*
    981 P.2d 1270 (Okla. Civ. App. 1999) ........................................................ 48

*Bridgers v. Investors Am., Inc.,*
    267 S.E.2d 801 (Ga. Ct. App. 1980) ........................................................... 43

*Briehl v. Gen. Motors Corp.,*
    172 F.3d 623 (8th Cir. 1999) ............................................................... 6, 8, 9

*Bristol Bay Prods, LLC v. Lampack,*
    312 P.3d 1155 (Colo. 2013) ......................................................................... 25

*Broadhead v. Terpening,*
    611 So. 2d 949 (Miss. 1992) ........................................................................ 50

*Broderick v. Dairyland Ins. Co.,*
    270 P.3d 684 (Wyo. 2012) ........................................................................... 20

*Brooks v. Valley Nat'l Bank,*
    548 P.2d 1166 (Ariz. 1976) ......................................................................... 52

*Browe v. Evenflo Co., Inc.,*
    2015 WL 3915868 (D. Minn. June 25, 2015) .............................................. 26

*Brown v. Richards,*
    840 P.2d 143 (Utah Ct. App. 1992) ............................................................. 28

*Burke v. United States,*
    605 F. Supp. 981 (D. Md. 1985) .................................................................. 36

*Burkenrod v. Breese,*
    1931 WL 2569 (Ohio Ct. App. Mar. 13, 1931) ........................................... 33

*Burlison v. Janssen,*
    141 N.W.2d 274 (Wis. 1966) ................................................................ 33, 48

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Bussian v. DaimlerChrysler Corp.*,
411 F. Supp. 2d 614 (M.D.N.C. 2006) ................................................................... 6

*Butler v. Adoption Media, LLC*,
486 F. Supp. 2d 1022 (C.D. Cal. 2007) ................................................................ 39

*Cabage v. Nw. Trustee Servs., Inc*,
2015 WL 7909545 (Wash. App. Ct. Dec. 1, 2015) ............................................... 34

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) ................................................................................ 41

*Campbell v. Campbell*,
114 S.E.2d 406 (W. Va. 1960) .............................................................................. 50

*Cannon v. Pulliam Motor Co.*,
94 S.E.2d 397 (S.C. 1956) .................................................................................... 33

*Capital Holding Corp. v. Bailey*,
873 S.W.2d 187 (Ky. 1994) .................................................................................. 16

*Carey v. Select Comfort Corp.*,
2006 WL 871619 (Minn. Dist. Ct. Jan. 30, 2006) .................................................. 7

*Carideo v. Dell, Inc.*,
706 F. Supp. 2d 1122 (W.D. Wash. 2010) ............................................................ 22

*Carlile v. Bentley*,
116 N.W. 772 (Neb. 1908) .................................................................................... 33

*Carlson v. Gen. Motors Corp.*,
883 F.2d 287 (4th Cir. 1989) .................................................................................. 6

*Cazabat v. Metro Prop. & Cas. Ins. Co.*,
2000 WL 1910089 (R.I. Super. Apr. 24, 2000) .................................................... 52

*Cheatham v. ADT Corp.*,
161 F. Supp. 3d 815 (D. Ariz. 2016) ..................................................................... 21

*Chen v. Nevada State Gaming Control Bd.*,
994 P.2d 1151 (Nev. 2000) ................................................................................... 25

*Chiconas v. LaPorte*,
1997 WL 784123 (Wis. Ct. App. Dec. 23, 1997) ................................................. 34

*Chin v. Chrysler Corp.*,
182 F.R.D. 448 (D.N.J. 1998) ................................................................................. 9

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*City First Mortg. Corp. v. Barton*,
988 So.2d 82 (Fla. Dist. Ct. App. 2008)................................................................. 41

*City of Bluefield v. Taylor*,
365 S.E.2d 51 (W. Va. 1987) ................................................................................. 50

*Clapp v. Goffstown School Dist.*,
977 A.2d 1021 (N.H. 2009)................................................................................ 52, 53

*Coffey v. Dowley Mfg., Inc.*,
187 F. Supp. 2d 958 (M.D. Tenn. 2002) ............................................................... 22

*Cohen v. Lamko, Inc.*,
462 N.E.2d 407 (Ohio 1984) ................................................................................. 25

*Coker v. DaimlerChrysler Corp.*,
617 S.E.2d 306 (N.C. Ct. App. 2005) ...................................................................... 6

*Collins Holding Corp. v. Defibaugh*,
646 S.E.2d 147 (S.C. Ct. App. 2007) .................................................................... 23

*Collins Music Co. Inc. v. FMW Corp.*,
586 S.E.2d 128 (S.C. 2003) ................................................................................... 44

*Collins v. A-1 Auto Serv., Inc.*,
2011 WL 5531324 (Conn. Super. Ct. Oct. 27, 2011) ........................................... 21

*Combined Am. Ins. Co. v. Morgan*,
214 S.W.2d 145 (Tex. Civ. App. 1948) ................................................................ 37

*Cook v. Cook*,
607 S.E.2d 459 (W. Va. 2004) .............................................................................. 37

*Cooney v. Chicago Pub. Schools*,
943 N.E.2d 23 (Ill. Ct. App. 2010)........................................................................ 40

*Cordial v. Ernst & Young*,
483 S.E.2d 248 (W. Va. 1996) .............................................................................. 26

*Costa v. Del La Femina*,
2006 WL 3201070 (Mass. Super. Ct. Oct. 17, 2006)............................................ 32

*Country Cove Dev., Inc. v. May*,
150 P.3d 288 (Idaho 2006) .................................................................................... 25

*Cox v. Chicago Great W. R. Co.*,
233 N.W. 675 (Minn. 1929) .................................................................................. 37

## TABLE OF AUTHORITIES (CONT'D)

*Craig & Bishop, Inc v. Piles,*
   247 S.W.3d 897 (Ky. 2008) ...................................................................... 47

*Crouch v. Johnson & Johnson Consumer Co.,*
   2010 WL 1530152 (D.N.J. Apr. 15, 2010) ...................................... 11, 16

*Crowe v. Tull,*
   126 P.3d 196 (Colo. 2006) ......................................................................... 48

*Crowell Corp. v. Himont USA, Inc.,*
   1994 WL 762663 (Del. Super. Ct. Dec. 8, 1994) ..................................... 40

*D.R. Horton Inc. v. Dynastar Dev., LLC,*
   2005 WL 1939778 (N.J. Super. Ct. L. Div. Aug. 10, 2005) ..................... 49

*Dalton v. Ford Motor Co.,*
   2002 WL 338081 (Del. Super. Ct. Feb. 28, 2002) ...................................... 8

*Davidson v. Rogers,*
   431 So. 2d 483 (Miss. 1983) ....................................................................... 9

*Davis v. Midwest Dairy Prods. Corp.,*
   58 So. 2d 741 (La. Ct. App. 1952) ...................................................... 31, 47

*Delahunt v. Cytodyne Techs.,*
   241 F. Supp. 2d 827 (S.D. Ohio 2003) ..................................................... 12

*DepoLink Court Reporting & Litig. Support Servs. v. Rochman,*
   64 A.3d 579 (N.J. Super. Ct. 2013) ........................................................... 40

*Dibenedetto v. Sparta Transmissions & Auto Repair, Inc.,*
   2007 WL 2580506 (N.J. Super. Ct. Sept. 10, 2007) ................................. 38

*Dieker v. Case Corp.,*
   73 P.3d 133 (Kan. 2003) ............................................................................ 26

*Discover Bank v. Morgan,*
   363 S.W.3d 479 (Tenn. 2012) .............................................................. 20, 42

*Donahue v. Ledgends, Inc.,*
   331 P.3d 342 (Alaska 2014) ....................................................................... 40

*Dorestin v. Hollywood Imports, Inc.,*
   45 So. 3d 819 (Fla. Dist. Ct. App. 2010) .................................................. 41

*Dossie v. Sherwood,*
   707 S.E.2d 131 (Ga. Ct. App. 2011) ......................................................... 32

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Draisma v. United States*,
    492 F. Supp. 1317 (W.D. Mich. 1980) ............................................................ 36

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
    2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) ..................................................... 38

*Dunn v. Rockwell*,
    689 S.E.2d 255 (W.Va. 2009) ........................................................................... 50

*Durbin v. Ross*,
    916 P.2d 758 (Mont. 1996) ............................................................................... 25

*E. Elec. Corp. v. FERD Constr., Inc.*,
    2005 WL 3447957 (D.N.H. Dec. 15, 2005) ...................................................... 49

*Eckmann v. Nw. Fed. Sav. & Loan Ass'n*,
    436 N.W.2d 258 (N.D. 1989) ............................................................................ 28

*Edel v. Southtowne Motors of Newnan II, Inc.*,
    789 S.E.2d 224 (Ga. Ct. App. 2016) ................................................................. 18

*Edwards v. Zenimax Media Inc.*,
    2012 WL 4378219 (D. Colo. Sept. 25, 2012) ................................................... 13

*Edwards v. Zenimax Media Inc.*,
    2013 WL 2317395 (D. Colo. May 28, 2013) ..................................................... 13

*Ehret v. Uber Techs., Inc.*,
    68 F. Supp. 3d 1121 (N.D. Cal. 2014) .............................................................. 40

*Eichenberger v. Wilhelm*,
    244 N.W.2d 691 (N.D. 1976) ............................................................................ 27

*Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*,
    407 F.3d 1091 (10th Cir. 2005) ......................................................................... 52

*Ellis v. Crockett*,
    451 P.2d 814 (Haw. 1969) ................................................................................. 43

*Everest v. Leviton Mfg. Co.*,
    2006 WL 381832 (Me. Super. Ct. Jan. 13, 2006) ................................... 21, 30, 41

*Everett v. TK–Taito, L.L.C.*,
    178 S.W.3d 844 (Tex. App. 2005) ..................................................................... 22

*Excel Const., Inc. v. HKM Eng'g, Inc.*,
    228 P.3d 40 (Wyo. 2010) ................................................................................... 26

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Farley v. Country Coach Inc.*,
   403 F. App'x 973 (6th Cir. 2010) ................................................................. 32

*Farmers Bank & Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.*,
   171 S.W.3d 4 (Ky. 2005) ............................................................................. 25

*Farr v. Armstrong Rubber Co.*,
   179 N.W.2d 64, 69 (Minn. 1970) ................................................................ 26

*Fazio v. Cypress/GR Houston I, L.P.*,
   403 S.W.3d 390 (Tex. Ct. App. 2013) ......................................................... 29

*FDIC v. First Int'l Bank*,
   1999 WL 114692 (S.D.N.Y. Dec. 7, 1999) .................................................. 44

*Fed. Ins. Co. v. J.K. Mfg. Co.*,
   933 F. Supp. 2d 1065 ................................................................................. 45

*Felix v. Ganley Chevrolet, Inc.*,
   49 N.E.3d 1224 (Ohio 2015) .................................................................. 11, 12

*Finstad v. Washburn Univ. of Topeka*,
   845 P.2d 685 (Kan. 1993) ...................................................................... 14, 15

*Forbes v. Wells Fargo Bank, N.A.*,
   420 F. S. Supp. 2d 1018 (D. Minn. 2006) ................................................... 34

*Ford Motor Co. v. Ocanas*,
   138 S.W.3d 447 (Tex. Ct. App. 2004) ......................................................... 46

*Ford v. St. Louis Metro. Towing, L.C.*,
   2010 WL 618491 (E.D. Mo. Feb. 18, 2010) ................................................ 32

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*,
   960 S.W.2d 41 (Tex. 1998) ......................................................................... 28

*Four R Cattle Co. v. Mullins*,
   570 N.W.2d 813 (Neb. 1997) ...................................................................... 25

*Frank v. DaimlerChrysler Corp.*,
   741 N.Y.S.2d 9 (N.Y. App. Div. 2002) ................................................... 12, 22

*Frederick v. DaimlerChrysler Corp.*,
   2005 WL 1319135 (S.D.N.Y. May 12, 2005) ............................................... 46

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
   2015 WL 4036319 (D. Colo. July 1, 2015) .................................................. 13

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Fryatt v. Lantana One, Ltd.*,
866 So.2d 158 (Fla. Dist. Ct. App. 2004) ............................................................... 31, 47

*Gabriel v. Giant Eagle, Inc.*,
124 F. Supp. 3d 550 (W.D. Pa. 2015) ............................................................... 34

*Gaffin v. Teledyne, Inc.*,
611 A.2d 467 (Del. 1992) ............................................................... 25

*Gainsburg v. Bachrack*,
270 N.Y.S. 727 (N.Y. App. Div. 1934) ............................................................... 29

*Galveston, Houston & San Antonio Ry. Co. v. Eubanks*,
42 S.W.2d 475 (Tex. Civ. App. 1931) ............................................................... 33

*Ganz v. Metropolitan St. R. Co.*,
220 S.W. 490 (Mo. 1920) ............................................................... 37

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*,
2005 WL 6778678 (N.D. Ohio Feb. 22, 2005) ............................................................... 12

*Gerard v. Wells Fargo Bank, N.A.*,
2015 WL 12791416 (C.D. Cal. 2015) ............................................................... 43

*Gerboc v. ContextLogic, Inc.*,
867 F.3d 675 (6th Cir. 2017) ............................................................... 42

*Gibson v. Ky. Farm Bureau Mut. Ins. Co.*,
328 S.W.3d 195 (Ky. Ct. App. 2010) ............................................................... 47

*Glass v. BMW of N. Am., LLC*,
2011 WL 6887721 (D.N.J. Dec. 29, 2011) ............................................................... 10

*Goldberg v. Mallinckrodt, Inc.*,
792 F.2d 305 (2d Cir. 1986) ............................................................... 33

*Goldberg v. Manhattan Ford Lincoln-Mercury, Inc.*,
492 N.Y.S.2d 318 (N.Y. Sup. Ct. N.Y. Cnty. 1985) ............................................................... 39

*Gonzalez v. Pepsico, Inc.*,
489 F. Supp. 2d 1233 (D. Kan. 2007) ............................................................... 15

*Gragg v. Orange Cab Co., Inc.*,
942 F. Supp. 2d 111 (W.D. Wash. 2013) ............................................................... 42

*Gray v. Boston Elevated Ry. Co.*,
102 N.E. 71 (Mass. 1913) ............................................................... 48

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Green v. Bradley Co.*,
   2017 WL 4012298 (D.S.C. Sept. 12, 2017) ........................................................... 27

*Greyhound Corp. v. Ault*,
   238 F.2d 198 (5th Cir. 1956) ................................................................................. 31

*Hale v. Bain Motor Co.*,
   795 P.2d 1006 (N.M. 1990) ................................................................................... 47

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
   719 P.2d 531 (Wash. 1986) ................................................................................... 20

*Hanlon v. AXA Equitable Life Ins. Co.*,
   2016 WL 2968990 (W. Va. May 20, 2016) ..................................................... 53, 54

*Harris v. Penninger*,
   613 S.W.2d 211 (Mo. Ct. App. 1981) .................................................................. 43

*Harrison v. Leviton Mfg. Co.*,
   2006 WL 2990524 (N.D. Okla. Oct 19, 2006) ..................................................... 19

*Havas Motors v. Combs*,
   291 P.2d 907 (Nev. 1995) ..................................................................................... 33

*Hawaii's Thousand Friends v. Anderson*,
   768 P.2d 1293 (Haw. 1989) .................................................................................. 43

*Hayes v. Morris & Co.*,
   119 A. 901 (Conn. 1923) ....................................................................................... 31

*Hecht v. Metzler*,
   48 P. 37 (Utah 1897) ............................................................................................. 29

*Heddon v. North Dakota Workmen's Compensation Bureau*,
   189 N.W.2d 634 (N.D. 1971) ................................................................................ 36

*Hinchliffe v. Am. Motors Corp.*,
   440 A.2d 810 (Conn. 1981) ................................................................................... 21

*Hoffer v. Cooper Wiring Devices, Inc.*,
   2007 WL 1725317 (N.D. Ohio June 13, 2007) .................................................... 12

*Hoffman v. Cogent Sols. Grp., LLC*,
   2013 WL 6623890 (D.N.J. Dec. 16, 2013) .......................................................... 27

*Holmes v. Countrywide Fin. Corp.*,
   2012 WL 2873892 (W.D. Ky. July 12, 2012) ................................................. 32, 33

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Hopping v. Coll. Block Partners*,
    599 N.W.2d 703 (Iowa 1999) ...................................................................................... 36

*HSBC Bank USA v. Resh*,
    2016 WL 525829 (S.D.W. Va. Feb. 8, 2016) ............................................................... 53

*In re Ariz. Theranos, Inc., Litig.*,
    256 F. Supp. 3d 1009 (D. Ariz. 2017) ......................................................................... 21

*In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*,
    2017 WL 2501757 (N.D. Ga. June 9, 2017) ................................................................. 6

*In re Auto. Parts Antitrust Litig.*,
    29 F. Supp. 3d 982 (E.D. Mich. 2014) ....................................................................... 49

*In re Barnes & Noble Pin Pad Litig.*,
    2017 WL 2633398 (N.D. Ill. June 13, 2017) ......................................................... 39, 45

*In re Bridgestone/Firestone, Inc.*,
    288 F.3d 1012 (7th Cir. 2002) ............................................................................. passim

*In re Bryant*,
    111 B.R. 474 (E.D. Pa. 1990) ..................................................................................... 42

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
    2001 WL 1266317 (D.N.J. Sept. 30, 1997) .................................................................. 9

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
    966 F. Supp. 1525 (E.D. Mo. 1997) ........................................................................... 15

*In re Gen. Motors LLC Ignition Switch Litig.*,
    154 F. Supp. 3d 30 (S.D.N.Y. 2015) .......................................................................... 22

*In re Gen. Motors LLC Ignition Switch Litig.*,
    2016 WL 3920353 (S.D.N.Y. July 15, 2016) ......................................................... passim

*In re Gen. Motors LLC Ignition Switch Litig.*,
    257 F. Supp. 3d 372 (S.D.N.Y. 2017) .................................................................... passim

*In re Hannaford Bros. Co. Customer Data Security Breach Litig.*,
    4 A.3d 492 (Me. 2010) ............................................................................................... 34

*In re Myford Touch Consumer Litig.*,
    2016 WL 7734558 (N.D. Cal. Sept. 9, 2016) ............................................................. 46

*In re Philips/Magnavox Television Litig.*,
    2010 WL 3522787 (D.N.J. Sept. 1, 2010) .................................................................. 52

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*In re Sigg Switzerland (USA), Inc. Aluminum Bottles Mktg. & Sales Practices Litig.*,
2011 WL 159940 (W.D. Ky. Jan. 12, 2011) ........................................................................... 16

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012) ................................................................................... 39

*In re SuperValu, Inc.*,
870 F.3d 763 (8th Cir. 2017) ................................................................................................ 44

*In re Syngenta AG MIR 162 Corn Litig.*,
131 F. Supp. 3d 1177 (D. Kansas 2015) ............................................................................... 13

*In re Zurn Pex Plumbing Prods. Liab. Litig.*,
644 F.3d 604 (8th Cir. 2011) ................................................................................................... 7

*Int'l Union of Operation Eng'rs Local No. 68 Welfare Fund v. Merck & Co, Inc.*,
929 A.2d 1076 (N.J. 2007) ................................................................................................... 10

*Iowa State Travelers Mut. Assurance Co. v. Brown*,
485 P.2d 910 (Colo. Ct. App. 1971) ..................................................................................... 31

*Jackson v. Wood*,
859 P.2d 378 (Idaho 1993) ............................................................................................. 16, 17

*Jaffee v. Davis*,
2003 WL 2002783 (Ky. Ct. App. May 2, 2003) .................................................................. 32

*Jarman v. United Indus. Corp.*,
98 F. Supp. 2d 757 (S.D. Miss. 2000) ................................................................................ 8, 9

*Jarvill v. Porky's Equip., Inc.*,
189 P.3d 335 (Alaska 2008) ........................................................................................... 17, 18

*Joel v. Joel*,
43 So. 2d 424 (Miss. 2010) .................................................................................................. 50

*Johnson v. Ross*,
2009 WL 4884374 (S.D.W. Va. Dec. 10, 2009) .................................................................. 53

*Johnston v. Palmer*,
963 So. 2d 586 (Miss. Ct. App. 2007) .................................................................................. 52

*Jolley v. Gen. Motors Corp.*,
285 S.E.2d 301 (N.C. Ct. App. 1982) ................................................................................... 27

*Jones v. Westbrook*,
379 P.3d 963 (Alaska 2016) ................................................................................................. 18

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Jonovich Cos., Inc. v. City of Coolidge,*
   2011 WL 5137180 (Ariz. Ct. App. Oct. 31, 2011) ................................................ 52

*Jordan v. Leon Pickard Chevrolet, Inc.,*
   387 So. 2d 1306 (La. Ct. App. 1980) ................................................ 32

*Jourdain v. Dineen,*
   527 A.2d 1304 (Me. 1987) ................................................ 43

*Julian v. Ralph,*
   206 So. 2d 121 (La. Ct. App. 1968) ................................................ 32

*Jung Keun Kim v. Hansen,*
   359 S.E.2d 253 (N.C. Ct. App. 1987) ................................................ 36

*Kaddo v. King Service Inc.,*
   673 N.Y.S.2d 235 (N.Y. App. Div. 1998) ................................................ 44

*Kantner v. Merck & Co., Inc.,*
   2007 WL 3092779 (Ind. Marion Cnty. Super. Ct. Apr. 18, 2007) ................................................ 17

*Kayman v. Rasheed,*
   31 N.E.3d 427 (Ill. App. Ct. 2015) ................................................ 32

*Kelly v. VinZant,*
   197 P.3d 803 (Kan. 2008) ................................................ 25

*Kenai Chrysler Ctr., Inc. v. Denison,*
   167 P.3d 1240 (Alaska 2007) ................................................ 18

*Keyes v. Bollinger,*
   640 P.2d 1077 (Wash. App. Ct. 1982) ................................................ 42

*Kies v. Binghamton R. Co.,*
   163 N.Y.S. 736 (N.Y. App. Div. 1917) ................................................ 48

*Kim v. Carter's Inc.,*
   598 F.3d 362 (7th Cir. 2010) ................................................ 41

*Kincaid v. SouthTrust Bank,*
   221 S.W.3d 32 (Tenn. Ct. App. 2006) ................................................ 26

*Kinetic Co. v. Medtronic,*
   672 F. Supp. 2d 993 (D. Minn. 2009) ................................................ 7

*Kleef v. Goodman Mfg. Co., L.P.,*
   2015 WL 4512200 (E.D. Ark. July 24, 2015) ................................................ 37

xv

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Kobbeman v. Oleson*,
   574 N.W.2d 633 (S.D. 1998) ...................................................................... 26

*Kornrumpf v. Board of Review, Ohio Bureau of Emp't Servs.*,
   1986 WL 2493 (Ohio Ct. App. 1986) .......................................................... 36

*Kowalke v. Farmers Mut. Auto. Ins. Co.*,
   88 N.W.2d 747 (Wis. 1958) ........................................................................ 33

*Kregos v. Associated Press*,
   3 F.3d 656 (2d Cir. 1993) ............................................................................ 44

*Kuhns v. Scottrade, Inc.*,
   868 F.3d 711 (8th Cir. 2017) ....................................................................... 41

*Lakeview Country Club, Inc. v. Superior Prods.*,
   926 S.W.2d 428 (Ark. 1996) ........................................................................ 26

*Lamasters v. Springer*,
   99 N.W.2d 300 (Iowa 1959) ........................................................................ 25

*Lambert v. Hasson*,
   823 P.2d 167 (Idaho Ct. App. 1991) ........................................................... 36

*Larisa's Home Care, LLC v. Nichols-Shields*,
   404 P.3d 912 (Or. 2017) .............................................................................. 53

*Lee v. Gen. Motors Corp.*,
   950 F. Supp. 170 (S.D. Miss. 1996) ............................................................... 9

*Leeds v. Metro. Gas-Light Co.*,
   90 N.Y. 26 (N.Y. 1882) ............................................................................... 33

*Leon's Bakery, Inc. v. Grinnell Corp.*,
   990 F.2d 44 (2d Cir. 1993) .......................................................................... 22

*Lesser v. St. Louis & S. Ry. Co.*,
   85 Mo. App. 326 (Mo. App. Ct. 1900) ........................................................ 36

*Lewis v. Avila*,
   2011 WL 9933753 (Ill. App. Ct. Feb. 1, 2011) ........................................... 32

*Line v. Astro Mfg. Co.*,
   993 F. Supp. 1033 (E.D. Ky. 1998) ............................................................. 15

*Lloyd v. Smith*,
   142 S.E. 363 (Va. 1928) .............................................................................. 44

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Lohman v. Daimler-Chrysler Corp.*,
166 P.3d 1091 (N.M. Ct. App. 2007) .................................................................................. 23

*Long v. Jim Letts Oldsmobile, Inc.*,
217 S.E.2d 602 (Ga. Ct. App. 1975) .................................................................................... 31

*Louisville & N.R. Co. v. Fletcher*,
69 So. 634 (Ala. 1915) ......................................................................................................... 31

*Lowe v. Philip Morris USA, Inc.*,
183 P.3d 181 (Or. 2008) ....................................................................................................... 20

*Lueras v. BAC Home Loans Servicing, LP*,
163 Cal. Rptr. 3d 804 (Cal. Ct. App. 2013) ........................................................................ 31

*Lux v. Envtl. Warranty, Inc.*,
755 A.2d 936 (Conn. Ct. App. 2000) ................................................................................... 31

*Mahoney v. Boston Elevated Ry.*,
108 N.E. 1033 (Mass. 1915) ................................................................................................ 48

*Mangiardi Bros. Trucking, Inc. v. Dewey Envtl., LLC*,
2013 WL 1856338 (D.N.H. Apr. 30, 2013) ......................................................................... 49

*Marcus v. BMW of N. Am., LLC*,
687 F.3d 583 (3d Cir. 2012) ................................................................................................. 27

*Marquise v. Tri-State Land Co.*,
109 N.W. 397 (Neb. 1906) ................................................................................................... 44

*Martinez v. Nash Finch Co.*,
886 F. Supp. 2d 1212 (D. Colo. 2012) ................................................................................. 13

*Maxwell v. Remington Arms Co., LLC*,
2014 WL 5808795 (M.D.N.C. Nov. 7, 2014) ........................................................................ 6

*McCormick v. Remington Arms Co., Inc.*,
2012 WL 12862823 (W.D. Okla. Sept. 4, 2012) ................................................................... 8

*McKay v. Pac. Bldg. Materials Co.*,
68 P.2d 127 (Or. 1937) ......................................................................................................... 33

*McKee Elec. Co., Inc. v. Carson Oil Co.*,
688 P.2d 1360 (Or. Ct. App. 1984) ...................................................................................... 34

*McKee v. Isle of Capri Casinos, Inc.*,
864 N.W.2d 518 (Iowa 2015) ............................................................................................... 20

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*McLaughlin v. LVNV Funding, LLC*,
   971 F. Supp. 2d 796 (N.D. Ill. 2013) ............................................................. 39

*McLaughlin v. Michelin Tire Corp.*,
   778 P.2d 59 (Wyo. 1989) ............................................................................... 27

*McLean v. GMAC Mortg. Corp.*,
   595 F. Supp. 2d 1360 (S.D. Fla. 2009) ......................................................... 35

*Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*,
   30 F. Supp. 2d 1182 (D. Ariz. 1998) ............................................................. 43

*Mehan v. Gershkoff*,
   230 A.2d 867 (R.I. 1967) ......................................................................... 52, 53

*Midwestern Midget Football Club Inc. v. Riddell, Inc.*,
   2016 WL 3406129 (S.D. W. Va. June 17, 2016) .......................................... 15

*Mintz v. Atl. Coast Line R. Co.*,
   65 S.E.2d 120 (N.C. Ct. App. 1951) .............................................................. 36

*Mktg. Design Source, Inc. v. Pranda N. Am, Inc.*,
   799 A.2d 267 (R.I. 2002) .............................................................................. 27

*Modern Holdings, LLC v. Corning Inc.*,
   2015 WL 1481457 (E.D. Ky. Mar. 31, 2015) ............................................... 16

*Moore v. Lewis*,
   111 S.E.2d 788 (Va. 1960) ............................................................................ 33

*Moore-Davis Motors, Inc. v. Joyner*,
   556 S.E.2d 137 (Ga. Ct. App. 2001) ......................................................... 20, 32

*Mountain State College v. Holsinger*,
   742 S.E.2d 94 (W. Va. 2013) ........................................................................ 50

*Muehlbauer v. Gen. Motors Corp.*,
   2008 WL 4542650 (N.D. Ill. July 22, 2008) ................................................ 26

*Mulford v. Altria Group, Inc.*,
   242 F.R.D. 615 (D.N.M. 2007) ..................................................................... 41

*Mulligan v. QVC, Inc.*,
   888 N.E.2d 1190 (Ill. Ct. App. 2008) ............................................................ 41

*Nash v. GMAC Mortg., LLC*,
   2011 WL 2470645 (D.R.I. May 18, 2011) .................................................... 52

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Nat'l Amusements, Inc. v. New Jersey Turnpike Auth.*,
    619 A.2d 262 (N.J. Super. Ct. L. Div. 1992) ...................................................... 49, 51

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ................................................................................ 46

*Neighborhood Builders, Inc. v. Town of Madison*,
    986 A.2d 278 (Conn. 2010) ................................................................................ 20, 40

*Nichols v. Gen. Motors Corp.*,
    1999 WL 33292839 (N.H. Super. Ct. Dec. 13, 1999) ........................................ 6, 25

*Nieberding v. Barrette Outdoor Living, Inc.*,
    302 F.R.D. 600 (D. Kan. 2014) .......................................................................... 15

*Nielson v. Flashberg*,
    419 P.2d 514 (Ariz. 1966) .................................................................................. 25

*Nodland v. Chirpich*,
    240 N.W.2d 513 (Minn. 1976) ............................................................................ 43

*Normius v. Eckerd Corp.*,
    813 So.2d 985 (Fla. Dist. Ct. App. 2002) .......................................................... 48

*Northstar Founders, LLC v. Hayden Capital USA, LLC*,
    855 N.W.2d 614 (N.D. 2014) ............................................................................ 25

*NTG Telecomms., Inc. v. Int'l Business Machs., Inc.*,
    2000 WL 562745 (E.D. Pa. May 8, 2000) ........................................................ 47

*Nw. Pub. Serv. v. Union Carbide Corp.*,
    115 F. Supp. 2d 1164 (D.S.D. 2000) ................................................................ 14

*Nw. Pub. Serv. v. Union Carbide Corp.*,
    236 F. Supp. 2d 966 (D.S.D. 2002) .................................................................. 14

*O'Neil v. Simplicity, Inc.*,
    574 F.3d 501 (8th Cir. 2009) ........................................................................ 5, 6, 7, 22

*Oddo v. Warren*,
    2008 WL 224077 (Conn. Super. Ct. Jan. 3, 2008) ............................................ 49

*Oil City Iron Works v. S. Bender Supply Co.*,
    85 So. 201 (La. 1920) ........................................................................................ 32

*Orkin Exterminating Co. v. Petsch*,
    872 So.2d 259 (Fla. Dist. Ct. App. 2004) .......................................................... 41

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Page & Wirtz Const. Co. v. Solomon*,
  794 P.2d 349 (N.M. 1990) ................................................................................. 41

*Pantelas v. Montgomery Ward & Co., Inc.*,
  425 N.W.2d 782 (Mich. Ct. App. 1988) ........................................................... 43

*Parke County v. Ropak, Inc.*,
  526 N.E.2d 732 (Ind. App. Ct. 1988) ............................................................... 43

*Pearson v. Philip Morris, Inc.*,
  361 P.3d 3 (Or. 2015) ........................................................................................ 42

*Peery v. Hansen*,
  585 P.2d 574 (Ariz. Ct. App. 1978) ................................................................. 19

*Perkins v. DaimlerChrysler Corp.*,
  890 A.2d 997 (N.J. App. Div. 2006) ................................................................ 10

*Perz v. Pere Marquette Ry. Co.*,
  198 N.W.2d 208 (Mich. 1924) ......................................................................... 47

*Peterson v. Wiesner*,
  146 P.2d 789 (Nev. 1944) ................................................................................. 33

*Petitions of Kinsman Transit Co.*,
  388 F.2d 821 (2d Cir. 1968) ............................................................................. 35

*Pickett v. Town of West Monroe*,
  63 N.Y.S. 30 (N.Y. App. Div. 1900) ............................................................... 36

*Picus v. Wal-Mart Stores, Inc.*,
  256 F.R.D. 651 (D. Nev. 2009) ........................................................................ 23

*Plouffe v. Goodyear Tire & Rubber Co.*,
  373 A.2d 492 (R.I. 1977) .................................................................................. 27

*Porter v. Merck & Co., Inc.*,
  2005 WL 3719630 (Kan. Dist. Ct. Aug. 19, 2005) .................................... 14, 15

*Powell v. Campbell*,
  912 So. 2d 978 (Miss. 2005) ............................................................................ 52

*Powell v. Kan. Yellow Cab Co.*,
  131 P.2d 686 (Kan. 1942) ................................................................................. 32

*Power-Matics Inc. v. Ligotti*,
  191 A.2d 483 (N.J. App. Div. 1963) ................................................................ 55

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Prestige Homes Real Estate Co. v. Hanson,*
   951 P.2d 193 (Or. Ct. App. 1997) ..................................................................... 52

*Quality Mfg. Sys., Inc. v. R/X Automation Solutions, Inc.,*
   2016 WL 2770634 (M.D. Tenn. May 13, 2016) ..................................................... 42

*Randolph v. ING Life Insurance & Annuity Co.,*
   486 F. Supp. 2d 1 (D.D.C. 2007) ..................................................................... 44

*RD & J Props. v. Lauralea-Dilton Enters., LLC,*
   600 S.E.2d 492 (N.C. Ct. App. 2004) ................................................................. 25

*Real Estate Mktg., Inc. v. Franz,*
   885 S.W.2d 921 (Ky. 1994) ............................................................................. 15

*Reed v. Central Soya Co.,*
   621 N.E.2d 1069 (Ind. 1993) ........................................................................... 45

*Reilly v. Ceridian Corp.,*
   664 F.3d 38 (3d Cir. 2011) ............................................................................. 44

*Republic Min. & Mfg. Co. v. Elrod,*
   185 S.W.2d 99 (Ark. 1945) ............................................................................. 29

*Reybold Group, Inc. v. Chemprobe Techs., Inc.,*
   721 A.2d 1267 (Del. 1998) ............................................................................. 26

*Reynolds v. Pionear, LLC,*
   2016 WL 1248866 (E.D. Va. Mar. 25, 2016) ........................................................ 48

*Rice v. Strunk,*
   670 N.E.2d 1280 (Ind. 1996) ........................................................................... 25

*Rich v. BAC Home Loans Servicing LP,*
   2014 WL 7671615 (D. Ariz. Oct. 9, 2014) .......................................................... 43

*Rich v. Bank of Am., N.A.,*
   666 F. App'x 635 (9th Cir. 2016) ..................................................................... 20

*Rieth-Riley Constr. Co., Inc. v. McCarrell,*
   325 N.E.2d 844 (Ind. Ct. App. 1975) ........................................................... 36, 45

*Rodriguez v. Recovery Performance & Marine, LLC,*
   38 So. 3d 178 (Fla. Dist. Ct. App. 2010) ........................................................... 41

*Roundtress v. Singh,*
   533 N.Y.S.2d 609 (N.Y. App. Div. 1988) ............................................................. 45

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Rutherford v. Ohio Finance Co.*,
   1954 WL 8036 (Ohio Ct. Common Pleas Franklin Cnty. Oct. 25, 1954) ................................ 36

*S. Country Post & Beam, Inc. v. McMahon*,
   116 A.3d 204 (R.I. 2015) ................................................................................................ 51

*Salmon v. CRST Expedited, Inc.*,
   2015 WL 1395237 (N.D. Okla. Mar. 25, 2015) ...................................................................... 48

*Schnellmann v. Roettger*,
   645 S.E.2d 239 (S.C. 2007) ............................................................................................. 28

*Schoenlein v. Routt Homes, Inc.*,
   260 S.W.3d 852 (Mo. Ct. App. 2008) ................................................................................ 41

*Scholl v. Grayson*,
   127 S.W. 415 (Mo. Ct. App. 1910) ................................................................................... 36

*Shaver v. N.C. Monroe Constr. Co.*,
   306 S.E.2d 519 (N.C. Ct. App. 1983) ................................................................................ 28

*Shehata v. Salvation Army*,
   225 P.3d 1106 (Alaska 2010) .......................................................................................... 25

*Shelton v. Milam*,
   492 S.W2d 917 (Ten. Ct. App. 1972) ............................................................................... 37

*Simmons v. Author Sol., LLC*,
   2015 WL 4002243 (S.D.N.Y. July 1, 2015) ......................................................................... 13

*Sinclair Refining Co. v. Tompkins*,
   117 F.2d 596 (5th Cir. 1941) .......................................................................................... 37

*Singles v. Union Pac. R. Co.*,
   112 N.W.2d 752 (Neb. 1962) .......................................................................................... 36

*Smallwood v. Bradford*,
   720 A.2d 586 (Md. 1998) ............................................................................................... 48

*Snavely v. Lang*,
   592 F.2d 296 (6th Cir. 1979) .......................................................................................... 35

*Snyder v. Watkins*,
   2008 WL 4376830 (Ohio Ct. App. Sept. 23, 2008) ............................................................. 39

*Sosso v. ESB Bank*,
   2016 WL 3855031 (W.D. Pa. July 15, 2016) ...................................................................... 42

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Spanierman Gallery Profit Sharing Plan v. Arnold*,
  1997 WL 139532 (S.D.N.Y. Mar. 27, 1997) ........................................................ 44

*Spears v. Dizick*,
  234 P.3d 1037 (Or. Ct. App. 2010) ..................................................................... 50

*Spragins v. Sunburst Bank*,
  605 So.2d 777 (Miss. 1992) ................................................................................. 25

*St. Clair v. Gen. Motors Corp.*,
  10 F. Supp. 2d 523 (M.D.N.C. 1998) ................................................................... 27

*Stahl v. St. Elizabeth Med. Ctr.*,
  948 S.W.2d 419 (Ky. Ct. App. 1997) ................................................................... 43

*Staley v. Taylor*,
  994 P.2d 1220 (Or. Ct. App. 2000) ...................................................................... 20

*Stefan v. P.J. Kids, LLC*,
  2005 WL 834208 (Conn. Super. Ct. Mar. 1, 2005) .............................................. 21

*Stephens v. Wheeler*,
  213 N.W. 464 (Wis. 1927) ................................................................................... 29

*Stephenson v. Capano Dev. Co.*,
  462 A.2d 1069 (1983) .......................................................................................... 40

*Stevens v. Saelinger*,
  2011 WL 4388681 (E.D. Ky. Sept. 20, 2011) ...................................................... 43

*Strzakowlski v. Gen. Motors Corp.*,
  2005 WL 2001912 (D.N.J. Aug. 16, 2005) .......................................................... 11

*Sturm v. Harb Dev., LLC*,
  2 A.3d 859 (Conn. 2010) ...................................................................................... 25

*Suarez v. E. Int'l College*,
  50 A.3d 75 (N.J. Super. Ct. App. Div. 2012) ...................................................... 25

*Sumrall Church of Lord Jesus Christ v. Johnson*,
  757 So. 2d 311 (Miss. Ct. App. 2000) ................................................................. 53

*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*,
  971 F.2d 401 (9th Cir. 1992) ............................................................................... 52

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
  2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ..................................................... 13

### TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Taylor v. Philip Morris Inc.*,
2001 WL 1710710 (Me. Super. Ct. 2001)........................................................................ 20, 21

*Thiedemann v. Mercedes Benz*,
872 A.2d 783 (N.J. 2005) ............................................................................................... 11, 40

*Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*,
77 P.3d 1042 (Okla. 2003) ............................................................................................. 19, 42

*Tietsworth v. Harley-Davidson, Inc.*,
677 N.W.2d 233 (Wis. 2004) .......................................................................................... 11, 28

*Tiismann v. Linda Martin Homes Corp.*,
610 S.E.2d 68 (Ga. 2005) ..................................................................................................... 20

*Tilghman v. Dollenberg*,
213 A.2d 324 (Pa. 1965) ...................................................................................................... 29

*Tolliver v. Visiting Nurse Ass'n of Midlands*,
711 N.W.2d 908 (Neb. 2009) .............................................................................................. 44

*Troyk v. Farmers Group, Inc.*,
171 Cal. App. 4th 1305 (Cal. Ct. App. 2009) ..................................................................... 40

*Trustmark Ins. Co. v. Bank One, Ariz., NA*,
48 P.3d 485 (Ariz. Ct. App. 2002) .................................................................................. 49, 52

*Turner v. Shared Towers VA, LLC*,
107 A.3d 1236 (N.H. 2014)................................................................................................... 52

*U.S. Fidelity & Guar. Co. v. Metro. Prop. & Liab. Ins. Co.*,
521 A.2d 1048 (Conn. Ct. App. 1987) ........................................................................... 49, 51

*U.S. Nat'l Bank of Or. v. Fought*,
630 P.2d 337 (Or. 1981) ....................................................................................................... 25

*Umphrey v. Sprinkel*,
682 P.2d 1247 (Idaho 1983) ................................................................................................ 43

*Union Bank v. Jones*,
411 A.2d 1338 (Vt. 1980) ..................................................................................................... 26

*Union Nat'l Life Ins. Co. v. Crosby*,
870 So. 2d 1175 (Miss. 2004) ............................................................................................. 53

*Urling v. Helms Exterminators, Inc.*,
468 So. 2d 451 (Fla. Dist. Ct. App. 1985)........................................................................... 41

## TABLE OF AUTHORITIES (CONT'D)

*USLife Title Co. of Az. v. Gutkin*,
    732 P.2d 579 (Ariz. Ct. App. 1986) ................................................................ 54

*Valley Nissan, Inc. v. Davila*,
    133 S.W.3d 702 (Tex. App. 2003) ................................................................ 39

*Van Orman v. Am. Ins. Co.*,
    680 F.2d 301 (3d Cir. 1982) ........................................................................ 55

*Varner v. Local 641, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO*,
    1971 WL 13073 (Tenn. Ct. App. July 30, 1971) ...................................... 37

*Vaughn v. Consumer Home Mortg. Co., Inc.*,
    470 F. Supp. 2d 248 (E.D.N.Y. 2007) ........................................................ 44

*Vista Chevrolet, Inc. v. Barron*,
    698 S.W.2d 435 (Tex. App. 1985) ................................................................ 34

*Wallis v. Ford Motor Co.*,
    208 S.W.3d 153 (Ark. 2005) ................................................................ passim

*Walls v. Am. Tobacco Co.*,
    11 P.3d 626 (Okla. 2000) ............................................................................ 19

*Walsh v. Al West Chrysler, Inc.*,
    211 S.W. 3d 673 (Mo. Ct. App. 2007) ........................................................ 41

*Walsh v. Ingersoll-Rand Co.*,
    656 F.2d 367 (8th Cir. 1981) ...................................................................... 43

*Walus v. Pfizer, Inc.*,
    812 F. Supp. 41 (D.N.J. 1993) ...................................................................... 9

*Weeks v. Great N. Ry. Co.*,
    175 N.W. 726 (N.D. 1919) .......................................................................... 33

*Weisman v. Middleton*,
    390 A.2d 996 (D.C. 1978) ............................................................................ 48

*West v. Carlson*,
    454 N.W.2d 307 (N.D. 1990) ...................................................................... 29

*Weum v. Mutual Ben. Health & Acc. Ass'n, Omaha*,
    54 N.W.2d 20 (Minn. 1952) ........................................................................ 36

*Whitlock v. Bob Moore Cadillac, Inc.*,
    938 P.2d 737 (Okla. 1997) .......................................................................... 42

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Williams v. Planet Motor Car, Inc.*,
  738 N.Y.S. 2d 170 (N.Y. Civ. Ct. 2001) .................................................................... 34, 35, 46

*Williams v. Stewart*,
  112 P.3d 281 (N.M. Ct. App. 2005) ..................................................................................... 44

*Willis v. Rehab Solutions, PLLC*,
  82 So. 3d 583 (Miss. 2012) ........................................................................................... 50, 52

*Wilson v. Gutierrez*,
  323 P.3d 974 (Or. Ct. App. 2014) ........................................................................................ 50

*Wilson v. Marquette Elecs, Inc.*,
  630 F.2d 575 (8th Cir. 1980) ............................................................................................... 31

*Wilson v. Polaris Indus., Inc.*,
  1998 WL 779033 (Minn. App. Ct. Nov. 10, 1998) .............................................................. 41

*Wilson v. Scruggs*,
  371 F. Supp. 2d 837 (S.D. Miss. 2005) ............................................................................... 50

*Wilson v. Style Crest Prod., Inc.*,
  627 S.E.2d 733 (S.C. 2006) .................................................................................................. 6

*Winslow v. Corp. Express, Inc.*,
  834 A.2d 1037 (N.J. App. Div. 2003) .............................................................................. 52, 55

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
  681 F.3d 1208 (10th Cir. 2012) ............................................................................................. 6

*Winzler v. Toyota Motor Sales USA, Inc.*,
  2010 WL 3064364 (D. Utah Aug. 3, 2010) ........................................................................... 6

*Wood v. Wyeth-Ayerst Labs.*,
  82 S.W.3d 849 (Ky. 2002) ................................................................................................... 16

*WSG W. Palm Beach Dev., LLC v. Blank*,
  990 So. 2d 708 (Fla. Dist. Ct. App. 2008) ........................................................................... 48

*Xydakis v. Target, Inc.*,
  333 F. Supp. 2d 686 (N.D. Ill. 2004) .............................................................................. 40, 41

*Yazdianpour v. Safeblood Techs. Inc.*,
  779 F.3d 530 (8th Cir. 2015) ................................................................................................. 6

*Yost v. Gen. Motors Corp.*,
  651 F. Supp. 656 (D.N.J. 1986) ............................................................................................. 9

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Yu v. Int'l Bus. Machs. Corp.*,
   732 N.E.2d 1173 (Ill. Ct. App. 2000)...................................................................... 12

*Zaino v. Zaino*,
   818 A.2d 630 (R.I. 2003) ...................................................................................... 26

*Zanakis-Pico v. Cutter Dodge, Inc.*,
   47 P.3d 1222 (Haw. 2002) ................................................................................... 43

*Ziegelmann v. DaimlerChrysler Corp.*,
   649 N.W.2d 556 (N.D. 2002) ........................................................................... 6, 13

**Statutes**

13 Pa. Cons. Stat. § 2714(b) .................................................................................. 29, 30

13 Pa. Cons. Stat. § 2725(b) ...................................................................................... 30

73 Pa. Stat. § 201-9.2 ................................................................................................. 42

Ala. Code § 8-19-10 ................................................................................................... 40

Alaska Stat. ¶¶ 45.50.531(a) ...................................................................................... 40

Ark. Code § 4-2-714(2)......................................................................................... 29, 30

Ark. Code § 4-2-725(2)............................................................................................... 30

Ark. Code. Ann. § 4-88-113(f)(1)(A) .................................................................... 20, 40

Cal. Bus. & Prof. Code, § 17204 ............................................................................... 40

Colo. Rev. Stat. § 6-1-113(2)...................................................................................... 13

Conn. Gen. Stat. Ann. ¶ 42-110g(a)........................................................................... 40

Iowa Code § 714H.5 ................................................................................................... 20

Ky. Rev. Stat. § 367.220(1) .................................................................................. 20, 41

La. Rev. Stat. Ann. § 51:1409(A)............................................................................... 41

Me. Rev. Stat. § 213(1)............................................................................................... 20

Miss. Code Ann. § 75-24-15(1) .................................................................................. 41

Mo. Ann. Stat. § 407.025(1) ...................................................................................... 41

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

Mont. Code. Ann. § 30-14-133(1) ................................................................. 41

N.C. Gen. Stat. § 25-2-714(2) ............................................................. 29, 30

N.C. Gen. Stat. § 25-2-725(2) .................................................................. 30

N.D. Cent. Code. § 41-02-104(2) .............................................................. 30

N.D. Cent. Code. § 41-02-93(2) ......................................................... 29, 30

N.H. Rev. Stat. § 382-A:2-714(2) ....................................................... 29, 30

N.H. Rev. Stat. § 382-A:2-725(2) .............................................................. 30

N.H. Rev. Stat. 358-A:10-a ....................................................................... 20

N.J. Stat. Ann. § 56:8-19 .......................................................................... 41

N.M. Stat. Ann § 57-12-10(B) ................................................................... 41

N.Y. U.C.C. § 2-714(2) ........................................................................ 29, 30

N.Y. U.C.C. § 2-725(2) ............................................................................. 30

Neb. Rev. Stat. § 59-1609 ................................................................... 20, 41

Ore. Rev. Stat.  31.710(2)(a) .................................................................... 42

Ore. Rev. Stat. § 646.638 ......................................................................... 42

R.I. Gen. Laws § 6-13.1-5.2(a) .................................................................. 42

S.C. Code § 36-2-714(2) ...................................................................... 29, 30

S.C. Code Ann. § 39-5-140(a) ................................................................... 42

S.D. Cod. Laws § 37-24-31 ....................................................................... 20

Tenn. Code Ann. § 47-18-109(a)(1) ........................................................... 42

Tex. Bus. & Com. § 2.714(b) ............................................................... 29, 30

Tex. Bus. & Com. § 2.725(b) ..................................................................... 30

Tex. Bus. & Com. Code § 17.50(a) ............................................................ 42

Uniform Commercial Code § 2-314 ........................................................... 27

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

Uniform Commercial Code § 2-714(2)...................................................................... 29

Uniform Commercial Code § 2-725(2)...................................................................... 30

Utah Code § 70A-2-714(2) ........................................................................................ 29, 30

Utah Code § 70A-2-725(2) ........................................................................................ 30

W. Va. Code Ann. § 46A-6-106(a)-(b) ..................................................................... 20, 42

Wash. Rev. Code § 19.86.090 .................................................................................. 20, 42

Wis. Stat. § 402.714(2) ............................................................................................. 29, 30

Wis. Stat. § 402.725(2) ............................................................................................. 30

Wis. Stat. Ann. §§ 100.18(11)(b)(2) ........................................................................ 42

Wyo. Stat. Ann. § 40-12-108 .................................................................................... 20

**Other Authorities**

1 McLaughlin on Class Actions § 5:56 & n.15 (13th ed.) .................................... 1, 5

1 Summ. Pa. Jur. 2d Torts § 9:45 (2d ed.) (Jan. 2018 update)................................ 33

1 White, Summers, & Hillman, Uniform Commercial Code § 10:25
   (6th ed.) (Nov. 2017 update) .................................................................................. 27

2 John F. Romano, Litigating Tort Cases §23.3 (2017 update) ............................. 37

2 Stein on Personal Injury Damages § 6.2................................................................ 37

2 Stein on Personal Injury Damages § 9.6 (3d ed. 2017 update)............................. 37

22 Am. Jur. 2d Damages § 155 ................................................................................. 2, 31

25 C.J.S. Damages § 52 ............................................................................................. 2, 31

25 C.J.S. Damages § 82 ............................................................................................. 45

25 C.J.S. Damages §156 ............................................................................................ 37

3 Lawrence G. Cetrulo, Toxic Torts Litigation Guide § 32.15 (Nov. 2017 update) .............. 27

37 C.J.S. Fraud § 141(f)............................................................................................. 43

6 Stuart M. Speiser, et al., American Law of Torts § 18:52 (Dec. 2017 update).................... 27

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

63 AM. JUR. 2D PRODUCTS LIABILITY § 659 (2017 update) ........................................................ 27

67A AM. JUR. 2D SALES § 663 (2017 update) ........................................................................... 27

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.06 (6th ed.) ......................................... 47

## INTRODUCTION

Plaintiffs' positions concerning Order No. 131 issues are replete with unprecedented theories that are contrary to laws requiring manifest defects, fundamental damages principles requiring proof of lost earnings to establish "lost time" damages, and the equitable maxim that unjust enrichment is improper where adequate legal remedies exist.  The error in plaintiffs' approach is best reflected by their position that 29 of the 35 jurisdictions would not require a manifest defect for some or all claims, effectively transforming the Court's recognized "majority view" regarding the centrality of a manifest defect into the minority position.  Plaintiffs also mistakenly posit that every plaintiff can recover for lost "free time," even though no jurisdiction has recognized such a theory and the vast majority have rejected it.  Furthermore, although plaintiffs correctly concede they cannot recover for unjust enrichment in 25 jurisdictions, the remaining 10 in dispute similarly hold that an unjust enrichment claim is barred where a party has an adequate legal remedy or there is an express contract.  The Court should reject plaintiffs' wishful legal interpretations and instead adopt New GM's positions for the 35 jurisdictions.

*First*, this Court has recognized that "the Seventh Circuit and New GM appear to be right that the 'majority view is that there is no legally cognizable injury in a product defect case, regardless of whether the claim is for fraud, violation of consumer protection statutes, breach of warranty, or any other theory, unless the alleged defect has manifested itself in the product used by the claimant.'"  *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 423 n.18 (S.D.N.Y. 2017) ("*FACC MTD Opinion*") (quoting 1 MCLAUGHLIN ON CLASS ACTIONS § 5:56 & n.15 (13th ed.) (collecting cases)).  Consistent with the Court's conclusion, 20 of the 35 jurisdictions—Alaska, Arkansas, Colorado, Delaware, Georgia, Idaho, Indiana, Kansas, Kentucky, Minnesota, Mississippi, New Hampshire, New Jersey, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Utah, and West Virginia—have case law holding that

manifestation is required for any claim and recovery.  Of the remaining jurisdictions, with respect to consumer fraud, Arizona, Connecticut, Iowa, Maine, Nebraska, Oregon, Tennessee, Washington, and Wyoming have interpreted their statutes strictly, including by requiring actual damages.  This was a dispositive legal interpretation for Oklahoma where the Court found that the requirement of actual damages was supportive of the need to prove a manifest defect.  *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *36 (S.D.N.Y. July 15, 2016) ("*TACC MTD Opinion*").  Given that Montana, Nevada, New Mexico, and Rhode Island do not have any law on this subject, they should follow the "majority view" requiring a manifest defect for consumer fraud.  Finally, almost all jurisdictions require injury or damages as an element of fraudulent concealment and breach of implied warranty, which the Court has previously held supports the manifest defect requirement.  *FACC MTD Opinion*, 257 F. Supp. 2d at 438.[1]

*Second*, a claim for "lost time" without proof of lost income is unknown to the law:  "loss of time, per se, is not compensable unless it is directly connected with some loss of" wages or other revenue.  25 C.J.S. DAMAGES § 52; *see also* 22 AM. JUR. 2D DAMAGES § 155 (unless the plaintiff is prevented from earning wages, "no allowance can be made for loss of time").  In response, plaintiffs argue that various states allow benefit-of-the-bargain, consequential, or incidental damages, but the general availability of these damage theories does not answer the specific legal question of whether lost "free time" damages are recoverable in the absence of lost wages, income or earnings.  New GM's state-by-state analysis confirms that every jurisdiction requires, at a minimum, that plaintiffs lose income as a precondition to recover for lost time.  The "lost time" claims of each plaintiff who does not plead or cannot prove lost income from having

---

[1]  Based on the Court's prior rulings, New GM does not dispute that a manifest defect is not required under Hawaii law for all claims, Maine law for fraudulent concealment, and Vermont law for consumer fraud.  New GM reserves all of its appellate rights regarding those rulings and to argue that any or all states require a manifest defect for all claims.

their vehicles repaired should be dismissed.  Of the 163 plaintiffs whose "lost time" claims are at issue, 147 do not plead any lost income from having their vehicles repaired.

*Third*, every state (except Rhode Island) holds that the existence of an adequate legal remedy bars an equitable claim such as unjust enrichment.  Given that plaintiffs assert legal theories of consumer fraud, common law fraud, and breach of implied warranty, all of which provide for adequate legal remedies, unjust enrichment is unavailable and unnecessary, requiring dismissal.  Independently, 34 of the remaining jurisdictions (all except Connecticut) also hold that a contract (such as a warranty) bars unjust enrichment claims.  Plaintiffs' attempt to obfuscate this clear case law should again be rejected.

Accordingly, the Court should hold that all 35 of the remaining jurisdictions (1) require a manifest defect for all claims (except for Hawaii for all claims, Maine for fraudulent concealment claims, and Vermont for consumer fraud claims); (2) do not allow recovery of lost time without individual proof for each plaintiff of lost income, and (3) hold that unjust enrichment claims are barred by an adequate remedy at law (other than Rhode Island) or a warranty (other than Connecticut).  Exhibit 1 summarizes these legal positions.  Exhibit 2 summarizes the claims of each plaintiff that should be dismissed based on these positions.

## BACKGROUND

This brief concerns "the application of the Court's prior motion to dismiss opinions on the issues of (i) unjust enrichment, (ii) incidental damages (lost time), and (iii) manifest defect (the 'Order No. 131 Issues') to the jurisdictions that have not been the subject of such motion practice."  Docket No. 4902; *see also* Order No. 131, Docket No. 4499 ¶ 4.[2]

---

[2]  For unjust enrichment and manifest defect, the 35 jurisdictions at issue are: Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Kentucky, Maine, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North

Plaintiffs' Fifth Amended Consolidated Complaint ("5ACC") asserts multiple state law claims.  The claims seek compensation for violation of consumer protection statutes, fraudulent concealment, and unjust enrichment on behalf of all plaintiffs, as well as breach of implied warranty and Magnuson-Moss Warranty Act violations brought on behalf of plaintiffs from certain states.[3]  The 5ACC's consumer fraud counts allege that, as a result of New GM's purported violations of each state's consumer fraud law, "all Plaintiffs incurred damages in at least the form of lost time required to repair their vehicles."  *E.g.*, 5ACC ¶¶ 1225, 1351, 1456.

The parties have narrowed or eliminated some disputes over the Order No. 131 Issues, reaching agreement on unjust enrichment law in most states and manifest defect in several states, but leaving substantial disagreements across the 35 states.  Exhibit 3 charts the parties' agreements and disputes on the various Order No. 131 Issues.  This brief explains why New GM's positions are correct under the governing authorities, including the Court's prior opinions.

## ARGUMENT

### I.  NEARLY ALL CLAIMS AT ISSUE REQUIRE A MANIFESTED DEFECT TO RECOVER.

This Court has held "that the 'majority view is that there is no legally cognizable injury in a product defect case, ***regardless of whether the claim is for fraud, violation of consumer protection statutes, breach of warranty, or any other theory***, unless the alleged defect has manifested itself in the product used by the claimant.'"  *FACC MTD Opinion*, 257 F. Supp. 3d at

---

Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, and Wyoming.

For lost time, this briefing concerns the 48 non-bellwether jurisdictions.  The issue of lost time in California, Missouri, and Texas will be addressed in the bellwether summary judgment briefing contemplated by Order No. 131 or as the Court otherwise directs.  Docket No. 4902 at 1 n.1.

[3]  The 5ACC also includes various successor liability claims brought on behalf of the Delta Ignition Switch plaintiffs.  The legal rules described in this brief apply equally to those claims.

423 n.18 (emphasis added) (quoting 1 MCLAUGHLIN ON CLASS ACTIONS § 5:56 & n.15 (13th ed.) (collecting cases)); *see also*, *e.g.*, *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1017 (7th Cir. 2002) (explaining that "most states would not entertain the sort of theory that plaintiffs press"); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 504-05 (8th Cir. 2009) ("No-injury suits such as this one, however, are routinely dismissed for failure to state a claim."). The 35 jurisdictions' laws are consistent with the Court's observation. New GM does not dispute that Hawaii, Maine for fraudulent concealment, and Vermont for consumer fraud would not require a manifest defect under this Court's prior decisions.[4] All other claims at issue require a manifest defect.

The 35 jurisdictions fall into three categories for purposes of manifest defect. *First*, 20 states have case law expressly requiring a manifest defect.[5] *Second*, 9 states expressly require actual damage, injury, or similar limitations for consumer fraud, similar to jurisdictions such as Oklahoma or Pennsylvania where the Court has previously held that a manifest defect is required.[6] *Third*, 4 jurisdictions have no on-point case law, and the Court should predict that these jurisdictions would follow what the Court has recognized as the majority rule.[7]

## A.    A Majority Of The 35 Jurisdictions Expressly Require A Manifest Defect.

For the first category, plaintiffs agree that six states—Arkansas, New Hampshire, North Carolina, North Dakota, South Carolina, and Utah—require a manifest defect for all claims, and thus there is no dispute regarding these jurisdictions. Plaintiffs' concessions are well-founded

---

[4] New GM reserves all of its appellate rights regarding those rulings and the positions in this brief.

[5] These jurisdictions are Alaska, Arkansas, Colorado, Delaware, Georgia, Idaho, Indiana, Kansas, Kentucky, Minnesota, Mississippi, New Hampshire, New Jersey, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Utah, and West Virginia.

[6] These jurisdictions are Arizona, Connecticut, Iowa, Maine, Nebraska, Oregon, Tennessee, Washington, and Wyoming.

[7] These jurisdictions are Montana, Nevada, New Mexico, and Rhode Island.

because each of these states has case law explicitly requiring a manifest defect.[8]

Yet these six states are not alone —14 more jurisdictions agree:

**Minnesota:**  In *O'Neil v. Simplicity, Inc.*, plaintiffs purchased a crib with a defect in its

---

[8]   **Arkansas:**  *Wallis v. Ford Motor Co.*, 208 S.W.3d 153, 156 (Ark. 2005) ("In sum, the principle undergirding our case law is that benefit-of-the-bargain damages are only awarded in fraud cases where a party proves that the product received is not what was bargained for; that is, the product received in fact manifests that it is different from that which was promised."); *id.* at 161 (explaining that "actual damage or injury is sustained when the product has actually malfunctioned or the defect has manifested itself. Where the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable under the ADTPA."); *Anderson v. Stewart*, 234 S.W.3d 295, 297 (Ark. 2006) ("where the only alleged injury is the diminution in value of the product, a private cause of action is not cognizable under the statute"); *Yazdianpour v. Safeblood Techs. Inc.*, 779 F.3d 530, 537-38 (8th Cir. 2015) (applying Arkansas law) ("Actual damage or injury is not satisfied by mere diminution in value of a product.").
**New Hampshire:**  *Nichols v. Gen. Motors Corp.*, 1999 WL 33292839, at *3 (N.H. Super. Ct. Dec. 13, 1999) ("The requirement of a manifestation of the defective condition applies to causes of action for defective and unsafe products in Negligence, Strict Liability, Breach of Implied Warranty of Merchantability, Fraud, Negligent Misrepresentation and Concealment, and violation of the Consumer Protection Act.").
**North Carolina:**  *Coker v. DaimlerChrysler Corp.*, 617 S.E.2d 306, 310-14 (N.C. Ct. App. 2005) (allegation of reduced value incurred upon purchase as a result of defect did not constitute an injury), *aff'd*, 627 S.E.2d 461 (N.C. 2006); *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 617-18, 630 (M.D.N.C. 2006) (claims based on "substantially diminished value" of "inherently defective" vehicles could not allege injury:  "prospective class members whose ball joints have not manifested any defects and who merely allege that they have suffered diminished value or loss of resale value of their Durangos, will not sufficiently allege actual injury."); *Maxwell v. Remington Arms Co., LLC*, 2014 WL 5808795, at *1 (M.D.N.C. Nov. 7, 2014) ("Even liberally construing his allegation that the guns are valueless, under North Carolina law prospective class members whose products have not manifested any defects and who merely allege that they have suffered diminished resale value will not sufficiently allege actual injury.").
**North Dakota:**  *Ziegelmann v. DaimlerChrysler Corp.*, 649 N.W.2d 556, 565 (N.D. 2002) ("We conclude, like the vast majority of courts that have considered similar no-injury product liability lawsuits, that Ziegelmann's claim of injury is simply too speculative to constitute a legally cognizable tort injury.").
**South Carolina:**  *Wilson v. Style Crest Prod., Inc.*, 627 S.E.2d 733, 735-37 (S.C. 2006) (rejecting claims based on "economic loss by purchasing a defective product" because "the no-injury approach to product litigation has been rejected in most decisions"); *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 298 (4th Cir. 1989) (applying South Carolina law) (implied warranty "clearly does not encompass consumer expectations that a product will hold its value; and it is for this reason that several courts have rejected claims similar to those pressed here"); *In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 2017 WL 2501757, at *7 (N.D. Ga. June 9, 2017) (applying South Carolina law) ("Purchasers of an allegedly defective product must also show that the defect manifested itself."); *Bridgestone/Firestone, Inc.*, 288 F.3d at 1017 (recognizing that South Carolina requires a manifest defect).
**Utah:**  *Winzler v. Toyota Motor Sales USA, Inc.*, 2010 WL 3064364, at *2-3 (D. Utah Aug. 3, 2010) (plaintiff could not seek relief where no defect had manifested in her vehicle, relying on *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, and other cases), *vacated sub nom. Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208 (10th Cir. 2012) (vacating on grounds that lawsuit was equitably moot because a recall had been initiated).

drop-side that had injured and even killed infants, but the defect had not manifested for plaintiffs. 574 F.3d 501, 502-03 (8th Cir. 2009).  The plaintiffs sued the crib manufacturer alleging "breach of implied warranty, unjust enrichment, and claims under three Minnesota consumer protection statutes."  *Id*. at 503.  The Eighth Circuit held that without manifestation of the defect the plaintiffs could not bring ***any*** cause of action:  "[w]here, as in this case, a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies."  *Id.* at 504 (internal citations omitted).  Moreover, *O'Neil* expressly rejected plaintiffs' argument "that they have not received the benefit of the bargain: they paid for a drop-side crib and now they do not use the crib because the drop-side is not safe."  *Id.* at 504.  "[B]ecause the [plaintiffs'] crib has not exhibited the alleged defect, they have necessarily received the benefit of their bargain.  … Their bargain with [the manufacturers] did not contemplate the performance of cribs purchased by other consumers."  *Id.*  Minnesota state court decisions are in accord.  *E.g.*, *Carey v. Select Comfort Corp.*, 2006 WL 871619, at *2-3 (Minn. Dist. Ct. Jan. 30, 2006) (dismissing consumer fraud, common law fraud, and breach of implied warranty claims because "diminished value premised on the possibility of future product failure is insufficient to support a claim for relief").

Plaintiffs concede that Minnesota requires manifest defect for consumer protection and implied warranty claims, but argue manifestation is not necessary for fraudulent concealment relying on distinguishable cases.[9]  In *Kinetic Co. v. Medtronic*, the plaintiffs had been required to pay out-of-pocket to replace a defective product whose battery actually failed.  672 F. Supp. 2d 933, 939 (D. Minn. 2009).  *Kinetic* thus concerned out-of-pocket costs based on a defect which manifested.  *In re Zurn Pex Plumbing Prods. Liab. Litig.*, affirms and applies *O'Neil's* manifest

---

[9]  Plaintiffs provided the cases on which they rely in materials exchanged by the parties on January 18, 2018 and in a corrected version provided on February 6, 2018.  Docket No. 4902.  New GM likewise provided its authorities to plaintiffs.

defect requirement but reaches a different outcome because plaintiffs asserted (with expert evidence) that all the products had manifested a defect because the pipe fittings began corroding upon contact with water.  644 F.3d 604, 616-17 (8th Cir. 2011).

**Delaware:**  Plaintiffs concede that Delaware requires manifestation for breach of implied warranty, but not otherwise.  But plaintiffs do not cite any authorities to support this contention.  Instead, *Delaware* cases have expressly held that a manifest defect is required for all claims involving a defective product:  "To place this issue in a legal context, the Court must decide whether the Plaintiffs, who have not sustained any personal injuries, and have not suffered any out of pocket expenses, can recover 'damages' to fix an alleged defective product, which has never manifested.  The Court finds the answer to this inquiry must be 'no.'"  *Dalton v. Ford Motor Co.*, 2002 WL 338081, at *5 (Del. Super. Ct. Feb. 28, 2002).  *Dalton* dismissed claims including fraud, deceit, breach of implied warranty, and unjust enrichment on this ground.  *Id.* at *5-7.  *Dalton* also expressly adopted *Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999), explaining that it had rejected "similar breach of express and implied warranty, fraudulent concealment, and consumer protection claims."  2002 WL 338081, at *5.  Pursuant to *Dalton*, Delaware law requires a manifest defect for all claims.[10]

**Mississippi:**  Mississippi rejects claims for "loss of the benefit of his bargain" without a manifest defect.  *Jarman v. United Indus. Corp.*, 98 F. Supp. 2d 757, 768 (S.D. Miss. 2000).[11] "The point of the cases cited … is that unless there is actually a failure in product performance,

---

[10]  *See also McCormick v. Remington Arms Co., Inc.*, 2012 WL 12862823, at *1 (W.D. Okla. Sept. 4, 2012) (applying Delaware law) ("The Court predicts Delaware courts would align themselves with the majority position with regard to manifestation of the defect as a prerequisite for suit on a breach of implied warranty.").

[11]  The Court relied on *Jarman* as an example of the "ample precedent holding that injury (and, relatedly, actual damages) for common law purposes requires the manifestation of a defect."  *FACC MTD Opinion*, 257 F. Supp. at 438.

there is no basis at all for claiming that the plaintiff has been damaged in any way." *Id.  Jarman* expressly dismissed claims for common law fraud, unjust enrichment, and breach of warranty, and also adopted *Briehl* which rejected claims based on consumer protection statutes.  *Id.* at 758, 767; *see also Lee v. Gen. Motors Corp.*, 950 F. Supp. 170, 172 (S.D. Miss. 1996) (where "a products liability case [is] brought under a theory of strict liability and/or negligence (tort), in which the plaintiffs seek only damages that are economic in nature, the overwhelming weight of authority holds that there can be no recovery in tort in such a case"); *Bridgestone/Firestone,* 288 F.3d at 1017 (recognizing that Mississippi requires a manifest defect).

Plaintiffs' only citation to the contrary is *Davidson v. Rogers*, which holds only that Mississippi uses the benefit-of-the-bargain rule for fraud damages and does not discuss manifest defect.  431 So. 2d 483, 485 (Miss. 1983).  Cases such as *Jarman* hold that benefit-of-the-bargain damages are not recoverable without a manifest defect.  98 F. Supp. 2d at 768.

**New Jersey:**  New Jersey has expressly adopted the manifest defect requirement.  *E.g.*, *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 460 (D.N.J. 1998) ("In most jurisdictions, the courts recognize that unless a product actually manifests the alleged defect, no cause of action for breach of express or implied warranty or fraud is actionable."); *Yost v. Gen. Motors Corp.*, 651 F. Supp. 656, 657 (D.N.J. 1986) (rejecting lost value claims because the "basic problem in this case is that plaintiff Yost has not alleged that he has suffered any damages.  …  All he is able to allege is that the potential leak is 'likely' to cause damage and 'may' create potential safety hazards."); *Walus v. Pfizer, Inc.*, 812 F. Supp. 41, 44 (D.N.J. 1993) ("New Jersey courts have never allowed recovery based on a product that is and has been working normally."); *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 2001 WL 1266317, at *22 (D.N.J. Sept. 30, 1997).

Moreover, unless a defect manifests before the warranty period expires, a plaintiff cannot

prove the ascertainable loss necessary for an Consumer Fraud Act ("NJCFA") claim.  *See Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *10 (D.N.J. Dec. 29, 2011) ("where a vehicle component has outperformed the warranty period, the plaintiff cannot meet the pleading requirement for an ascertainable loss.") (collecting cases including *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1004 (N.J. App. Div. 2006) ("a claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis for a claim under the CFA")).  The premise of these cases is that a manifest defect is necessary under the NJCFA; otherwise, when the defect manifested would be irrelevant.  For example, the *Glass* plaintiff made similar allegations as the 5ACC here:  that BMW had a "dangerously defective power steering system," knew or should have known about the defects, should have disclosed the safety defect earlier, and that by not disclosing BMW was able to sell "allegedly defective vehicles at inflated prices."  2011 WL 6887721, at *1-2.  Yet *Glass* held that because no defect had manifested before the warranty expired, the plaintiff could not recover under the NJCFA.

The NJCFA requirement of a manifest defect is reinforced by the New Jersey Supreme Court's holding that expert testimony about inflated prices is insufficient to demonstrate an ascertainable loss.  The plaintiff sued Merck, alleging that it had engaged in misrepresentations and omissions regarding the drug Vioxx with the effect of "driving the price of its product substantially higher than the price charged for similar medications."  *Int'l Union of Operation Eng'rs Local No. 68 Welfare Fund v. Merck & Co, Inc.*, 929 A.2d 1076, 1079 (N.J. 2007).  Plaintiff argued the "effect on the price of Vioxx … on a class-wide basis, by reliance on expert analysis alone," *id.* at 1087, as plaintiffs seek to do here.  The New Jersey Supreme Court squarely rejected this argument:  "to the extent that plaintiff seeks to prove only that the price charged for Vioxx was higher than it should have been as a result of defendant's fraudulent

marketing campaign, and seeks thereby to be relieved of the usual requirements that plaintiff prove an ascertainable loss, the theory must fail." *Id.* at 1088.[12]

Plaintiffs' argument that the NJCFA and fraudulent concealment do not require a manifest defect is unsupported. The plaintiffs in *Thiedemann v. Mercedes Benz* alleged manifestation, such as inaccurate fuel gauge readings and stalling. 872 A.2d 783, 787-88 (N.J. 2005). Even then, the Court ordered judgment in defendant's favor because the vehicles were repaired. *Id.* at 794. Similarly, *Strzakowlski v. Gen. Motors Corp.* does not discuss the manifest defect requirement, most likely because the plaintiff had alleged manifestation of "at least one incident of coolant leakage." 2005 WL 2001912, at *1 (D.N.J. Aug. 16, 2005).

**Ohio:** The Ohio Supreme Court has explained that in class actions the Ohio Consumer Sales Practices Act ("OCSPA") is limited to "actual damages," which incorporates the requirement of a manifest defect. *Felix v. Ganley Chevrolet, Inc.*, 49 N.E.3d 1224, 1231 (Ohio 2015). *Felix* specifically holds that "the OCSPA limited the damages available in class actions to actual damages" and "[p]roof of actual damages is required before a court may properly certify a class action." *Id.* at 1231. *Felix* explains that this requirement is "consistent with the majority of decisions by other states' appellate courts, which also hold that plaintiffs who bring private causes of action under their states' consumer-protection statutes are required to plead and prove actual damages or injury." *Id.* at 1232. The "majority of decisions" *Felix* cites are those expressly adopting a manifest defect requirement, including *Wallis v. Ford Motor Co.*, 208 S.W.3d 153 (Ark. 2005); *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233 (Wis. 2004);

---

[12]  Independently, all New Jersey plaintiffs' claims are subsumed and thus barred by the New Jersey Product Liability Act ("NJPLA"), similar to Louisiana plaintiffs' claims. *E.g.*, *Crouch v. Johnson & Johnson Consumer Co.*, 2010 WL 1530152, at *6-7 (D.N.J. Apr. 15, 2010) (holding that NJPLA precluded claims for economic loss based on defective products); *TACC MTD Opinion*, 2016 WL 3920353, at *28-29.

*Frank v. DaimlerChrysler Corp.*, 741 N.Y.S.2d 9 (N.Y. App. Div. 2002); and *Yu v. Int'l Bus. Machs. Corp.*, 732 N.E.2d 1173 (Ill. Ct. App. 2000).   These cases were cited to adopt the manifest defect requirement in the definition of "actual damages," *Felix*, 49 N.E.3d at 1232, just as this Court relied on the Oklahoma Act's requirement of "actual damages" to hold that it would require proof of a manifest defect.  *TACC MTD Opinion*, 2016 WL 3920353, at *36.

While *Felix* addressed the OCSPA, other Ohio courts have applied the manifest defect rule to torts, such as fraud, and breach of implied warranty.  *E.g.*, *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 2005 WL 6778678, at *11 (N.D. Ohio Feb. 22, 2005) ("The great weight of authority from other jurisdictions indicates that a plaintiff has not suffered a present injury compensable in contract, express warranty, implied warranty, or tort until the very product in question has caused some harm to person or property, even if the product in question contains a latent defect that has manifested in other, identical products."); *Hoffer v. Cooper Wiring Devices, Inc.*, 2007 WL 1725317 (N.D. Ohio June 13, 2007) (same).

Plaintiffs admit that a manifest defect is required for fraudulent concealment, but argue that a manifest defect is not required for other claims, citing two inapposite cases.  *Blankenship v. CFMOTO Powersports, Inc.* did not consider whether a manifest defect was required, but instead whether the defendant's conduct had been declared deceptive or unconscionable, as required by the OCSPA.  944 N.E.2d 769, 774-75 (Ohio Ct. Common Pleas Clermont Cnty., Jan. 24, 2011).  *Delahunt v. Cytodyne Techs.* was decided in 2011 before the Ohio Supreme Court's decision in *Felix* (2015) and thus is no longer good law.  241 F. Supp. 2d 827 (S.D. Ohio 2003). *Felix* squarely rejected that all purchasers of an allegedly defective product might have a claim and held that each class member must prove "actual damages," which includes manifestation.

**Colorado:**  Colorado law holds that the manifest defect requirement applies to all claims.

*E.g.*, *Edwards v. Zenimax Media Inc.*, 2012 WL 4378219, at \*1, 5-6 (D. Colo. Sept. 25, 2012) (putative absent class members who had not experienced the product defect could not recover for "deceptive trade practices, false advertising, breach of implied warranty of merchantability, and unjust enrichment"); *Edwards v. Zenimax Media Inc.*, 2013 WL 2317395, at \*3 (D. Colo. May 28, 2013) (rejecting argument that "class members suffered economic injury at the time of the purchase of the product when they purchased the product because the Defect was not revealed, meaning that they did not receive the benefit of the bargain").[13]

Plaintiffs cite *Boyd v. Johnson & Johnson Consumer Cos., Inc.*, but that case did not consider whether Colorado law requires a manifest defect, nor mention whether the plaintiff experienced a manifest defect.  2010 WL 2265317, at \*1, 7 (D.N.J. May 31, 2010).  Instead, the Colorado portion of that decision focused on whether Colorado law was different from New Jersey law for conflict-of-laws purposes.  *Id.* at \*7.  Regardless, that *Boyd* decision was later reconsidered and the court dismissed plaintiffs'.  *Boyd v. Johnson & Johnson Consumer Cos., Inc.*, 2010 WL 3024845 (D.N.J. Aug. 2, 2010).

**South Dakota:**   South Dakota has expressly adopted the North Dakota case of *Ziegelmann v. DaimlerChrysler Corp.*, 649 S.W.2d 556 (N.D. 2002), which plaintiffs concede requires a manifest defect for all claims.  The "*Ziegelmann* Court also pointed out that numerous federal and state courts have reached the same conclusion [that a manifest defect is required] in

---

[13]   Moreover, damages under the Colorado Consumer Protection Act ("CCPA") are barred because the CCPA does not provide remedies to class members.  *E.g.*, Colo. Rev. Stat. § 6-1-113(2) ("**Except in a class action** or a case brought for a violation of section 6-1-709, any person who, in a private civil action, is found to have engaged in or caused another to engage in any deceptive trade practice listed in this article shall be liable in an amount equal to …") (emphasis added); *Simmons v. Author Sol., LLC*, 2015 WL 4002243, at \*5-6 (S.D.N.Y. July 1, 2015) (Colorado CPA "does not permit monetary damages in class actions"); *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1218-19 (D. Colo. 2012) (Colorado CPA remedies, including actual damages, are unavailable to class members); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1235 (D. Kansas 2015); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 2015 WL 4036319, at \*3-5 (D. Colo. July 1, 2015); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 1048710, at \*10 (N.D. Cal. Mar. 14, 2014).

cases involving various alleged, but un-manifested, defects in automobiles and other products."
*BP Painting, Inc. v. DaimlerChrysler Corp.*, 2003 WL 26134396 (S.D. Cir. Ct. Mar. 27, 2003).
*BP Painting* granted summary judgment against plaintiff's claims, including "deceptive trade
practices, strict liability, and breach of implied warranty of merchantability," and held that the
rule also applied to actions of "fraud and deceit."  *Id.*

Plaintiffs cite *Nw. Pub. Serv. v. Union Carbide Corp.*, but that case did not discuss or
consider the manifest defect requirement.  236 F. Supp. 2d 966 (D.S.D. 2002).  The plaintiff in
that case alleged that it had to replace all of the pipes at issue, indicating that a problem had
manifested.  *Id.* at 968.  Plaintiff also cites an earlier decision in the same litigation concluding
that fraud claims are not barred by the economic loss doctrine, but the economic loss doctrine
and manifest defect requirement are separate legal rules.  *Nw. Pub. Serv. v. Union Carbide
Corp.*, 115 F. Supp. 2d 1164, 1170 (D.S.D. 2000).  For example, this Court previously held that
New York law requires a manifest defect even though its economic loss doctrine does not apply
to fraud.  *FACC MTD Opinion*, 257 F. Supp. 3d at 430-33.

**Kansas:**  Kansas has rejected benefit-of-the-bargain damages where the product did not
manifest a defect.  *Porter v. Merck & Co., Inc.*, 2005 WL 3719630, at *3 (Kan. Dist. Ct. Aug.
19, 2005).  Despite claims that a defendant had concealed the cardiovascular risks of a drug, "the
plaintiffs did not suffer 'loss or injury' and were not aggrieved within the meaning of the
[consumer protection] statute. …  The plaintiff … suffered no physical injury and received a
drug that provided relief for her pain.  Thus, she has no loss."  *Id.*  *Porter* relied on *Finstad v.
Washburn Univ. of Topeka*, where students sued because a school had falsely represented that its
program was accredited, and plaintiffs claimed they had paid tuition for an accredited program.
845 P.2d 685, 687 (Kan. 1993).  Despite this false statement, the Kansas Supreme Court held

that the students could not recover where there was not "any showing that any of the students suffered injury or loss as a result of the publication of the statement." *Id.* at 691.

Plaintiffs disagree, relying on *Nieberding v. Barrette Outdoor Living, Inc.*, but (as they admit) the defect had in fact manifested for the named plaintiffs. 302 F.R.D. 600, 612 (D. Kan. 2014). Moreover, *Nieberding* did not consider Kansas state cases, such as *Porter* or *Finstad*, which hold that a manifest defect is required. Similarly, *Gonzalez v. Pepsico, Inc.* is contrary to both *Finstad* and *Porter*, which establish Kansas law, and does not appear to have been followed by any Kansas cases. 489 F. Supp. 2d 1233, 1248-49 (D. Kan. 2007).

**West Virginia:** After surveying the numerous other decisions requiring a manifest defect, a West Virginia federal court adopted the same rule. *See Belville v. Ford Motor Co.*, 13 F. Supp. 3d 528, 542-43 (S.D. W. Va. 2014) (dismissing diminished value claims because of an acceleration defect in vehicles where plaintiff did not allege a manifest defect); *Belville v. Ford Motor Co.*, 60 F. Supp. 3d 690, 700 (S.D. W. Va. 2014) (same, dismissing common law fraud claims). Plaintiffs cite *Midwestern Midget Football Club Inc. v. Riddell, Inc.*, but that case does not discuss the manifest defect requirement. 2016 WL 3406129 (S.D. W. Va. June 17, 2016).

**Kentucky:** As a Kentucky court held in rejecting claims based on allegedly fire-prone manufactured homes that had not yet caught fire, "[t]ort recovery is contingent upon damage from a destructive occurrence as contrasted with economic loss related solely to diminution in value." *Line v. Astro Mfg. Co.*, 993 F. Supp. 1033, 1038 (E.D. Ky. 1998) (quoting *Real Estate Mktg., Inc. v. Franz*, 885 S.W.2d 921, 926 (Ky. 1994)). *Line* also expressly relied on cases requiring a manifest defect for all claims, including *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1530 (E.D. Mo. 1997) ("Manifestation of the defect in the vehicle, however, is a prerequisite to recovery."). 993 F. Supp. at 1038. *Line* is supported by

Kentucky Supreme Court cases holding that an action does not accrue due to a latent injury until there is manifestation.  *E.g.*, *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 192 (Ky. 1994) (holding in tort context that "no cause of action accrues until the potentially harmful exposure actually 'causes injury that produces loss or damage'"); *Wood v. Wyeth-Ayerst Labs.*, 82 S.W.3d 849, 855-56 (Ky. 2002) (interpreting *Capital Holding* to extend beyond personal injury cases to tort cases where no physical injury is alleged).  Relying on such cases, the Seventh Circuit recognized that Kentucky requires a manifest defect.  *Bridgestone/Firestone*, 288 F.3d at 1017.

The Kentucky cases plaintiffs cite are inapposite.  *In re Sigg Switzerland (USA), Inc. Aluminum Bottles Mktg. & Sales Practices Litig.*, did not consider a manifest defect argument, and the holding there was based on affirmative false advertising that the defendant's bottles were BPA-free.  2011 WL 159940, at *2-3 (W.D. Ky. Jan. 12, 2011).  Likewise, *Crouch v. Johnson & Johnson Consumers Cos., Inc.*, did not discuss any manifest defect argument.  2010 WL 1530152, at *8-9 (D.N.J. Apr. 15, 2010).  *Modern Holdings, LLC v. Corning Inc.*, involved trespass claims where hazardous chemicals had in fact polluted plaintiff's property and "some permanent damage to the land may have occurred as a result of the presence of these substances," the equivalent of manifestation.  2015 WL 1481457, at *5 (E.D. Ky. Mar. 31, 2015).  Moreover, *Modern Holdings* left open whether plaintiffs had a viable damages claim.  *Id.*

**Idaho:**  In *Jackson v. Wood*, Jackson sold non-Texaco gasoline to the Woods that Jackson misrepresented as being Texaco gasoline.  859 P.2d 378, 379 (Idaho 1993).  "The Woods contend that, by deceiving them as to the product, Jackson denied them any opportunity to either reject the gas or negotiate an adjustment in the price of the gas."  *Id.* at 380.  The Idaho Supreme Court held that because the Woods were able to re-sell the gasoline and never suffered a disruption in delivery, they had no ascertainable loss or actual damages to support an Idaho

16

Consumer Protection Act ("ICPA") claim.  *Id.  Jackson* thus rejects plaintiffs' theory here, that

they can recover for an allegedly less valuable product without a manifested problem.

Plaintiffs do not dispute that Idaho requires a manifest defect for the ICPA, but argue

there is no such requirement for fraudulent concealment or breach of warranty.  Not so.

*Jackson's* holding that plaintiffs' allegations do not constitute actual damages defeats all of their

claims in the absence of a manifest defect.  *See also* Section I.D. (rebutting plaintiffs' general

benefit-of-the-bargain and accrual arguments).

**Indiana:** "Whether couched as 'fraud on the market,' 'excessive price' or 'benefit of the

bargain' [plaintiff's] remaining claim is the same: She allegedly paid more than she 'should'

have as a result of the alleged acts or omissions of Merck even though she doesn't allege any

injuries or additional expenses as a result of taking Vioxx.  Indiana does not recognize the type

of hypothetical market price damages claimed by [plaintiff]."  *Kantner v. Merck & Co., Inc.*,

2007 WL 3092779, ¶¶ 17-18 (Ind. Marion Cnty. Super. Ct. Apr. 18, 2007).  "In short,

[plaintiff's] claim under the Indiana DCSA [Deceptive Consumer Sales Act] fails under the well-

established doctrine of 'no injury, no tort,' which 'is an ingredient of every state's law.'  Because

she has alleged no actual damages, [plaintiff's] complaint fails to state a claim under Indiana

law."  *Id.* ¶ 21 (quoting *Bridgestone/Firestone*, 288 F.3d at 1017).

Plaintiffs do not dispute that the Indiana DCSA requires a manifest defect.  But *Kantner*

explains that, absent manifestation, plaintiffs have no actual damages, which is an element of

fraudulent concealment and implied warranty, and so all tort claims require a manifest defect.

**Alaska:**  In *Jarvill v. Porky's Equip., Inc.*, plaintiff alleged claims including unfair trade

practices, implied warranty, and product defect because defendant built a defective boat that sank

two-and-a-half years after delivery.  189 P.3d 335, 336-37 (Alaska 2008).  The trial court held

such claims accrued upon the sale of the boat and thus plaintiffs' claims were barred by the statute of limitations. *Id.* at 338. The Alaska Supreme Court reversed, holding that so long as the boat "performed as … promised, … any tortious injury to [plaintiff] remained a matter of speculation." *Id.* at 339. Thus, plaintiff had no claim until "the cracks caused by the boat's alleged defect, or any other performance failures, manifested themselves." *Id.* Under *Jarvill* a plaintiff has no claim for a latent defect unless and until it manifests. *See also Jones v. Westbrook*, 379 P.3d 963, 969-71 (Alaska 2016) (despite plaintiff receiving "a contract that was less than he allegedly expected it to be" in 2004, plaintiff did not suffer any injury before 2011, when he was unable to recover corporation's physical assets).

Plaintiffs' cases are inapposite. Unlike *Jarvill*, *Borgen v. A & M Motors, Inc.* did not concern a defect, did not discuss defect manifestation, and was based on an express misrepresentation that a motor home was a 2002 model when in fact it was a 2003 model. 273 P.3d 575 (Alaska 2012). *Kenai Chrysler Ctr., Inc. v. Denison* concerned whether a defendant could enforce a contract that was void because the buyer was developmentally disabled, and has nothing to do with claims of defect. 167 P.3d 1240 (Alaska 2007).

**Georgia:** Georgia courts have rejected consumer fraud claims based on the sale of an allegedly unfair warranty when plaintiffs "have made no claim under the warranty (and been denied), made no repair other than that made by Southtowne at no charge, nor otherwise shown an 'actual injury suffered.'" *Edel v. Southtowne Motors of Newnan II, Inc.*, 789 S.E.2d 224, 228 (Ga. Ct. App. 2016). While plaintiffs agree that Georgia requires a manifest defect for consumer fraud claims, they assert that the rule in Georgia is different for fraudulent concealment and implied warranty claims. But as all of these claims require damages or injury, all require a manifest defect. *See also* Section I.D.

**B.**     **Nine Of The Remaining Jurisdictions Require "Actual Damages" Or Similarly Limit Recovery Under Their Consumer Fraud Laws.**

The Court held that Oklahoma requires a manifest defect under its Oklahoma Consumer Protection Act ("OCPA"), even though "Oklahoma law is not crystal clear on the issue." *TACC MTD Opinion*, 2016 WL 3920353, at *36. Other "courts interpreting the OCPA have read it more strictly than consumer protection statutes in other states, and require either a manifested defect or damages beyond a failure to receive the benefit of a bargain, if not both." *Id.* In reaching this conclusion, the Court relied on various decisions holding that the Oklahoma CPA required "actual damages" or "damages" to recover. *Id.* (citing *Harrison v. Leviton Mfg. Co.*, 2006 WL 2990524, at *5 (N.D. Okla. Oct 19, 2006) ("plaintiff must allege actual damages to qualify as an aggrieved consumer under the act"); *Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*, 77 P.3d 1042, 1051 (Okla. 2003) ("'for a viable private claim under the OCPA the consumer *must* show actual damages as a necessary element of a claim'") (emphasis in original); *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 629 (Okla. 2000) ("'damages are a necessary element of a claim'")). The *FACC MTD Opinion* reinforces this ruling, explaining that in the absence of contrary case law, "the Court is persuaded by the ample precedent holding that injury (and, relatedly, actual damages) for common law purposes requires the manifestation of a defect." 257 F. Supp. 3d at 438. Under this Court's prior rulings, where a consumer fraud statute requires "actual damages" or is strictly (narrowly) interpreted, a manifest defect is required.

The consumer protection statutes of Arizona, Connecticut, Iowa, Maine, Nebraska, Oregon, Tennessee, Washington, and Wyoming, all require "actual damages" or otherwise limit recovery.[14] Accordingly, the Court should hold that each of these states requires a manifest

---

[14]   **Arizona:** *Peery v. Hansen*, 585 P.2d 574, 578 (Ariz. Ct. App. 1978) ("A private individual's relief under the Consumer Protection Act is limited to the recovery of actual damages suffered as a result of

defect for consumer fraud claims.[15]  Plaintiffs concede that Wyoming requires a manifest defect,

---

such unlawful act or practice."); *Rich v. Bank of Am., N.A.*, 666 F. App'x 635, 638-39 (9th Cir. 2016) (ACFA requires "actual and consequent injury").

**Connecticut:**  *Neighborhood Builders, Inc. v. Town of Madison*, 986 A.2d 278, 282 (Conn. 2010) ("The ascertainable loss requirement is a threshold barrier [that] limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief.").

**Iowa:**  Iowa Code § 714H.5 (private right of action under Iowa Consumer Fraud Act is limited to "actual damages"); *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 532-33 (Iowa 2015) (holding that plaintiff did not have an ascertainable loss under the Iowa consumer fraud law where plaintiff had no out-of-pocket loss).

**Maine:**  *Taylor v. Philip Morris Inc.*, 2001 WL 1710710, at *7 (Me. Super. Ct. 2001) (recovery under Maine's UTPA is limited to "actual damages, restitution and for such other equitable relief") (citing Me. Rev. Stat. § 213(1)).

**Nebraska:**  Neb. Rev. Stat. § 59-1609 (generally limiting damages to "actual damages sustained by him or her").

**Oregon:**  *Staley v. Taylor*, 994 P.2d 1220, 1225 (Or. Ct. App. 2000) ("On that point, '[i]t is well established in this state that, in an action for fraud, plaintiff's recovery is limited to that measured by the 'out-of-pocket' rule unless the actionable misrepresentation was a warranty of value, in which case plaintiff could recover under the 'benefit-of-the-bargain' rule.'"); *Lowe v. Philip Morris USA, Inc.*, 183 P.3d 181, 184 (Or. 2008) (a plaintiff's allegation of incurring economic loss to monitor an injury was not sufficient to state an injury; instead, the injury does not accrue until the plaintiff has suffered an "actual loss").

**Tennessee:**  *Discover Bank v. Morgan*, 363 S.W.3d 479, 497-98 (Tenn. 2012) (a plaintiff can recover under Tennessee's consumer protection law only if they prove "actual harm to the aggrieved party, such as lost profits or added costs"; *Akers v. Prime Succession of Tenn., Inc.*, 387 S.W.3d 495, 509-10 (Tenn. 2012) (explaining narrow scope of TCPA damages and that plaintiffs cannot bring claims where their injuries "do not have tangible economic value as required by the TCPA").

**Washington:**  Wash. Rev. Code § 19.86.090 (damages under Consumer Protection Act are limited to "actual damages"); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 539 (Wash. 1986) (CPA requires "a specific showing of injury").

**Wyoming:**  Wyo. Stat. Ann. § 40-12-108 (consumer limited to bringing "an action under this act for the damages he has actually suffered"); *see also Broderick v. Dairyland Ins. Co.*, 270 P.3d 684, 692 (Wyo. 2012) (explaining that "Generally, the Act is to be enforced by the attorney general.  The Act does, however, provide private remedies in limited circumstances.").

---

[15]  Moreover, many of the states listed in Section I.A. that have case law requiring a manifest defect also require "actual damages" or otherwise limit recoveries for their consumer fraud statutes.  *E.g.*, Ark. Code. Ann. § 4-88-113(f)(1)(A) (plaintiff must suffer "an actual financial loss" to recover under the Arkansas DTPA); *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E.2d 137, 139 (Ga. Ct. App. 2001) (damages under Georgia consumer fraud law are limited to "actual injury suffered"); *Agnew v. Great Atl. & Pac. Tea Co.*, 502 S.E.2d 735, 737 (Ga. Ct. App. 1998) (same); *Tiismann v. Linda Martin Homes Corp.*, 610 S.E.2d 68, 70 (Ga. 2005) ("[E]ven an award for general damages under the FBPA is *limited* to those damages that can be measured by 'actual injury suffered.'"); Ky. Rev. Stat. § 367.220(1) (limiting recovery to "actual damages" and equitable relief); N.H. Rev. Stat. 358-A:10-a (persons in a class action are limited to "actual damages"); S.D. Cod. Laws § 37-24-31 (recovery under consumer protection law limited to "actual damages"); W. Va. Code Ann. § 46A-6-106(a)-(b) (plaintiff must prove "an actual out-of-pocket loss" to recover under consumer protection law).  These stricter interpretations provide additional support for these states requiring a manifest defect.

and for Iowa, Nebraska, Oregon, Tennessee, plaintiffs acknowledge they have not found any relevant case law.  For the other states, plaintiffs' citations do not indicate a contrary conclusion:

**Arizona:**  In *Cheatham v. ADT Corp.*, plaintiff claimed that her home had experienced security breaches not detected by her defective home security system, thus alleging manifestation.  161 F. Supp. 3d 815, 822 (D. Ariz. 2016).  *Cheatham* does not consider any manifest defect argument.  *Id.* at 831.  Similarly, *In re Ariz. Theranos, Inc., Litig.* does not consider any manifest defect argument.  256 F. Supp. 3d 1009, 1020-22, 1028 (D. Ariz. 2017).

**Connecticut:**  In the cases cited by plaintiffs, defects manifested in the plaintiff's product.  Moreover, the decisions do not discuss the manifest defect requirement, but instead consider other legal issues irrelevant to this case.  *Stefan v. P.J. Kids, LLC*, 2005 WL 834208, at *2-3 (Conn. Super. Ct. Mar. 1, 2005) (plaintiffs alleged their child had been injured by defendant's furniture, and decision analyzes personal versus economic injuries); *Collins v. A-1 Auto Serv., Inc.*, 2011 WL 5531324, at *1 (Conn. Super. Ct. Oct. 27, 2011) (plaintiff alleged a "knocking" sound in the engine and the defendant's failure to remedy it, yet the court dismissed for failure to suffer an ascertainable loss); *Hinchliffe v. Am. Motors Corp.*, 440 A.2d 810, 813 (Conn. 1981) (plaintiff alleged manifest defects, including that four-wheel drive did not work as advertised, and decision focused on whether plaintiff must allege a specific damages amount).

**Maine:**  Plaintiffs rely on a single trial court decision, *Everest v. Leviton Mfg. Co.*, 2006 WL 381832, at *2 (Me. Super. Ct. Jan. 13, 2006), that focuses on common law fraud and does not consider that the Maine consumer fraud statute is limited to "actual damages, restitution and for such other equitable relief."  Me. Rev. Stat. § 213(1); *Taylor v. Philip Morris Inc.*, 2001 WL 1710710, at *7 (Me. Super. Ct. 2001).  Nor does *Everest* consider the myriad cases applying the manifest defect rule to consumer fraud claims.  *See*, *e.g.*, *Bridgestone/Firestone, Inc.*, 288 F.3d at

1017; *O'Neil v. Simplicity, Inc.*, 574 F.3d at 503; *Wallis*, 208 S.W.3d at 159, 162; *Frank*, 741 N.Y.S.2d at 14-17; *Everett v. TK–Taito, L.L.C.,* 178 S.W.3d 844, 857-60 (Tex. App. 2005).

**Tennessee:**  Plaintiffs cite only to an inapposite case involving the state's products liability act (not consumer fraud) where the plaintiff was physically injured.  *See Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 961-62 (M.D. Tenn. 2002).  The decision did not involve, and does not shed any light on, the manifest defect rule.

**Washington:**  Plaintiffs only cite is *Carideo v. Dell, Inc.*, a decision focusing primarily on choice of law issues.  706 F. Supp. 2d 1122 (W.D. Wash. 2010).  The defendant in *Carideo* apparently did not make any arguments regarding manifest defect and, indeed, did not even make any argument regarding damages or injury.  *Id.* at 1134-35.

C.    **Four Jurisdictions Would Follow The Majority View Requiring A Manifest Defect For Consumer Fraud Claims.**

In predicting state law, this Court has previously relied on the position adopted by "many other states and many federal courts."  *In re Gen. Motors LLC Ignition Switch Litig.*, 154 F. Supp. 3d 30, 39 (S.D.N.Y. 2015); *see also Leon's Bakery, Inc. v. Grinnell Corp.*, 990 F.2d 44, 48 (2d Cir. 1993).  For example, the Court concluded that Pennsylvania law would require a manifest defect based on the "ample precedent" requiring a manifest defect for common law claims with an element of injury or damages.  *FACC MTD Opinion*, 257 F. Supp. 3d at 438.  Here, the Court has recognized "that the 'majority view is that there is no legally cognizable injury in a product defect case, regardless of whether the claim is for fraud, *violation of consumer protection statutes*, breach of warranty, or any other theory,'" without manifestation.  *Id.* at 423 n.18.  Accordingly, in the absence of relevant state-specific authorities, a jurisdiction should be deemed to follow the majority rule requiring a manifest defect.

Therefore, Montana, Nevada, New Mexico, and Rhode Island would each require a

manifest defect to recover under their consumer fraud statutes.  Plaintiffs' arguments to the contrary are meritless:

**Montana:**  Plaintiffs' citations state only that a Montana consumer fraud claim requires an "ascertainable loss," which in no way suggests that a manifest defect is unnecessary. Jurisdictions such as Arkansas and South Carolina use the "ascertainable loss" standard, and plaintiffs agree that those jurisdictions require a manifest defect.  *Wallis*, 208 S.W.3d at 160-61; *Collins Holding Corp. v. Defibaugh*, 646 S.E.2d 147, 149 (S.C. Ct. App. 2007).

**Nevada:**  Plaintiffs acknowledge there is little law on the Nevada Deceptive Trade Practices Act ("DTPA").  Plaintiffs' only cite holds that a Nevada DTPA plaintiff must prove "damage to the plaintiff."  *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009). That citation is fatal to plaintiffs' claims, as under this Court's prior rulings, a requirement of "damage" shows that a manifest defect is required in the absence of contrary case law.  *TACC MTD Opinion*, 2016 WL 3920353, at *36; *FACC MTD Opinion*, 257 F. Supp. 3d at 438.

**New Mexico:**  Plaintiff cites *Lohman v. Daimler-Chrysler Corp.*, but that decision, which involved seat belts that failed to latch, is expressly based on a manifest defect. 166 P.3d 1091, 1100 (N.M. Ct. App. 2007).  *Lohman* explained that "Plaintiff has specifically alleged that the seat belts installed in his DCC vehicle 'do, in fact, false latch [.]'  Accordingly, Plaintiff's UPA claim does not appear to be premised on an unmanifested defect."  *Id.* (brackets in original).

**Rhode Island:**  Plaintiffs do not cite any apposite case law, and instead argue that because the economic loss doctrine does not apply in consumer transactions, the manifest defect rule would not either.  But this reasoning is fallacious because the two doctrines are separate, and a jurisdiction may follow one but not the other.  For example, this Court has held that New York law requires a manifest defect for all claims even though its economic loss doctrine does not

apply to fraud.  *FACC MTD Opinion*, 257 F. Supp. 3d at 430-33.

> ### D.      Almost All Of The 35 Jurisdictions Require A Manifest Defect For Fraudulent Concealment And Implied Warranty Claims.

As discussed in Section I.A., the majority of the 35 states have express case law requiring a manifest defect for all claims.  For nearly all the remaining states,[16] the Court's holdings regarding Pennsylvania law guide whether other jurisdictions would require a manifest defect for fraudulent concealment, implied warranty, and unjust enrichment.  A "common law fraud claim requires a showing of 'injury.'"  *FACC MTD Opinion*, 257 F. Supp. 3d at 438.  "Plaintiffs do not cite, and the Court has not found, any Pennsylvania cases allowing fraud or unjust enrichment claims to proceed in the absence of a manifest defect."  *Id.*  "In the absence of Pennsylvania case law to the contrary, the Court is persuaded by the ample precedent holding that injury (and, relatedly, actual damages) for common law purposes requires the manifestation of a defect."  *Id.*

Similarly, a "claim for breach of implied warranty requires a plaintiff to make out … 'a causal connection between the defendant's breach and the plaintiff's injury,' and 'the extent of loss proximately caused by the defendant's breach.'"  *Id.* at 439.  "To make out [these] two elements, a plaintiff necessarily 'must show that the product[] was defective.'"  *Id.*  "'Pennsylvania is hardly alone in requiring a manifestation of a defect before a breach of warranty claims can be permitted.'"  *Id.*  "In light of the foregoing precedent, the Court agrees that, under Pennsylvania law, a manifested defect is required to make out a claim for implied warranty as well."  *Id.*

Accordingly, a requirement of injury, actual damages, or (in the case of an implied warranty) defect means that a jurisdiction would require a manifest defect for fraud, implied

---

[16]  The exceptions are Hawaii for all claims and Maine law for fraudulent concealment, which New GM does not dispute do not require a manifest defect under this Court's prior rulings.

warranty, and unjust enrichment claims, at least in the absence of contrary authority.   The

jurisdictions at issue require injury and/or damages for a common law fraud claim.[17]   Similarly,

---

[17] **Alaska:**  *Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010) (elements of common law fraud include "damages").

**Arizona:**  *Nielson v. Flashberg*, 419 P.2d 514, 517-18 (Ariz. 1966) (fraud requires "consequent and proximate injury").

**Arkansas:**  *Wallis*, 208 S.W.3d at 159 ("According to our well-settled case law, common-law fraud claims not resulting in injury are not actionable.").

**Colorado:**  *Bristol Bay Prods, LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013) (fraud requires that "the reliance resulted in damage to the plaintiff").

**Connecticut:**  *Sturm v. Harb Dev., LLC*, 2 A.3d 859, 872 (Conn. 2010) (common law fraud requires that "the other party did so act upon that false representation to his injury").

**Delaware:**  *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992) (common law fraud requires "damage to the plaintiff as a result of such reliance").

**Georgia:**  *Artzner v. A&A Exterminators, Inc.*, 531 S.E.2d 200, 204 (Ga. Ct. App. 2000) (common law fraud requires "damage to the plaintiff").

**Idaho:**  *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006) (fraud requires "consequent and proximate injury").

**Indiana:**  *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996) (common law fraud requires "proximately caus[ing] the complaining party injury").

**Iowa:**  *Lamasters v. Springer*, 99 N.W.2d 300, 302 (Iowa 1959) (common law fraud requires "resulting injury").

**Kansas:**  *Kelly v. VinZant*, 197 P.3d 803, 808 (Kan. 2008) (common law fraud requires that the "other party sustained damage").

**Kentucky:**  *Farmers Bank & Trust Co. of Georgetown, Ky. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (elements of common law fraud include "causing injury").

**Mississippi:**  *Spragins v. Sunburst Bank*, 605 So.2d 777, 780 (Miss. 1992) (common law fraud requires "consequent and proximate injury").

**Montana:**  *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996) (common law fraud requires "consequent and proximate injury caused by the reliance on the representation").

**Nebraska:**  *Four R Cattle Co. v. Mullins*, 570 N.W.2d 813, 816 (Neb. 1997) (common law fraud requires that plaintiff "suffered damage as a result").

**Nevada:**  *Chen v. Nevada State Gaming Control Bd.*, 994 P.2d 1151, 1152 (Nev. 2000) (common law fraud requires that "the misrepresentation proximately caused damages").

**New Hampshire:**  *Nichols*, 1999 WL 33292839, at *4 (common law fraud requires that plaintiff "suffered damage").

**New Jersey:**  *Suarez v. E. Int'l College*, 50 A.3d 75, 85 (N.J. Super. Ct. App. Div. 2012) (common law fraud requires "resulting damages").

**North Carolina:**  *RD & J Props. v. Lauralea-Dilton Enters., LLC*, 600 S.E.2d 492, 498 (N.C. Ct. App. 2004) (common law fraud requires "resulting in damage to the injured party").

**North Dakota:**  *Northstar Founders, LLC v. Hayden Capital USA, LLC*, 855 N.W.2d 614, 626 (N.D. 2014) ("Proof of actual damages proximately caused by the misrepresentation or nondisclosure is an essential element of a tort action for fraud.").

**Ohio:**  *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984) (common law fraud requires "resulting injury proximately caused by the reliance").

**Oregon:**  *U.S. Nat'l Bank of Or. v. Fought*, 630 P.2d 337, 348 (Or. 1981) (common law fraud requires plaintiff's "consequent and proximate injury").

for the states where plaintiffs allege a breach of implied warranty,[18] most states expressly require

defect and/or injury.[19]   The remaining states would require injury and defect based on

---

**Rhode Island:**  *Zaino v. Zaino*, 818 A.2d 630, 638 (R.I. 2003) (common law fraud requires "that the plaintiff justifiably relied on to his or her damage").

**South Carolina:**  *Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993) (common law fraud requires "consequent and proximate injury").

**South Dakota:**  *Kobbeman v. Oleson*, 574 N.W.2d 633, 635 (S.D. 1998) ("Civil actions founded on negligence or fraud require damages as an essential element.  Without damages most tort claims hold no nucleus.").

**Tennessee:**  *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 40 (Tenn. Ct. App. 2006) (common law fraud requires "injury caused by reasonable reliance on the representation").

**Utah:**  *Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003) (common law fraud requires that plaintiff suffered "injury and damage").

**Vermont:**  *Union Bank v. Jones*, 411 A.2d 1338, 1342 (Vt. 1980) (common law fraud requires "damage").

**Washington:**  *Baddeley v. Seek*, 156 P.23d 959, 961 (Wash. Ct. App. 2007) (common law fraud requires that "the plaintiff had damages").

**West Virginia:**  *Cordial v. Ernst & Young*, 483 S.E.2d 248, 259 (W. Va. 1996) (common law fraud requires that plaintiff was "damaged").

**Wyoming:**  *Excel Const., Inc. v. HKM Eng'g, Inc.*, 228 P.3d 40, 48 (Wyo. 2010) (common law fraud requires that plaintiff "suffered damages").

[18]   Of the 35 jurisdictions, plaintiffs allege a breach of implied warranty claim in Alaska, Arkansas, Colorado, Delaware, Hawaii, Indiana, Kansas, Maine, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Rhode Island, South Carolina, South Dakota, Utah, West Virginia, and Wyoming.  5ACC ¶¶ 946, 949, 952, 955, 958.

[19]   **Arkansas:**  *Lakeview Country Club, Inc. v. Superior Prods.*, 926 S.W.2d 428, 431 (Ark. 1996) (elements of breach of implied warranty include that plaintiff "sustained damages" and that the "unfitness was the proximate cause of his damages").

**Delaware:**  *Reybold Group, Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998) ("Accordingly, to be successful on a breach of warranty of merchantability, a plaintiff must prove: '(1) that a merchant sold the goods; (2) which were defective at the time of sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the defective nature of the goods …'").

**Kansas:**  *Dieker v. Case Corp.*, 73 P.3d 133, 146-47 (Kan. 2003) ("To demonstrate a breach of the implied warranty of merchantability, plaintiff must show that the goods were defective … and that the defect caused the injury sustained by plaintiff."); *Am. Family Mut. Ins. Co. v. Sears, Roebuck & Co.*, 998 F. Supp. 1162, 1165 (D. Kan. 1998) ("Under Kansas law, to succeed on a claim for economic loss due to a breach of implied warranty of merchantability, a plaintiff must establish: (1) that the product was defective; … and (3) that the defect caused the injury sustained by the plaintiff.")

**Maine:**  *Muehlbauer v. Gen. Motors Corp.*, 2008 WL 4542650, at *5 (N.D. Ill. July 22, 2008) (applying Maine law) ("The parties agree that an essential element of Bisson's action for breach of the implied warranty of merchantability under Maine law is that he prove that he suffered injury or damage that was proximately caused by the ABS defect.").

**Minnesota:**  *Farr v. Armstrong Rubber Co.*, 179 N.W.2d 64, 69 (Minn. 1970) (breach of implied warranty requires that the product "proximately causes injury or damage" and that it be defective); *Browe v. Evenflo Co., Inc.*, 2015 WL 3915868, at *4 (D. Minn. June 25, 2015) ("Having failed to allege that she

26

established case law and prominent treatises explaining that "a plaintiff must prove," among

other things, that "the defect caused damage to the plaintiff or its property," and "the damage

was proximately caused in fact by the defective nature of the goods."  1 White, Summers, &

Hillman, UNIFORM COMMERCIAL CODE § 10:25 (6th ed.) (Nov. 2017 update); *see also* 67A AM.

JUR. 2D SALES § 663 (2017 update) ("the plaintiff has the burden of alleging and proving that: (1)

he or she was injured by the product; (2) the injury was the result of a defective or unsafe

product … .").[20]   Therefore, every state here (except Hawaii and Maine for fraudulent

---

suffered an injury causally related to the alleged defect, Browe's claim arising from the implied warranty of merchantability fails as a matter of law.").

**New Jersey:** *Hoffman v. Cogent Sols. Grp., LLC*, 2013 WL 6623890, at *6 (D.N.J. Dec. 16, 2013) ("To state a claim for breach of the implied warranty of merchantability under New Jersey law, a plaintiff must allege … (3) injury and damages to the plaintiff or its property, (4) which were caused proximately and in fact by the defective nature of the goods … ."); (citing and quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 600 n.8 (3d Cir. 2012)).

**North Carolina:** *St. Clair v. Gen. Motors Corp.*, 10 F. Supp. 2d 523, 532 (M.D.N.C. 1998) ("Similarly, with respect to Plaintiff's second cause of action alleging a breach of an implied warranty of merchantability, Plaintiff must establish … (2) that the air bag system did not comply with the warranty but was, instead, defective when the vehicle was sold by Defendant, (3) that the defect in the air bag system caused injury to Plaintiff, and (4) that Plaintiff suffered damages as a result."); *Jolley v. Gen. Motors Corp.*, 285 S.E.2d 301, 303 (N.C. Ct. App. 1982).

**North Dakota:** *Eichenberger v. Wilhelm*, 244 N.W.2d 691, 692 (N.D. 1976) ("To recover on the basis of implied warranty of merchantability, the plaintiff must establish … that the goods were defective when they left control of the defendant, and that the defect was the efficient cause of the damage or injury.").

**Rhode Island:** *Plouffe v. Goodyear Tire & Rubber Co.*, 373 A.2d 492, 495 (R.I. 1977) ("in a claim for breach of warranty the burden is on plaintiffs to prove that the product is defective … and that said defect is the proximate cause of the injury."); *Mktg. Design Source, Inc. v. Pranda N. Am, Inc.*, 799 A.2d 267, 272 (R.I. 2002).

**South Carolina:** *Green v. Bradley Co.*, 2017 WL 4012298, at *5 (D.S.C. Sept. 12, 2017) (collecting cases) ("In an action based on these implied warranties, Plaintiff must demonstrate that the product was in a defective condition unreasonably dangerous to the user when it left the control of the defendant, and the defect caused his injuries.").

**Wyoming:** *McLaughlin v. Michelin Tire Corp.*, 778 P.2d 59, 65-66 (Wyo. 1989) (requiring proof of a defect for implied warranty).

---

[20]  63 AM. JUR. 2D PRODUCTS LIABILITY § 659 (2017 update) ("In order to recover for the breach of an implied warranty of merchantability a plaintiff must prove: … (3) that injury and damages to the plaintiff or his or her property were caused proximately in fact by the defective nature of the goods"); 6 Stuart M. Speiser, et al., AMERICAN LAW OF TORTS § 18:52 (Dec. 2017 update) ("In order to recover for the breach of an implied warranty of merchantability under U.C.C. § 2-314, a plaintiff must prove … (3) that injury and damages to the plaintiff or his or her property were caused proximately in fact by the defective nature of the goods …"); 3 Lawrence G. Cetrulo, TOXIC TORTS LITIGATION GUIDE § 32.15 (Nov. 2017 update)

concealment) requires a manifest defect for fraudulent concealment, implied warranty, and unjust enrichment.

Plaintiffs' arguments to the contrary are meritless.  For fraudulent concealment, plaintiffs make two general arguments.  *First*, they argue that states use the benefit-of-the-bargain measure for damages, and accordingly should be assumed not to require a manifest defect.  But this argument fails because allowing benefit-of-the-bargain damages in general does not mean that such damages can be recovered without a manifested defect.  Texas, Wisconsin, Arkansas, North Carolina, North Dakota, South Carolina, and Utah all allow benefit-of-the-bargain damages for fraud, yet the Court has held, or plaintiffs concede, that these jurisdictions require a manifest defect.[21]  In such circumstances, the "application of benefit-of-the-bargain damages in common-law fraud cases has nonetheless been limited to instances where the actual product received by the purchaser manifests that it is different from that which was promised."  *Wallis*, 208 S.W.3d at 155.  Plaintiffs confuse a measure of damages with the requirements for making a valid cause of action, a necessary predicate for recovering any damages at all.

*Second*, plaintiffs argue that jurisdictions calculating fraud damages as of the time of sale

---

(breach of implied warranty of merchantability requires plaintiff to prove "the defective nature of the goods was both proximately and in fact the cause of the plaintiff's injury or damage").

[21] *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49 (Tex. 1998) ("Texas recognizes two measures of direct damages for common-law fraud: the out-of-pocket measure and the benefit-of-the-bargain measure."); *Tietsworth v. Harley-Davidson, Inc.*, 677 N.W.2d 233, 239 (Wis. 2004) ("damages in intentional misrepresentation cases are measured according to the 'benefit of the bargain' rule"); *Wallis*, 208 S.W.3d at 155 ("this court has applied two measures of damages for common-law fraud: (1) the benefit-of-the-bargain measure … and (2) the out-of-pocket measure"); *Shaver v. N.C. Monroe Constr. Co.*, 306 S.E.2d 519, 526 (N.C. Ct. App. 1983) ("The proper measure of damages in this case is the benefit of the bargain" which "has generally been applied in fraud cases"); *Eckmann v. Nw. Fed. Sav. & Loan Ass'n*, 436 N.W.2d 258, 261 (N.D. 1989) ("the traditional 'out-of-pocket' or 'benefit-of-the-bargain' rules usually applied in deceit actions"); *Schnellmann v. Roettger*, 645 S.E.2d 239, 241 (S.C. 2007) ("for determining damages from fraud … [i]t is the well-settled law of this state that the proper method in such a case is the benefit of the bargain approach"); *Brown v. Richards*, 840 P.2d 143, 150 (Utah Ct. App. 1992) (Utah follows benefit-of-the-bargain rule for fraud).

should be assumed not to require a manifest defect.  This argument fails for the same reason as the first—most jurisdictions that indisputably require a manifest defect also measure fraud damages as of the time of sale, including Texas, New York, Wisconsin, Pennsylvania, Arkansas, North Dakota, and Utah.[22]  A jurisdiction measuring damages at time of sale is consistent with holding that a plaintiff has no cause of action, damages, or injury without a manifest defect.

Plaintiffs' arguments regarding breach of implied warranty are similar, and fail for the same reasons.  *First*, plaintiffs argue that because jurisdictions measure damages based on the difference in the product's value at the time and place of acceptance, they would not require a manifest defect.  But measurement at the time of acceptance is part of Uniform Commercial Code ("UCC") § 2-714(2), which has been adopted by all jurisdictions that the Court has held, or plaintiffs agree, require a manifest defect.[23]  *Second*, plaintiffs argue that damages for breach of implied warranty are measured by the benefit of the bargain.  Yet again, the benefit-of-the-bargain measure is part of UCC § 2-714(2) which provides that the measure of damages is

---

[22]  *Fazio v. Cypress/GR Houston I, L.P.*, 403 S.W.3d 390, 394-95 (Tex. Ct. App. 2013) ("Both measures are determined at the time of the sale induced by the fraud."); *Gainsburg v. Bachrack*, 270 N.Y.S. 727, 733 (N.Y. App. Div. 1934) (holding for fraud that the "measure of damages in such a case is the difference between the amount paid for the property and the value thereof at the time of the sale or acquisition"); *Stephens v. Wheeler*, 213 N.W. 464, 467 (Wis. 1927) ("Furthermore, in actions such as this for deceit, the measure of damages ordinarily is to be determined as of the time of the transaction."); *Tilghman v. Dollenberg*, 213 A.2d 324, 326-27 (Pa. 1965) (fraud damages are measured by "the difference between the real value of the property purchased at the time of sale and what was paid for it"); *Republic Min. & Mfg. Co. v. Elrod*, 185 S.W.2d 99, 100 (Ark. 1945) ("the measure of damages [for fraud] would be the difference between the value of the property at the time the sale was made and the price paid"); *West v. Carlson*, 454 N.W.2d 307, 312 (N.D. 1990) ("It is well established that the measure of damages for fraud is the difference between what the property received would have been worth if it was as represented and what it was actually worth at the time of sale."); *Hecht v. Metzler*, 48 P. 37, 41 (Utah 1897) ("In such actions, as in actions for fraud in the sale of chattels, it has usually been held that the measure of damages is the difference in value between the land as it would have been if as represented and as it actually was at the time of the sale.").

[23]  Tex. Bus. & Com. § 2.714(b); N.Y. U.C.C. § 2-714(2); 13 Pa. Cons. Stat. § 2714(b); Wis. Stat. § 402.714(2); Ark. Code § 4-2-714(2); N.H. Rev. Stat. § 382-A:2-714(2); N.C. Gen. Stat. § 25-2-714(2); N.D. Cent. Code. § 41-02-93(2); S.C. Code § 36-2-714(2); Utah Code § 70A-2-714(2).

"between the value of the goods accepted and the value they would have had if they had been as warranted."  All of the jurisdictions that require a manifest defect use the benefit-of-the-bargain measure of damages.[24]  *Third*, plaintiffs rely on UCC § 2-725(2) providing that a cause of action accrues when the breach occurs, and a breach of warranty occurs when tender of delivery is made.  That accrual principle is also the law in almost all jurisdictions that indisputably require a manifest defect.[25]  In sum, as with fraudulent concealment, how damages are measured or when a cause of action arises does not relieve plaintiffs of proving a manifest defect to establish the existence of injury, damages, or a defect necessary for a breach-of-implied-warranty claim.[26]

## II.    NO JURISDICTION ALLOWS RECOVERY FOR "LOST TIME" WITHOUT PROOF OF LOST INCOME.

Plaintiffs assert an unprecedented entitlement to "lost time" damages.  They claim that "all Plaintiffs incurred damages in at least the form of lost time required to repair their vehicles."  *E.g.*, 5ACC ¶¶ 1225, 1351, 1456.  Plaintiffs are seeking to recover for personal time regardless of whether a plaintiff actually lost any income or money.  This is confirmed by plaintiff's "lost time" expert, who bases the alleged damages on "loss of income (or loss of free time)" and "obtaining the repair prevent[ing plaintiffs] from another desired activity."  E. Manuel Report ¶¶ 27, 63.

Awarding damages for lost "free time" or time that would have been spent on "another

---

[24]  Tex. Bus. & Com. § 2.714(b); N.Y. U.C.C. § 2-714(2); 13 Pa. Cons. Stat. § 2714(b); Wis. Stat. § 402.714(2); Ark. Code § 4-2-714(2); N.H. Rev. Stat. § 382-A:2-714(2); N.C. Gen. Stat. § 25-2-714(2); N.D. Cent. Code. § 41-02-93(2); S.C. Code § 36-2-714(2); Utah Code § 70A-2-714(2).

[25]  Tex. Bus. & Com. § 2.725(b); N.Y. U.C.C. § 2-725(2); 13 Pa. Cons. Stat. § 2725(b); Wis. Stat. § 402.725(2); Ark. Code § 4-2-725(2); N.H. Rev. Stat. § 382-A:2-725(2); N.C. Gen. Stat. § 25-2-725(2); N.D. Cent. Code. § 41-02-104(2); Utah Code § 70A-2-725(2).

[26]  Furthermore, for Maine, plaintiffs rely on *Everest v. Leviton Mfg. Co.*, which states that for theories such as "negligence, failure to warn, and breach of warranty … the product must malfunction before a cause of action lies."  2006 WL 381832, at *2 (Me. Super. Ct. Jan. 13, 2006).

desired activity" is unknown in the law.  Treatises surveying nationwide law conclude that "loss

of time, per se, is not compensable unless it is directly connected with some loss of advantages,

benefits, or revenues that might have been produced by the profitable use and employment of

such time."  25 C.J.S. DAMAGES § 52; 22 AM. JUR. 2D DAMAGES § 155 ("If the plaintiff is not

injured to such an extent that he or she is prevented from continuing his or her employment and

earning his or her full salary, of course, no allowance can be made for loss of time.").

This conclusion is well-supported by case law across the country,[27] which has long held

that loss of time is not compensable without proof of some direct loss of wages or other

income.[28]  *E.g.*, *Davis v. Midwest Dairy Prods. Corp.*, 58 So. 2d 741, 745 (La. Ct. App. 1952)

---

[27]  Whether the bellwether states of California, Missouri, and Texas allow damages for "lost time" will be addressed in subsequent briefing.  Docket No. 4902 n.1.  Plaintiffs also have stated they will not brief lost time for Louisiana because of the Court's prior ruling regarding the Louisiana Product Liability Act.  New GM cites cases from those jurisdictions to further establish the general rule that lost personal time is not recoverable.

[28]  **Alabama:**  *Louisville & N.R. Co. v. Fletcher*, 69 So. 634, 635 (Ala. 1915) ("The expense and loss of time incurred by plaintiff in making a trip to Oxmoor to see about the lost baggage, to identify, gather up, and inspect it, or to investigate the damage done, or the cause of the nondelivery, were elements not recoverable.").
**Arkansas:**  *Wilson v. Marquette Elecs., Inc.*, 630 F.2d 575, 586 (8th Cir. 1980) (applying Arkansas law) (rejecting "lost time" award because there was no evidence that plaintiff lost any money based on employee having to spend additional time on particular business segment because of defendant's acts).
**California:**  *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 829 (Cal. Ct. App. 2013) ("Time and effort spent assembling materials for an application to modify a loan is the sort of nominal damage subject to the maxim de minimis non curat lex—i.e., the law does not concern itself with trifles"); *Badame v. J.P. Morgan Chase Bank, N.A.*, 641 F. App'x 707, 710 (9th Cir. 2016) (applying California law) ("Furthermore, Plaintiffs' contention that they are entitled to damages for the loss of time and energy they spent through the loan modification process also fails because the '[t]ime and effort spent assembling materials for an application to modify a loan is the sort of nominal damage subject to the maxim de minimis non curat lex—i.e., the law does not concern itself with trifles.'").
**Colorado:**  *Iowa State Travelers Mut. Assurance Co. v. Brown*, 485 P.2d 910, 912 (Colo. Ct. App. 1971) (holding that "loss of time" in an insurance policy "must refer to a loss of time from the insured's occupation").
**Connecticut:**  *Lux v. Envtl. Warranty, Inc.*, 755 A.2d 936, 945 (Conn. Ct. App. 2000) (rejecting lost time claims where plaintiff had no evidence of a decrease in sales, expenses incurred, or other pecuniary losses); *Hayes v. Morris & Co.*, 119 A. 901, 902 (Conn. 1923) ("the pecuniary value of time lost by plaintiff in consequence of the injury is a proper element of recovery" and also referring to "earning power" in connection with loss of time).

31

**Florida:**  *Fryatt v. Lantana One, Ltd.*, 866 So.2d 158, 159 (Fla. Dist. Ct. App. 2004) (reversing plaintiffs damages for alleged "lost time" spent attempting to make computer system purchased from defendant function, and specifically holding that "lost time" did not constitute incidental damages).

**Georgia:**  *Greyhound Corp. v. Ault*, 238 F.2d 198, 202 (5th Cir. 1956) (applying Georgia law) (reversing decision where plaintiff failed to submit evidence that her "earnings had been in anywise diminished" and holding that "[t]here was no evidence on which the jury could estimate her pecuniary loss, if any.  In this connection loss of time means loss of earnings."); *Long v. Jim Letts Oldsmobile, Inc.*, 217 S.E.2d 602, 605 (Ga. Ct. App. 1975) ("Long's only damages claimed are economic; diminution in value, and out of pocket expenses for repairs. While we sympathize with Long for the aggravation and inconvenience he has suffered because of the defects in the car, such inflictions are not compensable elements of damages in this case … ."); *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E.2d 137, 139 (Ga. Ct. App. 2001) (plaintiff was not damaged by erroneous advertisement even though he traveled to dealership and spent time there); *Dossie v. Sherwood*, 707 S.E.2d 131, 133 nn.8-9 (Ga. Ct. App. 2011) (collecting and discussing cases allowing recovery for lost time, but only where the plaintiff lost wages or profits).

**Illinois:**  *Kayman v. Rasheed*, 31 N.E.3d 427, 442-43 (Ill. App. Ct. 2015) (plaintiff could not recover for "loss of her time as a result of her visit to physical therapy appointments" without proof of lost monetary compensation or employee benefits); *Lewis v. Avila*, 2011 WL 9933753, at *9-10 (Ill. App. Ct. Feb. 1, 2011) (affirming "trial court's decision not to instruct the jury on the value of 'lost time' because there was no competent evidence to support the value of any lost job opportunities and the jury would have been forced to speculate").

**Kansas:**  *Powell v. Kan. Yellow Cab Co.*, 131 P.2d 686, 686, 690 (Kan. 1942) ("Damages for time lost by woman as result of personal injuries sustained by her were not recoverable, in absence of other evidence on such question than that she had to employ someone to do her work.").

**Kentucky:**  *Jaffee v. Davis*, 2003 WL 2002783, at *2 (Ky. Ct. App. May 2, 2003) (affirming on other grounds circuit court decision holding that "Plaintiff's request for recovery of 'loss of professional time' and 'loss of business opportunity and planned recreation' damages are not otherwise recoverable."); *Holmes v. Countrywide Fin. Corp.*, 2012 WL 2873892, at *11 (W.D. Ky. July 12, 2012) (time plaintiffs spent monitoring their financial accounts and history after data breach was not cognizable); *Alonso v. Blue Sky Resorts, LLC*, 179 F. Supp. 3d 857, 866 (S.D. Ind. 2016) (applying Kentucky law) (time spent monitoring credit and financial accounts was not cognizable under Kentucky law).

**Louisiana:**  *Julian v. Ralph*, 206 So. 2d 121, 126 (La. Ct. App. 1968) (loss of time in school from automotive accident was not recoverable where "correlation between loss of time in school and loss of advantages or revenues has not been satisfied"); *Oil City Iron Works v. S. Bender Supply Co.*, 85 So. 201, 201-02 (La. 1920) (damages for "inconvenience" and "loss of time" were "not recoverable"); *Aiken v. Moran Motor Co.*, 165 So. 2d 662, 667 (La. Ct. App. 1964) ("With regard to the award for worry, inconvenience and annoyance, unless these items can be translated into a calculable pecuniary loss, as for example where the buyer is required to rent a car to use in place of the defective vehicle, no amount may be recovered therefor."); *Jordan v. Leon Pickard Chevrolet, Inc.*, 387 So. 2d 1306, 1308 (La. Ct. App. 1980) ("The appellant contends the $600.00 award for the plaintiffs' trouble and inconvenience must be denied because there is no showing of an actual monetary loss in that regard.  That contention has merit.").

**Maine:**  *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 162 (1st Cir. 2011) (to state a claim under Maine law plaintiffs' efforts must "constitute a legal injury, such as actual money lost, rather than time or effort expended").

**Massachusetts:**  *Costa v. Del La Femina*, 2006 WL 3201070, at *10 (Mass. Super. Ct. Oct. 17, 2006) (holding that plaintiff could not recover for "time and effort" under fraud claim).

**Michigan:**  *Farley v. Country Coach Inc.*, 403 F. App'x 973, 983 (6th Cir. 2010) (applying Michigan law) (trial court properly instructed jury that "[t]he law in these types of cases does not allow you to award loss of use, interrupted or lost vacation time, inability to use the motor home, days out of service, inconvenience, aggravation, or emotional damages").

**Minnesota:** *Anderson v. Young*, 108 N.W. 298, 299 (Minn. 1906) ("The general rule in such cases is that evidence of wages received is admissible as bearing upon the value of time lost on account of injuries but in the absence of a definite contract of service, or facts from which it may be inferred that the wage was actually lost, no damages can be collected for loss of time.").

**Missouri:** *Ford v. St. Louis Metro. Towing, L.C.*, 2010 WL 618491, at *13 (E.D. Mo. Feb. 18, 2010) (dismissing plaintiffs' claims for "loss of time" damages).

**Nebraska:** *Carlile v. Bentley*, 116 N.W. 772, 774 (Neb. 1908) ("Before plaintiff can recover for time lost it must be shown that he was deprived of something of value, and the value of that something must be shown.").

**Nevada:** *Havas Motors v. Combs*, 291 P.2d 907, 909 (Nev. 1995) (denying damages where plaintiff claims "inconvenience in being stopped on the road a number of times for questioning as to his temporary license and the necessity for his going to the motor vehicle office on each occasion of obtaining a thirty-day extension," relying on maxim that the "law does not concern itself about trifles"); *Peterson v. Wiesner*, 146 P.2d 789, 798 (Nev. 1944) (rejecting damages for "loss of time" where party did not present proof of "wages he would have received had he been employed during the time he lost 'mostly running around trying to get straightened out on this matter'").

**New Jersey:** *Holmes v. Countrywide Fin. Corp.*, 2012 WL 2873892, at *11 (W.D. Ky. July 12, 2012) (apply New Jersey law) (time plaintiffs spent monitoring their financial accounts and history after data breach was not cognizable).

**New York:** *Goldberg v. Mallinckrodt, Inc.*, 792 F.2d 305, 309 (2d Cir. 1986) (New York law) (plaintiff's "lost personal time" spent defending lawsuit as a result of defendant's fraud was not recoverable); *Leeds v. Metro. Gas-Light Co.*, 90 N.Y. 26, 29 (N.Y. 1882) ("the element of damages which consists of lost time is purely a pecuniary loss or injury").

**North Dakota:** *Weeks v. Great N. Ry. Co.*, 175 N.W. 726, 727 (N.D. 1919) (when train employee gave plaintiff passenger incorrect schedule, "the passenger is not entitled to actual damages, unless he shows some pecuniary injury or personal injury, and is not entitled to damages for inconvenience, loss of time, or fatigue, unless some pecuniary damage or personal loss has resulted therefrom").

**Ohio:** *Burkenrod v. Breese*, 1931 WL 2569, at *3 (Ohio Ct. App. Mar. 13, 1931) (trial court erred in instructing that plaintiff could recover for "inconvenience," which is not part of compensatory damages).

**Oregon:** *McKay v. Pac. Bldg. Materials Co.*, 68 P.2d 127, 134 (Or. 1937) (affirming jury instruction that "if you conclude that the plaintiff is entitled to damages, then you may consider compensation for the loss of time resulting from personal injury and measure it by the amount of money which the plaintiff might reasonably have earned in the same time by the pursuit of his ordinary occupation").

**Pennsylvania:** 1 SUMM. PA. JUR. 2D TORTS § 9:45 (2d ed.) (Jan. 2018 update) ("Compensation for loss of time is measured by the amount of money that the injured person might reasonably have earned in the same time by the pursuit of her or his ordinary calling.").

**South Carolina:** *Cannon v. Pulliam Motor Co.*, 94 S.E.2d 397, 401 (S.C. 1956) ("The Court further erred in charging the jury that they could take into consideration inconvenience as an element of damages."); *Aaron v. Hampton Motors, Inc.*, 124 S.E.2d 585, 591 (S.C. 1962) ("Inconvenience is no more proper as an element of damage in such case than it would be in an action for breach of warranty.").

**Texas:** *Atchison, Topeka & Santa Fe Ry. Co. v. Acosta*, 435 S.W.2d 539, 550 (Tex. Civ. App. 1968) (rejecting alleged lost time damages where there "is no testimony that he hired someone to do the work he had previously done, or that his net profits had been reduced"); *Galveston, Houston & San Antonio Ry. Co. v. Eubanks*, 42 S.W.2d 475, 479 (Tex. Civ. App. 1931) (interpreting collective bargaining section: "The provision, pay 'for all time lost,' means nothing more than pay for loss of earnings.").

**Virginia:** *Moore v. Lewis*, 111 S.E.2d 788, 791-92 (Va. 1960) (rejecting claims for "loss of time" where plaintiff did not show any loss of earning or that she lost any wages).

**Wisconsin:** *Burlison v. Janssen*, 141 N.W.2d 274, 279 (Wis. 1966) (evaluating "damages for lost wages or lost time" in terms of times which plaintiff could not work); *Kowalke v. Farmers Mut. Auto. Ins. Co.*,

("Loss of time, per se, is not compensable unless it is directly connected with some loss of advantages, benefits or revenues which might have been produced by the profitable use and employment of such time."); *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 4 A.3d 492, 496 (Me. 2010) ("Our case law, therefore, does not recognize the expenditure of time and effort alone as a harm."); *Forbes v. Wells Fargo Bank, N.A.*, 420 F. S. Supp. 2d 1018, 1020-21 (D. Minn. 2006) ("Plaintiffs contend that the time and money they have spent monitoring their credit suffices to establish damages.  However, a plaintiff can only recover for loss of time in terms of earning capacity or wages.  Plaintiffs have failed to cite any Minnesota authority to the contrary."); *McKee Elec. Co., Inc. v. Carson Oil Co.*, 688 P.2d 1360, 1366 (Or. Ct. App. 1984) ("The factor that seems to differentiate these cases is that, when recovery is allowed, the plaintiff has not only shown lost time, but the loss of some other benefit as a result of that lost time."); *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d 550, 565 (W.D. Pa. 2015) ("'time lost' is not compensable under the law without a corresponding loss of earnings"); *Vista Chevrolet, Inc. v. Barron*, 698 S.W.2d 435, 441 (Tex. App. 1985) ("We conclude that 'loss of time' is recoverable as a special damage in a cause of action for slander when submitted with proper instructions to inform the jury that loss of time means loss of earnings" but "damages for loss of time in and of itself are not recoverable."); *Cabage v. Nw. Trustee Servs., Inc*, 2015 WL 7909545, at *10 (Wash. App. Ct. Dec. 1, 2015) ("Although taking time off work may be a compensable injury, it is only sufficient to establish injury when it results in lost business or lost profits." … "Cabage conceded—and the superior court ruled—that, because she was a salaried worker, she did not sustain loss of wages or income … ."); *Chiconas v. LaPorte*, 1997 WL 784123, at *3 (Wis. Ct. App. Dec. 23, 1997) (rejecting plaintiffs' argument "that the fair

---

88 N.W.2d 747, 756 (Wis. 1958) ("The measure of damages for loss of time is the value of the plaintiff's time while prevented from working by reason of the negligence of the defendant …").

monetary value of their personal time and effort was a recoverable loss").

This principle has been applied to time spent having a vehicle repaired.  In *Williams v. Planet Motor Car, Inc.*, plaintiff brought lemon law and warranty claims against a dealership for failing to repair his vehicle.  738 N.Y.S 2d 170, 171 (N.Y. Civ. Ct. 2001).  The court held that the plaintiff could recover the costs of repairs, and also could recover consequential and incidental damages.  *Id.* at 174-75.  Yet the court rejected recovery of any damages claimed for "the time [plaintiff] lost from work in attempting to have the car repaired."  *Id.* at 177.  "The lost time for repairs is not compensable."  *Id.* at 178.  *Williams* thus holds that New York law would not allow lost time damages for vehicle repairs even if the plaintiff lost time from work.

As another example, in *Bossier Chrysler Dodge II, Inc. v. Rauschenberg*, the plaintiff took his vehicle to the dealership on four separate days to correct problems.  201 S.W.3d 787, 810 (Tex. App. 2006).  Plaintiff "conceded that one of these visits occurred on Saturday, when he did not work."  *Id.*  Accordingly, the court held that plaintiff could not be compensated for that Saturday spent at the dealership.  *Id.*

These dozens of state court decisions are buttressed by federal court opinions holding that lost time is not recoverable unless, at a minimum, the plaintiff proves a direct loss of income.[29] The Second Circuit explained in a maritime case that a driver who caused an accident and delayed thousands of people would not be liable for lost time even if it caused a loss of wages: "But we doubt that damages would be recoverable against the negligent driver in favor of truckers or contract carriers who suffered provable losses because of the delay or to the wage earner who was forced to 'clock in' an hour late."  *Petitions of Kinsman Transit Co.*, 388 F.2d

---

[29] *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009) (interpreting RESPA to allow for recovery of lost time only "to the extent it resulted in actual pecuniary loss" such as "time spent away from employment," and collecting similar cases); *Snavely v. Lang*, 592 F.2d 296, 299-300 (6th Cir. 1979) (maritime law) (holding that loss of time spent together by a family is not cognizable).

821, 825 n.8 (2d Cir. 1968).

Indeed, such cases define and limit what "lost time" means.  As numerous court decisions and treatises explain, "lost time" does not refer to "free time" or time that could have been spent on "another desired activity."  Instead, the very definition of "lost time" is that it refers to the loss of wages or other income.[30]  *E.g.*, *Lambert v. Hasson*, 823 P.2d 167, 174 (Idaho Ct. App.

---

[30]  **Indiana:**  *Rieth-Riley Constr. Co., Inc. v. McCarrell*, 325 N.E.2d 844, 848 (Ind. Ct. App. 1975) (explaining that "loss of time" refers to the "loss of [plaintiff's] capacity to earn money").
**Iowa:**  *Hopping v. Coll. Block Partners*, 599 N.W.2d 703, 706-07 (Iowa 1999) (a claim for lost time means lost time from work).
**Kentucky:**  *Blue Grass Traction Co. v. Ingles*, 131 S.W. 278, 281 (Ky. 1910) (stating "'lost time' as an element of damage means time that is totally lost, due to the fact that the injured party cannot follow any wage-earning occupation, as when he is confined to his bed by the injuries").
**Maryland:**  *Burke v. United States*, 605 F. Supp. 981, 997 (D. Md. 1985) (plaintiff can recover for "loss of time" if unable to earn wages, and "loss of time or earnings compensates for regular wages lost").
**Michigan:**  *Draisma v. United States*, 492 F. Supp. 1317, 1322-23 (W.D. Mich. 1980) ("According to Michigan law a Plaintiff is entitled to recover from a tortfeasor damages for impairment in earning capacity caused by the tort.  This broad area of damages is typically bifurcated into loss of time and decreased earning capacity with the time of trial dividing the two.  Both are concerned with the amount the Plaintiff was capable of earning before and after the injury, rather than the amount Plaintiff actually earned before and after the tortious act.").
**Minnesota:**  *Weum v. Mutual Ben. Health & Acc. Ass'n, Omaha*, 54 N.W.2d 20, 30 (Minn. 1952) (in context of insurance policies, holding that "'loss of time' … means loss of earnings").
**Missouri:**  *Scholl v. Grayson*, 127 S.W. 415, 417 (Mo. Ct. App. 1910) ("loss of time is averred, which is the same, in legal effect, as averring loss of earnings"); *Lesser v. St. Louis & S. Ry. Co.*, 85 Mo. App. 326, 331 (Mo. App. Ct. 1900) ("loss of time or of earnings (which is the same thing)").
**Nebraska:**  *Singles v. Union Pac. R. Co.*, 112 N.W.2d 752, 754 (Neb. 1962) (a "recovery cannot be had both for loss of time and for diminished earning capacity during the same period, and that an allowance for permanent impairment of earning capacity should run only from the expiration of the period covered by an allowance of damages for lost time.").
**New Jersey:**  *Alexander v. Cheaster*, 164 A. 287, 288 (N.J. 1933) ("One who is injured in his person by the wrongful act of another may recover for any loss sustained through being temporarily deprived of his capacity to perform his ordinary labor, or to attend to his ordinary business; that is, he may recover for any loss of time, and consequent loss of earnings.").
**New York:**  *Pickett v. Town of West Monroe*, 63 N.Y.S. 30, 34 (N.Y. App. Div. 1900) ("'Loss of earning capacity,' when used as here, must be deemed to mean the same as loss of capacity to earn, loss of services, loss of time."); *Berlinski v. Congregation Emanuel of City of New York*, 289 N.Y.S. 2d 503, 504 (N.Y. App. Div. 1968) ("There was no lost time (wages) …").
**North Carolina:**  *Jung Keun Kim v. Hansen*, 359 S.E.2d 253, 255 (N.C. Ct. App. 1987) ("The element of loss of time is held properly to include only such loss as has accrued up to the time of trial; a subsequent loss of time is to be included in a recovery for decreased earning capacity."); *Mintz v. Atl. Coast Line R. Co.*, 65 S.E.2d 120, 122-23 (N.C. Ct. App. 1951) ("It is true that the injury renders him unable for the time being to earn his board, but, if he recovers at all, he recovers compensation for his loss of time, which is the equivalent of wages.").

1991) (affirming that "lost time was the same thing as the claim for lost earnings" and

interpreting jury instructions to allow both would "yield a duplicative award of damages"); *Cox*

*v. Chicago Great W. R. Co.*, 233 N.W. 675, 676-77 (Minn. 1929) ("Loss of time and loss of

earnings, as covering the same period of time, are a duplication."); *Sinclair Refining Co. v.*

*Tompkins*, 117 F.2d 596, 598 (5th Cir. 1941) (Mississippi law) (holding that "loss of time means

loss of earnings" and plaintiff could not recover for being unable to leave her house for five

months because of physical injuries); *Ganz v. Metropolitan St. R. Co.*, 220 S.W. 490, 496 (Mo.

1920) ("Loss of 'time' and loss of 'earnings' for that time mean the same thing."); *Cook v. Cook*,

607 S.E.2d 459, 469-70 (W. Va. 2004) ("The first and most obvious component is frequently

called 'lost time,' 'lost wages,' or 'lost earnings.'").  Thus, when decisions or other authorities

---

**North Dakota:** *Heddon v. North Dakota Workmen's Compensation Bureau*, 189 N.W.2d 634, 635 (N.D. 1971) (affirming judgment explaining that statute provides for "compensation for loss of earning power during disability, or otherwise stated, compensation for loss of earning power or loss of time").
**Ohio:** *Rutherford v. Ohio Finance Co.*, 1954 WL 8036, at *1 (Ohio Ct. Common Pleas Franklin Cnty. Oct. 25, 1954) (referring to damages of "[l]oss of time and consequent loss of earnings"); *A.F. Waite Taxi & Livery Co. v. McGrew*, 16 Ohio App. 219, 223 (Ohio Ct. App. 1922) ("loss of time and loss of earnings ordinarily mean the same thing"); *Kornrumpf v. Board of Review, Ohio Bureau of Emp't Servs.*, 1986 WL 2493, at *1 n.1 (Ohio Ct. App. 1986) ("During oral arguments we were informed by counsel that the term 'no lost time' means, in effect, that the appellant would not be compensated for any lost wages."); *Bennet v. Mutual of Omaha Ins. Co.*, 1980 WL 351061, at *1 n.1 (Ohio Ct. App. Aug. 6, 1980) (quoting insurance policy stating that "'Total Loss of Time' means that period of time during which the Insured is completely unable to engage in his occupation, receives no earnings for performing other work or service and receives medical treatment").
**Tennessee:** *Shelton v. Milam*, 492 S.W2d 917, 918 (Ten. Ct. App. 1972) (collecting cases equating "loss of time" with "loss of ability to earn" as an element of damages); *Varner v. Local 641, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO*, 1971 WL 13073, at *7 (Tenn. Ct. App. July 30, 1971) ("loss of time" means "the time plaintiff lost from his work").
**Texas:** *Combined Am. Ins. Co. v. Morgan*, 214 S.W.2d 145, 148 (Tex. Civ. App. 1948) ("Loss of time as used in connection with damages recoverable for personal injuries means loss of earnings.").
*See also* 2 John F. Romano, LITIGATING TORT CASES §23.3 (2017 update) ("*Lost time*, also referred to as *lost earnings* or *lost wages*, concerns one's loss of income due to an inability to perform a specific job from the time of injury to the time of trial."); 2 STEIN ON PERSONAL INJURY DAMAGES § 9.6 (3d ed. 2017 update) ("When bodily injury results in an impairment of the plaintiff's earning capacity, there is a distinction between impairment of the plaintiff's earning capacity before trial, referred to as 'lost time,' and such impairment after trial.  In a sense, both of these elements constitute a recovery for loss of earning capacity."); *id.* § 6.2; 25 C.J.S. DAMAGES §156 ("Compensation for loss of time resulting from a personal injury is to be measured by the amount of money that the injured person might reasonably have earned in the same time by the pursuit of his or her ordinary occupation.").

refer to "lost time," they are referring to lost wages or income, not lost "free time."

Numerous jurisdictions have applied the rule that lost time cannot be recovered without, at a minimum, proof of lost income to consumer protection claims. *Kleef v. Goodman Mfg. Co., L.P.*, which rejected such losses for implied warranty and consumer fraud claims based on the defendant's repair of defective air conditioning units, explained that such damages would allow for endless lawsuits:

> As for Van Kleef's contention that he should be compensated for the time lost in coordinating and waiting for repairs, such a circumstance cannot be a foundation for recoverable damages. … Were that the case, consumers could bring a lawsuit every time they were on hold with a company's customer service line while they waited to resolve a problem. Thus, to say that damages for lost time are recoverable in a products liability action makes no sense, and it is not commercially practicable.

2015 WL 4512200, at *3 (E.D. Ark. July 24, 2015).

Other states hold that lost time cannot be recovered under their consumer protection statutes, which typically limit damages to an "ascertainable loss" or a loss of "money or property." For example, the Maine Supreme Court explained that the "'loss' for which an action for restitution is permitted by section 213 is a loss 'of money or property.' On its face, without the benefit of a strained interpretation, that language appears to rule out recovery … of … loss of time." *Bartner v. Carter*, 405 A.2d 194, 202-03 (Me. 1979); *see also Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1057 (E.D. Mo. 2009) ("A claim of damages for time expended is not sufficiently definite or certain to support a monetary award for an 'ascertainable loss' under the MMPA."); *Dibenedetto v. Sparta Transmissions & Auto Repair, Inc.*, 2007 WL 2580506, at *6 (N.J. Super. Ct. Sept. 10, 2007) (plaintiffs were required to present evidence of ascertainable loss of out-of-pocket expenses where they claimed delay in repairs caused them to share a single vehicle and drive different directions to commute to work). In particular, California decisions have held that lost time is not sufficient to show a loss of "money or

38

property" or injury as required under its consumer protection laws.  *E.g.*, *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *11 (S.D. Cal. Nov. 3, 2016) (time spent responding to unauthorized credit card charges could not "demonstrate that Plaintiff has suffered a loss of money or property" as required for a UCL claim); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012) ("Plaintiffs' allegations that the heightened risk of identity theft, time and money spent on mitigation of that risk … do not suffice as injury under the UCL, FAL, and/or the CLRA."); *Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1062 (C.D. Cal. 2007) ("Moreover, plaintiffs' expenditure of time and money preparing an application is not the kind of loss of money or property that is necessary for standing under the new version of the unfair competition law.").

Likewise, other jurisdictions have recognized that lost time simply is not a sufficient injury or loss to be cognizable in a consumer protection claim.  *E.g.*, *In re Barnes & Noble Pin Pad Litig.*, 2017 WL 2633398, at *3 (N.D. Ill. June 13, 2017) (allegations that plaintiff "had to spend time with police and bank employees" after her personal identifying information was stolen "are not injuries sufficient to state a claim" under Illinois or California consumer protection acts); *McLaughlin v. LVNV Funding, LLC*, 971 F. Supp. 2d 796, 802 (N.D. Ill. 2013) (allegations of "annoyance and loss of time" did not establish actual damages necessary to sustain consumer protection claim); *Goldberg v. Manhattan Ford Lincoln-Mercury, Inc.*, 492 N.Y.S.2d 318, 323 (N.Y. Sup. Ct. N.Y. Cnty. 1985) ("loss of time" was not compensable under GBL § 349); *Snyder v. Watkins*, 2008 WL 4376830, at *2 (Ohio Ct. App. Sept. 23, 2008) (plaintiff could not recover under Ohio CSPA "for the inconvenience of transporting his granddaughters to school.  We agree with the trial court that this is not a pecuniary loss compensable under the statute."); *Valley Nissan, Inc. v. Davila*, 133 S.W.3d 702, 713 (Tex. App.

2003) (holding that "damages based on loss of time" are not within scope of Texas consumer protection law); *Bigelow v. Nw. Trustee Servs., Inc.*, 2016 WL 4363199, at *4 (W.D. Wash. Aug. 16, 2016) ("Bigelow's damages of loss of time with family, loss of time to pursue personal activities, and other emotional damages do not meet the injury element of a CPA claim.").[31]

Consumer protection statutes across the country follow these same requirements, and similarly bar recovery of lost personal time. Many states limit consumer fraud recoveries to the "loss of money or property," and thus lost personal time is not recoverable as it is neither money nor property. Others require "actual damages" or some minimum kind of injury.[32] The same is

---

[31] *See also Cooney v. Chicago Pub. Schools*, 943 N.E.2d 23, 31 (Ill. Ct. App. 2010) ("there is no cause of action under the Consumer Fraud Act when a plaintiff alleges only aggravation and not actual damages") (citing and quoting with approval *Xydakis v. Target, Inc.*, 333 F. Supp. 2d 686, 688 (N.D. Ill. 2004); *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783 (N.J. 2005) (plaintiff could not recover where she had no out-of-pocket loss after her vehicle was repaired, and further stating that "[w]e refuse to conclude that her payment for the gas used during technicians' efforts to diagnose her car's problem constituted a 'loss' of the sort that would support a CFA private claim in this setting. That claim of 'loss' is simply unreasonable."); *DepoLink Court Reporting & Litig. Support Servs. v. Rochman*, 64 A.3d 579 (N.J. Super. Ct. 2013) ("Mere inconvenience to a consumer is not enough to demonstrate an ascertainable loss under the Act.").

[32] **Alabama:** Ala. Code § 8-19-10(a)(1) (plaintiff must prove "monetary damage" to recover under consumer protection law); *Billions v. White & Stafford Furniture Co., Inc.*, 528 So. 2d 878, 880 (Ala. Civ. App. 1988) (rejecting Deceptive Trade Practices Act claim because "[t]here has been no showing by Billions that he suffered any monetary damages as a result of this error on the part of White and Stafford. That is the test for a private right of action under the statute. Ala. Code (1975), § 8–19–10.").
**Alaska:** Alaska Stat. ¶¶ 45.50.531(a) (plaintiff must prove "ascertainable loss of money or property" to recover under consumer protection law); *Donahue v. Ledgends, Inc.*, 331 P.3d 342, 352-54 (Alaska 2014) (limiting UTPA claims to "loss of money or property").
**Arkansas:** Ark. Code. Ann. § 4-88-113(f)(1)(A) (plaintiff must suffer "an actual financial loss" to recover under the Arkansas DTPA).
**California:** *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1348 n.31 (Cal. Ct. App. 2009) ("[The] UCL's standing requirements appear to be more stringent than the federal standing requirements.... Proposition 64 ... added a requirement that a UCL plaintiff's 'injury in fact' specifically involve 'lost money or property.' (Cal. Bus. & Prof. Code, § 17204)"); *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1132 (N.D. Cal. 2014) ("Whereas a federal plaintiff's 'injury in fact' may be intangible and need not involve lost money or property, ... a UCL plaintiff's 'injury in fact' [must] specifically involve 'lost money or property.'").
**Connecticut:** Conn. Gen. Stat. Ann. ¶ 42-110g(a) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law); *Neighborhood Builders, Inc. v. Town of Madison*, 986 A.2d 278, 282 (Conn. 2010) (to prevail on a UTPA claim a plaintiff must prove that "each

class member claiming entitlement to relief under CUTPA has suffered an ascertainable loss of money or property as a result of the defendant's acts or practices").

**Delaware:** *Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663, at *4 (Del. Super. Ct. Dec. 8, 1994) (In *Stephenson v. Capano Dev. Co.*, 462 A.2d 1069 (1983), "the Delaware Supreme Court set forth the two measures of damages resulting from breaches of the Consumer Fraud Act; (1) the difference between the actual and the represented values of the object of the transaction; and (2) the difference between what Plaintiff paid and the actual value of the item. … Therefore, evidence of consequential damages in the form of good will, lost future profits, and lost customer base relating to Cromwell's claim that Himont violated the Delaware Consumer Fraud Act shall be precluded at trial.").

**Florida:** *Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819, 827 (Fla. Dist. Ct. App. 2010) (recovery under the FDUTPA is limited to "actual damages," which means only the difference in value of the product, and excludes incidental, consequential, or special damages); *City First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. Dist. Ct. App. 2008) (stating that FDUTPA "provides for recovery only of 'actual damages,' which cannot include consequential or special damages"); *Orkin Exterminating Co. v. Petsch*, 872 So.2d 259, 263 (Fla. Dist. Ct. App. 2004) (observing that "special, consequential, and incidental damages" are "not available under FDUTPA"); *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010) (collecting cases); *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. Dist. Ct. App. 1985).

**Illinois:** *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) ("[A]n action brought under the ICFA requires the plaintiff to show he suffered 'actual damage' as a result of the defendant's violation of the act. In a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'") (internal citations omitted); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (same); *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (Ill. Ct. App. 2008) (same); *Xydakis v. Target*, Inc., 333 F. Supp. 2d 683, 685 (N.D. Ill. 2004) ("Plaintiff fails to allege the 'switch' by defendant, however, and therefore fails to allege any actual damages caused by defendant's acts. … There is nothing in the complaint to indicate that plaintiff spent any money at any Marshall Field store.").

**Kentucky:** Ky. Rev. Stat. ¶ 367.220(1) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law); La. Rev. Stat. Ann. § 51:1409(A) (plaintiff must prove an "ascertainable loss of money or movable property" to recover under consumer protection law).

**Maine:** Me. Rev. Stat. Ann. tit. 5, § 213(1) (plaintiff must prove a "loss of money or property" to recover under consumer protection law); *Everest v. Leviton Mfg. Co.*, 2006 WL 381832, at *3 (D. Me. Jan. 13, 2006) ("Plaintiff is required to allege a substantial pecuniary harm in order to sustain his claim under the UTPA, which he has failed to do.").

**Minnesota:** *Wilson v. Polaris Indus., Inc.*, 1998 WL 779033, at *2 (Minn. App. Ct. Nov. 10, 1998) (Minnesota consumer protection laws require proof of "actual damages").

**Mississippi:** Miss. Code Ann. § 75-24-15(1) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law).

**Missouri:** *Walsh v. Al West Chrysler, Inc.*, 211 S.W. 3d 673, 675 (Mo. Ct. App. 2007) (rejecting claim for "lost or wasted time" damages under the MMPA as insufficiently definite or certain); *Schoenlein v. Routt Homes, Inc.*, 260 S.W.3d 852, 855 (Mo. Ct. App. 2008) (reversing, in an MPA case arising out of the defendant's failure to provide a warranty, a damages award that was based on evidence of telephone calls made by the plaintiffs to the defendant and evidence of "the significant time [the plaintiffs] spent attempting to obtain the warranty from" the defendant); *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017) (under the MMPA, damages are limited to "ascertainable pecuniary loss[es]."); Mo. Ann. Stat. § 407.025(1) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law).

**Montana:** Mont. Code. Ann. § 30-14-133(1) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law).

**Nebraska:** Neb. Rev. Stat. § 59-1609 (plaintiff must be "injured in his or her business or property" to recover under consumer protection law).

41

**New Jersey:**  N.J. Stat. Ann. § 56:8-19 (limiting recoverable damages under consumer protection statute to "any ascertainable loss of moneys or property").

**New Mexico:**  N.M. Stat. Ann § 57-12-10(B) (plaintiff must prove loss of an "ascertainable loss of money or property" to recover under consumer protection law); *Page & Wirtz Const. Co. v. Solomon*, 794 P.2d 349, 354-55 (N.M. 1990) (same); *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 (D.N.M. 2007) (same).

**Ohio:**  *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 681 (6th Cir. 2017) ("But the OCSPA does not entitle a class of Ohio consumers to recover noneconomic damages; it entitles them to recover *actual damages*.").

**Oklahoma:**  *Tibbetts v. Sight 'n Sound Appliance Centers, Inc.*, 77 P.3d 1042, 1051 (Okla. 2003) ("actual monetary damages, i.e., actual injury, was an essential element of the private right of action under the OCPA"); *Whitlock v. Bob Moore Cadillac, Inc.*, 938 P.2d 737, 738 (Okla. 1997) (affirming summary judgment against Oklahoma CPA claim where plaintiff "had incurred no monetary damages").

**Oregon:**  Ore. Rev. Stat. § 646.638 (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law); *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 22-23 (Or. 2015) ("Thus, the loss must be objectively verifiable, much as economic damages in civil actions must be. *See* ORS 31.710(2)(a) defining 'economic damages' as 'objectively verifiable monetary losses'").

**Pennsylvania:**  73 Pa. Stat. § 201-9.2 (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law); *Sosso v. ESB Bank*, 2016 WL 3855031, at *5 (W.D. Pa. July 15, 2016) (rejecting argument that because plaintiff was seeking monetary damages under the statute, he could recover for non-monetary losses); *In re Bryant*, 111 B.R. 474, 479-80 (E.D. Pa. 1990) (rejecting recovery for losses that "do[] not fall within the express limitations of the statute which recognizes as actual damages 'any ascertainable loss of money or property'").

**Rhode Island:**  R.I. Gen. Laws § 6-13.1-5.2(a) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law).

**South Carolina:**  S.C. Code Ann. § 39-5-140(a) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law).

**Tennessee:**  Tenn. Code Ann. § 47-18-109(a)(1) (plaintiff must prove an "ascertainable loss of money or property" to recover under consumer protection law); *Discover Bank v. Morgan*, 363 S.W.3d 479, 497-98 (Tenn. 2012) (in context of lost credit, explaining that a plaintiff can recover under Tennessee's consumer protection law only if they prove "actual harm to the aggrieved party, such as lost profits or added costs"); *Akers v. Prime Succession of Tenn., Inc.*, 387 S.W.3d 495, 509-10 (Tenn. 2012) (rejecting claims of plaintiff that "do not have tangible economic value as required by the TCPA"); *Quality Mfg. Sys., Inc. v. R/X Automation Solutions, Inc.*, 2016 WL 2770634, at *7 (M.D. Tenn. May 13, 2016) (following *Akers* and requiring plaintiffs to show a "tangible economic loss").

**Texas:**  Tex. Bus. & Com. Code § 17.50(a) (plaintiff must prove "economic damage" or "mental anguish" to recover under consumer protection law).

**Washington:**  Wash. Rev. Code. § 19.86.090 (plaintiff must be "injured in his or her business or property" to recover under consumer protection law); *Keyes v. Bollinger*, 640 P.2d 1077, 1084 (Wash. App. Ct. 1982) ("inconvenience" is not compensable under the Consumer Protection Act unless it entails pecuniary loss); *Ambach v. French*, 216 P.3d 405, 407 (Wash. 2009) (emphasizing that only injuries to business or property are recoverable under the CPA); *Gragg v. Orange Cab Co., Inc.*, 942 F. Supp. 2d 111, 1118-19 (W.D. Wash. 2013) (dismissing claims for aggravation and annoyance as not recoverable under the CPA).

**West Virginia:**  W. Va. Code Ann. § 46A-6-106(a)-(b) (plaintiff must prove "an actual out-of-pocket loss" to recover under consumer protection law).

**Wisconsin:**  Wis. Stat. Ann. §§ 100.18(11)(b)(2) (plaintiff must prove "pecuniary loss" to recover under consumer protection law); *FACC MTD Opinion*, 257 F. Supp. 3d at 459 ("[T]o prevail on a statutory fraud claim in Wisconsin, a plaintiff need only show that he or she suffered a pecuniary loss to have alleged a legally cognizable injury.").

42

also true for common law fraud, which jurisdictions regularly limit to "pecuniary"—*i.e.*, monetary—damages.[33] No jurisdiction has, or would, allow recovery for the lost "free time"

---

[33]   **Arizona:** *Rich v. BAC Home Loans Servicing LP*, 2014 WL 7671615, at *9 (D. Ariz. Oct. 9, 2014) ("Furthermore, 'only pecuniary damages are allowed for fraud under Arizona law.'"); *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 30 F. Supp. 2d 1182, 1200-01 (D. Ariz. 1998) ("[O]nly pecuniary damages are allowed for fraud under Arizona law.").

**California:** *Gerard v. Wells Fargo Bank, N.A.*, 2015 WL 12791416, at *10 (C.D. Cal. 2015) ("Any damages associated with the time and effort spent assembling materials for an application to modify a loan are insufficient to support an intentional misrepresentation claim under California law.").

**Georgia:** *Bridgers v. Investors Am., Inc.*, 267 S.E.2d 801, 803 (Ga. Ct. App. 1980) ("Generally, a party may recover for fraud where he has sustained some pecuniary damage or injury whereby he is put in a position worse than he would have occupied had there been no fraud.").

**Hawaii:** *Ellis v. Crockett*, 451 P.2d 814, 820 (Haw. 1969) ("In order to have a claim based on deceit, the plaintiff must have suffered substantial actual damage, not nominal or speculative.  The courts have often expressed this requirement in terms of pecuniary damage.") (internal citations omitted); *Hawaii's Thousand Friends v. Anderson*, 768 P.2d 1293, 1301 (Haw. 1989) (to recover for fraud, "Plaintiff must show that he suffered substantial pecuniary damage"); *Zanakis-Pico v. Cutter Dodge, Inc.*, 47 P.3d 1222, 1233 (Haw. 2002) ("Thus, as the juxtaposition of 'substantial actual damage' with 'nominal' or 'speculative' damages indicates, plaintiffs suing in fraud are required to show both that they suffered actual pecuniary loss and that such damages are definite and ascertainable, rather than speculative.").

**Idaho:** *Umphrey v. Sprinkel*, 682 P.2d 1247, 1258 (Idaho 1983) ("[R]ecovery cannot be had in an action for deceit for injury to plaintiff's feelings and public disgrace incurred through being deceived through false representations, or for anxiety, worry, and harassment arising from fraud, or from annoyance or inconvenience.") (quoting 37 C.J.S. Fraud § 141(f)).

**Indiana:** *Parke County v. Ropak, Inc.*, 526 N.E.2d 732, 739 (Ind. App. Ct. 1988) ("As a general rule, the measure of damages for fraud is the actual pecuniary loss sustained.").

**Iowa:** *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255, 260 (Iowa 1991) ("[F]raud is an economic tort which only protects pecuniary losses.").

**Kentucky:** *Stahl v. St. Elizabeth Med. Ctr.*, 948 S.W.2d 419, 423 (Ky. Ct. App. 1997) ("[O]ne seeking to recover on the basis of fraud must suffer an actual pecuniary loss."); *Stevens v. Saelinger*, 2011 WL 4388681, at *5 (E.D. Ky. Sept. 20, 2011) ("Because Stevens did not allege or offer proof of pecuniary harm, her fraud claim cannot succeed.").

**Maine:** *Jourdain v. Dineen*, 527 A.2d 1304, 1307 (Me. 1987) ("We therefore conclude that pecuniary loss is an essential element of a fraud action … .  We see no reason to depart from the well-established view that fraud actions are essentially economic in nature and serve to protect economic interests.").

**Maryland:** *B.N. v. K.K.*, 538 A.2d 1175, 1182 (Md. 1988) (fraud usually involves "pecuniary loss" or physical harm that causes an economic loss).

**Michigan:** *Pantelas v. Montgomery Ward & Co., Inc.*, 425 N.W.2d 782, 783 (Mich. Ct. App. 1988) ("generally, fraud is an economic tort and protects only pecuniary losses," and rejecting damages based on "aggravation" from delay in providing products).

**Minnesota:** *Nodland v. Chirpich*, 240 N.W.2d 513, 515 (Minn. 1976) (affirming summary judgment where plaintiffs "introduced no evidence of pecuniary damage, an essential element of fraud"); *Angeles v. Medtronic, Inc.*, 863 N.W.2d 404, 422 (Minn. App. Ct. 2015) (fraud requires that plaintiff "suffer pecuniary damage").

**Missouri:** *Harris v. Penninger*, 613 S.W.2d 211, 214 (Mo. Ct. App. 1981) ("fraud belongs to that class of torts of which pecuniary loss constitutes a part of the cause of action."); *Walsh v. Ingersoll-Rand Co.*, 656

theory that plaintiffs advance here.[34]

---

F.2d 367, 370 (8th Cir. 1981) (applying Missouri law) ("[T]he general rule is that fraud is an economic tort and thus protects only pecuniary losses.").

**Nebraska:** *Tolliver v. Visiting Nurse Ass'n of Midlands*, 711 N.W.2d 908, 914-17 (Neb. 2009) ("One who makes a fraudulent or negligent misrepresentation in a business transaction is normally liable only for the recipient's pecuniary losses.  And a pecuniary loss is a loss of money or of something having monetary value."); *Marquise v. Tri-State Land Co.*, 109 N.W. 397, 398 (Neb. 1906) ("Relief or redress will not be granted, either by way of rescission, or by way of damages, at law or in equity, if it clearly appears that the party complaining has not sustained any pecuniary damages, nor been otherwise put into any worse position than he would have occupied if there had been no fraud.") (internal citations omitted).

**New Mexico:** *Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005) (damages "are not available in a fraud claim" unless they are a "pecuniary loss":  "The theory of the general rule is that fraud is an economic tort which protects economic interests, and other torts protect interests in personalty.").

**New York:** *Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993) ("New York law awards only 'out of pocket' expenses in fraud cases, entitling plaintiffs to damages solely for their actual pecuniary losses."); *3801 Beach Channel, Inc. v. Shvartzman*, 2011 WL 1303812, at *2 (E.D.N.Y. Mar. 31, 2011) ("New York law is clear that, in an action for fraud, only pecuniary damages are available."); *FDIC v. First Int'l Bank*, 1999 WL 114692, at *1 (S.D.N.Y. Dec. 7, 1999) ("Plaintiff's claims of fraud and breach of contract are dismissed for lack of any showing of pecuniary damage suffered by plaintiff either as a result of fraud."); *Vaughn v. Consumer Home Mortg. Co., Inc.*, 470 F. Supp. 2d 248, 270 (E.D.N.Y. 2007) ("As previously noted, under New York's out-of-pocket rule, direct pecuniary loss is the only measure of damages available to plaintiffs in fraud cases; peripheral harms such as damages to the Vaughns' credit ratings or incidental expenses are not cognizable injuries.") (citation omitted); *Spanierman Gallery Profit Sharing Plan v. Arnold*, 1997 WL 139532, at *2 (S.D.N.Y. Mar. 27, 1997) ("The measure of damages for fraud is the actual pecuniary loss suffered as a result of the fraud, the so-called 'out-of-pocket' rule."); *Kaddo v. King Service Inc.*, 673 N.Y.S.2d 235, 237 (N.Y. App. Div. 1998) ("Instead, the proper measure of damages is plaintiff's actual pecuniary loss as a result of the fraud, or what is known as the 'out-of-pocket' rule.").

**South Carolina:** *Collins Music Co. Inc. v. FMW Corp.*, 586 S.E.2d 128, 131 (S.C. 2003) (holding that threat of loss "which was not a pecuniary loss … is not a form of actual damages that is contemplated by the fraud cause of action").

**Virginia:** *Lloyd v. Smith*, 142 S.E. 363, 367 (Va. 1928) ("The party must suffer some pecuniary loss or injury as the natural consequence of the conduct induced by the misrepresentation. … Fraud without resulting pecuniary damage is not a ground for the exercise of remedial jurisdiction … .").

---

[34]  Indeed, many federal courts have held that loss of personal time is not even an injury-in-fact sufficient to establish standing.  *E.g.*, *In re SuperValu, Inc.*, 870 F.3d 763, 771 (8th Cir. 2017) ("Because plaintiffs have not alleged a substantial risk of future identity theft, the time they spent protecting themselves against this speculative threat cannot create an injury."); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 46 (3d Cir. 2011) ("Appellants' alleged time and money expenditures to monitor their financial information do not establish standing, because costs incurred to watch for a speculative chain of future events based on hypothetical future criminal acts are no more 'actual' injuries than the alleged 'increased risk of injury' which forms the basis for Appellants' claims."); *Randolph v. ING Life Insurance & Annuity Co.*, 486 F. Supp. 2d 1, 27 (D.D.C. 2007) ("The "argument that the time and money spent monitoring a plaintiff's credit suffices to establish an injury 'overlook[s] the fact that their expenditure of time and money was not the result of any present injury, but rather the anticipation of future injury that has not materialized.'"); *Allison v. Aetna, Inc.*, 2010 WL 3719243, at *5 n.7 (E.D. Pa. Mar. 9, 2010) (rejecting claims for time and money spent on credit monitoring due to a perceived risk of harm as the basis for an injury in fact); *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1053 (E.D. Mo. 2009) (holding

The cases the Court previously cited regarding "lost time" are consistent with these rules. *FACC MTD Opinion*, 257 F. Supp. 3d at 399.  The term "lost time" means "lost income"—not lost "free time" for which there was no wage or employment compensation injury. *See supra* pp. 36-37.  Nothing in the opinions cited by the Court suggests that the plaintiffs were seeking lost "free time."  For example, *Fed. Ins. Co. v. J.K. Mfg. Co.* quotes an Indiana case stating that, "[e]conomic loss includes such incidental and consequential losses as lost profits, rental expense and lost time."  933 F. Supp. 2d 1065 (quoting *Reed v. Central Soya Co.*, 621 N.E.2d 1069, 1074 (Ind. 1993)).  Under Indiana law "loss of time" refers to the "loss of [plaintiff's] capacity to earn money."  *Rieth-Riley Constr. Co., Inc. v. McCarrell*, 325 N.E.2d 844, 848 (Ind. Ct. App. 1975) ("In the case at bar, it is the first of the sub-elements of impairment of earning ability, loss of time, with which we are concerned.").  In using "lost time," *J.K. Mfg.* and *Reed* were referring to loss of plaintiff's ability to earn money, not lost "free time" that plaintiffs seek here.

The remaining decisions cited by the Court note only that plaintiffs alleged "lost time" or "loss of use"[35] in their complaint, or were seeking damages for lost time.  Plaintiffs have cited

---

plaintiff lacked standing even though he allegedly spent time and money to protect himself from risk of future injury).

Even courts that have concluded lost time is sufficient for Article III standing still hold that it is insufficient to show the loss, damages, or injury required under consumer fraud acts or common law claims.  *E.g.*, *In re Barnes & Noble Pin Pad Litig.*, 2017 WL 2633398, at *3 (N.D. Ill. June 13, 2017).

[35] "Loss of use" is a different damages claim unrelated to lost time.  Plaintiffs have not pled "loss of use" in their complaint, nor did they cite any cases on "loss of use" in the parties' meet and confer.  Plaintiffs also have not submitted any expert report purporting to calculate alleged "loss of use" damages.  Thus, plaintiffs have no basis for seeking such damages.  In any case, while law on "loss of use" varies among jurisdictions, it typically requires proof that the plaintiff expended money in renting a vehicle. *Roundtress v. Singh*, 533 N.Y.S.2d 609, 610 (N.Y. App. Div. 1988) ("In order to prove her claims for loss of use the plaintiff was required to offer expert testimony as to the cost of renting a replacement vehicle for the period reasonably required to make repairs to her damaged vehicle."); 25 C.J.S. DAMAGES § 82 ("Where the circumstances are such that the loss of the use of a motor vehicle is an element of the damage, the plaintiff may recover an amount necessarily expended for the rent or hire of a similar vehicle with which to perform the services usually performed by the damaged car, or for substitute transportation, during the period of repairs, along with the cost of hiring a driver to operate it.").

similar opinions.  None of those cases holds, or even indicates, that such "lost time" damages were recoverable, much less that damages for lost "free time" were legally cognizable.[36]  That plaintiffs allege or argue for a certain category of damages does not mean they are in fact recoverable.  For example, plaintiffs alleged "brand devaluation" damages in their complaint, but the Court held that such damages are not cognizable in any jurisdiction.  *TACC MTD Opinion*, 2016 WL 3920353, at \*36; *FACC MTD Opinion*, 257 F. Supp. at 395-98.

The Court also previously cited cases allowing incidental and consequential damages that did not specifically discuss lost time, and plaintiffs rely heavily on similar authorities.  *FACC MTD Opinion*, 257 F. Supp. 3d at 399.  Plaintiffs also cite general statements such that a plaintiff is entitled to "actual damages" or "damages suffered," or that they can recover benefit-of-the-bargain, out-of-pocket, or cost-of-repair damages, with no discussion of damages for lost time. But none of these authorities discusses, much less answers, the key question, which is whether lost "free time" falls within the scope of legally cognizable incidental, consequential, or other damages that can be recovered.  As discussed previously, the answer to that question is "no." Both as a general rule and specifically with respect to consumer fraud claims, decisions across the country have rejected recovery of lost time without proof of lost income.  The claims considered in these jurisdictions typically allow for incidental and consequential damages, yet the courts have concluded that lost "free time" is not recoverable.  For example, in *Williams v.*

---

[36] *Frederick v. DaimlerChrysler Corp.*, 2005 WL 1319135, at \*2 (S.D.N.Y. May 12, 2005) (noting that the plaintiffs sought "[c]ompensation for loss of time" in their complaint); *In re Myford Touch Consumer Litig.*, 2016 WL 7734558, at \*15-17 (N.D. Cal. Sept. 9, 2016) (in denying class certification for plaintiffs' incidental and consequential damages, expressing uncertainty about whether plaintiffs were seeking "loss of time" and "lost wages"); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 357 n.1 (3d Cir. 2015) (noting, in considering whether amount-in-controversy requirement for diversity jurisdiction was satisfied, that plaintiffs alleged various damages including "loss of vehicle use," without discussing lost time); *Ford Motor Co. v. Ocanas*, 138 S.W.3d 447, 449-50 (Tex. Ct. App. 2004) (reversing class certification and noting that plaintiffs' complaint alleged damages including "loss of use of vehicle during the time of replacement," without discussing lost time).

*Planet Motor Car, Inc.*, the court specifically held that plaintiff could recover "any incidental or consequential damages," yet rejected any damages for "the time [plaintiff] lost from work in attempting to have the car repaired."  738 N.Y.S 2d 170, 174-75, 177-78 (N.Y. Civ. Ct. 2001). Similarly, in *Fryatt v. Lantana One*, the court held that the plaintiff buyer was "entitled to incidental damages … and consequential damages," but held that the plaintiff could not recover for the time of its employees in attempting to make the product work where plaintiff "did not incur any additional expense, or suffer a loss."  866 So.2d 158, 159 (Fla. Dist. Ct. App. 2004).

Whenever plaintiffs do cite cases specifically involving lost time, they often support New GM's position that lost time cannot be recovered without proof of lost income.  For example, plaintiffs rely on cases rejecting "'loss of time' sustained by plaintiff [from] his enforced absence from his school work" because "[l]oss of time, per se, is not compensable unless it is directly connected with some loss of advantages, benefits or revenues which might have been produced by the profitable use and employment of such time."  *Davis v. Midwest Dairy Prods. Corp.*, 58 So.2d 741, 745 (La. Ct. App. 1952); *see also Craig & Bishop, Inc v. Piles*, 247 S.W.3d 897, 907 (Ky. 2008) (allowing award for "inconvenience" where plaintiffs "testified to having to miss work" and "the inconvenience damages were awarded for real injuries with significant monetary ramifications"); *Perz v. Pere Marquette Ry. Co.*, 198 N.W.2d 208, 210-11 (Mich. 1924) (affirming damages where evidence showed that "plaintiff was entirely disabled for a year when wages were at their highest" and "was obliged to hire help to take care of his crops on the farm"); *NTG Telecomms., Inc. v. Int'l Business Machs., Inc.*, 2000 WL 562745, at *7 (E.D. Pa. May 8, 2000) (allowing damages to business where its "employees devoted approximately 800 hours of time attempting to correct the problems," that would have been spent on other work).[37]

---

[37]  *Hale v. Bain Motor Co.*, 795 P.2d 1006, 1013 (N.M. 1990) (suggesting that if pled at trial, the court might have looked favorably on a claim for "lost paid vacation time"); 6A Wash. Prac., Wash. Pattern

Plaintiffs' other citations refer to "lost time" or "loss of time" without any indication that the decision refers to lost "free time."  *E.g.*, *Mahoney v. Boston Elevated Ry.*, 108 N.E. 1033, 1034 (Mass. 1915) (referring to the "loss of time and the diminution of earning power in the past and in the future"); *Arno v. State*, 195 N.Y.S.2d 924, 929 (N.Y. Ct. Cl. 1960) (stating that plaintiff was entitled to damages for his "lost time" and in the next sentence specifying that "his loss of income was $4,000"); *Kies v. Binghamton R. Co.*, 163 N.Y.S. 736, 738-39 (N.Y. App. Div. 1917) (describing loss of time as component of lost earning capacity:  "It is quite apparent that the jurors were not as competent to determine what damages the plaintiff had sustained by reason of the loss of earning capacity, which here included loss of services, loss of time, and loss of business … .").[38]  The meaning of "lost time" in these cases is "lost wages" or "lost income," in accord with the general rule.[39]

---

Jury Instr. Civ. WPI 310.06 (6th ed.) (providing that "[i]njuries to business or property, if any, include … [time away from work]"); *Gibson v. Ky. Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 204-05 (Ky. Ct. App. 2010) (stating that a party can recover "pecuniary loss" such as "investigation expenses," without discussing lost time); *Gray v. Boston Elevated Ry. Co.*, 102 N.E. 71, 72 (Mass. 1913) (plaintiff can obtain compensation for "the loss of time of the valuable use of which he was deprived"); *Reynolds v. Pionear, LLC*, 2016 WL 1248866, at *7 (E.D. Va. Mar. 25, 2016) (plaintiff had alleged cognizable damages where she alleged a delay in a promotion and accompanying raise because of defendant's actions:  "Reasonably inferring a delay of increased pay alongside the promotion, Reynolds places actual damages at bar."); *Burlison v. Janssen*, 141 N.W.2d 274, 279 (Wis. 1966) (affirming award of "lost time" damages based on carpenter and contractor losing months of time "in which he could not work" and where he had "to hire an additional employee in 1962, who remains on the payroll today, to do the work he would have ordinarily done himself"); *Weisman v. Middleton*, 390 A.2d 996, 999 (D.C. 1978) (noting damages award "for loss of time from work").

[38]  *Smallwood v. Bradford*, 720 A.2d 586, 594-95 (Md. 1998); *Adams v. Benson*, 117 A.2d 881, 885 (Md. 1955); *Brashears v. Sight 'n Sound Appliances Ctrs., Inc.*, 981 P.2d 1270, 1274 (Okla. Civ. App. 1999); *Salmon v. CRST Expedited, Inc.*, 2015 WL 1395237, at *8 (N.D. Okla. Mar. 25, 2015); *WSG W. Palm Beach Dev., LLC v. Blank*, 990 So. 2d 708, 710-14 (Fla. Dist. Ct. App. 2008); *Normius v. Eckerd Corp.*, 813 So.2d 985, 987 (Fla. Dist. Ct. App. 2002).

[39]  Finally, *Crowe v. Tull* states that "time and effort considering the retailer's advertised merchandise was enough to find that they were ***affected consumers under the CCPA***" such that they could state a claim under the CCPA, but not that they could recover damages for loss of time, at least without proof of lost income.  126 P.3d 196, 210 (Colo. 2006) (emphasis added).  Moreover, the Colorado CPA does not provide remedies to class members.  *See supra* at p. 13 n.13.

Finally, motor vehicle recalls for all automobile manufacturers are common.  If plaintiffs' claim for lost "free time" were valid, then in every case involving a vehicle recall, a vehicle owner would have a claim for the lost "free time" of bringing the vehicle in for the recall repair. But of course, that is not the law, and there are no decisions supporting plaintiffs' novel attempt to create a new cause of action arising out of the common event of vehicle recall repairs.

## III.    JURISDICTIONS DO NOT ALLOW UNJUST ENRICHMENT CLAIMS WHERE THERE IS AN ADEQUATE LEGAL REMEDY OR CONTRACT.

Plaintiffs agree that they cannot recover for unjust enrichment in 25 of the 35 jurisdictions at issue.  That same rule applies to the remaining 10 jurisdictions in dispute: Arizona, Connecticut, Mississippi, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, and West Virginia.

### A.    Almost All Jurisdictions Hold That An Adequate Legal Remedy Bars Unjust Enrichment Claims.

Of the 10 states in dispute, Arizona, Connecticut, New Hampshire, New Jersey, New Mexico, and South Carolina have case law expressly holding that unjust enrichment is not available where plaintiffs allege an adequate legal remedy.[40]  Each of these jurisdictions is in

---

[40]  *Trustmark Ins. Co. v. Bank One, Ariz., NA,* 48 P.3d 485, 491 (Ariz. Ct. App. 2002) (for an unjust enrichment claim, a plaintiff must show "the absence of a legal remedy"); *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1015-16 (E.D. Mich. 2014) ("Under Arizona law … for a plaintiff to successfully advance an unjust enrichment claim, he must allege … the absence of a legal remedy"); *U.S. Fidelity & Guar. Co. v. Metro. Prop. & Liab. Ins. Co.*, 521 A.2d 1048, 1050 (Conn. Ct. App. 1987) (rejecting unjust enrichment claim because "plaintiff had a remedy under the subrogation statutes, it could not bypass the statutory remedy by seeking equitable relief unless the statutory remedy was inadequate."); *Oddo v. Warren*, 2008 WL 224077, at *17 (Conn. Super. Ct. Jan. 3, 2008) ("[T]he law of restitution based on unjust enrichment does not apply, as the plaintiffs in this case have an adequate remedy at law."); *E. Elec. Corp. v. FERD Constr., Inc.*, 2005 WL 3447957, at *3 (D.N.H. Dec. 15, 2005) ("Because Eastern has not explained why it does not have an adequate remedy at law in the circumstances of this case, it is not entitled to the equitable remedy of restitution under either of its theories."); *Mangiardi Bros. Trucking, Inc. v. Dewey Envtl., LLC*, 2013 WL 1856338, at *3 (D.N.H. Apr. 30, 2013) (rejecting unjust enrichment claim because plaintiff "has an adequate remedy at law"); *Nat'l Amusements, Inc. v. New Jersey Turnpike Auth.*, 619 A.2d 262, 267 (N.J. Super. Ct. L. Div. 1992) ("Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law."), *aff'd*, 645 A.2d 1194 (N.J. App. Div. 1992); *D.R. Horton Inc. v. Dynastar Dev., LLC*, 2005 WL 1939778, at *18

49

accord with Massachusetts, where the Court held that "a plaintiff is prohibited … from bringing a claim for unjust enrichment where an adequate remedy at law exists—regardless of the viability of that theory or whether it sounds in contract, fraud, or tort." *FACC MTD Opinion*, 257 F. Supp. at 419; *see also id.* at 409, 433-34, 455.  Each plaintiff from these 6 states alleges legal claims for which adequate legal remedies exist, including violation of consumer fraud statutes and common law fraudulent concealment, which bar their unjust enrichment claims.

Mississippi, Oregon, and West Virginia follow the same rule.  Under the laws of these three states, unjust enrichment is an equitable claim.[41]  Each also holds that equitable relief is not available where a plaintiff has an adequate remedy at law.[42]  As unjust enrichment is an

---

(N.J. Super. Ct. L. Div. Aug. 10, 2005) ("Additionally, the equitable remedy of restitution for unjust enrichment is available only when there is no adequate remedy at law."); *Bondi v. Citigroup, Inc.*, 2005 WL 975856, at *19 (N.J. Super. Ct. L. Div. Feb. 28, 2005); *ABQ Uptown, LLC v. Davide Enters., LLC*, 2015 WL 8364799, at *31 (D.N.M. Oct. 19, 2015) (rejecting unjust enrichment claims because the "Supreme Court of New Mexico has held that equitable relief should be denied where there is an available remedy at law."); *Abraham v. WPX Energy Prod., LLC*, 20 F. Supp. 3d 1244, 1266 (D.N.M. 2014) (same); *Barrett v. Miller*, 321 S.E.2d 198, 199 (S.C. 1984) (holding that "[u]njust enrichment is an equitable doctrine" and where "a plaintiff has an adequate remedy at law, equitable relief is not normally in order.").

[41] *Wilson v. Gutierrez*, 323 P.3d 974, 976 (Or. Ct. App. 2014) ("Unjust enrichment is an equitable doctrine."); *Willis v. Rehab Solutions, PLLC*, 82 So. 3d 583, 588 (Miss. 2012) ("Unjust enrichment is an equitable claim."); *Absure, Inc. v. Huffman*, 584 S.E.2d 507, 511 (W. Va. 2003) ("The unjust enrichment claim, as previously stated, was equitable in nature."); *Dunn v. Rockwell*, 689 S.E.2d 255, 266 (W.Va. 2009) ("The first two causes of action—for rescission, cancellation and reformation of a deed, and for unjust enrichment—are both equitable causes of action.").

[42] *Joel v. Joel*, 43 So. 2d 424 (Miss. 2010) ("As a general proposition, equitable relief (a category which encompasses constructive trusts) is unavailable to a party who has an adequate remedy at law.") (quoting with approval *Wilson v. Scruggs*, 371 F. Supp. 2d 837, 842 (S.D. Miss. 2005)); *see also Broadhead v. Terpening*, 611 So. 2d 949, 954 (Miss. 1992) ("Broadhead is correct in his underlying premise that where a complete and adequate remedy exists at law for a plaintiff's claim, the chancery courts should not intervene to award equitable relief."); *Spears v. Dizick*, 234 P.3d 1037, 1039 (Or. Ct. App. 2010) ("Equitable relief does not lie if there is an adequate remedy at law."); *Campbell v. Campbell*, 114 S.E.2d 406, 407 (W. Va. 1960) "[E]quity does not have jurisdiction of a case in which a plaintiff has a full, complete and adequate remedy at law."); *Mountain State College v. Holsinger*, 742 S.E.2d 94, 103 (W. Va. 2013) ("This Court has held that a court of equity is without jurisdiction to entertain a suit based on an alleged fraudulent misrepresentation to the prejudice of the complaining party, where the sole relief sought therein is the recovery of damages.  In such a case the remedy of the injured party at law is plain, adequate and complete.") (internal quotation marks and brackets omitted); *City of Bluefield v. Taylor*, 365

equitable doctrine, and equitable relief is not available where there is an adequate remedy at law, unjust enrichment claims are barred where such a remedy exists. This is the same logic used by other decisions in explicitly holding that unjust enrichment is barred by an adequate remedy at law.[43] The logic applies equally to Mississippi, Oregon, and West Virginia law.[44]

### B. Almost All Jurisdictions Bar Unjust Enrichment Claims Where There Is A Contract, Such As An Express Warranty.

With the exception of Connecticut,[45] the nine jurisdictions at issue hold that where an express contract such as a warranty exists, unjust enrichment claims are barred.[46] The Court has previously relied on similar case law to conclude that "where a plaintiff concedes the existence of a valid express contract between the parties, state substantive law bars any claim of unjust enrichment." *FACC MTD Opinion*, 257 F. Supp. 3d at 418; *see also id.* at 426-27, 433, 454-55, 461; *TACC MTD Opinion*, 2016 WL 3920353, at *23, 25, 28, 35, 38, 40. The Court has noted that some jurisdictions have case law on both sides of this issue, but that the weight of authority generally holds that a plaintiff cannot bring an unjust enrichment claim where there is an express contract. *E.g.*, 257 F. Supp. 3d at 461 (Wisconsin law) (noting that "there are authorities on both sides of that issue" and concluding that "the weight of authority supports New GM's position");

S.E.2d 51, 53 n.2 (W. Va. 1987) ("Equity does not have jurisdiction of a case in which the plaintiff has a full, complete and adequate remedy at law, unless some peculiar feature of the case comes within the province of a court of equity.") (internal citations omitted).

[43] *E.g.*, *Barrett*, 321 S.E.2d at 199 ("[u]njust enrichment is an equitable doctrine" and where "a plaintiff has an adequate remedy at law, equitable relief is not normally in order."); *U.S. Fidelity & Guar.*, 521 A.2d at 1050 (rejecting unjust enrichment claim because "plaintiff had a remedy under the subrogation statutes, it could not bypass the statutory remedy by seeking equitable relief unless the statutory remedy was inadequate."); *Nat'l Amusements*, 619 A.2d at 267 ("Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.").

[44] For the tenth state, Rhode Island, "the presence or absence of an adequate remedy at law is simply one of the factors considered in the third element's balancing of the equities and is not determinative of whether plaintiff can or will prevail as a matter of law." *S. Country Post & Beam, Inc. v. McMahon*, 116 A.3d 204, 213 (R.I. 2015). New GM reserves all rights to argue that plaintiffs' adequate legal remedies are a factor weighing against plaintiffs' unjust enrichment claims in any future briefing.

[45]   New GM agrees that, for Connecticut, an express contract does not bar an unjust enrichment claim seeking equitable relief which is not inconsistent with the contract.

[46]   **Arizona:**  *Brooks v. Valley Nat'l Bank,* 548 P.2d 1166, 1171 (Ariz. 1976) ("[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."); *Trustmark Ins. Co. v. Bank One, Ariz., NA,* 48 P.3d 485, 492 (Ariz. Ct. App. 2002) (same); *Jonovich Cos., Inc. v. City of Coolidge,* 2011 WL 5137180, at *5 (Ariz. Ct. App. Oct. 31, 2011) (same); *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408-09 (9th Cir. 1992) (applying Arizona law) ("Vintage cannot recover on its claims of unjust enrichment and breach of implied contract, however, because Vintage's relationship with Sutter Home was governed by a valid express contract.").
**Mississippi:**  *Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012) ("[O]ur law is clear on unjust enrichment—it is based upon a mistaken payment, and it applies only where no legal contract exists."); *Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005) ("Unjust enrichment only applies to situations where there is no legal contract …"); *Johnston v. Palmer*, 963 So. 2d 586, 596-97 (Miss. Ct. App. 2007) ("To collect under an unjust enrichment or quasi-contract theory, the claimant must show 'there is no legal contract … There is no question that a legally binding, written contract existed between Johnston and Palmer.  Therefore, damages based on claims of unjust enrichment are not an appropriate remedy.").
**New Hampshire:**  *Turner v. Shared Towers VA, LLC*, 107 A.3d 1236, 1242-43 (N.H. 2014) ("Thus, a court cannot allow recovery under a theory of unjust enrichment when there is a valid, express contract covering the subject matter at hand."); *Clapp v. Goffstown School Dist.*, 977 A.2d 1021, 1025 (N.H. 2009) ("It is a well-established principle that the court ordinarily cannot allow recovery under a theory of unjust enrichment where there is a valid, express contract covering the subject matter at hand.").
**New Jersey:**  *Winslow v. Corp. Express, Inc.,* 834 A.2d 1037, 1046 (N.J. App. Div. 2003) ("In light of this express contract, there is no basis or need for plaintiff to pursue a quasi-contractual claim for unjust enrichment."); *In re Philips/Magnavox Television Litig.*, 2010 WL 3522787, at *10 (D.N.J. Sept. 1, 2010) ("For instance, unjust enrichment cannot succeed where an express contract governs the parties relationship.").
**New Mexico:**  *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 1116 (10th Cir. 2005) (applying New Mexico law) (affirming district court's rejection of unjust enrichment "because the claim arises in equity it cannot exist where, as here, the parties are in privity of contract"); *ABQ Uptown, LLC v. Davide Enters., LLC*, 2015 WL 8364799, at *31 (D.N.M. Oct. 19, 2015) ("Indeed, where a contractual relationship exists with applicable contractual provisions, unjust enrichment claims—which arise in equity—must be dismissed.").
**Oregon:**  *Prestige Homes Real Estate Co. v. Hanson*, 951 P.2d 193, 195-96 (Or. Ct. App. 1997) ("[T]here 'cannot be a valid legally enforceable contract and an implied contract covering the same services.'") (internal citations omitted); *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1035 (D. Or. 2012) ("There cannot be a valid legally enforceable contract and an implied contract covering the same services.").
**Rhode Island:**  *Mehan v. Gershkoff*, 230 A.2d 867, 870 (R.I. 1967) ("It is well settled that where there is an express contract between the parties referring to a subject matter, there can be no implied contract arising by implication of law governing that same subject matter."); *Nash v. GMAC Mortg., LLC*, 2011 WL 2470645, at *11 (D.R.I. May 18, 2011), *report and recommendation adopted*, 2011 WL 2469849 (D.R.I. June 20, 2011) (following *Mehan*); *Cazabat v. Metro Prop. & Cas. Ins. Co.*, 2000 WL 1910089, at *7 (R.I. Super. Apr. 24, 2000) (same).
**South Carolina:**  *Atherton v. Tenet Healthcare Corp.*, 2005 WL 7084013, at *5-6 (S.C. Ct. App. May 25, 2005) (affirming trial court holding that "one cannot recover for unjust enrichment where an express contract exists"); *Boldt Co. v. Thomason Elec. & Am. Contractors Indem. Co.*, 820 F. Supp. 2d 703, 707-08 (D.S.C. 2007) ("The parties' consensus that a valid enforceable contract exists dictates that this Court should properly grant the Defendant's Motion as to the quasi-contractual claims set forth in Count XV.").

*TACC MTD Opinion*, 2016 WL 3920353, at *25 ("And although some courts applying D.C. law have permitted unjust enrichment claims to be pleaded in the alternative, the majority approach is not to permit alternative pleading where, as here, there is no contention that the contract is invalid."); *id.* at *38 (Oklahoma law) (explaining that "[c]ourts are split on whether to permit alternative pleading" and dismissing unjust enrichment claims "[c]onsistent with the many other jurisdictions that prohibit the alternative pleading").

Plaintiffs' arguments are contrary to the controlling case law set forth supra in footnote 46, and also fail for additional reasons:

**Mississippi, New Hampshire, New Mexico & Oregon:**  Plaintiffs' cited cases refer to allowing an unjust enrichment claim where a plaintiff seeks to invalidate the parties' contract based on fraud, oppressions, mistake, or other grounds. *See Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1181 (Miss. 2004); *Sumrall Church of Lord Jesus Christ v. Johnson*, 757 So. 2d 311, 313-14 (Miss. Ct. App. 2000); *Clapp v. Goffstown Sch. Dist.*, 977 A.2d 1021, 1025 (N.H. 2009); *Arena Res., Inc. v. Obo, Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010); *Larisa's Home Care, LLC v. Nichols-Shields*, 404 P.3d 912, 921-22 (Or. 2017).  Plaintiffs do not allege any grounds to invalidate the warranties here.

**Rhode Island, South Carolina & West Virginia:**  Plaintiffs' cited cases simply do not consider whether a contract barred an unjust enrichment claim.  When courts have expressly considered the issue, they hold that contracts bar unjust enrichment claims.  See *Mehan v.*

---

**West Virginia:**  *Hanlon v. AXA Equitable Life Ins. Co.*, 2016 WL 2968990, at *3 (W. Va. May 20, 2016) ("It is undisputed that petitioner and her husband entered into express contracts with this respondent. However, an unjust enrichment claim is inconsistent with a contractual dispute."); *HSBC Bank USA v. Resh*, 2016 WL 525829, at *8 (S.D.W. Va. Feb. 8, 2016) ("It is a 'well-rooted principle' of contract law that an express contract and '[a]n implied contract, relating to the same subject matter, cannot co-exist.'") (internal citations omitted); *Johnson v. Ross*, 2009 WL 4884374, at *4-5 (S.D.W. Va. Dec. 10, 2009) ("Because legal remedies are favored over equitable remedies, a formal contract governing the subject matter at issue precludes an unjust enrichment claim."), *aff'd*, 419 F. App'x 357 (4th Cir. 2011).

*Gershkoff*, 230 A.2d 867, 870 (R.I. 1967) ("It is well settled that where there is an express contract between the parties referring to a subject matter, there can be no implied contract arising by implication of law governing that same subject matter."); *Atherton v. Tenet Healthcare Corp.*, 2005 WL 7084013, at *5-6 (S.C. Ct. App. May 25, 2005) (affirming trial court holding that "one cannot recover for unjust enrichment where an express contract exists"); *Boldt Co. v. Thomason Elec. & Am. Contractors Indem. Co.*, 820 F. Supp. 2d 703, 707-08 (D.S.C. 2007) ("The parties' consensus that a valid enforceable contract exists dictates that this Court should properly grant the Defendant's Motion as to the quasi-contractual claims set forth in Count XV."); *Hanlon v. AXA Equitable Life Ins. Co.*, 2016 WL 2968990, at *3 (W. Va. May 20, 2016) ("It is undisputed that petitioner and her husband entered into express contracts with this respondent.  However, an unjust enrichment claim is inconsistent with a contractual dispute.").

**Arizona:**  Plaintiffs rely on a few federal district court cases that have not been followed by Arizona state courts.  *Compare FACC MTD Opinion*, 257 F. Supp. 3d at 432-33 (acknowledging that numerous district courts cases interpreting New York law apply the economic loss rule to fraud claims, but holding the opposite because of a lack of state law). Arizona state courts have consistently held that a contract bars unjust enrichment claims even if the defendant did not perform under the contract so that the plaintiff did not receive the benefit of their bargain.  *E.g.*, *Aldabbagh v. First Am. Title Ins. Co.*, 2008 WL 4069204, at *14 (Ariz. Ct. App. Mar. 6, 2008) ("Assuming, arguendo, that DCA breached any of the agreements it entered with Aldabbagh, he would still not be entitled to seek relief for unjust enrichment."); *USLife Title Co. of Az. v. Gutkin*, 732 P.2d 579, 583-85 (Ariz. Ct. App. 1986) (despite allegations that defendant had no right to property and thus received payment for nothing of value, unjust enrichment claim was barred by quitclaim deed).

**New Jersey:**  Plaintiffs rely on a single 55-year-old case that is contrary to current New Jersey law.  *E.g.*, *Winslow v. Corp. Express, Inc.,* 834 A.2d 1037, 1046 (N.J. App. Div. 2003) ("In light of this express contract, there is no basis or need for plaintiff to pursue a quasi-contractual claim for unjust enrichment.").    The Third Circuit has rejected plaintiffs' interpretation of its half-century old authority.  *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) (noting that district court relied on statement from plaintiffs' cited case of *Power-Matics Inc. v. Ligotti*, 191 A.2d 483 (N.J. App. Div. 1963), and holding that "the district court's reliance on this statement was misplaced and that New Jersey law is to the contrary: recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties.").

## CONCLUSION

Well established case law and the Court's opinions support New GM's legal positions on the Order No. 131 questions for the 35 jurisdictions.  Each of these jurisdictions requires a manifest defect for all claims, with the only exceptions of Hawaii (for all claims), Maine (for fraudulent concealment), and Vermont (for consumer fraud).  Each state requires, at a minimum, that plaintiffs plead and prove lost wages or other income to recover for "lost time."  Finally, each state (except Rhode Island) holds that an adequate remedy at law precludes unjust enrichment claims, and every state (except Connecticut) holds that an express contract such as a warranty bars such claims.  The Court should adopt and enforce these positions as the law of the 35 jurisdictions in this MDL litigation, necessitating dismissal of a significant number of individual claims and many putative class claims.

Respectfully submitted,

Dated:  February 22, 2018                    */s/ Richard C. Godfrey, P.C.*
_____

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654-3406
Phone:  312-862-2000
Fax:  312-862-2200
richard.godfrey@kirkland.com
andrew.bloomer@kirkland.com

*Attorneys for Defendant General Motors LLC*

56

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2018, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action.

By: /s/ *Richard C. Godfrey, P.C.*
Richard C. Godfrey, P.C.