UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | No. 14-MD-2543 (JMF) |
| GENERAL MOTORS LLC IGNITION SWITCH LITIGATION | Honorable Jesse M. Furman |
| This Document Relates to: ALL ACTIONS | |

**PLAINTIFFS' OPENING MEMORANDUM
CONCERNING ORDER NO. 131 ISSUES**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................1

II.     ARGUMENT ......................................................................................................2

    A.      Alabama:  lost-time damages are available ............................................2

    B.      Alaska ......................................................................................................3

        1.      Manifestation is not required. ....................................................3

        2.      Lost-time damages are available..................................................4

    C.      Arizona....................................................................................................5

        1.      Unjust enrichment is available.....................................................5

        2.      Manifestation is not required. .....................................................5

        3.      Lost-time damages are available..................................................6

    D.      Arkansas:  lost-time damages are available. ..........................................7

    E.      Colorado..................................................................................................7

        1.      Manifestation is not required. .....................................................7

        2.      Lost-time damages are available..................................................8

    F.      Connecticut .............................................................................................9

        1.      Unjust enrichment is available (parties agree)............................9

        2.      Manifestation is not required. .....................................................9

        3.      Lost-time damages are available..................................................9

    G.      Delaware ...............................................................................................10

        1.      Manifestation is not required for Plaintiffs' implied-warranty claim........10

        2.      Lost-time damages are available................................................10

    H.      District of Columbia:  lost-time damages are available.........................11

I.     Florida: lost-time damages are available for Plaintiffs' fraudulent-concealment claims. ..................................................................................12

J.     Georgia ..................................................................................12

     1.     Manifestation is not required for Plaintiffs' fraudulent-concealment claims. ..................................................................................12

     2.     Lost-time damages are recoverable in fraudulent-concealment claims. .....13

K.     Hawaii: Lost-time damages are available. ..............................................13

L.     Idaho ..................................................................................14

     1.     Manifestation is not required for Plaintiffs' fraudulent-concealment claims. ..................................................................................14

     2.     Lost-time damages are available. ..............................................14

M.     Illinois:  lost-time damages are available. ..............................................15

N.     Indiana ..................................................................................15

     1.     Manifestation is not required for Plaintiffs' fraudulent-concealment and implied-warranty claims. ..................................................................................15

     2.     Lost-time damages are available. ..............................................16

O.     Iowa ..................................................................................16

     1.     Manifestation is not required. ..................................................16

     2.     Lost-time damages are available. ..............................................17

P.     Kansas ..................................................................................17

     1.     Manifestation is not required. ..................................................17

     2.     Lost-time damages are available. ..............................................19

Q.     Kentucky ..................................................................................19

     1.     Manifestation is not required for Plaintiffs' consumer-protection claims. ..................................................................................19

     2.     Lost-time damages are available. ..............................................20

R.     Maine ..................................................................................20

|  | 1. | Manifestation is not required. | 20 |
|  | 2. | Lost-time damages are available for Plaintiffs' implied-warranty claim. | 21 |
| S. | Maryland:  lost-time damages are available. | | 21 |
| T. | Massachusetts:  lost-time damages are available. | | 22 |
| U. | Michigan:  lost-time damages are available. | | 22 |
| V. | Minnesota | | 23 |
|  | 1. | Manifestation is not required for Plaintiffs' fraudulent-concealment claim. | 23 |
|  | 2. | Lost-time damages are available. | 24 |
| W. | Mississippi | | 24 |
|  | 1. | Unjust enrichment is available. | 24 |
|  | 2. | Manifestation is not required. | 25 |
|  | 3. | Lost-time damages are available for Plaintiffs' CPA and warranty claims. | 26 |
| X. | Montana | | 26 |
|  | 1. | Manifestation is not required. | 26 |
|  | 2. | Lost-time damages are available. | 27 |
| Y. | Nebraska | | 27 |
|  | 1. | Manifestation is not required. | 27 |
|  | 2. | Lost-time damages are available. | 28 |
| Z. | Nevada | | 29 |
|  | 1. | Manifestation is not required. | 29 |
|  | 2. | Lost-time damages are available. | 30 |
| AA. | New Hampshire | | 30 |
|  | 1. | Unjust enrichment is available in New Hampshire. | 30 |

2.      Lost-time damages are available.................................................................31

BB.     New Jersey .....................................................................................................32

1.      Unjust enrichment is available.................................................................32

2.      Manifestation is not required for Plaintiffs' consumer-protection and
        fraudulent concealment claims. ..............................................................32

3.      Lost-time damages are available.............................................................33

CC.     New Mexico ....................................................................................................33

1.      Unjust enrichment is available.................................................................33

2.      Manifestation is not required. .................................................................34

3.      Lost-time damages are available.............................................................35

DD.     New York:  lost-time damages are available. ................................................36

EE.     North Carolina:  lost-time damages are available. ........................................36

FF.     North Dakota:  lost-time damages are available. ..........................................37

GG.     Ohio.................................................................................................................38

1.      Manifestation is not required for consumer-protection and implied-
        warranty claims.......................................................................................38

2.      Lost-time damages are available.............................................................39

HH.     Oklahoma:  lost-time damages are available. ...............................................39

II.     Oregon.............................................................................................................40

1.      Unjust enrichment is available.................................................................40

2.      Manifestation is not required. .................................................................40

3.      Lost-time damages are available for consumer-protection claims. ..........41

JJ.     Pennsylvania:  lost-time damages are available...........................................41

KK.     Rhode Island ..................................................................................................42

1.      Unjust enrichment is available.................................................................42

|  |  | 2. | Manifestation is not required. | 42 |
|  |  | 3. | Lost-time damages are available. | 43 |
| LL. | South Carolina |  |  | 43 |
|  |  | 1. | Unjust enrichment is available. | 43 |
|  |  | 2. | Manifestation is required (parties agree). | 44 |
|  |  | 3. | Lost-time damages are available. | 44 |
| MM. | South Dakota |  |  | 44 |
|  |  | 1. | Manifestation is not required. | 44 |
|  |  | 2. | Lost-time damages are available. | 45 |
| NN. | Tennessee |  |  | 46 |
|  |  | 1. | Manifestation is not required. | 46 |
|  |  | 2. | Lost-time damages are available. | 46 |
| OO. | Utah |  |  | 47 |
| PP. | Vermont |  |  | 47 |
|  |  | 1. | Manifestation is not required. | 47 |
|  |  | 2. | Lost-time damages are available. | 48 |
| QQ. | Virginia:  lost-time damages are available. |  |  | 48 |
| RR. | Washington |  |  | 49 |
|  |  | 1. | Manifestation is not required. | 49 |
|  |  | 2. | Lost-time damages are available. | 49 |
| SS. | West Virginia |  |  | 50 |
|  |  | 1. | Unjust enrichment is available. | 50 |
|  |  | 2. | Manifestation is not required. | 50 |
|  |  | 3. | Lost-time damages are available for fraudulent-concealment and implied-warranty claims. | 51 |

TT.    Wisconsin:  lost-time damages are available. ........................................................52

UU.    Wyoming ................................................................................................................52

    1.    Manifestation is not required for implied-warranty claims. ....................52

    2.    Lost-time damages are available .............................................................52

III.    CONCLUSION ...................................................................................................53

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abraham v. WPX Energy Productions, LLC*,
  20 F. Supp. 3d 1244 (D.N.M. 2014) ....................................................34

*Adams v. Benson*,
  208 Md. 261 (Md. 1955).................................................................21

*Adelman v. Christy*,
  90 F. Supp. 2d 1034 (D. Ariz. 2000) ...................................................5

*Alberti v. Manufactured Homes, Inc.*,
  407 S.E.2d 819 (N.C. 1991)...........................................................37

*Alexander v. Certified Master Builder Corp.*,
  43 F. Supp. 2d 1242 (D. Kan. 1999) ..................................................19

*Am. Family Mut. Ins. Co. v. Sears, Roebuck & Co.*,
  998 F. Supp. 1162 (D. Kan. 1998) ....................................................18

*Annarella v. Pugliese*,
  2014 WL 4636347 (N.J. App. Div. Sept. 18, 2014) .................................32

*In re Anthem, Inc. Data Breach Litig.*,
  2016 WL 3029783 (N.D. Cal. May 27, 2016) ........................................20

*April Beguesse, Inc. v. Rammell*,
  328 P.3d 480 (Idaho 2014)............................................................14

*Arena Res., Inc. v. OBO, Inc.*,
  238 P.3d 357 (N.M. Ct. App. 2010)...................................................34

*In re Ariz. Theranos, Inc., Litig.*,
  256 F. Supp. 3d 1009 (D. Ariz. 2017) .................................................5

*Arno v. State*,
  195 N.Y.S.2d 924 (N.Y. Ct. Cl. 1960)................................................36

*Arnold & Assocs., Inc. v. Misys Healthcare Sys.*,
  275 F. Supp. 2d 1013 (D. Ariz. 2003) .................................................5

*Artzner v. A&A Exterminators, Inc.*,
  531 S.E.2d 200 (Ga. Ct. App. 2000)..................................................12

*Atlas Constr. Co. v. Slater*,
746 P.2d 352 (Wyo. 1987)......................................................................................53

*B & B Asphalt Co. v. T.S. McShane Co.*,
242 N.W.2d 279 (Iowa 1976) ...........................................................................16, 17

*Badilla v. Wal-Mart Stores E. Inc.*,
357 P.3d 936 (N.M. 2015) ................................................................................35, 36

*Ballow v. PHICO Ins. Co.*,
878 P.2d 672 (Colo. 1994)........................................................................................8

*Bates v. Allied Mut. Ins. Co.*,
467 N.W.2d 255 (Iowa 1991) ................................................................................17

*Belville v. Ford Motor Co.*,
13 F. Supp. 3d 528 (S.D. W. Va. 2014)..................................................................51

*Belville v. Ford Motor Co.*,
60 F. Supp. 3d 690 (S.D. W. Va. 2014)..................................................................51

*Billions v. White & Stafford Furniture Co.*,
528 So. 2d 878 (Ala. Civ. App. 1988) ....................................................................3

*Birmingham Ry., Light & Power Co. v. Nalls*,
66 So. 5 (Ala. 1914)................................................................................................3

*Blake v. Guthy-Renker, LLC*,
965 F. Supp. 2d 1076 (D. Alaska 2013) ..................................................................5

*Blankenship v. CFMOTO Powersports, Inc.*,
944 N.E.2d 769 (Ohio C.P. 2011).....................................................................38, 39

*Blankenship v. CFMOTO Powersports, Inc.*,
961 N.E.2d 750 (Ohio C.P. 2011)...........................................................................38

*Blue Grass Traction Co. v. Ingles*,
131 S.W. 278 (Ky. 1910).........................................................................................20

*Borgen v. A&M Motors Inc.*,
273 P.3d 575 (Alaska 2012).....................................................................................3

*Boyd v. Johnson & Johnson Consumer Cos.*,
2010 U.S. Dist. LEXIS 53684 (D.N.J. May 31, 2010) .............................................7

*BP Painting, Inc. v. DaimlerChrysler Corp.*,
2003 WL 26134396 (S.D. Cir. Ct. Mar. 27, 2003) ................................................45

*Brashears v. Sight 'N Sound Appliance Ctrs., Inc.*,
   981 P.2d 1270 (Okla. Civ. App. 1999) ...................................................39

*Bridgers v. Investors Am., Inc.*,
   267 S.E.2d 801 (Ga. Ct. App. 1980) ...................................................13

*In re Bridgestone/Firestone, Inc, Tires Prods. Liab. Litig.*,
   288 F.3d 1012 (7th Cir. 2002) ...................................................4, 25

*Brooks v. Valley Nat'l Bank*,
   548 P.2d 1166 (Ariz. 1976).....................................................5

*Brown v. Louisiana-Pacific Corp.*
   820 F.3d 339 (8th Cir. 2016) ...................................................17

*In re Bryant*,
   111 B.R. 474 (E.D. Pa. 1990) ...................................................41

*Burlison v. Janssen*,
   141 N.W.2d 274 (Wis. 1966)...................................................52

*Byrne v. Gen. Elec.*,
   2011 WL 3359708 (E.D. Pa. Aug. 3, 2011) ...................................42

*Captain & Co., Inc. v. Stenberg*,
   505 N.E.2d 88 (Ind. Ct. App. 1987).........................................16

*Carideo v. Dell, Inc.*,
   706 F. Supp. 2d 1122 (W.D. Wash. 2010) .................................49

*Carlile v. Bentley*,
   116 N.W. 772 (Neb. 1908)...................................................29

*Carroll v. Philip Morris USA, Inc.*,
   163 A.3d 91 (Del. Super. Ct. 2017) ........................................10

*Champs Convenience Stores, Inc. v. United Chem. Co.*,
   406 S.E.2d 856 (N.C. 1991)...................................................37

*Chapman v. Rivers Constr. Co.*,
   227 So. 2d 403 (Ala. 1969)....................................................2

*Cheatham v. ADT Corp.*,
   161 F. Supp. 3d 815 (D. Ariz. 2016) ........................................5

*Chen v. Nevada State Gaming Control Bd.*,
   994 P.2d 1151 (Nev. 2000)...................................................30

*Chin v. Chrysler Corp.*,
  182 F.R.D. 448 (D.N.J. 1998) ....................................................................32

*Chonczynski v. Aguilera*,
  2014 WL 6790738 (Ariz. Ct. App. Dec. 2, 2014) ....................................6

*Clapp v. Goffstown Sch. Dist.*,
  977 A.2d 1021 (N.H. 2009) ......................................................................31

*Clark v. McDaniel*,
  546 N.W.2d 590 (Iowa 1996) .............................................................14, 17

*Cohen v. Lamko, Inc.*,
  462 N.E.2d 407 (Ohio, 1984) ...................................................................38

*Cole v. Gerhart*,
  423 P.2d 100 (Ariz. Ct. App. 1967)............................................................6

*Colo. Performance Corp. v. Mariposa Assocs.*,
  754 P.2d 401 (Colo. Ct. App. 1987) ...........................................................7

*Commercial Prop. Invs. Inc. v. Quality Inns Int'l, Inc.*,
  61 F.3d 639 (8th Cir. 1995) ......................................................................24

*Compton v. Countrywide Fin. Corp.*,
  761 F.3d 1046 (9th Cir. 2014) ..................................................................13

*Cont'l Cas. Co. v. PricewaterhouseCoopers, LLP*,
  933 N.E.2d 738 (N.Y. 2010) ....................................................................36

*Cook v. Cook*,
  607 S.E.2d 458 (W. Va. 2004)..................................................................51

*Corp. Air v. Edwards Jet Ctr. Mont., Inc.*,
  190 P.3d 1111 (Mont. 2008) .....................................................................27

*Costa v. del La Femina*,
  2006 WL 3201070 (Mass. Super. Ct. Oct. 17, 2006) ..............................22

*Country Cove Dev., Inc. v. May*,
  150 P.3d 288 (Idaho 2006).......................................................................14

*Cox v. Chicago Great W. R. Co.*,
  223 N.W. 675 (Minn. 1929).....................................................................24

*Craig & Bishop, Inc. v. Piles*,
  247 S.W.3d 897 (Ky. 2008)......................................................................20

010440-11 1016961 V1

*Crouch v. Johnson & Johnson Consumer Cos.*,
    2010 U.S. Dist. LEXIS 37517 (D.N.J. April 15, 2010) ........................................................19

*Crowe v. Tull*,
    126 P.3d 196 (Colo. 2006) ........................................................8

*Crowell Corp. v. Himont USA, Inc.*,
    1994 WL 762663 (Del. Super. Ct. Dec. 8, 1994) ........................................................11

*Crowther v. Guidone*,
    441 A.2d 11 (Conn. 1981) ........................................................9

*David v. Hett*,
    270 P.3d 1102 (Kan. 2011) ........................................................18

*Davidson v. Rogers*,
    431 So. 2d 483 (Miss. 1983) ........................................................25

*Davis v. Beling*,
    278 P.3d 501 (Nev. 2012) ........................................................30

*Davis v. Re-Trac Mfg. Corp.*,
    149 N.W.2d 37 (Minn. 1967) ........................................................23

*Day v. Avery*,
    548 F.2d 1018 (D.C. Cir. 1976) ........................................................11

*Dehring v. N. Mich. Exploration Co.*,
    304 N.W.2d 560 (Mich. Ct. App. 1981) ........................................................23

*Delahunt v. Cytodyne Techs.*,
    241 F. Supp. 2d 827 (S.D. Ohio 2003) ........................................................38

*Delano Growers' Co-op. Winery v. Supreme Wine Co.*,
    473 N.E.2d 1066 (Mass. 1985) ........................................................22

*DepoLink Court Reporting & Litig. Servs. v. Rochman*,
    64 A.3d 579 (N.J. App. Div. 2013) ........................................................33

*Dieker v. Case Corp.*,
    73 P.3d 133 (Kan. 2003) ........................................................18

*Discover Bank v. Morgan*,
    363 S.W.3d 479 (Tenn. 2012) ........................................................46

*Dossie v. Sherwood*,
    707 S.E.2d 131 (Ga. Ct. App. 2011) ........................................................13

010440-11 1016961 V1

*Dugan v. Jones*,
    615 P.2d 1239 (Utah 1980) ..................................................................................47

*Durbin v. Ross*,
    916 P.2d 758 (Mont. 1996) ..................................................................................26

*E. Elec. Corp. v. Ferd Constr., Inc.*,
    2005 WL 3447957 (D.N.H. Dec. 15, 2005)..........................................................31

*Earthscapes Unlimited, Inc. v. Ulbrich*,
    703 S.E.2d 221 (S.C. 2010) ...........................................................................43, 44

*Edwards v. Zenimax Media, Inc.*,
    2012 WL 4378219 (D. Colo. Sept. 25, 2012).........................................................8

*Eigen v. Textron Lycoming Reciprocating Engine Div.*,
    874 A.2d 1179 (Pa. Super. Ct. 2005) ...................................................................41

*Ellis v. Crockett*,
    451 P.2d 814 (Haw. 1969) ..................................................................................13

*Ellsworth v. Infor Glob. Sols. (Mich.), Inc.*,
    2012 WL 6641648 (D.S.C. Dec. 20, 2012) ..........................................................44

*Emerald Painting, Inc. v. PPG Indus., Inc.*,
    472 N.Y.S. 2d 485 (N.Y. App. Div. 1984) ..........................................................36

*Everest v. Leviton Mfg. Co.*,
    2006 WL 381832 (Me. Super. Ct. Jan. 13, 2006).................................................20

*Farley v. Country Coach Inc.*,
    403 F. App'x 973 (6th Cir. 2010) .........................................................................23

*Felix v. Ganley Chevrolet, Inc.*,
    49 N.E.3d 1224 (Ohio 2015) ...............................................................................38

*Finstad v. Washburn Univ. of Topeka*,
    845 P.2d 685 (Kan. 1993).....................................................................................18

*Forbes v. Wells Fargo Bank, N.A.*,
    420 F. Supp. 2d 1018 (D. Minn. 2006).................................................................24

*Ford Motor Co. v. Fairley*,
    398 So. 2d 216 (Miss. 1981)................................................................................25

*In re: Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
    2001 WL 1266317 (D.N.J. 1997) ........................................................................32

*Four R Cattle Co. v. Mullins*,
   570 N.W.2d 813 (Neb. 1997) ................................................................28

*Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*,
   746 S.E.2d 568 (W. Va. 2013) ..............................................................50

*Gail Frances, Inc. v. Alaska Diesel Elec., Inc.*,
   62 F. Supp. 2d 511 (D.R.I. 1999) ..........................................................43

*In re Gen. Motors LLC Ignition Switch Litig.*,
   2016 WL 3920353 (S.D.N.Y. July 15, 2016) ..........................................1

*In re Gen. Motors LLC Ignition Switch Litig.*,
   257 F. Supp. 3d 372 (S.D.N.Y. 2017) ............................................ *passim*

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*,
   2005 WL 6778678 (N.D. Ohio Feb. 22, 2005) ......................................38

*Gibson v. Ky. Farm Bureau Mut. Ins. Co.*,
   328 S.W.3d 195 (Ky. Ct. App. 2010) ....................................................20

*Global Prot. Corp. v. Halbersberg*,
   503 S.E.2d 483 (S.C. Ct. App. 1998) ....................................................44

*Goldberg v. Mallinckrodt, Inc.*,
   792 F.2d 305 (2d Cir. 1986) ..................................................................36

*Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*,
   101 P.3d 792 (Nev. 2004) ......................................................................30

*Gray v. Boston E.R. Co.*,
   102 N.E. 71 (Mass. 1913) ......................................................................22

*Greyhound Corp. v. Ault*,
   238 F.2d 198 (5th Cir. 1956) ................................................................13

*Grovedale Feed Co. v. Corron*,
   155 N.E.2d 291 (Ohio Mun. Ct. 1957) ..................................................39

*Guzman v. Jan-Pro Cleaning Sys., Inc.*,
   839 A.2d 504 (R.I. 2003) ......................................................................43

*Gyldenvand v. Schroeder*,
   280 N.W.2d 235 (Wis. 1979) ................................................................52

*Haag v. Dry Basement, Inc.*,
732 P.2d 392 (Kan. Ct. App. 1987) ................................................................................19

*Hale v. Basin Motor Co.*,
795 P.2d 1006 (N.M. 1990) .........................................................................................35

*Hamby v. Health Mgmt. Assocs., Inc.*,
462 S.W.3d 346 (Ark. Ct. App. 2015) ...........................................................................7

*Hasbro, Inc. v. Mikohn Gaming Corp.*,
2006 WL 2035501 (D.R.I. July 18, 2006) ...................................................................42

*Havas Motors v. Combs*,
291 P.2d 907 (Nev. 1955) ...........................................................................................30

*Hayes v. Morris & Co.*,
119 A. 901 (Conn. 1923) .............................................................................................10

*Haynes v. Cumberland Builders, Inc.*,
546 S.W.2d 228 (Tenn. Ct. App. 1976) ......................................................................47

*Hedrick v. Spear*,
907 P.2d 1123 (Or. Ct. App. 1995) ............................................................................41

*Hinchcliffe v. Am. Motors Corp.*,
440 A.2d 810 (Conn. 1981) ..........................................................................................9

*Hirst v. Elgin Metal Casket Co.*,
438 F. Supp. 906 (D. Mont. 1977) ..............................................................................27

*Holeman v. Neils*,
803 F. Supp. 237 (D. Ariz. 1992) .................................................................................6

*Holmes v. Countrywide Fin. Corp.*,
2012 WL 2873892 (W.D. Ky. July 12, 2012) ..............................................................20

*Hopping v. College Black Partners*,
599 N.W.2d 703 (Iowa 1999) ......................................................................................17

*Houser v. Eckhardt*,
506 P.2d 751 (Colo. Ct. App. 1972) .............................................................................8

*Hydra-Mac, Inc. v. Onan Corp.*,
450 N.W.2d 913 (Minn. 1990) ....................................................................................24

*Hyundai Motor Am., Inc. v. Goodin*,
822 N.E.2d 947 (Ind. 2005) ........................................................................................15

*Jaffe v. Davis,*
   2003 WL 2002783 (Ky. Ct. App. May 2, 2003)....................................................20

*Jarman v. United Indus. Corp.,*
   98 F. Supp. 2d 757 (S.D. Miss. 2000)..............................................................25

*Jarvill v. Porky's Equip., Inc.,*
   189 P.3d 335 (Alaska 2008)............................................................................4

*Jensvold v. Town & Country Motors,*
   649 A.2d 1037 (Vt. 1994)..............................................................................48

*Jones v. Westbrook,*
   379 P.3d 963 (Alaska 2016)............................................................................4

*Kantner v. Merck & Co., Inc.,*
   2007 WL 3092779 (Ind. Marion Cnty. Super. Ct. Apr. 18, 2007) .........................15

*Kashmir Corp. v. Patterson,*
   616 P.2d 468 (Or. 1980) ...............................................................................40

*Kelly v.VinZant,*
   197 P.3d 803 (Kan. 2008)..............................................................................18

*Kenai Chrysler Ctr., Inc. v. Denison,*
   167 P.3d 1240 (Alaska 2007)........................................................................3, 4

*Kessel v. Leavitt,*
   511 S.E.2d 720 (W. Va. 1998)........................................................................51

*Kieft v. Becker,*
   2002 WL 481249 (Va. Cir. Ct. Jan. 31, 2002)....................................................48

*Kincaid v. SouthTrust Bank,*
   221 S.W.3d 32 (Tenn. Ct. App. 2006)..............................................................46

*In re Kip Haruki Tani,*
   2012 WL 2071766 (Bankr. D. Colo. June 8, 2012)................................................7

*LaFerrera v. Camping World RV Sales of Birmingham,*
   171 F. Supp. 3d 1257 (N.D. Ala. 2016)..............................................................3

*Lamasters v. Springer,*
   99 N.W.2d 300 (Iowa 1959)..........................................................................17

*Lambert v. Hasson,*
   823 P.2d 167 (Idaho Ct. App. 1991).................................................................14

*Larisa's Home Care, LLC v. Nichols-Shields,*
    404 P.3d 912 (Or. 2017) ...................................................................40

*Larobina v. Home Depot, USA, Inc.,*
    821 A.2d 283 (Conn. App. Ct. 2003)...................................................9

*Lawson v. Citizens & S. Nat'l Bank,*
    180 S.E.2d 206 (S.C. 1971) ..............................................................44

*LeFlore v. Reflections of Tulsa, Inc.,*
    708 P.2d 1068 (Okla. 1985)..............................................................40

*Leftwich v. Gaines,*
    521 S.E.2d 717 (N.C. Ct. App. 1999).................................................37

*Little v. Gillette,*
    354 N.W.2d 147 (Neb. 1984).............................................................28

*Lloyd v. GMC,*
    916 A.2d 257 (Md. 2007) ..................................................................22

*Lohman v. Daimler-Chrysler Corp.,*
    166 P.3d 1091 (N.M. Ct. App. 2007).................................................34

*Long v. Dell, Inc.,*
    984 A.2d 1074 (R.I. 2009).................................................................43

*Long v. Jim Letts Oldsmobile, Inc.,*
    217 S.E.2d 602 (Ga. Ct. App. 1975)..................................................13

*Louisville & N.R. Co. v. Fletcher,*
    69 So. 634 (Ala. 1915)........................................................................3

*Lutfy v. R. D. Roper & Sons Motor Co.,*
    115 P.2d 161 (Ariz. 1941)...................................................................6

*Lux v. Envtl. Warranty, Inc.,*
    755 A.2d 936 (Conn. Ct. App. 2000).................................................10

*Marathon Oil Co. v. Collins,*
    744 N.E.2d 474 (Ind. Ct. App. 2001)................................................16

*Marquise v. Tri-State Land Co.,*
    109 N.W. 397 (Neb. 1906).................................................................29

*Martin v. Tracy,*
    246 N.W. 6 (Minn. 1932)...................................................................24

*McConkey v. Aon Corp.*,
    804 A.2d 572 (N.J. App. Div. 2002)........................................................................33

*McCrossin v. Hicks Chevrolet, Inc.*,
    248 A.2d 917 (D.C. 1969) ......................................................................................11

*McKee v. Isle of Capri Casinos, Inc.*,
    864 N.W.2d 518 (Iowa 2015) .................................................................................17

*Med. Lab. Mgmt. Consultants v. ABC, Inc.*,
    30 F. Supp. 2d 1182 (D. Ariz. 1998) .......................................................................6

*Meehan v. Adams Enters., Inc.*,
    507 P.2d 849 (Kan. 1973) ......................................................................................19

*Mehan v. Gershkoff*,
    230 A.2d 867 (R.I. 1967).......................................................................................42

*Mercedes-Benz of N. Am., Inc. v. Garten*,
    618 A.2d 233 (Md. Ct. Spec. App. 1993)................................................................21

*Midwestern Midget Football Club, Inc. v. Riddell, Inc.*,
    2016 WL 3406129 (S.D. W. Va. June 17, 2016)......................................................51

*Miller v. Appleby*,
    438 A.2d 811 (Conn. 1981) .................................................................................9, 10

*Mitchell v. Backus Cadillac-Pontiac, Inc.*,
    618 S.E.2d 87 (Ga. Ct. App. 2005) .........................................................................12

*Moe v. Moe*,
    2005 WL 354028 (Minn. Ct. App. Feb. 15, 2005) ..................................................23

*Moore-Davis Motors, Inc. v. Joyner*,
    556 S.E.2d 137 (Ga. Ct. App. 2001).......................................................................13

*Muehlbauer v. GMC*,
    2008 WL 4542650 (N.D. Ill. July 20, 2008)...........................................................21

*Mulford v. Altria Grp., Inc.*,
    242 F.R.D. 615 (D.N.M. 2007)..............................................................................35

*Murray v. Hadid*,
    385 S.E.2d 898 (Va. 1989)....................................................................................49

*Napcor Corp. v. JP Morgan Chase Bank, NA*,
    938 N.E.2d 1181 (Ill. App. Ct. 2010) ....................................................................15

*Nash v. GMAC Mortg., LLC,*
  2011 WL 2470645 (D.R.I. May 18, 2011) ...........................................................42

*Neighborhood Builders Inc. v. Town of Madison,*
  986 A.2d 278 (Conn. 2010) .................................................................................9

*NGT Telecomms., Inc. v. Int'l Business Machs., Inc.,*
  2000 WL 562745 (E.D. Pa. May 8, 2000) ...........................................................41

*Nieberding v. Barrette Outdoor Living, Inc.,*
  302 F.R.D. 600 (D. Kan. 2014)......................................................................17, 18

*Nielsen v. Flashberg,*
  419 P.2d 514 (Ariz. 1966)....................................................................................6

*Normius v. Eckerd Corp.,*
  813 So. 2d 985 (Fla. Dist. Ct. App. 2002) ..........................................................12

*Nw. Pub. Serv. v. Union Carbide Corp.,*
  115 F. Supp. 2d 1164 (D.S.D. 2000) ...................................................................45

*Nw. Pub. Serv. v. Union Carbide Corp.,*
  236 F. Supp. 2d 966 (D.S.D. 2002) ...............................................................44, 45

*Obenauf v. Frontier Fin. Grp., Inc.,*
  785 F. Supp. 2d 1188 (D N.M. 2011) .................................................................35

*Pampattiwar v. Hinson,*
  756 S.E.2d 246 (Ga. Ct. App. 2014) ...................................................................13

*Parke Cnty. v. Ropak, Inc.,*
  526 N.E.2d 732 (Ind. Ct. App. 1988)..................................................................16

*Peery v. Hansen,*
  585 P.2d 574 (Ariz. Ct. App. 1978).....................................................................6

*Perrine v. E.I. DuPont de Nemours & Co.,*
  2004 WL 5497219 (W. Va. Cir. Ct. 2004) ..........................................................50

*Perrine v. E.I. DuPont de Nemours & Co.,*
  2008 WL 8920162 (W. Va. Cir. Ct. 2008) ..........................................................50

*Perz v. Pere Marquette Ry. Co.,*
  198 N.W. 208 (Mich. 1924)................................................................................23

*Peterson v. Weisner,*
  146 P.2d 789 (Nev. 1944) ...................................................................................30

*Picus v. Wal-Mart Stores, Inc.*,
  256 F.R.D. 651 (D. Nev. 2009) ...................................................................................29

*Poor v. Hill*,
  530 S.E.2d 838 (N.C. Ct. App. 2000) ................................................................36, 37

*Powell v. Kansas Yellow Cab Co.*,
  131 P.2d 686 (Kan. 1942) .........................................................................................19

*Power-Matics, Inc. v. Ligotti*,
  191 A.2d 483 (N.J. App. Div. 1963) ........................................................................32

*Process Eng'rs & Constructors, Inc. v. DiGregorio, Inc.*,
  93 A.3d 1047 (R.I. 2014) ..........................................................................................42

*Ram Head Outfitters, Ltd. v. Mecham*,
  2011 WL 1429623 (D. Ariz. Apr. 14, 2011) ..............................................................6

*Register v. Roberson Constr. Co.*,
  741 P.2d 1364 (N.M. 1987) ......................................................................................35

*Reynolds v. Pionear, LLC*,
  2016 WL 1248866 (E.D. Va. Mar. 25, 2016) ...........................................................48

*Rice v. Strunk*,
  670 N.E.2d 1280 (Ind. 1996) ....................................................................................15

*Rich v. BAC Home Loans Servicing LP*,
  2014 WL 7671615 (D. Ariz. Oct. 9, 2014) .................................................................6

*Richmond Square Capital Corp. v. Ins. House*,
  744 A.2d 401 (R.I. 1999) ..........................................................................................42

*Rieth-Riley Constr. Co. v. McCarrell*,
  325 N.E.2d 844 (Ind. Ct. App. 1975) .......................................................................16

*Rousseau v. K. N. Constr., Inc.*,
  727 A.2d 190 (R.I. 1999) ..........................................................................................42

*Rubewa Prods. Co. v. Watson's Quality Turkey Prods., Inc.*,
  242 A.2d 609 (D.C. 1968) .........................................................................................11

*Salmon v. CRST Expedited, Inc.*,
  2015 WL 1395237 (N.D. Okla. Mar. 25, 2015) .......................................................39

*Salter v. Heiser*,
  239 P.2d 327 (Wash. 1951) .......................................................................................50

*In re Sampson*,
    2006 WL 4667130 (Bankr. D. Md. July 6, 2006).................................................21

*Sanchez v. Benkie*,
    799 N.E.2d 1099 (Ind. Ct. App. 2003) ...............................................................15

*Sargent v. Janvrin*,
    242 A.2d 73 (N.H. 1968) ...................................................................................31

*Sauter v. St. Michael's College*,
    374 P.2d 134 (N.M. 1992)..................................................................................34

*Schneider v. Schaaf*,
    603 N.W.2d 869 (N.D. 1999) .............................................................................37

*Schryburt v. Olesen*,
    475 So. 2d 715 (Fla. Dist. Ct. App. 1985) ..........................................................12

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010).......................................................................................8, 47

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017)..................................................................................22

*Shehata v. Salvation Army*,
    225 P.3d 1106 (Alaska 2010)...............................................................................4

*In re SIGG Switz. (USA), Inc. Aluminum Bottles; Mtkg. & Sales Practices Litig.*,
    2011 U.S. Dist. LEXIS 3033 (W.D. Ky. Jan. 12, 2011)......................................19

*Sinclair Refining Co. v. Tompkins*,
    117 F.2d 596 (5th Cir. 1941) .............................................................................26

*Singles v. Union Pac. R. Co.*,
    112 N.W.2d 752 (Neb. 1962).............................................................................29

*Skipper v. S. Cent. Bell Tel. Co.*,
    334 So. 2d 863 (Ala. 1976)..................................................................................3

*Smallwood v. Bradford*,
    720 A.2d 586 (Md. 1998) ..................................................................................21

*Smith v. Walt Bennett Ford, Inc.*,
    864 S.W.2d 817 (Ark. 1993)................................................................................7

*South Cnty. Post & Beam, Inc. v. McMahon*,
    116 A.3d 204 (R.I. 2015)...................................................................................42

*Spragins v. Sunburst Bank*,
　605 So. 2d 777 (Miss. 1992) ................................................................................25

*Spring Motors Distribs., Inc. v. Ford Motor Co.*,
　489 A.2d 660 (N.J. 1985) ...................................................................................33

*Stair v. Gaylord*,
　659 P.2d 178 (Kan. 1983) ...................................................................................19

*Stefan v. P.J. Kids, LLC*,
　2005 Conn. Super. LEXIS 637 (Conn. Super. Ct. Mar. 1, 2005) ............................9

*Stephenson v. Capano Dev., Inc.*,
　462 A.2d 1069 (Del. 1983) ..................................................................................11

*Streeks, Inc. v. Diamond Hill Farms, Inc.*,
　605 N.W.2d 110 (Neb. 2000), *overruled on other grounds*, 791 N.W.2d 317
　(Neb. 2010) ........................................................................................................28

*Sturm v. Harb Dev., LLC*,
　2 A.3d 859 (Conn. 2010) ......................................................................................9

*Sullivan Indus., Inc. v. Double Seal Glass Co.*,
　480 N.W.2d 623 (Mich. Ct. App. 1991) ..............................................................23

*Taylor v. Philip Morris Inc.*,
　2001 WL 1710710 (Me. Super. Ct. 2001) ............................................................21

*Thiedemann v. Mercedes-Benz USA, LLC*,
　872 A.2d 783 (N.J. 2005) ....................................................................................32

*Tolliver v. Visiting Nurse Assocs.*,
　771 N.W.2d 908 (Neb. 2009) ..............................................................................29

*Turnbull v. La Rose*,
　702 P.2d 1331 (Alaska 1985) ................................................................................4

*Turner v. Enders*,
　552 P.2d 694 (Wash. Ct. App. 1976) ...................................................................50

*U.S. Nat'l Bank of Oregon v. Fought*,
　630 P.2d 337 (Or. 1981) ......................................................................................40

*Umphrey v. Sprinkel*,
　682 P.2d 1247 (Idaho 1983) ................................................................................14

*Union Bank v. Jones,*
    411 A.2d 1338 (Vt. 1980) ...................................................................................48

*Union Nat'l Life Ins. Co. v. Crosby,*
    870 So. 2d 1175 (Miss. 2004) .............................................................................24

*Van Kleef v. Goodman Mfg. Co., L.P.,*
    2015 WL 4512200 (E.D. Ark. July 24, 2015) ......................................................7

*Vichi v. Koninklijke Philips Elecs., N. V.,*
    85 A.3d 725 (Del. Ch. 2014) ........................................................................10, 11

*Vince v. Broome,*
    443 So. 2d 23 (Miss. 1983) .................................................................................25

*Vratsenes v. N. H. Auto, Inc.,*
    289 A.2d 66 (N.H. 1972) ....................................................................................31

*Wagner v. Dan Unfug Motors, Inc.,*
    529 P.2d 656 (Colo. Ct. App. 1974) .....................................................................8

*Walus v. Pfizer, Inc.,*
    812 F. Supp. 41 (D.N.J. 1993) ............................................................................32

*Weisman v. Middleton,*
    390 A.2d 996 (D.C. 1978) ..................................................................................11

*Whitaker v. M.T. Auto., Inc.,*
    855 N.E.2d 825 (Ohio 2006) ..............................................................................39

*Williams v. Gray Guy Grp., L.L.C.,*
    79 N.E.3d 1146 (Ohio Ct. App. 2016) ................................................................39

*Williams v. Planet Motor Car, Inc.,*
    738 N.Y.S.2d 170 (N.Y. Civ. Ct. 2001) ..............................................................36

*Williams v. Stewart,*
    112 P.3d 281 (N.M. Ct. App. 2005) ....................................................................35

*Wilson v. Marquette Elecs., Inc.,*
    630 F.2d 575 (8th Cir. 1980) ................................................................................7

*Wilson v. Polaris Indus., Inc.,*
    1998 WL 779033 (Minn. Ct. App. Nov. 10, 1998) .............................................24

*World Metals, Inc. v. AGA Gas, Inc.,*
    755 N.E.2d 434 (Ohio Ct. App. 2001) ................................................................39

*WSG W. Palm Beach Dev., LLC v. Blank,*
    990 So. 2d 708 (Fla. Dist. Ct. App. 2008) ...........................................................................12

*Wyman v. Terry Schulte Chevrolet,*
    584 N.W.2d 103 (S.D. 1998) ...................................................................................................45

*Yost v. Gen. Motors Corp.,*
    651 F. Supp. 656 (D.N.J. 1986) ..............................................................................................32

*Young v. Dart,*
    630 A.2d 22 (Pa. Super. Ct. 1993) ..........................................................................................41

*Zanakis-Pico v. Cutter Dodge, Inc.,*
    47 P.3d 1222 (Haw. 2002) .......................................................................................................13

## STATUTES

Ala. Code § 8-19-10 ..............................................................................................................................3

Alaska Stat. § 45.02.715 .......................................................................................................................4

Alaska Stat. § 45.02.725 .......................................................................................................................4

Alaska Stat. § 45.50.531 .......................................................................................................................4

Ark. Code § 85-2-715 ...........................................................................................................................7

Colo. Rev. Stat. § 4-2-715 ....................................................................................................................8

D.C. Code § 28-3905(k)(2) .................................................................................................................11

Del. Code Tit. 6 § 2-714(2) .................................................................................................................10

Haw. Rev. Stat. Ann. § 490:2-715 .....................................................................................................13

Idaho Code § 48-608 ...........................................................................................................................14

815 Ill. Comp. Stat. Ann. 505/10a .....................................................................................................15

Ind. Code § 26-1-2-715(2) ..................................................................................................................16

Iowa Code § 714H.5 ...........................................................................................................................17

Kan. Stat. Ann. § 50-634(d) ...............................................................................................................19

Kan. Stat. Ann. § 84-2-715(2) ............................................................................................................19

Md. Code Com. Law § 13-105 ............................................................................................................21

Me. Rev. Stat. tit. 11 § 2-715 .................................................................................21

Me. Rev. Stat. tit. 11 § 2-725 .................................................................................21

Mich. Comp. Laws § 440.2714 ...............................................................................23

Mich. Comp. Laws § 440.2715 ...............................................................................23

Minn. Stat. § 8.31 ...................................................................................................24

Minn. Stat. § 325D.15 .............................................................................................24

Minn. Stat. § 325D.45(1) .........................................................................................24

Miss. Code § 75-2-714 ............................................................................................26

Miss. Code § 75-2-715 ............................................................................................26

Miss. Code § 75-2-725 ............................................................................................25

Miss. Code § 75-24-5(1) ..........................................................................................25

Miss. Code § 75-24-15(1) ..................................................................................25, 26

Mont. Code § 30-2-714 ...........................................................................................28

Mont. Code § 30-2-715 ...........................................................................................28

Mont. Code § 30-2-725 ...........................................................................................27

Mont. Code § 30-14-103 .........................................................................................26

Mont. Code § 30-14-133 ....................................................................................26, 27

N.C. Gen. Stat. Ann. § 25-2-714(3) ........................................................................37

N.D. Cent. Code § 41-02-94 ...................................................................................37

N.D. Cent. Code § 51-15-09 ...................................................................................37

Neb. Rev. Stat. Ann. § 2-714(2) .............................................................................28

Neb. Rev. Stat. Ann. § 2-715 ..................................................................................28

Neb. Rev. Stat. Ann. § 59-1609 ..............................................................................27

N.H. Rev. Stat. Ann. § 358-A:10(I) .........................................................................31

N.J. Stat. Ann. § 12A:2-714 ........................................................................................33

N.J. Stat. Ann. § 12A:2-715 ........................................................................................33

N.J. Stat. Ann. § 56:8-19 .............................................................................................33

N.M. Stat. Ann. § 57-12-10 .........................................................................................35

N.R.S. § 41.600 ...........................................................................................................30

N.R.S. § 104.2714(2) ...................................................................................................30

Ohio Rev. Code § 1302.89 ..........................................................................................39

Ohio Rev. Code § 1302.98 ..........................................................................................39

Ohio Rev. Code § 1345.09 ..........................................................................................39

Okla. Stat. tit. 12A, § 2-714 ........................................................................................40

Okla. Stat. tit. 12A, § 2-715 ........................................................................................40

Okla. Stat. tit. 15, § 761.1 ...........................................................................................39

Or. Rev. Stat. Ann. § 72.7140 .....................................................................................41

Or. Rev. Stat. Ann. § 72.7150 .....................................................................................41

Or. Rev. Stat. Ann. § 646.638 ................................................................................40, 41

R.I. Gen. Laws § 6-13.1-5.2 ........................................................................................43

R.I. Gen. Laws § 6A-2-714 .........................................................................................43

R.I. Gen. Laws § 6A-2-715 .........................................................................................43

R.I. Gen. Laws § 6A-2-725(2) .....................................................................................43

S.C. Code § 36-2-714 ..................................................................................................44

S.C. Code § 36-2-715 ..................................................................................................44

S.C. Code § 39-5-140(a) ..............................................................................................44

S.D. Codified Laws § 21-3-2 .......................................................................................45

S.D. Codified Laws § 37-24-31 ...................................................................................45

S.D. Codified Laws § 57A-2-714(2)..........................................................................46

S.D. Codified Laws § 57A-2-715.............................................................................46

S.D. Codified Laws § 57A-2-725.............................................................................45

Tenn. Code § 47-18-109(a)(1)..................................................................................46

Utah Code § 13-11-19...............................................................................................47

Utah Code § 70A-2-714............................................................................................47

Utah Code § 70A-2-715............................................................................................47

Va. Code § 8.2-714...................................................................................................49

Va. Code § 8.2-715...................................................................................................49

Vt. Stat. tit. 9, § 2461...............................................................................................48

Wash. Rev. Code § 19.86.090...................................................................................49

W. Va. Code § 46-2-715...........................................................................................52

W. Va. Code § 46-2-725...........................................................................................51

W. Va. Code § 46A-6-106...................................................................................50, 51

Wis. Stat. § 402.714.................................................................................................52

Wis. Stat. § 402.715.................................................................................................52

Wyo. Stat. Ann. § 34.1-2-715..................................................................................53

Wyo. Stat. Ann. § 34.1-2-725..................................................................................52

Wyo. Stat. Ann. § 40-12-108...................................................................................52

## OTHER AUTHORITIES

25 Wash. Prac., Contract Law And Practice § 18:310.06 (3d ed. 2017).....................49

## I.      INTRODUCTION

In applying this Court's prior rulings to the 35 jurisdictions not yet subject to motion practice and to the availability of "lost-time damages" in 47 jurisdictions (the remaining 35 plus 12 jurisdictions for which the Court did not previously consider lost-time damages), Plaintiffs in good faith concede that a significant number of claims are no longer viable.   In stark contrast, GM essentially concedes nothing and insists that Plaintiffs have no claims in **any** of the remaining 35 jurisdictions, and cannot recover lost-time damages in **any** of the 47 jurisdictions at issue.[1]   That would be a surprising result given the Court's prior rulings upholding at least one claim in nearly every jurisdiction considered.   The result in the remaining jurisdictions should, on the whole, reflect the Court's prior rulings in the original 16 jurisdictions where, "[b]y and large…, Plaintiffs' consumer fraud, common-law fraud, and implied warranty claims survive but their unjust enrichment… claims fail."[2]

*First*, manifestation is not required for most of Plaintiffs' claims.   It is the law of this case that Plaintiffs' claims arose at sale, and Plaintiffs suffered damages at the time of sale; subsequent events (including manifestation) are not necessary to prove Plaintiffs' economic loss, and the absence of manifestation does not negate the fraud or the damages flowing from it.   GM turns this fact on its head by positing a temporal difference between when damages are measured (time of sale) and when damages become cognizable (only upon the occurrence of a later event, according to GM).

---

[1] Appendix A hereto shows GM's lack of good faith.  Blue indicates the issues GM conceded, and yellow indicates the far-greater number of issues Plaintiffs conceded.

[2] *See In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016). Although—like GM—Plaintiffs preserve issues for appeal, they acknowledge that a fair application of the Court's prior rulings would compel the conclusion that, for most jurisdictions, the Court would find that Plaintiffs cannot state unjust enrichment claims under these facts.  Cases in the states where Plaintiffs maintain claims for unjust enrichment do not end the inquiry with the question of whether there is a contract, and courts look to other factors and principles of equity that, as applied, militate in favor of allowing the claims to be tested at trial.

But GM's argument runs counter to the ample case law applying the basic principle that where—as here—buyers did not get what they paid for as the result of seller fraud, the buyers are entitled to a remedy.  Indeed, the elements of Plaintiffs' statutory consumer protection, fraudulent concealment, and implied-warranty claims do not include manifestation.  The Court should decline GM's invitation to follow courts requiring manifestation, and should instead be guided by the facts of this case, the relevant statutory language, other local authorities, and logic.

*Second*, in all or nearly all jurisdictions, upon proper proof Plaintiffs may recover for the value of the time lost as the result of the defects in their vehicles.  These so-called "lost-time damages"—like other forms of consequential or incidental damages—are recoverable because they flow directly and foreseeably from GM's alleged wrongdoing and are necessary to make Plaintiffs whole.  GM's cases generally are not to the contrary, as they often recognize that lost-time damages are compensable upon proper proof, and/or do not preclude incidental or consequential damages.

*Third*, as noted in footnote 1, Plaintiffs properly assert unjust enrichment claims when the state law supports it under these facts.[3]

## II.     ARGUMENT

## A.     Alabama:  lost-time damages are available [4]

As in most jurisdictions, incidental and consequential damages that flow directly and foreseeably from a defendant's breach are available for all of Plaintiffs' claims under Alabama law.

---

[3] In the following jurisdiction-by-jurisdiction analysis, arranged alphabetically by jurisdiction for the Court's convenience, Plaintiffs include a discussion of unjust enrichment only in those jurisdictions in which they maintain that the claim may be asserted in light of this Court's prior rulings, and include a discussion of lost-time damages *only* in the jurisdictions where the Court has already ruled on the substantive claims.  Citations to GM's authorities are to those provided by GM during the meet and confer process.  *See* Dkt. No. 4900.

[4] GM did not provide case law or arguments addressing Plaintiffs' fraudulent-concealment claims in Alabama.  If GM belatedly addresses fraudulent concealment in its brief, Plaintiffs rely on the materials they provided in the meet and confer, such as *Chapman v. Rivers Constr. Co.*, 227 So. 2d 403, 413 (Ala. 1969) (holding "measure of damages resulting from fraudulent conduct or representations . . . will be fixed by an amount which would place the defrauded

In this case, these damages include the value of the lost time resulting from GM's misconduct.  The Alabama Deceptive Trade Practices Act provides that plaintiffs may recover "actual damages[,]" Ala. Code § 8-19-10, and the Alabama Supreme Court has long recognized that "[a]ctual damages include all except that category called punitive, vindictive, or exemplary; they are the equivalent of compensatory damages." *Skipper v. S. Cent. Bell Tel. Co.*, 334 So. 2d 863, 866 (Ala. 1976).  Actual damages therefore encompass incidental and consequential damages, consistent with a long common-law tradition recognizing that plaintiffs may seek compensation for their lost time. *See*, *e.g.*, *Birmingham Ry., Light & Power Co. v. Nalls*, 66 So. 5, 6 (Ala. 1914) (affirming lower court's refusal to instruct jury that lost time not compensable in personal injury context).  The authorities GM cites do not hold otherwise.  In *Louisville & N.R. Co. v. Fletcher*, 69 So. 634, 635 (Ala. 1915), the court declined to award lost-time damages for breach of contract where the evidence showed that such damages "were not the proximate or natural consequence of the breach . . . ." *Billions v. White & Stafford Furniture Co.*, 528 So. 2d 878 (Ala. Civ. App. 1988), did not address the availability of incidental or consequential damages for lost time.

## B.     Alaska

### 1.     Manifestation is not required.

Under the Alaska Unfair Trade Practices Act (UTPA), claims may proceed where a product deficiency has caused no problems apart from a loss in value. *See*, *e.g.*, *Borgen v. A&M Motors Inc.*, 273 P.3d 575, 578-79, 586-87 (Alaska 2012) (damages properly awarded where a 2002 motorhome was sold as a 2003 model; no allegations of malfunction due to vehicle's actual age); *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1257-59 (Alaska 2007) (claim valid where defendant sold car

---

person in the position he would occupy if the representations had been true" (citation omitted)), and *LaFerrera v. Camping World RV Sales of Birmingham*, 171 F. Supp. 3d 1257, 1271 (N.D. Ala. 2016).

to developmentally disabled person; no allegation that the car did not perform properly).

Manifestation is not required in a fraudulent-concealment claim either. *See, e.g., Turnbull v. La Rose*, 702 P.2d 1331, 1336 (Alaska 1985) ("[A] plaintiff is entitled to recover the difference between the actual value of the purchase and the value the purchase would have had had the representations been in fact true."). In implied-warranty claims, Alaska follows the U.C.C. provision that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made." Alaska Stat. § 45.02.725; *see In re Bridgestone\Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001), *rev'd on other grounds*, 288 F.3d 1012 (7th Cir. 2002) (applying the identical provision, and determining that there is no manifestation requirement).[5]

### 2. Lost-time damages are available

Incidental and consequential damages that flow directly and foreseeably from a defendant's breach—including lost-time damages—are recoverable in Alaska. The UTPA permits the recovery of "actual damages." Alaska Stat. § 45.50.531. *See Kenai*, 167 P.3d at 1257-59 (under UTPA, plaintiff properly recovered loss-of-use damages for the time spent without a car). Likewise, the successful fraudulent-concealment plaintiff can recover "such special or consequential damages as he can prove with reasonable certainty." *Turnbull*, 702 P.2d at 1336. The same is true for the implied-warranty plaintiff. *See* Alaska Stat. § 45.02.715 (allowing incidental and consequential damages). Hence, even when a product is replaced, giving the buyer the full benefit of the bargain,

---

[5] GM's cases are not on point. *Jarvill v. Porky's Equip., Inc.*, 189 P.3d 335, 339 (Alaska 2008), concerns the discovery rule in a negligence and product defect case. *Jones v. Westbrook*, 379 P.3d 963, 969 (Alaska 2016), also involves the discovery rule, and applies the same rule the Plaintiffs seek to apply here—namely that a plaintiff may recover for "an ascertainable loss of money or property" caused by a UTPA violation (without regard to manifestation). Finally, the holding in *Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010)—that "damages" are an element of common-law fraud—does not address the question of manifestation.

the buyer can still recover additional damages.  *Blake v. Guthy-Renker*, *LLC*, 965 F. Supp. 2d 1076, 1084 (D. Alaska 2013).[6]

## C.      Arizona

### 1.      Unjust enrichment is available.

The grounds upon which this Court has dismissed unjust enrichment claims in other jurisdictions pose no bar under Arizona law.  The existence of a contract does not preclude an unjust enrichment claim if the plaintiff has not received the benefit of her bargain.  *Arnold & Assocs.*, *Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1030 (D. Ariz. 2003); *see also Adelman v. Christy*, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000).  As *Adelman* points out, 90 F. Supp. 2d at 1030, GM's argument to the contrary relies on an "overbroad" reading of *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976).[7]

### 2.      Manifestation is not required.

Arizona Consumer Fraud Act (ACFA) claims can proceed when an alleged defect has not manifested where consumers did not obtain what the seller promised.  *See Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 820-21, 822, 831 (D. Ariz. 2016) (where plaintiff purchased flawed security system, sufficient that "Plaintiff alleges that she would not have purchased her wireless security system but for [defendant's] violation of the ACFA"); *In re Ariz. Theranos*, *Inc., Litig.*, 256 F. Supp. 3d 1009, 1020-22, 1028 (D. Ariz. 2017) (where defendants sold blood tests that were unreliable, no allegations that any particular blood test was erroneous were necessary to state a claim for fraud by

---

[6] GM appears to concede that lost-time damages are available in implied-warranty and fraudulent-concealment claims, arguing only that incidental damages are not available in the UTPA context due to the "ascertainable loss" requirement. There is no logical basis for excluding incidental damages from this calculation, including lost-time damages, provided they are proven to "ascertainable" certainty.

[7] Plaintiffs do not contest that they can only recover under an unjust enrichment theory if they cannot recover under their claims at law, and have properly pled the claim in the alternative.  Hence, GM gets no mileage from cases suggesting that unjust enrichment is unavailable when there is an adequate remedy at law.

omission under ACFA).   The same is true with respect to Plaintiffs' claim for fraudulent concealment, given that benefit-of-bargain damages are available in cases involving the misrepresentation of vehicle characteristics at the time of sale.  *See Lutfy v. R. D. Roper & Sons Motor Co.*, 115 P.2d 161, 164-65 (Ariz. 1941).[8]

### 3.   Lost-time damages are available.

Arizona law broadly compensates injured plaintiffs for incidental damages, which easily encompass the lost-time damages at issue in this case.   "A private individual's relief under the [ACFA] is his actual damages suffered as a result of the unlawful act or practice.   These damages include the consideration paid in the contract and out-of-pocket expenses."  *See Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992) (citation omitted); *see also Ram Head Outfitters*, *Ltd. v. Mecham*, 2011 WL 1429623, at *16 (D. Ariz. Apr. 14, 2011) (under ACFA, plaintiff can recover "all costs incurred … as a result of contracting with" defendant defective-plane seller, including the cost of renting a replacement plane).   Similarly, in fraudulent-concealment cases, Plaintiffs can recover both benefit-of-the-bargain damages ***and*** other damages caused by the fraud.   *Cole v. Gerhart*, 423 P.2d 100, 103-04 (Ariz. Ct. App. 1967); *Chonczynski v. Aguilera*, 2014 WL 6790738, at *6 (Ariz. Ct. App. Dec. 2, 2014).[9]

---

[8] GM's authorities miss the mark.  Plaintiffs do not contest they must prove "actual damages" in order to recover under the ACFA, and "proximate injury" to recover under their fraudulent-concealment claim.  *See Peery v. Hansen*, 585 P.2d 574, 578 (Ariz. Ct. App. 1978) (ACFA); *Nielsen v. Flashberg*, 419 P.2d 514, 517-18 (Ariz. 1966) (fraudulent concealment).  In order to recover under the benefit-of-the-bargain theory as set out by this Court, Plaintiffs will prove actual point-of-sale damages—regardless of whether the defect manifested in any particular vehicle.

[9] GM's cases do not support a contrary result.  In *Rich v. BAC Home Loans Servicing LP*, 2014 WL 7671615 (D. Ariz. Oct. 9, 2014), the plaintiffs' claims for common-law fraud and ACFA violations were dismissed for reasons that have no relevance here.  In *Med. Lab. Mgmt. Consultants v. ABC, Inc.*, 30 F. Supp. 2d 1182, 1200 (D. Ariz. 1998), plaintiffs' claims for incidental damages were dismissed on proximate cause grounds particular to that case.  *Id.*  Here, of course, any questions about proximate cause will be resolved at the summary judgment and/or trial phases of this litigation.

**D.      Arkansas:  lost-time damages are available.**[10]

"Actual damages" under the Arkansas Deceptive Trade Practices Act are broadly available, and can include (for example) lost income.  *See*, *e.g.*, *Hamby v. Health Mgmt. Assocs.*, *Inc.*, 462 S.W.3d 346, 351 (Ark. Ct. App. 2015).  By the same logic, lost-time damages should be available to make the injured Plaintiffs whole upon proper proof.  Similarly, consequential damages are available for fraudulent concealment.  *Smith v. Walt Bennett Ford*, *Inc.*, 864 S.W.2d 817, 823-24 (Ark. 1993).  Lost-time damages are also available for implied-warranty claims where such damages are foreseeable.  *See* Ark. Code § 85-2-715; *Wilson v. Marquette Elecs.*, *Inc.*, 630 F.2d 575, 586 (8th Cir. 1980).[11]

**E.      Colorado**

**1.      Manifestation is not required.**

Manifestation is not required under the Colorado Consumer Protection Act (CCPA).  *See Boyd v. Johnson & Johnson Consumer Cos.*, 2010 U.S. Dist. LEXIS 53684, at *19 (D.N.J. May 31, 2010) (CCPA and warranty claims properly pled where plaintiff alleged "she suffered ascertainable loss to the extent she paid for a product and got something less than what was promised" in the absence of allegations of harm caused to plaintiff).  Likewise, manifestation is not required in fraudulent-concealment claims since benefit-of-the-bargain damages are calculated "***at the time of purchase***."  *Colo. Performance Corp. v. Mariposa Assocs.*, 754 P.2d 401, 408 (Colo. Ct. App. 1987) (emphasis in original); *see also In re Kip Haruki Tani*, 2012 WL 2071766, at *4 (Bankr. D. Colo. June 8, 2012) ("[u]nder Colorado law, values prior to or subsequent to the date of payment are

---

[10] Plaintiffs concede that manifestation is required in Arkansas.

[11] To the extent that *Van Kleef v. Goodman Mfg. Co.*, *L.P.*, 2015 WL 4512200 (E.D. Ark. July 24, 2015), holds differently, Plaintiffs urge this Court to follow the Arkansas and Eighth Circuit authorities cited herein.

*irrelevant*") (emphasis in original).  The same is true in breach of warranty cases, where plaintiffs are entitled to the difference between the actual value of the property at the time of purchase and the value at that time had the warranted representations been true.  *See*, *e.g.*, *Wagner v. Dan Unfug Motors*, *Inc.*, 529 P.2d 656, 659 (Colo. Ct. App. 1974).[12]

### 2.    Lost-time damages are available.

Damages under the CCPA are extremely broad, and include (for example) the alleged cost of "expend[ing] time and effort considering the retailer's advertised merchandise[,]" *Crowe v. Tull*, 126 P.3d 196, 210 (Colo. 2006), which is analogous to the lost-time damages sought here.  Damages are also broadly awarded in fraud cases.  *See*, *e.g.*, *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 677 n.5 (Colo. 1994) (under the "benefit of the bargain" rule, plaintiffs recover their "expectation interest for loss of bargain").  It will, therefore, be a factual question as to whether Plaintiffs' expectations were that they would not have to take their cars in to repair hidden defects known to GM at the time of sale.  And, as the *Wagner* court made clear, 529 P.2d at 659-60, under Colo. Rev. Stat. § 4-2-715, incidental and consequential damages are awarded in implied-warranty cases.[13]

---

[12] GM primarily addresses Plaintiffs' consumer protection claim, minimally addresses Plaintiffs' fraudulent-concealment claim, and does not address Plaintiffs' implied-warranty claim at all.  GM's assertion that the consumer protection claim cannot be certified is premature.  At the proper time, Plaintiffs will demonstrate that treating class members differently than individuals is inconsistent with the Supreme Court's decision in *Shady Grove Orthopedic Assocs.*, *P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).  Further, it was the proposed measure of damages in *Edwards v. Zenimax Media, Inc.*, 2012 WL 4378219, at *5-6 (D. Colo. Sept. 25, 2012), that necessitated proof of defect; Plaintiffs' authorities make clear that, where Plaintiffs seek benefit-of-the bargain damages, manifestation is not necessary.  And GM's assertion that reliance is one of the "[e]lements of [f]raud" (citing *Bristol Bay Prods.*, *LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013)), is irrelevant to the manifestation question.

[13] Here, GM actually cited cases **awarding** lost-time damages, *see*, *e.g.*, *Houser v. Eckhardt*, 506 P.2d 751, 756 (Colo. Ct. App. 1972), and argues only that these damages are unavailable in CCPA claims in a class action.  Again, Plaintiffs will address this argument at the appropriate time, as it is inconsistent with *Shady Grove*, 559 U.S. 393.

### F.        Connecticut

#### 1.        Unjust enrichment is available (parties agree).

#### 2.        Manifestation is not required.

Manifestation is not required for claims under the Connecticut Unfair Trade Practices Act (CUTPA).  *See Hinchcliffe v. Am. Motors Corp.*, 440 A.2d 810, 814 (Conn. 1981) ("Whenever a consumer has received something other than what he bargained for, he has suffered a loss of money or property."); *Stefan v. P.J. Kids, LLC*, 2005 Conn. Super. LEXIS 637, at *9 (Conn. Super. Ct. Mar. 1, 2005) ("the 'ascertainable loss'… is a financial loss to consumers who did not receive what they believed they had purchased").  The same is true in fraud claims, where benefit-of-bargain damages are calculated as of the time of sale, and consist of "the difference in value between the property actually conveyed and the value of the property as it would have been if there had been no false representation[.]"  *Miller v. Appleby*, 438 A.2d 811, 814 (Conn. 1981); *see also Crowther v. Guidone*, 441 A.2d 11, 14 (Conn. 1981).[14]

#### 3.        Lost-time damages are available.

CUTPA remedies are "far more comprehensive than the simple damages recoverable under common law," *Hinchcliffe*, 440 A.2d at 816, and include any "deprivation, detriment, or injury that is capable of being… established."  *Larobina v. Home Depot, USA, Inc.*, 821 A.2d 283, 288 (Conn. App. Ct. 2003) (citations, quotations omitted).  Lost-time damages are easily included within this broad rubric.  Likewise, with respect to Plaintiffs' fraudulent-concealment claim, Plaintiffs will be

---

[14] GM correctly notes that CUTPA plaintiffs must prove "ascertainable loss."  *E.g.*, *Neighborhood Builders Inc. v. Town of Madison*, 986 A.2d 278, 282 (Conn. 2010), but ignores the fact that such loss can be established without manifestation.  *See Hinchcliffe*, 440 A.2d at 814.  GM similarly errs in citing *Sturm v. Harb Dev., LLC*, 2 A.3d 859, 872 (Conn. 2010), for the proposition that a common-law fraud plaintiff must prove "injury;" once again, Plaintiffs' authorities make clear that benefit-of-bargain injury occurs at the point of sale (regardless of whether a defect later manifests).

able to recover "any consequential damages resulting directly from the fraud." *Miller v. Appleby*, 438 A.2d at 814. In other words, lost-time damages are recoverable upon proof that such damages are "the natural and proximate consequence of the fraudulent representation complained of" herein. *Id.*[15]

## G.   Delaware

### 1.   Manifestation is not required for Plaintiffs' implied-warranty claim.[16]

Manifestation is not required for Plaintiffs' implied-warranty claim. Under Del. Code Tit. 6 § 2-714(2), the buyer is entitled to benefit-of-the-bargain damages as of the time and place of acceptance. Thus, while the parties have found no Delaware cases on point, the same language in other jurisdictions (including those discussed throughout this brief) has been construed to allow damages without regard to manifestation.

### 2.   Lost-time damages are available.

Delaware's Consumer Fraud Act (CFA) liberally provides for recovery of "all damages proximately caused by and naturally flowing from a violation." *Carroll v. Philip Morris USA, Inc.*, 163 A.3d 91, 109 (Del. Super. Ct. 2017) (citation omitted). Once again, it will be a question of fact as to whether Plaintiffs can prove lost-time damages under this broad standard. A similar analysis applies to Plaintiffs' fraudulent-concealment claims. *See Vichi v. Koninklijke Philips Elecs., N. V.*,

---

[15] GM misleadingly cites *Lux v. Envtl. Warranty, Inc.*, 755 A.2d 936, 945 (Conn. Ct. App. 2000), but that case merely holds that the party seeking damages failed to proffer sufficient evidence. Confusingly, GM cites *Hayes v. Morris & Co.*, 119 A. 901, 902 (Conn. 1923), a case holding that lost-time damages **are recoverable**. And it is no answer to Plaintiffs' authorities to suggest that only "ascertainable losses" can be recovered in a CUTPA claim, as the term is plainly broad enough to encompass the lost-time damages Plaintiffs seek here.

[16] Plaintiffs concede that manifestation is required for their consumer fraud and fraudulent-concealment claims.

- 10 -

85 A.3d 725, 815-16 (Del. Ch. 2014) (losses are recoverable when "the loss might reasonably be expected to result from the reliance" on the fraudulent misrepresentation at issue).[17]

## H.      District of Columbia:  lost-time damages are available.

GM has not pointed to any District of Columbia (D.C.) law suggesting that lost-time damages are unavailable, effectively conceding that lost-time damages are available incidental or consequential damages with respect to all of Plaintiffs' claims under D.C. law.  Indeed, the D.C. Consumer Protection Procedures Act provides broad remedies including "[t]reble damages," "[p]unitive damages," and "[a]ny other relief which the court determines proper."  D.C. Code § 28-3905(k)(2).   With respect to Plaintiffs' fraudulent-concealment claims, D.C. law provides for "punitive as well as compensatory damages" for successful fraud-based claims.  *Day v. Avery*, 548 F.2d 1018, 1029 (D.C. Cir. 1976).  And such compensatory awards may include damages for lost time.  *See*, *e.g.*, *Weisman v. Middleton*, 390 A.2d 996, 999 (D.C. 1978) (affirming compensatory damage award, including lost-time damages, in malicious prosecution claim).  D.C. courts also "allow[] recovery of consequential damages which were proximately caused by a breach of warranty."  *McCrossin v. Hicks Chevrolet, Inc.*, 248 A.2d 917, 921 (D.C. 1969); *see also Rubewa Prods. Co. v. Watson's Quality Turkey Prods., Inc.*, 242 A.2d 609, 615 (D.C. 1968) (proper measure warranty of damages "is the loss directly and naturally resulting in the ordinary course of events from the breach").

---

[17] GM provided no supporting authority with respect to fraudulent-concealment. Instead, GM's authority concerned only the CFA.  *See Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663 (Del. Super. Ct. Dec. 8, 1994). But in precluding evidence of "lost future profits" in a CFA claim, *id.*, *Crowell Corp.* misreads *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1076 (Del. 1983), which holds that under "the benefit of the bargain rule," damages are designed to "put the plaintiff in the same financial position that he would have been in if the defendant's representations had been true."  *Stephenson*, 462 A.2d at 1076.  Lost-time damages are thus recoverable in Plaintiffs' CFA claim upon appropriate proof.

## I.       Florida: lost-time damages are available for Plaintiffs' fraudulent-concealment claims.[18]

Florida law provides for incidental and consequential damages, including lost-time damages, with respect to Plaintiffs' fraudulent-concealment and breach of warranty claims.   In Florida, "a person injured by the commission of a fraud is entitled to recover 'damages for whatever loss he may have sustained from being led into a disadvantageous purchase by willful misstatements of the vendor.'" *Schryburt v. Olesen*, 475 So. 2d 715, 717 (Fla. Dist. Ct. App. 1985) (citation omitted).   There are cases in which Florida courts recognize loss of time as compensable.  *See*, *e.g.*, *WSG W. Palm Beach Dev., LLC v. Blank*, 990 So. 2d 708, 710-14 (Fla. Dist. Ct. App. 2008) (affirming damages award for wrongful eviction claim where plaintiff prayed for, *inter alia*, lost-time damages); *Normius v. Eckerd Corp.*, 813 So. 2d 985, 987 (Fla. Dist. Ct. App. 2002) (recoverable damages in false-imprisonment action include loss of time).

## J.       Georgia

### 1.       Manifestation is not required for Plaintiffs' fraudulent-concealment claims.[19]

Manifestation is not required for Plaintiffs' fraudulent-concealment claim since damages are measured as of the time of the transaction.  *See Mitchell v. Backus Cadillac-Pontiac, Inc.*, 618 S.E.2d 87, 92 (Ga. Ct. App. 2005).[20]

---

[18] Plaintiffs concede that lost-time damages are not available for their consumer-protection claims, and do not plead implied-warranty claims in Florida.

[19] Plaintiffs concede that manifestation is required for their consumer-fraud claims, and do not assert implied-warranty claims in Georgia.

[20] GM provides no persuasive authority for fraudulent concealment.  GM cited *Artzner v. A&A Exterminators, Inc.*, 531 S.E.2d 200, 204 (Ga. Ct. App. 2000), for the proposition that "damage" is an element of a common-law fraud claim.  But that element was not at issue in *Artzner*, and the case says nothing about whether manifestation is required.

**2.     Lost-time damages are recoverable in fraudulent-concealment claims.**[21]

In common-law fraud claims including fraudulent-concealment, Georgia plaintiffs can recover all actual damages, which are "not necessarily limited to pecuniary loss…." *Pampattiwar v. Hinson*, 756 S.E.2d 246, 252 (Ga. Ct. App. 2014) (can include "wounded feelings" caused by the fraud).  Accordingly, lost-time damages should also be recoverable.[22]

**K.     Hawaii: Lost-time damages are available.**[23]

Under Hawaii law, lost-time damages are available for all of Plaintiffs' claims.  While Hawaii's consumer protection statute "does not define either 'injury' or 'damages,'" the plaintiff must show only that her injury is "fairly traceable to the defendant's actions."  *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1053 (9th Cir. 2014).  Likewise, in fraudulent-concealment cases, "[t]he aim of compensation… is to put the plaintiff in the position he would have been had he not been defrauded."  *Ellis v. Crockett*, 451 P.2d 814, 820 (Haw. 1969).  And under Hawaii's U.C.C., consequential damages are available for Plaintiffs' implied-warranty claim.  Haw.  Rev. Stat. Ann. § 490:2-715.[24]

---

[21] Plaintiffs concede that lost-time damages are not recoverable in their consumer-fraud claims.

[22] GM's cases are not helpful.  *Greyhound Corp. v. Ault*, 238 F.2d 198, 202 (5th Cir. 1956), held that the plaintiff provided "no evidence" to support her claim for damages, including lost-time damages, but does not suggest lost-time damages are unavailable upon proper proof.  *Long v. Jim Letts Oldsmobile, Inc.*, 217 S.E.2d 602, 605 (Ga. Ct. App. 1975), was a negligence case, and, as the opinion is explicitly grounded in that fact, the case has no bearing here. *Moore-Davis Motors, Inc. v. Joyner*, 556 S.E.2d 137, 139 (Ga. Ct. App. 2001), concerns a consumer-fraud claim, for which Plaintiffs concede lost-time damages are unavailable.  Contrary to GM's contention, *Dossie v. Sherwood*, 707 S.E.2d 131 (Ga. Ct. App. 2011), does not purport to set out an ***exclusive*** list of the circumstances under which lost-time damages are available in Georgia.  Plaintiffs do not dispute the holding of *Bridgers v. Investors Am., Inc.*, 267 S.E.2d 801, 803 (Ga. Ct. App. 1980), that common-law fraud can remedy a plaintiff's "injury whereby he is put in a position worse than he would have occupied had there been no fraud."  Consistent with *Bridgers*, lost-time damages are available upon proper proof.

[23] GM concedes that manifestation is not required for any of Plaintiffs' Hawaii claims.

[24] Once again, GM offered no authorities concerning implied-warranty claims—thereby effectively conceding that lost-time damages are available for that claim.  Oddly, GM cited *Zanakis-Pico v. Cutter Dodge, Inc.*, 47 P.3d 1222 (Haw. 2002), which holds that even a plaintiff who has not consummated a purchase may bring claims for violations of Hawaii's consumer protection statute and common-law fraud.  As for GM's other authorities, Plaintiffs

010440-11 1016961 V1

### L.    Idaho

#### 1.    Manifestation is not required for Plaintiffs' fraudulent-concealment claims.[25]

In fraudulent-concealment claims, benefit-of-bargain damages are measured as of the time

of the transaction.  *See April Beguesse, Inc. v. Rammell*, 328 P.3d 480, 491-92 (Idaho 2014); *Clark*

*v. McDaniel*, 546 N.W.2d 590, 594 (Iowa 1996).  Therefore, by definition, manifestation is not

required.[26]

#### 2.    Lost-time damages are available.

Lost-time damages are available upon proper proof in an Idaho CPA claim because the

statute provides for "actual damages… and any other appropriate relief which the court in its

discretion may deem just and necessary."  Idaho Code § 48-608.  Likewise, in fraudulent-

concealment claims, "[t]he underlying principle is that the victim of fraud is entitled to compensation

for every wrong which is the natural and proximate result of the fraud.  The measure of damages

which should be adopted under the facts of a case is the one which will effect such result."  *Beguesse*,

328 P.3d at 491.[27]

---

do not dispute that they must show "pecuniary damage" in order to state a fraud claim—but GM's cases do not address or impliedly limit the availability of lost-time damages under Hawaii law.

[25] Plaintiffs concede that manifestation is required for their Idaho Consumer Protection act (CPA) claim, and do not assert implied-warranty claims in Idaho.

[26] GM's sole authority concerning common-law fraud merely states that a plaintiff must prove "consequent and proximate injury," *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 293 (Idaho 2006), but that opinion does not say manifestation is required in order to show "injury."

[27] GM cited *Umphrey v. Sprinkel*, 682 P.2d 1247, 1258 (Idaho 1983), for the proposition that "injury to plaintiffs' feelings," "harassment," or "annoyance or inconvenience" are not recoverable in common-law fraud cases; but this does not address the question of whether lost-time damages are recoverable upon proper proof.  In fact, the *Umphrey* court held that consequential damages may be awarded upon proper proof.  *Id.* at 1257.  GM's other case, *Lambert v. Hasson*, 823 P.2d 167, 174 (Idaho Ct. App. 1991), recognizes that lost-time damages are available as long as they are not duplicative, which fully supports Plaintiffs' position here.

**M.    Illinois:  lost-time damages are available.**

This Court has already held that "courts in Illinois . . . have recognized 'lost time' as a viable theory of damages."  *In re Gen. Motors LLC Ignition Switch Litig.*, 257 F. Supp. 3d 372, 398-99 (S.D.N.Y. 2017) (citations omitted).  Indeed, Illinois's Consumer Fraud Act expressly provides that a "court, in its discretion may award actual economic damages or ***any other relief which the court deems proper*** . . . ." 815 Ill. Comp. Stat. Ann. 505/10a (emphasis added).  Incidental or consequential damages—including lost time—are also available in a fraudulent-concealment action.  *See*, *e.g.*, *Napcor Corp. v. JP Morgan Chase Bank*, *NA*, 938 N.E.2d 1181, 1191 (Ill. App. Ct. 2010).

**N.    Indiana**

> **1.    Manifestation is not required for Plaintiffs' fraudulent-concealment and implied-warranty claims.**[28]

Manifestation is not required for Plaintiffs' fraudulent-concealment and implied-warranty claims, because benefit-of-the-bargain injury is compensable under either theory in Indiana.  Regarding fraud, plaintiffs are compensated for "the difference between the market value of the property received by the party allegedly defrauded and the value of such property at the time, had it been as represented to be by the vendor."  *Sanchez v. Benkie*, 799 N.E.2d 1099, 1102 (Ind. Ct. App. 2003).  Indiana also compensates consumers for benefit-of-the-bargain injury in implied-warranty claims.  *See*, *e.g.*, *Hyundai Motor Am.*, *Inc. v. Goodin*, 822 N.E.2d 947, 959 (Ind. 2005); Ind. Code § 26-1-2-715(2).[29]

---

[28] Plaintiffs concede manifestation is required under Indiana's Deceptive Consumer Sales Act (DCSA).

[29] GM's first case, *Kantner v. Merck & Co.*, *Inc.*, 2007 WL 3092779 (Ind. Marion Cnty. Super. Ct. Apr. 18, 2007), concerns only the DCSA.  GM's other case, *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996), merely sets forth the elements of fraud and holds that the plaintiff there failed to show reasonable reliance; it does not state that manifestation is required in a fraud claim.  GM cites no cases concerning implied warranty.

## 2.    Lost-time damages are available.

In DCSA claims, consumers are entitled to "reasonably foreseeable consequential damages." *Captain & Co., Inc. v. Stenberg*, 505 N.E.2d 88, 99 (Ind. Ct. App. 1987).  Likewise, in fraudulent-concealment claims, damages are recoverable when they "are the natural and proximate consequences of the act complained."  *Marathon Oil Co. v. Collins*, 744 N.E.2d 474, 482 (Ind. Ct. App. 2001).  And consequential damages are available for Plaintiffs' implied-warranty claim.  Ind. Code § 26-1-2-715(2).  Accordingly, Plaintiffs can recover lost-time damages under each claim by proving that GM's misconduct foreseeably caused the damages.[30]

## O.    Iowa

### 1.    Manifestation is not required.

While Plaintiffs could find no case law addressing the issue, manifestation does not appear to be a requirement for benefit-of-the-bargain damages under Iowa's Consumer Fraud Act (CFA).  Indeed, Iowa Code § 714H.5 allows for the recovery of "actual damages," which appears on its face to allow for the benefit-of-the bargain damages that Plaintiffs seek here.  Manifestation is also not required for fraudulent-concealment claims since damages are determined as of the date of the transaction.  *See B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 285 (Iowa 1976) ("usual measure of… loss is the difference between the actual value of the property at the time of the

---

[30] GM's cases do not hold to the contrary.  In *Rieth-Riley Constr. Co. v. McCarrell*, 325 N.E.2d 844, 848 (Ind. Ct. App. 1975) (emphasis added), the court stated, "[w]hile loss of earnings is an appropriate element to consider in determining the value of plaintiff's loss of time, ***it is by no means the exclusive measure.***"  So, GM is wrong to suggest that ***only*** "loss of capacity to earn money" is compensable under the lost-time rubric.  GM's other authority, *Parke Cnty. v. Ropak, Inc.*, 526 N.E.2d 732, 739 (Ind. Ct. App. 1988), merely states that "pecuniary loss" must be shown; it does not preclude lost-time damages.  Indeed, *Parke* recognizes that a fraud victim "is entitled to recover such damages as will compensate him for the loss or injury actually sustained and place him in the position he would have occupied had he not been defrauded."  *Id.*  Lost-time damages can be awarded upon proper proof as necessary to make Plaintiffs whole.

transaction and the value it would have had if the representations had been true, the loss of benefit of the bargain"); *accord Clark v. McDaniel*, 546 N.W.2d 590, 594 (Iowa 1996).[31]

### 2.     Lost-time damages are available.

Lost-time damages are recoverable under Iowa law upon proper proof where necessary to make a consumer whole. The CFA, again, provides for the recovery of "actual damages," without limitation. Iowa Code § 714H.5. *See Brown v. Louisiana-Pacific Corp.* 820 F.3d 339, 349 (8th Cir. 2016) ("Iowa courts apply a but for test in determining whether a 'defendant in fact caused the plaintiff's harm.'") (citation omitted). And in fraudulent-concealment claims, "when recovery of the benefit of the bargain will not make the buyer whole, additional damages will be allowed." *B & B Asphalt Co.*, 242 N.W.2d at 285. Accordingly, lost-time damages should be available.[32]

### P.     Kansas

### 1.     Manifestation is not required.

Manifestation is not required for any of Plaintiffs' claims under Kansas law. In *Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600 (D. Kan. 2014), the court certified a class of Kansas purchasers of allegedly defective railing brackets bringing both Kansas Consumer Protection Act (CPA) and implied-warranty claims. Significantly, the damages sought by the plaintiffs in *Nieberding*, similar to the damages here, were "the difference between the purchase price of the

---

[31] Once again, GM's authorities do not advance its position. *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 532-33 (Iowa 2015), merely holds that a CFA plaintiff must prove "out-of-pocket loss" in order to meet the "ascertainable loss" requirement for private causes of action. Plaintiffs, of course, will do so here. Likewise, GM's common-law fraud case, *Lamasters v. Springer*, 99 N.W.2d 300, 302 (Iowa 1959), merely holds that "injury" is a requirement in a fraud case, and does not state that manifestation is required in order to prove injury.

[32] GM cites *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255, 260 (Iowa 1991), for the proposition that only "pecuniary losses" are recoverable in fraud claims; but here Plaintiffs do seek "pecuniary losses"—in the form of lost-time damages among other things. And the fact that lost time from work is included as part of the calculation for lost-time damages, *Hopping v. College Black Partners*, 599 N.W.2d 703, 706-07 (Iowa 1999), certainly cannot be read to mean that lost-time damages are unavailable here upon proper proof. And GM cites no authority concerning CFA claims, thereby implicitly conceding that lost-time damages are available.

railing products as warranted and their actual value considering the allegedly defective brackets." *Id.* at 618. With respect to the CPA claim,[33] the court held that "the putative class may prove causation by showing that the objective, reasonable person would have been harmed by the omission." *Id.* at 616. Hence, a showing of individualized harm (*i.e.*, manifestation) was not required. With respect to the implied-warranty claim, the court specifically held that "manifestation of the breach" is not required. *Id.* at 612 (citing Kan. Stat. Ann. § 84-2-725, which provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made."). And manifestation should not be required for Plaintiffs' fraudulent-concealment claim because Kansas has rejected the economic loss rule for tort claims. *See David v. Hett*, 270 P.3d 1102, 1114 (Kan. 2011). In assessing whether a cause of action exists, Kansas courts thus focus on the nature of the duty breached rather than the nature of the consequences. *Id.* Logically, then, a tort giving rise to benefit-of-the-bargain damages is actionable regardless of whether manifestation occurs.[34]

---

[33] In *Nieberding*, as here, the plaintiffs brought a material omission claim under the CPA, in addition to a misrepresentation claim.

[34] GM mistakenly relies on *Finstad v. Washburn Univ. of Topeka*, 845 P.2d 685, 688, 690-91 (Kan. 1993), for the proposition that manifestation is required in CPA claims. But *Finstad* granted summary judgment to the defendant, in part because the plaintiff offered ***no proof*** of damages, *id.*—*not* because manifestation is required. Hence, Plaintiffs' authority, which postdates *Finstad*, did not impose a manifestation requirement. GM's authority on fraud, *Kelly v. VinZant*, 197 P.3d 803, 808 (Kan. 2008), simply holds that damage is an element of a fraud claim—and Plaintiffs allege benefit-of-the-bargain damage here. Similarly, GM's implied-warranty cases hold only that a plaintiff's injury must be caused by the defect—and that is what Plaintiffs allege here because they were deprived of the benefit of the bargain by the defects in their vehicles. *Dieker v. Case Corp.*, 73 P.3d 133, 136, 143-44 (Kan. 2003), rejected the defense argument that the plaintiffs' implied-warranty claim should have failed at trial because "they could not prove the combine was defective or that a defect existed when the combine left its control." And *Am. Family Mut. Ins. Co. v. Sears, Roebuck & Co.*, 998 F. Supp. 1162, 1165 (D. Kan. 1998), rejected defendant's motion for summary judgment on similar grounds. Neither case imposes a manifestation requirement for implied-warranty claims.

### 2.       Lost-time damages are available.

The CPA permits recovery of "the damages caused" by the defendant's violation.  Kan. Stat. Ann. § 50-634(d).  The court in *Haag v. Dry Basement, Inc.*, 732 P.2d 392, 396 (Kan. Ct. App. 1987), approved the award of consequential damages under the CPA.  Consequential damages are also available for fraudulent-concealment claims.  *Meehan v. Adams Enters., Inc.*, 507 P.2d 849, 852 (Kan. 1973); *see also Alexander v. Certified Master Builder Corp.*, 43 F. Supp. 2d 1242, 1251 (D. Kan. 1999) ("defrauded party may recover any additional damages which are a natural and proximate consequence of the defendant's misrepresentations").  Finally, consequential damages are available for breach of implied warranty.  Kan. Stat. Ann. § 84-2-715(2); *see also Stair v. Gaylord*, 659 P.2d 178, 185 (Kan. 1983) ("The availability of consequential damages is vital.… [and allows for the recovery of] lost profits and more.").  Lost-time damages are available upon proper proof.[35]

## Q.       Kentucky

### 1.       Manifestation is not required for Plaintiffs' consumer-protection claims.[36]

Manifestation is not required for claims under Kentucky's Consumer Protection Act (CPA). *See*, *e.g., In re SIGG Switz. (USA), Inc. Aluminum Bottles; Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 3033, at *11 (W.D. Ky. Jan. 12, 2011) (permitting CPA claims based on "potential economic injuries"); *Crouch v. Johnson & Johnson Consumer Cos.*, 2010 U.S. Dist. LEXIS 37517,

---

[35] The single case cited by GM is a 75-year-old personal injury case holding that the plaintiff provided insufficient proof of the value of her lost time.  *Powell v. Kansas Yellow Cab Co.*, 131 P.2d 686, 690 (Kan. 1942).  *Powell* does not speak to the availability of lost-time damages—upon proper proof—in CPA, fraudulent-concealment and implied-warranty claims.

[36] Plaintiffs concede that manifestation is required for their fraudulent-concealment claims, and do not assert implied-warranty claims in Kentucky.

at *20-31 (D.N.J. April 15, 2010) (declining to dismiss Kentucky CPA claims for economic losses brought by consumers who purchased baby products falsely advertising their safety).[37]

### 2. Lost-time damages are available.

Courts have awarded lost-time damages under the CPA. *See Craig & Bishop*, *Inc. v. Piles*, 247 S.W.3d 897, 907 (Ky. 2008) ("inconvenience award" based on losses "caused by constant telephoning and trips to the dealership"). Consequential damages—broad enough to include lost-time damages—are also available for fraudulent-concealment claims. *See Gibson v. Ky. Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 204-05 (Ky. Ct. App. 2010) (allowing "investigative expenses" as consequential damages).[38]

## R. Maine

### 1. Manifestation is not required.

Manifestation is not required in common-law fraud claims (as GM concedes) and in claims under the Maine Unfair Trade Practices Act (UTPA) (which GM does not concede). *See Everest v. Leviton Mfg. Co.*, 2006 WL 381832, at *2 (Me. Super. Ct. Jan. 13, 2006) ("in a fraud claim Plaintiff's injur[ies] sustained at the time he makes the purchase in reliance on Defendant's purposeful misrepresentations" compensable). Likewise, in implied-warranty claims, Maine follows the U.C.C.

---

[37] Tellingly, GM cited no Kentucky cases on CPA claims.

[38] GM's cases do not compel a different result. *Jaffe v. Davis*, 2003 WL 2002783, at *5 (Ky. Ct. App. May 2, 2003), upheld summary judgment on the grounds that there was "no evidence in the record to support any of [the plaintiff's] claims." Had plaintiff proffered evidence, he could have maintained a common law fraud claim. *Holmes v. Countrywide Fin. Corp.*, 2012 WL 2873892, at *6 (W.D. Ky. July 12, 2012), is a decision stemming from "[t]he disfavor for injuries related to risk of identity theft," and rejected the plaintiffs' argument that they should be compensated for the "spent time monitoring their credit, researching identity theft, and learning about this case," *id.* at *11. *Holmes* does not state the legal basis of the plaintiff's claims and does not contravene the Kentucky precedent cited by Plaintiffs above. To the extent *Holmes* held that lost time cannot be compensable, the decision runs counter to "the growing recognition amongst courts" that such damages are compensable. *See In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *26-27 (N.D. Cal. May 27, 2016) (citing authorities and rejecting *Holmes*). *Blue Grass Traction Co. v. Ingles*, 131 S.W. 278, 281 (Ky. 1910), demonstrates that lost-time damages have long been available upon proper proof.

provision stating that a "cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made…." Me. Rev. Stat. tit. 11 § 2-725.  Hence, manifestation is not required.[39]

## 2.   Lost-time damages are available for Plaintiffs' implied-warranty claim.[40]

Lost-time damages should be available as incidental or consequential damages for Plaintiffs' implied-warranty claim.  *See* Me. Rev. Stat. tit. 11 § 2-715 (cataloguing non-exclusive list of incidental and consequential damages available to remedy breach of warranty).[41]

## S.   Maryland:  lost-time damages are available.

Maryland courts award "restitutionary and consequential damages" under the Consumer Protection Act, *Mercedes-Benz of N. Am.*, *Inc. v. Garten*, 618 A.2d 233, 242 (Md. Ct. Spec. App. 1993), in accordance with that statute's command that it "be construed and applied liberally."  Md. Code Com. Law § 13-105.  Plaintiffs who prevail in fraud actions may recover compensatory damages "for injury sustained that was the natural and proximate [effect] of the fraudulent act."  *In re Sampson*, 2006 WL 4667130, at *1 (Bankr. D. Md. July 6, 2006) (citing *Empire Realty Co. v. Fleisher*, 305 A.2d 144, 147 (Md. 1973)).  And Maryland courts recognize the availability of damages for lost time in other tort actions.  *See*, *e.g.*, *Smallwood v. Bradford*, 720 A.2d 586, 594-95 (Md. 1998) (survivor actions); *Adams v. Benson*, 208 Md. 261, 271 (Md. 1955) (personal injury actions).  In warranty claims, Maryland courts expressly allow plaintiffs to recover "the cost to repair

---

[39] GM's cases are not on point.  *Taylor v. Philip Morris Inc.*, 2001 WL 1710710, at *7 (Me. Super. Ct. 2001), found that punitive damages are not available under the UTPA, but did not impose (or even mention) a manifestation requirement.  *Muehlbauer v. GMC*, 2008 WL 4542650, at *5 (N.D. Ill. July 20, 2008), granted summary judgment to the defendant on the plaintiff's implied-warranty claim, in part because the plaintiff did not "provide any evidence of economic damages" caused by his purchase of the defective product.  Here, in stark contrast, Plaintiffs will demonstrate their economic damages pursuant to the benefit-of-the-bargain theory.

[40] Plaintiffs concede that lost-time damages are unavailable for their UTPA and fraud claims.

[41] GM cited no cases concerning implied-warranty law in Maine.

the defect" which includes sufficient "recompense to fill the gap" between "what the consumer bargained for and what the consumer actually received." *Lloyd v. GMC*, 916 A.2d 257, 288, 290 (Md. 2007).

**T.    Massachusetts:  lost-time damages are available.**

It is the law of this case that "most state courts"—including Massachusetts's—"construe their consumer protection statutes to permit recovery beyond actual damages, including incidental and consequential damages." *In re Gen. Motors, LLC*, 257 F. Supp. 3d at 372 (citing *Aspinall v. Philip Morris Cos.*, 813 N.E.2d 476, 492 (Mass. 2004)).   Under Massachusetts law, "consequential damages are generally available for fraudulent misrepresentation," *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 15 (1st Cir. 2017), and tort plaintiffs are "entitled to recover as damages compensation not only for the pain and suffering endured, but also for the loss of time of the valuable use of which he was deprived." *Gray v. Boston E.R. Co.*, 102 N.E. 71, 72 (Mass. 1913).[42]   And Massachusetts law expressly authorizes consequential and incidental damages in warranty claims.  These remedies "are to be administered liberally so as to put the aggrieved party in as good a position as if the other party had fully performed." *Delano Growers' Co-op. Winery v. Supreme Wine Co.*, 473 N.E.2d 1066, 1075 (Mass. 1985).

**U.    Michigan:  lost-time damages are available.**

It is the law of this case that "most state courts"—including Michigan's—"construe their consumer protection statutes to permit recovery beyond actual damages, including incidental and consequential damages." *In re Gen. Motors*, 257 F. Supp. 3d at 399 (citing *Hauf v. Life Extension*

---

[42] Contrary to GM's position, *Costa v. del La Femina*, 2006 WL 3201070 (Mass. Super. Ct. Oct. 17, 2006), held only that a plaintiff failed to supply "the court with legal analysis to justify recovery" "for the time and effort she put in to get [an] addition finished." *Id.* at *10.

*Found.*, 547 F. Supp. 2d 771, 780 (W.D. Mich. 2008)).  Michigan law further permits fraud plaintiffs to recover "consequential damages arising from the fraud." *Dehring v. N. Mich. Exploration Co.*, 304 N.W.2d 560, 567 (Mich. Ct. App. 1981); *see also Perz v. Pere Marquette Ry. Co.*, 198 N.W. 208, 209, 211 (Mich. 1924) (upholding lost-time damages in personal injury case).  Michigan allows incidental and consequential damages for implied-warranty claims.  Mich. Comp. Laws §§ 440.2714, 440.2715; *see also Sullivan Indus.*, *Inc. v. Double Seal Glass Co.*, 480 N.W.2d 623, 631 (Mich. Ct. App. 1991).[43]

## V.   Minnesota

### 1.      Manifestation is not required for Plaintiffs' fraudulent-concealment claim.[44]

Manifestation is not required for Plaintiffs' fraudulent-concealment claim.  "As a general rule, misrepresentation damages should be measured by the plaintiff's out-of-pocket loss…. [which is] ordinarily determined by measuring the difference between the value of the property received and the price paid, along with special damages proximately caused by the fraud." *Moe v. Moe*, 2005 WL 354028, at *6 (Minn. Ct. App. Feb. 15, 2005) (citations omitted).  GM's common-law fraud case, *Davis v. Re-Trac Mfg. Corp.*, 149 N.W.2d 37, 38-39 (Minn. 1967), lists "damages" as one of the elements of fraud, without mentioning (much less mandating) a manifestation requirement.  Again, Plaintiffs allege out-of-pocket damages in that they overpaid for their defective vehicles.

---

[43] GM's reliance on an unpublished opinion rejecting a plaintiff's "vague request for lost-time damages" in a motion for a new trial in an implied-warranty case is therefore misplaced. *Farley v. Country Coach Inc.*, 403 F. App'x 973, 983 (6th Cir. 2010).

[44] Plaintiffs concede that manifestation is required for their consumer protection and implied-warranty claims.

### 2. Lost-time damages are available.

A plaintiff who proves violation of Minnesota's consumer-protection statutes[45] "may…

recover damages… and receive other equitable relief as determined by the court." Minn. Stat. § 8.31.

Accordingly, Plaintiffs should recover lost-time damages upon proper proof.   Similarly, in

fraudulent-concealment claims, Plaintiffs' "out-of-pocket" damages also include "consequential

damages proximately caused by the misrepresentation." *Commercial Prop. Invs. Inc. v. Quality Inns

Int'l*, *Inc.*, 61 F.3d 639, 649 (8th Cir. 1995).   And consequential damages are also available in

implied-warranty claims when the plaintiff proves the damages "to a reasonable certainty."  *Hydra-

Mac*, *Inc. v. Onan Corp.*, 450 N.W.2d 913, 920 (Minn. 1990).[46]

### W. Mississippi

### 1. Unjust enrichment is available.

Unjust enrichment claims may proceed in the face of a valid contract upon proof "that

[defendant] breached the contract."  *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1181

(Miss. 2004).  Plaintiffs can assert the claim here because they allege that GM breached its implied

warranty.[47]  Plaintiffs properly pled their unjust enrichment claim in the alternative.

---

[45] *See* Minn. Stat. §§ 325D.15 (1996) (Unlawful Trade Practices Act) and 325D.45(1) (1996) (Uniform Deceptive Trade Practices Act).

[46] GM's cases generally support the proposition that lost-time damages are available upon proper proof.  *See*, *e.g.*, *Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006) (granting summary judgment where plaintiffs did not prove loss of time resulted in lost earning capacity or lost wages); *Cox v. Chicago Great W. R. Co.*, 223 N.W. 675, 676-77 (Minn. 1929) (loss of time "may be a proper item of special damages…."); *Martin v. Tracy*, 246 N.W. 6, 8-9 (Minn. 1932) (lost-time damages available if plaintiff shows he "was capable of doing work of which he was deprived").  Likewise, GM's consumer-protection case—*Wilson v. Polaris Indus.*, *Inc.*, 1998 WL 779033, at *2 (Minn. Ct. App. Nov. 10, 1998)—granted summary judgment to defendant in part because the plaintiff failed to provide evidence of damages (including lost-time damages).

[47] While GM asserts that the existence of a contract obviates an unjust enrichment claim, and cites cases that appear to support that proposition, *Crosby* remains good law, so Plaintiffs can obtain unjust enrichment upon proof that GM breached its implied warranty.

## 2.    Manifestation is not required.

Mississippi's Consumer Protection Act, Miss. Code § 75-24-5(1) (CPA) proscribes "unfair or deceptive trade practices in or affecting commerce…," and allows plaintiffs to "recover such loss of money or damages for the loss of such property" caused by violations of the CPA.  *Id.* § 75-24-15(1).   The statute does not mention or imply a manifestation requirement, and Plaintiffs have not found any Mississippi state court case imposing such a requirement.[48]   Similarly, manifestation is not required in fraudulent-concealment cases under the benefit-of-the-bargain rule.  *See Davidson v. Rogers*, 431 So. 2d 483, 485 (Miss. 1983) (in fraud cases, under the "benefit-of-the-bargain rule," the plaintiff may recover the difference between actual value of the product at issue and the value of the product as represented "***at the time of purchase***") (emphasis added).   Because benefit-of-the-bargain damages are calculated at the time of purchase and not at the time when the fraud was discovered, manifestation is not a required element.[49]   Likewise, Mississippi has adopted the U.C.C. provision that "[a] breach of warranty occurs when tender of delivery is made…."  Miss. Code § 75-2-725.  Hence, the statute imposes no manifestation requirement in an implied-warranty claim.[50]

---

[48] Plaintiffs urge this Court not to follow the federal court cases cited by GM that adopt a manifestation requirement without any attempt to ground that requirement in the governing statutory language or in logic.  *See Jarman v. United Indus. Corp.*, 98 F. Supp. 2d 757, 767-768 (S.D. Miss. 2000) (no discussion of language of Mississippi CPA); *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 288 F.3d 1012, 1017 (7th Cir. 2002) (same).

[49] GM's recitation of the fact that "consequent and proximate injury" is an element of fraudulent concealment (*Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992)) simply does not address whether manifestation is required in order to show economic "injury."

[50] *Ford Motor Co. v. Fairley*, 398 So. 2d 216 (Miss. 1981), does not involve a benefit-of-the-bargain theory and therefore is not on point, and *Vince v. Broome*, 443 So. 2d 23, 26 (Miss. 1983), does not address the manifestation issue at all.

### 3.      Lost-time damages are available for Plaintiffs' CPA and warranty claims.[51]

The CPA allows plaintiffs to "recover such loss of money or damages for the loss of such property" caused by a defendant's violation of the CPA.  Miss. Code § 75-24-15(1).  When Plaintiffs establish that GM's CPA violations cost them time—including time away from paying work—they can recover lost-time damages.   Likewise, Mississippi law provides for the recovery of "any incidental and consequential damages under section 75-2-715."  Miss. Code § 75-2-714.  Incidental and consequential damages include "reasonable expense incident to the… breach."  Miss. Code § 75-2-715.[52]

## X.      Montana

### 1.      Manifestation is not required.

The Montana Consumer Protection Act (CPA) has no manifestation requirement; it provides a remedy for "[a] consumer who suffers any ascertainable loss of money property" as the result of "unfair or deceptive act or practices in the conduct of any trade or commerce…."  Mont. Code §§ 30-14-103, 133(1).  Nor is manifestation required in a fraud claim.  *See Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996) (damages recoverable when "injury" is "consequent[ly] and proximate[ly]" caused by the fraud).  Again, Plaintiffs' injury (overpayment for defective vehicles) occurs at the moment of sale, making the subsequent manifestation (or lack thereof) irrelevant.  There is also no manifestation requirement for the implied-warranty claim since "[a] cause of action accrues when

---

[51] Plaintiffs concede that lost-time damages are unavailable for fraudulent concealment.

[52] GM's case—*Sinclair Refining Co. v. Tompkins*, 117 F.2d 596, 598 (5th Cir. 1941)—simply holds that "[w]hen there is neither pleading nor proof of loss of earnings, it is error to submit to the jury such an element of damages." Plaintiffs agree, and will submit evidence.

the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of

warranty occurs when tender of delivery is made…."  Mont. Code § 30-2-725.[53]

### 2. Lost-time damages are available.

Lost-time damages should be available upon proper proof for each of Plaintiffs' claims.  The

CPA broadly provides for the recovery of "any ascertainable loss of money or property, real or

personal…."  Mont. Code § 30-14-133.  Similarly, traditional tort remedies such as consequential

damages are "available for traditional contract-related torts such as fraud, [or] fraudulent

inducement...."  *Corp. Air v. Edwards Jet Ctr. Mont.*, *Inc.*, 190 P.3d 1111, 1124 (Mont. 2008).

Finally, lost-time damages proximately caused by GM's breach can be awarded for implied-warranty

claims pursuant to Mont. Code §§ 30-2-714-715.  Montana courts liberally award consequential

damages, even for mental suffering.  *Hirst v. Elgin Metal Casket Co.*, 438 F. Supp. 906, 907 (D.

Mont. 1977).[54]

### Y. Nebraska

### 1. Manifestation is not required.

The Nebraska Consumer Protection Act (NCPA) permits a person injured in their property

to "recover the actual damages sustained."  Neb. Rev. Stat. Ann. § 59-1609.  No Nebraska case

suggests that benefit-of-the-bargain damages are excluded, and none state that manifestation is

required.  *See also id.* ("the court may in its discretion" also "increase the award of damages to an

amount which bears a reasonable relation to the actual damages which have been sustained and

---

[53] Tellingly, GM does not cite relevant statutes or any Montana cases construing the CPA or implied warranty under the U.C.C., instead urging this Court to require manifestation without analysis.  Because there is no basis for imposing a manifestation requirement in benefit-of-the-bargain claims, this Court should reject GM's invitation.

[54] GM provides no authority for the claim that lost-time damages are unavailable in Montana upon proper proof, citing only the language from the CPA stating that "ascertainable loss of money or property" is compensable.  Mont. Code § 30-14-133.

which damages are not susceptible of measurement by ordinary pecuniary standards"). GM cites no cases under the NCPA and rests on the false argument that Plaintiffs have not been injured in any way at all. Manifestation is also not required in fraudulent-concealment claims, because Nebraska courts award benefit-of-the-bargain damages for fraud. When a party enters a contract tainted by fraud, "the party's recovery is based on the difference in value of the property as fraudulently represented and its value in actuality." *Little v. Gillette*, 354 N.W.2d 147, 153 (Neb. 1984) ("[t]his jurisdiction adheres to . . . the 'benefit-of-the-bargain' rule") (citations omitted); *Streeks*, *Inc. v. Diamond Hill Farms*, *Inc.*, 605 N.W.2d 110, 122 (Neb. 2000), *overruled on other grounds*, 791 N.W.2d 317, 334 (Neb. 2010) (jury instruction properly defines damages as "the difference between the value . . . of the seed crop at maturity had the seed been suitable and the value of the actual crop received at harvest, less any savings, plus added expenses").[55] And GM provided no authorities on warranty law in Nebraska, effectively conceding that manifestation is not required. In fact, Neb. Rev. Stat. Ann. §§ 2-714(2) and 2-715 prove that manifestation is not required because the statute allows incidental and consequential damages, including "reasonable expense(s) incident to the delay or other breach" for breach of warranty claims without mention of manifestation.

### 2.    Lost-time damages are available.

Plaintiffs refer to the same statute and cases as above for their argument that lost time should be compensable. In arguing otherwise, GM cites two very old cases that generally require a party to be 'worse off' or have suffered an injury to recover for lost time (as Plaintiffs are here by overpaying,

---

[55] GM's **sole** proffered case has no bearing on manifestation, but simply recites the elements of fraudulent misrepresentation, one of which is damage, and analyzes scienter in the context of a spouse's knowledge of her husband's fraud. *Four R Cattle Co. v. Mullins*, 570 N.W.2d 813 (Neb. 1997).

and incurring consequential damages);[56] a 1962 case that stands for the inapposite and undisputed proposition that a plaintiff injured by an employer cannot double recover (future earnings and future loss of time) for the same loss;[57] and *Tolliver v. Visiting Nurse Assocs.*, 771 N.W.2d 908, 916-17 (Neb. 2009), which addressed **non-economic** pain and suffering damages and expressly noted that its holding was based on (among other things) the fact that the claim for misrepresentation sounded in negligence (as opposed to fraud).

**Z.      Nevada**

**1.      Manifestation is not required.**

GM predicts that Nevada courts would require manifestation in a claim under the Nevada Deceptive Trade Practices Act (NDTPA), but offers no argument in support.  In fact, nothing in the statute justifies the imposition of a manifestation requirement.  The court in *Picus v. Wal-Mart Stores*, *Inc.*, 256 F.R.D. 651, 657 (D. Nev. 2009), concluded that "for a private NDTPA claim for damages, the Nevada Supreme Court would require, at a minimum . . .  (1) an act of consumer fraud by the defendant (2) caused (3) damage to the plaintiff."  *Id.* at 658.  Neither this nor any other opinion suggests an additional manifestation requirement.   Nor is there any manifestation requirement for fraudulent concealment.   The Nevada Supreme Court defines "benefit-of-the-bargain damages in the fraud context as 'the value of what [the plaintiff] would have received had the representations been true, less what he actually received.'   This damage measure is akin to damages available in a contract action for breach of warranty.  The benefit-of-the-bargain rule … 'compels [a] party guilty of fraud to make good his or her representations, and under its operation,

---

[56] *See Marquise v. Tri-State Land Co.*, 109 N.W. 397, 398 (Neb. 1906); *Carlile v. Bentley*, 116 N.W. 772 (Neb. 1908).

[57] *Singles v. Union Pac. R. Co.*, 112 N.W.2d 752 (Neb. 1962).

the parties are placed in the same position as if the contract and representations had been fully performed.'" *Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 101 P.3d 792, 796 (Nev. 2004) (citations omitted).[58]  Manifestation is not required for implied-warranty claims either because Nevada's U.C.C. expressly recognizes the benefit-of-the-bargain theory.   N.R.S. § 104.2714(2).[59]

### 2.   Lost-time damages are available.

NDTPA actions are brought under N.R.S. § 41.600, which enables consumer-fraud victims to recover "[a]ny damages" sustained.   Similarly, in fraudulent-concealment claims, available remedies "include items of expense reasonably incurred to minimize the effects of the fraud, damages caused to other property suffered because of the fraud, travel expenses incurred to deal with the problem, commissions paid or added tax burdens, and other items of loss or expense not adequately reflected in the general damages recovery based on market value of the property itself." *Davis v. Beling*, 278 P.3d 501, 514 (Nev. 2012) (citation omitted).   Hence, lost-time damages are recoverable upon proper proof, and GM's cases do not counsel otherwise.[60]

### AA.   New Hampshire

### 1.   Unjust enrichment is available in New Hampshire.

---

[58] The only Nevada authority cited by GM does not involve manifestation.  *Chen v. Nevada State Gaming Control Bd.*, 994 P.2d 1151 (Nev. 2000) (because gambler's misrepresentation of his identity did not cause his blackjack winnings, court denied casino's attempt to deprive the gambler of his winnings).  Here, GM's fraud caused Plaintiffs to overpay.

[59] GM effectively conceded on warranty by not citing any case law on the issue.

[60] In *Havas Motors v. Combs*, 291 P.2d 907 (Nev. 1955), the court did not liken lost time to "trifles"—as GM misleadingly claims.  It instead held that a car purchaser who incurred eight dollars of damages was not entitled to rescission, and noted in dicta that the lower court had not determined the amount of damages (an alternative remedy), but that the eight dollars spent on a temporary license plate would be a trifling amount.  And *Peterson v. Weisner*, 146 P.2d 789, 798 (Nev. 1944), holds that nominal damages could be awarded for the time a car was in the possession of a sheriff:  "[w]e do not say there was no damage, but in the absence of any substantial evidence showing its approximate amount, only nominal damages could be allowed."

Under New Hampshire law, "[u]njust enrichment may be available to contracting parties where the contract was breached, rescinded, or otherwise made invalid, or where the benefit received was outside the scope of the contract." *Clapp v. Goffstown Sch. Dist.*, 977 A.2d 1021, 1025 (N.H. 2009). Here, GM's fraud served to breach its implied warranty and obtain an improper benefit. GM's cases, while supporting the general rule that unjust enrichment does not lie when there is a contract, also confirm the rule's flexibility. *See E. Elec. Corp. v. Ferd Constr., Inc.*, 2005 WL 3447957 (D.N.H. Dec. 15, 2005) (suggesting sub-contractor who had contract with general contractor could sue building owner for unjust enrichment if building owner had not paid for work).

### 2.      Lost-time damages are available.

GM cites to no New Hampshire law, effectively conceding the issue, and lost-time damages are available under Plaintiffs' claims. Under the NHCPA, "[i]f the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater." N.H. Rev. Stat. Ann. § 358-A:10(I). For common-law fraud, "the injured party is entitled to full compensation for all the injury sustained, mental as well as material. In some cases, compensation for the actual material damage sustained will be full compensation." *Vratsenes v. N. H. Auto, Inc.*, 289 A.2d 66, 67 (N.H. 1972). Perhaps because of the absence of punitive damages, New Hampshire courts are liberal in their grant of compensatory damages, and allow lost-time damages upon proper proof. And lost-time damages are available for implied-warranty claims given the broad U.C.C. definition of damages as "the difference between the actual value of the goods at the time of sale and what they would have been worth if they had corresponded to the warranty, together with such incidental losses as the parties knew or ought to have known would probably result from a failure to comply with the terms of the agreement." *Sargent v. Janvrin*, 242 A.2d 73, 75 (N.H. 1968).

BB.   **New Jersey**

1.   **Unjust enrichment is available.**

Contrary to GM's argument, the existence of an express contract is not an outright bar to an unjust enrichment claim.  As the court held in *Power-Matics, Inc. v. Ligotti*, 191 A.2d 483, 490 (N.J. App. Div. 1963), "[s]ince quasi-contractual obligations arise independently of the parties' intent or the existence of a contract, there is no need to demonstrate the rescission of an express contract which may exist between the parties."

2.   **Manifestation is not required for Plaintiffs' consumer-protection and fraudulent concealment claims.**

Manifestation is not an element of a claim under the New Jersey Consumer Fraud Act (CFA). An individual consumer can state a CFA claim by showing "that he or she suffered an ascertainable loss … as a result of the unlawful conduct" by the defendant.  *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 781 (N.J. 2005) (quotations omitted).  The "ascertainable loss" requirement can be met by showing "either out-of-pocket loss or a demonstration of loss in value…."  *Id.*  Here, Plaintiffs will offer evidence to support their "benefit-of-the-bargain" theory (unlike the *Thiedemann* plaintiffs), and hence will show out-of-pocket loss.  *See id* at 795 (plaintiffs failed to provide evidence to support "benefit-of-the-bargain claim").  Manifestation is also not an element of Plaintiffs' fraudulent-concealment claim.  *See Annarella v. Pugliese*, 2014 WL 4636347, at *2 (N.J. App. Div. Sept. 18, 2014).  The Court should therefore decline GM's request to impose a manifestation requirement on Plaintiffs' here.[61]

---

[61] GM's cases are unhelpful.  *Chin v. Chrysler Corp.*, 182 F.R.D. 448 (D.N.J. 1998), for example, did not analyze New Jersey law relating to manifestation—it simply noted variations in state laws on the topic for purposes of a class certification predominance analysis.  Neither *Yost v. Gen. Motors Corp.*, 651 F. Supp. 656 (D.N.J. 1986), nor *In re: Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 2001 WL 1266317 (D.N.J. 1997), analyze New Jersey law.  These cases shed no light on the state of the law in New Jersey, notwithstanding the fact that the courts were located in the District of New Jersey.  *Walus v. Pfizer, Inc.*, 812 F. Supp. 41 (D.N.J. 1993), is distinguishable on its

### 3. Lost-time damages are available.

Upon proof of an "ascertainable loss" under the CFA, the aggrieved consumer may recover damages. *See* N.J. Stat. Ann. § 56:8-19. As even GM's authorities agree, "An 'estimate of damages, calculated within a reasonable degree of certainty,' will suffice" to prove "ascertainable loss." *See DepoLink Court Reporting & Litig. Servs. v. Rochman*, 64 A.3d 579, 588 (N.J. App. Div. 2013) (citations omitted). An equally liberal standard governs the award of damages in common-law fraud cases, where New Jersey employs a "flexible" measure of damages. *McConkey v. Aon Corp.*, 804 A.2d 572, 588-89 (N.J. App. Div. 2002). Unlike the plaintiffs in GM's authorities, Plaintiffs will back up their request for lost-time damages with sufficient evidence. And incidental and consequential damages are available for Plaintiffs' implied-warranty claims, N.J. Stat. Ann. §§ 12A:2-714-715, and lost-time damages should thus be compensable. *See also Spring Motors Distribs., Inc. v. Ford Motor Co.*, 489 A.2d 660, 665 (N.J. 1985) (recovery may include "reasonable expenses incidental to the breach" and "[c]onsequential economic loss includes such indirect losses as lost profits").

## CC. New Mexico

### 1. Unjust enrichment is available.

New Mexico follows the general rule that unjust enrichment is not available where there is an express contract, but allows an exception based on certain equitable considerations: "A court of equity … is bound by a contract as the parties have made it and has no authority to substitute for it another and different agreement, and should afford relief only where obviously there is fraud, real

---

facts because the claims were for strict liability under the New Jersey Products Liability Act; moreover, the ruling was on summary judgment and based largely on evidence that not only was plaintiff's heart valve working correctly, but there apparently was not evidence of a widespread problem with the valves in general. *Id.* at 42.

hardship, oppression, mistake, unconscionable results, and the other grounds of righteousness, justice and morality." *Arena Res.*, *Inc. v. OBO*, *Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010). Particularly in light of GM's argument that despite its acknowledged fraud there should be no remedy, this case implicates the exception. The federal cases cited by GM, despite otherwise fulsome discussions, do not quite reach these issues, and in fact one of GM's cases (*Abraham v. WPX Energy Prods.*, *LLC*, 20 F. Supp. 3d 1244, 1270-1285 (D.N.M. 2014)), while finding unjust enrichment not appropriate in that case, was careful to state that New Mexico law was flexible on this issue.

### 2. Manifestation is not required.

GM cites no New Mexico cases (other than one that simply recites the elements of fraud).[62] Yet, in *Lohman v. Daimler-Chrysler Corp.*, 166 P.3d 1091, 1093 (N.M. Ct. App. 2007), the court sustained claims under New Mexico's consumer protection act, relying on benefit-of-the-bargain type arguments, where defective buckles had "a propensity to partially engage," though there was no evidence cited that all buckles had manifested the defect: "[T]he alleged defect in the TK-52 series buckles: (1) has deprived the owners of vehicles equipped with these buckles of the benefit of their original bargains as purchasers, (2) has caused or will cause a diminution in value, and/or (3) is likely to cause owners of such vehicles substantial costs associated with retrofitting/repair. An award of monetary damages may be premised upon such considerations. *See*, *e.g.*, *Hale v. Basin Motor Co.*, [] 795 P.2d 1006, 1011 ([N.M.] 1990) (holding, in a UPA case involving a vehicle, that the damages could be calculated by reference to the cost of repairs, as well as diminution in value if the repairs fail to restore the property to its original fair market value)." *Id.* at 1100. The same

---

[62] *Sauter v. St. Michael's College*, 374 P.2d 134, 138 (N.M. 1992).

principles apply to Plaintiffs' other claims. *See Register v. Roberson Constr. Co.*, 741 P.2d 1364, 1367-68 (N.M. 1987) (observing that either benefit-of-the-bargain or out-of-pocket losses may constitute appropriate measures of damages for fraud); *Badilla v. Wal-Mart Stores E. Inc.*, 357 P.3d 936, 941 (N.M. 2015) ("A breach of warranty occurs when tender of delivery is made….") (quoting N.M. Stat. Ann. § 55-2-725(2)).

3.    **Lost-time damages are available.**

GM relies on the proposition that plaintiffs must prove ascertainable losses, but its cases do not hold that benefit-of-the-bargain injuries do not "count" as ascertainable losses. *Cf. Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615 (D.N.M. 2007) (cited by GM) (declining to certify a class of purchasers of light cigarettes due to predominating individual issues, but not addressing lost time); N.M. Stat. Ann. § 57-12-10 (those suffering losses of money or property can sue for "actual damages or the sum of one hundred dollars ($100), whichever is greater"). Further, under common-law fraud (the consequential damages under which GM does not address),[63] lost time is compensable. *See Hale v. Basin Motor Co.*, 795 P.2d 1006, 1013 (N.M. 1990) (indicating court would have looked favorably toward a plaintiff's claim for "'lost paid vacation time' in the amount of $1,041.10 as 'damages or costs'" had the plaintiff raised it; "high among the factors motivating legislatures to enact laws such as we are considering today is the frustration experienced by consumers having to run around to straighten out unfair or deceptive trade practices"); *see also Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1223 (D N.M. 2011) ("because vacation time is personal property"). GM does not address Plaintiffs' implied-warranty claims, but "[f]or breach of warranty

---

[63] "Our case law provides, in the general sense, that a plaintiff alleging fraud may recover 'such damages as are the direct and natural consequences' of the reliance on a fraudulent representation." *Williams v. Stewart*, 112 P.3d 281, 290 (N.M. Ct. App. 2005).

the buyer may recover direct, incidental, and consequential damages.'" *Badilla*, 357 P.3d at 941-42

(quoting *Manouchehri v. Heim*, 941 P.2d 978 (N.M. Ct. App. 1997)).

## DD.    New York:  lost-time damages are available.

It is the law of this case that "most state courts"—including New York's—"construe their

consumer protection statutes to permit recovery beyond actual damages, including incidental and

consequential damages." *In re Gen. Motors*, 257 F. Supp. 3d at 399 (citing *Stutman v. Chem. Bank*,

731 N.E.2d 608, 612 (N.Y. 2000)).[64]  New York allows plaintiffs to recover "actual pecuniary loss"

in fraud actions which, in some cases, encompasses "loss[es] proximately resulting from the fraud."

*Cont'l Cas. Co. v. PricewaterhouseCoopers*, *LLP*, 933 N.E.2d 738, 742 (N.Y. 2010).  New York

law also recognizes lost time as a viable theory of damages in other tort contexts.  *See*, *e.g.*, *Arno v.*

*State*, 195 N.Y.S.2d 924, 929 (N.Y. Ct. Cl. 1960) (personal injury).  And New York law is clear that

"[d]amages for breach of warranty include consequential as well as incidental damages." *Emerald*

*Painting*, *Inc. v. PPG Indus.*, *Inc.*, 472 N.Y.S. 2d 485, 487 (N.Y. App. Div. 1984).

## EE.    North Carolina:  lost-time damages are available.

North Carolina courts interpret "actual injury" under the North Carolina Unfair and

Deceptive Trade Practices Act (UDTPA) to include such elements as loss of use, loss of appreciated

value, and "such other elements of damages as may be shown by the evidence."  *Poor v. Hill*, 530

S.E.2d 838, 848 (N.C. Ct. App. 2000) (citations omitted).  Damages are awarded liberally under the

UDTPA in order to "further the purpose of awarding damages, which is 'to restore the victim to his

---

[64] GM relies on *Goldberg v. Mallinckrodt*, *Inc.*, 792 F.2d 305, 309 (2d Cir. 1986), and *Williams v. Planet Motor Car*, *Inc.*, 738 N.Y.S.2d 170 (N.Y. Civ. Ct. 2001), among others.  Those cases are readily distinguishable.  For example, the Second Circuit's analysis in *Goldberg* related only to attorney's fees exceptions, and the court in *Williams* engaged in a lengthy discussion about how recovering the full cost of a car did not preclude other damages (such as repair costs) and dedicated only a passing reference to time, noting that "there is a real question as to whether loss of use is compensable" before denying plaintiff's claim for repair time not on the categorical unavailability of such damages but because the plaintiff had not proven it, *Williams*, 738 N.Y.S.2d at 177.

original condition, to give back to him that which was lost as far as it may be done by compensation in money.'"  *Id.* (citation omitted).   North Carolina courts further recognize that in tort actions, including actions for fraudulent concealment, "a plaintiff is 'entitled to recover an amount sufficient to compensate . . . for all pecuniary losses sustained . . . which are the natural and probable result of the wrongful act and which . . . are shown with reasonable certainty by the evidence.'"  *Champs Convenience Stores, Inc. v. United Chem. Co.*, 406 S.E.2d 856, 865 (N.C. 1991) (citation omitted) (alterations in original); *see also Leftwich v. Gaines*, 521 S.E.2d 717, 724 (N.C. Ct. App. 1999) (applying tort recovery principles to fraud-based action).   And North Carolina law expressly provides for recovery of "any incidental and consequential damages" in breach-of-warranty claims.   N.C. Gen. Stat. Ann. § 25-2-714(3); *see also Alberti v. Manufactured Homes, Inc.*, 407 S.E.2d 819, 826 (N.C. 1991).

**FF.    North Dakota:  lost-time damages are available.**

The North Dakota consumer fraud statute permits recover of "up to three times the actual damages proven."  N.D. Cent. Code § 51-15-09.   The North Dakota Supreme Court allows plaintiffs bringing tort actions for fraud or deceit to recover actual damages, i.e. "damage which is proximately caused by the specific misrepresentation or nondisclosure. . . ."  *Schneider v. Schaaf*, 603 N.W.2d 869, 875 (N.D. 1999) (citations omitted).   North Dakota law expressly provides for incidental and consequential damages related to breach of warranty claims.   N.D. Cent. Code §§ 41-02-94(1)-(2).

## GG.   Ohio

### 1.   Manifestation is not required for consumer-protection and implied-warranty claims.[65]

Manifestation is not required under Ohio's Consumer Sales Practices (CSPA) or Deceptive Trade Practices Act.  *See Blankenship v. CFMOTO Powersports, Inc.*, 944 N.E.2d 769, 772-74 (Ohio C.P. 2011) (in class case over a defective motorcycle braking system with claims under the CSPA and Ohio warranty law, court found allegation of monetary loss caused by defective brakes was sufficient).  As the court explained, because "the CSPA expressly provides recovery for economic injury…., the plaintiff[s] . . . need not allege an actual physical injury, but are instead required under the CSPA to allege some type of injury, whether economic or noneconomic…."  *Id.* (internal quotation marks and citations omitted).[66]  Likewise, manifestation is not required for implied warranty[67] because the Ohio U.C.C. provides that a cause of action "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge . . ." and that a breach of warranty occurs "when tender of delivery is made . . . ."  Ohio Rev. Code § 1302.98.[68]

---

[65] Plaintiffs concede manifestation is required for fraudulent concealment.

[66] *See also Blankenship v. CFMOTO Powersports, Inc.*, 961 N.E.2d 750, 761 (Ohio C.P. 2011); *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 832-33 (S.D. Ohio 2003) (allowing CSPA claims where "class members placed themselves at 'risk' of harm by purchasing the product," and alleged "every class member suffered harm because they paid for a product that differed from what it was represented to be, and thereby incurred a financial injury . . . .").

[67] In Ohio, Plaintiffs' warranty claim is pled as "Implied Warranty In Tort."  *See* Fifth Amended Consolidated Complaint, ¶¶ 5560-69.

[68] GM's cases do not help its argument.  In *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (Ohio 1984), the court stated the elements of fraud without discussion of whether manifestation is required to prove injury.  In *Felix v. Ganley Chevrolet, Inc.*, 49 N.E.3d 1224 (Ohio 2015), plaintiffs neither alleged nor proved actual damages, but the trial court certified a class and awarded statutory damages.  *Id.* at 1227, 1229.  Because the OCSPA does not allow statutory damages in class actions, but instead requires "[p]roof of actual damages," the court reversed the certification.  *Id.* at 1231-32.  Manifestation was not at issue.  *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 2005 WL 6778678 (N.D. Ohio Feb. 22, 2005), which relied on decisions from other jurisdictions "absent any indication that the Ohio and Illinois supreme courts would rule differently," *id.* at *12, predated *Blankenship*, which provided the statement of Ohio law the *Gentek* court lacked six years earlier.

##### 2.     Lost-time damages are available.

The CSPA allows plaintiffs to "recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages."  Ohio Rev. Code Ann. § 1345.09.  Moreover, "[t]he fundamental rule of the law of damages is that the injured party shall have compensation for all of the injuries sustained."  *Whitaker v. M.T. Auto., Inc.*, 855 N.E.2d 825, 830 (Ohio 2006).  The statute thus permits a broad range of recovery.  *See Williams v. Gray Guy Grp., L.L.C.*, 79 N.E.3d 1146, 1157 (Ohio Ct. App. 2016) (approving treble damages based on the fact that the family "spent considerable time and effort living outside of their home").[69]  And the Ohio U.C.C. allows the recovery of incidental and consequential damages.  Ohio Rev. Code Ann. § 1302.89.[70]

### HH.   Oklahoma:  lost-time damages are available.

The Oklahoma Consumer Protection provides for recover of "actual damages," Okla. Stat. tit. 15, § 761.1, which Oklahoma courts construe broadly to include consequential and incidental damages for loss of time.  *Brashears v. Sight 'N Sound Appliance Ctrs., Inc.*, 981 P.2d 1270 (Okla. Civ. App. 1999) (collecting cases); *see also Salmon v. CRST Expedited, Inc.*, 2015 WL 1395237, at *8 (N.D. Okla. Mar. 25, 2015) (acknowledging that "loss of time could be [a] compensable element[] of damages under the OCPA").  Plaintiffs who successfully allege fraud-based claims under

---

[69] *See also Blankenship*, 944 N.E.2d at 773 ("The CSPA is designed to assure that consumers will recover 'any damages' caused by deceptive acts or practices.  All forms of compensatory relief are allowed.").

[70] Ohio courts interpret the scope of these damages liberally.  "A party injured by a breach of contract is entitled to recover indirect costs, such as overhead, when it incurs such costs "as a result of the breach."  *World Metals, Inc. v. AGA Gas, Inc.*, 755 N.E.2d 434, 438 (Ohio Ct. App. 2001) (finding that the plaintiff was entitled to recovery of costs of "divert[ing] its own time and resources from other projects to correct the deficiencies created by [the defendant's] breach") (quoting *S & D Mech. Contractors, Inc. v. Enting Water Conditioning Sys., Inc.*, 593 N.E.2d 354, 361-62 (1991)).  *See also Grovedale Feed Co. v. Corron*, 155 N.E.2d 291, 295 (Ohio Mun. Ct. 1957) (allowing labor and material costs where the "special damage to the defendant resulted naturally and proximately from the breach of plaintiff's warranty, or may be reasonably supposed to have been in the contemplation of both parties at the time they made the contract").

Oklahoma law are entitled to damages that are "the natural and probable result of the fraudulent inducement." *LeFlore v. Reflections of Tulsa, Inc.*, 708 P.2d 1068, 1077 (Okla. 1985). And Oklahoma law expressly provides for recovery of "any incidental and consequential damages" with respect to breach of warranty claims. Okla. Stat. tit. 12A, § 2-714; *id.* § 2-715.

## II.     Oregon

### 1.     Unjust enrichment is available.

Oregon courts have "frequently held that a plaintiff may plead alternatively on an express contract and in quantum meruit, and that the plaintiff cannot be required to elect upon which theory plaintiff will rely." *Kashmir Corp. v. Patterson*, 616 P.2d 468, 469 (Or. 1980) (citation omitted). And even when there is a contract covering the subject matter at issue, unjust enrichment is allowed when the contract was procured through fraud. *Larisa's Home Care, LLC v. Nichols-Shields*, 404 P.3d 912, 921 (Or. 2017) (permitting recovery for unjust enrichment despite the existence of a valid contract where contract was induced by fraud and false representations). GM ignores both the rule allowing alternative claims and the fraud exception.

### 2.     Manifestation is not required.

The parties have not identified any cases applying Oregon law addressing manifestation in connection with claims under Oregon's Unlawful Trade Practices Act (UTPA) and common-law fraud. Given that manifestation is not an element of either of these claims,[71] GM offers no good reason for the Court to impose such a requirement—especially where, as here, the claims are brought under a benefit-of-the-bargain theory.

---

[71] *See* Or. Rev. Stat. Ann. § 646.638 (UTPA plaintiff must show "ascertainable loss" due to UTPA violation); *U.S. Nat'l Bank of Oregon v. Fought*, 630 P.2d 337, 338 (Or. 1981) (fraud plaintiff must show "consequent and proximate injury[;]" no statement that injury requires manifestation).

### 3.    Lost-time damages are available for consumer-protection claims.[72]

The UTPA permits the recovery of "actual damages or statutory damages of $200, whichever is greater" by "a person that suffers an ascertainable loss of money or property, real or personal." Or. Rev. Stat. Ann. § 646.638.  As in other states, lost-time damages are available under the UTPA upon proper proof that they are "actual damages."[73]

## JJ.    Pennsylvania:  lost-time damages are available.

Courts applying Pennsylvania law interpret the "actual damages" language under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") "as providing a penalty that is to be meted liberally, and is to include reasonable consequential damages."  *In re Bryant*, 111 B.R. 474, 479 (E.D. Pa. 1990); *see also Young v. Dart*, 630 A.2d 22, 23 (Pa. Super. Ct. 1993) (affirming award of incidental and consequential damages under UTPCPL).  Pennsylvania law further provides for consequential damages for fraud-based claims, *see*, *e.g.*, *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1190 (Pa. Super. Ct. 2005), and that such consequential damages may include damages for lost time, *see*, *e.g.*, *NGT Telecomms.*, *Inc. v. Int'l Business Machs.*, *Inc.*, 2000 WL 562745, at *7 (E.D. Pa. May 8, 2000) (denying defendants' motion for summary judgment with respect to plaintiff's claim for lost-time damages in fraudulent-misrepresentation action).  And courts applying Pennsylvania law have held that "[u]nder 'special circumstances,' a plaintiff may also obtain proximate damages for incidental and consequential expenses resulting from the breach of

---

[72] Plaintiffs concede that lost-time damages are not available for fraudulent concealment.

[73] In *Hedrick v. Spear*, 907 P.2d 1123, 1125 (Or. Ct. App. 1995), the court stated that lost time while pursuing remedies for a violation of the UTPA "is not the type of loss intended to be recoverable in a claim for unlawful trade practices[.]"  But *Hedrick* turned on the fact that the lost time was to attend the trial, and not to remedy the underlying issue.

implied warranty." *Byrne v. Gen. Elec.*, 2011 WL 3359708, at *7 (E.D. Pa. Aug. 3, 2011) (citations omitted).

## KK.   Rhode Island

### 1.      Unjust enrichment is available.

In *South Cnty. Post & Beam*, *Inc. v. McMahon*, 116 A.3d 204, 214 (R.I. 2015), the Rhode Island Supreme Court upheld the trial court's unjust enrichment /quantum merit verdict, and affirmed that unjust enrichment "do[es] not include a requirement that the proponent of the claim prove that it lacks an adequate remedy at law." *Id.* Nor does Rhode Island preclude unjust enrichment claims based on the existence of a contract. *See Process Eng'rs & Constructors*, *Inc. v. DiGregorio*, *Inc.*, 93 A.3d 1047, 1049 (R.I. 2014) (allowing a quasi-contract claim even though "[a] series of contracts and subcontracts set the stage for this dispute"). That there were several contracts—and provisions covering additional work and change orders—was not a bar to the quasi-contractual theory of recovery.[74]

### 2.      Manifestation is not required.

Although there are no Rhode Island cases directly addressing manifestation, Rhode Island rejects the economic loss rule in consumer transactions. *See Rousseau v. K. N. Constr.*, *Inc.*, 727 A.2d 190, 193 (R.I. 1999) ("economic loss doctrine is not applicable to consumer transactions"). Given that Rhode Island law permits actions for purely economic loss in negligence cases, it likely

---

[74] GM's cases are distinguishable.  In *Nash v. GMAC Mortg.*, *LLC*, 2011 WL 2470645 (D.R.I. May 18, 2011), there was not only a written contract governing the relationship between the parties, but the plaintiff's theory of unjust enrichment was predicated on the terms of that contract (a mortgage modification agreement). *Mehan v. Gershkoff*, 230 A.2d 867 (R.I. 1967), is not only distinguishable on its facts, which involved an attempt to plead around a contract the claimant had defaulted on and abandoned, it is also out of step with more recent decisions. *See Hasbro*, *Inc. v. Mikohn Gaming Corp.*, 2006 WL 2035501 (D.R.I. July 18, 2006) (distinguishing *Mehan* and noting more recent Rhode Island decisions permitting alternate claims for breach of contract and unjust enrichment); *Richmond Square Capital Corp. v. Ins. House*, 744 A.2d 401 (R.I. 1999) (cited by *Hasbro*, approving verdict in trial on alternate theories of breach of contract and unjust enrichment where jury found no breach of contract but awarded damages for unjust enrichment).

- 42 -

would allow such actions for fraudulent concealment (or "intentional deceit"), and for violations of Rhode Island's Deceptive Trade Practices Act (DTPA).   Manifestation is not required for warranty claims because Rhode Island follows the U.C.C. rule that warranty causes of action accrue at the time of delivery.  R.I. Gen. Laws § 6A-2-725(2).[75]

### 3.      Lost-time damages are available.

The DTPA provides that "[a]ny person who … suffers any ascertainable loss of money or property" may recover "actual damages or two hundred dollars ($200), whichever is greater."  R.I. Gen. Laws § 6-13.1-5.2.  "The DTPA is a remedial act and it should be liberally construed."  *Long v. Dell, Inc.*, 984 A.2d 1074, 1081 (R.I. 2009).  Lost-time damages, then, are an available DTPA remedy if the proof establishes it as an ascertainable loss—and GM cited no cases to the contrary. Further, GM provided no Rhode Island authority for the proposition that lost-time damages are not available in fraud cases—and indeed there is no reason why they should not be upon proper proof that foreseeably flow from the fraud.  *See generally Guzman v. Jan-Pro Cleaning Sys., Inc.*, 839 A.2d 504, 508 (R.I. 2003) (setting forth fraud elements).  And lost-time damages are available for implied-warranty claims given the Rhode Island U.C.C.'s broad allowance of incidental and consequential damages.  R.I. Gen. Laws §§ 6A-2-714, 6A-2-715.

## LL.   South Carolina

### 1.      Unjust enrichment is available.

South Carolina permits quasi-contract claims even when there is a contract between the parties.  *Earthscapes Unlimited, Inc. v. Ulbrich*, 703 S.E.2d 221, 225 (S.C. 2010), for example, was a construction dispute in which there was an express oral contract.  The court upheld the trial court's

---

[75] *See also Gail Frances, Inc. v. Alaska Diesel Elec., Inc.*, 62 F. Supp. 2d 511, 517 (D.R.I. 1999) ("[A] cause of action for breach of implied warranty accrues when tender of delivery is made.").

award on a theory of *quantum meruit* where there was a contract between the two parties but the plaintiff "chose the theory of *quantum meruit* as an alternate remedy." *Id.* at 225 n.4. *See also Ellsworth v. Infor Glob. Sols. (Mich.), Inc.*, 2012 WL 6641648, at *6 (D.S.C. Dec. 20, 2012) ("One may assert a claim of quantum meruit as an alternative remedy even though an express contract is found to exist.").

> **2.    Manifestation is required (parties agree).**

> **3.    Lost-time damages are available.**

Plaintiffs may recover lost-time damages upon proper proof as special or consequential damages.  The UTPA allows for the recovery of "actual damages."  S.C. Code § 39-5-140(a).  "Actual damages under the UTPA include special or consequential damages that are a natural and proximate result of deceptive conduct."  *Global Prot. Corp. v. Halbersberg*, 503 S.E.2d 483, 488 (S.C. Ct. App. 1998) (citing *Taylor v. Medenica*, 479 S.E.2d 35 (S.C. 1996)).  South Carolina allows special or consequential damages in fraud cases.  *Lawson v. Citizens & S. Nat'l Bank*, 180 S.E.2d 206, 209 (S.C. 1971).  Finally, under South Carolina's U.C.C., incidental and consequential damages are permitted.  S.C. Code §§ 36-2-714, 36-2-715.

**MM.   South Dakota**

> **1.    Manifestation is not required.**

Although there are no state appellate decisions on point, federal courts applying South Dakota law have found that manifestation is not required for common law and consumer-fraud claims.  In *Nw. Pub. Serv. v. Union Carbide Corp.*, 236 F. Supp. 2d 966, 968 (D.S.D. 2002), plaintiffs sued over defective pipes that were "subject to premature failure" and therefore needed replacing even though not all of the pipe had actually failed.  The court found that the allegations were sufficient to allow plaintiff's deceit and Deceptive Trade Practices and Consumer Protection

(DTPCP) claims to proceed.[76]  And in *Nw. Pub. Serv. v. Union Carbide Corp.*, 115 F. Supp. 2d 1164, 1170 (D.S.D. 2000), the court examined whether the economic loss rule applied to fraud claims, including DTPCP claims.  In reaching its decision, the court examined the historical development of the economic loss rule, and held that "the South Dakota Supreme Court seems more likely to hold that the economic loss doctrine does not bar fraud claims which concern the quality or characteristics of goods sold under a contract."  *Id.*[77]    Finally, under the South Dakota U.C.C., "[a] breach of warranty occurs when tender of delivery is made."  S.D. Codified Laws § 57A-2-725.  Manifestation, then, cannot logically be required.

### 2. Lost-time damages are available.

South Dakota's Consumer Protection law allows the recovery of "actual damages suffered as a result of such act or practice."  S.D. Codified Laws § 37-24-31.  In *Wyman v. Terry Schulte Chevrolet*, 584 N.W.2d 103, 107 n.2 (S.D. 1998), the court cited with approval 22 Am. Jur. 2d *Damages*, § 24 (1988), and noted that "actual damages" is sometimes used synonymously with the term "compensatory damages."  Compensatory damages include "all loss recoverable as a matter of right and includes all damages (beyond nominal damages) other than punitive or exemplary damages."  Damages in fraud (or deceit) actions are governed by a statute providing that "where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, … the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant."  S.D. Codified Laws § 21-3-2.  Hence, lost-time damages are available on proper proof.

---

[76]  The court dismissed implied-warranty claims on the ground that the claims arose when the pipes were delivered under the U.C.C., and the statute of limitations had already run.  *Id.* at 974-5.  As in other states, the fact that the cause of action accrues on delivery runs contrary to the idea that manifestation is required.

[77]  GM relies upon a contrary state trial court decision in *BP Painting*, *Inc. v. DaimlerChrysler Corp.*, 2003 WL 26134396 (S.D. Cir. Ct. Mar. 27, 2003).  Not only does *BP Painting* lack precedential value, but that decision depends almost exclusively upon a North Dakota decision without providing meaningful analysis of relevant South Dakota authorities.

And damages for warranty breaches may include "incidental and consequential damages."  S.D.

Codified Laws §§ 57A-2-714(2), 57A-2-715.

## NN.    Tennessee

### 1.    Manifestation is not required.

Manifestation is not an element of any of Plaintiffs' claims under Tennessee law.  The

Tennessee Consumer Protection Act (CPA) broadly provides a cause of action for "[a]ny person

who suffers an *ascertainable loss* of money or... any other article, commodity, or thing of value..."

Tenn. Code § 47-18-109(a)(1) (emphasis added).  As GM's own authority makes clear,

"ascertainable losses include losses that would not be [] cognizable at common law," and includes

any "deprivation, detriment, or injury that is capable of being discovered, observed, or established."

*See Discover Bank v. Morgan*, 363 S.W.3d 479, 495 (Tenn. 2012).  Neither the CPA statute, nor

logic, nor any of GM's Tennessee cases imposes a manifestation requirement, and nor should this

Court.  GM's common-law fraud case, *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 40 (Tenn. Ct.

App. 2006), says only that a plaintiff must show "injury," but does not limit the type that is

compensable.

### 2.    Lost-time damages are available.

The CPA provides that "[a]ny person who suffers an ascertainable loss of money or property

... or any other article, commodity, or thing of value" as a result of a violation of the CPA may

"recover actual damages." Tenn. Code § 47-18-109.  Under this broad definition, lost-time damages

are recoverable upon proper proof.  GM's cases, stating general propositions such as the need for

"ascertainable loss," are inapposite because they fail to account for the proof of time-loss damage

Plaintiffs will offer.  In common-law fraud cases, Tennessee courts award "all damages which are

not remote or speculative but which are proved to be a reasonable certainty." *Haynes v. Cumberland Builders*, *Inc.*, 546 S.W.2d 228, 233 (Tenn. Ct. App. 1976).

**OO.   Utah:  Lost-time damages are available.**[78]

Utah's Consumer Sales Practices Act (CSPA) permits consumers to recover "actual damages or $2,000, whichever is greater . . . ." Utah Code § 13-11-19(2).[79]  Although neither the statute nor Utah's scant case law defines "actual damages" in this context, the term should encompass lost-time damages given the availability of incidental and consequential damages in fraud and warranty cases.[80]  In fraud cases, Utah applies the benefit-of-the-bargain rule, but also allows the "defrauded party [to] recover any additional damages which are a natural and proximate consequence of the defendant's misrepresentations." *Dugan v. Jones*, 615 P.2d 1239, 1250 (Utah 1980) (citing cases).  Utah's U.C.C. also allows incidental and consequential damages for breach of warranty claims.  Utah Code §§ 70A-2-714 and 715.  Lost-time damages are available for violations of the CSPA (as well as fraud and breach of warranty) with sufficient proof.

**PP.   Vermont**

**1.      Manifestation is not required.**

Once again, Manifestation is not an element of any of Plaintiffs' claims.   Vermont's Consumer Fraud Act (CFA) broadly creates a claim for a plaintiff "who contracts for goods or services in reliance upon false or fraudulent representations" or  "who sustains damages or injury as

---

[78] Plaintiffs have conceded that manifestation is required in Utah.

[79]  The CSPA purports to bar the award of damages (as opposed to injunctive relief) in class cases.  Again, Plaintiffs will address this argument at the appropriate time, as it is inconsistent with *Shady Grove*, 559 U.S. 393. Moreover, the CSPA expressly permits class actions for declaratory or injunctive relief.  Utah Code § 13-11-19(3).

[80] GM has not cited any Utah cases, but asserts that Utah would follow the purported "majority rule," citing C.J.S. and American Jurisprudence articles and federal decisions from the Second Circuit and New York.

a result of any false or fraudulent representation or practices" prohibited by the CFA. Vt. Stat. tit. 9,

§ 2461(b). Nor is manifestation an element of common-law fraud in Vermont.[81]

### 2.    Lost-time damages are available.

The CFA allows for broad recovery of "the amount of his or her damages, or the consideration or the value of the consideration given by the consumer, reasonable attorney's fees, and exemplary damages . . . ." Vt. Stat. tit. 9, § 2461. Likewise, in common-law fraud cases, Vermont courts have "adopted a flexible approach to calculating damages…. [I]t is within the trial court's discretion to determine the best measure of damages to compensate the injured party." *Jensvold v. Town & Country Motors*, 649 A.2d 1037, 1041 (Vt. 1994) (internal citations omitted).[82]

### QQ.   Virginia:  lost-time damages are available.

Virginia courts recognize that the Virginia Consumer Protection Act "is remedial in nature and should be 'construed liberally, so as to suppress the mischief and advance the remedy in accordance with the legislature's intended purpose.'" *Kieft v. Becker*, 2002 WL 481249, at *4 (Va. Cir. Ct. Jan. 31, 2002) (citation omitted). Consequently, Virginia courts, like "most state courts" are likely to "construe their consumer protection statute[] to permit recovery beyond actual damages, including incidental and consequential damages." *In re Gen. Motors*, 257 F. Supp. 3d at 399. This is especially so because Virginia allows for loss-of-time damages in tort actions. *See, e.g.*, *Reynolds v. Pionear, LLC*, 2016 WL 1248866, at *7 (E.D. Va. Mar. 25, 2016) (denying motion to dismiss plaintiff's defamation claim where plaintiff plausibly alleged damages including damages for loss of time). With respect to fraudulent-concealment claims, the Virginia Supreme Court has held that

---

[81] GM cites a single Vermont case, *Union Bank v. Jones*, 411 A.2d 1338, 1342 (Vt. 1980), for the proposition that the elements of fraud include "damage," but does not state that manifestation is required in order to prove damage.

[82] GM cites only a CJS article and New York Federal District Court opinion, and ignores Vermont authorities altogether.

a plaintiff may recover "prove[n] damages which are caused by his detrimental reliance on a defendant's material misrepresentation" and thus has not prohibited recovery of incidental or consequential damages. *Murray v. Hadid*, 385 S.E.2d 898, 903 (Va. 1989). And Virginia allows incidental and consequential damages for implied-warranty claims as a matter of statutory law. Va. Code §§ 8.2-714, 8.2-715.

**RR.     Washington**

**1.     Manifestation is not required.**

Manifestation is not required under Washington law. *Carideo v. Dell*, *Inc*., 706 F. Supp. 2d 1122, 1133 (W.D. Wash. 2010), involved claims by a class of computer purchasers that "but for Dell's failure to disclose [defects] they would not have purchased their computers at the price paid." The allegations that the computers had inadequate cooling systems and power supplies that ***could*** fail prematurely stated fraudulent-concealment and Consumer Protection Act (CPA) claims, though there was no suggestion that every unit had actually failed. *Id.* at 1134-35.[83]

**2.     Lost-time damages are available.**

Washington's pattern jury instruction under the CPA specifically allows lost-time damages:

> [Injuries to business or property, if any, include: [financial loss] [loss of professional business reputation] [loss of goodwill] [difficulty in securing a loan or other credit] [time away from work] [(insert other applicable type of injury to business or property)] [inability to tend to business establishment].[84]

---

[83] The authorities GM cites do not advance its position. It cites the CPA, Wash. Rev. Code § 19.86.090, and a handful of cases for the general proposition that a plaintiff needs to prove "actual damages" in fraud and consumer fraud cases. But GM's authorities do not state or imply that "actual damages" require proof of manifestation where, as here, Plaintiffs will offer proof that they have been damaged regardless of whether the defect has manifested.

[84] 25 Wash. Prac., Contract Law And Practice § 18:310.06 (Injury in Consumer Protection Act Claim) (3d ed. 2017).

The Comment on the pattern instruction further explains that "'Injury' includes the costs of investigation, and the time needed to conduct that investigation, in response to a defendant's misleading communication . . . ." *Id.* (WPI Committee Comment) (citing cases).  In fraud cases, in addition to benefit-of-the-bargain damages, claimants are "entitled to recover damages for losses proximately caused by the defendant's fraud." *Salter v. Heiser*, 239 P.2d 327, 331 (Wash. 1951). *See also Turner v. Enders*, 552 P.2d 694, 697 (Wash. Ct. App. 1976) (same, citing *Salter*).[85]

## SS.   **West Virginia**

### 1.     **Unjust enrichment is available.**

West Virginia courts permit quasi-contractual claims when there is fraud or similar circumstances.  "[P]roperty which is the subject of an unjust enrichment claim must have been acquired by means of fraud or other similar circumstances which negate the property holder's continued retention of the subject property." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 578 (W. Va. 2013) (citing *Annon v. Lucas*, 185 S.E.2d 343, 352 (W. Va. 1971) ("recognizing that relief for unjust enrichment is provided where 'property which has been acquired by fraud, or ... it is against equity that it should be retained by the person holding it'")).[86]

### 2.     **Manifestation is not required.**

West Virginia's Consumer Credit and Protection Act (CCPA) provides that "any person who purchases or leases goods or services and thereby suffers an ascertainable loss of money or property, real or personal … [may] recover actual damages or $200, whichever is greater."  W. Va. Code §

---

[85] GM's authorities simply recognize that plaintiffs must offer sufficient proof of lost time in order for it to be compensable.  Plaintiffs will do that; and GM cannot justify dismissal on the pleadings based on its assumption that the proof will be inadequate.

[86] GM's cases do not address the fraud exception, and therefore are not dispositive.  Moreover, GM cites *Perrine v. E.I. DuPont de Nemours & Co.*, 2004 WL 5497219 (W. Va. Cir. Ct. 2004), which is a defendant's memorandum in support of a motion for judgment as a matter of law; the motion was denied. *See Perrine v. E.I. DuPont de Nemours & Co.*, 2008 WL 8920162 (W. Va. Cir. Ct. 2008).

46A-6-106.  Overpayment based on actionable concealment is sufficient to show "ascertainable loss."  *Midwestern Midget Football Club, Inc. v. Riddell, Inc.*, 2016 WL 3406129, at *6 (S.D. W. Va. June 17, 2016), upheld a claim under the CCPA that Riddell misrepresented its helmets' ability to prevent concussions.  Although there were no allegations about resulting injuries, the court found the plaintiff "suffered a loss when it purchased Revolution Helmets at an inflated price—relying on Riddell's safety claims—instead of purchasing the lower-priced traditional helmets that were not represented as having the enhanced concussion protection."  *Id.*[87]  Under West Virginia's U.C.C., a warranty "cause of action accrues when the breach occurs."  W. Va. Code § 46-2-725.

### 3.     Lost-time damages are available for fraudulent-concealment and implied-warranty claims.[88]

Lost-time damages are available under plaintiffs' fraud and implied-warranty theories.  "Generally, in an action grounded in tort, a prevailing plaintiff may recover compensatory damages for, among other things, expenses actually incurred in repairing or redressing the injury occasioned by the defendant's conduct and sums necessary to compensate the plaintiff for his/her injuries . . . resulting from the defendant's tortious behavior....  Furthermore, '[i]t is axiomatic that the plaintiff's measure of damages in a cause of action in fraud would be *any injury* incurred as a result of the defendant's fraudulent conduct.'  *Persinger v. Peabody Coal Co.*, 474 S.E.2d 887, 899 (1996) (emphasis added)."  *Kessel v. Leavitt*, 511 S.E.2d 720, 812 (W. Va. 1998).[89]  In addition, West

---

[87] GM cites *Belville v. Ford Motor Co.*, 13 F. Supp. 3d 528 (S.D. W. Va. 2014), and *Belville v. Ford Motor Co.*, 60 F. Supp. 3d 690 (S.D. W. Va. 2014), but both of those cases involved allegations of diminished value, not overpayment at the time of sale.

[88] Plaintiffs concede lost-time damages are not available under the CCPA.

[89] GM cites *Cook v. Cook*, 607 S.E.2d 458 (W. Va. 2004), but that case is distinguishable because it dealt with the loss of *future* earnings as the result of personal injury.  *Id.* at 469-70.  Moreover, the portion it cites is from the concurring, and not the majority opinion.  *Id.*

Virginia has adopted standard U.C.C. language allowing for "incidental and consequential damages."  W. Va. Code § 46-2-715.

**TT.    Wisconsin:  lost-time damages are available.**

It is the law of this case that "most state courts"—including those in Wisconsin—"construe their consumer protection statutes to permit recovery beyond actual damages, including incidental and consequential damages."  *In re Gen. Motors*, 257 F. Supp. 3d at 399 (citing *Jersild v. Aker*, 775 F. Supp. 1198, 1206 (E.D. Wisc. 1991)).  The Wisconsin Supreme Court has specifically held that plaintiffs in tort actions "may recover damages for . . . lost time" where there is "proof . . . to a reasonable certainty."  *Burlison v. Janssen*, 141 N.W.2d 274, 279 (Wis. 1966); *see also Gyldenvand v. Schroeder*, 280 N.W.2d 235, 239 (Wis. 1979) (plaintiffs in fraud actions "may recover such consequential or special damages as [they are] able to prove with reasonable certainty").  And Wisconsin law expressly provides for recovery of "any incidental and consequential damages" with respect to breach of warranty claims.  Wis. Stat. § 402.714; *id.* at § 402.715.

**UU.    Wyoming**

**1.    Manifestation is not required for implied-warranty claims.**[90]

Wyoming has adopted the U.C.C. provision stating that a cause of action accrues at the time of delivery.  Wyo. Stat. Ann. § 34.1-2-725.  Requiring manifestation is inconsistent with the notion that accrual occurs at the time of delivery.[91]

**2.    Lost-time damages are available.**

Wyoming's CPA provides for the recovery of "damages actually suffered as a … result of" a violation.  Wyo. Stat. Ann. § 40-12-108.  Lost-time damages resulting from wrongful conduct

---

[90] Plaintiffs concede that manifestation is required for their CPA and fraud claims.

[91] GM's authorities do not address the time of accrual under the U.C.C.

under the CPA should be compensable, and GM cited no case law to the contrary. "In tort cases, the measure of damages is the amount which will compensate a claimant for *all* the detriment proximately caused by the tort-feasors's breach of duty. *Hagar v. Mobley*, Wyo., 638 P.2d 127, 139 (1981)." *Atlas Constr. Co. v. Slater*, 746 P.2d 352, 359 (Wyo. 1987) (permitting rental expenses as an element of damages). There is no reason to believe that Wyoming would treat intentional fraud damages differently. And Wyoming has adopted standard U.C.C. provisions stating that the measure of damages breach of warranty may include incidental and consequential damages. Wyo. Stat. Ann. § 34.1-2-715.

## III.    CONCLUSION

This Court's prior rulings on Order No. 131 issues, coupled with binding or persuasive authorities in the remaining jurisdictions, resoundingly demonstrate that almost all of Plaintiffs' consumer fraud, common-law fraud, and implied-warranty claims survive, in addition to unjust enrichment claims in select jurisdictions.


DATED: February 22, 2018              HAGENS BERMAN SOBOL SHAPIRO LLP

                                      By: _____*/s/ Steve W. Berman*_____
                                            Steve W. Berman
                                      *steve@hbsslaw.com*
                                      Sean R. Matt
                                      *sean@hbsslaw.com*
                                      Andrew M. Volk
                                      *andrew@hbsslaw.com*
                                      1918 Eighth Avenue, Suite 3300
                                      Seattle, WA  98101
                                      Telephone:  (206) 623-7292
                                      Facsimile:  (206) 623-0594

DATED: February 22, 2018                     LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

                                             By: _____ */s/ Elizabeth J. Cabraser*_____
                                                     Elizabeth J. Cabraser
                                             *ecabraser@lchb.com*
                                             Steven E. Fineman
                                             *sfineman@lchb.com*
                                             Rachel Geman
                                             *rgeman@lchb.com*
                                             Annika K. Martin
                                             *akmartin@lchb.com*
                                             275 Battery St., 29th Floor
                                             San Francisco, CA 94111
                                             Telephone:  (415) 956-1000
                                             Facsimile:  (415) 956-1008

                                             *Co-Lead Counsel with Primary Focus on Economic
                                             Loss Cases*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on February 22, 2018, which will send notification of such filing to the e-mail addresses registered.

*/s/ Steve W. Berman*
Steve W. Berman

010440-11 1016961 V1