UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

------------------------------------------------------------------

14-MD-2543 (JMF)
14-MC-2543 (JMF)

Hon. Jesse M. Furman

*This Notice Applies To Certain Plaintiffs In The Following Cases*:

14-MD-02543; 14-MC-02543; 14-CV-06924; 15-CV-01354; 15-CV-05222; 15-CV-05528; 16-CV-06828; 16-CV-06833; 17-CV-01050; 18-CV-01984; 18-CV-02991

### GENERAL MOTORS LLC'S NOTICE OF
### 13 PRE-SALE PLAINTIFFS WHOSE CLAIMS ARE BARRED BY
### INDIANA, TENNESSEE, OR TEXAS STATE STATUTES OF REPOSE

Pursuant to Order No. 148 (Docket No. 5366), New GM files this notice identifying 13 pre-Sale plaintiffs whose claims are barred as a matter of law by Indiana, Tennessee, or Texas state statutes of repose.[1]

Indiana's product liability statute of repose is ten years and commences with "the delivery of the product to the initial user or consumer." Ind. Code Ann. § 34-20-3-1; *see Pina v. Chrysler Group, L.L.C.*, 2014 WL 4112918, at *1 (E.D. Mich. Aug. 19, 2014), *aff'd sub nom. Pina v. FCA U.S. LLC*, 618 F. App'x 820 (6th Cir. 2015) (finding that Indiana's statute of repose barred the plaintiff's products liability claim where the action was filed "in 2014, more than ten years after the Jeep was first sold in 1999."). If the cause of action accrues between years eight and ten, however, then two additional years are added and start running from date the action accrued. *See* Ind. Code Ann. § 34-20-3-1. Because the Indiana plaintiffs listed below in Section A did not file

---

[1] This Notice reflects New GM's analysis of these claims based on reasonably available information. New GM's review of cases is ongoing, including of cases that have recently been filed or transferred into MDL 2543. New GM expressly reserves the right to modify or supplement these lists, or to file additional notices, if it becomes aware of additional cases that also merit dismissal.

their claims within the repose period prescribed by Indiana law, each of their claims should be dismissed as time-barred.[2]

The Tennessee Products Liability Act of 1978 ("TPLA") broadly defines a "product liability action" as including "all actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; *or under any other substantive legal theory in tort or contract whatsoever.*" Tenn. Code Ann. § 29-28-102(6) (emphasis added). TPLA's statute of repose bars all product liability actions that are not commenced within ten years from the date the product was first "purchased for use or consumption," regardless of when the injury or accident occurred. *See* Tenn. Code Ann. § 29-28-103. The Tennessee plaintiffs listed below in Section B did not file their claims within ten years of the time their vehicles were first "purchased for use or consumption" as defined under Tennessee law. Accordingly, each of their product liability claims is time-barred and should be dismissed.

Texas' product liability statute of repose expires "15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem. Code Ann. § 16.012; *see Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 735 (5th Cir. 2017) ("The statute of repose begins running when the product is first sold by the manufacturer."); *see also Hagan v. Mazda Motor Co. of Am., Inc.*, 690 F. App'x 242, 243 (5th Cir. 2017) (dismissing claim for injuries sustained when the airbags in the plaintiff's Mazda vehicle spontaneously deployed because the Texas statute of repose had expired). Because the Texas plaintiffs listed below in Section C failed to file their claims within

---

[2] The lists below are organized alphabetically, first by the firm name of plaintiff's counsel and then by the case name.

2

fifteen years "after the date of the sale of the product by the defendant," their claims should be dismissed.

A. **Indiana Plaintiffs**

| | Plaintiff Last Name | Plaintiff First Name | Plaintiff's Counsel | Case | Vehicle | Incident State | Date of Delivery to the Initial Consumer/ User | Date Complaint Filed |
|---|---|---|---|---|---|---|---|---|
| 1 | Lynch | Patricia | Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys | Adams, et al. v. General Motors LLC; 1:15-cv-05528[3] | 2005 Chevrolet Cobalt | IN | 12/31/2004 | 7/16/2015 |
| 2 | Schaefer | Rachel | Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys | Adams, et al. v. General Motors LLC; 1:15-cv-05528 | 2005 Chevrolet Cobalt | IN | 4/12/2005 | 7/16/2015 |
| 3 | Reinsch | Tom | Shartzer Law Firm, LLC | Reinsch v. General Motors LLC; 1:16-cv-06833 | 2000 Pontiac Grand Am | IN | 5/13/2000 | 6/3/2016 |

---

[3] The *Adams* Complaint alleges only that New GM is liable in connection with vehicle owners' failure to file proofs of claim in the Old GM bankruptcy case. (*Adams* Compl. ¶¶ 38-57, Case No. 1:15-cv-05528, Docket No. 1.) The Bankruptcy Court already ruled that these claims "are barred and enjoined by the Sale Order, April Decision and June Judgment, and shall not be asserted against New GM." (Dec. 4, 2015 Bankr. Judgment, ¶ 24, Docket No. 13563.) While the *Adams* Complaint does not plead personal injury claims, New GM includes these claimants on this notice as independent additional reasons why the claims should be dismissed.

B.    **Tennessee Plaintiffs**

| | Plaintiff Last Name | Plaintiff First Name | Plaintiff's Counsel | Case | Vehicle | Incident State | Date of First Purchase/ Lease/ Rental | Date Complaint Filed |
|---|---|---|---|---|---|---|---|---|
| 1 | Prewitt | Vernice | Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys | Adams, et al. v. General Motors LLC; 1:15-cv-05528 | 2004 Pontiac Grand Prix | TN | 2/5/2004 | 7/16/2015 |
| 2 | Bendermon | Tony | Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys | Bendermon, et al. v. General Motors LLC; 1:15-cv-01354 | 2005 Chevrolet Malibu | TN | 10/5/2004 | 2/24/2015 |
| 3 | Bendermon | Athena (IARE Tony Bendermon) | Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys | Bendermon, et al. v. General Motors LLC; 1:15-cv-01354 | 2005 Chevrolet Malibu | TN | 10/5/2004 | 2/24/2015 |
| 4 | Goad | Lisa | Hilliard Muñoz Gonzales LLP; Thomas J. Henry Injury Attorneys | Edwards, et al. v. General Motors LLC; 1:14-cv-06924 | 2001 Chevrolet Impala | TN | 11/21/2000 | 8/25/2014 |
| 5 | Tittle | James | Langdon & Emison | Tittle v. General Motors LLC; 1:18-cv-01984 | 2005 Chevrolet Cobalt | TN | 7/9/2005 | 3/5/2018 |
| 6 | Whatley | Susan Michelle | Langdon & Emison | Whatley v. General Motors LLC; 1:18-cv-02991 | 2005 Chevrolet Cobalt | TN | 7/9/2005 | 4/4/2018 |
| 7 | Buttrey | Connie (OBO Clara Buttrey) | The Potts Law Firm, LLP | Dunlap, et al. v. General Motors LLC; 1:17-cv-01050 | 2003 Oldsmobile Alero | TN | 5/23/2003 | 8/25/2016 |

### C. Texas Plaintiffs

| | Plaintiff Last Name | Plaintiff First Name | Plaintiff's Counsel | Case | Vehicle | Incident State | Date of First Sale | Date Complaint Filed |
|---|---|---|---|---|---|---|---|---|
| 1 | Hamm | Loretta | Bailey Peavy Bailey PLLC | Atz, et al. v. General Motors LLC; 1:15-cv-05222 | 1999 Chevrolet Malibu | TX | 10/27/1999 | 6/1/2015 |
| 2 | Geisleman | Melba (OBO Laura Geisleman) | The Potts Law Firm, LLP | Dunlap, et al. v. General Motors LLC; 1:17-cv-01050 | 2000 Pontiac Grand Am | TX | 12/7/1999 | 8/25/2016 |
| 3 | Sauseda | Michael | The Potts Law Firm, LLP | Olufs, et al. v. General Motors LLC; 1:16-cv-06828 | 2001 Chevrolet Impala | TX | 7/20/2001 | 8/30/2016 |

Dated:  April 13, 2018						Respectfully submitted:

								*/s/ Richard C. Godfrey, P.C.*

								Richard C. Godfrey, P.C.
								Andrew B. Bloomer, P.C.
								Renee D. Smith
								KIRKLAND & ELLIS LLP
								300 North LaSalle
								Chicago, IL 60654
								Telephone: (312) 862-2000
								richard.godfrey@kirkland.com
								andrew.bloomer@kirkland.com
								renee.smith@kirkland.com

								*Attorneys for Defendant General Motors LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 13, 2018 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record. Each *pro se* plaintiff will be served via individually-addressed letter.

By: /s/ *Andrew B. Bloomer, P.C.*
Andrew B. Bloomer, P.C.