UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH                      14-MD-2543 (JMF)
LITIGATION
                                                        Hon. Jesse M. Furman


-----------------------------------------------------------------------------x

*This Document Relates To Certain Plaintiffs In The Following Cases:*

14-MD-2543;14-MC-2543; 15-CV-05222; 16-CV-00925; 15-CV-05528; 15-CV-01354; 14-CV-06924; 15-CV-05959; 15-CV-07445; 15-CV-07412; 15-CV-07416; 17-CV-01050; 16-CV-06828; 15-CV-00155


# MEMORANDUM OF LAW IN SUPPORT OF
# GENERAL MOTORS LLC'S OMNIBUS MOTION TO DISMISS 36 PRE-SALE CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)


Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
Phone: 312-862-2000
Fax: 312-862-2200
richard.godfrey@kirkland.com
andrew.bloomer@kirkland.com

*Attorneys for Defendant General Motors LLC*

Dated: April 13, 2018

**TABLE OF CONTENTS**

Page

**INTRODUCTION** ............................................................................................................... 1

**BACKGROUND** ................................................................................................................. 2

    A.    The Ignition Switch And Key Rotation Recalls. .................................................. 2

    B.    The Pre-Sale Omnibus Complaints And Pre-Sale Omnibus Claims. ..................... 3

    C.    The Effort To Cull Meritless Claims. .................................................................... 4

**LEGAL STANDARD** ......................................................................................................... 5

**ARGUMENT AND AUTHORITIES** .................................................................................. 6

**I.**    **PRODUCT DEFECT AND CAUSATION ARE ESSENTIAL ELEMENTS OF PLAINTIFFS' PRODUCT LIABILITY CLAIMS.** .................................................. 6

**II.**    **THE PRE-SALE OMNIBUS CLAIMS SHOULD BE DISMISSED BECAUSE THEY DO NOT PLAUSIBLY PLEAD A PRODUCT DEFECT OR CAUSATION.** ............................................................................................................ 7

    A.    The Court Should Dismiss Claims That Do Not Allege The Subject Vehicle Was Defective At All. ............................................................................ 7

    B.    The Court Should Dismiss Claims With Conclusory And/Or Implausible Defect Allegations. ................................................................................................ 9

    C.    The Court Should Dismiss Claims That Do Not Plausibly Plead How An Alleged Defect Caused Or Contributed To An Accident or Alleged Injuries. ................................................................................................................ 11

**CONCLUSION** ................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*,
    2010 WL 5480775 (S.D.N.Y. Dec. 30, 2010) ...........................................................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................2, 6

*Barrett v. Black & Decker (U.S.) Inc.*,
    2008 WL 5170200 (S.D.N.Y. Dec. 9, 2008) ...............................................................................8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................2, 6

*Bertini v. Smith & Nephew, Inc.*,
    2013 WL 6332684 (E.D.N.Y. July 15, 2013) .............................................................................9

*Cavanagh v. Ford Motor Co.*,
    2014 WL 2048571 (E.D.N.Y. May 19, 2014) ............................................................................9

*DeBlasio v. Merrill Lynch & Co. Inc.*,
    2009 WL 2242605 (S.D.N.Y. July 27, 2009) .............................................................................8

*Goldin v. Smith & Nephew, Inc.*,
    2013 WL 1759575 (S.D.N.Y. Apr. 24, 2013) .............................................................................9

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*
    206 F. Supp. 3d 869 (S.D.N.Y. 2016) .........................................................................................5

*In re Mirena IUD Prod. Liab. Litig.*,
    202 F. Supp. 3d 304 (S.D.N.Y. 2016), *aff'd*, --- Fed. Appx. ---, 2017 WL
    4785947 (2d Cir. Oct. 24, 2017) .................................................................................................6

*Reed v. Pfizer, Inc*,
    839 F. Supp. 2d 571 (S.D.N.Y. 2012) .......................................................................................11

*In re Richartz, Fliss, Clark & Pope, Inc.*,
    2010 WL 4502038 (Bankr. S.D.N.Y. Nov 1, 2010) ....................................................................8

*Rincon v. Covidien*,
    2017 WL 2242969 (S.D.N.Y. May 22, 2017) (Furman, J.) ....................................... 6, 9, 10, 11

*Rodman v. Stryker Sales Corp.*,
    2014 WL 5002095 (S.D.N.Y. Oct. 7, 2014) (Furman, J.) .................................................... 8, 10

**TABLE OF AUTHORITIES (CONT'D)**

                                                                                         **Page(s)**

*Simon v. Smith & Nephew, Inc.*,
    990 F. Supp. 2d 395 (S.D.N.Y. 2013) ........................................................................................4

*Sita v. Danek Med., Inc.*,
    43 F. Supp. 2d 245 (E.D.N.Y. 1999) .........................................................................................6

**Rules**

Fed. R. Civ. Proc. 8 ............................................................................................................................5

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................1, 2, 6

**Other Authorities**

*MDL Standards & Best Practices*, Duke Law Ctr. for Judicial Studies (Sept. 11,
    2014) ..........................................................................................................................................5

**INTRODUCTION**

Since the MDL was formed in the summer of 2014, nearly 3,000 personal injury claims have been filed against New GM[1]—all purportedly arising from, or somehow related to, the Ignition Switch or Key Rotation Recalls. In an effort to cull meritless cases from the MDL docket, the Court entered Order No. 140, which outlined procedures to identify *post*-Sale Order claims in several categories that New GM believed should be dismissed, including those that failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). On January 31, 2018, New GM moved to dismiss 319 post-Sale Order claims on the grounds that they did not plausibly plead defect and/or causation claims.[2] In response, 60 plaintiffs[3] voluntarily dismissed their claims; 70 plaintiffs' counsel moved to withdraw as counsel of record; and 57 plaintiffs did not respond to the motion, all of whom were *pro se* plaintiffs who were dismissed without prejudice on March 6, 2018.[4] Thus, over half of the post-Sale Order claims subject to the motion to dismiss either have already been or may be dismissed through the Order No. 140 process with only minimal Court involvement.

On April 10, 2018, the Court entered Order No. 148, which set forth procedures for, among other things, moving to dismiss *pre*-Sale Order claims that New GM believes fail to state a claim because they do not plausibly plead defect and/or causation claims. (Docket No 5366; Docket 5373 (Amended.)) Pursuant to Order No. 148, New GM moves to dismiss 36 claims identified in Exhibit A (the "pre-Sale Omnibus Claims"). Like the post-Sale Order claims addressed through

---

[1] Over half of those have already been settled or otherwise dismissed. (Docket No. 4921.)

[2] Docket Nos. 4996, 4997.

[3] The numbers provided in this Memorandum are good faith approximations based on currently and reasonably available information. For purposes of this Motion and Memorandum, "claims" or "claim" refers to pre-Sale Order personal injury or wrongful death claims currently pending in the MDL

[4] Docket No. 5177.

the Order No. 140 process, these claims are included in multi-plaintiff or omnibus consolidated complaints, and are generally embedded in summary charts or indices appended to multi-plaintiff complaints or, in some cases, are briefly referenced in the text of the complaint. In either event, the complaints provide only the most threadbare information regarding the accident, such as the make and model of the vehicle involved, as well as the accident date and location.

The pre-Sale Omnibus Claims neither involve vehicles subject to an Ignition Switch or Key Rotation Recall nor plausibly plead that any vehicle defect caused or contributed to a claimant's accident or alleged injury. Consequently, each of the pre-Sale Omnibus Claims fails to satisfy the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These claims have been on the Court's docket long enough, nestled among hundreds of other claims. The pre-Sale Omnibus Claims should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

### A.   The Ignition Switch And Key Rotation Recalls.

In 2014, New GM recalled a number of vehicles based on the risk of inadvertent or unintended ignition switch or key rotations in certain circumstances. The "Ignition Switch Recall" included the following vehicles subject to NHSTA Recall No. 14-V-047:[5]

> Chevrolet Cobalt (MY 2005-2010); Pontiac G5 (MY 2007-2010); Chevrolet HHR (MY 2006-2011); Pontiac Solstice (MY 2006-2010); Saturn Ion (MY 2003-2007); and Saturn Sky (MY 2007-2010).

---

[5] *See* Ex. B, NHTSA Recall No. 14-V-047, *avail. at* https://static.nhtsa.gov/odi/rcl/2014/RCDNN-14V047-2110.pdf; https://static.nhtsa.gov/odi/rcl/2014/RCDNN-14V047-8089.pdf; https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V047-1347P.pdf; https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V047-3409.pdf; https://static.nhtsa.gov/odi/rcl/2014/RCDNN-14V047-7510.pdf, and https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V047-9346P.pdf.

The "Key Rotation Recalls" included the following vehicles subject to NHTSA Recall Nos. 14-V-346, 14-V-355, 14-V-394, 14-V-400, and 14-V-540:[6]

> Buick Lacrosse (MY 2005-2009); Buick Lucerne (MY 2006-2011); Cadillac CTS (MY 2003-2014); Cadillac Deville (MY 2000-2005); Cadillac DTS (MY 2006-2011); Cadillac SRX (MY 2004-2006); Chevrolet Camaro (MY 2010-2014); Chevrolet Caprice (MY 2011-2013); Chevrolet Impala (MY 2000-2014); Chevrolet Malibu (MY 1997-2003); Chevrolet Malibu Classic (MY 1997-2005); Chevrolet Monte Carlo (MY 2000-2007); Oldsmobile Alero (MY 1999-2004); Oldsmobile Intrigue (MY 1998-2002); Pontiac G8 (MY 2008-2009); Pontiac Grand Am (MY 1999-2005); and Pontiac Grand Prix (MY 2004-2008).

### B.     The Pre-Sale Omnibus Complaints And Pre-Sale Omnibus Claims.

Despite the Court's skepticism over consolidated or master complaints in the personal injury context,[7] many claims found their way to the Court's docket through omnibus consolidated complaints. While the Court had previously "tolerated the filing of omnibus consolidated complaints on behalf of multiple plaintiffs bringing personal injury and wrongful death claims arising out of different accidents or incidents", it has recently "put an end to the practice." (Order No. 139, Docket No. 4867); *see also* 3/22/18 Status Conf. Tr. at 6:20-24 ("[O]n the question of whether to require severance of all plaintiffs named in what I've called the consolidated or omnibus complaints, as you know, I've certainly come to believe that individual complaints are preferable, absent a valid basis for joinder under the federal rules."). The Court did so, in part, to "help[] ensure that plaintiff's counsel will adequately screen each plaintiff's claim to ensure that it is valid and belongs in these proceedings." (Order No. 139, Docket No. 4867.) The pre-Sale Omnibus

---

[6] *See* Ex. C, NHTSA Recall No. 14-V-346, *avail. at* https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V346-6244P.pdf; Ex. D, NHTSA Recall No. 14-V-355, *avail. at* https://static.nhtsa.gov/odi/rcl/2014/RCDNN-14V355-3393.pdf; Ex. E, NHTSA Recall No. 14-V-394, *avail. at* https://static.nhtsa.gov/odi/rcl/2014/RCDNN-14V394-4733.pdf; Ex. F, NHTSA Recall No. 14-V-400, *avail. at* https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V400-7834.pdf, https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V400-3309.pdf; and Ex. G, NHTSA Recall No. 14-V-540, *avail. at* https://static.nhtsa.gov/odi/rcl/2014/RCLRPT-14V540-1759.PDF, and https://static nhtsa.gov/odi/rcl/2014/RCDNN-14V540-9057.pdf.

[7] Order No. 7 at 2, Docket No. 215 (Consolidated or master complaints would not be "necessary or prudent with respect to personal injury and wrongful death claims.").

Claims that are the focus of the instant motion are an unfortunate artifact of the past consolidated complaint procedural regime. Indeed, the only claim-specific information in most of these omnibus complaints is a chart or appendix that simply lists a claimant's name, vehicle make and model year, accident date, and accident location. The body of these off-the-shelf complaints, on the other hand, does not reference the pre-Sale Omnibus Claims' specific vehicle make and model or any other detail concerning the specific accident or incident at issue.

When examined, the allegations of the complaints and/or judicially noticeable recall announcements or notices available on the NHTSA's website[8] confirm that the vehicles involved in the pre-Sale Omnibus Claims are not subject to an Ignition Switch or Key Rotation Recall. Nor do the complaints otherwise plausibly plead that any other vehicle defect caused or contributed to a specific pre-Sale Omnibus Claimant's accident or injury. At best, it appears that many of the pre-Sale Omnibus Claims were filed based on a demonstrably (and judicially noticeable) mistaken belief or erroneous assumption that the vehicles were subject to an Ignition Switch or Key Rotation Recall. To the extent plaintiffs' lawyers "screened" these claims before racing to add them to a consolidated complaint, that screening was plainly inadequate.

### C. The Effort To Cull Meritless Claims.

On January 23, 2018, the Court entered Order No. 140, outlining the procedural steps to identify various post-Sale claims, including airbag deployment cases, claims that New GM believes should be dismissed for failure to state a claim, and claims barred by the applicable statutes of limitations or repose. (Order No. 140 at 3-4, Docket No. 4967.) Of the 1,200 pending post-Sale Order plaintiffs, 668 were subject to one or more Order No. 140 notices or motions.

---

[8] For purposes of a motion to dismiss, the Court may take judicial notice of public records contained on a government agency's website. *Simon v. Smith & Nephew, Inc.*, 990 F. Supp. 2d 395, 401 (S.D.N.Y. 2013).

4

Approximately 266 of these post-Sale Order plaintiffs either voluntarily dismissed their claims, their counsel has moved to withdraw, or their claims had previously been dismissed. Another 177 plaintiffs did not respond to one or more of the Order No. 140 notices or motions. All of these 177 non-responding plaintiffs either had previously moved to withdraw, and they have now been dismissed without prejudice because they did not file a new complaint as required by the Court's order, or they were dismissed for failure to comply with Order No. 140 notice procedures. (*See* Docket Nos. 5177, 5201.) Thus, 443 post-Sale Order plaintiffs—over one-third of the pending post-Sale Order MDL claims—have been dismissed (either voluntarily or because they did not file amended complaints after their counsel withdrew) or their counsel has moved to withdraw.

Building on this framework and in connection with the Court's directives to aggressively move forward to resolve the remaining MDL personal injury claims, the Court ordered the parties to submit a joint proposed order modeled after Order No. 140 regarding the resolution of *pre*-Sale Order claims. (Order No. 147 at 2; *see also* 3/22/18 Status Conf. Tr. at 56:2-57:2.) On April 10, 2018, the Court entered the parties' joint proposed order, granting New GM permission to file, among other things, an omnibus motion to dismiss pre-Sale claims that do not plausibly state a claim for relief, like the pre-Sale Omnibus Claims at issue here. (Order No. 148 at 2.) Blessing this omnibus dismissal procedure has set the stage to further "cull meritless cases" from this MDL. *See MDL Standards & Best Practices*, Duke Law Ctr. for Judicial Studies (Sept. 11, 2014), Best Practice 7(d)(i) at 89.

## LEGAL STANDARD

To satisfy Federal Rule of Civil Procedure 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.* 206 F. Supp. 3d 869, 895 (S.D.N.Y. 2016).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "To state a plausible claim, [p]laintiff[s] must provide 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'—a standard that requires 'more than a sheer possibility that a defendant has acted unlawfully." *Rincon v. Covidien*, 2017 WL 2242969, at *1 (S.D.N.Y. May 22, 2017) (Furman, J.) (quoting *Iqbal*, 556 U.S. at 678). Critically, plaintiffs must do more than "plead[] facts that are 'merely consistent with'" liability, but must cross "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**ARGUMENT AND AUTHORITIES**

**I.  PRODUCT DEFECT AND CAUSATION ARE ESSENTIAL ELEMENTS OF PLAINTIFFS' PRODUCT LIABILITY CLAIMS.**

The pre-Sale Omnibus Claims sound in a variety of products liability theories, including state-law claims for negligence, strict liability, breach of warranty, and fraud. Regardless of the applicable state law or specific product liability theory, "[a]s in any products liability or personal injury action, Plaintiffs must prove causation"—that the defendant's conduct or defective design was the proximate or but for "cause of Plaintiffs' injuries." *In re Mirena IUD Prod. Liab. Litig.*, 202 F. Supp. 3d 304, 310 (S.D.N.Y. 2016), *aff'd*, --- Fed. Appx. ---, 2017 WL 4785947 (2d Cir. Oct. 24, 2017) (citing cases under various state laws); *see also, e.g.*, *Sita v. Danek Med., Inc.*, 43 F. Supp. 2d 245, 252 (E.D.N.Y. 1999) (applying New York law, "causation is an element not only in defendant's strict products liability claims, but in plaintiff's negligence, breach of warranty, fraud, misrepresentation and per se negligence claims as well."). The pre-Sale Omnibus Claims

6

fail as pled on both scores. They do not plead (i) a plausible defect (or breach of duty or other conduct) that (ii) caused the individual claimants' accident or alleged injury.

## II. THE PRE-SALE OMNIBUS CLAIMS SHOULD BE DISMISSED BECAUSE THEY DO NOT PLAUSIBLY PLEAD A PRODUCT DEFECT OR CAUSATION.

### A. The Court Should Dismiss Claims That Do Not Allege The Subject Vehicle Was Defective At All.

The viability of many pre-Sale Omnibus Claims is undercut by the plain language of the complaints themselves, where the operative complaint lists a defined set of "Defective Vehicles," but the make and model of the vehicle involved in an individual Omnibus Claim (as "pled," in most cases, in an appended chart or index) is *not* one of those allegedly "Defective Vehicles." Many of these cases have been sitting on this Court's docket for years.

For example, pre-Sale claimant Teresse Clark (included on the *Atz* complaint brought by the Bailey Law Firm), was allegedly driving a 2008 Pontiac Grand Am—a vehicle that was not subject to an Ignition or Key Rotation Recall and was not defined or identified in the list of "Defective Vehicles" alleged in the complaint.[9] Similarly, the *Edwards* complaint (brought by the Hilliard Law Firm) likewise defines and lists "Defective Vehicles"[10] but includes a number of claimants on a spreadsheet whose vehicles are not listed or defined as "Defective" anywhere in the Complaint, including multiple 2006 and 2008 Chevrolet Malibus.[11] Other examples include:

- *Adesanya, et al. v. General Motors LLC*: Including a pre-Sale Omnibus Claim involving a 1997 Grand Prix that was not defined or identified in the list of "Defective Vehicles" alleged in the complaint.[12]

---

[9] Case No. 15-cv-01469, Docket No. 1 at ¶¶ 19-20 & Ex. A at 14.

[10] Case No. 14-cv-06924, Docket No. 1 at ¶ 18.

[11] *Id.* at Ex. A at 108.

[12] Case No. 16-cv-00925, Docket No. 1 at ¶ 7 & Ex. A ln. 43.

- *Bagwell, et al. v. General Motors LLC*:  Including a pre-Sale Omnibus Claim involving a 2000 Chevrolet Silverado that was not defined or identified in the list of "Defective Vehicles" alleged in the complaint.[13]

- *Campbell, et al. v. General Motors LLC*:  Including a pre-Sale Omnibus Claim involving a Chevrolet HHR (no model year or VIN # given) that was not defined or identified in the list of "Defective Vehicles" alleged in the complaint.[14]

As these examples show, many of the pre-Sale Omnibus Claims involve vehicles that are not even alleged to be defective by the terms of the very complaint at issue.  These claims are both internally inconsistent and fail to plead a defect in the vehicle at issue.  "Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *In re Richartz, Fliss, Clark & Pope, Inc.*, 2010 WL 4502038, at *3 (Bankr. S.D.N.Y. Nov 1, 2010); *see also DeBlasio v. Merrill Lynch & Co. Inc.*, 2009 WL 2242605, at *26 (S.D.N.Y. July 27, 2009).

At the end of the day, these pre-Sale Omnibus Claims boil down to allegations that someone was injured as a result of an accident involving a GM vehicle.  This is not enough to state a claim.  The pre-Sale Omnibus Claims should be dismissed.  *See Rodman v. Stryker Sales Corp.*, 2014 WL 5002095, at *2 (S.D.N.Y. Oct. 7, 2014) (Furman, J.) (dismissing defect-related claims where complaint "does not identify any actual defect in the [product]"); *Barrett v. Black & Decker (U.S.) Inc.*, 2008 WL 5170200, at *11 (S.D.N.Y. Dec. 9, 2008) ("Plaintiff fails to plead which part of the [product] was defective, or in what way some particular defect caused plaintiff's injury."); *Cavanagh v. Ford Motor Co.*, 2014 WL 2048571, at *1 (E.D.N.Y. May 19, 2014) (dismissing action where, "besides the allegations that [the plaintiff] was using the [Ford Truck] on August 13, 2010 and was subsequently injured, the Complaint is entirely devoid of any other factual

---

[13] Case No. 15-cv-7412, Docket No. 1 at ¶ 8, 120.

[14]  Case No. 15-cv-07445, Docket No. 1 at ¶ 30 & Ex. A ln. 2.

8

allegations supporting the causes of action asserted" and the allegations in the complaint were "mere legal conclusions.").[15]

### B. The Court Should Dismiss Claims With Conclusory And/Or Implausible Defect Allegations.

Plaintiffs fare no better to the extent they generically claim that a vehicle is defective based on mistaken assumptions that the vehicle was subject to an Ignition Switch or Key Rotation Recall or because the vehicle was allegedly equipped with a switch that shared "a common, uniform, and defective design" as those that were recalled. For example, pre-Sale Omnibus Claimant Crystal Perkins is one of many plaintiffs included in the *Adesanya* complaint. Perkin's claim allegedly involves a 2005 Chevrolet Malibu.[16] And the *Adesanya* complaint declares that the 1997-2006 Malibu was "equipped at the time of sale with ignition switches . . . sharing a common, uniform, and defective design" as those vehicles subject to the Ignition Switch and Key Rotation Recalls.[17] Despite the judicially noticeable fact that the 2005 Malibu was not subject these Recalls, the *Adesanya* complaint alleges Ms. Perkins (along with every other plaintiff listed on a lengthy attached chart):

> was driving and/or was an occupant in one of the ignition switch recalled vehicles when, without warning or apparent cause and through no fault of their own, the vehicle engine turned off, Plaintiffs lost control of their vehicle and were involved in a serious collision. In each of these collisions, the vehicle's airbags did not deploy. In each instance, the vehicle Plaintiffs were driving and/or were an occupant in is one of the many Subject Vehicles that contain the Ignition Switch Defect.[18]

---

[15] *See also Rincon*, 2017 WL 2242969, at *2 (similar); *Bertini v. Smith & Nephew, Inc.*, 2013 WL 6332684, at *2 (E.D.N.Y. July 15, 2013) (similar); *Goldin v. Smith & Nephew, Inc*., 2013 WL 1759575, at *2-6 (S.D.N.Y. Apr. 24, 2013) (similar).

[16] Case No. 16-cv-00925, Docket No. 1, Ex. A at ln. 33.

[17] *Id.* at ¶ 7.

[18] *Id.* at ¶¶ 58-59.

9

And while a recall is not necessary (nor sufficient) to plead a defect claim, these remaining "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," are "insufficient to survive a motion to dismiss." *See Rincon*, 2017 WL 2242969, at *1 "Taken together, these facts—even liberally construed . . . —fall far short of demonstrating that [a defect in the Subject Vehicle] was a 'but for' cause" of plaintiff's injuries, as "there are several plausible explanations" to explain the alleged loss of control or airbag non-deployment. *See id.* at *1. These include simple driver error, an impact at an angle, and/or change in velocity below the airbag deployment threshold. "Nothing in the [] Complaint even endeavors to explain why [a defect in the Vue] is a more likely, let alone proximate, cause of [plaintiff's] alleged harms." *Id.*; *see also Rodman,* 2014 WL 5002095, at *1-3 (granting a motion to dismiss where plaintiff's claims regarding an allegedly defective hip implant coating were wholly conclusory); *Am. Guarantee & Liab. Ins. Co. v. Cirrus Design Corp.*, 2010 WL 5480775, at *3 (S.D.N.Y. Dec. 30, 2010) (dismissing manufacturing defect claim because "Plaintiffs [did] not only fail [ ] to specify the defective component but []also failed to adequately allege any deviations from the manufacturing process, improper workmanship, or defective materials").

Moreover, simply alleging that a vehicle "shared a common design" with recalled vehicles does not pass muster. As this Court has cautioned, "merely alleging that the [vehicle] was recalled . . . does not suffice to plausibly show that the [vehicle] itself was defective, especially where, as here, the recall . . . [was] presumably with respect to different products." *Rodman*, 2014 WL 5002095, at *2 (internal quotation marks and citations omitted). Moreover, the allegations that some *different* vehicle makes or models were recalled does not make it plausible that claimants with entirely different vehicles suffered any injury.

10

### C. The Court Should Dismiss Claims That Do Not Plausibly Plead How An Alleged Defect Caused Or Contributed To An Accident or Alleged Injuries.

While none of the pre-Sale Omnibus Claims involves vehicles subject to an Ignition Switch or Key Rotation Recall, some of these claims may purport to allege other defects that, in some instances, are the subject of other recalls. But even if a pre-Sale Omnibus Claimant's vehicle was subject to another recall, the claim is still ripe for dismissal if it does not sufficiently plead how the alleged defect caused or contributed to the specific accident or alleged injuries. If a plaintiff could proceed by merely alleging that he suffered harm as a result of using a recalled product, then "anyone experiencing harm after using a product where the harm is a warned-of risk could successfully plead a claim." *Reed v. Pfizer, Inc*, 839 F. Supp. 2d 571, 577 (S.D.N.Y. 2012); *see also Rincon*, 2017 WL 2242969, at *1–2 (dismissing mesh repair complaint that "does not identify any actual defect in the coating and says nothing about *how* the coating, even if defective, caused [plaintiff's] specific injuries.")[19]

---

[19] Claims based on accidents involving vehicles subject to Ignition Switch or Key Rotation Recalls are not necessarily sufficiently pled either if, for example, the complaint lacks specifics regarding how a defect actually manifested itself in an accident and caused or contributed to the accident and/or alleged injuries. Because the purpose of this Omnibus Motion is to separate the wheat from the chaff and identify those claims that New GM believes most likely were mistakenly filed or should never have been brought, it does not address the sufficiency of pleadings as to claims involving vehicles that are subject to Ignition Switch or Key Rotation Recalls. New GM, however, expressly reserves the right to do so if appropriate at a later time.

## CONCLUSION

For all the foregoing reasons, New GM respectfully requests the Court dismiss with prejudice the pre-Sale Omnibus Claims listed in Exhibit A.

Dated:  April 13, 2018                                   Respectfully submitted,

                                                         */s/ Richard C. Godfrey, P.C.*

Richard C. Godfrey, P.C.
Andrew B. Bloomer, P.C.
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL  60654-3406
Phone:  312-862-2000
Fax:  312-862-2200
andrew.bloomer@kirkland.com
richard.godfrey@kirkland.com

*Attorneys for Defendant General Motors LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2018, I electronically filed the foregoing Motion using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action.

By: <i>/s/ Andrew B. Bloomer P.C.</i><br>
Andrew B. Bloomer, P.C.