USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Miles v. General Motors, 18-CV-3589*

------------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On April 12, 2018, the Court dismissed the complaint of *pro se* plaintiff James Everett Miles with prejudice pursuant to Order No. 137 (14-MD-2543, Docket No. 4840) and 14-MD-2543, Docket No. 5177.  Six days later, on April 18, 2018, Mr. Miles mailed to the Court a Complaint against General Motors LLC ("New GM"), as well as a Related Case Statement (*see* 18-CV-3589, Docket Nos. 2, 3).  On April 30, 2018, the Court directed New GM to submit a letter indicating its position on the filing of Mr. Miles's new complaint and Mr. Miles to file a reply.  (14-MD-2543, Docket No. 5440).  In a May 7, 2018 letter, New GM opposed the filing of a new complaint by Mr. Miles on *res judicata* grounds and on the ground that he failed to state a claim.  (14-MD-2543, Docket No. 5465).  Mr. Miles did not reply to GM's opposition, but on June 13, 2018, the Court received a packet of information from Mr. Miles, including a letter addressed to the Court, multiple completed Plaintiff Fact Sheets, and other papers.

In light of Mr. Miles's *pro se* status, there is a strong argument for viewing his new complaint as a timely filed motion for reconsideration of the Court's April 12th Order.  If the Court were to do so, New GM's *res judicata* argument would be without force.  But Mr. Miles would run into a different problem: His new complaint falls far short of stating a plausible claim. "To state a plausible claim," a plaintiff "must provide 'factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged '— a standard that requires 'more than a sheer possibility that a defendant has acted unlawfully.'" *Rincon v. Covidien*, 16-CV-10033 (JMF), 2017 WL 2242969, at *1 (S.D.N.Y. May 22, 2017). Mr. Miles does not meet that standard, as the only allegation in his new complaint is that his airbags failed to deploy. He includes no allegations whatsoever with respect to *why* his airbags failed to deploy — and, more to the point, includes no allegations suggesting, plausibly or otherwise, that the non-deployment was due to a reason for which New GM might be held liable, such as a defect in his vehicle (relating to the ignition switch or otherwise).

Granted, the failure of Mr. Miles to state a claim would not necessarily call for dismissal of his new complaint *with* prejudice. That is, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely given "when justice so requires," and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam). But a district court may deny leave to amend when amendment would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). That is the case here, as Mr. Miles expressly admits in his letter to the Court that he "do[es] not know why the airbag did not deploy in [his] 2002 Chevrolet Blazer." Even more significantly, he admits in his Fact Sheets — under penalty of perjury — that his vehicle did not experience a "moving stall" or other loss of engine power, that no ignition switch defect caused a loss of power steering or power assist brakes, and that he "do[es]n't know why the airbags didn't deploy." (App'x, at 9). In light of these admissions, it is plain that Mr. Miles is incapable of adding allegations to his complaint that would cross "the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *cf. Majied*

*v. New York City Dep't of Educ.*, No. 16-CV-5731 (JMF), 2018 WL 333519, at *6 (S.D.N.Y. Jan. 8, 2018) (denying leave to amend a dismissed complaint where the *pro se* plaintiff had "not requested permission to file an amended complaint" and had not "given any indication that she [was] in possession of facts that would cure the problems" in her complaint (internal quotation marks and brackets omitted)).[1] In short, there is no basis to reconsider the Court's April 12th Order, and Mr. Miles's new complaint is dismissed with prejudice.

The Court is not without sympathy for Mr. Miles given the nature of his injuries. Unfortunately, it is not enough for him to allege that he was in an accident in which his airbags failed to deploy and that he was injured as a result. He must also be able to allege that his airbags failed to deploy for reasons that would render New GM liable for his injuries. Because he cannot do so, he has no valid claims against New GM.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close 18-CV-3589 and to mail a copy of this Memorandum Opinion and Order to Mr. Miles.

SO ORDERED.

Dated: June 14, 2018
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] The Court includes Mr. Miles's letter and the relevant pages of one of his Fact Sheets (redacted to remove personal information) in an Appendix to this Memorandum Opinion and Order. The Court directs the Clerk of Court to file and maintain the unredacted copies of Mr. Miles's Fact Sheets under seal so that they are part of the record. The Court will send the remainder of Mr. Miles's submission back to him, as it includes original documents of a personal nature that were irrelevant to the Court's decision, such as his W-2 form.

# APPENDIX

Judge Furman,

I've addressed this to you because, at this point, I'm not sure what to do.

I know you are handling the GM lidigations.

Enclosed are the Plaintiff Fact Sheets.

I do not know why the air bags did not deploy in my 2002 Chevrolet Blazer. I just know that they didn't and because of that, I now only have 40% use of my arm and the chances of me ever being able to secure my future the way I could before my accident are even less than 40%.

I just want justice.

Sincerely,
James Miles

| UNITED STATES DISTRICT COURT | 14-MD-2543 (JMF) |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | |
| IN RE: GENERAL MOTORS, LLC IGNITION SWITCH LITIGATION | 14-MC-2543 (JMF) |
| THIS DOCUMENT RELATES TO: [NAME: James Everett Miles ] | Case No. [_____] |

## PLAINTIFF FACT SHEET
## CASE INFORMATION

### Prefatory Statement

Plaintiff has not fully completed investigation of the facts relating to this claim, and has not completed all necessary discovery or preparation for trial. All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Plaintiff and Plaintiff's counsel, agents, and representatives, and disclose only those contentions known or reasonably available to Plaintiff and Plaintiff's counsel, agents and representatives. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses and contentions set forth herein.

The following responses are given without prejudice to Plaintiff's right to produce evidence of any facts Plaintiff may later become aware of or recall. Plaintiff accordingly reserves the right to change, amend, or add to any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, memories are recalled, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of factual and legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff or Defendants in relation to further discovery, research or analysis or in any future lawsuit. Plaintiff has an affirmative duty to supplement or correct a response in a timely manner if Plaintiff learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing. In such a circumstance, Plaintiff agrees to timely file an amendment to this Fact Sheet.

Plaintiff provides the responses herein with the understanding that Plaintiff's responses will be governed by Order No. 10—Protecting Confidentiality and Privileged Materials—entered on 9/10/2014 in this litigation. [*See* Dkt. No. 294]

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

26. Other than this case, have you or has someone on your behalf made a claim or filed a lawsuit concerning the Subject Incident or the injuries and damages you claim to have sustained as a result of the Subject Incident?

    Yes ☐    No ☑

    If you answered "yes," please identify the other persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed and the status of the claim or lawsuit.

## IV. VEHICLE INFORMATION

27. Subject Vehicle Model Year, Brand/Make, Model, and Trim Level: 2002 Chev. Blazer
28. Subject Vehicle's Vehicle Identification Number (VIN): Dont Know
29. Date of purchase: 2013
30. Did you purchase the Subject Vehicle new or used? Used
31. Name and address of dealer/seller: Dont Know
32. State where the Subject Vehicle is currently located and who has possession of it. Dont Know
33. Is the Subject Vehicle available for inspection?

    Yes ☐    No ☑

34. Has the Subject Vehicle's Sensing and Diagnostic Module ("SDM") been downloaded at any time following the Subject Incident?

    Yes ☐    No ☑

    If you answered "yes," please identify the step-by-step process used to download the SDM data, including, but not limited to, the person performing the download of the data and the date such download occurred.

35. Has the SDM ever been removed from the Subject Vehicle?

    Yes ☐    No ☐    Don't Know ☑

    If you answered "yes," please identify who removed the module, when the module was removed, and where the module is currently located.

36. Identify, to your knowledge, all persons who have inspected and/or photographed the Subject Vehicle since the Subject Incident.

## V. MAINTENANCE HISTORY

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

37. To your knowledge, has the Subject Vehicle's ignition switch ever been repaired and/or serviced?

    Yes ☐   No ☑

    If you answered "yes," please describe the repair or service performed, when it was performed, and who performed it.

38. To your knowledge, has the Subject Vehicle's airbag(s) or its components ever been repaired and/or replaced?

    Yes ☐   No ☑

    If you answered "yes," please describe the repair or service performed, when it was performed, and who performed it.

## VI. INCIDENT INFORMATION

39. Do you claim to have experienced an Ignition-Switch Related Event in the Subject Vehicle? **I'm not sure**

    Yes ☐   No ☐

    If you answered "yes," please state how many Subject Incidents you claim to have experienced. **1**

40. With respect to the first, or earliest, Subject Incident you experienced:

    a. What date and time did it happen? **10:00 am May 26 2014**

    b. Were you driving the Subject Vehicle during the Subject Incident?

       Yes ☑   No ☐

       If you answered "no," please provide the name, age, and current address of the driver, and relationship to you.

    c. If the driver of the Subject Vehicle had a cellular telephone and/or other mobile communications device in the vehicle during the Subject Incident, please provide the telephone number(s) and service provider(s) for the devices(s). **423-[redacted] Straight Talk**

    d. State whether the driver of the Subject Vehicle consumed any prescription medication, non-prescription medication or drugs, or alcoholic beverage in the 24 hours before the Subject Incident and identify the substance and amount consumed. **NONE**

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

e. Did the driver of the Subject Vehicle submit to any drug or alcohol testing following the Subject Incident?

    Yes ☐    No ☑

If you answered "yes," please describe the testing performed and the results of the testing.

f. Describe all items on the key chain attached to the key in the Subject Vehicle's ignition switch at the time of the Subject Incident. car key, house key

g. Describe the location of the Subject Incident, including, but not limited to, the surroundings, terrain, and the highway, street or parking lot or address where it happened.

h. Describe the lighting, weather, and road conditions (e.g., daylight, rainy, wet, icy, dry) during the Subject Incident. sunny day, daylight

i. Indicate the length of time and distance the Subject Vehicle travelled off the roadway during the Subject Incident, if applicable.

j. Was there a collision?

    Yes ☐    No ☑

If you answered "yes," please describe the portion of the Subject Vehicle that collided with or struck any other object during the Subject Incident.

k. Did the Subject Incident involve a rollover event?

    Yes ☑    No ☐

If you answered "yes," describe the rollover event, whether the rollover occurred on road or off road, whether it was a passenger's side or driver's side leading roll, and whether the Subject Vehicle struck any object before, during, or after the roll. on road

l. Did emergency responders arrive on scene?

    Yes ☑    No ☐

If you answered "yes," please identify the responding agency and the incident or report number documenting their response to this incident. Kingsport City Sullivan Co. EMS

m. Was anyone injured?

    Yes ☑    No ☐

n. Was any property damaged, including, but not limited to, the vehicles involved?

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

        Yes ☐        No ☒

        If you answered "yes," please identify the property damaged and describe the damage, including the total of any repair estimate and whether any repairs were made to the vehicle as a result thereof.

o.    Is there a police report concerning the incident?

        Yes ☒        No ☐

        If you answered yes, please identify the police agency and the incident/report number relating to the incident.

p.    Were any photographs taken of accident scene, the Subject Vehicle, and/or the vehicle's occupants?

        Yes ☒        No ☐

q.    Describe what happened, including the vehicle's approximate speed when the Subject Incident began (and/or the gear the vehicle was in), any and all inputs (steering, braking, etc.) the driver made to the vehicle during the Subject Incident, the response of the vehicle, and the outcome.

r.    Did the vehicle's airbag(s) deploy during the Subject Incident?

        Yes ☐        No ☒

        If you answered "yes," please state which airbags deployed.

s.    Were you wearing a seat belt at the time of the Subject Incident?

        Yes ☒        No ☐

t.    Was any occupant of the Subject Vehicle fully or partially ejected during the Subject Incident?

        Yes ☐        No ☒

        If you answered "yes," please explain.

u.    Identify any citations or tickets that were issued following the Subject Incident.

v.    Did you take the Subject Vehicle to a dealership or service facility after the Subject Incident to address the Ignition-Switch Related Event?

        Yes ☐        No ☒

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

If you answered "yes," please identify the dealership or service facility, the date of service, and describe what work was done to the Subject Vehicle, anything you were told about the Subject Vehicle and/or the Ignition-Switch Related Event, and identify all documentation associated therewith.

41. For each additional such Ignition-Switch Related Event you experienced, please answer question(s) 40(a)-(v) on a separate page and attach to the end of your Fact Sheet responses.

42. Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or contributed to the Subject Incident(s) and the basis for your assertions of same.

43. Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or contributed to your alleged injuries and the basis for your assertions of same.

44. Do you claim that the Subject Vehicle experienced a "moving stall" or otherwise lost engine power, and that this caused a loss of vehicle control during the Subject Incident?

    Yes ☐   No ☒

    If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of their anticipated testimony.

45. Do you claim that a loss of power steering occurred because the ignition switch moved out of the "run" position?

    Yes ☐   No ☒

    If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of their anticipated testimony.

46. Do you claim that a loss of power assist brakes occurred because the Ignition Switch moved out of the "run" position?

    Yes ☐   No ☒

    If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of their anticipated testimony.

47. Do you claim that any of the Subject Vehicle's airbag systems failed to deploy during the Subject Incident because the Ignition Switch moved out of the "run" position?

    I don't know why the airbags didn't deploy.

9

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

Yes ☐  No ☐  Don't Know ☒

If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of anticipated testimony.

## VII. INJURY INFORMATION

48. For each Subject Incident in which you allegedly sustained a personal injury, please describe your injuries and how they were sustained. *I tore all of the flesh off my left shoulder + arm. It tore off my elbow.*

49. Did the injuries you allegedly sustained during the Subject Incident result in hospitalization?

   Yes ☒  No ☐

   *I had 4 surgerys*

50. Please identify all facilities, agencies, hospitals, physicians, therapists, and other medical professionals who provided treatment for the injuries you allegedly sustained during the Subject Incident, as well as the dates of treatment:

| Medical Provider | Dates of Service |
|---|---|
| ███████████████ | May 2014 |
|  |  |

51. For each Subject Incident in which someone other than you was injured, please identify the person, and to the extent you have knowledge, identify the type or nature of injuries allegedly sustained, and the names of any agencies, hospitals, or physicians who treated the injured party.

## VIII. CURRENT OR PRIOR MEDICAL CONDITIONS

52. Other than the injuries allegedly sustained in the Subject Incident, between the date of the Subject Incident and the present, have you sustained any physical injuries, illnesses, or disabilities that have resulted in lost income or medical expenses?

   Yes ☐  No ☒

   If you answered "yes," please identify the injury, illness, disability, symptoms, date(s) of onset, date(s) of diagnoses and by whom it was first diagnosed.

53. During the three (3) year period before the Subject Incident, did you sustain any physical injuries, illnesses, or disabilities that resulted in lost income or medical expenses?

10
*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

## DECLARATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all the information provided in this Fact Sheet is true and correct to the best of my knowledge, information and belief formed after a reasonable inquiry. I understand that I am under an obligation to supplement these responses.

Date: 6/5/2018

Signature: *[signed]*

Name: James Miles

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*