Case 1:14-md-02543-JMF   Document 5887   Filed 07/27/18   Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/27/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

------------------------------------------------------------------------x

14-MD-2543 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

The parties have briefed the question of how the Court's prior motion to dismiss opinions apply to the issues of (i) unjust enrichment, (ii) incidental damages (lost time), and (iii) manifest defect in the thirty-five jurisdictions that had not previously been subject to motion practice. (*See* Docket Nos. 4900, 5098, 5101, 5191, 5192). In briefing the issue of manifest defect for Ohio, the parties agree that manifestation is required for a fraudulent concealment claim, but dispute whether manifest defect is required for an implied warranty claim. (*See* Docket No. 5099, Ex. A).

Ohio law features two different types of implied warranty claims: implied warranty in tort and implied warranty in contract. *See Utz v. Howmedica Osteonics, Corp.*, No. 1:06 CV 1963, 2008 WL 11378848, at *3 (N.D. Ohio Sept. 19, 2008). "Implied warranty in tort" is "a common-law cause of action" that is "considered virtually indistinguishable from an action for strict liability in tort." *White v. DePuy, Inc.*, 129 Ohio App. 3d 472, 478 (1998) (internal quotation marks and citations omitted). By contrast, "[i]mplied warranty in contract" is a statutory claim codified in Ohio Rev. Code Ann. §§ 1302.27 and 1302.28. *Utz*, 2008 WL 11378848, at *3. There appears to be some confusion as to which implied warranty the parties are arguing over. Plaintiffs state that their Ohio warranty claim is pleaded as "Implied Warranty In Tort." (Docket No. 5101 ("Pls.' Br."), at 387 n.67 (citing Docket No. 4838 ("5ACC"),

¶¶ 5560-69)), but they cite to Ohio's U.C.C. code in arguing that Ohio does not require a manifest defect for an implied warranty claim. Meanwhile, one of New GM's authorities discusses implied warranty in contract, *see Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, No. 1:02CV00013, 2005 WL 6778678, at *6 (N.D. Ohio Feb. 22, 2005), while the other discusses implied warranty in tort, *see Hoffer v. Cooper Wiring Devices, Inc*., No. 106CV763, 2007 WL 1725317, at *1 (N.D. Ohio June 13, 2007).

**No later than August 10, 2018**, the parties are directed to submit letter briefs not to exceed four pages on the issue of whether implied warranty in Ohio requires a manifest defect. The parties should specifically address: (1) whether Plaintiffs Ohio implied warranty claims sound in contract or in tort; and (2) if Plaintiffs' claims sound in tort, the significance of that in light of their concession that Ohio requires a manifest defect for common-law fraud claims. If Plaintiffs maintain that implied warranty, whether in tort or in contract, does not require a manifest defect in Ohio, the parties shall provide case law that is relevant to the particular type of implied warranty at issue.

SO ORDERED.

Dated: July 27, 2018
       New York, New York

_____
JESSE M. FURMAN
United States District Judge