USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/01/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Stevens v. General Motors LLC, 18-CV-6316*

-------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On July 12, 2018, Plaintiff Kelsey Stevens filed an amended complaint as a new lawsuit in the Southern District of New York pursuant to Order No. 149 (14-MD-2543, Docket No. 5394). That same day, Plaintiff also filed a Motion to Transfer Venue to the Western District of Missouri pursuant to Title 28, United States Code, Section 1404(a). (18-CV-6316, Docket No. 3). On July 16, 2018, Plaintiff's case was consolidated into *In re: General Motors Ignition Switch Litigation*, 14-MD-2543, as anticipated by Order No. 149. (*See* Order No. 149 ¶ 3-4 (discussing "the assignment of these new cases to [Judge Furman] for inclusion in the MDL"); *see also* 18-CV-6316, Docket No. 9).

This court lacks the power to transfer Plaintiff's case under the reasoning of the Supreme Court's decision in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). "In *Lexecon*, the Court held that the MDL statute, which requires that a MDL member case 'shall be remanded by the panel at or before the conclusion of pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated,' 28 U.S.C. § 1407(a), prohibits an MDL transferee court from transferring a case to itself for trial." *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11-MD-2262 (NRB), 2015 WL 4634541, at *33 (S.D.N.Y. Aug. 4, 2015), *amended sub nom. In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-

MD-2262 (NRB), 2015 WL 13122396 (S.D.N.Y. Oct. 19, 2015). The Second Circuit has since made clear that "any transfers of venue for trial . . . must follow such remand." *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 91 (2d Cir. 1998). *Lexecon* thus does not "leave room for the MDL transferee court to transfer MDL cases to other districts" under Section 1404(a). *In re Asbestos Prods. Liab. Litig. (No. VI)*, 965 F. Supp. 2d 612, 622 (E.D. Pa. 2013). Plaintiff's Motion to Transfer Venue is therefore DENIED without prejudice to a motion to remand at a later date. The Clerk of Court shall terminate 18-CV-6316, Docket No. 3.

    SO ORDERED.

Dated: July 31, 2018
       New York, New York

                                        JESSE M. FURMAN
                                  United States District Judge