UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>GENERAL MOTORS LLC IGNITION SWITCH LITIGATION | No. 14-MD-2543 (JMF)<br>No. 14-MC-2543 (JMF)<br><br>Hon. Jesse M. Furman |
| This Document Relates to:<br><br>ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DOMINIQUE HANSSENS UNDER *DAUBERT* AND FED. R. EVID. 702**

**[REDACTED VERSION]**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. The analytic gap between Dr. Hanssens's work and the relevant questions in this case. ..... 2

B. Dr. Hanssens's legal opinions. ..... 4

III. ARGUMENT ..... 5

A. Dr. Hanssens's analysis is not relevant to the question of harm at purchase. ..... 5

B. Dr. Hanssens's testimony about "individualized inquiries" is not expert opinion, but (unsupported) legal analysis. ..... 6

IV. CONCLUSION ..... 7

## I. INTRODUCTION

GM proffered Professor Dominique Hanssens[1] to offer expert testimony on various topics, including GM's advertising, Rule 23, the purported impact of the recall announcements on GM sales and market share, and aspects of Plaintiffs' expert Stefan Boedeker's analysis. Plaintiffs move to exclude: (a) Dr. Hanssens's opinions regarding the impact of the recalls on GM's post-recall sales[2]; and (b) Dr. Hanssens's opinions regarding whether (in his words) this Court must utilize "individualized inquires" in deciding class certification and in opining on what Plaintiffs must show for class certification.[3]

Dr. Hanssens's opinions on post-recall sales (in addition to being the product of pronounced methodological flaws that are beyond the scope of this motion) do not satisfy *Daubert* and Fed. R. Evid. 702. They are irrelevant to the question of the existence and extent of overpayment at purchase incurred by class members, all of whom did in fact purchase or lease a defective GM vehicle. Dr. Hanssens is [redacted] Dr. Hanssens cements the analytic gap between those two issues: [redacted]

Dr. Hanssens's opinions on Rule 23 improperly invade the Court's province, and implicate each facet of the *Daubert* inquiry: Dr. Hanssens is not qualified to opine on law or to assist this

[1] Feb. 23, 2018 Expert Report of Dominique Hanssens ("Feb. 23 Hanssens Rpt.") at ¶¶ 11-16. Dr. Hanssens's Feb. 23 Expert Report is attached as Ex. 17 to the Omnibus Declaration of Steve W. Berman in Support of Plaintiffs' *Daubert* Motions to exclude opinions of Cornell, Hanssens, Jason, Keller, List, and Willig ("Omnibus Berman Decl."). In this brief, Plaintiffs also refer to the Errata May 18, 2018 Report of Stefan Boedeker ("May 18 Boedeker Rpt."), which was previously submitted as Ex. 215 to the Declaration of Steve W. Berman in Support of Economic Loss Plaintiffs' Motion to Certify Bellwether Classes in California, Missouri, and Texas (Dkt. No. 5848).

[2] This includes ¶¶ 12, 20-21, and 40-83 of the Feb. 23 Hanssens Rpt.

[3] This includes ¶¶ 13-16, 21, 62-64, 84, 94, and 98 of the Feb. 23 Hanssens Rpt.

Court (the trier of fact for Rule 23) in doing so, and Dr. Hanssens employs no reliable or well-accepted methodology to test [redacted].

## II. BACKGROUND

### A. The analytic gap between Dr. Hanssens's work and the relevant questions in this case.

As with the other GM experts that [redacted] *See generally* May 18 Boedeker Rpt. at ¶¶ 17-20, 102-121. Dr. Hanssens instead [redacted].[4] Dr. Hanssens [redacted]

[redacted]

[4] There were also profound methodological problems with Dr. Hanssens's analysis. May 18 Boedeker Rpt. at ¶¶ 304-46. As Mr. Boedeker summarized:

[redacted]

*Id.* at ¶ 306. Mr. Boedeker also [redacted]. *Id.* at ¶ 307.



010440-11 1068231 V1

[redacted]

Hanssens Dep. at 80:9-81:1-11 (emphasis added).[5] In other words, Dr. Hanssens [redacted] As Dr. Hanssens testified in the following colloquy:

[redacted]

Hanssens Dep. at 101:2-22 (emphasis added). In an earlier colloquy, [redacted]

[5] Excerpts to the Apr. 30, 2018 Deposition of Dominique M. Hanssens are attached as Ex. 18 to the Omnibus Berman Decl.

[redacted]

Hanssens Dep. at 41:2-10. Yet, here, the cars were sold and a fixed supply of at issue vehicles exists, notwithstanding Dr. Hanssens's unwillingness to grapple with that fact and refusal and inability to connect what he looked at (market share after the recalls) and harm to consumers at sale.

**B. Dr. Hanssens's legal opinions.**

Plaintiffs are not seeking to strike most of Dr. Hanssens's opinions relating to advertising, but respectfully submit that the Court's exercise of its gate-keeper function compels the dismissal of opinions about the legal elements of Rule 23. Dr. Hanssens explained that [redacted] Feb. 23 Hanssens Rpt. at ¶ 13. [redacted]

[redacted]

[redacted]

Hanssens Dep. at 21:23-22:8 (emphasis added). Dr. Hanssens's opinions relating to his unscientific "individualized inquiry" analysis are outside of his expertise.

## III. ARGUMENT

### A. Dr. Hanssens's analysis is not relevant to the question of harm at purchase.

Dr. Hanssens's (flawed) analysis of post-recall GM vehicles sales did not set out to answer, and could not answer, the question of whether class members overpaid for their vehicles at purchase. Testimony is irrelevant within the meaning of *Daubert* when it seeks to answer the wrong legal question. *See In Re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104, 1107 (S.D. Cal. 2012) (granting motion to exclude on the basis that expert had premised his analysis on an incorrect legal standard of the requirements of loss causation).

Here, a historically-fixed number of at issue GM vehicles were sold or leased. Every class member bought or leased a GM vehicle. Dr. Hanssens's opinions [redacted] *See In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 971 (N.D. Cal. 2018) ("[The] fact that a fixed number of vehicles were in fact sold . . . merits assuming that the size of the class is the same in both the hypothetical and real worlds and assessing damages on that basis.").

**B. Dr. Hanssens's testimony about "individualized inquiries" is not expert opinion, but (unsupported) legal analysis.**

An expert may not usurp the role of the trier of fact and may not render legal opinions: the careful, non-legal label an expert may place on their own analysis does not govern the question of whether they have exceeded their bounds. *See, e.g.*, *Fleischman v. Albany Med. Ctr.*, 728 F. Supp. 2d 130, 167 (N.D.N.Y. 2010) (striking certain expert opinions; although the expert characterized the challenged opinions as "economic analysis" about whether there was a "causal link" in a compensation analysis, the opinions—properly interpreted—went to non-expert matters about how compensation was set at the defendant hospitals).

A recent opinion struck analysis similar to Dr. Hanssens's conclusions, and explained the sometimes fine, *but important to preserve*, line between applying expert analysis to record evidence and purporting to opine on "what that means for the plaintiffs' case." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 48 (S.D.N.Y. 2016) (expert "overstepped his authority" in opining "whether class certification is possible given the record evidence"; notwithstanding expert's claim that he ultimately deferred to the Court). [redacted] Feb. 23 Hanssens Rpt. at ¶ 15. [redacted] at ¶ 64. Dr. Hanssens's speculation over what (in his view) the Plaintiffs should have to prove to

satisfy commonality or predominance, and whether (in his view) Plaintiffs have made that showing, should not go through the gate.

## IV. CONCLUSION

For the reason set forth above, Plaintiffs' motion to exclude certain opinions and testimony of Dominique Hanssens should be granted.

DATED: September 28, 2018

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *Steve W. Berman*
Steve W. Berman

*steve@hbsslaw.com*
Sean R. Matt
*sean@hbsslaw.com*
Andrew M. Volk
*andrew@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

DATED: September 28, 2018

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser

*ecabraser@lchb.com*
Rachel Geman
*rgeman@lchb.com*
275 Battery St., 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Co-Lead Counsel with Primary Focus on Economic Loss Cases*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on September 28, 2018, which will send notification of such filing to the e-mail addresses registered.

*/s/ Steve W. Berman*
Steve W. Berman