UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION        14-MD-2543 (JMF)

*This Document Relates To:*                                                    MEMORANDUM OPINION
*Thomas et al. v. General Motors LLC, 16-CV-5305*                        AND ORDER

------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

**[Regarding New GM's Motion for Summary Judgment with Respect to the
Claims of Two Personal Injury Plaintiffs Based on the Tennessee Statute of Repose]**

Plaintiffs Melanie Thomas and Paul Rupchak bring products liability claims under Tennessee law against Defendant General Motors LLC ("New GM").[1] Their case, relating to an accident that occurred in July 2015, is one of thousands in this multidistrict litigation arising from a defect in the ignition switch of certain General Motors branded vehicles and a series of related recalls. New GM now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment based on the applicable statute of repose. For the reasons stated below, New GM's motion is GRANTED.[2]

## BACKGROUND

The relevant facts are undisputed and can be briefly stated. Thomas bought a used 2005 Chevrolet Malibu LT in or around May 2006. *See* Docket No. 5724 ("Statement of Undisputed

---

[1] Thomas submitted an affidavit under the name "Melanie Thomas-Kozak," *see* Docket No. 5726-32 ("Thomas Aff."), at 2, but, following the caption, the Court refers to her as "Thomas" throughout this Opinion.

[2] New GM initially moved for summary judgment with respect to the claims of multiple Plaintiffs, but its motion was withdrawn or mooted as to all but Thomas and Rupchak. *See* Docket No. 5835, at 1.

Facts" or "SUF"), ¶ 20; 16-CV-5305, Docket No. 1 ("Compl."), ¶ 8.[3] The car had first been leased by another user — whom the record does not identify by name — on September 30, 2004. *See* SUF ¶ 22; Docket No. 5546-6, at 4. On July 9, 2015, Thomas lost control of the car while driving through Hawkins County, Tennessee; the car traveled off the road and down an embankment, causing injuries to Thomas and to her passenger, Rupchak. *See* Compl. ¶¶ 81, 85-87. On July 5, 2016, Thomas and Rupchak filed suit against New GM, alleging that their crash and injuries were caused by the ignition switch defect at the center of this multidistrict litigation. *See* Compl. ¶¶ 81-125. New GM now moves for summary judgment, arguing that Plaintiffs' claims are barred by Tennessee's ten-year statute of repose for products liability actions. *See* Docket No. 5544 ("New GM Mem."), at 9-14.

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam). A dispute over an issue of material fact qualifies as genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, and "[i]n moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). To defeat a motion for summary judgment, the non-moving party must advance

---

[3]   Unless otherwise indicated, all citations to docket entries refer to No. 14-MD-2543.

more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements." *Gottlieb v. Cty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

## DISCUSSION

The Tennessee Products Liability Act ("TPLA"), which governs Plaintiffs' claims, provides, in relevant part, that "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition . . . must be brought within ten (10) years from the date on which the product was first purchased for use or consumption." Tenn. Code Ann. § 29-28-103(a). Whether the statute was triggered by the initial lease of the car in 1994 or Thomas's purchase of the car in May 2006, therefore, the statute bars Plaintiffs' claims — filed in July 2016 — unless it was somehow restarted after July 2006 or tolled. Recognizing that, Plaintiffs make two arguments for why their claims are not barred. *See* Docket No. 5725 ("Pls.' Mem."), at 20-25. First, they contend that the period of repose started anew when the interior steering shaft of the Malibu was serviced in 2008. *See id.* at 22. Second, they assert that New GM's "fraudulent concealment" of the ignition switch defect tolled the statute. *See id.* at 22-25. Both arguments fall short.

Plaintiffs' first argument relies on a scattered line of cases holding that a product "that is substantially rebuilt or reconditioned becomes a 'new' product for the purpose of a products liability action" and that the statute of repose restarts from the date of the sale of the reconditioned product. *Fugate v. AAA Mach. & Equip. Co.*, 593 F. Supp. 392, 393 (E.D. Tenn. 1984) (denying summary judgment based on the TPLA's statute of repose because fact issues

3

existed as to whether "the [reconditioned] grinder at issue . . . qualified as a 'new' product"); *accord Rollins v. Cherokee Warehouses, Inc.*, 635 F. Supp. 136, 139 (E.D. Tenn. 1986) (noting that, under *Fugate*, the TPLA might not bar a products liability claim in which the defendant "rebuilt and reconditioned" a forklift and sold it to the plaintiff); *see also Richardson v. Gallo Equip. Co.*, 990 F.2d 330, 331 (7th Cir. 1993) (collecting authority for the proposition that "reconstruction or reconditioning . . . which has the effect of lengthening the useful life of a product beyond what was contemplated when the product was first sold starts the statute of repose running anew"). The doctrine stems from the intuition that "[w]hen a product is totally remanufactured or rebuilt, it becomes, for all intents and purposes, a new product." *Anderson v. Olmsted Util. Equip., Inc.*, 573 N.E.2d 626, 629 (Ohio 1991). Thus, for the exception to apply, the product must be "*substantially* rebuilt or reconditioned," *Fugate*, 593 F. Supp. at 393 (emphasis added), "totally remanufactured or rebuilt," *Anderson*, 573 N.E.2d at 629, or "completely refurbished," *Butchkosky v. Enstrom Helicopter Corp.*, 855 F. Supp. 1251, 1254 (S.D. Fla. 1993), so as to "lengthen[] the useful life of [the] product beyond what was contemplated when the product was first sold," *Richardson*, 990 F.2d at 331. A reconditioning is thus "distinct from a mere repair," *id.*, a "routine tune-up to put [it] in 'working condition,'" *Jones v. Walker Mfg. Co.*, No. 97301, 2012 WL 1142889, at *3 (Ohio Ct. App. Apr. 5, 2012), or the simple introduction of a replacement part, *see Butchkosky*, 855 F. Supp. at 1255; *Lillard v. Positive Safety Mfg. Co.*, No. 89-18-II, 1989 WL 54912, at *3 (Tenn. Ct. App. May 24, 1989).

There are two problems with Plaintiffs' "reconditioning" argument. First, no Tennessee state court, much less the Tennessee Supreme Court, has adopted the exception. *See Lillard*, 1989 WL 54912, at *2 (discussing *Fugate*, but ultimately concluding that "it is not necessary that we accept or reject [its] reasoning . . . to decide the issue in this case"). Second, and in any

4

event, the evidence in the record falls far short of demonstrating that Thomas's Malibu was reconditioned or remanufactured to a degree that would trigger the exception. In her affidavit, Thomas states that, in 2008, the "interior steering shaft, connected to the ignition assembly, was *worked on* by Edde Chevrolet personnel." Thomas Aff. ¶ 4 (emphasis added). And the two invoices for the work both describe the services provided as "lubricate and reposition int strg shaft." *Id.*, Exh. A. Plaintiffs' self-serving characterizations aside, "[n]othing in the record . . . indicates the significance, magnitude, or meaning of these repairs to the essential operation or utility" of the vehicle. *Alley v. Johnson & Johnson*, No. 1:02-CV-40043, 2004 WL 180256, at *4 (S.D. Iowa Jan. 5, 2004). Absent such evidence, no reasonable trier of fact could conclude that the lubrication and repositioning of the Malibu's interior steering shaft (or the "*intermediate*" steering shaft, as New GM puts it, *see* Docket No. 5835 ("New GM Reply"), at 2-4, the difference being immaterial for present purposes) amounted to a "substantial" reconditioning or refurbishment of the vehicle. *Compare Alley*, 2004 WL 180256, at *4, *6 (finding plaintiffs failed to create an issue of fact as to reconditioning for an air drill that was disassembled, repaired, and lubricated), *with Anderson*, 573 N.E.2d at 627 (affirming liability against a defendant hired to "totally re-manufacture[]" a cherry-picker "including 100% tear-down, inspection and rebuild" (internal quotation marks omitted)). Put simply, the work was closer to a "mere repair" or "routine tune-up" than it was to a full reconditioning. And to allow the statute of repose to restart in such circumstances would "effectively eviscerate the statute of repose" as it applies to automobiles, *Butchkosky*, 855 F. Supp. at 1255, and "could mean potential liability stretching into eternity for a manufacturer" such as New GM, *Lillard*, 1989

WL 54912, at *3. Accordingly, Plaintiffs' first argument for avoiding the Tennessee statute of repose falls short.[4]

Plaintiffs' second argument — that New GM's "fraudulent concealment" of the ignition switch defect tolled the statute of repose, *see* Pls.' Mem. 22-25 — fails as a matter of law. Admittedly, the Tennessee Supreme Court itself has not ruled on whether "fraudulent concealment" can toll the statute of repose. But the Tennessee Court of Appeals and multiple federal courts, including the Sixth Circuit, are unanimous in holding that it cannot. *See, e.g.*, *Damron v. Media Gen., Inc.*, 3 S.W.3d 510, 513 (Tenn. Ct. App. 1999); *Carter v. R.J. Reynolds Tobacco Co.*, No. W1999-02233-COA-R3-CV, 2000 WL 52806, at *3 (Tenn. Ct. App. Jan. 11, 2000); *see also Hayes v. Gen. Motors Corp.*, No. 95-5713, 1996 WL 452916, at *2 (6th Cir. Aug. 8, 1996) (same); *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 888 (W.D. Tenn. 1999) (same); *Klein v. O'Neal, Inc.*, No. 7:03-CV-102-D, 2008 WL 2152030, at *10 (N.D. Tex. May 22, 2008) (same). And those holdings are consistent with Tennessee Supreme Court jurisprudence refusing to recognize exceptions to the statute of repose beyond those expressly provided by the Tennessee General Assembly. *See, e.g.*, *Penley v. Honda Motor*

---

[4] Even if there were sufficient evidence to establish a reconditioning of the car, it is not clear that *New GM* would be liable for it. "The existing case law in which courts have adopted a refurbishment exception to statutes of repose requires that the refurbishment be completed *by the party being held accountable for the harm* — i.e., to hold the original manufacturer liable for injuries caused by a refurbished product, the product must have actually been refurbished by the manufacturer *not a third party*." *Oppedahl v. Mobile Drill Int'l, Inc.*, 899 F.3d 505, 509 (8th Cir. 2018) (emphasis added); *see also, e.g.*, *Miller v. Honeywell Int'l Inc.*, No. IP98-1742-C-M/S, 2001 WL 395149, at *8 (S.D. Ind. Mar. 7, 2001) (noting a lack of authority for the proposition that a manufacturer could be liable where it "did not actually rebuild the product itself, but did exercise significant control over the rebuilding process"). Here, the work was performed by Edde Chevrolet, *see* Thomas Aff. ¶ 4 & Exh. A, and there is no evidence of the relationship, if any, between Edde Chevrolet and New GM — let alone sufficient evidence to conclude that New GM would be liable for Edde Chevrolet's work on the car.

*Co.*, 31 S.W.3d 181, 185 (Tenn. 2000) (holding that TPLA's repose period is not tolled for "mental incompetency"). If anything, the case for recognizing tolling is even weaker in this context: Tennessee's medical malpractice law demonstrates that the General Assembly knows full well how to allow for tolling on the basis of a defendant's fraudulent concealment if it wants to do so. *See* Tenn. Code Ann. § 29-26-116(a)(3) (providing for a repose period of three years "except where there is fraudulent concealment on the part of the defendant").

Contrary to Plaintiffs' contention, the fact that fraudulent concealment can toll statutes of *limitations* in Tennessee is irrelevant. As the Tennessee Supreme Court has observed, "[s]tatutes of repose operate differently than statutes of limitation, primarily because statutes of repose typically begin to run with the happening of some event unrelated to the traditional accrual of the plaintiff's cause of action." *Penley*, 31 S.W.3d at 184; *see id.* (describing a statute of repose as "an absolute time limit within which actions must be brought" and "an outer limit or ceiling superimposed upon the existing statute of limitations" (internal quotation marks and alterations omitted)). Nor would it matter if New GM's allegedly fraudulent conduct were more egregious than the fraudulent conduct alleged in the cases cited above, as Plaintiffs allege. *See* Pls.' Mem. 24. The issue is not one of degree; under Tennessee law, fraudulent concealment cannot toll the statute of repose, full stop. Accordingly, Plaintiffs' tolling argument must be rejected.[5]

---

[5] Plaintiffs suggest that the Court should certify to the Tennessee Supreme Court the question of whether fraudulent concealment can toll the TPLA's statute of repose. *See* Pls.' Mem. 25. That suggestion is meritless, for the simple reason that the Supreme Court cannot accept a certified question from this Court. *See* Tenn. Sup. Ct. R. 23 § 1 ("The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States *in Tennessee*, or a United States Bankruptcy Court in Tennessee." (emphasis added)).

## CONCLUSION

For the foregoing reasons, the Court concludes that the TPLA's statute of repose ran before Thomas and Rupchak filed their lawsuit in 2016. Accordingly, New GM's motion for summary judgment is GRANTED, and the claims of Thomas and Rupchak are DISMISSED. The Clerk of Court is directed to terminate Thomas and Rupchak as Plaintiffs in both 14-MD-2543 and their member case and, if no plaintiffs remain in that case, to close it. The Clerk is also directed to terminate the following motions:

- 14-MD-2543, Docket No. 5543;
- 15-CV-3650, Docket No. 154;
- 16-CV-2315, Docket No. 103;
- 16-CV-3923, Docket No. 111;
- 16-CV-5305, Docket No. 90; and
- 17-CV-3979, Docket No. 60.

SO ORDERED.

Dated: February 27, 2019  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge