UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates To:*
*Mistrot et al. v. General Motors LLC, 16-CV-2919*;
*Pittman et al. v. General Motors LLC, 15-CV-6810*;
*Sides et al. v. General Motors LLC, 16-CV-2875*;
*Alexander et al. v. General Motors LLC, 16-CV-9518*;
*Walker et al. v. General Motors LLC, 18-CV-2315*

14-MD-2543 (JMF)

ORDER

---------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

**[Regarding Withdrawal of Representation by the Firm as to the Affected Plaintiffs]**

The Potts Law Firm, LLP (the "Firm") has moved to withdraw from its representation of the six plaintiffs listed on Exhibit A (the "Affected Plaintiffs") in response to New GM's notices or motions filed pursuant to Order 140. *See* Docket No. 6493. New GM does not oppose the Motion as to the Affected Plaintiffs, but filed a response on March 14, 2019 (Docket No. 6577), seeking an order setting forth a process consistent with the process adopted by the Court in Order No. 137 (Docket No. 4840) to address the claims of the Affected Plaintiffs listed on Exhibit A.

Upon consideration of the Firm's motion and New GM's proposed order, and for good cause shown, it is hereby ORDERED that:

1. The Firm's Motion is hereby GRANTED, substantially for the reasons set forth in its memorandum of law and supporting declaration. *See* Docket Nos. 6493-1, 6493-2.

2. As a condition of withdrawal, the Firm shall, **no later than March 29, 2019**, serve upon the Affected Plaintiffs (1) a copy of the "Notice to Certain Plaintiffs in General Motors Ignition Switch Litigation" attached hereto as Exhibit B; (2) a copy of this Order; and

(3) a copy of this Court's Individual Rules and Practices for *Pro Se* Cases, which is attached to this Order as Exhibit C.  The Order and the Court's Individual Rules should be attached to the "Notice to Certain Plaintiffs in General Motors Ignition Switch Litigation" such that the "Notice" is the first page of the materials enclosed.  The Firm shall file proof of such service **no later than April 5, 2019**.  Additionally, within ten (10) days of entry of this Order the Firm shall file with the Court (on the 14-MD-2543 Docket) a single document identifying (1) the current service address, including email address where available, for the Affected Plaintiffs; and (2) any Affected Plaintiffs who remain represented by other counsel and the contact information for such counsel.  The Firm shall submit a copy of the document, in Microsoft Word or Microsoft Excel format, to the Court by e-mail on the same date.

       3. The Affected Plaintiffs are hereby ordered to file, **in the form of a new lawsuit**, an amended and severed complaint in the United States District Court for the Southern District of New York within ninety (90) days — that is, **June 17, 2019** — and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a).  In conjunction with any amended and severed complaint, an Affected Plaintiff shall also file a Related Case Statement, available at www.nysd.uscourts.gov/forms.php, identifying the new lawsuit as related to these proceedings (*In General Motors Ignition Switch Litigation*, 14-MD-2543 (JMF)).  As another federal court has explained:

> In multidistrict cases considering severance of cases, courts have noted that the filing fee has two salutary purposes. First, it is a revenue raising measure. Second, § 1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits. Had each plaintiff initially instituted a separate lawsuit as should have occurred here, a fee would have been collected for each one. Thus, the federal fisc and more particularly the federal courts are being wrongfully deprived of their due. By misjoining claims, a lawyer or party need not balance the payment of the filing fee against the merits of the claim or claims.

2

*In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 92 (E.D.N.Y. 2012) (internal citations and quotations omitted); *accord In re Asbestos Prod. Liab. Litig.*, 2008 WL 4290954, at *2–3 (E.D. Pa. Sept. 18, 2008) (requiring amended and severed complaint and payment of filing fee within 60 days on pain of dismissal with prejudice); *In re Seroquel Prod. Liab. Litig.*, 2007 WL 737589, at *2–3 (M.D. Fla. Mar. 7, 2007) (noting "gatekeeping feature of a filing fee and the cost of managing [] additional cases in the federal court system as a whole, both as a part of this multi-district case and once remanded to the transferor or proper court, as individual cases"); *In re Diet Drugs*, 325 F.Supp.2d 540, 542 (E.D. Pa. 2004) ("We view the payment of a [] filing fee for every severed and amended complaint not only as just but as mandated by § 1914(a). We do not read § 1914(a) to bestow a free ride on misjoined or misjoining plaintiffs.").

4. Pursuant to Order No. 144 (MDL Docket No. 5296), in order to facilitate the assignment of these new cases to the undersigned for inclusion in the MDL and the orderly termination of Affected Plaintiffs from their initial dockets (as of the date of the newly filed amended and severed complaint), each Affected Plaintiff shall (1) prominently note in the Related Case Statement that he or she is an existing plaintiff in an existing case, citing the case name and docket number of that case; (2) reference in the Related Case Statement the MDL Order pursuant to which he or she is filing an amended and severed complaint; and (3) attach as an exhibit to the Related Case Statement a copy of the *original* complaint in which the Affected Plaintiff is already associated (if the Affected Plaintiff has access to the original complaint).

5. Any Affected Plaintiff who fails to comply with his or her obligation under the Order to file, as a new lawsuit in this District, an amended and severed complaint and to pay

any associated filing fee will be subject to having his or her claims dismissed. If any Affected Plaintiff has not filed, as a new lawsuit in this District, an amended and severed complaint and paid any filing fee within ninety (90) days of this Order, New GM may file a First Notice of Non-Compliance identifying the Affected Plaintiffs who have failed to comply with this Order and requesting that the Court enter an Order dismissing their claims without prejudice. New GM will serve any non-compliant Affected Plaintiff with the First Notice of Non-Compliance and any Order issued by the Court with respect to that Notice — by sending a copy via first class mail to the mailing address and/or email (where available) using the contact information provided by the Firm — and file proof of service.

6. If the Court dismisses the claims of an Affected Plaintiff without prejudice under the previous paragraph, the Order dismissing the claim without prejudice will be converted to a Dismissal With Prejudice upon New GM's filing of a Second Notice of Non-Compliance — to be filed no earlier than thirty (30) days after the Court's entry of the Order of dismissal without prejudice — unless an Affected Plaintiff files, in the form of a new lawsuit in this District, an amended and severed complaint and pays any associated filing fee. New GM will likewise serve any non-compliant Affected Plaintiff with the Second Notice of Non-Compliance and any order issued by the Court with respect to that Notice — by sending a copy via first class mail to the mailing address and/or email (where available) using the contact information provided by the Firm — and file proof of service.

7. If or when an Affected Plaintiff files, as a new lawsuit in this District, an amended and severed complaint and pays any associated filing fee, the Court will enter an order severing that Affected Plaintiff from his or her existing omnibus complaint. (There is no need to do so with respect to any Affected Plaintiff who fails to file an amended and

severed complaint by the deadline, as his or her claims will be dismissed from his or her existing omnibus complaint.)  See Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.").  If the Court fails to do so within fourteen days of an amended and severed complaint being filed, New GM shall advise the Court by letter.

8. Within thirty (30) days of the entry of any Order dismissing the claims of the Affected Plaintiffs with prejudice pursuant to this Order, New GM will advise the Court of its views with respect to proposed next steps for any non-dismissed Affected Plaintiff.  New GM should first endeavor to meet and confer in good faith with such Affected Plaintiffs (or, if represented, with such Affected Plaintiffs' counsel).

9. The Affected Plaintiffs are advised that all communications with the Court by a *pro se* (that is, unrepresented) party must be mailed to the *Pro Se* Office, United States Courthouse, 40 Centre Street, Room 105, New York, New York 10007.  No documents or court filings should be sent directly to the Chambers of the undersigned.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.   The Affected Plaintiffs are also advised that there is a *Pro Se* Law Clinic in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers.  The Clinic may be able to provide an unrepresented Affected Plaintiff with advice in connection with this case.  The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse.  The Clinic is open on weekdays from 10

a.m. to 4 p.m., except on days when the Court is closed. An Affected Plaintiff can make an appointment in person or by calling (212) 659-6190.

10. New GM shall promptly serve the Affected Plaintiffs with any Order issued by the Court that may affect their rights and file proof of such service.

The Clerk of Court is directed to terminate:

- 14-MD-2543, Docket No. 6493
- 16-CV-2919, Docket No. 146
- 15-CV-6810, Docket No. 135
- 16-CV-2875, Docket No. 113
- 16-CV-9518, Docket No. 87; and
- 18-CV-2315, Docket No. 29.

SO ORDERED.

Dated: March 18, 2019
New York, New York

JESSE M. FURMAN
United States District Judge

# EXHIBIT A

# **EXHIBIT A**

| Name | Cause No. |
|---|---|
| Daffaine, Shannon | *Mistrot et al. v. General Motors, LLC*, 1:16-cv-02919 |
| Simmons, Louis | *Pittman et al. v. General Motors LLC*, 1:15-cv-06810 |
| Pittman, Sadora | *Pittman et al. v. General Motors LLC*, 1:15-cv-06810 |
| Headley, Jennifer | *Sides et al. v. General Motors LLC*, 1:16-cv-02875 |
| Price, Diane | *Alexander et al. v. General Motors LLC*, 1:16-cv-9518 |
| Walker, Maranda, individually and on behalf of class members of deceased Hunter Peeler | *Walker et al. v. General Motors LLC*, 1:18-cv-02315 |

# EXHIBIT B

### Notice to Certain Plaintiffs in General Motors Ignition Switch Litigation

1. You are a plaintiff in *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543 (JMF), a case now pending before the Honorable Jesse M. Furman, United States District Judge for the Southern District of New York.

2. Attached is Judge Furman's Order, dated March 18, 2019. As the Order explains, the Potts Law Firm, LLP (the "Firm") applied for permission to withdraw as your lawyer in connection with this case, and the Court has granted the Firm permission to withdraw. Accordingly, as of this time, you are no longer represented by any lawyer from the Firm in connection with this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 105 of the United States Courthouse, 40 Centre Street, New York, NY 10007, and may be reached at (212) 805-0175.

4. If you choose to represent yourself, you may also seek assistance from a *Pro Se* Law Clinic run by the New York Legal Assistance Group, which is available to assist individuals who are parties in civil cases and do not have lawyers. It is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY in Room LL22, and may be reached on weekdays from 10 a.m. to 4 p.m. Eastern Time at (212) 659-6190. The Clinic may be able to provide you with advice in connection with your case.

5. Regardless of whether you retain a new lawyer to represent you or if you proceed *pro se*, you are responsible for complying with all the Court's orders and its Individual Rules and Practices. A Copy of the Court's Individual Rules and Practices is attached.

6. **Judge Furman's Order of March 18, 2019 contains some important deadlines and you should read it with care. Failure to meet the deadlines may result in dismissal of your claim.**

7. As set forth in Judge Furman's Order, **if you wish to continue with your claim, you must file a new lawsuit in the United States District Court for the Southern District of New York by June 17, 2019 and pay any associated filing fees.** You must also file a Related Case Statement, available at www.nysd.uscourts.gov/forms.php, identifying the new lawsuit as related to these proceedings (*In re: General Motors Ignition Switch Litigation*, 14-MD-2543 (JMF)).

8. In the Related Case Statement you should
    a. Prominently note that you are an existing plaintiff in an existing case. You should cite the name and docket number of that case.
    b. Reference the name and number of the MDL Order that directed you to file an amended and severed complaint.

9. You should attach to the Related Case Statement a copy of the *original* complaint in which you first appeared as a plaintiff in the General Motors MDL (if you have access to the original complaint).

10. **If you do not file a new lawsuit in the United States District Court for the Southern District of New York by June 17, 2019, your claims may be dismissed.** As set forth in the Court's Order, your claims would first be dismissed *without* prejudice (that is, they could be refiled, subject to other potential restrictions). You would then have **thirty (30) days** within which to file a new lawsuit in the United States District Court for the Southern District of New York and to pay any associated filing fee. If you fail to do so, your claims could be dismissed *with* prejudice. If the Court dismisses your claims *with* prejudice, you will no longer be able to file a lawsuit in connection with your claims.

11. If you file a new lawsuit in accordance with Judge Furman's Order, New GM will seek to meet and confer with you in good faith before the litigation proceeds further. If you are represented, New GM will instead meet and confer with your counsel.

12. This Notice has been reviewed and approved by Judge Furman. To the extent there is any conflict between the Notice and Judge Furman's Order of March 18, 2019, the Order controls.

**EXHIBIT C**

**INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES**
**Jesse M. Furman, United States District Judge**

***Pro Se* Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered by the Court, these Individual Practices apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be delivered in person or mailed to the *Pro Se* Office, United States Courthouse, 40 Centre Street, Room 105, New York, New York 10007. No documents or court filings may be sent directly to Chambers. **Any questions should be directed to the *Pro Se* Office at (212) 805-0175; *pro se* parties may not call the Court directly.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   B. **By Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Furman.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order in accordance with Judge Furman's Individual Rules and Practices in Civil Cases. A *pro se* party may, but

is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

2. **Filing of Papers and Service**

    A. **Papers Filed by a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with one courtesy copy of those papers, shall be delivered in person or sent by mail to the *Pro Se* Office, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Any *pro se* party that wishes to participate in electronic case filing ("e-filing") must file a Motion for Permission for Electronic Case Filing (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office). If the Court grants a motion to participate in "e-filing," that party *will not* receive hardcopies of any document filed electronically via ECF.

    B. **Service on a *Pro Se* Party.** Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

3. **Discovery**

    All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought. Discovery requests should not be sent to the Court.

    If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4. **Motions**

    A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the

motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

B. **_Pro Se_ Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the _pro se_ party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

C. **Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

D. **Courtesy Copy.** One courtesy hard copy of all formal motion papers, marked as such, should be submitted to Chambers _by the non-pro se party_ at the time the reply is due. Courtesy copies should not be submitted to Chambers at the time of filing. If all the parties are _pro se_, then no courtesy copies of formal motion papers are required.

E. **Oral Argument.** Unless otherwise ordered by the Court, oral argument will not be heard in _pro se_ matters.

5. **Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the _pro se_ party or parties.

The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties four months (from the date of the conference) to complete all discovery, and set a deadline for the filing of any motions for summary judgment 30 days after the close of discovery. In advance of the initial case management conference, the parties should, if practicable, confer with one another to determine if such a schedule would be appropriate or if there is anything unusual about the case that would require more time and be prepared to discuss those issues at the conference. The Court will issue a written order memorializing all dates and deadlines following the conference.

An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone. If an incarcerated party does not have counsel and is unable to participate by telephone, a family member or a representative may attend the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the _pro se_ party wishes to have addressed at the conference. If a representative is designated, he or she should contact Chambers at (212) 805-0282 to determine the location of the conference. The Court will also have a transcript of the conference sent to the incarcerated party.

6. **Trial Documents**

    A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement, plus one courtesy copy, with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

    B. **Other Pretrial Filings.** If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court (Furman_NYSDChambers@nysd.uscourts.gov), in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

7. ***Pro Se* Clinic**

    In 2016, a *Pro Se* Law Clinic opened in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers. The Clinic may be able to provide a non-incarcerated *pro se* litigant with advice in connection with his or her case. The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling (212) 659-6190.