UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>GENERAL MOTORS LLC IGNITION SWITCH LITIGATION | No. 14-MD-2543 (JMF) |
| This Document Relates to:<br><br>ALL ACTIONS | |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF (1) PLAINTIFFS' OPPOSITION TO NEW GM'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SUCCESSOR LIABILITY, (2) PLAINTIFFS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1, (3) PLAINTIFFS' RESPONSE TO NEW GM'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1, AND (4) DECLARATION PURSUANT TO FED. R. CIV. P. 56(d)**

I, Steve W. Berman, declare under penalty of perjury as follows:

1. I am an attorney duly admitted to practice in this Court and I am the managing partner of the law firm of Hagens Berman Sobol Shapiro LLP, one of the Co-Lead Counsel representing Plaintiffs in the above-entitled MDL litigation. I have personal knowledge of the matters described in this declaration and am competent to testify thereto. I make this declaration in support of (1) Plaintiffs' Opposition to New GM's Motion for Summary Judgment on Successor Liability ("Pls. Opp."), (2) Plaintiffs' Statement of Material Facts Pursuant to Local Rule 56.1, (3) Plaintiffs' Response to New GM's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, and (4) Declaration Pursuant to Fed. R. Civ. P. 56(d).

2. On October 24, 2016, Plaintiffs served on New GM a set of discovery requests targeted at issues related to questions of successor liability. A true and correct copy of those requests, as responded to by New GM, is attached as Pls. Ex. 5.

3. Among Plaintiffs' requests was Request for Production No. 10, which seeks information about the number of shares owned by 59 high-level Old GM and New GM officers, directors, and employees as of dates immediately before and after the sale of Old GM's assets to New GM, as well as on August 10, 2010, approximately a year after that sale. The purpose of this request was to discover information about the extent to which key individuals owned stock in both Old GM and New GM before and after the asset sale, which some states at issue in this motion consider relevant to the issue of whether New GM can be held subject to successor liability for the actions and inaction of Old GM.

4. New GM refused to provide information in response to Request for Production No. 10. *See* Ex. Pls. Ex. 5. On December 5, 2016, Plaintiffs moved to compel production of the information. Dkt. No. 3572. New GM responded on December 13, 2016. Dkt. No. 3583. On

December 14, 2016, the Court denied Plaintiffs' motion, pending Plaintiffs' opposition to New GM's motion for partial summary judgment on issues of successor liability and any affidavit made pursuant to Fed. R. Civ. P. 56(d). Dkt. No. 3597. This declaration is Plaintiffs' declaration pursuant to Fed. R. Civ. P. 56(d).

5. As is evident from Plaintiffs' briefing, the rules governing successor liability in several states at issue consider the extent to which key individuals held stock in both the predecessor and successor companies to be relevant to determining whether the successor can be held liable for the acts of the predecessor. *See, e.g.*, Pls. Opp., §§ **III.C.1.b** (Alabama and Michigan "mere continuation" and "*de facto* merger" doctrines); **III.C.2** (California law); **II.C.3** (Delaware law); **III.C.11** (New York law). Plaintiffs do not have equal access to that relevant information, although they have sought it and have diligently pursued its production.

6. In its opposition to Plaintiffs' motion to compel, New GM suggested that at least some of the information is publicly available from the SEC's databases for 17 of the 59 employees named in Plaintiffs' discovery requests. Dkt. No. 3593 at p. 3 and Ex. 3. This is inadequate for at least the following reasons:

a. At best there is only information available for 17 of the 59 officers, even according to New GM. Of those 17, however, the link provided by New GM for John Smith appears to be a link to a Mr. Smith who has no reports of ownership of stock in either Old GM or New GM. We have not located a separate SEC public database for a John Smith at GM. Thus, the actual number appears to be 16. Plaintiffs believe that in order to get a complete picture of ownership of Old GM and New GM stock shortly before and after

the sale, Plaintiffs and the Court need at least the 59 individuals Plaintiffs identified.

b. Of the 16 for whom there is information in the SEC database, our review indicates that there is inadequate information for at least 10 of those individuals (Girsky, Henderson, Kresa, Lutz, Young, Borst, Lee, Millikin, Barra, and Boler-Davis). This is because for each of these individuals, we have not found any record in the SEC database of what stock they owned (if any) in one of either Old GM or New GM. Because the individuals for whom a SEC form must be filed is limited to directors, select officers, and individuals holding at least 10% of a company's stock (*see, e.g.*, https://www.sec.gov/about/forms/form4data.pdf [Form 4 instructions]), Plaintiffs cannot tell for these 10 individuals whether they (a) never held stock in the company for which information is not provided, or (b) they held stock in the company for which information is not provided, but the amount owned was not reported to the SEC because the individual was not in a position that required them to file stock ownership. As an example, on June 7, 2010, New GM CEO Mary Barra filed an initial report using SEC Form 3 indicating that she held 12,957 shares of New GM stock. There is no record of her having filed ownership information for Old GM stock, even though she was an officer of Old GM. *See* https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001492154&type=&dateb=&owner=include&start=40&count=40. Plaintiffs suspect that she also owned shares in Old GM, but was not in a position that required her to submit Forms 3 or 4 to the

SEC. Plaintiffs cannot use the SEC EDGAR database to determine if they are correct. But New GM has access to the information that is not in the public database.

7. Thus, to the extent the Court is inclined to grant New GM's motion for partial summary judgment, in whole or in part, because Plaintiffs have not demonstrated continuity of ownership between Old GM and New GM, Plaintiffs request the Court to delay any such ruling until Plaintiffs have been provided with the information they have requested about ownership and are able to present it as evidence in support of their arguments.

8. Attached are true and correct copies of the following documents:

| Pls. Ex. | Title |
|---|---|
| 1 | New GM August 7, 2009 Form 8-K |
| 2 | July 5, 2009 Asset Sale Decision in the Bankruptcy |
| 3 | Delaware Secretary of State Entity Details for General Motors LLC |
| 4 | NGMCO, Inc. Amended and Restated Certificate of Incorporation |
| 5 | New GM's Responses & Objections to Plaintiffs' Eighth Set of Consolidated Requests for Production dated November 28, 2016 |
| 6 | General Motors Co. December 31, 2009 Form 10-K (excerpted pages only) |
| 7 | Amended and Restated Master Sale & Purchase Agreement Disclosure Schedule |
| 8 | GM Announces $5.6 billion Contribution to Employee Benefit Plans dated |
| 9 | Compilation Exhibit of Declarations and Purchase Documents of Plaintiffs Patricia Barker, Michael & Sylvia Benton, Kimberly Brown-Shipley, Diana Cnossen, Shawn Doucette, Colin Elliott, Debra Forbes, Shirley, Gilbert, Cyrstal Hardin, Shenyesa Henry, Sandra Levine, Javier Malaga, George Mathis, Winifred Mattos, Esperanza Ramirez, Michael Rooney, William Ross, Leslie J. Rouse, William Rukeyser, Maria Santiago, Lisa Simmons, Jacqueline Smith, Marion Smoke, Malinda Stafford, Neysa Williams, Patrice Witherspoon, and Robert Wyman |
| 10 | Attachment B-573.6(c)(6) to April 11, 2014 New GM letter to |

| | |
|---|---|
| | NHTSA re: NHTSA Notification Campaign No. 14V-047 |
| 11 | Old GM December 15, 2011 Form 8-K (excerpted pages only) |
| 12 | Old GM April 27, 2009 Form 8-K (excerpted pages only) |
| 13 | TAC Manufacturing, Inc. Visit Report (DLPH_MDL_0002033-36) **(Filed Under Seal)** |
| 14 | Email from Larry Allen to George Lin and John Coniff dated March 24, 2006 re: URGENT ---- 2008 GMT001 IVER AGREE TO BEGIN MEETING (GM-MDL2543-002284722-25)<br>**(Filed Under Seal)** |
| 15 | Report to Board of Directors of General Motors Company Regarding Ignition Switch Recalls dated May 28, 2014 by Anton R. Valukas (excerpts only)<br>**(Filed Under Seal)** |
| 16 | Deposition of William Chase dated May 28, 2015 (excerpts only) **(Filed Under Seal)** |
| 17 | Deposition of Al Manzor dated June 11, 2015 (excerpts only)<br>**(Filed Under Seal)** |
| 18 | Deposition  of Gay Kent dated June 17, 2015 (excerpts only)<br>**(Filed Under Seal)** |
| 19 | Email from John Coniff to Carlos Gracia and John Nurse re: 09.27-.05 GMX 001 Warranty Part Review (GM_MDL2543-002284606-09 **(Filed Under Seal)** |
| 20 | Map of the Old GM Warranty Part Center (GM GM-MDL2543-002284611) **(Filed Under Seal)** |
| 21 | Email from Mary McKinley dated February 15, 2005 re: Meeting Confirmation – Cobalt Air Bag Performance Review (GM-MDL2543-002073086) **(Filed Under Seal)** |
| 22 | Email from Mary McKinley dated February 16, 2005 re: Second Meeting Scheduled – Cobalt Air Bag Performance Review (GM-MDL2543-002073087) **(Filed Under Seal)** |
| 23 | Email from Peter Judis to Raymond DeGiorgio dated June 27, 2005 re: UPDATE: GMX001 Ignition Cylinder Changes – Unintentional Turning Off Engine (GM-MDL2543-000666810-811) **(Filed Under Seal)** |
| 24 | GM document titled X001 Ignition Cylinder Effort… Next Actions (GM-MDL2543-000666812-819) **(Filed Under Seal)** |
| 25 | Email from Peter Judis to Raymond DeGiorgio dated June 27, 2005 re: UPDATE: GMX001 Ignition Cylinder Changes – Unintentional Turning Off Engine (GM-MDL2543-005105601-602) **(Filed Under Seal)** |
| 26 | GM document titled X001 Ignition Cylinder Effort… Next |

| | |
|---|---|
| | Actions (GM-MDL2543-005105603-610) **(Filed Under Seal)** |
| 27 | GM document titled Wider Distribution (Core Team and Functional Support) (GM-MDL2543-000710114-118) **(Filed Under Seal)** |
| 28 | GM document titled Wider Distribution (Core Team and Functional Support) (GM-MDL2543-401240293-294) **(Filed Under Seal)** |
| 29 | Deposition of Steven Oakley dated June 8, 2015 **(Filed Under Seal)** |
| 30 | GM document titled SOG Field Engineering Monthly Conference Call Meeting Minutes Small Car Group Product Technical Team dated Jun 20, 2005 (GM-MDL2543-004689921-926) **(Filed Under Seal)** |
| 31 | PRTS Report (GM-MDL2543-000476830-860) **(Filed Under Seal)** |
| 32 | Protocol to Download the Data Stored in the Nonvolatile Memory of the Sensing Diagnostic Module of the Chevy Cobalt, VIN1G1AM15B067787193 (CONTINENTAL_MDL_0002328-329) **(Filed Under Seal)** |
| 33 | Letter from outside counsel to Old GM legal staff in Detroit, Michigan regarding 2003 Saturn Ion Non-Deploy (GM-MDL2543-002636937-943) **(Filed Under Seal)** |
| 34 | Letter from outside counsel to Old GM legal staff in Detroit, Michigan regarding 2004 Saturn Ion Non-Deploy (GM-MDL2543-000743088.001) **(Filed Under Seal)** |
| 35 | Letter from GM legal staff in Detroit, Michigan to outside counsel for a 2006 Cobalt non-deploy personal injury matter (GM-MDL2543-000761190.001-.004) **(Filed Under Seal)** |
| 36 | Letter from outside counsel to Old GM legal staff and ESIS Claims administrator containing a case evaluation for Hasaya Chansuthus (GM-MDL2543-000660577.001) **(Filed Under Seal)** |
| 37 | Master Sale & Purchase Agreement dated June 1, 2009 |
| 38 | Memo from Thomas Gottschalk to All Attorneys dated August 4, 2003 re: Standards of Professional Conduct for Attorneys (GM-MDL2543-001052268-.003 **(Filed Under Seal)** |
| 39 | Kathryn Francis Anderson resume (GM-MDL2543-001640295-306) **(Filed Under Seal)** |
| 40 | GM People Finder profile for John T. Sprague (GM- MDL2543-400958720) |
| 41 | Letter from Carl Giffin to Manuel Peace dated September 4, 2007 (GM-MDL2543-001105688-689) **(Filed Under Seal)** |
| 42 | Expert Report of James P. White, *In the Matter of Haynes vs. GM, et al.* dated November 26, 2008 (GM-MDL2543-003429919-925) |

| | |
|---|---|
| | **(Filed Under Seal)** |
| 43 | Letter from ESIS Central Claims Unit to Mr. & Mrs. Mark Rodriguez dated August 10, 2004 (GM-MDL2543-402042074-100) **(Filed Under Seal)** |
| 44 | Risk Management Services Agreement between ESIS and GM (ESIS-000987-1001) **(Filed Under Seal)** |
| 45 | Consulting Agreement between ESIS and GM (ESIS-001082-088) **(Filed Under Seal)** |
| 46 | Email from Todd Palmatier to Dwayne Davidson dated February 16, 2009 re: 4Q08 Death and Injury reporting (GM-MDL2543-001020135) **(Filed Under Seal)** |
| 47 | Email from Evelyn Walker to Todd Palmatier dated September 16, 2005 re: summary for the 13 unrelated roll-over incident report (GM-MDL2543-002897524) **(Filed Under Seal)** |
| 48 | Letter to GM Central Claims Unit from State Farm Insurance GM-MDL2543-400853610-614) **(Filed Under Seal)** |
| 49 | Email from Todd Palmatier to Tonya McCurdy dated January 30, 2006 re: GM CARS Death and Injury Review Instructions and Data to review for 4Q05 (GM-MDL2543-002910694) **(Filed Under Seal)** |
| 50 | GM Statement on Chevrolet Cobalt Inadvertent Shutoffs (GM-MDL2543-001663910-.002) **(Filed Under Seal)** |
| 51 | Email from Jaclyn Palmer to Alan Adler & Douglas E. Brown dated November 15, 2006 re: 2005 Cobalt Air Bags – Fatal Crash; Alleged Non-Deployment (GM-MDL2543-003509967.001-.003) **(Filed Under Seal)** |
| 52 | Email from Scott Carpenter to Mark Rennie dated February 9, 2009 re; AIC3270B Supplement to Bulletin 04-03-08-006C (GM-MDL2543-002942242-250) **(Filed Under Seal)** |
| 53 | Deposition of Lori Queen dated June 25, 2015 **(Filed Under Seal)** |
| 54 | Deposition of Dwayne Davidson dated May 15, 2015 **(Filed Under Seal)** |
| 55 | Deposition of Brian Thompson Davidson dated August 26, 2015 **(Filed Under Seal)** |
| 56 | New GM April 2010 Commercial, available at https://www.youtube.com/watch?v=jbXpV0aqEM4 |
| 57 | June 1, 2009 Remarks by the President on General Motors Restructuring |

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Executed this 6th day of January, 2017 at Seattle, Washington.

*/s/ Steve W. Berman*
Steve W. Berman

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on January 6, 2017, which will send notification of such filing to the e-mail addresses registered.

*/s/ Steve W. Berman*
Steve W. Berman