UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION     14-MD-2543 (JMF)

*This Document Relates To:*     MEMORANDUM OPINION
*Ronquillo et al. v. Bravo Southwest, LP et al., 18-CV-5118*     AND ORDER
*(JMF)*

------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

**[Regarding Plaintiffs' Motion to Remand]**

Plaintiffs Richard Ronquillo and Judith Ann Estrada brought this wrongful death action against General Motors LLC ("New GM") and Bravo Southwest, LP LLLP d/b/a Bravo Cadillac ("Bravo") in Texas state court, seeking damages relating to a single-car accident that resulted in the death of Richard Estrada. *See* Docket No. 5755-1 ("Petn.").[1] Plaintiffs allege that the accident was caused by defects in a GM car that Estrada purchased from Bravo and that Bravo "knew or should have known" about the defects at the time of sale. Petn. ¶¶ 207, 210. Although Plaintiffs are alleged to be citizens of Texas and Bravo is alleged to be a Texas limited partnership with its principal place of business in Texas, *see id.* ¶¶ 2-4, New GM removed the action to federal court on the basis of diversity jurisdiction, invoking the doctrine of fraudulent joinder. See 18-CV-5118, Docket No. 1 ("Notice of Removal").[2] Under that doctrine, "courts

---

[1]     Unless indicated otherwise, all citations to the record reference Docket No. 14-MD-2543.

[2]     New GM also invoked bankruptcy jurisdiction as a basis for removal, but in light of this Court's decision in *In re General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF), 2018 WL 2899642 (S.D.N.Y. June 11, 2018), New GM "no longer contends that bankruptcy jurisdiction exists," Docket No. 5807 ("New GM's Opp'n"), at 1 n.2.

overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., LP v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). The removing party bears the burden of showing fraudulent joinder by "clear and convincing evidence, with all factual and legal ambiguities resolved in favor of" Plaintiffs. *Id.*; *see also, e.g.*, *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) (noting that "all factual and legal issues must be resolved in favor of the plaintiff" and that the removing party "bears a heavy burden of proving fraudulent join[d]er"). Plaintiffs now move to remand. *See* Docket No. 5754.

New GM asserts, not without force, that Bravo is immune from liability pursuant to a Texas statute that exempts non-manufacturing sellers from liability in products liability actions, *see* Tex. Civ. Prac. & Rem. Code Ann. § 82.003, and accordingly, that the Court need not consider Bravo's citizenship in evaluating whether there is complete diversity. In response, however, Plaintiffs contend that they have adequately invoked an exception to the Texas statute, which applies when "the seller actually knew of a defect to the product at the time [it] supplied the product" and "the claimant's harm resulted from the defect." *See id.* § 82.003(a)(6).[3] Based solely on the allegations in Plaintiffs' complaint, Plaintiffs have the better of the argument at this stage of the litigation, as courts have held that allegations nearly identical to those here are sufficient to overcome claims of fraudulent joinder. *See, e.g.*, *McCabe v. Nissan Motor Co.*, No.SA-13-CA-228-FB, 2013 WL 12091105, at *3 (W.D. Tex. June 12, 2013) (finding no improper joinder where the petition alleged that the non-manufacturing seller "'knew or by the

---

[3] In their reply, Plaintiffs invoke for the first time another exception to the Texas statute. *See Docket* No. 5844, at 5 (citing Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(5)). Putting aside the fact that a party generally may not raise a new argument in a reply brief, *see, e.g.*, *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993), the Court need not and does not consider the viability of that argument.

application of reasonably developed human skill and foresight should have known'" of potentially dangerous defects); *Sanders v. Husqvarna, Inc.*, No. CIV.A. 3-12-258, 2012 WL 5210682, at *2 (S.D. Tex. Oct. 22, 2012) (same with regard to an allegation that the non-manufacturing seller "'knew, or in the exercise of ordinary care should have known'" of defects); *Norris v. Bombardier Recreational Prod., Inc.*, No. 1:08-CV-525, 2009 WL 94531, at *5 (E.D. Tex. Jan. 12, 2009) (same with regard to an allegation that the non-manufacturing seller "'knew of or should have known of'" defects); *Shields v. Bridgestone Firestone N. Am. Tire, LLC*, 502 F. Supp. 2d 497, 501 (W.D. Tex. 2005) (same with regard to an allegation that the defects "were *known* or by the anticipation of reasonable developed human skill and foresight should have been known").

Notably, New GM does not argue otherwise. Instead, it urges the Court to look beyond the Petition to an affidavit, in which Bravo's Service Manager attests that Bravo had repaired the subject vehicle before selling it to Estrada and that, after the repair, the dealer "'had no knowledge of any remaining defects or safety-related conditions in the subject vehicle.'" Docket No. 5807; *see* 18-CV-5118, Docket No. 1-4, ¶¶ 3-4. New GM is correct that a court may, "in making a fraudulent joinder inquiry . . . , look beyond the pleadings to determine if the pleadings can state a cause of action." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 395-96 (S.D.N.Y. 2009) (internal quotation marks and brackets omitted) (citing cases). Critically, however, in the Second Circuit at least, "documents outside the pleadings may be considered only to the extent that [their] factual allegations clarify or amplify the claims actually alleged." *Id.* (internal quotation marks and ellipses omitted). The affidavit submitted by New GM does more than that; indeed, it directly contradicts a well-pleaded allegation in Plaintiffs' Petition. Put differently, New GM asks the Court to resolve the merits of a factual dispute in its

favor, which the Court may not do at this stage of the litigation. *See, e.g.*, *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003) (noting that a "defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case" (internal quotation marks omitted)); *see also, e.g.*, *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 328-29 (S.D.N.Y. 2007) (noting that to survive a fraudulent joinder claim, a plaintiff need not even show that it would survive a motion to dismiss).

In short, New GM fails to carry its burden of showing, based on the pleadings, that there is "no possibility" that Plaintiffs can state a claim against Bravo in state court. *See Briarpatch Ltd.*, 373 F.3d at 302. In theory, that would call for remanding the case to Texas state court, but there is one remaining wrinkle: Although both sides treat Bravo as a citizen of Texas, it is not clear from the pleadings that that assumption is valid. That is because Bravo is a limited partnership, and the citizenship of a limited partnership for diversity purposes is determined not by its state of incorporation and principal place of business — which is all the parties rely on here, *see* Petn. ¶¶ 2-4; Notice of Removal ¶ 8 — but by the citizenship of its partners. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) ("[L]imited partnerships have the citizenship of each of [their] general and limited partners." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990))). If any one of Bravo's partners at the time of removal was a citizen of Texas (which may well have been the case), then complete diversity would have been lacking and remand would be required. But if it turns out that none of Bravo's partners were citizens of Texas at the time of removal, then New GM's removal would (inadvertently) turn out to have been proper. Thus, the Court will reserve judgment on whether to order remand. No later than **June 13, 2019**, New GM shall file a supplemental Notice of Removal alleging the citizenship of each constituent person or entity comprising Bravo at the

4

time of removal (including the state of incorporation and principal place of business of any corporate entity partner). If any one of Bravo's partners turns out to have been a citizen of Texas (or if New GM — which, as the removing party, bears the burden of showing that jurisdiction is proper, *see, e.g.*, *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) — fails to file a supplemental Notice of Removal by the deadline), the Court will order remand without further notice.

The Clerk of Court is directed to terminate 18-CV-5118, Docket Nos. 19 and 21, and 14-MD-2543, Docket No. 5754.

SO ORDERED.

Dated: May 30, 2019
New York, New York

JESSE M. FURMAN
United States District Judge