UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GENERAL MOTORS LLC | ) | NO. 14-MD-2543 (JMF) |
| IGNITION SWSITCH LITIGATION | ) | NO. 14-MC-2543 (JMF) |
| | ) | |
| | ) | HON. JESSE M. FURMAN |

**BAILEY COWAN HECKAMAN'S MEMORANDUM IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT ON ASSESSMENTS FOR MISSOURI STATE-COURT FILED AND UNFILED CASES**

Comes now, Bailey Cowan Heckaman PLLC and in support of its Motion for Declaratory Judgment on Assessments for Missouri State-Court Filed and Unfiled Cases, respectfully shows the Court as follows:

## I. INTRODUCTION

The law firm Bailey Cowan Heckaman PLLC ("BCH") represents approximately 79 Plaintiffs who filed lawsuits against General Motors, L.L.C. ("New GM") in Missouri state court.[1] Additionally, BCH represents approximately 41 unfiled cases. None of those cases were ever filed in the MDL, removed to the MDL, nor transferred to the MDL. The cases were never ordered by the Missouri state court to be deemed part of the MDL, and BCH never signed or voluntarily agreed to the Participation Agreement with respect to such cases. Furthermore, the timeline of events in the BCH Missouri cases was short-lived, with only pleadings, answers, and one procedural skirmish taking place on the Missouri docket (or nothing at all occurring for the unfiled cases). Despite the brevity and lack of activity in BCH's Missouri state-court cases, Plaintiffs'

---

[1] *Jamila Reeves, et al. v. General Motors, LLC*; In the Twenty-Second Judicial Court of the State of Missouri; Cause No. 1622-CC00436

1

Lead Counsel, Hilliard Martinez Gonzalez LLP, *et al.* ("Lead Counsel"), seeks to enforce their Common Benefit Assessment fee on BCH's Missouri state-court clients (and unfiled cases). Remarkably, Lead Counsel likely contends that BCH's Missouri state-court cases are "free riding" but, at the same time, they wish to enforce fees in non-MDL cases where Lead Counsel performed no legal services. Lead Counsel's demand is misplaced. More importantly, Lead Counsel's claim for assessment fees on cases that are in a separate state-court jurisdiction are unsupported by: (1) this Court's Order No. 42 establishing Common Benefit Fee and Expense Fund, (2) statutory and constitutional authority, and (3) the Texas Disciplinary Rules of Professional Conduct, to which Lead Counsel and BCH are bound. First, the Court's order explicitly carves out the distinction between Common Benefit cases and non-Common Benefit cases. Secondly, because these cases are in *Missouri state-court*, this Court lacks statutory and constitutional authority to require state court plaintiffs to pay an MDL assessment, absent a voluntary agreement or state court order. Finally, sharing fees with Lead Counsel for work that was not performed, without prior written consent of the fee division, violates Texas Disciplinary Rules of Professional Conduct. As a result, this Court should grant BCH's declaratory judgement motion, finding BCH's 79 filed Missouri state-court cases (and 41 unfiled cases) are not subject to the three percent Common Benefit Assessment fee.

BCH and Lead Counsel have attempted to resolve this dispute prior to filing this Motion, but such discussions were unsuccessful in reaching a resolution.

## II.
## BACKGROUND

On February 25, 2016, BCH filed its Original Petition for the Missouri state-court cases in the Circuit Court of the City of St. Louis. BCH filed its First Amended Petition on March 4, 2016, and Defendant New GM was subsequently served on April 5, 2016. On May 11, 2016, BCH

Plaintiffs filed their Second Amended Petition for the Missouri state-court cases, and New GM filed its Answer to Second Amended Petition on May 27, 2016.  Thereafter, on June 27, 2016, New GM filed its Motion to Transfer and Sever Plaintiffs.  Additionally, New GM moved for summary judgment on personal jurisdiction grounds on April 4, 2017, which BCH responded to on May 4, 2017 and sought leave to file their Sur-reply on September 12, 2017.  Ultimately, the court ruled that it had jurisdiction over the BCH Missouri state-court cases on February 8, 2018, denying New GM's personal jurisdiction challenge, and all plaintiffs remained in St. Louis circuit court.  No additional filings were made in the BCH Missouri state-court cases.  No discovery was requested, propounded, or reviewed by BCH for these cases.  Moreover, no depositions were conducted, no experts were retained, and no additional activity occurred in the Missouri state-court litigation.  These cases were eventually resolved without further litigation.  Of course, it goes without saying that no litigation was undertaken by either BCH or New GM on BCH's unfiled cases.

### III.
### ARGUMENTS AND AUTHORITIES

**A.  THE MDL ASSESSMENT FEE IS INAPPLICABLE TO BCH'S MISSOURI STATE-COURT CASES, BOTH FILED AND UNFILED, PER THE COURT'S OWN ORDERS.**

Pursuant to this Court's Order No. 42, the Common Benefit Fee "applies to all cases now pending, as well as cases later **filed *in*, transferred *to*, or removed *to* this Court *and* included as part of the MDL 2543 Proceeding** . . . ." (*See* Order No. 42 ¶ 11 (Doc. 743) (emphasis added).) Moreover, the Court makes clear that "[t]he following actions and matters **shall not be Common Benefit actions:** . . . . Related Actions in which plaintiffs and their counsel have not been ordered or deemed by the court where the Related Action is pending to have signed the Participation Agreement **nor have they voluntarily signed it** . . . ." (*Id.* ¶ 12 (Doc. 743).)

3

Here, it is undisputed that BCH's Missouri state-court filed cases (and unfiled cases) were **never** filed in, transferred to, or removed to the MDL. Rather, the 79 BCH filed cases in Missouri remained in the Circuit Court of the City of St. Louis the entire time. Furthermore, BCH never signed the Participation Agreement for any of the Missouri state-court cases, and those cases were never deemed by the Missouri court to have joined or adopted such Agreement or to be under the jurisdiction of the MDL. By Order No. 42 alone, the Common Benefit Fee is inapplicable to BCH's Missouri state-court filed cases and no Common Benefit Fee should be applied.

Alternatively, Lead Counsel may (wrongly) claim that Order No. 42 does apply to BCH's Missouri-filed and unfiled cases because BCH has *other* cases in the MDL. Lead Counsel's interpretation is misguided and, more importantly, it is unsupported by the Court's explicit language in the Order. (*See Id.* ¶¶ 11, 12, 16, 20, and 21 (Doc. 743).) Specifically, the Court makes the distinction between Common Benefit Cases (*i.e.*, cases properly filed in the MDL and state cases with coordination orders) **versus** non-Common Benefit Cases (state cases with no coordination order and unfiled cases)—like BCH's cases at issue here:

> Counsel who represent plaintiffs **in both Common Benefit Actions *and* actions or matters that do not qualify as Common Benefit Actions** may only join the Participation Agreement for their Common Benefit Actions, access and use Common Benefit Work Product for their Common Benefit Actions, and be reimbursed for Common Benefit Work and Common Benefit Expenses for work performed on Common Benefit Actions. If Common Benefit Work Product **is used** in non-Common Benefit claims or actions, they shall be subject to the assessment and such other actions as deemed appropriate by the Court.

(*Id.* ¶ 16 (Doc. 743) (emphasis added).) The Court would not have made such distinction between Common Benefit Actions and non-Common Benefit Actions (that do not use Common Benefit Work Product) if it intended for such broad interpretation as Lead Counsel will likely (incorrectly) claim.

4

Moreover, paragraphs 20 and 21 of Order No. 42 patently provide that counsel can *choose* if they want to become Participating Counsel in their state actions or not.  In other words, the Court recognized that counsel for state-court cases are not automatically deemed a Common Benefit Action simply because counsel participated in other, unrelated cases in the MDL.  (*See id.* ¶ 20 (Doc. 743) ("All plaintiffs and their counsel in Related Actions **who wish to voluntarily enter into the Participation Agreement** shall . . . sign the Participation Agreement, in order to be assured they will become Participating Counsel . . . .") (emphasis added)); *see also id.* ¶ 20 (Doc. 743) ("Plaintiffs and their counsel who are authorized to enter into the Participation Agreement **and who do so, whether voluntarily or ordered pursuant to a court order** . . . .") (emphasis added).)

In light of Order No. 42, BCH's Missouri state-court cases (and BCH's unfiled cases) do not qualify as a "Common Benefit Actions" and thus, they should not be subject to the three percent Common Benefit Fee assessment.  BCH's Motion for declaratory judgment on assessment fees should be granted.

**B.    LEAD COUNSEL HAS NO JURISDICTION OVER BCH'S MISSOURI STATE-COURT FILED AND UNFILED CASES, THUS BCH'S MOTION FOR DECLARATORY JUDGMENT SHOULD BE GRANTED.**

Notwithstanding that the Court's Orders alone establish that the three percent Common Benefit Fee is inapplicable to BCH's Missouri-filed and unfiled cases, as shown above, but well-established case law also supports BCH's position.  More specifically, the United States Courts of Appeals have examined this issue of federal MDL assessments against state-court plaintiffs.  The overwhelming majority have held that federal courts do not have statutory authority under 28 U.S.C. § 1407 or under the United States Constitution to order MDL assessments *without* **voluntary agreement or concurrent state court order.**  *In re Genetically Modified Rice*, 764

F.3d 864, 874 (8th Cir. 2014), *cert. denied* 135 S.Ct. 1455 (2015) ("*Rice I*"); *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. II*, 953 F.2d. 162, 165 (4th Cir. 1992).  Neither voluntary agreement nor concurrent state court order exist with respect to BCH's Missouri state-court cases (and unfiled cases).  Therefore, even if the Court disagrees with BCH's interpretation of the language of its Order (which it should not), the Court also lacks the statutory and constitutional authority to order BCH's Missouri filed and unfiled cases to pay a fee assessment through this MDL.

"[A] district court needs to have broad discretion in coordinating and administering multi-district litigation . . . . to ***minimize* expense to all litigants** and provide judicial efficiency." *Id.* (emphasis added).  However, it is well-recognized that "[t]he authority for consolidating cases on the order of the judicial panel on a multi-district litigation [] is ***merely procedural* and <u>does *not* expand the jurisdiction of the district court</u> to which the cases are transferred**." *Id.* (emphasis added).

Particularly, in *Showa Denko*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") addressed an MDL common benefit order that compelled contributions from plaintiffs in state or federal litigation who were not before the district court and by claimants who had chosen *not* to litigate but had compromised their claims outside of the court.  *Id.* at 166.  Ultimately, the court rejected the common benefit order as being too broad, and concluded: "[c]laimants who have not sued and plaintiffs in state and untransferred federal cases **have *not* voluntarily entered the litigation** before the district court nor have they been brought in by process.  **<u>The district court simply has no power to extend the obligations of its order to them</u>**." *Id.* (emphasis added).

6

Likewise, the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") more recently held in *Rice I* that the district court "did not have jurisdiction to order holdbacks from state-court plaintiffs' recoveries," noting that "Lead Counsel assert[ed] no independent basis for jurisdiction over these state-court actions." *In re Genetically Modified Rice Litig.*, 764 F.3d at 873. Additionally, in the cases where counsel represented *both* state-court clients *and* clients with cases in the MDL (like here), the court rejected lead counsels' argument for assessments, regardless of whether plaintiffs' counsel benefitted from the lead counsels' work, stating:

> [S]tate-court cases, related or not, are not before the district court. The state-court plaintiffs at issue neither agreed to be part of the federal MDL nor participated in the MDL Settlement Agreement. **Even if the state plaintiffs'** *attorneys* **participated in the MDL, the district court overseeing the MDL does not have authority over separate disputes between state-court** *plaintiffs* **and Bayer**.
>
> Lead Counsel also urge that the state-court plaintiffs' counsel benefited from the MDL leadership group's work, so equity requires that they contribute to the Fund. But equity is insufficient to overcome limitations on federal jurisdiction. **The district court** *correctly* **held that it lacked jurisdiction to order holdback from the state-court recoveries.**

*Id.* at 873-874 (emphasis added).[2]

---

[2] Subsequently, a separate and unrelated dispute arose in the genetically modified rice litigation, which is easily distinguishable from the issue raised by BCH here. *See In re Genetically Modified Rice Litig.*, 835 F.3d 822 (8th Cir. 2016) (*Rice II*). For example, *Rice I* involved a common benefit dispute between the MDL leadership group and Phipps Law Group, who represented individual plaintiffs in state and federal actions—more similar to the issue here. *Id.* at 828. Whereas, in *Rice II*, the dispute is between Riceland, who was both a defendant and a plaintiff in the litigation, and who had multiple cases against defendant Bayer in both federal and state court. *Id.* Even the court noted these distinctions, stating:

> *Rice I* does not control this case, because Riceland and Bayer were parties to multiple federal lawsuits before the district court at the time of the settlement. Unlike the state-court only plaintiffs in *Rice I*, Riceland pursued its claims against Bayer in both state and federal court. **Applying the Common Benefit Order to the state-court-only plaintiffs in** *Rice I* **would have required the federal court to exercise authority over parties that never appeared in federal court**.

7

Similarly, several other courts have also declined to expand federal jurisdiction by ordering state-court plaintiffs to pay an MDL assessment fee. *See Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976) (ordering a district court overseeing MDL proceedings to return the contributions obtained from non-party claimants as a condition of approving settlements.); *In re Zyprexa Products Liability Litig.*, 467 F. Supp. 2d 256, 268 (E.D.N.Y. 2006) (acknowledging that, although the work performed by the PSC benefitted all plaintiffs, including state-court plaintiffs, "[p]rinciples of comity and respect for the state courts' supervision of their own dockets and the attorneys before them lead to the conclusion that such compulsion would be inappropriate at this time"); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-02591-JWL, 2015 WL 2165341, at *2 (D. Kan. May 8, 2015) (agreeing with the Eighth Circuit, concluding that common benefit order assessments over non-parties "would require the Court to exceed its jurisdiction and is therefore impermissibly broad"); *In re Baycol Products*, no. MDL 1431, 2004 WL 190272, at *2 (D. Minn. Jan. 29, 2004) (holding "this Court does not have jurisdiction to order a holdback in cases not transferred to this Court").

Lead Counsel may claim that because BCH represented *other* cases that were in the MDL or have been deemed as Participating counsel in *other* actions, BCH is subject to the Common Benefit Assessment for all of its New GM cases. And, according to Lead Counsel, since BCH had

---

Riceland, by contrast, "voluntarily entered the litigation" and sought a federal forum by filing a federal complaint and asserting third-party claims in the consolidated federal proceedings. *Showa Denko*, 953 F.2d at 166. The district court therefore had jurisdiction to enter any orders regarding Riceland that are consistent with the authority of a transferee court in centralized multidistrict litigation.

*Id.*(emphasis added). Like *Rice I*, and contrary to Riceland in *Rice II*, BCH's Missouri state-court cases were never filed in federal court against New GM and never "voluntarily entered the litigation." Therefore, *Rice II* should not be used to conflate the authority of *Rice I* on the issue at hand.

8

access to Common Benefit Work, BCH "must" have used such Common Benefit Work in its non-Common Benefit Claims, despite lacking any evidence of the same. Any suggestion by Lead Counsel's that BCH was "free riding" is simply wrong. Indeed, a review of the Missouri state-court cases timeline unequivocally shows the cases were in the very early phases of litigation and minimal substantive legal work was required. (*See* discussion *infra* at Section II.) The only activity in the litigation involved a procedural fight that BCH briefed without Lead Counsel's involvement whatsoever, and BCH never used any Common Benefit Work. Indeed, Lead Counsel cannot point to any Common Benefit material that was specifically used by BCH for its Missouri state-court cases (and unfiled cases)—because none was used. In short, a three percent assessment fee on all BCH's Missouri state-court cases for alleged Common Benefit work—that was never utilized or performed—would be unjustified and unfair to BCH's clients. Relatedly, any argument from Lead Counsel that BCH simply benefitted "overall" by the Common Benefit Work is insufficient to require BCH filed and unfiled cases, that are outside the Court's jurisdiction, to pay the three percent Common Benefit assessment fee. *See In re Modified Rice Litig.*, 764 F.3d at 874.

**C.    TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT REGARDING FEE SHARING PROHIBIT SHARING FEES WITH OTHER ATTORNEYS WHO DID NOT PERFORM WORK ON THE CASES.**

Lastly, BCH should not be required to share fees with another firm (Lead Counsel), in another litigation—who performed no work on these cases—as it would also be in violation of Texas Disciplinary Rule of Professional Conduct 1.04(f). Rule 1.04(f) provides:

(f) A division or arrangement for division of a fee between lawyers who are not in the same firm may be made **only if:**

(1) the division is:

(i) in proportion to the professional services performed by each lawyer; or

>> (ii) made between lawyers who assume joint responsibility for the representation; ***and***
>
> (2) the client consents in writing to the terms of the arrangement ***prior to*** the time of the association or referral proposed, including:
>
>> (i) the identity of all lawyers or law firms who will participate in the fee-sharing agreement, and
>>
>> (ii) whether fees will be divided based on the proportion of services performed or by lawyers agreeing to assume joint responsibility for the representation, and
>>
>> (iii) the share of the fee that each lawyer or law firm will receive or, if the division is based on the proportion of services performed, the basis on which the division will be made . . . .

TEX. DISCIPLINARY RULES OF PROF'L CONDUCT R. 1.04(f) (emphasis added).  Here, the three percent division of fees and costs demanded by Lead Counsel from BCH's Missouri state-court clients (and unfiled cases) are not "in proportion to the professional services" performed by Lead Counsel.  That is, Lead Counsel performed zero services for such cases and did not incur any expenses for BCH Missouri state-court filed cases to justify its fee demand.  Moreover, BCH's Missouri state-court clients certainly never consented in writing to an arrangement with BCH and Lead Counsel, as they were in a wholly separate litigation and were not participating in BCH's cases.

# III.
# CONCLUSION

For all the foregoing reasons, Bailey Cowan Heckaman PLLC respectfully requests that the Court grant its Motion for Declaratory Judgment and find that BCH's Missouri state-court filed and unfiled cases are not subject to any MDL Commission Benefit Assessment.

Dated: November 6, 2019                     Respectfully Submitted,

                                            BAILEY COWAN HECKAMAN PLLC


                                            */s/ K. Camp Bailey*
                                            K. Camp Bailey
                                            Texas Bar No. 24006782
                                            Robert W. Cowan
                                            Texas Bar No. 24031976
                                            Laurence Tien
                                            Texas Bar No. 24003057
                                            5555 San Felipe St., Suite 900
                                            Houston, Texas 77056
                                            Telephone: (713) 425-7100
                                            Facsimile: (713) 425-7101
                                            *cbailey@bpblaw.com*
                                            *rcowan@bpblaw.com*
                                            *ltien@bpblaw.com*

                                     **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, K. Camp Bailey, hereby certify that on November 6, 2019, I electronically filed the foregoing Motion using the CM/ECF system which will serve notifications of such filing to the email of all counsel of record in this action.

Dated: November 6, 2019                     Respectfully Submitted,

                                            */s/ K. Camp Bailey*
                                            K. Camp Bailey