**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>**GENERAL MOTORS LLC IGNITION SWITCH LITIGATION**<br><br>*This document relates to Murphy v. GM LLC* | 14-MD-2543 (JMF)<br>16-CV-0678<br><br>Hon. Jesse M. Furman |

**ORDER APPOINTING DANIEL J. BALHOFF AS SPECIAL MASTER IN THE MEDIATION OF THE MURPHY'S CLAIMS**

Plaintiffs Park and Kari Murphy and the Estate of Chelsea Murphy are represented by counsel Tracy Cinocca in this litigation. It is this Court's determination that Plaintiffs and New GM would benefit from a mediation with Daniel J. Balhoff serving as a neutral third party to mediate the claim and aid the parties in potentially reaching a mutually acceptable settlement. Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), this Court appoints Daniel J. Balhoff of the law firm Perry, Balhoff, Mengis & Burns, LLC, to act as a Special Master for the purpose of serving as a mediator to facilitate settlement discussions between Plaintiffs and New GM. The Court is familiar with Mr. Balhoff's credentials, and it is the judgment of this Court that he is well qualified for this appointment. (A copy of Mr. Balhoff's curriculum vitae is attached as Exhibit 1.) Mr. Balhoff has already served as court-appointed Special Master for many settlements in this MDL.

Pursuant to Federal Rule of Civil Procedure 53, this Court, hereby **ORDERS THAT**:

1. Daniel J. Balhoff is hereby appointed as Special Master to serve as mediator to facilitate the potential resolution of plaintiffs' lawsuit in a manner acceptable to both parties.

2. The parties shall be equally responsible for the payment of Mr. Balhoff's fee for mediating this claim and any related expenses. To minimize travel expenses for plaintiffs and their

counsel, this mediation shall be conducted in Tulsa, Oklahoma at a location agreeable to both parties and Mr. Balhoff.

3. Mr. Balhoff shall proceed with all reasonable diligence.

4. Mr. Balhoff shall use his experience and judgment to structure the mediation in manner to best facilitate potential resolution of the claim. Mr. Balhoff may have confidential *ex parte* communications with plaintiffs and New GM in relation to his role as Special Master, and to the extent either party engaged in *ex parte* communications with Mr. Balhoff, such *ex parte* communications shall not be deemed to have waived any attorney-client or other privileges.

5. To execute the responsibilities and duties of his office, Mr. Balhoff shall be vested by this Court with all necessary powers to act as an effective mediator as allowed by Federal Rule of Civil Procedure 53.

6. Unless expressly authorized in writing by both counsel for plaintiffs and counsel for New GM, Mr. Balhoff shall not disclose any confidential information or documents obtained through or created in his role. Likewise, all communications by counsel for plaintiffs, plaintiffs, and counsel for New GM with one another and with the mediator shall be kept strictly confidential by the parties, and shall be subject to Rule 408 of the Federal Rules of Evidence.

7. While the Court does not currently anticipate requesting a formal report and recommendation from Mr. Balhoff, *see* Fed. R. Civ. P. 53(b)(2)(C)-(D), (e), if the Court does request the same, Mr. Balhoff shall reduce any formal order, finding, report, or recommendation to writing to be filed under seal, as determined by the Court.

SO ORDERED.

Dated: December 6, 2019
      New York, New York

                                            Honorable Jesse M. Furman
                                            United States District Judge

# Exhibit 1



**Daniel J. Balhoff** | balhoff@pbmbllc.com | **(225) 767-7730**

Dan is a partner in the law firm of Perry, Balhoff, Mengis & Burns, L.L.C. He holds chemical engineering (1985) and law (1988) degrees from LSU. While in law school, he served as the managing editor of the Louisiana Law Review. He later clerked for the Honorable Frank J. Polozola of the U.S. District Court for the Middle District of Louisiana and for the Honorable Daniel A. Manion of the U.S. Court of Appeals for the Seventh Circuit. He has authored several law review articles and has spoken at legal seminars concerning constitutional law, insurance law, brief-writing, oral argument, mediation, and the functions of Special Masters.

**Special Master, ADR, Attorney Chair, and Expert Experience**

- More than 30 years of practice in federal and state trial and appellate litigation, including complex litigation, mass torts, and class actions

- Special Master in numerous cases, including at the Multidistrict Litigation, federal, and state levels

- Special Master in matters involving:

    o Case management
    o Pretrial discovery, including resolution of privilege issues
    o Allocating settlement funds to class and mass action claimants (including development and implementation of methodology)
    o Reviewing reasonableness of attorneys' fees
    o Allocating attorneys' fees (including resolution of common fund/benefit issues)

- Court-Appointed Neutral with responsibility for allocating multi-billion dollar Multidistrict Litigation settlement fund

- Arbitrator and/or mediator in Multidistrict Litigation, federal, and state cases both by court appointment and by private party selection

- Court-Appointed Mediator in multiple Multidistrict Litigation cases

- Expert, both by court appointment and by private party selection, concerning various areas, including case management and the reasonableness of attorneys' fees

- Attorney Chair in well over 100 medical malpractice cases

- Admitted to practice before the U.S. Supreme Court; U.S. Court of Appeals for the Fifth Circuit; all U.S. District Courts in Louisiana; and all Louisiana state courts

# Court Appointments and Settlement Allocation Assignments

**Federal Multidistrict Litigation**

- *In re: General Motors LLC Ignition Switch Litigation*, MDL No. 2543 (S.D.N.Y. J.P.M.L.) (Mediator and Special Master; developed and implemented frameworks for settlement of multiple claimant inventories in case arising out of alleged automotive products liability)

- *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873 (E.D. La. J.P.M.L.) (Court-Appointed Mediator and Special Master; allocated multiple settlement funds to tens of thousands of claimants who alleged chemical exposure while occupying temporary housing after Hurricane Katrina; reviewed and allocated attorneys' fees)

- *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La. J.P.M.L.) (Court-Appointed Mediator and Court-Designated Neutral; developed methodology for allocating BP's $2.3 billion settlement fund to thousands of Gulf of Mexico seafood harvesters who alleged economic damage as a result of the Deepwater Horizon explosion and ensuing oil spill; appointed to investigate and resolve issues surrounding multi-billion dollar business economic loss settlement)

- *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. La. J.P.M.L.) (Court-Appointed Mediator and Special Master; secured commitments from more than 500 defendants to global settlement; had allocation responsibilities for $1.1 billion settlement for case in which homeowners alleged defendants were responsible for installation of defective drywall; allocated common benefit and private contract attorneys' fees)

- *In re: E.I. DuPont de Nemours and Company C-8 Personal Injury Litigation*, MDL No. 2433 (S.D. Oh. J.P.M.L.) (Claims Administrator; administered claims process for settlement arising out of alleged chemical exposure due to water contamination)

- *In re: New England Compounding Pharmacy, Inc. Products Liability Litigation*, MDL No. 2419 (D. Mass. J.P.M.L.) (Claims Administrator; administered claims process for settlement arising out of injuries allegedly caused by contaminated medication used in epidural steroid injections)

- *In re: Denture Products Liability Litigation*, MDL No. 2051 (S.D. Fla. J.P.M.L.) (Neutral; allocated aggregate settlement fund to plaintiffs who were allegedly injured by defective denture products)

**Other Federal Court Litigation**

- *In the Matter of the Complaint of Kirby Inland Marine, LP Owner of the M/V Miss Susan, Kirby 27705, Kirby 27706 Petitioning for Exoneration from or Limitation of Liability*, 14-1321 (S.D. Tex.) (Special Master; allocated settlement funds to individuals and businesses allegedly impacted by oil spill; allocated common benefit attorneys' fees)

- *Donald Sadler, et al. v. International Paper Co.,* 3:09-01254 (W.D. La.) (Special Master, selected to administer mass settlement arising out of alleged environmental contamination)

- *John Burford, et al. v. Cargill, Inc.*, 05-0283 (W.D. La.) (Special Master; disbursed class settlement funds to thousands of farmers in 47 states who used allegedly defective dairy feed product)

- *Junior Cerdes, et al. v. Cummins Diesel Sales Corp., et al.*, 06-922 (E.D. La.) (Chief Assistant to Special Master responsible for determining reasonableness of attorneys' fee request in products liability class action case)

**State Court Litigation**

- *In re: MDL Litigation Regarding Texas City Refinery Ultracracker Emission Event Litigation*, 10-UC-0001 (Tex. 56th Jud. Dist.) (Special Master; allocated settlement funds to thousands of claimants allegedly affected by refinery explosion)

- *Michael Sullivan, et al. v. The Worley Companies, et al.*, 599,055 (La. 19th J.D.C.) (Special Master; allocated settlement funds to claimants with employment agreements arising out of the aftermath of the Deepwater Horizon oil spill)

- *In re: Honeywell, July 20, 2003 Chlorine Release*, 511,626 (La. 19th J.D.C.) (Special Master; allocated class settlement funds to several thousand persons allegedly affected by two separate releases from chemical plant; allocated attorneys' fees)

- *Keisha Desselle, et al. v. Acadian Ambulance Service, Inc.*, 2010-5885 (La. 12th J.D.C.) (Special Master; allocated settlement funds to insurance policyholders in class action requesting payment reimbursement)

- *Mark Bailey, et al. v. Williams Olefins, L.L.C., et al.*, 73,678 (La. 18th J.D.C.) (Special Master; made recommendations concerning discovery, case management, mediation, and protocols for settlement allocation in mass action arising from plant explosion)

- *Paul Thompson, et al. v. Williams Companies, Inc., et al.*, 72,701 (La. 18th J.D.C.) (Special Master; made recommendations concerning discovery, case management, mediation, and protocols for settlement allocation in mass action arising from plant explosion)

- *Arthur Schexnayder, Jr., et al. v. Entergy Louisiana, Inc., et al.*, 28,907 (La. 23rd J.D.C.) (Special Master; allocated class settlement funds to property owners in more than 20 parishes against utility company for alleged trespass claims)

- *Noretta Thomas, et al. v. A. Wilbert & Sons, L.L.C., et al.*, 55,127 (La. 18th J.D.C.) (Special Master; allocated class settlement funds to several thousand of residents of and visitors to trailer park alleging ground water contamination; allocated class settlement funds to several thousand landowners alleging chemical pollution claims; allocated attorneys' fees)

- *Toussaint Battley, Sr., et al. v. Pointe Coupee Parish Police Jury, et al.*, 41,792 (La. 18th J.D.C.) (Special Master; allocated class settlement funds to property owners damaged by flood)

- *Kristen M. Rhodes v. BG Estate Servs., Inc., et al.*, 2001-18355 (La. C.D.C.) (Special Master; allocated class settlement funds to mold exposure claimants)

- *Mark S. Creech, et al. v. Acadian Ambulance Service, Inc.*, 61,236 (La. 18th J.D.C.) (Special Master; allocated settlement funds to insurance policyholders in class action requesting payment reimbursement)

- *Carey C. Abbott, et al. v. Waste Management, Inc., et al.*, 87,182 (La. 21st J.D.C.) (Special Master; allocated settlement funds to residents allegedly affected by environmental contamination)

- *The Legislative Audit Advisory Council v. Peter Galvan, et al.*, 621,026 (La. 19th J.D.C.) (Special Master; reviewed more than 10,000 pages of documents to determine validity of privilege claims)

- *Rita H. Holzenthal, et al. v. Sewerage & Water Board of New Orleans*, 2001-16969 (La. C.D.C.) (Special Master; allocated settlement to residents allegedly affected by New Orleans Sewerage and Water Board project)

- *Ivan Guidry, et al. v. City of Denham Springs*, 28,907 (La. 21st J.D.C.) (Court-Appointed Arbitrator; allocated settlement funds among claimants who were allegedly affected by waste water contamination)

- *In re: Vulcan Litigation – April 2001 Incidents*, 69,388 (La. 23rd J.D.C.) (Chief Assistant to Special Master; allocated common benefit attorneys' fees)

- *Terry Giaque, et al. v. Clean Harbors Plaquemine, LLC, et al.*, 60,195 (La. 18th J.D.C.) (Chief Assistant to Special Master; responsible for case management and resolution of discovery issues, including privilege claims)

- *Del Dean, et al. v. SmithKline Beecham Corp. d/b/a GlaxoSmithKline*, 82,490 (La. 15th J.D.C.) (Neutral; allocated settlement funds to property owners and residents who alleged arsenic exposure)

- *Succession of Louise Lyons*, P95337 (La. 19th J.D.C.) (Court-Appointed Expert with case management responsibilities)

- *Succession of Ervin Ryland*, P94195 (La. 19th J.D.C.) (Court-Appointed Expert with case management responsibilities)