UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543 (JMF)

*This Document Relates To:*          ORDER OF DISMISSAL
*Martinez v. General Motors, LLC, 18-CV-1149*
-------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On July 25, 2019, the Court granted the motion of the Law Firm of Randy Phillips, PLLC (the "Firm") to withdraw from its representation of Plaintiff Mandy Martinez and severed her claims from the complaint filed by the Firms. *See* 14-MD-2543, ECF No. 6985 (the "July 25 Order"). The July 25 Order provided Ms. Martinez ninety (90) days — that is, until October 23, 2019 — to file a new lawsuit in this Court and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a). *Id.* ¶ 3. Ms. Martinez was also directed to file a Related Case Statement identifying the lawsuit as relating to these proceedings. *Id.* On October 30, 2019, pursuant to the July 25 Order Paragraph 5, New GM filed a First Notice of Non-Compliance requesting dismissal *without* prejudice of Ms. Martinez's claims, because she had failed to comply with the July 25 Order. 14-MD-2543, ECF No. 7349.

On October 31, 2019, the Court granted the motion to dismiss Ms. Martinez's claims without prejudice. 14-MD-2543, ECF No. 7352. The Court advised that New GM could move to dismiss Ms. Martinez's claims *with* prejudice unless she filed an amended and severed complaint and Related Case Statement and paid the requisite filing fee within thirty days of the dismissal without prejudice — that is, by no later than November 30, 2019. *Id.* To date, Ms. Martinez has not filed an amended and severed complaint and Related Case Statement or paid the filing fee. Accordingly, on December 6, 2019, New GM filed a Second Notice of Non-Compliance and requested dismissal of Ms. Martinez's claims with prejudice. 14-MD-2543, ECF No. 7573.

1

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing") (internal quotation marks omitted). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Ms. Martinez's failure to file an amended and severed complaint and pay the filing fee, as required by the July 25 Order. *See* ECF No. 6985, ¶ 3. Ms. Martinez has been on continual notice of the consequences of failing to file an amended and severed complaint, and has been repeatedly reminded over the past several months — through the July 25 Order; New GM's First Notice of Non-Compliance, 14-MD-2543, ECF No. 7349; the Court's dismissal *without* prejudice of Ms. Martinez's claims, 14-MD-2543, ECF No. 7352; and

New GM's current notice, 14-MD-2543, ECF No. 7573.  Those efforts to inform Ms. Martinez of the consequences of her noncompliance with the July 25 Order have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, Ms. Martinez's claims are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding that "the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").  The Clerk of Court is directed to terminate Ms. Martinez as a party in *both* 14-MD-2543 and 18-CV-1149 and, if there are no remaining plaintiffs in 18-CV-1149, to close that case.

In accordance with the July 25 Order, New GM shall serve a copy of this Order on Ms. Martinez and file proof of such service.

SO ORDERED.

Dated: December 9, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge