**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>GENERAL MOTORS LLC IGNITION SWITCH LITIGATION<br><br>This Document Relates to:<br><br>*ALL ECONOMIC LOSS ACTIONS* | No. 14-MD-2543 (JMF) |

**JOINT MOTION FOR ORDER SUPPLEMENTING ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS SETTLEMENT, DIRECTING NOTICE
UNDER RULE 23(E), AND GRANTING RELATED RELIEF**

The Economic Loss Plaintiffs ("Plaintiffs"), General Motors LLC ("New GM"), the Motors Liquidation Company GUC Trust (the "GUC Trust"), and the Motors Liquidation Company Avoidance Action Trust (the "AAT") (collectively, the "Parties"), move the Court for entry of an Order supplementing the Order Granting Preliminary Approval of Class Settlement, Directing Notice Under Rule 23(e) and Granting Related Relief (the "Preliminary Approval Order").

On March 27, 2020, Plaintiffs, New GM, and the GUC Trust (the "Original Parties") entered into a Settlement Agreement (the "Settlement Agreement") subject to preliminary and final approval by this Court. The AAT was not a party to the original Settlement Agreement. As a result, the Settlement Agreement did not release the AAT, Old GM or the Old GM bankruptcy estate from litigation concerning the Plaintiffs' Proposed Proofs of Claim to the extent recoverable from the AAT; nor did the Settlement Agreement release the AAT, Old GM or the Old GM bankruptcy estate from claims that could be asserted by New GM to the extent recoverable from the AAT. However, the Settlement Agreement did contemplate a potential future agreement with

the AAT, and specified the terms on which the Settlement Agreement would be amended if the Original Parties reached an agreement with the AAT.  (*See, e.g.*, Settlement Agreement ¶¶ 81(a) and 164 [Docket No. 7815])

The AAT, Plaintiffs and New GM reached an agreement-in-principle that would allow the AAT to become a party to the Settlement Agreement on April 22, 2020 and so notified the Court in a letter identifying the key terms.  [Docket No. 7869]  On April 23, 2020, the Court held a preliminary approval hearing concerning the Settlement, at which time the agreement-in-principle with the AAT was discussed further.  (4/23/20 Hearing Tr. pp. 4-5, 9-23, 65, 68)  On April 27, 2020, the Court entered an Order Granting Preliminary Approval of Class Settlement, Directing Notice Under Rule 23(e) and Granting Related Relief ("Preliminary Approval Order").  The Preliminary Approval Order involved the March 27, 2020 Settlement Agreement and therefore did not yet address any of the newly-agreed-to terms related to the AAT agreement-in-principle.  The Preliminary Approval Order directed the Parties to file an amended Settlement Agreement with the Court no later than May 1, 2020.  (4/27/20 Order ¶ 3 [Docket No. 7877])  The Preliminary Approval Order provides that the Original Parties may make "non-material" modifications to the Settlement Agreement without further Order of the Court, but contemplates the Parties will seek the Court's approval for material modifications to the Settlement Agreement, such as occurred here with the addition of the AAT as a party.  Pursuant to the Preliminary Approval Order, the Court retained jurisdiction over the Settlement Agreement and the Actions (as defined in the Settlement Agreement) pending before the Court in order to consider all further matters arising out of or connected with the Settlement.  (*Id.* ¶ 49.)

The Parties have now entered into the Settlement Agreement, as Amended on May 1, 2020 ("Amended Settlement Agreement"), consistent with the terms previously described to the Court.

The AAT will contribute $2.2 million to the Common Fund (as defined in the Amended Settlement Agreement) decreasing New GM's contribution to the Common Fund by $1.1 million such that the Common Fund increases from $120 million to $121.1 million; and Plaintiffs, New GM, and the AAT agreed to mutual releases of claims.  The Amended Settlement Agreement also includes amendments to the Class Notice exhibits in order to address the addition of the AAT as a Party to the Settlement.  Specifically, Exhibits 5 (Long Form Notice), 11 (Short Form Notice), 12 (Summary Settlement Notice), 16 (Initial Press Release) and 17 (Reminder Press Release) reflect these amendments.  Additionally, the Amended Settlement Agreement includes four new exhibits to take into account the addition of the AAT to the Settlement.  These new exhibits are as follows: Exhibits 18 (a supplemental CAFA notice), Exhibit 19 (AAT Release Agreement), Exhibit 20 (AAT Approval Order) and Exhibit 21 (proposed Order Supplementing Order Granting Preliminary Approval of Class Settlement, Directing Notice Under Rule 23(E), and Granting Related Relief).  A copy of the Amended Settlement Agreement is attached hereto as Exhibit A.  Additionally, the edits to the Class Notice exhibits approved pursuant to the Court's Preliminary Approval Order in order to incorporate the AAT as a party are reflected in the set of track change documents attached hereto as Exhibit B.

Accordingly, the Parties respectfully request that the Court enter an Order supplementing the Preliminary Approval Order to allow for the AAT's entry into the Amended Settlement Agreement by preliminarily approving the Amended Settlement Agreement and authorizing the Parties to take, without further Court approval, all necessary and appropriate steps to implement the Amended Settlement Agreement, including the Class Notice program utilizing the amended Class Notice exhibits.  The Amended Settlement Agreement incorporates the terms previously disclosed to the Court in the Parties' announcement of the AAT agreement-in-principle.  The new

and revised provisions in the Amended Settlement Agreement do not affect any of the Court's findings in the Preliminary Approval Order, especially given that the original Settlement Agreement contemplated that the AAT might be made a party to it. Moreover, the Parties had previewed the terms on which the AAT was to be added to the Settlement Agreement when they informed the Court of the AAT agreement-in-principle and discussed it at the hearing on April 23, 2020.

Dated: May 1, 2020

Respectfully submitted,

| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
|---|---|
| By: /s/ Steve W. Berman | By: /s/ Elizabeth J. Cabraser |
| Steve W. Berman<br>Sean R. Matt<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>steve@hbsslaw.com<br>seam@hbsslaw.com<br>andrew@hbsslaw.com<br><br>*Lead Counsel for Plaintiffs and the Proposed Class* | Elizabeth J. Cabraser<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>ecabraser@lchb.com<br><br>Rachel Geman<br>250 Hudson Street, 8th Floor<br>New York, NY 10013<br>Telephone: (212) 355-9500<br>rgeman@lchb.com<br><br>*Lead Counsel for Plaintiffs and the Proposed Class* |

**KIRKLAND & ELLIS LLP**

By:  /s/ Richard C. Godfrey

Richard C. Godfrey, P.C.
Wendy Bloom
Andrew B. Bloomer, P.C.
Mark J. Nomellini
300 N. LaSalle
Chicago, IL 60654-3406
Telephone: (312) 862-2000
richard.godfrey@kirkland.com
wbloom@kirkland.com
andrew.bloomer@kirkland.com
mnomellini@kirkland.com

*Counsel for Defendant General Motors LLC*

**McDermott Will & Emery LLP**

*/s/ Kristin K. Going*

Kristin K. Going
340 Madison Ave.
New York, New York 10173
Telephone:  (212) 547-5429
E-mail:  kgoing@mwe.com

*Counsel for the Motors Liquidation Company
GUC Trust Administrator*

**Binder & Schwartz LLP**

*/s/ Eric B. Fisher*

Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Ave., 6th Floor
New York, New York 10017
Telephone:  (212) 510-7008
E-mail:  efisher@binderschwartz.com

*Counsel for the Motors Liquidation Company
Avoidance Action Trust*