UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Andino v. General Motors LLC, 19-CV-6352*
*Brown v. General Motors LLC, 19-CV-9471*
*Donato v. General Motors LLC, 19-CV-9472*
*Gentry v. General Motors LLC, 19-CV-8580*
*Gordon v. General Motors LLC, 19-CV-8587*
*Mallory v. General Motors LLC, 19-CV-9476*

14-MD-2543 (JMF)

ORDER OF DISMISSAL

------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On March 13, 2020, the Court granted New GM's motion to dismiss, without prejudice, the claims of various Plaintiffs for failure to submit a substantially complete plaintiff fact sheet ("PFS") required by Order No. 25. *See* Order No. 25, 14-MD-2543, ECF No. 422. When the Plaintiffs identified in Exhibit A (the "Affected Plaintiffs") failed to certify that they had submitted substantially a complete PFS or otherwise moved to vacate their dismissal, New GM moved to dismiss their claims with prejudice. 14-MD-2543, ECF No. 7848. No Affected Plaintiff submitted an opposition to New GM's motion, due by April 27, 2020. Order No. 72, 14-MD-2543 ECF No. 1237.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d

1

483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing"). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for the Affected Plaintiffs' continued failure to submit a PFS as required by Order No. 25. The Affected Plaintiffs have been on continual notice of the consequences of failing to submit a substantially complete PFS, and have been repeatedly reminded over the past several months — through Order No. 25; New GM's entry of a Notice of Overdue Discovery (14-MD-2543, ECF No. 7676); New GM's Motion to Dismiss Without Prejudice (14-MD-2543 ECF No. 7769); and New GM's current motion — that their claims could be dismissed, eventually with prejudice, if they failed to meet their (rather minimal) PFS obligations. Those efforts to inform the Affected Plaintiffs of the consequences of their noncompliance with Order No. 25 have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014). Finally, timely submission of PFSs is essential to

the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.

In light of the foregoing, the Affected Plaintiffs' claims are hereby DISMISSED with prejudice. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to terminate the Affected Plaintiffs identified in Exhibit A as Plaintiffs in 14-MD-2543 and their respective member cases and to terminate:

1. 14-MD-2543, ECF No. 7848;
2. 19-CV-6352, ECF No. 28;
3. 19-CV-9471, ECF No. 26;
4. 19-CV-9472, ECF No. 27;
5. 19-CV-8580, ECF No. 26;
6. 19-CV-8587, ECF No. 26; and
7. 19-CV-9476, ECF No. 26.

The Clerk of Court is further directed to close any member case in which no plaintiff remains active.

SO ORDERED.

Dated: May 5, 2020
New York, New York

                                              JESSE M. FURMAN
                                           United States District Judge

# EXHIBIT A

# **EXHIBIT A**

| Name | Cause No. |
|---|---|
| Andino, Martici | *Andino v. Gen. Motors LLC, 19-CV-6352* |
| Brown, Bertha | *Brown v. Gen. Motors LLC, 19-CV-9471* |
| Donato, Joann | *Donato v. Gen. Motors LLC, 19-CV-9472* |
| Gentry, Rodney | *Gentry v. Gen. Motors LLC, 19-CV-8580* |
| Gordon, Maritha | *Gordon v. Gen. Motors LLC, 19-CV-8587* |
| Mallory, Dennis | *Mallory v. Gen. Motors LLC, 19-CV-9476* |