UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Clark v. General Motors LLC, 20-CV-101*
*Clark v. General Motors LLC, 20-CV-104*
*Hayes v. General Motors LLC, 18-CV-7957*
*Lawson v. General Motors LLC, 20-CV-092*
*McDonough v. General Motors LLC, 20-CV-094*
*Poole v. General Motors LLC, 19-CV-11900*
*Vaughn v. General Motors LLC, 20-CV-096*
*Worthy v. General Motors LLC, 19-CV-11898*
-------------------------------------------------------------------------------x

14-MD-2543 (JMF)

ORDER OF DISMISSAL

JESSE M. FURMAN, United States District Judge:

On April 2, 2020, the Court granted New GM's motion to dismiss, without prejudice, the claims of various Plaintiffs for failure to submit a substantially complete plaintiff fact sheet ("PFS") required by Order No. 25.  *See* Order No. 25, 14-MD-2543, ECF No. 422.  Upon entry of the Court's Order, those plaintiffs had 30 days to submit a substantially complete PFS or to move to vacate their dismissal.  *See* Order No. 25, ¶ 25.  When the Plaintiffs identified in Exhibit A (the "Affected Plaintiffs") failed to certify that they had submitted substantially a complete PFS or otherwise moved to vacate their dismissal, New GM moved to dismiss their claims with prejudice.  14-MD-2543, ECF No. 7904.  No Affected Plaintiff submitted an opposition to New GM's motion, due by May 20, 2020.  Order No. 72, 14-MD-2543 ECF No. 1237.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash*

*R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375

F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d

483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as

to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the

litigation is complex and continuing").  Because dismissal is "one of the harshest sanctions at a

trial court's disposal," however, it must be "reserved for use only in the most extreme

circumstances." *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must

weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2)

whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the

defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the

court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

heard, and (5) whether the judge has adequately considered a sanction less drastic than

dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with

prejudice is the appropriate sanction for the Affected Plaintiffs' continued failure to submit a

PFS as required by Order No. 25.  The Affected Plaintiffs have been on continual notice of the

consequences of failing to submit a substantially complete PFS, and have been repeatedly

reminded over the past several months — through Order No. 25; New GM's entry of a Notice of

Overdue Discovery (14-MD-2543, ECF No. 7768); New GM's Motion to Dismiss Without

Prejudice (14-MD-2543 ECF No. 7809); and New GM's current motion — that their claims

could be dismissed, eventually with prejudice, if they failed to meet their (rather minimal) PFS

obligations.  Those efforts to inform the Affected Plaintiffs of the consequences of their

noncompliance with Order No. 25 have proved fruitless, leaving the Court with no "means to

2

move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).  Finally, timely submission of PFSs is essential to the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.

In light of the foregoing, the Affected Plaintiffs' claims are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to terminate the Affected Plaintiffs identified in Exhibit A as Plaintiffs in 14-MD-2543 and to terminate:

1. 14-MD-2543, ECF No. 7904;

2. 20-CV-101, ECF No. 26;

3. 20-CV-104, ECF No. 26;

4. 18-CV-7957, ECF No. 44;

5. 20-CV-092, ECF No. 26;

6. 20-CV-094, ECF No. 26;

7. 19-CV-11900, ECF No. 26;

8. 20-CV-096, ECF No. 26; and

9. 19-CV-11898, ECF No. 26.

The Clerk of Court is further directed to close each of the above member cases.

SO ORDERED.

Dated: May 22, 2020
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

4

# EXHIBIT A

4

5

# EXHIBIT A

| Name | Cause No. |
|---|---|
| Clark, Aareon | *Clark v. General Motors LLC*, 20-CV-101 |
| Clark, Aareon (IARE Andre Satcher) | *Clark v. General Motors LLC*, 20-CV-104 |
| Hayes, Thomas | *Hayes v. General Motors LLC*, 18-CV-7957 |
| Lawson, Stephanie | *Lawson v. General Motors LLC*, 20-CV-92 |
| McDonough, John | *McDonough v. General Motors LLC*, 20-CV-94 |
| Poole, Ladarius | *Poole v. General Motors LLC*, 19-CV-11900 |
| Vaughn, James | *Vaughn v. General Motors LLC*, 20-CV-96 |
| Worthy, Immanuel | *Worthy v. General Motors LLC*, 19-CV-11898 |