UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION             14-MD-2543 (JMF)

*This Document Relates To:*                                                                   ORDER OF DISMISSAL
*Garcia v. General Motors LLC, 17-CV-5970*
------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On April 7, 2020, the Court granted New GM's motion to dismiss, without prejudice, the claims asserted by Plaintiff Sylvia Garcia for failure to submit a substantially complete plaintiff fact sheet ("PFS") required by Order No. 25. *See* Order No. 25, 14-MD-2543, ECF No. 422; ECF No. 7841. Upon entry of the Court's Order, Ms. Garcia had 30 days to submit a substantially complete PFS or to move to vacate her dismissal. *See* Order No. 25, ¶ 25. When Ms. Garcia failed to certify that she had submitted a substantially a complete PFS or otherwise move to vacate her dismissal, New GM moved to dismiss her claims with prejudice. 14-MD-2543, ECF No. 7923. Ms. Garcia did not submit an opposition to New GM's motion, which was due by May 26, 2020. Order No. 72, 14-MD-2543 ECF No. 1237.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as

to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing"). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Ms. Garcia's continued failure to submit a PFS as required by Order No. 25. Ms. Garcia has been on continual notice of the consequences of failing to submit a substantially complete PFS, and has been repeatedly reminded over the past several months — through Order No. 25; New GM's entry of a Notice of Overdue Discovery (14-MD-2543, ECF No. 7790); New GM's Motion to Dismiss Without Prejudice (14-MD-2543 ECF No. 7813); and New GM's current motion — that her claims could be dismissed, eventually with prejudice, if she failed to meet her (rather minimal) PFS obligations. Those efforts to inform Ms. Garcia of the consequences of her noncompliance with Order No. 25 have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014). Finally, timely submission of PFSs is essential to the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.

In light of the foregoing, Ms. Garcia's claims are hereby DISMISSED with prejudice. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to terminate 14-MD-2543, ECF No. 7923, and 17-CV-5970, ECF No. 107. The Clerk of Court is further directed to terminate Sylvia Garcia as a Plaintiff in 14-MD-2543 and to close 17-CV-5970. New GM is directed to serve this Order on Ms. Garcia and to promptly file proof of such service.

SO ORDERED.

Dated: June 3, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge