```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION                      14-MD-2543 (JMF)

This Document Relates To the Actions Listed in Exhibit A           ORDER OF DISMISSAL
------------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

On February 3 and 4, 2020, the Court granted the motions of Langdon & Emison, LLC (the "Firm") to withdraw from its representation of the plaintiffs listed in Exhibit A (the "Affected Plaintiffs") and severed their claims from the complaints filed by the Firm. *See* 14-MD-2543, ECF No. 7707, 7711 (the "Orders"). The Orders provided the Affected Plaintiffs ninety (90) days — that is, until May 4, 2020 — to file a new lawsuit in this Court and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a). ECF No. 7707, ¶ 3; ECF No. 7711, ¶ 3. The Affected Plaintiffs were also directed to file a Related Case Statement identifying the lawsuit as relating to these proceedings. *Id.* On May 5, 2020, pursuant to Paragraph 4 of the Orders, New GM filed a First Notice of Non-Compliance requesting dismissal *without* prejudice of the claims asserted by the Affected Plaintiffs who had failed to comply with the Orders. 14-MD-2543, ECF No. 7899.

On May 6, 2020, the Court granted the motion to dismiss the Affected Plaintiffs' claims without prejudice. 14-MD-2543, ECF No. 7900. The Court advised that New GM could move to dismiss the Affected Plaintiffs' claims *with* prejudice unless they filed an amended and severed complaint and Related Case Statement and paid the requisite filing fee within thirty days of the dismissal without prejudice — that is, by no later than June 5, 2020. *Id.* To date, no Affected Plaintiff has filed an amended and severed complaint and Related Case Statement or paid the filing

1

fee.  Accordingly, on June 9, 2020, New GM filed a Second Notice of Non-Compliance and requested dismissal of the Affected Plaintiffs' claims with prejudice.  14-MD-2543, ECF No. 7988.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing") (internal quotation marks omitted).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances."  *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for the Affected Plaintiffs' failure to file an amended and severed complaint and pay the filing fee, as required by the Orders.  *See* ECF No. 7707, ¶ 3; ECF No. 7711, ¶ 3.  The Affected Plaintiffs have been on continual notice of the consequences of failing to file an amended and severed complaint, and have been repeatedly reminded over the past several

months — through the Orders; New GM's First Notice of Non-Compliance, 14-MD-2543, ECF No. 7899; the Court's dismissal *without* prejudice of the Affected Plaintiffs' claims, 14-MD-2543, ECF No. 7900; and New GM's current notice, 14-MD-2543, ECF No. 7988.  Those efforts to inform the Affected Plaintiffs of the consequences of their noncompliance with the Orders have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, the Affected Plaintiffs' claims are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding that "the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints"). The Clerk of Court is directed to terminate the plaintiffs listed in Exhibit A as parties in 14-MD-2543 and their respective member cases, and, if there are no remaining plaintiffs in any member case, to close that case.

In accordance with the Orders, New GM shall serve a copy of this Order on the Affected Plaintiffs and file proof of such service.

SO ORDERED.

Dated: June 9, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

# Exhibit A

# **EXHIBIT A**

| Name | Cause No. |
|---|---|
| Adair, Dale | *Adair v. General Motors LLC*, 17-CV-10178 |
| Buchanan, Kiana | *Buchanan v. General Motors LLC*, 18-CV-3549 |
| Case, Roscoe | *Case v. General Motors LLC*, 18-CV-11689 |
| Champagne, Sherry Ann IARE Van Hugh Needham | *Champagne et al. v. General Motors LLC*, 18-CV-8922 |
| Hamilton, Cedric | *Hamilton v. General Motors LLC*, 19-CV-2288 |
| Harp, Cyndi | *Harp v. General Motors LLC*, 18-CV-11239 |
| Henry, Shannon | *Springer et al. v. General Motors LLC*, 18-CV-5958 |
| Jackson, Christine | *Jackson v. General Motors*, 19-CV-3209 |
| Montford, Derick | *Montford v. General Motors LLC*, 18-CV-6669 |
| Perry, Jessica | *Perry v. General Motors LLC*; 18-CV-1459 |
| Springer, Jamie | *Springer et al. v. General Motors LLC*, 18-CV-5958 |
| Tagnani, Kristopher | *Tagnani v. General Motors LLC,* 18-CV-11146 |
| Terrell, Tanginiki | *Terrell v. General Motors LLC,* 18-CV-5876 |
| Thompson, Roger | *Thompson, Jr. v. General Motors LLC,* 19-CV-7863 |
| Tuggle, Deborah | *Tuggle v. General Motors LLC,* 18-CV-0970 |
| Williford, Karen | *Williford v. General Motors LLC*, 19-CV-2260 |
| Williford, Ricky | *Williford v. General Motors LLC*, 19-CV-2259 |