UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543 (JMF)

*This Document Relates To:*                                      ORDER OF DISMISSAL
*Adams v. General Motors LLC, 15-CV-5528*
--------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On February 4, 2020, the Court granted the motion of Hilliard Martinez Gonzales and

Thomas J. Henry Injury Attorneys (the "Firms") to withdraw from their representation of Plaintiff

Cordelia Perry and severed her claims from the complaint filed by the Firms.  *See* 14-MD-2543,

ECF No. 7710 (the "February 4 Order").  The Order provided Ms. Perry ninety (90) days — that is,

until May 4, 2020 — to file a new lawsuit in this Court and to pay any filing fee associated with

filing a complaint pursuant to 28 U.S.C. § 1914(a).  February 4 Order, ¶ 3.  Ms. Perry was also

directed to file a Related Case Statement identifying the lawsuit as relating to these proceedings.  *Id.*

On May 6, 2020, pursuant to Paragraph 4 of the February 4 Order, New GM filed a First Notice of

Non-Compliance requesting dismissal *without* prejudice of the claims asserted by Ms. Perry for

failure to comply with the February 4 Order.  14-MD-2543, ECF No. 7905.

On May 7, 2020, the Court granted the motion to dismiss Ms. Perry's claims without

prejudice.  14-MD-2543, ECF No. 7907.  The Court advised that New GM could move to dismiss

Ms. Perry's claims *with* prejudice unless she filed an amended and severed complaint and Related

Case Statement and paid the requisite filing fee within thirty days of the dismissal without prejudice

— that is, by no later than June 8, 2020.  *Id.*  On May 11, 2020, New GM sent to Ms. Perry, at the

address provided by the Firms, a notice of the Court's May 7, 2020 Order.  14-MD-2543, ECF No.

7919.  On May 26, 2020, New GM received a notice by return mail that the letter was

undeliverable.  On June 9, 2020, New GM filed a Second Notice of Non-Compliance and requested

dismissal with prejudice of various plaintiffs' claims, inadvertently including Ms. Perry notwithstanding the lack of service of the Court's May 7, 2020 Order.  *See* 14-MD-2543, ECF No. 7989.  Ms. Perry's claims were dismissed with prejudice under the Court's June 9, 2020 Order.  14-MD-2543, ECF No. 7991.  On June 22, 2020, New GM served a copy of the Court's May 7, 2020 Order on Ms. Perry at two addresses identified through publicly available records and databases as belonging to Ms. Perry, only one of which was returned as undeliverable.  *See* 14-MD-2543, ECF No. 8006; 14-MD-2543, ECF No. 8073, at 2 n.1.

On June 25, 2020, New GM requested that the Court reopen Ms. Perry's case and provide Ms. Perry with an additional 30 days from the date of service to file an amended and severed complaint in light of the delay in service, making Ms. Perry's new deadline July 22, 2020.  14-MD-2543, ECF No. 8009.  On June 26, 2020, the Court granted New GM's request and directed New GM to serve a copy of the Order on Ms. Perry.  14-MD-2543, ECF No. 8011.  New GM served a copy of the Order reopening Ms. Perry's case via email on June 27, 2020 and certified mail on June 29, 2020.  *See* 14-MD-2543, ECF No. 8021.  Ms. Perry orally confirmed to counsel for New GM that she had received the Court's Order dated June 26, 2020.  *See* 14-MD-2543, ECF No. 8073, at 2 n.2.  To date, Ms. Perry has not filed an amended and severed complaint as required.  Accordingly, on July 30, 2020, New GM filed another Second Notice of Non-Compliance requesting dismissal of Ms. Perry's claims with prejudice.  *See* 14-MD-2543, ECF No. 8073.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d

Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing" (internal quotation marks omitted)).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Ms. Perry's failure to file an amended and severed complaint and pay the filing fee, as required by the February 4 Order.  *See* February 4 Order, ¶ 3. Ms. Perry has been on continual notice of the consequences of failing to file an amended and severed complaint, and has been repeatedly reminded over the past several months — through the February 4 Order; New GM's First Notice of Non-Compliance, 14-MD-2543, ECF No. 7905; the Court's dismissal *without* prejudice of the Ms. Perry's claims, 14-MD-2543, ECF No. 7907; the Court's order of June 26, 2020 reopening Ms. Perry's case, 14-MD-2543, ECF No. 8011; and New GM's current notice, 14-MD-2543, ECF No. 8073.  Those efforts to inform Ms. Perry of the consequences of her noncompliance with the February 4 Order have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, Ms. Perry's claims are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding that "the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").  The Clerk of Court is directed to terminate Cordelia Perry as a party in 14-MD-2543 and 15-CV-5528, and, if there are no remaining plaintiffs in 15-CV-5528, to close that case.

In accordance with the February 4 Order, New GM shall serve a copy of this Order on Ms. Perry and file proof of such service.

SO ORDERED.

Dated: July 30, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge