# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Andrew B. Bloomer, P.C.
To Call Writer Directly:
+1 312 862 2482
andrew.bloomer@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

August 31, 2020

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

>    *Re:*   *In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)

Dear Judge Furman:

Pursuant to Order Nos. 8, 127, 147, 154, 160, 161, 167, and the Court's September 16, 2019 Order (Docket Nos. 249, 4253, 5302, 5976, 6511, 6543, 7153), Lead and Liaison Counsel and New GM submit this joint written update regarding: 1) matters of possible significance in proceedings related to the MDL; 2) the status of New GM's settlement efforts; and 3) the status of plaintiffs subject to: (a) New GM's notices and/or motions filed pursuant to Order Nos. 140 and 148; (b) motions to withdraw; and (c) Wave discovery.

### I.   Matters of Possible Significance in Proceedings Related to MDL 2543.

First, on August 11, 2020, the Bankruptcy Court issued a Memorandum Opinion and Order Denying Motion Seeking Authority to File Late Proofs of Claim. A copy of the order is attached as Exhibit 1.

Second, pursuant to Order No. 1 Section X.8, the defendants' July 21, 2014 Status Letter (Docket No. 73) included an Exhibit A listing active cases consolidated to date in MDL 2543, as well as an Exhibit B listing related cases pending in state and federal courts, together with their current status. Updated versions of Exhibits A and B are attached collectively as Exhibit 2.

Third, the parties continue to work to ensure the Court is provided with current and correct contact information for presiding judges in actions listed in the aforementioned Exhibit B. To that end, the Federal/State Liaison Counsel will submit shortly to the Court updates to the e-mail addresses of the presiding judges in Related Actions.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 31, 2020
Page 2

**II.     Status of New GM's Settlement Efforts and Implementation.**

Pursuant to Order No. 127 and the Court's September 16, 2019 Order, New GM provides the following report on the status of settlement efforts. These figures reflect New GM's best understanding of the docket as of today; the numbers change on a regular basis as new claims are filed and as claims are settled.

Under the Court's supervision, the MDL continues to fulfill its purpose of driving cases towards resolution. As described in further detail below, New GM has resolved more than 4,000 claims through settlements or dismissals (including approximately 260 plaintiffs whose claims were dismissed with prejudice for failure to submit substantially complete plaintiff fact sheets). Of the remaining 16 personal injury and wrongful death claims pending in the MDL, more than 62% were originally filed after January 1, 2018. Since January 1, 2018, more than 285 new plaintiffs filed actions that were consolidated in the MDL, with 32 of those actions filed in the last twelve months.

**a.   Personal Injury and Wrongful Death Settled Claims to Date.**

New GM and various plaintiffs have settled claims related to 2,949 claimants[1] in MDL 2543, with 2,397 of those claimants having been dismissed with prejudice thus far.

**b.   Remaining Personal Injury and Wrongful Death Claims in MDL 2543.**

Excluding the above 2,949 settled claims, a total of 16 personal injury and wrongful death claimants remain pending in MDL 2543. Per the Court's request, these claimants are presented within each of the bellwether categories, as defined in Order Nos. 34 and 107 (Docket Nos. 610, 3081), based upon the most current information provided by plaintiffs to New GM.

- *Phase One*. There are two claimants remaining with Phase One claims, defined under Order No. 34 (Docket No. 610) as ignition-switch related claims involving air bag non-deployment allegations from accidents occurring on or after July 11, 2009 in the following "Production Part Vehicles": Chevrolet Cobalt (MY 2005-2007), Pontiac G5 (MY 2007), Saturn Ion (MY 2003-2007), Pontiac Solstice (MY 2006-2007), Chevrolet HHR (MY 2006-2007), and Saturn Sky (MY 2007).

---

[1] For purposes of this analysis, the term "claimant" refers to a person alleged to have suffered a personal injury or wrongful death. The total number of claimants may differ from the total number of plaintiffs to the extent claims are brought in a representative capacity (*e.g*., spouses, parents on behalf of minor children, *etc.*).

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 31, 2020
Page 3

- *Phase Two*. There are nine claimants with Phase Two claims relating to alleged motor vehicle accidents occurring on or after July 11, 2009, and these claims are further broken down into Categories A, B, C, as defined in Order No. 107 (Docket No. 3081):

    - *Category A*. There are three claimants with claims involving air bag non-deployment allegations in the following alleged "Service Part Vehicles" subject to NHTSA Recall No. 14-V-047 where the claimant has not produced any documentary evidence that the ignition switch was replaced in the vehicle before the subject accident or that the relevant service part was installed: Chevrolet Cobalt (MY 2008-2010), Pontiac G5 (MY 2008-2010), Pontiac Solstice (MY 2008-2010), Chevrolet HHR (MY 2008-2011), and Saturn Sky (MY 2008-2010).

    - *Category B*. Based upon New GM's analysis of complaints, plaintiff fact sheets, settlement documentation produced under Order No. 108, and its own investigation to date, New GM understands there to currently be no remaining claims involving alleged accidents in which air bags deployed in Production Part Vehicles and Service Part Vehicles subject to NHTSA Recall No. 14-V-047: Chevrolet Cobalt (MY 2005-2010), Pontiac G5 (MY 2007-2010), Saturn Ion (MY 2003-2007), Pontiac Solstice (MY 2006-2010), Chevrolet HHR (MY 2006-2011), and Saturn Sky (MY 2007-2010).

    - *Category C*. There are six claimants claiming air bag non-deployment in the following alleged "Unintended Key Rotation Vehicles" subject to NHTSA Recall Nos. 14-V-346, 14-V-355, 14-V-394, 14-V-400 and 14-V-540: Buick Lacrosse (MY 2005-2009); Buick Lucerne (MY 2006-2011); Cadillac CTS (MY 2003-2014); Cadillac Deville (MY 2000-2005); Cadillac DTS (MY 2006-2011); Cadillac SRX (MY 2004-2006); Chevrolet Camaro (MY 2010-2014); Chevrolet Caprice (MY 2011-2013); Chevrolet Impala (MY 2000-2014); Chevrolet Malibu (MY 1997-2005); Chevrolet Malibu Classic (MY 1997-2005); Chevrolet Monte Carlo (MY 2000-2007); Oldsmobile Alero (MY 1999-2004); Oldsmobile Intrigue (MY 1998-2002); Pontiac G8 (MY 2008-2009); Pontiac Grand Am (MY 1999-2005); and Pontiac Grand Prix (MY 2004-2008).

There are additional claims in the MDL that do not fall within the Phase One and Phase Two bellwether categories, which are as follows:

- ***Air Bag Deployment Claims Involving Alleged Unintended Key Rotation Vehicles.*** Based on New GM's analysis of complaints, plaintiff fact sheets, settlement documentation produced under Order No. 108, and its own investigation, there is at least one claimant with an air bag deployment claim involving alleged an Unintended Key Rotation Vehicle as that term is defined in Order No. 107.

## KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 31, 2020
Page 4

- ***Pre-Sale Order Claims***. There are four claimants with claims arising from motor vehicle accidents prior to July 10, 2009 (*i.e.* "pre-Sale Order claims").

   ### c. Settlement Updates Requested By the Court.

Pursuant to the Court's September 16, 2019 Order, New GM provides the following updates regarding the ongoing implementation of specific settlements or certain settlement discussions:

- ***Potts Settlements*** (Docket No. 6903). New GM and counsel for certain pre-Bankruptcy and post-Bankruptcy personal injury and wrongful death plaintiffs, Potts Law Firm, Junell & Associates, PLLC and the Burnett Law Firm, have executed confidential settlement agreements and are in the process of implementing those agreements. The parties expect that the settling plaintiffs would begin to file voluntary dismissals of their claims in 2020.

- ***Webb Claim*** (Docket No. 7023). New GM and counsel for the *Webb* plaintiffs have executed confidential settlement agreements, and New GM anticipates voluntary dismissals of the cases with prejudice will be submitted to the Court once certain settlement implementation steps have been completed. New GM sent multiple requests for counsel to provide additional or alternative language for this update. New GM has not received a further response from counsel.

### III. Status of Claims Subject to Order Nos. 140 and 148 Procedures, Motions to Withdraw, and Wave Discovery.

Pursuant to Order Nos. 147, 160, and 167, the parties provide the following data reflecting the number and status of claims subject to Wave One, Two, Three, Four, and Pool discovery, Order Nos. 140 and 148 procedures, and plaintiff counsels' motions to withdraw.

New GM is pleased to report that the lawsuits filed by all 100 Wave One Plaintiffs, all 101 Wave Two Plaintiffs, and all 119 Wave Three Plaintiffs have been settled or dismissed.

Pursuant to Order No. 167 (Docket No. 7789), the parties jointly identified 33 claims subject to Wave Four targeted discovery on March 6, 2020. (*See* Docket No. 7797.) Lead Counsel and New GM have agreed to extend all Wave Four deadlines by 75 days, including the deadlines set by the Wave Pool procedures. (*See* Docket No. 7886.) Targeted, case-specific fact discovery of Wave Four Plaintiffs commenced on August 17, 2020. (*See* Docket Nos. 7789, 7886.) Several Wave Four Plaintiffs are engaged in settlement discussions with New GM, and the parties will continue their efforts. The following reflects the status of the plaintiffs subject to Wave Four discovery:

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 31, 2020
Page 5

| Plaintiffs Subject to Wave Four Discovery | Wave Four Plaintiffs Whose Counsel Moved To Withdraw | Wave Four Plaintiffs' Claims Dismissed | Wave Four Plaintiffs' Claims Settled | Remaining Plaintiffs Participating in Wave Four |
|---|---|---|---|---|
| 33 | 0 | 15 | 9 | 9 |

Pursuant to Order No. 167, five plaintiffs are subject to the Wave Pool procedures and deadlines, which are subject to the 75-day extension of all deadlines. (*See* Docket Nos. 7955, 7971, 8018.) The following reflects the status of the plaintiffs subject to Wave Pool discovery:

| Plaintiffs Subject to Wave Pool Discovery | Wave Pool Plaintiffs Whose Counsel Moved To Withdraw | Wave Pool Plaintiffs' Claims Dismissed | Wave Pool Plaintiffs' Claims Settled | Remaining Plaintiffs Participating in the Wave Pool |
|---|---|---|---|---|
| 5 | 0 | 0 | 0 | 5 |

New GM is also pleased to report that the claims filed by all plaintiffs subject to Order Nos. 140 and 146 procedures have been settled or dismissed, and that the claims of all plaintiffs subject to Order Nos. 148 and 152 procedures have also been settled or dismissed.

The following reflects the status of plaintiffs who are or have been subject to motions to withdraw by the plaintiffs' counsel who filed suit on their behalf:

| Plaintiffs for Whom Counsel Have Filed Motions to Withdraw Subject to Order No. 137 | Plaintiffs Dismissed With Prejudice Pursuant to Order No. 137 | Plaintiffs Who Filed Amended And Severed Complaints Pursuant to Order No. 137 | Plaintiffs Currently Subject to Order No. 137 Procedures |
|---|---|---|---|
| 662 | 656 | 5 | 1 |

Finally, pursuant to Order No. 161, the parties will submit to the Court a spreadsheet identifying the plaintiffs in each category identified above.

# KIRKLAND & ELLIS LLP

The Honorable Jesse M. Furman
August 31, 2020
Page 6

 Respectfully submitted,

/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc:     MDL Counsel of Record