UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543

*This Document Relates To:*                                                    ORDER
*Postley v. General Motors LLC, 20-CV-3498*
---------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

 Earlier today, the Court received a voicemail from Plaintiff Kyomi Postley suggesting that she is under the impression that she is supposed to travel to New York for proceedings related to her case on September 21, 2020. The Court notes that there are no court proceedings scheduled for that date. Instead, per the Court's Order of May 22, 2020 setting the schedule for this case, 14-MD-2543, ECF No. 7955, 20-CV-3498, ECF No. 17 — a copy of which is attached as Exhibit A — that is the deadline for Ms. Postley to provide certain information to New GM.

 Specifically, per the Court's May 22, 2020 Order, if Ms. Postley (or the other plaintiffs in 20-CV-3498) have not submitted a substantially complete Plaintiff Fact Sheet ("PFS") or the other materials required by Order No. 108, 14-MD-2543, ECF No. 3115, by **September 21, 2020,** then New GM may file a notice of non-compliance on that date. Should that occur, the parties shall meet and confer to attempt to resolve any disputes, but the Court urges the parties to meet and confer in order to resolve any remaining discovery disputes even before that date.

 Finally, the Court reminds Ms. Postley that she may not call the Court. Instead, **any and all communications with the Court must be in writing and filed publicly on the docket.** As a *pro se* litigant, Ms. Postley must send all communications by mail to the Pro Se Intake Unit, 40 Centre Street, Room 105, New York, NY 10007.

 SO ORDERED.

Dated: September 4, 2020
   New York, New York              JESSE M. FURMAN
                      United States District Judge

# EXHIBIT A

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Wendy L. Bloom
To Call Writer Directly:
+1 312 862 2343
wendy.bloom@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

May 22, 2020

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)
         *Postley v. GM LLC*, 20-CV-3498

Dear Judge Furman:

  Pursuant to the Court's May 6, 2020 Order (Docket No. 7901), and having met and conferred, counsel for New GM and the Postley plaintiffs jointly write to propose next steps for their case against New GM, Case No. 20-CV-3498.

  As a preliminary matter, in response to the question posed in the Court's Order, the parties inform the Court that Ms. Tiffany Postley and Mr. Timothy Postley, though minors at the time of the subject accident, are now both over the age of 18. Both plaintiffs have indicated that they intend to represent themselves *pro se* in this matter.

  The parties conferred regarding proposed next steps and were unable to reach an agreement. Thus, the parties' proposals are set forth below.

**New GM's Proposed Next Steps**

  The parties conferred regarding the Court's Wave Pool procedures and deadlines set forth in Paragraph 18 of Order No. 167 (Docket No. 7789) and their applicability to this matter. Though initially the Postley plaintiffs agreed to this approach, they now reserve the right to request an in-chambers discussion about unknown issues, and their proposal does not specify any concrete steps regarding a path forward for the adjudication of their claims.

  The subject accident in this case took place on June 19, 2005. The Postleys were previously represented by Hilliard Martinez Gonzales LP (the "Hilliard firm") and Thomas J. Henry, and were eligible to participate in an aggregate settlement. ██████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████ The deadline expired on November 7, 2019,

Beijing Boston Dallas Hong Kong Houston London Los Angeles Munich New York Palo Alto Paris San Francisco Shanghai Washington, D.C.

KIRKLAND & ELLIS LLP

Hon. Jesse M. Furman
May 22, 2020
Page 2

without the Postleys returning their releases. On November 5, 2019 the Hilliard and Henry firms filed a motion to withdraw as counsel, which was granted on February 4, 2020. At this point the parties must proceed with a litigation schedule. New GM does not agree to re-opening of settlement discussions at this time, as plaintiffs have purposefully opted for the litigation path.

New GM respectfully requests that this Court apply its Wave Pool procedures, as modified by the 75-day extension set forth in Docket No. 7886. Specifically, the Wave Pool deadlines applicable to the Postleys' claims should be as follows:

- **September 21, 2020** – New GM can file a notice on the main MDL docket of any Wave Pool plaintiffs who have not submitted a substantially complete Plaintiff Fact Sheet, who have Plaintiff Fact Sheet deficiencies, or who have not complied with Order No. 108. The parties will meet and confer and attempt to resolve any disputes.

- **October 20, 2020** – New GM can file a motion to dismiss without prejudice for overdue discovery. New GM can also file a motion to dismiss any Wave Pool cases relating to accidents in which the air bag deployed, Wave Pool cases barred by the applicable statutes of limitation or repose, or Wave Pool cases that fail to state a claim.

- **November 20, 2020** – New GM can file a motion to dismiss with prejudice for overdue discovery. If New GM files a motion to dismiss, Plaintiffs also have until this date to respond to the motion by voluntarily dismissing their claims or by stating the factual basis for why dismissal is not appropriate. On this date, targeted case-specific fact discovery may also commence.

- **December 21, 2020** – Lead Counsel and New GM will file a joint letter identifying the number of—and proposing next steps to address—any remaining disputed Wave Pool claims that were subject to one or more notices or motions, including next steps for plaintiffs who desire to amend their complaints. By this date, New GM will also produce those documents required under Paragraphs 8(a) and 8(c) of Order No. 167.

- **April 22, 2021** – Fact discovery shall end on this date. Also by this date, the Wave Pool plaintiffs shall disclose their expert witnesses and submit any written reports, including all reliance materials in compliance with Order No. 74 and as required under Fed_R_Civ_P_26(a)(2)(B).

- **May 20, 2021** – By this date, Wave Pool plaintiffs shall present their expert witnesses for deposition. Also by this date, Lead Counsel and New GM will file another joint letter proposing next steps to address any remaining disputed Wave Pool plaintiffs.

## KIRKLAND & ELLIS LLP

Hon. Jesse M. Furman
May 22, 2020
Page 3

### The Postley Plaintiffs' Proposed Next Steps

In an email to counsel for New GM from Ms. Kyomi Postley, in which she stated that all three Postley plaintiffs were in agreement with one another, Ms. Postley set forth the following as the plaintiffs' position on next steps:

"In regards to the ORDER set forth by the Court on this matter for parties to write proposal setting forth facts that would justify awards and damages for a settlement agreement between parties. The plaintiffs KYOMI POSTLEY filed this suit against the General Motors in 2008 after her and her minor children TIFFANY POSTLEY and TIMOTHY POSTLEY Jr. was injured in a car crash in which the ignition switch was defective; thus, air bags failing to deploy and car flipping due to the steering defect.

This case has been in litigation for 15 years and there has been many decisions made over the last 15 years. There are issues that the plaintiffs agree should be discussed in Chambers before an agreement can be made in regards demands to a settlement.

The plaintiffs KYOMI POSTLEY, TIFFANY POSTLEY AND TIMOTHY POSTLEY Jr. reserves the right to make an demand and chose to meet in Chambers with the Honorable JESSE FURMAN on this matter to resolve some of the issues and to preserve the information in the case of trial.

The Plaintiffs further states that they are willing to discuss a settlement if the settlement is fair and just and seeks to settle this case."

Respectfully submitted,

/s/ Wendy L. Bloom
/s/ Richard C. Godfrey, P.C.
/s/ Andrew B. Bloomer, P.C.

*Counsel for Defendant General Motors LLC*

cc: MDL Counsel of Record

---

In light of New GM's unwillingness to reopen settlement negotiations at this time, the Court concludes that including the Postleys in the existing Wave Pool procedures is the appropriate course. Accordingly, the Court adopts New GM's proposed next steps. The Court also concludes that the joint letter, ECF No. 7952, should be maintained in redacted form, as the material redacted contains confidential settlement-related communications. Plaintiffs are reminded that, no later than **today**, they are required either to move for permission to register as ECF users (and take all necessary steps to do so) or identify some hardship or other reason that would prevent them from participating in ECF. *See* 20-CV-3498, ECF No. 8. SO ORDERED.

May 26, 2020