UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION            14-MD-2543

*This Document Relates To:*            ORDER OF DISMISSAL
*Atz v. General Motors LLC, 15-CV-5222*
------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On April 6, 2020, the Court granted the motion by Bailey Cowan Heckamann PLLC and Pulaski Law Firm, PLLC (the "Firms") to withdraw from their representation of Sunita Bhandari. *See* ECF No. 7836 (the "April 6 Order").[1] Pursuant to the April 6 Order, Ms. Bhandari had ninety days — until July 6, 2020 — to file, in the form of a new lawsuit, an amended and severed complaint as well as a Related Case Statement in the United States District Court for the Southern District of New York, and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a). *Id.* ¶ 3. On July 9, 2020, pursuant to Paragraph 5 of the April 6 Order, New GM filed a First Notice of Non-Compliance pertaining to Ms. Bhandari's failure to comply with the April 6 Order and requested that the Court dismiss her claims without prejudice. *See* ECF No. 8033.

On July 10, 2020, the Court extended Ms. Bhandari's deadline to file an amended and severed complaint and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a), to August 9, 2020, in light of an apparent misunderstanding over whether Ms. Bhandari had the documents she needed; her apparent intent to continue pursuing her claims; and out of an abundance of caution, mindful of Ms. Bhandari's *pro se* status. *See* ECF No. 8036. On

---

[1]      Unless otherwise noted, all docket references are to 14-MD-2543.

August 24, 2020, "[i]n light of Ms. Bhandari's [continued] apparent confusion over the requirements of the April 6 Order and her *pro se* status," the Court granted "Ms. Bhandari one **final** extension to **September 21, 2020**." ECF No. 8123, at 2.  The Court noted that "[i]f Ms. Bhandari fails to file an amended and severed complaint and to pay any associated filing fee by that date, New GM may file another notice that will result in Ms. Bhandari's dismissal without prejudice." *Id.*

To date, Ms. Bhandari has not filed an amended and severed complaint.  On September 29, 2020, New GM filed another notice of non-compliance with the Court's April 6 Order.  *See* ECF No. 8164.

In light of Ms. Bhandari's failure to file an amended and severed complaint by the deadline set in the April 6 Order, as extended, *see* ECF Nos. 8036, 8123, her claims are hereby DISMISSED *without* prejudice.  Per Paragraph 5 of the April 6 Order, should Ms. Bhandari file an amended and severed complaint, a Related Case Statement, and a filing fee **within the next thirty days**, her dismissal will be vacated.  If Ms. Bhandari does *not* submit the requisite filings **within the next thirty days,** the dismissal may be converted to a dismissal *with* prejudice upon the filing of a Second Notice of Non-Compliance by New GM.  *See* April 6 Order ¶ 5.

In accordance with the April 6 Order, New GM shall serve a copy of this Order on Ms. Bhandari and file proof of such service.  *See id.*  New GM shall also serve Ms. Bhandari with a copy of the April 6 Order, ECF No. 7836; the Court's order of July 10, 2020, ECF No. 8036; and the Court's order of August 24, 2020, ECF No. 8123; and shall file proof of such service **no later than October 1, 2020**.

In light of the process set forth in the April 6 Order and above, the Clerk of Court should *not* terminate Ms. Bhandari as a party at this time. The Court will direct the Clerk of Court to do so if or when Ms. Bhandari's claims are dismissed with prejudice.

SO ORDERED.

Dated: September 30, 2020
      New York, New York

                                    JESSE M. FURMAN
                                   United States District Judge