UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates To:*
*Goodwin v. General Motors, LLC*, 18-CV-2590
---------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

This case, involving *pro se* Plaintiff Diane Goodwin and Defendant General Motors LLC ("New GM"), is one of many arising out of the recall in February 2014 of General Motors vehicles that had been manufactured with a defective ignition switch. On September 5, 2019, at a conference conducted before the Honorable James L. Cott, United States Magistrate Judge, the parties agreed to a settlement. *See* ECF No. 66 ("Pl.'s Mem."), Ex. C. ("Tr."), at 6-7.[1] The parties put the material terms of the settlement on the record and confirmed in answer to questions from Magistrate Judge Cott that the terms were "binding and enforceable." *Id.* Interestingly, both sides now move to enforce the settlement; Goodwin also moves for sanctions against New GM. *See* Pl.'s Mem. 1; ECF No. 73, at 1; ECF No. 88 ("Def.'s Reply"), at 3.

Allegations of misconduct and blame aside, there is little daylight between the parties' positions. The settlement has been memorialized — with additional changes that the parties agreed to after the settlement conference — in a Confidential Settlement Agreement and Release.

---

[1]   Unless otherwise noted, all docket entries refer to 18-CV-2590. At present, this document is sealed and, in accordance with the then-applicable procedures for sealed filings, does not appear on the docket. *See* ECF No. 74.

*See* Bloom Decl., Ex. 22. ("Agreement & Release").[2]  Indeed, Goodwin concedes that "[t]he only thing left is for the settlement to be finalized through the execution of the Confidential Settlement Agreement and Release without the need for the Medicare/Tricare document[s]." ECF No. 82 ("Pl.'s Reply"), at 17.  And New GM, for its part, "agrees that execution of the Medicare/Tricare forms is no longer necessary," and has revised the proposed Confidential Settlement Agreement and Release accordingly.  Def.'s Reply 3; *see also* Agreement & Release 5-7.  Thus, the parties agree that the settlement should be consummated.

The only other apparent issue is whether the case should be dismissed with or without prejudice.  Goodwin opposes dismissal with prejudice on the ground that she "would have no recourse with the court if something happened."  Pl.'s Reply 13.  But there is no merit to that concern for two reasons.  First, the parties' agreement contemplates entry of a dismissal order only *after* New GM pays the monetary portion of the settlement.  *See* Agreement & Release 4.  Second, as New GM notes, in the unlikely "event New GM were to fail to pay her the gross settlement amount or otherwise violate the Confidential Settlement Agreement and Release, she would be able to file a motion to enforce the Confidential Settlement Agreement and Release with this Court to compel New GM's compliance."  Def.'s Reply 2 n.1.  And, in any event, dismissal with prejudice was one of the material and binding terms of the settlement to which Goodwin explicitly agreed.  *See* Tr. 3, 6.

For these reasons, and upon consideration of the factors relevant to enforcement of a settlement, *see, e.g.*, *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997), the Court will enforce the settlement.  To that end, and given that Goodwin's concerns are either without merit or have been addressed, the Court orders her, within two weeks of the date

---

[2]   This document was also filed under seal and does not currently appear on the docket.

of this Memorandum Opinion and Order, to sign the Confidential Settlement Agreement and Release and return it to New GM.  New GM also asks the Court to order Goodwin's husband to sign the Confidential Settlement Agreement and Release.  *See* Def.'s Reply 3.  There may be no need, as Goodwin indicates that her husband is not opposed to signing.  *See* Pl.'s Reply 15.  But the Court will not order him to do so, as New GM has not cited (and the Court has not found) any authority for the proposition that a court has authority to order a non-party (to a case and to a settlement put on the record) to sign an agreement.

Finally, the Court denies Goodwin's motion for sanctions on New GM, substantially for the reasons set forth in New GM's memoranda.  *See* Def.'s Opp. & Mem. Cross-Mot. & Opp. Pl's Mot. 18-21;[3] Def's Reply 6-8; ECF No. 94, at 2-7.  Put simply, Goodwin provides no direct (i.e., non-hearsay) evidence that New GM did anything wrong.  That is not a basis to impose sanctions.  *See, e.g.*, *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) ("To impose sanctions . . . a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith . . . .").

One final housekeeping matter remains: Most, if not all, of the filings concerning these motions have been temporarily placed under seal because they appeared to contain either or both confidential settlement-related information or personal information.  *See* ECF Nos. 68, 86, 93.  **No later than two weeks from the date of this Memorandum Opinion and Order**, New GM shall submit additional briefing on whether, and to what extent, the temporarily sealed filings should remain sealed or redacted, and to propose redactions in accordance with the Court's Individual Rules and Instructions.

---

[3] This document was also filed under seal and does not currently appear on the docket.

In sum, the motions to enforce the settlement are GRANTED (except as set forth above), and **Goodwin is ORDERED, within two weeks of the date of this Memorandum Opinion and Order, to sign the Confidential Settlement Agreement and Release attached as Exhibit 22 to the Bloom Declaration and return it to New GM.**  Goodwin's motion for sanctions is DENIED.  The Clerk of Court is directed to terminate ECF Nos. 66 and 73.

SO ORDERED.

Dated: October 6, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4