# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Wendy L. Bloom
To Call Writer Directly:
+1 312 862 2343
wendy.bloom@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

October 14, 2020

The Honorable Jesse M. Furman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)

Dear Judge Furman:

Pursuant to this Court's Order No. 167 (Docket No. 7789), and subject to the 75-day extension of Wave Four deadlines (Docket No. 7886), Lead Counsel and counsel for New GM are required to submit a joint letter identifying the number of—and proposing next steps to address— any remaining disputed Wave Four claims subject to one or more notices or motions (*see* Docket Nos. 8117, 8118, 8119).

New GM filed notices that the claims of Plaintiff Marcus Hemingway (on behalf of Kenya Robinson) are barred by the applicable statute of limitations and the Court's December 28, 2017 Opinion and Order.  *See In re GM LLC Ignition Switch Litig.*, 2017 WL 6729295 (S.D.N.Y. Dec. 28, 2017).  (Docket Nos. 8117, 8119.)  Mr.  Hemingway failed to respond to New GM's notices by the September 16, 2020 deadline (*see* Docket No. 7886).  Mr. Hemingway's claims have since been dismissed without prejudice due to discovery deficiencies.  (Docket No. 8151.)  The parties propose that Mr. Hemingway's claims proceed under the motion to dismiss process as outlined by Order No. 173 (Docket No. 8094), and that the parties be permitted to submit proposed next steps, including that Mr. Hemingway respond to New GM's notices, should Mr. Hemingway's dismissal be vacated.

New GM filed a notice that the claims of Matthew Taylor, the *Hancock* plaintiffs, and certain plaintiffs in the *Conner* matter are barred by the applicable statutes of repose.  (Docket No. 8118.)  Mr. Taylor has since agreed to settle his claims against New GM.  The parties submit that no next steps are required at this time for Mr. Taylor and ask that the parties be permitted to submit proposed next steps should the settlement with Mr. Taylor not be finalized.

The Court has previously entered a schedule for New GM to move for summary judgment against the *Hancock* plaintiffs on the basis that their claims are barred by the applicable statute of repose (Docket No. 8155), so the parties submit that no additional next steps are necessary at this time.

Beijing  Boston  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  New York  Palo Alto  Paris  San Francisco  Shanghai  Washington, D.C.

## KIRKLAND & ELLIS LLP

Hon. Jesse M. Furman
October 14, 2020
Page 2

  The *Conner* plaintiffs filed a response to New GM's notice, disputing that their claims are barred.  (Docket No. 8144.)  The *Conner* plaintiffs and New GM are engaged in settlement discussions and will be participating in an in-person mediation before Daniel Balhoff on October 28, 2020.  If a settlement is reached during the mediation, the parties will promptly advise the Court.  If a settlement is not reached during the mediation, the parties propose to submit a next steps letter for the *Conner* plaintiffs by November 4, 2020, which may include a proposed schedule for New GM to move for summary judgment against the *Conner* plaintiffs subject to New GM's notice on the basis that their claims are barred by the applicable statute of repose.

    Respectfully submitted,

    /s/ Wendy L. Bloom

    *Counsel for Defendant General Motors LLC*

cc:  MDL Counsel of Record