UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION                14-MD-2543 (JMF)

*This Document Relates To:*                                  ORDER OF DISMISSAL
*Atz v. General Motors LLC, 15-CV-5222*
------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On April 6, 2020, the Court granted the motion by Bailey Cowan Heckamann PLLC and Pulaski Law Firm, PLLC (the "Firms") to withdraw from their representation of Plaintiff Sunita Bhandari.  *See* ECF No. 7836 (the "April 6 Order").[1]  Pursuant to the April 6 Order, Ms. Bhandari had ninety days — until July 6, 2020 — to file, in the form of a new lawsuit, an amended and severed complaint as well as a Related Case Statement in the United States District Court for the Southern District of New York, and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a).  *Id.* ¶ 3.  On July 9, 2020, pursuant to Paragraph 5 of the April 6 Order, New GM filed a First Notice of Non-Compliance pertaining to Ms. Bhandari's failure to comply with the April 6 Order and requested that the Court dismiss her claims without prejudice.  *See* ECF No. 8033.

On July 10, 2020, the Court extended Ms. Bhandari's deadline to file an amended and severed complaint and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a), to August 9, 2020, in light of an apparent misunderstanding over whether Ms. Bhandari had the documents she needed; her apparent intent to continue pursuing her claims; and out of an abundance of caution, mindful of Ms. Bhandari's *pro se* status.  *See* ECF No. 8036.  On August 24, 2020, "[i]n light of Ms. Bhandari's [continued] apparent confusion over the requirements of the

---

[1]   Unless otherwise noted, all docket references are to 14-MD-2543.

April 6 Order and her *pro se* status," the Court granted "Ms. Bhandari one **final** extension to **September 21, 2020**." ECF No. 8123, at 2.  The Court noted that "[i]f Ms. Bhandari fails to file an amended and severed complaint and to pay any associated filing fee by that date, New GM may file another notice that will result in Ms. Bhandari's dismissal without prejudice."  *Id.*  Ms. Bhandari did not file an amended and severed complaint by that date and on September 29, 2020, New GM filed another notice of non-compliance with the Court's April 6 Order.  *See* ECF No. 8164.

On September 30, 2020, the Court dismissed Ms. Bhandari's claims *without* prejudice.  ECF No. 8166.  The Court advised that New GM could convert the dismissal of Ms. Bhandari's claims to a dismissal *with* prejudice unless she filed an amended and severed complaint and Related Case Statement and paid the requisite filing fee within thirty days of the dismissal without prejudice — that is, by no later than October 30, 2020.  *Id.*  To date, Ms. Bhandari has not filed an amended and severed complaint as required.  Accordingly, on November 9, 2020, New GM filed a Second Notice of Non-Compliance and requested dismissal of Ms. Bhandari's claims *with* prejudice.  *See* ECF No. 82338.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (per curiam) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing" (internal quotation marks omitted)).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most

extreme circumstances." *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Ms. Bhandari's failure to file an amended and severed complaint and pay the filing fee, as required by the April 6 Order.  *See* April 6 Order, ¶ 3.  Ms. Bhandari has been on continual notice of the consequences of failing to file an amended and severed complaint, and has been repeatedly reminded over the past several months — through the April 6 Order; New GM's First Notice of Non-Compliance, ECF No. 8033; the Court's Order of July 10, 2020 granting Ms. Bhandari an extension to file an amended and severed complaint, ECF No. 8036; the Court's Order of August 24, 2020 granting Ms. Bhandari a further extension, ECF No. 8123; New GM's further notice of non-compliance dated September 29, 2020, ECF No. 8164; the Court's dismissal without prejudice of Ms. Bhandari's claims, ECF No. 8166; and New GM's current notice, ECF No. 8238.  Those efforts to inform Ms. Bhandari of the consequences of her noncompliance with the April 6 Order have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, Ms. Bhandari's claims are hereby DISMISSED with prejudice. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding that "the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to terminate Sunita Bhandari as a party in 14-MD-2543 and 15-CV-5222.

In accordance with the April 6 Order, New GM shall serve a copy of this Order on Ms. Bhandari and file proof of such service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 9, 2020  
New York, New York

JESSE M. FURMAN  
United States District Judge