UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION         14-MD-2543 (JMF)

*This Document Relates To:*                                    ORDER OF DISMISSAL
*Hemingway v. General Motors LLC, 19-CV-6528*
------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On September 25, 2020, the Court granted New GM's motion to dismiss, without prejudice, the claims asserted by Plaintiff Marcus Hemingway (on behalf of Kenya Robinson) for failure to submit a substantially complete plaintiff fact sheet ("PFS") or document productions as required by Order No. 25, ECF No. 422; Order No. 108, ECF No. 3115; and Order No. 148, ECF No. 5366.  *See* ECF No. 8151.[1]  Upon entry of the Court's Order, Mr. Hemingway had 30 days to submit a substantially complete PFS and document production or to move to vacate his dismissal.  *See* Order No. 25, ¶ 25.  When Mr. Hemingway failed to certify that he had submitted a substantially complete PFS and document production or otherwise move to vacate his dismissal, New GM moved to dismiss his claims with prejudice.  ECF No. 8128. Mr. Hemingway did not submit an opposition to New GM's motion, which was due by November 11, 2020.  Order No. 173, ECF No. 8094.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash*

---

[1]   All docket references are to 14-MD-2543 unless otherwise noted.

*R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing").  Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Mr. Hemingway's continued failure to submit a complete PFS and document productions as required by Order No. 25, Order No. 108, and Order No. 148.  Mr. Hemingway has been on continual notice of the consequences of failing to submit a substantially complete PFS and document production, and has been repeatedly reminded over the past several months — through New GM's initial notice of discovery deficiencies, ECF No. 8052; New GM's motion to dismiss without prejudice, ECF No. 8072; New GM's initial reply in support of the motion to dismiss without prejudice, ECF No. 8088; the Court's order of August 10, 2020 granting Mr. Hemingway an extension of the deadline to oppose New GM's motion to dismiss without prejudice, ECF No. 8097; New GM's second reply in support of the motion to

dismiss without prejudice, ECF No. 8129; the Court's order dismissing Mr. Hemingway without prejudice, ECF No. 8151; and New GM's current motion, ECF No. 8218 — that his claims could be dismissed, eventually with prejudice, if he failed to meet his (rather minimal) discovery obligations.  Those efforts to inform Mr. Hemingway of the consequences of his noncompliance with Order No. 25, Order No. 108, and Order No. 148 have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).  Finally, timely submission of PFSs is essential to the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.

In light of the foregoing, Mr. Hemingway's claims are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to terminate 14-MD-2543, ECF No. 8128, and 19-CV-6528, ECF No. 43.  The Clerk of Court is further directed to terminate Marcus Hemingway (on behalf of Kenya Robinson) as a Plaintiff in 14-MD-2543 and 19-CV-6528 and to close 19-CV-6528.

      SO ORDERED.

Dated: November 16, 2020
       New York, New York

                                                   JESSE M. FURMAN
                                           United States District Judge