

**C**HAFFIN
**L**UHANA LLP
*Doing Good by Doing Right™*

**Sent via email from:** New York Office

Application GRANTED, except as to the
Order (which has already been filed
publicly), for substantially the reasons
stated in the parties' joint letter.  The
Clerk of Court is directed to terminate
14-MD-2543, ECF No. 8262 and 15-
CV-4709, ECF No. 200.

**November 17, 2020**

*Via ECF*
The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

SO ORDERED.

November 17, 2020

> **Re:** *In re GM LLC Ignition Switch Litigation* **14-MD-2543**
> *Anglin v. General Motors LLC* **15-CV-4709**

Dear Judge Furman:

Plaintiff Leland Anglin, as former Guardian of the Person and former Administrator of the Estate of Todd Anglin {"Plaintiff"), and Defendant General Motors LLC ("New GM") (collectively, "the Parties") hereby jointly submit this letter brief requesting that the Court allow the parties' Joint Motion to Approve the Settlement of this matter, and related documents and Order, to remain under seal.  These documents should remain under seal because they contain provisions of confidential settlement agreements and releases, and confidential trust information. See 3/2/16 Memorandum Opinion and Order (Docket No. 2391) ("The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement— particularly where, as here, 'a case is complex and expensive, and resolution of the case will benefit the public.'") (quoting *U.S. v. Glen Falls Newspapers*, Inc., 160 F.3d 853, 856-57 (2d Cir. 1998)).

Second Circuit precedent is clear that the confidentiality of settlement agreements and settlement discussions must be protected. *See U.S. v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("We conclude that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent. We also conclude that release of these discussion and documents is likely to impair materially the trial court's performance of its Article III function of crafting a settlement of this case. The need for a fair and efficient resolution through settlement of this complex, expensive, ten-year-old case of great public importance far outweighs the negligible presumption of access to settlement materials."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) (holding that it was an abuse of discretion to unseal the transcript of a settlement conference); *In re Sept. 11 Litig.*, 723 F. Supp. 2d 526, 533 (S.D.N.Y. 2010) ("Confidential documents exchanged in the course of discovery, negotiation, and mediation, and submitted in connection with the motion for approval of the property damage settlement, will not be disclosed to the public. . . . They are not the type

---

**New York Office:**
600 Third Ave., 12th Floor
New York, NY 10016

**Pennsylvania Office:**
615 Iron City Drive
Pittsburgh, PA 15205

**West Virginia Office:**
3200 Main St.
Weirton, WV  26062

Toll Free: (888) 480-1123 • Fax: (888) 499-1123 • ChaffinLuhana.com

of document to which the public has historically had access nor would public disclosure enhance the function of settlement negotiations. If any presumption of access attaches merely from the fact that these documents were submitted in the course of briefing on the motion for approval, it is small and outweighed by the chilling of settlement negotiations that could result from disclosure."); *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) ("[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases."); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) ("[p]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials.").

This rule has previously been applied in this MDL to seal documents related to confidential settlement agreements. *See* 3/2/16 Memorandum Opinion and Order (Docket No. 2391) (sealing permanently three documents related to settlement between New GM and certain MDL plaintiffs); 5/13/20 Order (Docket No. 7926) (finding that a conference should be closed to the public given the likelihood that confidential settlement information will be shared and allowing a redacted transcript); 6/11/20 Memo Endorsement (Docket No. 7992) (finding proposed redactions appropriate as settlement-related communications); 7/21/20 Order (Docket No. 8055) (ordering parties to submit proposed redactions to documentation containing confidential settlement information).

WHEREFORE, the parties jointly request that the filed under seal documents related to this motion remain under seal.

Respectfully submitted,

s/ Roopal P. Luhana
Roopal P. Luhana, Esq.
Steven D. Cohn, Esq.
Chaffin Luhana LLP
600 Third Avenue, 12th Floor
New York, New York 10016
Tel.: (347) 269-4472
luhana@chaffinluhana.com

*Counsel for Plaintiff*

Respectfully Submitted,

s/ Wendy L. Bloom
Wendy L. Bloom, Esq.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000 (phone)
wbloom@kirkland.com

*Counsel for Defendant General Motors LLC*

**New York Office:**
600 Third Ave., 12th Floor
New York, NY 10016

**Pennsylvania Office:**
615 Iron City Drive
Pittsburgh, PA 15205

**West Virginia Office:**
3200 Main St.
Weirton, WV  26062

Toll Free: (888) 480-1123 • Fax: (888) 499-1123 • ChaffinLuhana.com