```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
```

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION        14-MD-2543

*This Document Relates To:*                                              ORDER
*Postley v. General Motors LLC, 20-CV-3498*

```
---------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

Pursuant to Order No. 167, ECF No. 7789, on October 6, 2020, New GM filed a notice regarding deficiencies in the Plaintiff Fact Sheets ("PFS"), Order No. 108, ECF No. 3115, document productions ("Order 108 Documents"), and Order No. 148, ECF No. 5373, document productions ("Order 148 Documents") of, among others, Wave Pool Plaintiffs Kyomi Postley, Tiffany Postley, Timothy Postley, all proceeding *pro se*. *See* ECF No. 8178.[1] Plaintiffs had fourteen days — that is, until October 20, 2020 — to cure these deficiencies. *See* Order No. 173, ECF No. 8094.

On November 13, 2020, New GM moved to dismiss the claims of Tiffany Postley and Timothy Postley without prejudice for ongoing discovery deficiencies. ECF No. 8234. In their motion, New GM informed the Court that "[t]here are no current disputes for the Court to address with respect to Kyomi Postley" and that "Ms. Robinson provided additional discovery materials that resolved her discovery deficiencies." *Id.* at 2. In contrast, Tiffany and Timothy Postley "ha[d] not provided any additional discovery materials" and had "remaining discovery deficiencies." On November 18, 2020, New GM filed a reply withdrawing its motion in light of its agreement to provide Tiffany and Timothy Postley with an extension to December 4, 2020 of the deadline to

---

[1] Unless otherwise noted, all docket references are to 14-MD-2543.

provide substantially complete PFSs and Order No. 148 documents.[2]  ECF No. 8265.  In light that withdrawal, the Court denied New GM's motion without prejudice to renew if the Postleys' discovery deficiencies continued beyond the agreed-upon date.  ECF No. 8266.

On December 14, 2020, New GM moved to dismiss without prejudice Timothy Postley and Kenneth Smith for continued discovery deficiencies.  See ECF No. 8295.  New GM noted that "Mr. Postley provided an amended Plaintiff Fact Sheet and one document related to his claim for lost earnings on December 4, 2020" and "also requested an additional two-week extension to provide additional documents supporting his claim for lost earnings, to which New GM agreed."  Id. at 1-2.  However," New GM contended that "Mr. Postley continues to have several deficiencies in his Plaintiff Fact Sheet and Order No. 148 documents . . . which he did not request an extension to cure."  Id. at 2.  In contrast, "[a]t this time New GM [wa]s not requesting dismissal of Tiffany Postley's claims," although she "continue[d] to have deficiencies in her Plaintiff Fact Sheet and Order No. 148 documents, including not providing a signed declaration and documents supporting her claim for lost earning," noting that she "provided supplementary materials on November 24, 2020 and December 3, 2020."  Id. at 2 n.2.  Mr. Postley then had fourteen days — that is, until December 28, 2020 — to cure his deficiencies or oppose the motion.  Mr. Postley did not do so.

On January 4, 2021, New GM filed a reply in support of its motion.  ECF No. 8317.  In it, New GM notes that Mr. Postley had not provided any further discovery materials responsive to the motion to dismiss, although New GM acknowledged that "[o]n December 28, 2020, Mr. Postley produced two additional documents related to his claim for lost wages" pursuant to the extension to which New GM had previously agreed.  Id. at 2 n.1

---

[2]  New GM did not moved to dismiss Kyomi Postley, although she  "continue[d] to have certain Order 148 Document deficiencies," because "the parties have reached an agreement to resolve those deficiencies."  ECF No. 8265, at 1 n.1.

Mr. Postley has already been provided with several extensions and the Court is confident that, under Order Nos. 25, 48, 108, 167, and 173, it would be justified in dismissing his claims without prejudice. That said, in light of the totality of the circumstances — namely, the special solicitude afforded *pro se* litigants; New GM's success in reaching satisfactory agreements regarding discovery obligations to date with Mr. Postley's sisters and co-plaintiffs; and Mr. Postley's active participation in the litigation, including his production of new documents as recently as December 28, 2020 — the Court will instead refer this dispute to Magistrate Judge Cott, by separate order to be entered today, with the hope that the parties can resolve these discovery issues with some judicial assistance.

In light of the foregong, New GM's motion with respect to Tumothy Postley is DENIED without prejudice to renewal. If, **sixty days from the date of this Order**, New GM continues to believe that Mr. Postley has not complied with his discovery obligations, it may move again to dismiss his claims without prejudice.

New GM's motion with respect to Kenneth Smith remains pending. Accordingly, the Clerk of Court is directed *not* to terminate 14-MD-2543, ECF No. 8395 at this time. In contrast the Clerk of Court *is* directed to terminate 20-CV-3498, ECF No. 31.

SO ORDERED.

Dated: January 6, 2021
New York, New York

JESSE M. FURMAN
United States District Judge