UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION          14-MD-2543 (JMF)

*This Document Relates To:*          ORDER OF DISMISSAL
*Eggert v. General Motors LLC, 18-CV-3812*
------------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On October 1, 2020, the Court granted the motion by the Potts Law Firm, LLP (the "Firm") to withdraw from representing plaintiff Steven Eggert and severed his claims from the complaints filed by the Firm. *See* ECF No. 8173 (the "October 1 Order").[1] The Order provided Mr. Eggert ninety (90) days — that is, until December 30, 2020 — to file a new lawsuit in this Court and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a). October 1 Order, ¶ 3. Mr. Eggert was also directed to file a Related Case Statement identifying the lawsuit as relating to these proceedings. *Id.* On January 6, 2021, pursuant to Paragraph 4 of the October 1 Order, New GM filed a First Notice of Non-Compliance requesting dismissal *without* prejudice of the claims asserted by Mr. Eggert for failure to comply with the October 1 Order. *See* ECF No. 8319.

On January 7, 2021, the Court granted the request to dismiss Mr. Eggert's claims without prejudice. ECF No. 8324. The Court advised that New GM could move to dismiss Mr. Eggert's claims *with* prejudice unless he filed an amended and severed complaint and Related Case Statement and paid the requisite filing fee within thirty days of the dismissal without prejudice — that is, by no later than February 6, 2021. *Id.* To date, Mr. Eggert has not filed an amended and severed complaint as required. Accordingly, on February 16, 2021, New GM filed a Second Notice

---

[1] Unless otherwise noted, all docket references are to 14-MD-2543.

1

of Non-Compliance and requested dismissal of Mr. Eggert's claims with prejudice.  *See* ECF No. 8393.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (per curiam) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing" (internal quotation marks omitted)).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances."  *Drake*, 375 F.3d at 251.  In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Mr. Eggert's failure to file an amended and severed complaint and pay the filing fee, as required by the October 1 Order.  *See* October 1 Order, ¶ 3. Mr. Eggert has been on continual notice of the consequences of failing to file an amended and severed complaint, and has been repeatedly reminded over the past several months — through the October 1

2

Order; New GM's First Notice of Non-Compliance, ECF No. 8319; the Court's dismissal *without* prejudice of Mr. Eggert's claims, ECF No. 8324; and New GM's current notice, ECF No. 8393. Those efforts to inform Mr. Eggert of the consequences of his noncompliance with the October 1 Order have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, Mr. Eggert's claims are hereby DISMISSED with prejudice. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding that "the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints"). The Clerk of Court is directed to terminate Steven Eggert as a party in 14-MD-2543 and 18-CV-3812, and to close 18-CV-3812.

In accordance with the October 1 Order, New GM shall serve a copy of this Order on Mr. Eggert and file proof of such service.

SO ORDERED.

Dated: February 17, 2021
       New York, New York

                                        _____
                                              JESSE M. FURMAN
                                            United States District Judge