**LANGDON & EMISON** LLC

L&E

911 Main Street
P.O. Box 220
Lexington, MO 64067
P: 660.259.6175
F: 660.259.4571
www.LangdonEmison.com

April 5, 2021

<u>*Via ECF*</u>
The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *In re GM LLC Ignition Switch Litigation* 14-MD-2543
       *Norma Robinson, As Administrator of the Estate of Cleon Davis v.*
       *General Motors, LLC*, Case No. 20-cv-3732

Dear Judge Furman:

   I formerly represented Norma Robinson, plaintiff in the above captioned case. I have been served subpoenas by Defendant GM for my deposition and for documents that concern my previous representation of Ms. Robinson. I hereby request entry of a protective order prohibiting Defendant from seeking production of the documents identified in its subpoena duces tecum. I have contemporaneously filed a motion to quash both subpoenas and/or for a protective order preventing my deposition in its entirety in the Western District of Missouri as the place for compliance under each subpoena. As the Court where the action is pending, this Court has jurisdiction over a Motion to for Protective Order from the subpoena duces tecum. *See* Fed. R. Civ. Pro. 26(c)(1).

   Upon information and belief, Defendant GM (1) has filed a Motion for Summary Judgment against Plaintiff Robinson, and (2) has not yet deposed Plaintiff either generally as to her claim or more limitedly as to the issues raised in Defendant's Motion for Summary Judgment. Instead, Defendant issued subpoenas to me – Plaintiff's former legal counsel – in an attempt to obtain information Defendant *has not yet asked Plaintiff directly*.

   Defendant's attempted discovery of Plaintiff's former legal counsel raises substantial ethical issues and will necessarily invoke questions of privilege, confidentiality, and work product. It is for this reason that the Court may limit discovery that "is obtainable from some other source that is more convenient, less burdensome, or less expensive." Here, "some other source" *is the Plaintiff in the case*.

   Defendant has failed to show (1) why the information sought cannot be discovered directly from the Plaintiff who filed the claim; (2) why Defendant has not yet deposed Plaintiff in this case; or (3) why it is more convenient, less burdensome, or less expensive to attempt to discover the information from Plaintiff's former legal counsel rather than Plaintiff. This Court should grant this motion and enter a Protective Order prohibiting Defendant from inquiring of me, as Plaintiff's former legal counsel, as to the matters identified in the subpoena duces tecum.

| N. Kansas City, MO | Lexington, MO | *St. Louis, MO | *Chicago, IL |
| --- | --- | --- | --- |
| 816.421.8080 | 660.259.6175 | 314.638.1500 | 312.855.0700 |

*By appointment only.

Accordingly, under Local Rule 37.2, I request an informal conference with the Court regarding this dispute. Pursuant to this Court's Individual Rules and Practices in Civil Cases, I hereby certify that I have in good faith conferred or attempted to confer with counsel for Defendant and counsel for Plaintiff in an effort to resolve the dispute without court action, but I was unable to resolve this dispute.

WHEREFORE, I request an informal conference with the Court regarding the subpoena duces tecum served upon me by Defendant General Motors, LLC.

Respectfully Submitted,

/s/ *Brett A. Emison*
Brett A. Emison
**Langdon & Emison, LLC**
911 Main Street, P.O. Box 220
Lexington, MO 64067
Telephone No.: (660) 259-6157
Facsimile No.: (660) 259-4571
brett@lelaw.com

The Court will hold a telephone conference – with counsel for New GM, L&E, **and** Chaffin Luhana LLP – on **April 14, 2021**, at **2:15 p.m.**, to address how to proceed.  Counsel should confer in advance of the conference on next steps and should make reasonable efforts to arrange for transfer of L&E's motions from the Western District of Missouri by the date of the conference.  To access the conference, counsel should call 888-363-4749 and use access code 5421540#.  Members of the press and public may call the same number, but will not be permitted to speak during the conference.  The parties are reminded to follow the procedures for teleconferences described in the Court's Emergency Individual Rules and Practices in Light of COVID-19, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman.  Among other things, those procedures require counsel to provide advance notice of who will participate in the conference and the telephone numbers they will use to participate.

The Clerk of Court is directed to terminate:
- 14-MD-2543, ECF No. 8462
- 14-MD-2543, ECF No. 8472
- 20-CV-3732, ECF No. 44
- 20-CV-3732, ECF No. 50

SO ORDERED.

April 9, 2021