```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN RE:
                                                              14-MD-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION
                                                              MEMORANDUM OPINION
This Document Relates To:                                         AND ORDER
Hancock v. General Motors LLC, 18-CV-1019
-------------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

This case is among the last few pending as part of multidistrict litigation ("MDL") proceedings against General Motors LLC ("New GM"), general familiarity with which is assumed, relating to alleged defects in the ignition switches and other features of certain General Motors vehicles. The claims in the case arise out of a 2015 accident that resulted in injuries to Megan Hancock. The Court previously dismissed Ms. Hancock's claims for failure to comply with her discovery obligations, leaving only claims for loss of consortium brought by her minor children (through two next friends). New GM now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the children's claims, arguing that they are barred by Ohio's statute of repose. Because Ms. Hancock's claims are barred by the statute of repose, and her children's claims are derivative of her claims, the Court agrees with New GM. Accordingly, and for the reasons that follow, New GM's motion is granted.

## BACKGROUND

The relevant facts are undisputed. On March 4, 2004, a 2004 Cadillac CTS, manufactured by General Motors Corporation (for all intents and purposes, New GM's

predecessor corporation), was delivered to its first purchaser.  ECF No. 137 ("Pls.' SUF"), ¶ 1.[1]  Exactly eleven years later, on March 4, 2015, Ms. Hancock purchased the car used, becoming its sixth owner.  *Id.* ¶¶ 2-3.  On September 5, 2015, Ms. Hancock lost control of the car while driving in Preble County, Ohio, overturned, and sustained permanent injuries.  *Id.* ¶¶ 4, 8-9.  On September 1, 2017, she along with her four minor children, L.H., T.H., C.N., and R.N., represented by next friends April Hollon and Tia Maynard, filed suit against New GM in Ohio.  *Id.* ¶¶ 11-12; ECF No. 1 ("Compl.").  Thereafter, the case was transferred to this Court as part of the MDL.  *See* ECF Nos. 13, 14.

In the initial Complaint, Ms. Hancock alleged ignition-switch-related product liability claims; her children, Plaintiffs here, brought loss of consortium claims.  Pls.' SUF ¶ 13; Compl. ¶¶ 52-67.  On October 24, 2017, however, an amended complaint was filed removing all ignition-switch-related allegations; instead, the amended complaint alleged that the car had contained a defective airbag system and that New GM had failed to warn of unspecified "limitations" of that system.  *Id.* ¶¶ 14-15; ECF No. 10.  On October 13, 2019, the Court dismissed Ms. Hancock's claims with prejudice for failure to comply with her MDL Order No. 25 discovery obligations.  *See* ECF No. 86.  New GM now moves for summary judgment on Plaintiffs' remaining loss-of-consortium claims.  ECF No. 130.

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir.

---

[1]  Unless otherwise noted, all docket references are to 18-CV-1019.  ECF No. 137, like several of the filings pertaining to this motion, is currently sealed.

2

2012) (per curiam).  A court must view all evidence "in the light most favorable to the non-moving party" in ruling on a summary judgment motion.  *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004).  A court must also "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  To defeat a motion for summary judgment, the non-moving party must advance more than a "scintilla of evidence," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted).

## DISCUSSION

The primary question presented here is whether Plaintiffs' claims are barred by Ohio's product liability statute of repose.[2]  Subject to certain exceptions, that statute provides that

> no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

---

[2] There is no dispute that Ohio law applies to this case, as it was filed in Ohio and transferred here as part of the MDL.  *See, e.g.*, *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010) ("When a diversity case is transferred by the multidistrict litigation panel, the law applied is that of the jurisdiction from which the case was transferred . . . ."); *In re Gen. Motors LLC Ignition Switch Litig.*, Nos. 14-MD-2543 (JMF) et al., 2017 WL 3382071, at *7 (S.D.N.Y. Aug. 3, 2017) ("In MDL cases, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." (internal quotation marks omitted)).

3

Ohio Rev. Code Ann. § 2305.10(C)(1). "Unlike a statute of limitations that limits the time in which a plaintiff may bring suit after a cause of action accrues, a statute of repose extinguishes a cause of action after a fixed period of time, regardless of when the cause of action accrued." *Jones v. Walker Mfg. Co.*, No. 97301, 2012 WL 1142889, at *1 (Ohio Ct. App. Apr. 5, 2012). "The rationale behind a statute of repose is to protect manufacturers from unreasonable exposure to liability." *Id.*

As a threshold matter, although Ms. Hancock's claims were dismissed based on her failure to comply with discovery obligations, there is no question that they are independently barred by the statute of repose as she purchased her car more than ten years after it was "delivered to its first purchaser" on March 4, 2004. Ohio Rev. Code Ann. § 2305.10(C)(1). Plaintiffs make only one argument to the contrary: that her claims are subject to a statutory exception that applies "if the manufacturer or supplier of a product engaged in fraud in regard to information about the product and the fraud contributed to the harm that is alleged in a product liability claim involving that product." *Id.* § 2305.10(C)(2). But that argument is unpersuasive. Among other things, the sole evidence of fraud to which Plaintiffs point, *see* ECF No. 135 ("Pls.' Mem."), at 6-7 — namely a deferred prosecution agreement between General Motors Company and the U.S. Attorney's office, ECF No. 135-3 — relates to Recall 14V-047, which pertained to ignition-switch defects in certain specified vehicles. Ms. Hancock's car, however, was not subject to Recall 14V-047. *See* ECF No. 139, at 2; ECF No. 140-4, at 2; ECF No. 140-12. And Plaintiffs have expressly disclaimed any and all ignition-switch-related claims. *See* Pls.' SUF ¶ 15 ("In the First Amended Complaint, all ignition-switch allegations were removed . . . ."); *see also* ECF No. 140-7, at 12-13 (denying that Ms. Hancock's car "experienced a 'moving stall,'" "loss of power steering," "loss of power assist brakes," or that the "airbag systems failed to

deploy" because the "Ignition Switch moved out of the 'run' position").[3]  In other words, assuming for the sake of argument that Plaintiffs adequately allege fraud by New GM for purposes of the exception, they themselves concede that the fraud did *not* "contribute[] to the harm" that befell Ms. Hancock.  Ohio Rev. Code Ann. § 2305.10(C)(2).

Plaintiffs' primary alternative argument is that even if *Ms. Hancock's* product liability claims are barred by the statute of repose, *their* loss-of-consortium claims are not because the two sets of claims are "separate and independent."  Pls.' Mem. 5.  That is plainly incorrect.  Yes, Ohio law treats loss-of-consortium claims as "independent and separate" — but only "in the sense that" the plaintiff who brings such a claim "alone control[s] it."  *Fehrenbach v. O'Malley*, 862 N.E.2d 489, 492 (Ohio 2007).  The law is equally clear that such claims are "derivative" of the claims of the party with the underlying injury, *Lucio v. Edw. C. Levy Co.*, No. 15-CV-613, 2017 WL 1928058, at *11 (N.D. Ohio May 10, 2017), the result being that a plaintiff alleging loss of consortium "cannot recover damages from [a defendant] if [the defendant is] found not to be liable for [the underlying claimant's] injury," *Fehrenbach*, 862 N.E.2d at 492; *see Kenney v. Ables*, 63 N.E.3d 788, 792 (Ohio Ct. App. 2016) ("Because Appellee is not liable to [the primary appellant] for injuries . . . there is no legally cognizable tort against Appellee; therefore, [the derivative appellant] has no derivative claim to loss of consortium.").  Thus, where, as here, the statute of repose bars the underlying claim (i.e., Ms. Hancock's), it also bars any related loss-of-consortium claims (i.e., Plaintiffs').  *See, e.g.*, *Lucio*, 2017 WL 1928058, at *11.

---

[3]  Although Plaintiffs reference "Recall No. 14v34" in their memorandum of law, Pls.' Mem. 6, the Court presumes that they mean Recall No. 14V-394, which is the recall to which Ms. Hancock's car was subject, ECF No. 138, at 1.  In any event, Plaintiffs do not present evidence of fraud pertaining to any recall other than Recall 14V-047.

Finally, Plaintiffs appear to suggest that applying the statute of repose to bar their claims would violate their constitutional rights to due process and equal protection because it would "effectively eliminate[] the tolling of a statute of limitations for a minor." Pls.' Mem. 3-4. But Plaintiffs make that suggestion only in passing, in the fact section of their memorandum of law, and cite no authority to support it. Thus, the argument is forfeited. *See, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived . . . ."); *Levine v. Lawrence*, No. 03-CV-1694 (DRH) (ETB), 2005 WL 1412143, at *5 (E.D.N.Y. June 15, 2005) ("[F]ailure to adequately brief an argument constitutes waiver of that argument . . . ."). In any event, it is without merit. Among other things, the Ohio statute of repose actually accommodates Plaintiffs' concerns — by providing that "[i]f a cause of action relative to a product liability claim accrues during the ten-year period described in division (C)(1) . . . and the claimant cannot commence an action during that period" because he or she is a minor, "an action based on the product liability claim may be commenced within two years after" the claimant obtains the age of majority. Ohio Rev. Code Ann. § 2305.10(C)(5). Granted, Plaintiffs do not fall within the scope of that provision because Ms. Hancock's accident did not occur — and thus their causes of action did not "accrue[]" — within ten years of when the car was "delivered to its first purchaser." *Id.* § 2305.10(C)(1); *see Groch v. Gen. Motors Corp.*, 883 N.E.2d 377, 403 (Ohio 2008) ("[Section] 2305.10(C) operates to . . . prevent claims from ever vesting if the product that allegedly caused an injury was delivered to an end user more than ten years before the injury occurred. . . . [Thus, the] injured party's cause of action never accrues . . . ."). But the fact that the Ohio legislature balanced the competing principles in a way that does not benefit Plaintiffs is not enough to raise a constitutional claim. *See Jones*, 2012 WL 1142889, at *1 ("Limiting the time in which to bring an action against the

manufacturer of a product is considered a valid exercise of the legislative prerogative to provide for the general welfare of society." (citing *Groch*, 883 N.E.2d at 406)); *see also, e.g.*, *Cantu v. Flytz Gymnastics, Inc.*, No. CV-2014-01-0317, 2016 WL 8814948, at *5-6 (Ohio Ct. Com. Pl. June 2, 2016) (holding that the Ohio statute of repose barred a minor's claim); *Mitchell ex rel. Mitchell v. McNeilus Truck & Mfg., Inc.*, No. 304124, 2012 WL 5233630, at *1-2, 5-6 (Mich. Ct. App. Oct. 23, 2012) (per curiam) (unpublished) (affirming trial court finding same).

## CONCLUSION

"[S]tatutes of repose have been called 'strong medicine' because they preclude 'even meritorious suits because of delay for which the plaintiff is not responsible.'" *Jones*, 2012 WL 1142889, at *1 (quoting *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011)). The Court intimates no view on whether Plaintiffs' claims against New GM are otherwise "meritorious." But for the reasons explained above, the "strong medicine" prescribed by Ohio law plainly does "preclude" them from going forward. Accordingly, New GM's motion for summary judgment is GRANTED, and Plaintiffs' claims are dismissed.[4]

One final housekeeping matter remains. Plaintiff's filings in connection with this motion were made entirely under seal. *See* ECF Nos. 135, 136, 137. It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access

---

[4] As New GM notes, the First Amended Complaint could be read to assert claims on behalf of Hollon (Ms. Hancock's mother) and Maynard (Ms. Hancock's sister) as well. *See* ECF No. 131, at 2 n.2 (citing ECF No. 10 ¶¶ 35-36). To the extent Hollon and Maynard bring claims, they are also derivative of Ms. Hancock's claims and, thus, subject to dismissal for the reasons discussed above. Moreover, Plaintiffs do not respond to New GM's argument for dismissal of any claims by Hollon and Maynard and, thus, any such claims are deemed abandoned. *See, e.g.*, *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned.").

attaches.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis, *see, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019), and the mere fact that a court does not rely upon a document in adjudicating a motion does not remove it from the category of "judicial documents," *id.* at 50-51.  "[R]edactions should be 'narrowly tailored' to achieve the aims that justify sealing."  *Homeward Residential, Inc. v. Sand Canyon Corp.*, — F. Supp. 3d —, No. 12-CV-5067 (JMF), 2020 WL 6562351, at *8 (S.D.N.Y. Nov. 9, 2020) (quoting *Brown*, 929 F.3d at 47).  In light of these standards, there is no basis to keep the documents at issue under seal in their entirety; there may, however, be a basis to redact information (for example, any identifying information regarding the minor Plaintiffs).  Accordingly, Plaintiffs shall confer with New GM and, **no later than three weeks from the date of this Memorandum Opinion and Order**, file redacted copies of ECF Nos. 135, 136, 137, and attachments — with redactions appropriately narrowly tailored in light of the foregoing principles — on ECF without viewing restrictions.  The Court will review the redactions and issue an Order in the event that it finds any of them problematic.

    The Clerk of Court is directed to terminate L.H., T.H., C.N., R.N., Tia Maynard, and April Hollon as Plaintiffs in 14-MD-1543 and in 18-CV-1019; to terminate 14-MD-2543, ECF No. 8226 and 18-CV-1019, ECF No. 130; to enter judgment for General Motors LLC in 18-CV-1019; and to close 18-CV-1019.

    SO ORDERED.

Dated: April 14, 2021
      New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge