UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Rothermel v. General Motors LLC, 17-CV-9353*
-----------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

The present case — brought by Plaintiff Jordon Rothermel — is part of multidistrict litigation ("MDL") proceedings against General Motors LLC ("New GM"), general familiarity with which is assumed, relating to alleged defects in the ignition switches and other features of certain General Motors vehicles. In 2020, Rothermel settled with New GM and dismissed his claims with prejudice. *See* ECF No. 62.[1] James Zonas, who had previously represented Rothermel, then moved to reopen the case and to enforce an attorney's lien. *See* ECF Nos. 63, 64. In an earlier Memorandum Opinion and Order, the Court granted Zonas's motions and directed him to file an accounting of his fees and expenses. *See Rothermel v. Gen. Motors LLC* (*In re Gen. Motors LLC Ignition Switch Litig.*) ("*Rothermel I*"), Nos. 14-MD-2543 (JMF), 17-CV-9353 (JMF), 2020 WL 3640006, at *3 (S.D.N.Y. July 6, 2020) (ECF No. 86). Earlier this month, after reviewing Zonas's submissions, the Court concluded that "his request [wa]s largely devoid of merit" because "[i]t include[d] hours and expenses for which he ha[d] already been compensated and work that he either did not perform or performed unreasonably; and it overlook[ed] his multiple violations of his ethical responsibilities to Rothermel." *Rothermel v. Gen. Motors LLC* (*In re Gen. Motors LLC Ignition*

---

[1]  Unless otherwise noted, all docket references are to 17-CV-9353.

*Switch Litig.*) ("*Rothermel II*"), Nos. 14-MD-2543 (JMF), 17-CV-9353 (JMF), 2021 WL 1393152, at *1 (S.D.N.Y. Apr. 13, 2021). The Court ultimately awarded Zonas $3,052.50. *Id.*

The Court has now received a motion for reconsideration — but not from Zonas. Instead, T. Patton Youngblood, Jr., the attorney who replaced Zonas in representing Rothermel, moves for reconsideration. ECF No. 101 ("Youngblood Mem."). He "does not take issue" with the Court's bottom-line ruling — its "award of fees and costs to Mr. Zonas." *Id.* at 1. Instead, Youngblood objects to what he characterizes as "gratuitous comments" about him, *id.*, to wit, that his "representation left much to be desired: He filed little on Rothermel's behalf, never took issue with the fact that Zonas was listed as attorney of record despite having been fired, and was generally poorly informed about the proceedings." *Rothermel II*, 2021 WL 1393152, at *6. Youngblood acknowledges that he "filed little on behalf of his client," Youngblood Mem. 2; that he "overlooked" at least one significant filing in his client's case (namely, Zonas's charging lien), *id.*; and that he made a conscious decision not to advise the Court that Zonas was listed as counsel of record despite having been fired by Rothermel even before the case was filed, *id.* at 3. Nevertheless, he contends that it was "wholly unfair to be so maligned by a Court with whom . . . [he] had no direct interaction, particularly since . . . [he had not been] called upon to prove up his work in this case." *Id.* at 6.

Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). "The major grounds justifying reconsiderations are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Gen. Motors LLC Ignition*

*Switch Litig.*, No. 14-MD-2543 (JMF), 2018 WL 1989572, at *1 (S.D.N.Y. Apr. 25, 2018) (internal quotation marks omitted). "It is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Nigro v. City of New York*, No. 19-CV-2369 (JMF), 2020 WL 7629455, at *1 (S.D.N.Y. Dec. 22, 2020) (cleaned up). Ultimately, "a district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Measured against these standards, Youngblood's motion is without merit. As noted, he does not seek reconsideration of the Court's rulings themselves. Nor does he point to any new evidence or intervening decisions that affect the Court's rulings. Nor is true that the Court's remarks were "gratuitous" and that Youngblood was denied "any opportunity or due process . . . to respond." Youngblood Mem. 1-2. The Court's remarks were made in response to arguments that Zonas had advanced in support of his motion for fees — a motion as to which Youngblood not only had an opportunity to be heard, but in fact was heard. *See* ECF No. 90.[2] In particular, the Court was addressing Zonas's argument that Youngblood "did little or no legal work" and "did little more settle [sic] a case using" work that Zonas had done; and that because "Zonas did essentially all the work and remained on the case as named lead counsel," he was entitled to a larger fee award under a totality-of-the-circumstances analysis. Reply 3, 5; *see Rothermel II*, 2021 WL 1393152, at *6 ("[C]ontrary to Zonas's contentions, *see* Reply 3-5, the fact that Youngblood's representation of

---

[2] To be sure, the most thorough articulation of Zonas's arguments concerning his and Youngblood's respective contributions to Rothermel's settlement and his most pointed criticisms of Youngblood's representation did not appear until his reply. *See* 14-MD-2543, ECF No. 8114 ("Reply"), at 3-5. But Youngblood did not seek leave to file any further response.

3

Rothermel also fell short does not call for a different result. To be sure, Youngblood's representation left much to be desired . . . ."). Notably, the Court explicitly rejected "Zonas's assertions that he did essentially all the work and that his efforts were significant and crucial to the settlement with New GM." *Rothermel II*, 2021 WL 1393152, at *6 (internal quotation marks omitted). That is, the Court in fact recognized that it was *Youngblood* who was primarily responsible for litigating Rothermel's case and reaching a successful resolution with New GM.

Youngblood's complaints about "due process" ring particularly hollow because the Opinion and Order of earlier this month was not the first time that the Court had criticized his handling of this litigation. Indeed, the Court offered more or less identical criticisms of Youngblood in *Rothermel I*. *See* 2020 WL 3640006, at *2 ("Bewilderingly, neither Rothermel nor Youngblood ever alerted the Court to the fact that an attorney who no longer represented Rothermel had filed the claims on his behalf."); *id.* ("[S]ince the case was transferred to this Court, neither Youngblood nor Zonas filed much of anything."); *id.* ("Youngblood inexplicably argues that he was unaware of the notice because Zonas neither filed a motion to appear *pro hac vice* nor applied for an account on the Court's Electronic Case Filing system. But the notice was on the public docket; Youngblood has only himself to blame for his failure to see it." (citation omitted)); *id.* (rejecting Youngblood's argument that Zonas's notice of lien was improper because Youngblood had not entered a notice of appearance in Rothermel's member case because, among other things, "there is no excuse for Youngblood's failure to appear in this case, which was brought by his client and remained open until it was voluntarily dismissed"); *id.* at *3 ("The fact that neither Rothermel nor Youngblood complained when Zonas filed the complaint on Rothermel's behalf is the sole point [supporting Zonas's argument that he was not actually fired by Rothermel], but — *in light of the fact that Youngblood failed to exercise due diligence in his representation on other fronts as well* — it is far weaker than the evidence suggesting that Rothermel terminated the attorney-client relationship."

4

(emphasis added)). If Youngblood objected to these criticisms, he had ample "opportunity" to raise his objections with the Court — if not in a motion for reconsideration of *Rothermel I*, then in his briefing before *Rothermel II*. Once again, "Youngblood has only himself to blame" if he failed to notice the earlier criticisms of his representation — by Zonas and by the Court — and to respond in a timely and appropriate fashion. *Id.* at *2.

In short, Youngblood provides no basis for the Court to "withdraw[] its comments," let alone "issue an apology." Youngblood Mem. 6. First, the Court's comments were responsive to arguments made by Zonas and thus not at all "gratuitous." Second, they were well founded in the record. Even without more, Youngblood's inexplicable failure to alert the Court to the fact that Zonas had been fired by Rothermel before the lawsuit was filed and was incorrectly listed as attorney of record — a failure that arguably led to two rounds of motion practice and made that motion practice more complicated — would have justified the Court's criticism; and, of course, there was, in fact, more. Finally, contrary to his assertions, Youngblood had ample notice that his handling of the litigation had been put in issue by Zonas's motions and multiple opportunities to defend himself. Accordingly, Youngblood's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate 14-MD-2543, ECF No. 8509 and 17-CV-9353, ECF No. 101.

SO ORDERED.

Dated: April 29, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

5