UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK

IN RE: GENERAL MOTORS, LLC
IGNITION SWITCH LITIGATION                    MDL No. 14-MD-2543(JMF)

This applies to:

FRED RONNEBURG AND
ROSE WILSON

      Plaintiff,

 -against-           Case No. 1:18-cv-12097

GENERAL MOTORS, LLC

      Defendant.

## UNOPPOSED MOTION TO SUBSTITUTE PROPER PARTY WITH MEMORANDUM OF LAW IN SUPPORT

Fred Ronneburg, Personal Representative of the Estate of Rose Wilson, files this Motion to Substitute Proper Party and shows the Court:

1. Pursuant to Federal Rule of Civil Procedure 25(a)(1), "If a party dies and the claim is not extinguished, the court may order substitution of the proper party."

2. "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.*

3. It is well-established that a decedent's legal representative may substitute as plaintiff for the decedent in a cause of action. *Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 103 (W.D.N.Y. 2018); *Roe v. City of New York*, No. 00 CIV.9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) ("A 'proper party' for substitution under Rule 25(a)(1) is 'either (1) a successor of the deceased party—a distributee of an estate if the

estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party—a person lawfully designated by state authority to represent the deceased's estate.'" (citation omitted)).

4. This Court has previously been informed of the death of Plaintiff Rose Wilson, which occurred on or about June 14, 2020. (Doc. 53).

5. In diversity cases, since *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the law of the state governs the remedies. *Cinnamon v. Abner A. Wolf, Inc.*, 215 F. Supp. 833, 834 (E.D. Mich. 1963). Ms. Rose Wilson was a resident of Montana at the time of her death and a resident of Idaho at the time of her motor vehicle accident, which occurred in Idaho. (Doc. 1, p. 1). Defendant General Motors, LLC is a citizen and resident of the states of Michigan and Delaware. *Id.*

6. Under Montana, Idaho, Michigan, and Delaware law, Plaintiff Rose Wilson's injury claim survived her death and can be maintained by her personal representative. *See* Mont. Code Ann. § 27-1-501 (West); Idaho Code § 5-327; Mich. Comp. Laws Ann. § 600.2921 (West) ("All actions and claims survive death"); Mich. Comp. Laws Ann. § 600.2922 (West); Del. Code Ann. tit. 10, § 3701 (West).

7. Fred Ronneburg was appointed as Personal Representative of the Estate of Rose Wilson on or about January 29, 2021. *See* Letters of Appointment attached as Exhibit A.

8. Thus, in accordance with Montana, Idaho, Michigan, and Delaware law, and pursuant to Federal Rule of Civil Procedure 25, Fred Ronneburg, as Personal

Representative of the Estate of Rose Wilson, should be substituted as the proper party for the decedent Plaintiff.

9. The undersigned counsel conferred with Defendant's counsel, and Defendant is not opposed to this Motion.

WHEREFORE, Fred Ronneburg requests the Court substitute Fred Ronneburg, as Personal Representative of the Estate of Rose Wilson, for decedent Plaintiff in this case.

Application GRANTED. The Clerk of Court is directed to update the docket accordingly, and to terminate 18-CV-12097, ECF No. 54. SO ORDERED.

October 26, 2021

Respectfully submitted,

 */s/ Brett A. Emison*
Brett A. Emison
Langdon & Emison, LLC
911 Main Street
Lexington, MO 64067
Ph: 660-259-6175
Fax: 660-259-4571
brett@lelaw.com
*Counsel for Plaintiffs*