UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Robinson v. General Motors LLC, 20-CV-3732*
---------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      This case is among the last few pending as part of multidistrict litigation ("MDL") proceedings against General Motors LLC ("New GM"), general familiarity with which is assumed, relating to alleged defects in the ignition switches and other features of certain General Motors vehicles.  The claims in the case are brought by Norma Robinson, as administrator of the estate of Cleon Davis, and arise out of a 2011 car accident that resulted in Mr. Davis's death.  New GM now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment, arguing that Robinson's claims are barred by the applicable statutes of limitations.  *See* ECF No. 8387.[1]  The Court concludes that only some of Robinson's claims are time-barred.  Accordingly, New GM's motion is GRANTED in part and DENIED in part.

      Beginning with Counts I, II, III, and V — which allege negligence, fraud by non-disclosure, strict products liability, and violation of Maryland's Consumer Protection Act — the Court concurs with the parties that Maryland's statute of limitations applies.  *See* ECF No. 8388 ("Def.'s Mem."), at 4; ECF No. 8426 ("Pl.'s Mem."), at 7; *see also Lewis v. Waletzky*, 31 A.3d 123, 133 (Md. 2011).  Maryland's statute requires that a claim be filed three years from the date on which it accrues, Md. Code, Cts. & Jud. Proc. § 5-101, which occurs "when the claimant in

---

[1]    Unless otherwise noted, all docket references are to Case No. 14-MD-2543.

fact knew or reasonably should have known of the wrong," *Pennwalt Corp. v. Nasios*, 550 A.2d 1155, 1160 (Md. 1988) (internal quotation marks omitted).  A plaintiff reasonably should have known of a wrong where she has "knowledge of circumstances which would cause a reasonable person in the position of the plaintiff to undertake an investigation which, if pursued with reasonable diligence, would have led to knowledge of the alleged tort."  *Id.* at 1163 (cleaned up).

Robinson filed this suit in January 2020.  *See* Case No. 20-CV-3732, ECF No. 1.  Robinson contends that her claims did not accrue until "September or October of 2017" — within the three-year limitations period — when she spoke to a cousin of the driver of the car in which Davis died (who also died in the accident) and learned that the car had been defective and that the driver's family had reached a confidential settlement with New GM.  ECF No. 8549 ("Def.'s Supp. SOF"), ¶ 50.[2]  By contrast, New GM argues that Robinson reasonably should have known about her claims earlier.  *See* Def.'s Mem. 7-8.  In particular, New GM argues that Robinson should have become aware of her claims sometime after 2014 due to: (1) the 2014 public recall of certain GM ignition vehicles, including in car involved in the accident; (2) public court filings alleging similar claims against New GM, including the suit filed by the driver's

---

[2]   In her opposition to New GM's motion, Robinson initially alleged that this conversation occurred in May 2019.  ECF No. 8427 ("Pl.'s SOF"), ¶ 50.  In a later deposition, however, Robinson stated unequivocally that the conversation occurred in 2017 and that her previous response was inaccurate.  *See* ECF No. 8550-1, at 15:2-14 ("Q: Okay. So you're saying that this interrogatory is not correct, that this activity that states here that occurred in May 2019, that actually occurred sometime in 2017?  A: Correct. The conversation occurred the latter part of 2017 . . . I want to say maybe September or October of 2017 when the conversation happened.").  The discrepancy certainly raises questions about Robinson's credibility, but those are questions for another day and another factfinder.  For present purposes, the Court relies on Robinson's deposition testimony.  *See Gleason v. Marriot Hotel Servs., Inc.*, No. 11-CV-6295 (CM), 2013 WL 4573905, at *3 (S.D.N.Y. Aug. 26, 2013) (concluding that plaintiff's "interrogatory response . . . d[id] not suffice to create a genuine issue" where it "[wa]s contradicted by plaintiff's deposition testimony").

family that was ultimately settled; and (3) national and local news articles describing litigation against New GM.  *See id*.

New GM is not entitled to summary judgment on these claims.  The statute of limitations does not begin to run until the plaintiff has "*actual knowledge*, either express or implied," of the wrong.  *Pennwalt Corp.*, 550 A.2d at 1160 (emphasis added).  Implied actual knowledge occurs where "the plaintiff has knowledge of circumstances which would cause a reasonable person in the position of the plaintiff to undertake an investigation."  *Bank of New York v. Sheff*, 854 A.2d 1269, 1275 (Md. 2004) (cleaned up).  Significantly, however, the "plaintiff must be aware that a tort has occurred, and not merely that an injury has occurred," *Pennwalt Corp.*, 550 A.2d at 1160 (internal quotation marks omitted), and she "has no duty to *commence* a diligent investigation unless and until she becomes aware of circumstances which would prompt a reasonable person to investigate."  *Vass v. Compaq Computer Corp.*, 953 F. Supp. 114, 117 (D. Md. 1997) (emphasis in original).  Here, there is no dispute that Robinson knew about the accident and Mr. Davis's death in 2011.  But New GM points to no evidence showing that Robinson knew the other salient facts before September 2017.  That is, whether or not a reasonably diligent investigation after 2014 would have led Robinson to discover her claims, New GM has not established that Robinson had a reason or duty to investigate.[3]  At a minimum, there is a "genuine dispute of material fact as to when" Robinson "possessed th[e] degree of knowledge" that would prompt a reasonable person to investigate.  *Bank of New York*, 854 A.2d

---

[3]     For these reasons, the cases cited by New GM are easily distinguished.  *See, e.g.*, *Hartnett v. Schering Corp.*, 2 F.3d 90, 93 (4th Cir. 1993) (holding that the plaintiff should have investigated only after she was told by her doctor that her injury was caused by a certain drug taken by her mother); *Doe v. Am. Nat. Red Cross*, 923 F. Supp. 753, 760-61 (D. Md. 1996) (holding that the plaintiff should have investigated whether her HIV was caused by a blood transfusion after her counsel was told it might have been).

at 1275 (cleaned up).  That is an "issue . . . for the trier of fact to resolve" and, thus, "summary judgment is inappropriate."  *Id.*

Turning to Count VI, which alleges wrongful death and a survival action, the parties disagree about the applicable statutes of limitations for these claims.  With respect to the survival action, the dispute is easily resolved: Maryland's statute applies, for the same reason that it applies to Robinson's other claims, *see Lewis*, 31 A.3d at 133, and the motion for summary judgment must therefore be denied.[4]  With respect to the wrongful death action, the matter is more complicated.  Applying Maryland's choice of law rules, New GM argues that Michigan law applies because the defective ignition switch was designed in Michigan and that the claim is time-barred because Michigan does not apply the discovery rule to its three-year statute of limitations for wrongful death actions.  *See* Def.'s Mem. 4-5; ECF No. 8389 ("Def.'s SOF") ¶ 23; *see also Trentadue v. Buckler Lawn Sprinkler*, 738 N.W.2d 664, 669-73 (Mich. 2007).  Applying the same Maryland choice of law rules, Robinson argues that Maryland's statute of limitations applies because "the vast majority of GM's wrongful acts were committed in Maryland" and that New GM's argument to the contrary is without merit because its affidavit stating that the design of the switch occurred in Michigan is "conclusory."  Pl.'s Mem. 15-17.

Both sides are correct in part.  Maryland's wrongful death statute provides that "[i]f the wrongful act occurred in another state . . . [a] court shall apply the substantive law of that jurisdiction," Md. Code, Cts. & Jud. Proc. § 3-903, including its statute of limitations, *see Winkler v. Medtronic, Inc.*, No. 18-CV-865 (PX), 2018 WL 6271055, at *3 (D. Md. Nov. 29, 2018).  Applying that rule, the Court concludes that New GM's motion must be granted as to

---

[4] The Court declines to address the parties' dispute about whether Virginia's substantive law applies to the claim and bars it, *see* Def.'s Mem. 8 n.5, Pl.'s Mem. 17 n.10, as New GM's motion was limited to the timeliness of Robinson's claims, *see* Def.'s Mem. 1 n.1.

4

Robinson's wrongful death claim to the extent that it based on a design defect. *Id.* at *3 ("In a products liability claim where the manufacture or design defect is the averred cause of death, the 'wrongful act' takes place where the alleged defective design or manufacture of the device occurred."); ECF No. 8390-8 ¶ 4 (attesting that "GM engineers working at the General Motors Technical Center in Warren, Michigan, were responsible for approving the design of the ignition switch assembly" for the relevant model).[5] But Robinson contends that her wrongful death claim is not based solely on a design-defect theory. *See* Pl.'s Mem. 18 & n.11 (arguing that, in addition to New GM's alleged negligent and reckless wrongful acts in Maryland, the vehicle was "manufactured and/or assembled in Missouri, New York, Indiana, and Illinois"). To the extent that is the case, Robinson has the better of the argument and New GM's motion is denied.[6]

In short, for the foregoing reasons, New GM's motion for summary judgment is GRANTED as to (1) Robinson's claim for wrongful death to the extent it is based on a design defect and (2) her claim for breach of implied warranty of merchantability, which Robinson concedes is untimely. *See* Pl.'s Mem. 9 n.6. Otherwise, New GM's motion is DENIED. The parties are ORDERED to confer and **no later than three weeks from the date of this Memorandum Opinion and Order**, file a joint letter proposing next steps in this case — including whether, how, and for how long the Court should facilitate efforts to settle the case.

---

[5]  Robinson's argument that her claim is timely under Michigan law because of New GM's fraudulent concealment of the ignition switch defect, *see* Pl.'s Mem. 18-20, borders on frivolous because any concealment ended in 2014 when New GM announced the recalls. Pl.'s SOF ¶ 12; *see e.g.*, *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996) ("The plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient.").

[6]  Although New GM argues that Robinson has not alleged any acts other than design defect that would support a wrongful death claim, *see* ECF No. 59 ("Def.'s Reply"), at 7-8, first, that argument is not adequately supported, and in any event, New GM's motion addresses only whether Robinson's claims are time-barred, not whether they are properly stated, *see* Def.'s Mem. 1 n.1.

*See* ECF No. 8315.  Additionally, because Robinson is now proceeding *pro se*, within **two days of the date of this Memorandum Opinion and Order**, New GM shall serve a copy on Robinson and file proof of such service on the docket.

One final housekeeping matter remains.  Some of the parties' filings in connection with this motion were made entirely under seal.  *See* ECF Nos. 8391, 8431.  It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  There is no basis to keep the documents at issue under seal in their entirety; there may, however, be a basis to redact information.  Accordingly, **no later than three weeks from the date of this Memorandum Opinion and Order**, if either party believes that the papers currently under seal should remain under seal, in whole or in part, it shall file a letter brief to that effect and, if and as appropriate, propose redactions to those papers in accordance with the procedures set forth in the Court's Individual Rules and Practices for Civil Cases.

The Clerk of Court is directed to terminate ECF No. 8387 in 14-MD-2543 and ECF No. 30 in 20-CV-3732.

SO ORDERED.

Dated: November 16, 2021
New York, New York

JESSE M. FURMAN
United States District Judge