```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
IN RE:
                                                                          14-MD-2543 (JMF)
GENERAL MOTORS LLC IGNITION SWITCH LITIGATION
                                                                          MEMORANDUM OPINION
This Document Relates To:                                                    AND ORDER
Postley et al. v. General Motors LLC, 20-CV-3498
----------------------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

This case is among the very last pending as part of multidistrict litigation ("MDL") proceedings against General Motors LLC ("New GM"), general familiarity with which is assumed, relating to alleged defects in the ignition switches and other features of certain General Motors vehicles. The claims in the case are brought by Kyomi, Tiffany, and Timothy Postley, now proceeding without counsel, and arise out of a 2005 car accident. Per prior Orders of the Court, Plaintiffs were required to "disclose their expert witnesses and submit any written reports, including all reliance materials in compliance with [MDL] Order No. 74 and as required under Fed. R. Civ. P. 26(a)(2)(B)" by June 24, 2021. ECF Nos. 7955, 8479, 8546.[1] Plaintiffs failed to disclose any experts or produce any expert reports by the deadline. In light of that failure, New GM now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. See ECF No. 8636; see also ECF No. 8637 ("New GM Mem.").[2]

---

[1]  Unless otherwise noted, all docket references are to Case No. 14-MD-2543.

[2]  Only one Plaintiff, Kyomi Postley, filed an opposition to New GM's motion. See ECF No. 8704; see also ECF No. 8705. Thus, the Court deems the motion as to Tiffany and Timothy Postley unopposed. That said, "in considering a motion for summary judgment, [a court] must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks omitted).

Upon review of the parties' submissions, the Court grants New GM's motion, substantially for the reason set forth in its memoranda of law. *See* New GM Mem.; ECF No. 8711 ("New GM Reply"). Put briefly, under Arkansas law — which applies to this case, *see* New GM Mem. 5-6; New GM Reply 3 n.1 — a plaintiff bringing product-liability claims is required to present competent expert testimony on the issue of causation where, as here, the issue involves complex, scientific matters beyond common experience. *See, e.g.*, *Lacy v. Ryder Truck Rental, Inc.*, No. 4:19-CV-00130 (KGB), 2021 WL 5282759, at *4 (E.D. Ark. Nov. 12, 2021) (citing cases); *see also, e.g.*, *Ruminer v. Gen. Motors Corp.*, 483 F.3d 561, 565 (8th Cir. 2007) ("[T]he intricacies of occupant protection systems and their potential design or manufacturing defects are outside the realm of a juror's everyday experience. In other words, common experience does not dictate that if an individual is injured in a car accident, the injury is most likely a result of a defect in the automobile's occupant protection system."); *Thomas v. Gen. Motors Corp.*, No. 5:05-CV-00136 (WRW), 2006 WL 8444899, at *3-4 (E.D. Ark. Sept. 8, 2006) ("The fact that a Plaintiff was injured in an accident is not evidence, in and of itself, that a product defect caused either the accident or the injuries. Whether an air bag fails to deploy because of a defect is beyond the common understanding of a lay person, and expert testimony is required." (footnotes omitted)). That dooms Plaintiffs' claims because, as noted, they fail to present any expert evidence on causation. *See, e.g.*, *In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 15-CV-2709 (JMF), 2019 WL 5449442, at *2 (S.D.N.Y. Oct. 24, 2019) (applying California law and granting summary judgment to New GM in nearly identical circumstances); *see also In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF) et al., 2017

WL 6729295, at *11 (S.D.N.Y. Dec. 28, 2017) (after excluding the plaintiffs' expert testimony, granting summary judgment to New GM based on the lack of expert testimony on causation).[3]

For the foregoing reasons, New GM's motion for summary judgment is GRANTED and Plaintiffs' claims are dismissed.  The Clerk of Court is directed to: (1) terminate ECF No. 8636 in 14-MD-2543 and ECF No. 73 in 20-CV-3498; (2) enter judgement in favor of New GM on Plaintiffs' claims; (3) close 20-CV-3498; and (4) mail a copy of this Memorandum Opinion and Order to Plaintiffs.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 11, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

---

[3] In their Complaint, Plaintiffs also invoke the Due Process Clause. *See* 20-CV-3498, ECF No. 4-1, at 3. Any claim under the Due Process Clause (whether under the Fifth or Fourteenth Amendment) fails because New GM is not a state actor. *See* New GM Mem. 6-7 n.3.

3