UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Norma Robinson v. General Motors LLC, 20-CV-3732 (JMF)*

-----------------------------------------------------------------------------x

14-MD-2543 (JMF)

<u>MEMORANDUM OPINION
AND ORDER</u>

JESSE M. FURMAN, United States District Judge:

**[Regarding General Motors' Motion for Summary Judgment]**

This case — brought by Plaintiff Norma Robinson, as Administrator of the Estate of

Cleon Davis, relating to a 2011 accident that resulted in Davis's death — is the last remaining

member case of these multidistrict litigation ("MDL") proceedings, general familiarity with

which is assumed, relating to alleged defects in the ignition switches and other features of certain

General Motors vehicles.  Defendant General Motors LLC ("New GM") now moves, pursuant to

Rules 37 and 56 of the Federal Rules of Civil Procedure, to strike a purported expert report

proffered by Robinson and for summary judgment on all of her claims.  *See* ECF No. 8729.[1]  For

the reasons that follow, New GM's motion is GRANTED, and the case is dismissed.

## BACKGROUND

The following undisputed facts are taken from the admissible evidence in the record and,

to the extent supported by that evidence, from New GM's Local Civil Rule 56.1 Statement.[2]

---

[1]      Unless otherwise indicated, all docket citations reference 14-MD-2543 (JMF).

[2]      Robinson did not file a counterstatement of undisputed facts as required by Local Civil
Rule 56.1(b).

**A.  The Accident**

On February 17, 2010, Doris Valentine purchased a 2008 Chevrolet Impala (the "Subject Vehicle") in Virginia.  ECF No. 8731 ("56.1 Stmt.") ¶ 1.  Valentine lived in Virginia and registered the Subject Vehicle there.  *Id.*  On January 23, 2011, at approximately 2:10 a.m., Frances Prince, who was also a Virginia resident, was driving the Subject Vehicle northbound on I-95 in Richmond, Virginia.  *Id.* ¶¶ 2-3.  Prince was exceeding the speed limit, and her blood alcohol content was 0.07% by weight by volume.  *Id.* ¶¶ 4-5.  According to a police report, the Subject Vehicle then "ran off left side of roadway[,] struck [a] jersey wall and overturned several times."  *Id.* ¶ 2.  The Subject Vehicle's airbags did not deploy, and Davis — an unrestrained passenger in the vehicle — was "total[ly] ejected" and "subsequently struck by several vehicles."  *Id.* ¶¶ 6-8.  He and Prince both died as a result of the accident.  *Id.* ¶ 9.  On March 31, 2011, Robinson, Davis's sister, was named Administrator of Davis's Estate.  *Id.* ¶ 10.

**B.  Procedural History**

On January 20, 2020, Robinson, through counsel, filed suit against New GM in the U.S. District Court for the District of Maryland.  20-CV-3732, ECF No. 1 ("Compl.").  A few months later, the case was transferred to the MDL, *see* 20-CV-3732, ECF No. 5, and incorporated into the MDL's "Wave Pool" process, *see* ECF No. 7971.  After engaging in some discovery, the Court granted New GM leave to file a summary judgment motion on the ground that Robinson's claims were barred by the applicable statutes of limitations.  *See* ECF No. 8315.  Robinson's counsel filed her opposition brief, but then moved to withdraw, citing "[i]rreconcilable differences, including a breakdown in meaningful communications."  ECF No. 8466, ¶ 13.  On May 13, 2021, the Court granted Robinson's counsel leave to withdraw.  *See* ECF No. 8529.

Then, in a Memorandum Opinion and Order entered on November 16, 2021, the Court granted

New GM's motion for summary judgment in part and denied it in part.  *See* ECF No. 8662.[3]

    The Court also directed the parties to meet and confer regarding next steps.  *See id.* at 5-

6.  The parties did so and jointly proposed that the Court set January 18, 2022, as the "deadline

for Plaintiff to disclose to New GM expert witness(es) and submit to New GM any written expert

report(s), including all reliance materials in compliance with [MDL] Order No. 74 . . . , required

under Federal Rule of Civil Procedure 26(a)(2)(B), for any expert necessary to establish accident

or air bag non-deployment causation under applicable state law."  ECF No. 8681.  (MDL Order

No. 74, entered on August 25, 2015, required parties in the MDL to produce "any non-public and

previously unproduced Consideration Materials," defined to mean "any facts, data, information,

or other materials that are considered or relied upon by an expert in forming opinions and

required to be identified in the expert's report in accordance with Fed. R. Civ. P. 26(a)(2)(B)."

ECF No. 1279, ¶¶ 1-2.)  The Court adopted the parties' proposal.  *See* ECF No. 8684.  But the

January 18, 2022 deadline came and went with no expert disclosures or reports.

    On February 24, 2022, the parties submitted a joint letter in which New GM proposed

that it be granted leave to move for summary judgment on the grounds that Robinson "did not

provide expert testimony to prove causation by the January 18, 2022 deadline and her claims

otherwise fail[ed] as a matter of law."  ECF No. 8714, at 3.  The same day, Robinson sent an

email to counsel for New GM with an "Expert Witness Report" stating as follows:

> Expert Witness: National Highway Traffic Safety Administration ("NHTSA")
> Recall Number 14V-355, which New GM describes as a safety-related defect
> whereby the ignition switch can inadvertently and unexpectedly move out of the

---

[3]    Specifically, the Court granted New GM summary judgment as to (1) Robinson's claim
for wrongful death to the extent that it is based on a design defect and (2) her claim for breach of
the implied warranty of merchantability.  *See* ECF No. 8662, at 5.  That leaves her claims
alleging negligence, gross negligence, and recklessness (Count I); fraud by non-disclosure
(Count II); strict liability (Count III); violation of Maryland's Consumer Protection Act
("MCPA") (Count V); and a wrongful death claim and survival action (Count VI).  *See* Compl.

"run" position due to "weight on the key ring and/or road conditions or some other jarring event."

In 2014, New GM recalled a number of vehicles for this widespread, internally known defect, and Old GM and New GM's knowledge of said defect spans back more than a decade.  GM allegedly being fully aware of the problem also failed to warn the public.  From July 10, 2009, through the late summer of 2014, GM had full knowledge of the defective part and the risks associated with it and failed to recall the vehicles as it was required by statute to do and otherwise warn the public.  Such conduct by GM is independently wrongful and otherwise actionable conduct.

ECF No. 8733-6, at 1.  Robinson, however, did not identify the purported expert witness.  Nor did she provide any materials on which the purported expert witness supposedly relied.

This motion followed.

## LEGAL STANDARDS

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).  A dispute over an issue of material fact qualifies as genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if [it] can point to an absence of evidence to support an essential element of the nonmoving party's claim."  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*,

373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Additionally, because Robinson is proceeding *pro se*, the Court must grant her "special solicitude." *Tracy v. Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010). But Robinson "cannot defeat the motion by relying on the allegations in [her] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted). Moreover, the special solicitude to which she is entitled "is not unlimited." *Dudley v. Hanzon Homecare Servs., Inc.*, No. 15-CV-8821 (JMF), 2018 WL 481884, at *2 (S.D.N.Y. Jan. 17, 2018). Provided New GM meets its initial burden of demonstrating the absence of a genuine issue of material fact, Robinson "must still come forward with evidence demonstrating that there is a genuine dispute regarding material fact." *Id.* (internal quotation marks omitted).

## DISCUSSION

New GM makes two arguments: first, that Robinson's "Expert Witness Report" should be stricken, *see* ECF No. 8730 ("New GM Mem."), at 5-7; and second, that summary judgment should be granted as to all her claims, *see id.* at 7-19. The Court agrees on both counts.

For starters, New GM is plainly correct that Robinson's "Expert Witness Report" — which appears to have been copied verbatim from Robinson's Complaint, *see* Compl., ¶¶ 23-24, and a publicly available website, *see* 56.1 Stmt. ¶ 12 — must be stricken. In addition to being untimely, the "Expert Witness Report" lacks nearly everything required of an expert witness report by Rule 26(a)(2) of the Federal Rules of Civil Procedure, including the identity and signature of the expert witness; "the facts or data considered by the witness in forming" his or her opinions; "the witness's qualifications, including a list of all publications authored in the

previous 10 years"; "a list of all other cases in which, during the previous 4 years, the witness

testified as an expert at trial or by deposition"; and "a statement of the compensation to be paid

for the study and testimony in the case."  Fed. R. Civ. P. 26(a)(2)(A)-(B).  It is also

unaccompanied by any reliance materials and, thus, fails to comply with MDL Order No. 74.  In

light of these patent defects, the "Expert Witness Report" must be and is stricken.  *See* Fed. R.

Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule

26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.");

*Robinson v. Suffolk Cnty. Police Dep't*, 544 F. App'x 29, 32 (2d Cir. 2013) (summary order)

(affirming exclusion of a *pro se* plaintiff's expert on the ground that his report was

"insufficiently detailed" and failed to comply with the requirements of Rule 26(a)(2)(B)).

      In the absence of any expert report, the vast majority of Robinson's claims plainly fail as

a matter of law.  Notably, this Court confronted a nearly identical situation in an earlier member

case involving plaintiffs Sandy Brands, Jay Brands, and Emma Leyba.  *See In re Gen. Motors*

*LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2019 WL 5449442 (S.D.N.Y. Oct. 24,

2019) (ECF No. 7333).  Like this case, the *Brands-Leyba* case involved a car accident in which

the airbags did not deploy.  *See id.* at *1.  As in this case, the Court excluded the plaintiffs'

expert witness report (albeit solely on timeliness grounds).  *See id.*  Applying California law, the

Court concluded that, on that basis, the plaintiffs' claims failed as a matter of law.  "California

law," the Court observed, "requires a plaintiff to present competent expert testimony on the issue

of causation where the issue involves complex, scientific matters beyond common experience."

*Id.* at *2 (internal quotation marks omitted).  "That," the Court continued, was "plainly the case"

for the Brands-Leyba claims, "as determining whether [their] accident and injuries were caused

by an ignition switch defect would require technical determinations of whether the ignition

switch could have and in fact did inadvertently rotate; . . . whether the airbags should have deployed in the accident; and whether or to what extent the SDM data supports the conclusion of inadvertent switch rotation." *Id.*; *see In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2016 WL 4410008, at *2-3 (S.D.N.Y. Aug. 18, 2016) (noting that "issues surrounding defective design of airbags" call for expert testimony because they "are beyond the ken of the average layman" and citing cases (internal quotation marks omitted)). "Plaintiffs' lack of expert testimony on the issue of accident causation," the Court therefore concluded, was "fatal to their claims." *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 5449442, at *2; *see, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 6729295, at *6, 11 (S.D.N.Y. Dec. 28, 2017) (granting summary judgment to New GM in other member cases on the ground that state law required expert testimony to prove accident causation and the plaintiffs lacked any admissible such testimony).

As New GM argues, the same reasoning compels dismissal of virtually all Robinson's claims.[4] For reasons explained by New GM, Virginia law applies to Robinson's claims for negligence, gross negligence, recklessness, and fraud by non-disclosure, *see* New GM Mem. 8 (citing *Jones v. Prince George's Cnty., Md.*, 355 F. App'x 724, 729 (4th Cir. 2009)), and Maryland law applies to her claim for wrongful death, *see id.* at 11 n.7 (citing ECF No. 8662, at 4-5), and (obviously) for violation of the MCPA. For each claim, Robinson has to prove that the alleged unintended key rotation defect in the Subject Vehicle manifested and that such manifestation was the proximate cause of the incident and Davis's death. *See, e.g., Hartwell v. Danek Med., Inc.*, 47 F. Supp. 2d 703, 707 (W.D. Va. 1999) (Virginia law); *Young v. Swiney*, 23

---

[4]     That would actually be true even if the "Expert Witness Report" were admissible. The "Expert Witness Report" does not even mention the Subject Vehicle or the incident. Nor does it include any opinions as to the cause of the incident, airbag non-deployment, or Davis's injuries. And, as noted, it does not comply with MDL Order No. 74. Thus, the reasoning that follows would apply even if the "Expert Witness Report" were admissible.

F. Supp. 3d 596, 613 (D. Md. 2014) (wrongful death under Maryland law); *Dedjoe v. BMW of N. Am.*, No. 00033, 2018 WL 1905958, at \*3-4 (Md. Ct. Spec. App. Apr. 23, 2018) (MCPA).  And like California, both Virginia and Maryland require that she prove these elements with competent expert testimony.  *See, e.g.*, *Gauthreaux v. United States*, 694 F. Supp. 2d 460, 465 (E.D. Va. 2009); *Wilson v. Cap. Cleaning Concepts, Inc.*, No. 1868, 2018 WL 3602814, at \*4 (Md. Ct. Spec. App. July 27, 2018) (collecting cases); *Dedjoe*, 2018 WL 1905958, at \*3-4.  "Without any expert testimony" on these issues, Robinson's "claims must fail."  *Gottlieb v. C. R. Bard, Inc.*, No. 19-CV-673, 2021 WL 3192165, at \*6 (E.D. Va. July 28, 2021); *see, e.g.*, *Sanyal v. Toyota Motor N. Am., Inc.*, 2015 WL 3650725, at \*5 (E.D. Va. June 11, 2015) (granting summary judgment to the defendant in a car accident case based in part on the absence of expert evidence regarding airbags); *Mohammad v. Toyota Motor Sales, U.S.A., Inc.*, 947 A.2d 598, 609-10 (Md. Ct. Spec. App. 2008) (same as to an allegedly defective accelerator); *Dedjoe*, 2018 WL 1905958, at \*3 (holding that the trial court properly granted summary judgment on the plaintiff's claims under the MCPA because expert testimony was lacking).

That leaves only Robinson's survival action and strict liability claim, which are governed by Virginia law.  *See* New GM Mem. 13 & n.8 (citing cases and a prior concession by Robinson that Virginia law applies to her survival action).  Both fail as a matter of law.  First, Robinson's survival action fails because "Virginia law does not recognize an independent survivorship action in addition to a wrongful death claim where," as here, "'the person dies from the injury or the wrongful act.'"  *Winkler v. Medtronic, Inc.*, No. CV PX 18-00865, 2018 WL 6271055, at \*3 (D. Md. Nov. 29, 2018) (quoting *Jones v. Prince George's Cnty., Md.*, 541 F. Supp. 2d 761, 764-65 (D. Md. 2008)); *accord Jones*, 355 F. App'x at 729.  Second, the strict liability claim fails because "Virginia law does not 'permit tort recovery on a strict liability theory in products liability cases.'"  *Henderson v. Bos. Sci. Corp.*, No. 20-CV-659, 2021 WL 3465074, at \*3 (E.D.

Va. Aug. 6, 2021) (quoting *Sensenbrenner v. Rust, Orling & Neale Architects, Inc.*, 374 S.E.2d 55, 57 n.4 (Va. 1988)); *accord Sanyal v. Toyota Motor N. Am., Inc.*, No. 14-CV-960, 2015 WL 236649, at *2 (E.D. Va. Jan. 15, 2015). Accordingly, New GM is entitled to summary judgment with respect to Robinson's survival action and strict liability claim too.

## CONCLUSION

For the foregoing reasons, New GM's motion for summary judgment is GRANTED, and Robinson's remaining claims are DISMISSED in their entirety. The Clerk of Court is directed to (1) terminate 14-MD-2543, ECF No. 8729, and 20-CV-3732, ECF No. 84; (2) to enter judgment in New GM's favor consistent with this Memorandum Opinion and Order and the Court's Memorandum Opinion and Order of November 16, 2021, *see* ECF No. 8662; (3) to mail a copy of this Memorandum Opinion and Order to Robinson; and (4) to close 20-CV-3732.

SO ORDERED.

Dated:  December 9, 2022
      New York, New York
                                   JESSE M. FURMAN
                                United States District Judge