# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Wendy L. Bloom
To Call Writer Directly:
+1 312 862 2343
wendy.bloom@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

April 5, 2024

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *In re GM LLC Ignition Switch Litig.*, 14-MD-2543 (JMF)
>       *Kaur et al. v. General Motors LLC, et al.*, 17-CV-06854

Dear Judge Furman,

    New GM and Weller, Green, Toups, & Terrell, L.L.P., and The Dugan Law Firm APLC ("Claimants' Counsel") submit this letter brief respectfully requesting that the motion and Exhibits A, B, and E remain under seal and Exhibits C and F in Dkt. 8828 remain redacted. Dkt. 8828 is a motion to approve the settlement of a minor plaintiff and the exhibits listed above contain confidential details about the minor plaintiff and the aggregate settlement agreement of which the minor plaintiff is a claimant. Additional redactions fall under Rule 7(A) of Your Honor's Individual Rules and Practices in Civil Cases.

    These exhibits include details about the aggregate settlement agreement of which the minor plaintiff is a claimant. Second Circuit precedent is clear that the confidentiality of settlement agreements and settlement discussions must be protected. *See U.S. v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("We conclude that the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent. We also conclude that release of these discussion and documents is likely to impair materially the trial court's performance of its Article III function of crafting a settlement of this case. The need for a fair and efficient resolution through settlement of this complex, expensive, ten-year-old case of great public importance far outweighs the negligible presumption of access to settlement materials."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) (holding that it was an abuse of discretion to unseal the transcript of a settlement conference); *In re Sept. 11 Litig.*, 723 F. Supp. 2d 526, 533 (S.D.N.Y. 2010) ("Confidential documents exchanged in the course of discovery, negotiation, and mediation, and submitted in connection with the motion for approval of the property damage settlement, will not be disclosed to the public. . . . They are not the type of

## KIRKLAND & ELLIS LLP

Judge Furman
April 5, 2024
Page 2

document to which the public has historically had access nor would public disclosure enhance the function of settlement negotiations. If any presumption of access attaches merely from the fact that these documents were submitted in the course of briefing on the motion for approval, it is small and outweighed by the chilling of settlement negotiations that could result from disclosure."); *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) ("[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases."); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) ("[p]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials.").

Exhibit A (medical records), B (release), C (parental affidavit), and E (settlement ledger) also include information on the settlement amount, which courts in this jurisdiction have permitted to be redacted or filed under seal. *See, e.g., Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 18-CV-07217 (GBD) (SN), 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020) (holding that "the dollar amount of the settlement shall remain under seal and redacted in public filings."); *Rahman v. Kaplan Cornelia, Inc.*, 12-CV-09095 (SN), 2014 WL 541851, at *10 n.8 (S.D.N.Y. Feb. 11, 2014) (finding "no compelling reason to disclose the settlement sum in this case."); *Cornelius v. Indep. Health Ass'n*, 912 F. Supp. 2d 26, 30 (W.D.N.Y. 2012) (allowing redactions of the settlement amount).

Additionally, Exhibit F (GAL report) contains private and confidential information about the minor plaintiff. Courts in this jurisdiction have permitted sealing of documents with sensitive information or that could reveal a plaintiff's identity. *See e.g., Hirschfeld v. Stone*, 193 F.R.D. 175, 193 (S.D.N.Y. 2000). This Court has previously allowed GAL reports to be filed under seal. *See e.g.*, Dkt. 8336.

## KIRKLAND & ELLIS LLP

Judge Furman
April 5, 2024
Page 3

        Respectfully submitted,

        /s/ Wendy L. Bloom

        *Counsel for Defendant General Motors LLC*

        /s/ Mitchell A. Toups

        *Counsel for Minor Claimant*

cc:     MDL Counsel of Record

The motion to seal is GRANTED.  The Clerk of Court is directed to docket this in 14-MD-2543 and 17-CV-6854, and to terminate 14-MD-2543, ECF No. 8829, and 17-CV-6854, ECF No. 113.

SO ORDERED.

*[signature]*

April 5, 2024